MORGAN, LEWIS & BOCKIUS LLP
Karen Y. Cho, Bar No. 274810
karen.cho@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:   +1.213.612.2500
Fax:   +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Nicole L. Antonopoulos, Bar No. 306882
nicole.antonopoulos@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304-1124
Tel:   +1.650.843.4000
Fax:   +1.650.843.4001

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF
AMERICA CORPORATION, TRICIA
SHANKS, and PETER C. MAXIM

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUNA D'SOL,<br><br>                    Plaintiff,<br><br>          vs.<br><br>BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; TRICIA SHANKS, an individual; and PETER C. MAXIM, an individual; and DOES 1 through 50, inclusive,<br><br>                    Defendants. | Case No. 5:26-cv-03535<br><br>**DEFENDANT BANK OF AMERICA, N.A.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**<br><br>[Riverside County Superior Court Case No. CVPS2601396]<br><br>[28 U.S.C. §§ 1332, 1441, and 1446] |

NOTICE OF REMOVAL

DB2/ 650506286.3

# TABLE OF CONTENTS

Page

I.   SUMMARY OF COMPLAINT ................................................................. 1

II.  REMOVAL IS TIMELY .................................................................... 2

III. DIVERSITY JURISDICTION EXISTS ....................................................... 3

    A.   Complete Diversity Of Citizenship Exits. ......................................... 3

        1.   Plaintiff Is A Citizen Of California. ........................................ 4

        2.   BANA Is A Citizen Of North Carolina. ................................... 4

        3.   BAC Is A Citizen Of North Carolina And Delaware. ............... 5

        4.   Shanks Is A Citizen Of Pennsylvania. ................................... 5

        5.   Doe Defendants. .................................................................. 6

        6.   Maxim Is A Sham Defendant, So His Citizenship Is Not Considered For Removal Purposes. ...................................... 6

    A.   Plaintiff's Second And Seventh Causes Of Action Against Maxim Fails Because She Failed To Exhaust Administrative Remedies. ............................................................................... 8

    B.   Plaintiff's Second Cause Of Action For Harassment Against Maxim Fails For Additional Reasons. ........................................ 10

    C.   Plaintiff's Seventh Cause Of Action For Aiding And Abetting Discrimination Or Retaliation Against Maxim Fails For Additional Reasons. ................................................................. 12

IV.  THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED ............. 13

    A.   Plaintiff's Alleged Lost Earnings. ............................................. 15

    B.   Plaintiff's Alleged Emotional Distress Damages. ....................... 16

    C.   Plaintiff Seeks Punitive Damages. ............................................ 16

V.   BANA HAS MET THE OTHER PREREQUISITES FOR REMOVAL ..... 17

VI.  CONCLUSION ....................................................................... 18

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 650506286.3

NOTICE OF REMOVAL

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Alexander v. Cmty. Hosp. of Long Beach*,
46 Cal. App. 5th 238 (2020)..................................................................8

*Archuleta v. Am. Airlines, Inc.*,
2000 WL 656808 (C.D. Cal. May 12, 2000)..........................................7

*Armstrong v. Church of Scientology Int'l*,
243 F.3d 546 (9th Cir. 2000)..............................................................4, 5

*Aucina v. Amoco Oil Co.*,
871 F. Supp. 332 (S.D. Iowa 1994)......................................................17

*Banta v. Am. Med. Response Inc.*,
2011 U.S. Dist. LEXIS 77558 (C.D. Cal. July 15, 2011) ....................13

*Batacan v. Allscripts Healthcare, LLC*,
2021 WL 2139065 (C.D. Cal. May 25, 2021).........................................9

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ..........................................................................7, 8

*Boon v. Allstate Ins. Co.*,
229 F. Supp. 2d 1016 (C.D. Cal. 2002)...............................................3, 5

*Campbell v. Hartford Life Ins.*,
825 F. Supp. 2d 1005 (E.D. Cal. 2011)................................................13

*Celestino v. Renal Advantage Inc.*,
2007 WL 1223699 (N.D. Cal. Apr. 24, 2007) ......................................14

*Chavez v. JPMorgan Chase & Co.*,
888 F.3d 413 (9th Cir. 2018)...............................................................13

*Cole v. Antelope Valley Union High School Dist.*,
47 Cal. App. 4th 1505 (1996)................................................................8

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
135 S.Ct. 547 (2014) ...........................................................................13

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

-ii-

NOTICE OF REMOVAL

DB2/ 650506286.3

*Fisher v. San Pedro Peninsula Hosp.*,
    214 Cal. App. 3d 590 (1989) ........................................................................ 10

*Galt G/S v. JSS Scandinavia*,
    142 F. 3d 1150 (9th Cir. 1998) .................................................................... 16

*Gibson v. Chrysler Corp.*,
    261 F.3d 927 (9th Cir. 2001) ....................................................................... 16

*Harvey v. Bank of America, N.A.*,
    906 F. Supp. 2d 982 (N.D. Cal. 2012) .......................................................... 4

*Hertz Corp. v. Friend*,
    559 U.S. 77 (2010) ......................................................................................... 5

*Hunt v. Washington State Apple Advertising Comm'n*,
    432 U.S. 333 (1977) ..................................................................................... 16

*Iwekaogwu v. City of Los Angeles*,
    75 Cal. App. 4th 803 (1999) ........................................................................ 16

*Janken v. GM Hughes Electrics*,
    46 Cal. App. 4th 55 (1996) ..................................................................... 11, 12

*Johnson v. City of Loma Linda*,
    24 Cal. 4th 61 (2000) ..................................................................................... 8

*Jones v. Dep't of Corrections & Rehabilitation*
    (2007) 152 Cal.App.4th 1367 ....................................................................... 10

*Jones v. Lodge at Torrey Pines P'ship*,
    42 Cal. 4th 1158 (2008) ............................................................................... 12

*Kaldis v. Wells Fargo Bank, N.A.*,
    2016 WL 6407377 (C.D. Cal. Oct. 28, 2016) ................................................ 9

*Kanter v. Warner-Lambert Co.*,
    265 F.3d 853 (9th Cir. 2001) ..................................................................... 3, 5

*Keiffer v. Bechtel Corp.*,
    65 Cal. App. 4th 893 (1998) ........................................................................ 16

*King v. C&K Mkt., Inc.*,
    2020 WL 5017613 (E.D. Cal. Aug. 25, 2020) ............................................. 12

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

-iii-                                    NOTICE OF REMOVAL

DB2/ 650506286.3

*Krantz v. Bloomberg L.P.*,
  2021 WL 8820655 (C.D. Cal. Dec. 1, 2021)........................................................12

*Lew v. Moss*,
  797 F.2d 747 (9th Cir. 1986)..........................................................................4, 5

*Lewis v. Verizon Commc'ns, Inc.*,
  627 F.3d 395 (9th Cir. 2010).............................................................................14

*Lindland v. TuSimple, Inc.*,
  2022 WL 19001977 (S.D. Cal. Dec. 19, 2022)..................................................11

*Lyle v. Warner Brothers Television Productions*
  38 Cal.4th 264 (2006) ......................................................................................10

*McBroom v. Wal-Mart Stores, Inc.*,
  2016 WL 3549606 (E.D. Cal. June 30, 2016)....................................................11

*McCabe v. Gen. Food Corp.*,
  811 F.2d 1336 (9th Cir. 1987).....................................................................3, 6, 7

*Medix Ambulance Serv., Inc. v. Superior Ct.*,
  97 Cal. App. 4th 109 (2002)................................................................................8

*Melendez v. HMS Host Family Rest., Inc.*,
  2011 WL 3760058 (C.D. Cal. Aug. 25, 2011) ..................................................14

*Newcombe v. Adolf Coors Co.*,
  157 F.3d 686 (9th Cir. 1998)...............................................................................6

*Polk v. OSI Elecs., Inc.*,
  2014 WL 12787639 (C.D. Cal. Feb. 24, 2014)....................................................9

*Ramirez v. Wong*
  (2010) 188 Cal.App.4th 1480.............................................................................10

*Reno v. Baird*,
  18 Cal. 4th 640 (1998).......................................................................................12

*Ritchey v. Upjohn Drug Co.*,
  139 F.3d 1313 (9th Cir. 1998)..............................................................................7

*Rivera v. Costco Wholesale Corp.*,
  2008 WL 2740399 (N.D. Cal. July 11, 2008).....................................................14

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

-iv-                    NOTICE OF REMOVAL

DB2/ 650506286.3

*Romano v. Rockwell Int'l, Inc.*,
    14 Cal. 4th 479 (1996) ............................................................................ 8

*Rouse v. Wachovia Mortg., FSB*,
    747 F.3d 707 (9th Cir. 2014) .................................................................... 4

*Satrap v. Pac. Gas & Elec. Co.*,
    42 Cal. App. 4th 72 (1996) ..................................................................... 16

*Sheppard v. Freeman*,
    67 Cal. App. 4th 339 (1998) ................................................................... 11

*Silo v. CHW Med. Found.*,
    86 Cal. App. 4th 947 (2001) ................................................................... 16

*Simmons v. PCR Tech.*,
    209 F. Supp. 2d 1029 (N.D. Cal. 2002) .................................................. 16

*Soliman v. Philip Morris, Inc.*,
    311 F.3d 966 (9th Cir. 2002) .................................................................... 6

*State Farm Mut. Auto. Ins. Co. v. Dyer*,
    19 F.3d 514 (10th Cir. 1994) ................................................................. 4, 6

*TPS Utilicom Serv., Inc. v. AT & T Corp.*,
    223 F. Supp. 2d 1089 (C.D. Cal. 2002) .................................................... 7

*United Computer Systems, Inc. v. AT&T Corp.*,
    298 F.3d 756 (9th Cir. 2002) .................................................................... 1

*Washington v. Hovensa LLC*,
    652 F.3d 340 (3d Cir. 2011) ................................................................. 4, 5

*Watkins v. Thomas*,
    2011 WL 13217678 (C.D. Cal. Mar. 1, 2011) .......................................... 9

*Wysinger v. Automobile Club of Southern California*,
    157 Cal.App.4th 413 (2007) ................................................................... 17

**Statutes**

28 U.S.C. § 1332 ............................................................................... 1, 3

28 U.S.C. § 1332(a) ...................................................................... 3, 13, 18

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 650506286.3

28 U.S.C. § 1332(c)(1) .............................................................................................. 5

28 U.S.C. § 1348 ....................................................................................................... 4

28 U.S.C. § 1441 .................................................................................................... 1, 3

28 U.S.C. § 1441(a) .............................................................................................. 3, 17

28 U.S.C. § 1441(b) ............................................................................................... 3, 6

28 U.S.C. § 1441(b)(1) .............................................................................................. 6

28 U.S.C. § 1446 .................................................................................................. 1, 18

28 U.S.C. § 1446(a) ................................................................................................. 17

28 U.S.C. § 1446(b) ................................................................................................... 2

28 U.S.C. § 1446(b)(2)(A) ......................................................................................... 1

28 U.S.C. § 1446(d) ................................................................................................. 17

Cal. Gov't Code §§ 12960–12965 ............................................................................. 8

Cal. Gov't Code § 12960(c) ....................................................................................... 8

California Code of Civil Procedure § 415.30 ............................................................ 2

Fed. R. Civ. P. 12(b)(6) ............................................................................................. 7

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

-vi-                                    NOTICE OF REMOVAL

DB2/ 650506286.3

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF:**

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Bank of America, N.A. ("Defendant" or "BANA") hereby removes the above-entitled action from the Riverside County Superior Court to the United States District Court for the Central District of California.[1]  In support of this removal notice, BANA states the following:

**I.      SUMMARY OF COMPLAINT**

1.      On March 4, 2026, Plaintiff Luna D'Sol ("Plaintiff") filed a complaint[2] against Defendants BANA, Bank of America Corporation ("BAC"), Tricia Shanks ("Shanks"), and Peter C. Maxim ("Maxim") (collectively "Defendants") in Riverside County Superior Court, entitled *Luna D'Sol v. Bank of America, N.A., et al.*, Case No. CVPS2601396 ("Complaint").  The Complaint alleges causes of action for: (1) discrimination based on sex, gender identity, gender expression, and transgender status in violation of the California Fair Employment and Housing Act ("FEHA") against Entity Defendants; (2) hostile work environment harassment based on sex, gender identity, gender expression, and transgender status in violation of the FEHA against all Defendants; (3) retaliation in violation of the FEHA against Entity Defendants; (4) failure to accommodate a disability in violation of FEHA against Entity Defendants; (5) failure to pay final wages and issuance of inaccurate wage statements against Entity Defendants; (6) failure to engage in interactive process in

---

[1] Defendants Tricia Shanks, Peter C. Maxim, and Bank of America Corporation are sham defendants and thus are not properly joined in this action.  Their consent therefore is not required for removal of this action to this Court.  *See United Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002).  Nonetheless, all Defendants consent to the removal of this action pursuant to 28 U.S.C. § 1446(b)(2)(A).

[2] Before Plaintiff filed the instant action, Plaintiff filed two prior complaints alleging employment-related claims against BANA after her employment terminated.  *See* Los Angeles County Superior Court, Case No. 25VECV04709, and Central District of California, Case No. 5:25-cv-03316-SSS-DTB.  Plaintiff voluntarily dismissed her two prior actions.  This is the third lawsuit that Plaintiff has filed against BANA, and the first time that Plaintiff has named Shanks and Maxim as defendants.

violation of FEHA against Entity Defendants; (7) aiding and abetting discrimination, harassment, and retaliation in violation of FEHA against Shanks and Maxim; (8) failure to prevent discrimination, harassment, or retaliation in violation of FEHA against Entity Defendants; and (9) wrongful termination in violation of public policy against Entity Defendants.

2.    On May 4, 2026, Plaintiff caused the Notice and Acknowledgement of Receipt, Summons, Complaint, and other case initiating documents, to be sent to BANA's counsel pursuant to California Code of Civil Procedure section 415.30. A true and correct copy of Plaintiff's Complaint is attached as **Exhibit A** and is incorporated by reference.  True and correct copies of the other documents Plaintiff sent to BANA's counsel are attached as **Exhibit B** and are incorporated by reference.

3.    On May 26, 2026, BANA's counsel signed and returned to Plaintiff the Notice and Acknowledgement of Receipt of Summons.  A true and correct copy of BANA's signed Notice and Acknowledgement of Receipt is attached as **Exhibit C.**

4.    **Exhibit D** constitute all the pleadings, process and orders filed in the Superior Court action as well as a corresponding index of all documents and the date they were filed.

## II.    REMOVAL IS TIMELY

5.    This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), because it is being filed within thirty (30) days after service of the complaint.  Under California Code of Civil Procedure section 415.30, "[s]ervice of a summons . . . is deemed complete on the date a written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender."  On May 26, 2026, BANA's counsel signed and returned the Notice and Acknowledgement of Receipt of Summons to Plaintiff. Pursuant to California Code of Civil Procedure § 415.30(c), service was completed on May 26, 2026, the date BANA's counsel signed and returned the written acknowledgement of receipt of summons.  BANA thus has thirty (30) days from May 26, 2026 to file a notice of removal.  Thirty (30) days from

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 650506286.3

-2-

NOTICE OF REMOVAL

May 26, 2026, is June 25, 2026.  Because this Removal is filed on or by June 25, 2026, it is timely.

6.     No previous Notice of Removal has been filed or made with this Court for the relief sought.

## III.   DIVERSITY JURISDICTION EXISTS

7.     This is a civil action of which the Court has original jurisdiction pursuant to 28 U.S.C. §1332 (diversity jurisdiction), and is one which BANA may remove pursuant to 28 U.S.C. §1441.  This is a civil action where the amount in controversy for Plaintiff's claims exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.  As shown below, Defendant Peter Maxim is a "sham" defendant, and his citizenship may be disregarded for purposes of establishing diversity.

### A.     Complete Diversity of Citizenship Exits.

8.     A case may be heard in federal court under diversity jurisdiction if there is complete diversity; *i.e.*, all plaintiffs are diverse from all defendants.  28 U.S.C. § 1332(a).  A defendant may remove an action to federal court under 28 U.S.C. § 1332 provided no defendant is a citizen of the same state in which the action was brought. 28 U.S.C. § 1441(a), (b).  The citizenship of improperly and fraudulently joined defendants must be disregarded for removal purposes. *McCabe v. Gen. Food Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

9.     Here, disregarding the improperly and fraudulently joined Defendant Peter Maxim, all requirements are met because Plaintiff is a citizen of California, BANA is a citizen of North Carolina, BAC is a citizen of Delaware and North Carolina, and Shanks is a citizen of Pennsylvania.[3]

---

[3] Plaintiff alleges that Shanks "is an individual residing in or near Newark, Delaware."  Exh. A, Compl. ¶ 5.  At all relevant times, Shanks has resided in Pennsylvania, and she is a citizen of Pennsylvania.  Either way, there is no indication that Shanks was a citizen of California.

### 1. Plaintiff Is a Citizen of California.

10. "An individual is a citizen of the state in which he [or she] is domiciled." *Boon v. Allstate Ins. Co.,* 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

11. Evidence of continuing residence creates a presumption of domicile. *Washington v. Hovensa LLC*, 652 F.3d 340, 345 (3d Cir. 2011); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994). Once the removing party produces evidence supporting that presumption, the burden shifts to the other party to come forward with contrary evidence, if any, in order to dispute domicile. *Id*.

12. Here, Plaintiff alleges that she "is an individual residing in Palm Springs, California." Exh. A, Compl. ¶ 2. Plaintiff does not allege that she was a citizen of any state other than California, and there is no indication that Plaintiff is or was a citizen of any state other than California at any time relevant to the Complaint. As such, Plaintiff was and is domiciled in the State of California, and therefore is a citizen of California for purposes of diversity jurisdiction.

### 2. BANA Is a Citizen of North Carolina.

13. BANA is a national bank. A national banking association is a citizen of the State its main office is located, as determined by its charter. 28 U.S.C. § 1348; *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 715 (9th Cir. 2014) (U)nder § 1348, a national banking association is a citizen only of the state in which its main office is located."); *see, Harvey v. Bank of America, N.A.,* 906 F. Supp. 2d 982, 988 n.2 (N.D. Cal. 2012) ("Defendant Bank of America N.A. is a citizen of North Carolina for purposes of diversity jurisdiction"). As specified in its charter, BANA's main office is located in North Carolina. Therefore, BANA is a citizen of North Carolina. 28 U.S.C. § 1348.

14.    BANA is not and, since the commencement of this action, has not, had its main office in California.

### 3.    BAC Is a Citizen of North Carolina and Delaware.

15.    For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  BAC is, and at all pertinent times was, a corporation organized and existing under and by virtue of the laws of the State of Delaware.

16.    BAC's principal place of business is in North Carolina.[4]  *See generally Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities" and, "in practice[,] it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center.'").

17.    As such, BAC is a citizen of Delaware and North Carolina for purposes of diversity jurisdiction.

18.    BAC is not and, since the commencement of this action, has not been, incorporated in California and has not had its headquarters or executive offices based in California.

### 4.    Shanks is a Citizen of Pennsylvania.

19.    "An individual is a citizen of the state in which he [or she] is domiciled…." *Boon v. Allstate Ins. Co.*, 229 F. Supp.2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265, F.3d 853, 857 (9th Cir. 2001)).  For

---

[4] BAC's Form 10-Q for the quarterly period ended October 31, 2025, which is a public document and publicly accessible through the United States Securities and Exchange Commission's website, lists 100 N. Tryon Street, Charlotte, North Carolina 28255 as BAC's principal executive offices and Delaware as the state of incorporation.    https://investor.bankofamerica.com/regulatory-and-other-filings/select-sec-filings/content/0000070858-25-000405/bac-20250930.htm

purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

20.    Continuing residence creates a presumption of domicile. *Washington v. Hovensa LLC*, 652 F.3d 340, 345 (3rd Cir. 2011); *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994). Shanks currently resides in Pennsylvania, and her primary residency has always been in Pennsylvania at all times relevant to the Complaint. Thus, Shanks is domiciled in the State of Pennsylvania, and is therefore a citizen of Pennsylvania for purposes of diversity jurisdiction in this matter.

### 5.    Doe Defendants.

21.    The citizenship of "Doe" defendants is disregarded for removal purposes. 28 U.S.C. § 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (holding that for removal purposes, the citizenship of defendants sued under fictitious names shall be disregarded); *see also Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002). Thus, the inclusion of "Doe" defendants in Plaintiff's Complaint has no effect on the ability to remove.

### 6.    Maxim is A Sham Defendant, so His Citizenship Is Not Considered for Removal Purposes.

22.    Under § 1441(b), actions are removable if, "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Plaintiff has attempted to prevent removal by improperly naming Maxim as an individual defendant. Indeed, Plaintiff previously brought two prior employment-related lawsuits against BANA alleging many of the same employment claims, and neither of these prior lawsuits alleged any claims against Maxim (or any individual defendants). Plaintiff also never mentioned Maxim in her two previous complaints or her CRD charge. Only now has Plaintiff

named Maxim in a transparent attempt to defeat diversity jurisdiction.

23.     The citizenship of Defendant Maxim should be disregarded because he was improperly and fraudulently joined in this action in order to defeat removal jurisdiction. *See McCabe*, 811 F.2d at 1339.  As the Ninth Circuit stated in *McCabe*, "[f]raudulent joinder is a term of art.  If the Plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Id.* at 1339.  The issue in a fraudulent joinder determination is "whether the plaintiff truly had a cause of action against the alleged sham defendants," not merely whether a nominal cause of action has been stated. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318-19 (9th Cir. 1998) (citations omitted).

24.     Additionally, "[t]he defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent" in order to determine "whether the plaintiff truly ha[s] a cause of action against the alleged sham defendants." *Ritchey*, 139 F.3d at 1318.

25.     Many courts have compared the fraudulent joinder standard to the standard for judging a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See, e.g.*, *TPS Utilicom Serv., Inc. v. AT & T Corp.*, 223 F. Supp. 2d 1089, 1102 (C.D. Cal. 2002) (the "test for fraudulent joinder resembles a Rule 12(b)(6) analysis"); *Archuleta v. Am. Airlines, Inc.*, 2000 WL 656808, at *11 (C.D. Cal. May 12, 2000) (the fraudulent joinder standard "is similar to that employed in deciding motions to dismiss under Rule 12(b)(6)").

26.     Since *Twombly*, the 12(b)(6) standard requires that plaintiffs plead factual allegations sufficient to "raise a right to relief beyond the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "[A] plaintiff's obligation to provide the 'grounds' of his [or her] 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  A plaintiff must plead a "statement of circumstances, occurrences and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

-7-                                    NOTICE OF REMOVAL
DB2/ 650506286.3

events in support of the claim presented." *Id.* n.3. The Supreme Court stressed that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'" and that "[t]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (citations omitted). Since federal pleading standards apply in federal court, Plaintiff's Complaint here must be viewed through the lens of *Twombly* to determine whether Plaintiff failed to state a claim against Maxim and, thus, he is fraudulently joined.

27. Here, the only causes of action Plaintiff alleges against Defendant Maxim is the second cause of action for hostile work environment harassment on the basis of sex, gender identity, gender expression, and transgender status under the FEHA and the seventh cause of action for aiding and abetting discrimination, harassment, and retaliation under FEHA. However, as discussed further below, these claims against Maxim fail.

a. **Plaintiff's Second and Seventh Causes of Action against Maxim Fails Because She Failed to Exhaust Administrative Remedies.**

28. "Under the FEHA, the employee must exhaust the administrative remedy provided by the statute by filing a complaint with the [Department of Fair employment and Housing ("DFEH"), which is now the California Civil Rights Department ("CRD")] and must obtain from the Department a notice of right to sue in order to be entitled to file a civil action in court based on violations of the FEHA." *Romano v. Rockwell Int'l, Inc.*, 14 Cal. 4th 479, 492 (1996); *see also* Cal. Gov't Code §§ 12960–12965. Exhaustion of administrative remedies is "a jurisdictional prerequisite to resort to the court." *Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 70 (2000). A plaintiff is barred from suing individual defendants she fails to name in the DFEH/CRD charge. *Cole v. Antelope Valley Union High School Dist.*, 47 Cal. App. 4th 1505, 1511 (1996) (citing Cal. Gov't Code § 12960(c) which requires a plaintiff to "state the name and address of the person ... alleged to have committed the

unlawful practice complained of"); *see also Alexander v. Cmty. Hosp. of Long Beach,* 46 Cal. App. 5th 238, 251 (2020) (stating that "plaintiffs mentioned MPHS nowhere in their FEHA complaint, which constitutes a failure to exhaust their administrative remedies against MPHS and precludes their bringing a civil FEHA action against it."); *Medix Ambulance Serv., Inc. v. Superior Ct.,* 97 Cal. App. 4th 109, 118 (2002) (finding that the "court should have sustained their demurrer to the sexual harassment causes of action" where the plaintiff "neither listed them in the administrative charge as an 'employer' or 'person' against whom the claim was made, nor did she name them in the body of the complaint form as the alleged perpetrators"); *Polk v. OSI Elecs., Inc.*, 2014 WL 12787639, at *4 (C.D. Cal. Feb. 24, 2014) ("Plaintiff's failure to name OSIS in the caption or body of his administrative complaints is fatal to his civil action against OSIS under FEHA."); *Watkins v. Thomas*, 2011 WL 13217678, at *3 (C.D. Cal. Mar. 1, 2011) ("because Plaintiff has not exhausted her FEHA administrative remedies with regard to Ridley–Thomas and Browning, inasmuch as she failed to name them in her DFEH complaint (Pl.'s Ex. H), the dismissal of the FEHA harassment claim is with prejudice."); *Polk v. OSI Elecs., Inc.*, 2014 WL 12787639, at *4 (C.D. Cal. Feb. 24, 2014) ("Because the first cause of action arises under FEHA, California law relating to exhaustion controls. On this point, it appears that California courts have considered and rejected the Ninth Circuit rule") ("Plaintiff's failure to name OSIS in the caption or body of his administrative complaints is fatal to his civil action against OSIS under FEHA.")

29.     Here, Maxim is fraudulently joined because Plaintiff failed to name Maxim in her charge with the CRD, and exhaust her administrative remedies as to him. *See Batacan v. Allscripts Healthcare, LLC,* 2021 WL 2139065, at *2 (C.D. Cal. May 25, 2021) (denying motion to remand, finding that the individual defendant was "fraudulently joined because Plaintiff failed to name [the individual defendant] in her DFEH complaint" and "A plaintiff is barred from suing individual defendants she fails to name in the DFEH charge"); *Kaldis v. Wells Fargo Bank, N.A.,* 2016 WL

6407377, at *4 (C.D. Cal. Oct. 28, 2016) (denying motion to remand and finding that the individual defendants were fraudulently joined where the plaintiff "failed to exhaust her administrative remedies against Defendants regarding her FEHA harassment claims and cannot establish her IIED claims due to the statute of limitations and protection of managerial activities"). As such, Plaintiff's second and seventh causes of action under the FEHA against Maxim fail as a matter of law.

b. **Plaintiff's Second Cause of Action for Harassment Against Maxim Fails For Additional Reasons.**

30. To establish a claim of harassment under the FEHA, "an employee claiming harassment based upon a hostile work environment must demonstrate that the conduct complaint of was *severe enough or sufficiently pervasive* to alter the conditions of employment and create a work environment that qualifies as hostile or abusive to employees *because of* [their protected characteristic]." *Lyle v. Warner Brothers Television Productions,* 38 Cal.4th 264, 278-79 (2006) (emphasis in original). "[A] workplace may give rise to liability when it "is permeated with 'discriminatory . . . intimidation, ridicule, and insult,' [citation], that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Id.* This requirement "is a crucial limitation that prevents [] harassment law from being expanded into a 'general civility code.'" *Jones v. Dep't of Corrections & Rehabilitation*, 152 Cal.App.4th 1367, 1377 (2007); *see also Ramirez v. Wong,* 188 Cal.App.4th 1480, 1488 (2010) (affirming dismissal following successful demurrer to sexual harassment claim because the alleged conduct was neither severe nor pervasive); *Fisher v. San Pedro Peninsula Hosp.*, 214 Cal. App. 3d 590, 609-14 (1989) (affirming trial court order sustaining demurrer to FEHA sexual harassment cause of action because the complaint had not alleged facts showing severe or pervasive conduct).

31. In the Complaint, Plaintiff alleges that Maxim's "harassing conduct included falsely accusing Plaintiff of not working and then admitting he had no basis

for the accusation; ignoring Plaintiff's expressed interest in new assignments while distributing them to other team members; singling Plaintiff out to remain online after hours during a system outage while releasing every other employee; responding to Plaintiff's compliance with profanity and dismissal; and participating in the transmission of termination documentation while the bank had already approved to be off that day." Compl., ¶ 41.

32.   Even accepting Plaintiff's allegations as true, they provide no basis whatsoever for a harassment claim against Maxim. *McBroom v. Wal-Mart Stores, Inc.,* 2016 WL 3549606, at *4 (E.D. Cal. June 30, 2016) (emphasis added) ("Although a defendant must show that there is virtually no chance that plaintiff can state a viable claim in order to invoke fraudulent removal, that assessment must still be based largely on the allegations of the plaintiff's complaint.")

33.   First, the alleged conduct falls short of the severity or pervasiveness required to be actionable as harassment.  A "former employee cannot sue individual employees based on their conduct, including acts or words, relating to personnel actions." *Sheppard v. Freeman*, 67 Cal. App. 4th 339, 347 (1998); *see also Janken v. GM Hughes Electrics,* 46 Cal. App. 4th 55, 64-65 (1996) ("commonly necessary personnel management actions such as hiring and firing, job or project assignments, office or work station assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or nonassignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off, and the like, do not come within the meaning of harassment").

34.   Second, Maxim's alleged conduct has nothing to do with Plaintiff's protected characteristic (*i.e.,* her sex, gender identity, gender expression, and/or transgender status). Indeed, there are no allegations of any derogatory comments made to or about Plaintiff.  Nor has Plaintiff alleged any factual allegations that indicate  any casual connection between Maxim's alleged conduct and her protected characteristics. *See e.g., Lindland v. TuSimple, Inc.*, 2022 WL 19001977, at *6 (S.D.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

-11-                    NOTICE OF REMOVAL

DB2/ 650506286.3

Cal. Dec. 19, 2022) (finding that the plaintiff failed to establish that he experienced any harassment because of a protected characteristic where the plaintiff testified that a director "yelled" at him, "glared down at [him] with hatred in his eyes," and "the two physically bumped into each other", another employee was "very rude" to the plaintiff and "excluded him from meetings", and a third employee "ignored" and "interrupted" the plaintiff during his attempts to discuss "functional safety concerns"); *King v. C&K Mkt., Inc.,* 2020 WL 5017613, at *10 (E.D. Cal. Aug. 25, 2020) (granting motion to dismiss harassment claim without leave to amend where the plaintiff failed to allege facts supporting her position that "her supervisor's communication with Human Resources was made in an effort to send a hostile message to Plaintiff, was done as a result of her [protected status], or was indicative of a widespread pattern of bias.").

35. Plaintiff therefore has no possible claim of harassment against Maxim.

c. **Plaintiff's Seventh Cause of Action for Aiding and Abetting Discrimination or Retaliation Against Maxim Fails for Additional Reasons.**

36. The Supreme Court of California has specifically held that discrimination and retaliation causes of action under FEHA do not create individual liability for supervisors or other employees of the offending employer or employment agency, either directly or by an aiding and abetting theory. *See Jones v. Lodge at Torrey Pines P'ship*, 42 Cal. 4th 1158, 1162, 1173 (2008) ("We also concluded that the aiding and abetting language of former subdivision (g) (now subd. (i)) of section 12940 did not impose personal liability on nonemployers."); *Reno v. Baird*, 18 Cal. 4th 640, 655-56, 663 (1998) ("[W]e conclude that the Legislature did not intend to impose personal liability upon individual supervisory employees by the roundabout method of 'aiding and abetting' language.") (citing *Janken v. GM Hughes Electronics*, 46 Cal. App. 4th 55, 77-79(1996)).

37. In the Complaint, Plaintiff alleges that Maxim "served as PLAINTIFF'S direct supervisor," and Plaintiff seeks to impose personal liability on Maxim through

an aiding and abetting theory.  Compl., ¶ 6.  However, as a matter of law, Maxim, as an alleged supervisory individual, is not liable for aiding and abetting any alleged discrimination or retaliation under FEHA.  *See Krantz v. Bloomberg L.P.*, 2021 WL 8820655, at *7 (C.D. Cal. Dec. 1, 2021) (finding the "[d]efendant is not liable for aiding and abetting the alleged discrimination or retaliation under FEHA" where the defendant was a supervisory individual).  Thus, Plaintiff's cause of acting for aiding and abetting discrimination and/or retaliation against Maxim fails for additional reasons.

## IV.    THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED

38.    While Defendants deny any and all liability to Plaintiff, based on a conservative good faith estimate of the value of the alleged damages in this action, the amount in controversy for Plaintiff's claims exceeds the sum or value of $75,000, exclusive of interest and costs.   The "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014).  "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met."  *Id.*, quoting H.R. Rep. No. 112–10, p. 16 (2011).

39.    It is well settled that in determining whether a complaint meets the $75,000 threshold amount in controversy set forth in 28 U.S.C. § 1332(a), a court should consider the aggregate amount of the claims and value of the claims. *Campbell v. Hartford Life Ins.* Co., 825 F. Supp. 2d 1005, 1008 (E.D. Cal. 2011) (diversity statute confers jurisdiction over entire action, not just specific claims alleged in complaint, and, therefore, claims of a plaintiff are aggregated in order to satisfy amount in controversy).  The fact that a complaint fails to specify the total amount of damages in a dollar amount does not deprive a court of jurisdiction.  *See Banta v. Am. Med. Response Inc.*, 2011 U.S. Dist. LEXIS 77558, at *4 (C.D. Cal.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

-13-                                      NOTICE OF REMOVAL

DB2/ 650506286.3

July 15, 2011) (defendant may remove suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any plaintiff could avoid removal simply by declining to place a specific dollar claim upon its claim").

40.    "[T]he amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails."  *Chavez v. JPMorgan Chase & Co*., 888 F.3d 413, 414-15 (9th Cir. 2018) ("Where, as here, a plaintiff's complaint at the time of removal claims wrongful termination resulting in lost future wages, those future wages are included in the amount in controversy."); *see also Melendez v. HMS Host Family Rest., Inc*., 2011 WL 3760058, at *2 (C.D. Cal. Aug. 25, 2011) (including projected lost wages from alleged adverse employment action to anticipated date of judgment in amount in controversy calculation); *Rivera v. Costco Wholesale Corp*., 2008 WL 2740399, at *3 (N.D. Cal. July 11, 2008) (considering "lost wages and benefits [that] may accrue" after removal); *Celestino v. Renal Advantage Inc*., 2007 WL 1223699, at *4 (N.D. Cal. Apr. 24, 2007) (including future lost income in amount in controversy calculation).

41.    The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.[5]  Plaintiff alleges in her Complaint that Defendants discriminated and harassed against her based on her sex, gender identity, gender expression, and transgender status and retaliated against her based on her purported protected activity.  *See, e.g.,* Exh. A, Compl.  Plaintiff seeks to recover "economic

---

[5] This Notice of Removal discusses the nature and amount of damages Plaintiff's Complaint places at issue.  BANA provides references to specific damage amounts and citation to comparable cases solely for establishing that the amount in controversy exceeds the jurisdictional minimum.  Defendants maintain that each of Plaintiff's claims is without merit and Defendants are not liable to Plaintiff.  No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or actually could recover any damages based upon the allegations contained in the Complaint or otherwise.  "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendants'] liability."  *Lewis v. Verizon Commc'ns, Inc*., 627 F.3d 395, 400 (9th Cir. 2010).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

-14-                                NOTICE OF REMOVAL

DB2/ 650506286.3

damages, including but not limited to back pay, front pay, and the value of all lost employment-related compensation," "[n]on-economic damages" for alleged "emotional distress and mental anguish damages," "punitive damages," and attorney's fees and costs, among other relief. *See id.,* Prayer for Relief. Were Plaintiff to prevail in this action, the damages could exceed $75,000.

### A.  Plaintiff's Alleged Lost Earnings.

42.  Although Plaintiff does not quantify her purported damages in the Complaint, she alleges that she "has suffered and will continue to suffer haram, including loss of past and future income and employment-related compensation, damage to her career and professional reputation, loss of wages through the stated termination date, and statutory penalties arising from Defendants' failure to pay all wages due upon discharge." Exh. A, Compl. ¶ 22, Prayer for Relief.

43.  According to Plaintiff's W-2 Records, Plaintiff earned over $75,000 each year in 2022, 2023, and 2024. Plaintiff's employment with BANA ended on or around June 20, 2025, and her W-2 Record reflects that she earned approximately $57,931.18 in wages in 2025. As such, Plaintiff would have earned over $75,000 annually for 2025 had she remained employed until the end of the year.

44.  A jury trial in this case likely would not occur for at least two years from the date of removal. *See* U.S. District Courts—Time Intervals From Filing Date to Beginning Date for completed Civil Trials, by District, During the 12-Month Period Ending December 31, 2025, https://www.uscourts.gov/data-news/data-tables/2025/12/31/statistical-tables-federal-judiciary/t-3 (reflecting a median time of approximately 25.5 months from filing date to trial date in civil cases in the USDC, Central District of California). At the time of removal, the approximate alleged lost wages for Plaintiff, assuming a trial in this matter in April 2028 are at least $206,250 [($75,000 * 2 years) + $6,250 * 9 months); ($75,000 per year or $6,250 per month roughly; 2 years and 9 months from Plaintiff's termination on June 20, 2025 to estimated trial date on April 13, 2028). As such, Plaintiff's claim for alleged lost

wages likely exceeds the $75,000 jurisdictional minimum for the amount-in-controversy.

### B. Plaintiff's Alleged Emotional Distress Damages.

45. Plaintiff alleges that "[a]s a consequence of Defendants' conduct, Plaintiff has suffered and will continue to suffer severe psychological and emotional distress, humiliation, anxiety, depression, and mental and physical pain and anguish." *See* Exh. A, Compl. ¶ 23. In determining whether the jurisdictional minimum is met, courts consider all recoverable damages, including emotional distress damages. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia,* 142 F. 3d 1150, 1155-56 (9th Cir. 1998).

46. Indeed, plaintiffs alleging emotional distress as a result of discrimination regularly seek in excess of $75,000 for such damages. *Keiffer v. Bechtel Corp.*, 65 Cal. App. 4th 893, 895 (1998) (California Court of Appeal upheld jury award in excess of $75,000 for emotional distress damages in a single-plaintiff age discrimination case); *Silo v. CHW Med. Found.*, 86 Cal. App. 4th 947, 955 (2001) (jury award in excess of $75,000 in non-economic damages was upheld in a wrongful termination lawsuit); *Iwekaogwu v. City of Los Angeles*, 75 Cal. App. 4th 803, 821 (1999) (jury award in excess of $450,000 in emotional distress damages upheld in a discrimination lawsuit); *Satrap v. Pac. Gas & Elec. Co.*, 42 Cal. App. 4th 72, 76 (1996) (jury award in excess of $75,000.00 in non-economic damages was upheld). Like the plaintiffs in these lawsuits, Plaintiff in this case is an employee alleging that she was discriminated against based on her protected status and has suffered emotional distress as a result. Accordingly, it is reasonable to assume, solely for the purposes of establishing the amount in controversy, that Plaintiff seeks and would recover in excess of $75,000 for alleged emotional damages alone for the conduct alleged against Defendants.

### C. Plaintiff Seeks Punitive Damages.

47. Plaintiff also requests an unspecified amount in punitive damages. *See*

Exh. A, Compl. ¶¶ 1, 24, 33, Prayer for Relief. Plaintiff's claims for punitive damages are part of the amount in controversy when determining diversity jurisdiction. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).

48. California juries have returned verdicts with substantial punitive damage awards in employment discrimination actions. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) ("the jury verdicts in these cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases"); *Wysinger v. Automobile Club of Southern California*, 157 Cal.App.4th 413 (2007) (affirming a jury award of $1,284,000.00 in a disability discrimination case, with $1,000,000.00 in punitive damages alone); *see also Aucina v. Amoco Oil Co.*, 871 F. Supp. 332, 334 (S.D. Iowa 1994) ("Because the purpose of punitive damages is to capture the defendant's attention and deter others from similar conduct, it is apparent that the plaintiff's claim for punitive damages alone might exceed [the jurisdictional amount].").

49. While Defendants deny any and all liability to Plaintiff, the amount placed into controversy by the Complaint exceeds $75,000, exclusive of interest and costs.

## V. BANA HAS MET THE OTHER PREREQUISITES FOR REMOVAL

50. As set forth above, this Notice of Removal is filed within thirty days of service of process on BANA, and all process, pleadings, and orders filed in this action are attached hereto in **Exhibit D**.

51. Venue lies in the Central District of California pursuant to 28 U.S.C. §§ 1441(a) and 1446(a). Plaintiff originally brought this action in the Riverside County Superior Court, and she alleges the injury to person or damage to personal property occurred in its jurisdictional area. Exh. A, Compl. ¶ 12. Therefore, this is the appropriate Court for removal.

52. As required by 28 U.S.C. § 1446(d), BANA promptly will serve Plaintiff with this Notice of Removal and promptly will file a copy of this Notice of

Removal with the Riverside County Superior Court.

53.    BANA has sought no similar relief.

54.    If any question arises as to the propriety of the removal of this action, BANA requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

55.    By this Notice of Removal, the attached exhibits, and the concurrently filed documents, BANA does not intend to make any admissions of fact, law or liability relating to the claims in the Complaint, and it expressly reserves the right to assert any and all defenses and file all motions necessary in its defense against Plaintiff's allegations.

## VI.    CONCLUSION

56.    Pursuant to 28 U.S.C. § 1332(a) and in accordance with the procedures set forth in 28 U.S.C. § 1446, BANA requests that the above-captioned action pending in the Riverside County Superior Court be removed to the United States District Court for the Central District of California.

Dated:  June 25, 2026

MORGAN, LEWIS & BOCKIUS LLP

By  /s/Karen Cho
Karen Cho
Nicole L. Antonopoulos

Attorneys for Defendants
BANK OF AMERICA, N.A.,
BANK OF AMERICA
CORPORATION, TRICIA
SHANKS, and PETER C. MAXIM

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

-18-                                 NOTICE OF REMOVAL

DB2/ 650506286.3