# EXHIBIT D

MORGAN, LEWIS & BOCKIUS LLP
Karen Y. Cho, Bar No. 274810
karen.cho@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:    +1.213.612.2500
Fax:    +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Nicole L. Antonopoulos, Bar No. 306882
nicole.antonopoulos@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304-1124
Tel:    +1.650.843.4000
Fax:    +1.650.843.4001

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF
AMERICA CORPORATION, TRICIA
SHANKS, and PETER C. MAXIM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUNA D'SOL,<br><br>　　　　　Plaintiff,<br><br>　　　vs.<br><br>BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; TRICIA SHANKS, an individual; and PETER C. MAXIM, an individual;  and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | Case No. ___5:26-cv-03535_____<br><br>**DEFENDANT BANK OF AMERICA, N.A.'S SUPPLEMENT TO NOTICE OF REMOVAL – EXHIBIT D** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 652697056.1

Pursuant to 28 U.S. Code § 1446(a), Bank of America, N.A. ("Defendant" or "the Bank") hereby attaches the following documents filed in this action in Riverside County Superior Court (Case No. CVPS2601396):

| Tab | Date Filed | Document Name |
|-----|-----------|---------------|
| 1. | 03/04/2026 | Certificate of Counsel |
| 2. | 03/04/2026 | Summons issued to Bank of America Corporation |
| 3. | 03/04/2026 | Summons issued to Bank of America, N.A. |
| 4. | 03/04/2026 | Summons issued to Peter Maxwell, an individual |
| 5. | 03/04/2026 | Summons issued to Tricia Shanks, as an individual |
| 6. | 03/04/2026 | Civil Case Cover Sheet |
| 7. | 03/04/2026 | Complaint for Damages and Equitable Relief (Unlimited Jurisdiction); Demand for Jury Trial |
| 8. | 03/06/2026 | Notice of Department Assignment |
| 9. | 03/06/2026 | Notice of Case Management Conference |
| 10. | 03/06/2026 | Order Granting Plaintiff's Request for Court Fee Waiver |
| 11. | 03/19/2026 | Notice of Ex Parte Hearing for Temporary Sealing Order Pursuant to California Rules of Court, Rules 2.550-2.551 by Plaintiff |
| 12. | 03/19/2026 | Ex Parte Application for Temporary Sealing Order Pursuant to California Rules of Court, Rules 2.550-2.551 |
| 13. | 03/19/2026 | Application to File Document Under Seal |
| 14. | 03/19/2026 | Memorandum of Points and Authorities |
| 15. | 03/19/2026 | Declaration of Luna D'Sol in Support of Motion for Permanent Partial Sealing Order |
| 16. | 03/20/2026 | Notice of Return Document regarding Ex Parte Application |
| 17. | 03/20/2026 | Minute Order re: Plaintiff's Ex Parte Application for Temporary Sealing Order |
| 18. | 03/20/2026 | Notice of Court Ruling re: Denied Order on Plaintiff's Ex Parte Application for Temporary Sealing Order |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT'S SUPPLEMENT TO NOTICE OF REMOVAL

DB2/ 652697056.1

| 19. | 03/23/2026 | Proof of Service of Summons and Complaint on Tricia Shanks |
| 20. | 05/01/2026 | Proof of Service by Electronic Transmission of Request for Entry of Default and Declaration of Non-Military Status |
| 21. | 05/01/2026 | Request for Entry of Default on Tricia Shanks |
| 22. | 05/04/2026 | Notice of Order to Show Cause for Failure to File Default Judgment to Bank of America N.A. |
| 23. | 05/06/2026 | Proof of Service of Summons and Complaint on Peter C. Maxim |
| 24. | 05/07/2026 | Proof of Service of Summons and Complaint on Peter C. Maxim |
| 25. | 05/12/2026 | Proof of Service of Plaintiff's Declaration in Response to OSC; [Proposed] Order Discharging Order to Show Cause |
| 26. | 05/12/2026 | Declaration of Luna D'Sol in Response to Order to Show Cause |
| 27. | 06/03/2026 | Defendant Peter C Maxim's Answer to Plaintiff's Complaint on Complaint |
| 28. | 06/10/2026 | Stipulation to Set Aside Default Setting Aside Entry of Default as to Defendant Tricia Shanks on Complaint for Wrongful Termination (Over $35,000) of LUNA DSOL Plaintiff and Defendant Tricia Shanks' Stipulation to Set Aside Entry of Default as to Defendant Tricia Shanks; [Proposed] Order |
| 29. | 06/10/2026 | Proof of Service re:Plaintiff and Defendant Tricia Shanks' Stipulation to Set Aside Entry of Default as to Defendant Tricia Shanks; [Proposed] Order |
| 30. | 06/16/26 | Order Granting Plaintiff and Defendant Tricia Shanks' Stipulation to Set Aside Entry of Default as to Defendant Tricia Shanks. |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

3

DB2/ 652697056.1

Dated:  June 25, 2026                    MORGAN, LEWIS & BOCKIUS LLP

By  */s/Karen Cho*
Karen Cho
Nicole L. Antonopoulos

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF AMERICA CORPORATION, TRICIA SHANKS, and PETER C. MAXIM

4

DEFENDANT'S SUPPLEMENT TO NOTICE OF REMOVAL

DB2/ 652697056.1

# TAB 1

Electronically FILED by Superior Court of California, County of Riverside on 03/04/2026 09:36 AM
Case Number CVPS2601396 0000159492253 - Jason B. Galkin, Executive Officer/Clerk of the Court By Victoria Lopez, Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

| | |
|---|---|
| ☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220 | ☐ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553 |
| ☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225 | ☐ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563 |
| ☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882 | ☒ **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262 |
| ☐ **MENIFEE** 27401 Menifee Center Dr., Menifee, CA 92584 | ☐ **RIVERSIDE** 4050 Main St., Riverside, CA 92501 |

**RI-CI032**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (*Name, State Bar Number and Address*)<br>LUNA D'SOL<br>2275 E BELDING DR<br>PALM SPRINGS CA 92262<br><br>TELEPHONE NO: 213 925 4069          FAX NO. (*Optional*):<br>E-MAIL ADDRESS (*Optional*): JRAVADA@ICLOUD.COM<br>ATTORNEY FOR (*Name*): | *FOR COURT USE ONLY* |
| PLAINTIFF/PETITIONER: LUNA D'SOL | |
| DEFENDANT/RESPONDENT: BANK OF AMERICA N.A., ET AL | CASE NUMBER:<br>CVPS2601396 |

### CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒    The action arose in the zip code of:  92262 _____

☐    The action concerns real property located in the zip code of:  _____

☒    The Defendant resides in the zip code of:  92262 _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 3115 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date  3/3/2026 _____

LUNA D'SOL _____              ► _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)                (SIGNATURE)

**Page 1 of 1**

Approved for Mandatory Use
Riverside Superior Court
RI-CI032  [Rev. 07/15/21]
(Reformatted 07/08/24)

**CERTIFICATE OF COUNSEL**

Local Rule 3117
riverside.courts.ca.gov

# TAB 2

Electronically Filed by Superior Court of California, County of Riverside on 04/20/2026 03:39 AM
Case Number CVPS2601396 0000159492249 - Jason B. Galkin, Executive Officer/Clerk of the Court By Victoria Lopez, Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td></td><td><strong><em>FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)</em></strong></td></tr>
</table>

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

BANK OF AMERICA CORPORATION;

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

LUNA D'SOL

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* PALM SPRINGS COURTHOUSE

3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262

CASE NUMBER:
*(Número del Caso):*
CVPS2601396

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
LUNA D'SOL, 2275 E BELDING DR PALM SPRINGS CA 92262, 213-925-4069

DATE: 03/04/2026
*(Fecha)*

Clerk, by _____, Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*



GC68150(g)

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]   [ Save this form ]   [ Clear this form ]

# TAB 3

Case 5:26-cv-03535-JGB-SP Document 1-4 Filed 06/25/26 Page 11 of 166 Page ID #:87

Electronically Filed Superior Court Of California, County of Riverside 06/25/2026 09:06 AM
Case Number CVPS2601396 0000159492250 - Jason B. Galkin, Executive Officer/Clerk of the Court By Victoria Lopez, Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BANK OF AMERICA, N.A.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LUNA D'SOL

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Plam Springs Courthouse

3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262

| CASE NUMBER:<br>*(Número del Caso):* |
|---|
| CVPS2601396 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Luna D'Sol , 2275 E Belding Dr Palm Springs CA 92262, 213-925-4069

DATE: 03/04/2026           Clerk, by _____ , Deputy
*(Fecha)*                 *(Secretario)*                       *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*



GC68150(g)

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

Print this form    Save this form    Clear this form

# TAB 4

Electronically FILED by Superior Court of California, County of Riverside on 03/04/2026 09:36 AM
Case Number CVPS2601396 0000159492252 - Jason B. Galkin, Executive Officer/Clerk of the Court By Victoria Lopez, Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY |
|---|---|
| | *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

PETER MAXWELL, an individual;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LUNA D'SOL

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* PALM SPRINGS COURTHOUSE

3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262

CASE NUMBER:
*(Número del Caso):* CVPS2601396

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
LUNA D'SOL,      2275 E BELDING DR PALM SPRINGS CA 92262,    213.925.4069

DATE: ~~March 3. 2026~~  03/04/2026          Clerk, by _____ , Deputy
*(Fecha)*                                     *(Secretario)*                      *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*



GC68150(g)

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100  [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

| Print this form | Save this form | | Clear this form |
|---|---|---|---|

# TAB 5

Electronically Filed by Superior Court of California, County of Riverside on 03/04/2026 09:36:30 AM
Case Number CVPS2601396 0000159492251 - Jason B. Galkin, Executive Officer/Clerk of the Court By Victoria Lopez, Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TRICIA SHANKS, as an individual

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LUNA D'SOL

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Plam Springs Courthouse

3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262

CASE NUMBER:
*(Número del Caso):*

CVPS2601396

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Luna D'Sol , 2275 E Belding Dr Palm Springs CA 92262, 213-925-4069

DATE: ~~3/3/2026~~   03/04/2026
*(Fecha)*

Clerk, by _____ , Deputy
*(Secretario)*                          *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*



GC68150(g)

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100  [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

Print this form   Save this form   Clear this form

# TAB 6

Case Number CVPS2601396 0000159492248 - Jason B. Galkin Executive Officer/Clerk of the Court By Victoria Lopez, Clerk

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: | **FOR COURT USE ONLY** |
|---|---|---|
| NAME: LUNA D'SOLQ | | |

FIRM NAME:

STREET ADDRESS: 2275 E BELDING DR

CITY: PALM SPRINGS   STATE: CA   ZIP CODE: 92262Q

TELEPHONE NO.: 213 925 4069   FAX NO.:

EMAIL ADDRESS: JRAVADA@ICLOUD.COM

ATTORNEY FOR (name): N/A

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**
 STREET ADDRESS: 3255 E. Tahquitz Canyon Way
 MAILING ADDRESS: 3255 E. Tahquitz Canyon Way
 CITY AND ZIP CODE: Palm Springs, CA 92262
 BRANCH NAME: Palm Springs

CASE NAME:
LUNA D'SOL VS BANK OF AMERICA N.A., ET AL

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| ☒ **Unlimited** ☐ **Limited** | ☐ Counter   ☐ Joinder | CVPS2601396 |
| (Amount demanded exceeds $35,000) (Amount demanded is $35,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Asbestos**
☐ Asbestos (04)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/Unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☑ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Employment Development Department (EDD)**
☐ EDD decision review (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Comprehensive groundwater adjudication (47)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

Judicial Council of California, courts.ca.gov
Rev. January 1, 2026, Mandatory Form
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740
Cal. Stds. Jud. Admin., std. 3.10

**Civil Case Cover Sheet**

CM-010, Page 1 of 3

CM-010

2.  Is this case complex under rule 3.400 of the California Rules of Court?   ☐ Yes   ☑ No

    If the case is complex, mark the factors requiring exceptional judicial management:

    a.  ☐ Large number of separately represented parties

    b.  ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve

    c.  ☐ Substantial amount of documentary evidence

    d.  ☐ Large number of witnesses

    e.  ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court

    f.  ☐ Substantial postjudgment judicial supervision

3.  Remedies sought (check all that apply):

    a.  ☑ monetary

    b.  ☑ nonmonetary; declaratory or injunctive relief

    c.  ☑ punitive

4.  Number of causes of action (specify):

    DISCRIMINATON IN VIOLATION OF THE FEHA; HOSTILE WORK ENVIRONMENT HARASSMENT IN VIOLATION OF THE FEHA; RETALIATION IN VIOLATION OF THE FEHA
    • FAILURE TO ACCOMMODATE A DISABILITY IN VIOLATION OF THE FEHA; Failure to Pay Final Wages and Issuance of Inaccurate Wage Statements , FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS , Aiding and Abetting Discrimination, Harassment, and Retaliation,  FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, OR RETALIATION
    • WRONGFUL TERMINATION OF EMPLOYMENT IN VIOLATION OF PUBLIC POLICY.          9 TOTAL

5.  Is this case a class action suit?   ☐ Yes   ☑ No

6.  If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 3/3/2026

LUNA D'SOL
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

---

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.

- File this cover sheet in addition to any cover sheet required by local court rule.

- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.

- Unless this is a collections case under rule 3.740 of the California Rules of Court or a complex case, this cover sheet will be used for statistical purposes only.

---

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on pages 1 and 2. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 of the California Rules of Court is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $35,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment.  The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

SEE PAGE 3 FOR INFORMATION PURPOSES ONLY.

Rev. January 1, 2026                **Civil Case Cover Sheet**                CM-010, Page 2 of 3



CM-010

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/ Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Asbestos**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/Wrongful Death
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Product Liability *(not asbestos or toxic/ environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collections Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord-tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition re Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals
**Employment Development Department (EDD)**
EDD Decision Review (48) *(if the case involves an Employment Development Department decision, check this item instead of Wrongful Termination or Other Employment)*

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Comprehensive Groundwater Adjudication (47)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister-State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only Injunctive Relief Only *(non-harassment)*
Mechanic's Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

**Civil Case Cover Sheet**

**For your protection and privacy, please press the Clear button after you have printed the form.**

| Print | Save | Clear |

# TAB 7

Electronically FILED by Superior Court of California, County of Riverside on 03/04/2026 03:38 AM
Case Number CVPS2601396 0000159492247 - Jason B. Galkin, Executive Officer/Clerk of the Court By Victoria Lopez, Clerk

**Luna D'Sol**

Plaintiff, In Pro Per

Email Address: jravada@icloud.com

2275 E Belding Dr

Palm Springs CA 92262

Telephone: 213-925-4069

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF RIVERSIDE

| | |
|---|---|
| LUNA D'SOL | ) Case No:   CVPS2601396 |
| Plaintiff, | ) **COMPLAINT FOR DAMAGES AND** |
| vs. | ) **EQUITABLE RELIEF** |
| BANK OF AMERICA, N.A.; | )         [Unlimited Jurisdiction] |
| BANK OF AMERICA CORPORATION; | )         **DEMAND FOR JURY TRIAL** |
| TRICIA SHANKS, an individual; | ) • DISCRIMINATON IN VIOLATION OF THE FEHA; |
| PETER C MAXIM, an individual; | ) • HOSTILE WORK ENVIRONMENT HARASSMENT IN VIOLATION OF THE FEHA; |
| and DOES 1 through 50, inclusive, | ) • RETALIATION IN VIOLATION OF THE FEHA |
| Defendants. | ) • FAILURE TO ACCOMMODATE A DISABILITY IN VIOLATION OF THE FEHA; |
| | ) • Failure to Pay Final Wages and Issuance of Inaccurate Wage Statements |
| | ) • FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS |
| | ) • Aiding and Abetting Discrimination, Harassment, and Retaliation |
| | ) • FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, OR RETALIATION |
| | • WRONGFUL TERMINATION OF EMPLOYMENT IN VIOLATION OF PUBLIC POLICY |

- 1 -

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, LUNA D'SOL, alleges, on the basis of personal knowledge and/or information and belief:

## I

## INTRODUCTION

1.      Plaintiff brings this civil action against BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; TRICIA SHANKS; PETER MAXIM; and DOES 1 through 50, inclusive (collectively, "Defendants") for, but not limited to, unlawful discrimination, harassment, retaliation, and related statutory and common law violations arising from Plaintiff's employment and termination. Plaintiff seeks economic and non-economic damages, punitive damages pursuant to Civil Code section 3294, statutory penalties, equitable and injunctive relief, costs, and reasonable attorneys' fees pursuant to Government Code section 12965. This action arises from Defendants' discrimination and retaliation against Plaintiff based on gender identity, gender expression, transgender status, and age, in violation of the California Fair Employment and Housing Act (Gov. Code §§ 12920, 12940 et seq.), including subdivisions (a), (h), (i), (j), (k), (m), and (n); retaliation under Labor Code sections 98.6 and 1102.5; failure to pay wages due upon discharge and issuance of inaccurate wage statements in violation of Labor Code sections 201, 203, and 226; and wrongful termination in violation of fundamental public policy. Plaintiff further seeks relief under Civil Code sections 52.1 and 3294, Code of Civil Procedure section 1021.5, and all other applicable statutory and equitable provisions.

## II

## PARTIES

2.      **PLAINTIFF LUNA D'SOL ("PLAINTIFF")** is an individual residing in Palm Springs, California, within the County of Riverside.

3.      **DEFENDANT BANK OF AMERICA, N.A. ("THE BANK")** is a national banking association organized under the laws of the United States, with its principal place of business in Charlotte, North Carolina. At all relevant times, THE BANK employed PLAINTIFF within the meaning of the California Fair Employment and Housing Act ("FEHA") (Gov. Code § 12926(d)) and the California Family Rights Act ("CFRA") (Gov. Code § 12945.2), exercised control over the terms and conditions of her employment and made the employment decisions challenged herein.

- 2 -

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

**4.**    **DEFENDANT BANK OF AMERICA CORPORAT**ION is the parent entity of BANK OF AMERICA, N.A. and, at all relevant times, operated as part of an integrated enterprise with centralized control over labor relations, human resources policies, and employment decisions affecting PLAINTIFF. Accordingly, BANK OF AMERICA CORPORATION is liable as an employer and/or joint employer under FEHA and CFRA.

**5.**    **DEFENDANT TRICIA SHANKS ("SHANKS")** is an individual residing in or near Newark, Delaware. At all relevant times, SHANKS was employed by THE BANK as Senior Vice President, Sr. Testing Manager, and served as PLAINTIFF's direct manager, superior in the chain of command to DEFENDANT MAXIM. SHANKS is named in her individual capacity for harassment under Government Code section 12940(j) and for aiding and abetting unlawful employment practices under Government Code section 12940(i). The conduct by SHANKS, as more fully alleged herein, was not routine personnel management but a sustained course of hostile action directed at PLAINTIFF following her disclosure of her transgender status.

**6.**    **DEFENDANT PETER MAXIM ("MAXIM")** is an individual residing in Woodland Hills, California — less than two miles from PLAINTIFF's secondary residence and within three miles of the designated office location cited by THE BANK as the geographic basis for PLAINTIFF's termination. At all relevant times, MAXIM served as PLAINTIFF's direct supervisor. MAXIM is named in his individual capacity for harassment under Government Code section 12940(j) and for aiding and abetting unlawful employment practices under Government Code section 12940(i). The conduct by MAXIM, as more fully alleged herein, was not routine personnel management but individually directed hostile action following PLAINTIFF's disclosure of her transgender status.

**7.**    All defendants compelled, coerced, aided, and/or abetted the discrimination, retaliation, and harassment alleged in this Complaint, which conduct is prohibited under California Government Code section 12940(i). All defendants were responsible for the events and damages alleged herein, including on the following bases: (a) defendants committed the acts alleged; (b) at all relevant times, one or more of the defendants was the agent or employee, and/or acted under the control or supervision, of one or more of the remaining defendants and, in committing the acts alleged, acted within the course and scope of such agency and employment and/or is or are otherwise liable for plaintiff's damages; (c) at all relevant times,

- 3 -

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

there existed a unity of ownership and interest between or among two or more of the defendants such that any individuality and separateness between or among those defendants has ceased, and defendants are the alter egos of one another. Defendants exercised domination and control over one another to such an extent that any individuality or separateness of defendants does not, and at all times herein mentioned did not, exist. Adherence to the fiction of the separate existence of defendants would permit abuse of the corporate privilege and would sanction fraud and promote injustice. All actions of all defendants were taken by employees, supervisors, executives, officers, and directors during employment with all defendants, were taken on behalf of all defendants, and were engaged in, authorized, ratified, and approved of by all other defendants.

8.    Defendants both directly and indirectly employed PLAINTIFF as defined in the Fair Employment and Housing Act ("FEHA") at Government Code section 12926(d).

9.    In addition, defendants compelled, coerced, aided, and abetted the discrimination, which is prohibited under California Government Code section 12940(i).

10.    Finally, at all relevant times mentioned herein, all defendants acted as agents of all other defendants in committing the acts alleged herein.

11.    PLAINTIFF is informed and believes, and thereon alleges, that at all relevant times, each DEFENDANT was the agent, servant, employee, partner, joint venturer, alter ego, or co-conspirator of each of the remaining DEFENDANTS and, in doing the acts alleged herein, was acting within the course and scope of such agency, service, employment, partnership, joint venture, or conspiracy, and with the permission, knowledge, and consent of each of the remaining DEFENDANTS.

**III**

**JURISDICTION AND VENUE**

12.    The actions at issue in this case occurred in the State of California, in the County of Riverside. Under the California Fair Employment and Housing Act, this case can alternatively, at Plaintiff's choice, be filed:[I]n a county in which the department has an office, ***in a county in which unlawful practices are alleged to have been committed***, in the county in which records relevant to the alleged unlawful practices are maintained and administered, in the county in which the person claiming to be aggrieved would have worked or would have had access to public accommodation, but for the alleged unlawful practices, in the

- 4 -

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

county of the defendant's residence or principal office. . . (Italics and bolding added) (California Government Code § 12965(b).)

13.     "[I]n the absence of an affirmative showing to the contrary, the presumption is that the county in which the title of the actions shows that the case is brought is, prima facie, the proper county for the commencement and trial of the action." (*Mission Imports, Inc. v. Superior Court* (1982) 31 Cal.3d 921, 928.) The FEHA venue statute – section 12965(b) – thus affords a wide choice of venue to persons who bring actions under FEHA. (*Brown v. Superior Court* (1984) 37 Cal.3d 477, 486.) "[T]he special provisions of the FEHA venue statute control in cases involving FEHA claims joined with non-FEHA claims arising from the same facts." (*Id*. at 487.)

14.     The amount in controversy exceeds $35,000, exclusive of interest and costs.

IV

**FACTUAL ALLEGATIONS**

15.     **HIRING:** PLAINTIFF, a 40-yeard old transgender female, was employed by THE BANK from March 31, 2006

16.     **JOB PERFORMANCE:**

   a.  **On January 16ᵗʰ, 2025**, weeks before PLAINTIFF's protected disclosure, PLAINTIFF received her annual performance evaluation covering the 2024 performance cycle. The evaluation rated PLAINTIFF as a "**solid performer**," and able to "**increase her workload month over month**," "**learned additional testing in relation to peers**", "**assisted in E2E Complaints Initiative**" and confirmed that she "**consistently completed all testing assignments**." The evaluation was delivered by DEFENDANT MAXIM, with DEFENDANT SHANKS present.

   b.  **On January 31, 2025**, SHANKS sent PLAINTIFF an email—copying MAXIM—confirming that PLAINTIFF's participation in **E2E Complaints initiative** was approved: 'this is a Go!

   c.  On or about **February 19, 2025,** DEFENDANTS MAXIM and SHANKS publicly recognized PLAINTIFF during a team meeting for her assistance with the **E2E Complaints** testing initiative. This recognition occurred approximately one week before PLAINTIFF disclosed her gender transition.

17.     **PROTECTED STATUS:**

   a.  PLAINTIFF is a transgender woman,

- 5 -

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

b. During her employment, Plaintiff engaged in protected activity, including raising complaints regarding unlawful discrimination and retaliation.

18.    **EMPLOYMENT STATUS:** PLAINTIFF was notified that her employment had been terminated on May 21, 2025. The Bank subsequently issued revised documentation reflecting different termination decision dates and effective dates, without providing any explanation for the revisions.

19.    **ADVERSE ACTIONS:**

a. On or about February 26, 2025, Plaintiff disclosed her gender transition and related medical needs to Defendants SHANKS and MAXIM. Prior to this disclosure, Plaintiff's employment record was unequivocally positive. She had recently received a favorable annual performance evaluation, written confirmation approving her participation in the End-to-End Complaints Initiative, and public commendation for her contributions. At no time before her protected disclosure had Plaintiff been disciplined, counseled, criticized, or placed on any form of performance notice. There was no documented concern regarding her work, conduct, availability, or professional standing. Immediately following Plaintiff's disclosure, however, the treatment she received changed in a manner that was both abrupt and unmistakable. Communications that had previously been collegial and collaborative became curt, transactional, and detached. Access to workstreams narrowed. Engagement decreased. Plaintiff was treated not as a valued contributor, but as a peripheral and scrutinized employee. The shift was not gradual or performance-based; it followed directly on the heels of her protected disclosure. The temporal proximity between Plaintiff's disclosure and the deterioration of her treatment was immediate and undeniable, giving rise to a reasonable inference that Defendants' conduct was motivated by **identity bias and discriminatory animus toward Plaintiff's transgender status**.

b. Within days of Plaintiff's February 26 disclosure, SHANKS and MAXIM behaved in this hostile and invalidating manner despite their knowledge of Plaintiffs health issues. SHANKS and MAXIM abruptly revoked Plaintiff's participation in the End-to-End Complaints Initiative—the very assignment SHANKS had approved in writing less than four weeks earlier and MAXIM publicly praised just seven days before. MAXIM refused to provide a response and SHANKS offered a single justification: that the Complaints team was "caught up." That explanation was

- 6 -

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

demonstrably false. Contemporaneous requests from the same Complaints team for additional testing support contradicted SHANKS's stated reason. No performance deficiency was cited. No business restructuring was announced. No other team member was similarly removed. The written approval had not been rescinded or modified before the disclosure. The public praise had not been qualified or retracted. The reversal came without warning, without documentation, and without any intervening event other than Plaintiff's protected disclosure. Plaintiff understood, as any reasonable employee would, that her disclosure had cost her the assignment and that her standing within the organization had fundamentally changed.

c.  On or about March 28, 2025, MAXIM sent Plaintiff a message implying that she had not been working or responding to communications. Plaintiff immediately responded, confirming that she was logged in and actively performing her duties. MAXIM then admitted, "I'm off today"— meaning he was not logged into the system and had no basis to verify Plaintiff's work status before casting the accusation. The insinuation was baseless. An employee with Plaintiff's documented performance record—publicly praised weeks earlier—was accused of failing to work by a supervisor who, by his own admission, had no factual basis for the claim. Plaintiff had never before been subjected to such monitoring or suspicion. The incident reinforced what was becoming unmistakable: following her disclosure, she was being watched, questioned, and doubted in ways she had never experienced during nearly nineteen years of employment.

d.  On April 23, 2025, SHANKS announced new testing opportunities and instructed interested employees to contact MAXIM. Plaintiff promptly expressed interest. MAXIM did not respond. He offered no explanation. He provided no feedback. He communicated no operational reason for the silence. Meanwhile, assignments continued to be distributed to other team members. Plaintiff—who weeks earlier had been formally recognized for expanding her workload and delivering competent performance—was shut out. The silence was conspicuous. It was materially different from the patterns of inclusion that had characterized her professional life before February 26. The exclusion deprived Plaintiff of development opportunities that had been available to her before her protected disclosure and signaled, in terms that required no words, that she was no longer welcome to participate.

- 7 -

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

e. On April 30, 2025, a system outage affected month-end evaluations across the team. Plaintiff had completed her assigned workload. Other team members had not. Despite this, MAXIM released every other employee for the day and directed Plaintiff—alone—to remain logged in after regular working hours, pending system restoration. Plaintiff complied without objection. When the system resumed and Plaintiff notified MAXIM that she was available to assist, MAXIM did not assign work. Instead, he responded with a profane and dismissive remark. He then instructed Plaintiff to log off. No further explanation was given. The directive requiring Plaintiff alone to remain online—while every other team member went home—followed by profanity and dismissal once she complied, served no legitimate business purpose. It was unnecessary, disproportionate, and degrading. As an employee managing a serious medical condition that had been disclosed to management, the hostility intensified Plaintiff's stress, anxiety, and psychiatric symptoms. The cumulative conduct described above—removal of approved assignments, baseless accusations, deliberate exclusion from opportunities, isolation during a team-wide event, and profane dismissal—occurred in close temporal proximity to Plaintiff's protected disclosure and constitutes adverse employment action contributing to a hostile and retaliatory work environment.

20. **TERMINATION AND RETALIATORY DISCHARGE:**

a. On May 21, 2025, Plaintiff called Human Resources to request paid-time-off. The Bank approved it and provided continued normal compensation through its regular payroll process from the Bank's general assets.

b. At approximately 10:35 a.m. that same day, Plaintiff notified Defendant SHANKS that Human Resources had approved her absence and that she would not be working that day. Rather than acknowledging Plaintiff's medically approved absence, SHANKS immediately began pressing Plaintiff to participate in work-related discussions and attend a meeting. SHANKS pressured Plaintiff to engage in substantive work-related meetings with 'Lauren,' a party with whom Plaintiff had no prior professional relationship. The only time Plaintiff had seen that name was when SHANKS, responding to Plaintiff's February 26 gender transition disclosure, copied "Lauren Reed" on the acknowledgment. No one had told Plaintiff that Lauren was involved in an investigation, reviewing performance, or serving any identified function. The request for a meeting

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

was immediate, vague, and unsupported by any written explanation. No specific subject matter was identified. No allegation of misconduct was stated. No performance concern was cited. SHANKS persisted despite knowing that Plaintiff was protected by the FEHA.

c. On May 21, 2025, at 12:47 p.m.—approximately two hours after SHANKS had been pressing Plaintiff to engage—Plaintiff received an email from Loren Reed and SHANKS. The subject line referenced Plaintiff's employment separation and identified her exclusively by her former male name, notwithstanding Defendants' knowledge of her gender transition. The body of the email contained no substantive explanation, no statement of reasons, no reference to any performance issue, investigation, or disciplinary basis. It contained only a secure electronic link requiring affirmative action to access. No readable document was attached. No PDF was enclosed. No written explanation accompanied the link. It told her only, by its subject line and its silence, that she was being separated from the institution she had served for nearly nineteen years—and that even in that act, Defendants used her deadname. Plaintiff did not open the secure link. She understood that accessing the link could be construed as acknowledgment of, or acquiescence to, the terms contained within it, and she was unwilling to waive or compromise any rights without first reviewing the substance of what was being proposed. Plaintiff responded in writing, advising Reed and SHANKS that she would not access any secure link and requesting that a readable copy of the document—in standard PDF format—be provided to her directly. Plaintiff made clear that her review of any documentation would not constitute acceptance, acknowledgment, or waiver of any rights. No readable copy was immediately provided. No one addressed Plaintiff's concern.. The Bank's first communication regarding Plaintiff's termination was an opaque link, addressed to her deadname, with no explanation attached. When Plaintiff subsequently placed Defendants on formal notice that she disputed the termination and the circumstances surrounding it, Defendant SHANKS responded not with clarification, documentation, or justification, but with a single directive: return the company laptop and equipment.

d. On May 23, 2025, Defendant SHANKS transmitted an email to Plaintiff containing instructions for the return of Bank of America equipment. The email included a secure electronic link. Plaintiff again declined to open it. As with the May 21 communication, Plaintiff refused to access any Bank-

- 9 -

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

controlled electronic portal until she had first established in writing that doing so would not constitute agreement, acceptance, or waiver of any legal rights. She had received no response to her prior objections. No one had provided a substantive explanation for her termination. On May 28, 2025, Plaintiff sent a written communication to SHANKS and Reed. She confirmed receipt of the equipment return instructions and advised that she had accessed the secure link only that day—and only after first transmitting a separate written statement establishing that opening any secure link did not constitute agreement, acceptance, or waiver of any rights under applicable state or federal law. Plaintiff stated unequivocally that any return of equipment was made solely to comply with Defendants' logistical request and did not constitute acceptance of termination, acceptance of any proposed terms, or acknowledgment of the validity of Defendants' stated basis for separation. Plaintiff expressly reserved all rights. No one from THE BANK responded to Plaintiff's reservation of rights. No one acknowledged her legal position. No one addressed her dispute of the termination. In the seven days since transmitting a termination email to a woman with a serious medical condition, THE BANK's sole communication with Plaintiff concerned the recovery of a laptop. It had nothing to say about the nineteen years of service it had just discarded, or the statutory rights it had just violated.

e.  When Plaintiff was ultimately able to review the substance of the termination documentation, it stated that as of May 21, 2025, THE BANK had decided to eliminate her position as part of a "group termination" affecting employees who did not reside in proximity to designated office locations. That explanation was false on its face. Plaintiff maintained a secondary residence within approximately three miles of the designated office location. Both SHANKS and MAXIM were aware of this; Plaintiff had discussed her secondary residence with them during the course of her employment. Defendant MAXIM himself resided in Woodland Hills, California—less than two miles from Plaintiff's secondary residence and within the same geographic radius of the designated office. MAXIM worked remotely, under the same operational and structural conditions that THE BANK cited as the basis for Plaintiff's separation. MAXIM was not terminated. He was retained and reassigned. He now reports to Loren Reed—the same individual who first appeared in Plaintiff's employment record on the day of her gender transition disclosure and who co-

- 10 -

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

transmitted the termination communication on May 21, 2025. No concern regarding Plaintiff's geographic eligibility had ever been raised—not in her January 2025 performance evaluation, not in the January 31 assignment approval, not in the February 19 public recognition, not in any communication at any point during her nearly twenty years of employment—until after her protected disclosures. The geographic criterion materialized only after Plaintiff disclosed her transgender status and medical needs. It was then applied to terminate Plaintiff while exempting the male, non-transgender, non-disabled supervisor who lived less than two miles away under identical remote working conditions.

f.   *Then came the revisions*. On or about June 17, 2025, at 12:18 a.m., Plaintiff received a DocuSign notification from THE BANK voiding the original termination letter—the very document that SHANKS and Reed had transmitted on May 21. No explanation was provided for the voiding. No one contacted Plaintiff. No one informed her why the documents she had been pressured to review were now being withdrawn in the middle of the night. Approximately two hours later, at 2:15 a.m., THE BANK issued a revised termination letter stating that the decision to terminate Plaintiff's employment had been made as of June 16, 2025—not May 21, 2025, as originally represented— and that Plaintiff's employment would end effective June 20, 2025. The documents again characterized the action as a "group termination" and again addressed Plaintiff by her former male name. All of this compounded Plaintiff's existing psychiatric distress and materially worsened her physician-documented medical condition. Plaintiff, who was facing a serious health condition exacerbated by Defendants' prior conduct, was now confronted with the reality that the institution she had served for nearly twenty years could not produce a consistent account of when or why it had decided to end her employment. The instability, confusion, and institutional dishonesty reflected in these communications deepened Plaintiff's anxiety, disrupted her course of medical treatment, and reinforced her reasonable belief that the termination was not the product of a legitimate business decision but was instead motivated by **discriminatory animus toward Plaintiff's gender identity and protected status**.

21.   **Irreconcilable Employment Chronology**. On June 17, 2025 at 12:18 a.m., THE BANK voided the May 21, 2025, termination letter. At 2:15 a.m., it issued a revised document stating that the decision

- 11 -

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

to terminate Plaintiff's employment had instead been made as of June 16, 2025, with an effective termination date of June 20. 2025. The final paycheck issued June 23, 2025, omitted wages for June 19, 2025 and June 20, 2025. These representations cannot be reconciled. If the termination decision was made May 21, 2025, the June 17, 2025, revision contradicts the Bank's prior documentation. If the decision was made June 16, 2025, Defendants transmitted termination documentation nearly four weeks earlier without authority. Under either version, the Bank's records demonstrate that Plaintiff's termination was not the product of a consistent or legitimate employment decision

22.    **ECONOMIC DAMAGES:** As a consequence of Defendants' conduct, Plaintiff has suffered and will continue to suffer harm, including loss of past and future income and employment-related compensation, damage to her career and professional reputation, loss of wages through the stated termination date, and statutory penalties arising from Defendants' failure to pay all wages due upon discharge. THE BANK's own records represent that Plaintiff's employment continued through June 20, 2025, yet the final paycheck issued on June 23, 2025, omitted wages for June 19 and June 20, 2025.

23.    **NON-ECNOMIC DAMAGES:** As a consequence of Defendants' conduct, Plaintiff has suffered and will continue to suffer severe psychological and emotional distress, humiliation, anxiety, depression, and mental and physical pain and anguish.

  a.  Plaintiff disclosed her gender identity to her employer in an act of trust and vulnerability after nearly two decades of dedicated service. In the weeks and months that followed, that trust was repaid with professional isolation, baseless accusations, deliberate exclusion, hostile and profane treatment, and ultimately termination—transmitted by opaque electronic link, addressed to her deadname. Plaintiff was given no warning, no explanation, and no opportunity to respond. She was asked only to return her laptop.

  b.  The harm did not end with termination. In the months that followed, THE BANK continued to generate official records identifying Plaintiff by her former male name and incorrect honorifics—even after September 11, 2025 when a California court had entered an order legally changing her name and gender, and even after THE BANK had acknowledged that order and demonstrated its ability to use Plaintiff's correct legal name. Each document arriving in Plaintiff's mailbox bearing the name she had shed was a fresh act of erasure—a reminder that the institution that terminated

- 12 -

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

her still refused to acknowledge who she is. This ongoing conduct has caused Plaintiff sustained emotional suffering, loss of dignity, humiliation, and interference with her ability to move forward with her life and her medical recovery.

Plaintiff has suffered and will continue to suffer non-economic damages in sums to be proven at trial.

24.    **PUNITIVE DAMAGES**: Defendants' conduct constitutes oppression and malice under California Civil Code section 3294 and, thus, entitles plaintiff to an award of exemplary and/or punitive damages.

a. Defendants acted with malice in that their conduct was despicable and carried out with willful and conscious disregard of Plaintiff's rights, health, and safety. Within days of Plaintiff's disclosure of her transgender status, Defendants began systematically dismantling the professional standing she had built over nearly twenty years — revoking approved assignments, fabricating performance deficiencies, excluding her from opportunities extended to other team members, and subjecting her to hostile and profane treatment. When Plaintiff subsequently disclosed a serious medical condition under the California Family Rights Act, Defendants did not pause — they accelerated. They transmitted termination documentation within hours, addressed to her deadname. They then voided and reissued those documents in the middle of the night with shifting and irreconcilable decision dates, failed to pay all wages due through the stated termination period, and refused to engage with Plaintiff's contemporaneous written objections and reservation of rights.

b. Defendants further acted with malice and oppression in their treatment of Plaintiff's identity following termination. On September 11, 2025, a California court issued an order legally changing Plaintiff's name and gender. THE BANK acknowledged receipt of the certified court order. In a letter received September 17, 2025, THE BANK addressed Plaintiff by her legal name for the first time. Having demonstrated its knowledge and ability to use Plaintiff's correct legal name, THE BANK thereafter reverted to generating and transmitting official employment-related records and correspondence identifying Plaintiff by her former male name and incorrect honorifics—in documents received on or about September 18, 2025; September 22, 2025; September 26, 2025; October 3, 2025; November 15, 2025; December 15, 2025; and January 25, 2026. This conduct was not inadvertent. THE BANK had already used Plaintiff's correct name. It chose to stop. Each

- 13 -

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

subsequent document identifying Plaintiff by her former male name, after acknowledged receipt of a court order establishing her legal identity, constituted a deliberate act of disrespect directed at Plaintiff's gender identity and a conscious refusal to recognize her legal name.

c. Defendants additionally acted with oppression in that their cumulative conduct subjected Plaintiff to cruel and unjust hardship in conscious disregard of her rights, including the right to be free from discrimination based on gender identity, and the right to be identified in official records by her legal name following judicial decree. The hardship imposed was not incidental to a business decision. It was sustained, deliberate, and directed at the core of Plaintiff's identity as a transgender woman.

Plaintiff is entitled to an award of exemplary and punitive damages in an amount sufficient to punish Defendants and to deter similar conduct, according to proof at trial.

**25.    ATTORNEY FEES**: Plaintiff has incurred legal expenses and attorney's fees.

**26.    EXHAUSTION OF ADMINISTRATIVE REMEDIES**: Prior to filing this action, plaintiff exhausted her administrative remedies by filing a timely administrative complaint with California's Civil Rights Department and obtained a right-to-sue letter. (Ex. A)

**V**

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**

**Discrimination on the Bases of Sex, Gender Identity, Gender Expression, and Transgender Status**

(Violation of Gov. Code § 12940(a))

**Against Entity Defendants; and Does 1 to 50, Inclusive**

**27.**    Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

**28.**    At all times herein mentioned, FEHA, Government Code section 12940, *et seq.,* was in full force and effect and was binding on defendants. This statute requires defendants to refrain from discriminating against any employee because but not limited to the employee's sex, gender, gender identity and/or gender expression

- 14 -

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

29.     Plaintiff's sex, gender, gender identity and/or gender expression, and/or other characteristics protected by FEHA, Government Code section 12900, *et seq.,* were substantial motivating reasons in Defendants' decision to terminate Plaintiff's employment, not to retain, hire, or otherwise employ plaintiff in any position, and/or to take other adverse employment actions against plaintiff.

30.     As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and compensations.

31.     As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

32.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs, including expert costs, in an amount according to proof.

33.     Defendants' discrimination was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, entitling Plaintiff to punitive damages against Defendants.

**SECOND CAUSE OF ACTION**

**Hostile Work Environment Harassment on the Bases of Sex, Gender Identity, Gender Expression, and Transgender Status**

(Violation of Gov. Code § 12940(j))

Against All Defendants

34.     Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

35.     At all relevant times, Government Code section 12940, subdivision (j), was in full force and effect and binding on Defendants. This statute prohibits harassment of an employee because of sex, gender, gender identity, gender expression, and transgender status. Under Government Code section 12940, subdivision (j)(3), an employee of an entity subject to FEHA is personally liable for harassment regardless of whether the employer knew or should have known of the conduct and failed to take appropriate corrective action.

- 15 -

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

36. At all relevant times, Defendants SHANKS and MAXIM were "persons" within the meaning of Government Code section 12940, subdivision (j), and "supervisors" within the meaning of Government Code section 12926, subdivision (t). Under Government Code section 12940, subdivision (j)(3), individual supervisors are personally liable for harassment regardless of whether the employer knew or should have known of the conduct and failed to take appropriate corrective action. SHANKS and MAXIM are therefore independently and personally liable for their harassing conduct. Their joinder is compelled by FEHA's express imposition of individual liability on supervisory employees who engage in harassment.

37. Pursuant to Government Code section 12923(b), a single incident of harassing conduct can be sufficient to create a triable issue regarding the existence of a hostile work environment if the conduct has unreasonably interfered with the plaintiff's work performance or created an intimidating, hostile, or offensive working environment.

38. Plaintiff is a transgender woman and was, at all relevant times, a member of protected classes under FEHA.

39. Following Plaintiff's February 26, 2025 disclosure of her transgender status, Defendants SHANKS and MAXIM subjected Plaintiff to a sustained course of unwelcome conduct directed at her because of her gender identity. The conduct was not routine personnel management. It was individually directed, personally carried out, and escalating in severity.

40. SHANKS's harassing conduct included: escalating Plaintiff's transgender disclosure to an outside HR representative within hours of receiving it; revoking an assignment she had approved in writing and publicly praised seven days earlier, citing a justification contradicted by contemporaneous evidence; denying a routine equipment request for the first time in Plaintiff's career; transmitting a false certification report to MAXIM despite having acknowledged Plaintiff's completion five days earlier; pressuring Plaintiff to attend meetings on her day off, HR representative introduced on the day of the transgender disclosure; and co-transmitting the termination email addressed to Plaintiff's former male name.

41. MAXIM's harassing conduct included: falsely accusing Plaintiff of not working and then admitting he had no basis for the accusation; ignoring Plaintiff's expressed interest in new assignments while distributing them to other team members; singling Plaintiff out to remain online after hours during a system outage while releasing every other employee; responding to Plaintiff's compliance with profanity

- 16 -

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

and dismissal; and participating in the transmission of termination documentation while the bank had already approved to be off that day.

42.   Following termination, THE BANK continued to subject Plaintiff to harassing conduct by generating and transmitting official employment records identifying her by her former male name and incorrect honorifics — even after a California court issued an order legally changing her name and gender, and even after THE BANK acknowledged that order and demonstrated its ability to use Plaintiff's correct legal name. This post-termination conduct occurred on at least seven documented occasions: September 18, 2025; September 22, 2025; September 26, 2025; October 3, 2025; November 15, 2025; December 15, 2025; and January 25, 2026.

43.   The harassing conduct described above was unwelcome, was directed at Plaintiff because of her transgender status and gender identity, and was sufficiently severe and pervasive — both individually and cumulatively — to alter the conditions of Plaintiff's employment and create an intimidating, hostile, and offensive working environment within the meaning of Government Code section 12923. Pursuant to Government Code section 12923, subdivision (b), a single incident of harassing conduct is sufficient to create a triable issue regarding the existence of a hostile work environment if it has unreasonably interfered with the plaintiff's work performance or created an intimidating, hostile, or offensive working environment. Plaintiff was subjected to far more than a single incident.

44.   The harassing conduct by SHANKS and MAXIM was outside the scope of any necessary personnel management action. The revocation of approved assignments without business justification, the fabrication of performance deficiencies, the profane and dismissive treatment, the singling out during team-wide events, and the persistent deadnaming after judicial decree were not actions required by any legitimate supervisory function. They were personal acts of hostility directed at Plaintiff because she is a transgender woman.

45.   As a direct and proximate result of Defendants' harassment, Plaintiff has suffered severe emotional distress, humiliation, and mental and physical pain and anguish, all to her damage in a sum according to proof.

///

///

- 17 -

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

**46.**    Defendants' harassment was committed intentionally, in a malicious, despicable, and oppressive manner, with willful and conscious disregard for Plaintiff's rights, entitling Plaintiff to punitive damages under Civil Code section 3294.

**47.**    Pursuant to Government Code section 12965, subdivision (c)(6), Plaintiff is entitled to recover reasonable attorneys' fees and costs.

**THIRD CAUSE OF ACTION**

**Retaliation for Engaging in Protected Activity**

(Violation of Gov. Code § 12940(h))

**Against Entity Defendants; and Does 1 to 50, Inclusive**

**48.**    Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

**49.**    At all relevant times, Government Code section 12940, subdivision (h), was in full force and effect and binding on Defendants. This statute prohibits an employer from discharging, demoting, or otherwise discriminating or retaliating against any employee because the employee has opposed practices forbidden by FEHA, filed a complaint under FEHA, testified or assisted in any proceeding under FEHA, or otherwise engaged in activity protected by FEHA.

**50.**    Plaintiff engaged in protected activity when she disclosed her transgender status to her supervisors on February 26, 2025. That disclosure was itself protected activity under FEHA, as it constituted the assertion of rights guaranteed to transgender employees under Government Code sections 12940 and 12926.

**51.**    Prior to Plaintiff's February 26 transgender disclosure, her employment record was unblemished. She had received a favorable annual performance evaluation, written approval expanding her responsibilities, and public recognition from the supervisors who would later participate in her termination. At no point before her disclosure had Plaintiff been disciplined, counseled, criticized, or placed on any form of notice. There existed no documented basis for any adverse action against her.

**52.**    Following Plaintiff's protected activity, Defendants subjected her to a series of escalating adverse employment actions in close temporal succession: revocation of approved assignments within days of disclosure; baseless accusations of non-performance by a supervisor who admitted he had no factual basis

- 18 -

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

for the claim; deliberate exclusion from newly announced opportunities while other team members received assignments; isolation and hostile treatment during a team-wide work event, including profane and dismissive language; and termination of employment — transmitted by email and addressed to her deadname.

53.    The temporal proximity between Plaintiff's protected activity and the commencement of adverse actions was immediate. The first adverse action — revocation of the E2E Complaints Initiative assignment — occurred within days of the February 26 disclosure. Each subsequent adverse action followed in unbroken sequence. The termination occurred less than three months after the disclosure. No intervening event, performance change, or business development accounts for the shift from public recognition to termination in eighty-four days.

54.    Defendants' proffered justification — a "group termination" based on geographic proximity — is pretextual. The criterion was never raised during Plaintiff's nearly twenty years of employment. Plaintiff maintained a secondary residence within three miles of the designated office. Defendant MAXIM, who did not engage in protected activity, worked under identical conditions less than two miles away and was retained. Defendants subsequently voided and reissued the termination documents with a different decision date, further demonstrating that the stated rationale was pretext and that the adverse action was motivated by **identity bias and discriminatory animus toward Plaintiff's transgender status and protected activity**.

55.    Plaintiff's protected activity was a substantial motivating reason for Defendants' decision to subject her to adverse employment actions and to terminate her employment.

56.    As a direct and proximate result of Defendants' retaliation, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment-related compensation.

57.    As a further direct and proximate result of Defendants' retaliation, Plaintiff has suffered and continues to suffer humiliation, emotional distress, mental anguish, all to her damage in sums according to proof.

58.    Defendants' retaliation was committed intentionally, in a malicious, despicable, and oppressive manner, with willful and conscious disregard for Plaintiff's rights, entitling Plaintiff to punitive damages under Civil Code section 3294.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

59. Pursuant to Government Code section 12965, subdivision (c)(6), Plaintiff is entitled to recover reasonable attorneys' fees and costs.

## FOURTH CAUSE OF ACTION

### Failure to Accommodate a Disability in Violation of FEHA

(Violation of Gov. Code § 12940(m))

### Against Entity Defendants; and Does 1 to 50, Inclusive

60. Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

61. At all times herein mentioned, FEHA, Government Code section 12940(a), (i), (m), and (n), was in full force and effect and was binding on defendants. This statute requires defendants to provide reasonable accommodations to known disabled employees. Within the time provided by law, plaintiff filed a complaint with CRD, in full compliance with administrative requirements, and received a right-to-sue letter.

62. Defendants used Plaintiff's disability as a basis for terminating her employment.

63. Plaintiff is informed and believes, and on that basis alleges, that her disability and the need to accommodate her disability were substantial motivating reasons for Defendants' decision to terminate her employment.

64. As a direct and proximate result of Defendants' willful, knowing, and intentional misconduct, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment-related compensation.

65. As a further direct and proximate result of Defendants' misconduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

66. Defendants' conduct was committed with malice, oppression, and a willful, conscious disregard for Plaintiff's rights and this entitles plaintiff for punitive damages.

67. Pursuant to Government Code section 12965, subdivision (c)(6), Plaintiff is entitled to recover reasonable attorneys' fees and costs.

## FIFTH CAUSE OF ACTION

- 20 -

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

**Failure to Pay Final Wages and Issuance of Inaccurate Wage Statement**

(Violation of Labor Code §§ 201, 203, and 226)

**Against Entity Defendants; and Does 1 to 50, Inclusive**

68.  Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

69.  At all relevant times, Labor Code section 201 was in full force and effect. This statute requires that when an employer discharges an employee, all wages earned and unpaid at the time of discharge are due and payable immediately.

70.  THE BANK represented in its own termination documentation that Plaintiff's employment would end effective June 20, 2025. Plaintiff was therefore entitled to all wages earned through that date.

71.  On or about June 23, 2025, THE BANK issued a payment that included accrued vacation wages consistent with a final paycheck. However, the wages included compensation only through June 18, 2025. No wages were paid for June 19 or June 20, 2025 — the final two days of the employment period that THE BANK itself had designated.

72.  THE BANK has offered no explanation for the omission. No written communication identified a basis for withholding wages through the stated termination date. No payroll correction has been issued.

73.  By failing to pay all wages due through the date it represented as Plaintiff's final day of employment, THE BANK violated Labor Code section 201.

74.  Plaintiff is informed and believes, and thereon alleges, that THE BANK's failure to pay all wages due was willful within the meaning of Labor Code section 203. THE BANK possessed actual knowledge of Plaintiff's stated termination date — it selected that date, it documented that date, and it transmitted that date to Plaintiff in formal termination correspondence. The decision to issue a final paycheck omitting the last two days of that self-designated period was not inadvertent. It was either a deliberate withholding or a product of the same administrative chaos that produced four irreconcilable termination dates — neither of which excuses the violation.

75.  As a result of THE BANK's willful failure to timely pay all wages due, Plaintiff is entitled to waiting time penalties under Labor Code section 203 in an amount according to proof, continuing for up to thirty days of wages from the date of discharge.

- 21 -

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

**76.**    The wage statement issued in connection with the June 23, 2025 payment reflected a pay period extending beyond the dates for which wages were actually paid. A wage statement that does not accurately reflect the wages earned and the dates for which those wages were paid does not comply with Labor Code section 226.

**77.**    By issuing a wage statement that was inconsistent with the wages actually paid, THE BANK violated Labor Code section 226, subdivision (a).

**78.**    As a direct and proximate result of these violations, Plaintiff has suffered economic damages including unpaid wages, statutory penalties, and the inability to accurately assess her own compensation and employment status during a period of acute personal and medical crisis.

**79.**    Pursuant to Labor Code sections 203 and 226, subdivision (e), Plaintiff is entitled to recover statutory penalties, reasonable attorneys' fees, and costs

**SIXTH CAUSE OF ACTION**

**Failure to Engage in Interactive Process**

**(Violation of Government Code § 12940(a), (i), (m), (n))**

**Against Entity Defendants; and Does 1 to 50, Inclusive**

**80.**    Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

**81.**    At all times herein mentioned, FEHA, Government Code section 12940(a), (i), (m), and (n), was in full force and effect and was binding on defendants. This statute requires defendants to engage in a timely, good faith interactive process to accommodate known disabled employees. Within the time provided by law, plaintiff filed a complaint with the CRD, in full compliance with administrative requirements, and received a right-to- sue letter.

**82.**    Defendants wholly failed to engage in a timely, good-faith interactive process with Plaintiff to accommodate her known disabilities. Instead, Defendants terminated Plaintiff's employment in part because of her disabilities.

**83.**    Plaintiff is informed and believes, and on that basis alleges, that her disability was a substantial motivating factor in Defendants' decision to terminate her employment.

- 22 -

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

84.     As a proximate result of Defendants' willful, knowing, and intentional misconduct, Plaintiff has sustained and continues to sustain substantial losses of earnings.

85.     As a proximate result of Defendants' willful, knowing, and intentional misconduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

86.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs, including expert costs, in an amount according to proof.

### SEVENTH CAUSE OF ACTION

### Aiding and Abetting Discrimination, Harassment, and Retaliation

(Violation of Gov. Code § 12940(i))

Against SHANKS and MAXIM

87.     Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

88.     At all relevant times, Government Code section 12940, subdivision (i), was in full force and effect. This statute makes it unlawful for any person to aid, abet, incite, compel, or coerce the doing of any act forbidden by FEHA.

89.     DEFENDANT SHANKS knowingly and substantially assisted THE BANK's discriminatory and retaliatory conduct. Within hours of receiving Plaintiff's February 26, 2025 transgender disclosure, SHANKS escalated it to Loren Reed — an individual with whom Plaintiff had no prior interaction and who later co-transmitted the termination notice. In the weeks that followed, SHANKS revoked Plaintiff's approved participation in the E2E Complaints Initiative citing a justification contradicted by contemporaneous evidence, denied a routine equipment request for the first time in Plaintiff's career, and transmitted a false certification report to MAXIM despite having acknowledged Plaintiff's completion five days earlier. On May 21, 2025, SHANKS pressured Plaintiff to return to work, then co-transmitted the termination email addressed to Plaintiff's former male name while Plaintiff was not working. SHANKS thereafter responded to Plaintiff's written dispute of the termination solely by directing her to return company equipment.

- 23 -

90. DEFENDANT MAXIM knowingly and substantially assisted THE BANK's discriminatory and retaliatory conduct. After Plaintiff's transgender disclosure, MAXIM falsely accused Plaintiff of not working and then admitted he had no basis for the claim. MAXIM ignored Plaintiff's expressed interest in newly announced assignments while distributing them to other team members. MAXIM singled Plaintiff out to remain online after hours during a system outage while releasing every other employee, then responded to Plaintiff's compliance with profanity and dismissal. MAXIM worked remotely under the same geographic and operational conditions cited as the basis for Plaintiff's separation, yet was retained, reassigned, and now reports to Loren Reed.

91. The conduct of SHANKS and MAXIM was not routine personnel management. It was active, knowing, and substantial participation in a course of discriminatory and retaliatory conduct that began with Plaintiff's transgender disclosure and culminated in her termination. Each acted with awareness of Plaintiff's protected status, awareness of THE BANK's obligations under FEHA, and awareness that the actions they were taking were directed at Plaintiff because of her gender identity and were motivated by **identity bias and discriminatory animus toward transgender employees**.

92. As a direct and proximate result of the conduct of SHANKS and MAXIM, Plaintiff has suffered the damages set forth above, including loss of employment, loss of earnings, emotional distress, humiliation, deterioration of her medical condition, and other harm according to proof.

93. The conduct of SHANKS and MAXIM was committed intentionally, in a malicious, despicable, and oppressive manner, with willful and conscious disregard for Plaintiff's rights, entitling Plaintiff to punitive damages against each of them individually under Civil Code section 3294.

94. Pursuant to Government Code section 12965, subdivision (c)(6), Plaintiff is entitled to recover reasonable attorneys' fees and costs.

**EIGHTH CAUSE OF ACTION**

**Failure to Prevent Discrimination, Harassment, or Retaliation**

**(Violation of Government Code § 12900(k), et seq.)**

**Against Entity Defendants; and Does 1 to 100, Inclusive**

95. Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

- 24 -

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

96.    At all times herein mentioned, Government Code section 12940, subdivision (k), was in full force and effect and binding on Defendants. This statute makes it an unlawful employment practice for an employer to fail to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring.

97.    Defendants knew or should have known that Plaintiff was being subjected to discrimination, harassment, and retaliation based on her sex, gender, gender identity, gender expression, and protected activity, yet failed to take reasonable steps to prevent such conduct.

98.    Defendants failed to implement reasonable policies, training, supervision, and corrective action necessary to prevent discrimination, harassment, and retaliation against Plaintiff.

99.    As a direct and proximate result of Defendants' failure to prevent discrimination, harassment, and retaliation, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment-related compensation.

100.    As a further direct and proximate result of Defendants' misconduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

101.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs, including expert costs, in an amount according to proof.

102.    Defendants' conduct was committed intentionally, in a malicious, despicable, and oppressive manner, entitling Plaintiff to punitive damages under Civil Code section 3294.

## NINTH CAUSE OF ACTION

### Wrongful Termination in Violation of Public Policy

(*Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167)

### Against Entity Defendants; and Does 1 to 50, Inclusive

103.    Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

104.    Defendants terminated Plaintiff's employment in violation of fundamental public policies embodied in California law, including but not limited to the California Fair Employment and Housing Act

- 25 -

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

(Gov. Code §12900 et seq.), which prohibits discrimination, harassment, and retaliation based on protected characteristics including sex, gender identity, gender expression, and transgender status, and California Labor Code section 1102.5, which protects employees from retaliation for engaging in protected activity.

105.    Plaintiff engaged in conduct protected by these public policies, including disclosing her gender identity, asserting her rights under FEHA, and opposing unlawful discrimination and retaliation.

106.    Defendants terminated Plaintiff's employment because of her protected status and protected activity, in violation of these fundamental public policies.

107.    As a direct and proximate result of Defendants' wrongful termination, Plaintiff has suffered and continues to suffer loss of earnings, emotional distress, humiliation, and mental and physical pain and anguish, all in amounts according to proof.

108.    Defendants' conduct was intentional, malicious, despicable, and carried out with conscious disregard for Plaintiff's rights, entitling Plaintiff to punitive damages under Civil Code section 3294.

109.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Code of Civil Procedure sections 1021.5 and 1032, Plaintiff is entitled to recover reasonable attorneys' fees and costs according to proof.

///

///

///

///

///

///

///

///

///

///

///

///

- 26 -

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

# VI

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF LUNA D'SOL prays for judgment against DEFENDANTS, and each of them, as follows:

   a) Compensatory Damages: For compensatory damages according to proof for the harm caused by Defendants' unlawful conduct;

   b) Economic Damages: For all economic damages, including but not limited to back pay, front pay, and the value of all lost employment-related compensation, according to proof;

   c) Non-Economic Damages: For emotional distress and mental anguish damages;

   d) Punitive Damages: For punitive damages under Civil Code section 3294 against all Defendants who acted with malice, oppression, or reckless disregard;

   e) Equitable Relief: For restitution of all sums unlawfully withheld or acquired by Defendants;

   f) Declaratory Relief: For a declaration that Defendants' conduct violated FEHA, CFRA, and the public policy of the State of California;

   g) Injunctive Relief: For a permanent injunction ordering the correction of Plaintiff's employment records and data to accurately reflect the circumstances of their employment;

   h) Reinstatement: For reinstatement to their former position or, in the alternative, an award of front pay;

   i) Attorney's Fees: For reasonable attorney's fees and costs of suit pursuant to Government Code section 12965;

   j) Interest: For prejudgment and post-judgment interest as permitted by law;

   k) General Relief: For such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

///

///

///

- 27 -

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

**VERIFICATION**

I, LUNA D'SOL, am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 3rd, 2026, at Palm Springs, CA

/s/ Luna D'Sol
_____

LUNA D'SOL, Plaintiff In Pro Per

- 28 -

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

# EXHIBIT A
# CRD - RIGHT TO SUE



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

August 11, 2025

Luna D'Sol
2275 E Belding Dr
Palm Springs, CA 92262

RE:    **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202508-30704712
Right to Sue: D'Sol / Bank of America et al.

Dear Luna D'Sol:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective August 11, 2025 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave (Government Code sections 12945.2, 12945.6, or 12945.7) has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

CRD - ENF 80 RS (Revised 2025/02)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

After receiving a Right-to-Sue notice from CRD, you may have the right to file your complaint with a local government agency that enforces employment anti-discrimination laws if one exists in your area that is authorized to accept your complaint. If you decide to file with a local agency, you must file before the deadline for filing a lawsuit that is on your Right-to-Sue notice. Filing your complaint with a local agency does not prevent you from also filing a lawsuit in court.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/02)

# TAB 8

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
www.riverside.courts.ca.gov

**Case Number:**    CVPS2601396

**Case Name:**    DSOL vs BANK OF AMERICA N.A.

## NOTICE OF DEPARTMENT ASSIGNMENT

The above entitled case is assigned to the Honorable Manuel Bustamante in Department PS2 for All Purposes.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

The court follows California Rules of Court, Rule 3.1308(a)(1) for tentative rulings (see Riverside Superior Court Local Rule 3316). Tentative Rulings for each law and motion matter are posted on the internet by 3:00 p.m. on the court day immediately before the hearing at http://riverside.courts.ca.gov/tentativerulings.shtml. If you do not have internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, you must (1) notify the judicial secretary at (760) 904-5722 and (2) inform all other parties, no later than 4:30 p.m. the court day before the hearing. If no request for oral argument is made by 4:30 p.m., the tentative ruling will become the final ruling on the matter effective the date of the hearing.

The filing party shall serve a copy of this notice on all parties.

| | |
|---|---|
|  | Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

Dated: 03/06/2026

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: _____
V. Lopez, Deputy Clerk

CI-NODACV
(Rev. 02/16/21)

# TAB 9

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
www.riverside.courts.ca.gov

**Case Number:**    CVPS2601396

**Case Name:**    DSOL vs BANK OF AMERICA N.A.

LUNA DSOL
2275 E BELDING DR
Palm Springs, CA 92262

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 09/03/2026 | 8:30 AM | Department PS2 |
| Location of Hearing: **3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-644-5616 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
www.riverside.courts.ca.gov

**Case Number:**    CVPS2601396

**Case Name:**    DSOL vs BANK OF AMERICA N.A.

BANK OF AMERICA N.A.

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 09/03/2026 | 8:30 AM | Department PS2 |
| Location of Hearing:<br>**3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-644-5616 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

<table>
<tr>
<td></td>
<td>Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter.</td>
</tr>
<tr>
<td></td>
<td>Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.)</td>
</tr>
</table>

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
www.riverside.courts.ca.gov

**Case Number:**    CVPS2601396

**Case Name:**    DSOL vs BANK OF AMERICA N.A.

BANK OF AMERICA CORPORATION

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 09/03/2026 | 8:30 AM | Department PS2 |
| Location of Hearing: 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-644-5616 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
www.riverside.courts.ca.gov

**Case Number:**    CVPS2601396

**Case Name:**    DSOL vs BANK OF AMERICA N.A.

TRICIA SHANKS

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| **09/03/2026** | **8:30 AM** | **Department PS2** |
| Location of Hearing: **3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-644-5616 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
www.riverside.courts.ca.gov

**Case Number:**    CVPS2601396

**Case Name:**    DSOL vs BANK OF AMERICA N.A.

PETER MAXIM

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 09/03/2026 | 8:30 AM | Department PS2 |
| Location of Hearing:<br>**3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-644-5616 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|---|---|
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

CI-NOCMC
(Rev. 03/02/22)

Notice has been printed for the following Firm/Attorneys or Parties: CVPS2601396

DSOL, LUNA
2275 E BELDING DR
Palm Springs, CA 92262

BANK OF AMERICA N.A.

SHANKS, TRICIA

BANK OF AMERICA CORPORATION

MAXIM, PETER

# TAB 10

**FW-003**

# Order on Court Fee Waiver (Superior Court)

Clerk stamps date here when form is filed.

**FILED**

Superior Court of California

County of Riverside

03/06/2026

V Lopez

**①** **Person who asked the court to waive court fees:**

Name: LUNA DSOL

Street or mailing address: 2275 E BELDING DR

City: Palm Springs    State: CA    Zip: 92262

**②** **Lawyer, if person in ① has one** (*name, firm name, address, phone number, e-mail, and State Bar number*):

Fill in court name and street address:

**Superior Court of California, County of Riverside**

Palm Springs Courthouse

3255 E. Tahquitz Canyon Way

Palm Springs, CA  92262

**③** A request to waive court fees was filed on (*date*): 03/04/2026

☐ The court made a previous fee waiver order in this case on (*date*):

Fill in case number and name:

**Case Number:**
CVPS2601396

**Case Name:**
DSOL vs BANK OF AMERICA N.A.

***Read this form carefully. All checked boxes ☑ are court orders.***

**Notice:** The court may order you to answer questions about your finances and later order you to pay back the waived fees. If this happens and you do not pay, the court can make you pay the fees and also charge you collection fees. If there is a change in your financial circumstances during this case that increases your ability to pay fees and costs, you must notify the trial court within five days. (Use form FW-010.) If you win your case, the trial court may order the other side to pay the fees. If you settle your civil case for **$10,000** or more, the trial court will have a lien on the settlement in the amount of the waived fees. The trial court may not dismiss the case until the lien is paid.

**④** After reviewing your: ☑ *Request to Waive Court Fees*   ☐ *Request to Waive Additional Court Fees*
**the court makes the following orders:**

a. ☑ The court **grant**s your request, as follows:

(1) ☑ **Fee Waiver.** The court grants your request and waives your court fees and costs listed below. (*Cal. Rules of Court, rules 3.55 and 8.818.*) You do not have to pay the court fees for the following:

• Filing papers in superior court
• Making copies and certifying copies
• Sheriff's fee to give notice
• Court fee for phone hearing
• Giving notice and certificates
• Sending papers to another court department
• Reporter's fee for attendance at hearing or trial, if the court is not electronically recording the proceeding and you request that the court provide an official reporter
• Assessment for court investigations under Probate Code section 1513, 1826, or 1851
• Preparing, certifying, copying, and sending the clerk's transcript on appeal
• Holding in trust the deposit for a reporter's transcript on appeal under rule 8.130 or 8.834
• Making a transcript or copy of an official electronic recording under rule 8.835

(2) ☐ **Additional Fee Waiver.** The court grants your request and waives your additional superior court fees and costs that are checked below. (*Cal. Rules of Court, rule 3.56.*) You do not have to pay for the checked items.

☐ Jury fees and expenses
☐ Fees for court-appointed experts
☐ Other  (*specify*):
☐ Fees for a peace officer to testify in court
☐ Court-appointed interpreter fees for a witness

Judicial Council of California, *www.courts.ca.gov*
Revised September 1, 2019, Mandatory Form
Government Code, § 68634(e)
Cal. Rules of Court, rule 3.52

**Order on Court Fee Waiver (Superior Court)**

Your name:    LUNA DSOL

Case Number:
CVPS2601396

b. ☐ The court **denies** your fee waiver request because:

> **Warning!** If you miss the deadline below, the court cannot process your request for hearing or the court papers you filed with your original request. If the papers were a notice of appeal, the appeal may be dismissed.

(1)  Your request is incomplete. You have **10 days** after the clerk gives notice of this Order (see date of service ☐ on next page) to:

• Pay your fees and costs, or

• File a new revised request that includes the incomplete items listed:
☐ Below    ☐ On Attachment 4b(1)

_____
_____
_____
_____

(2) ☐  The information you provided on the request shows that you are not eligible for the fee waiver you requested for the reasons stated: ☐ Below    ☐ On Attachment 4b(2)

_____
_____
_____
_____
_____

The court has enclosed a blank *Request for Hearing About Court Fee Waiver Order (Superior Court)* (form FW-006).You have **10 days** after the clerk gives notice of this order (see date of service below) to:
• Pay your fees and costs in full or the amount listed in c below, or
• Ask for a hearing in order to show the court more information. *(Use form FW-006 to request hearing.)*

c. (1) ☐  The court needs more information to decide whether to grant your request. You must go to court on the date on page 3. The hearing will be about the questions regarding your eligibility that are stated:
☐ Below    ☐ On Attachment 4c(1)

_____
_____
_____
_____
_____

(2) ☐   Bring the items of proof to support your request, if reasonably available, that are listed:
☐ Below    ☐ On Attachment 4c(2)

_____
_____
_____
_____
_____
_____
_____

**This is a Court Order.**

Rev. September 1, 2019

**Order on Court Fee Waiver (Superior Court)**

**FW-003,** Page 2 of 3

| Your name: LUNA DSOL | Case Number: CVPS2601396 |
|---|---|

**Hearing Date** → Date: _____ Time: _____

Dept.: _____ Room: _____

Name and address of court if different from above:

_____

3255 E. Tahquitz Canyon Way,  Palm Springs, C

_____

---

**Warning!** If item c(1) is checked, and you do not go to court on your hearing date, the judge will deny your request to waive court fees, and you will have 10 days to pay your fees. If you miss that deadline, the court cannot process the court papers you filed with your request. If the papers were a notice of appeal, the appeal may be dismissed.

Date: 03/06/2026

_____

Signature of (check one):  ☐ Judicial Officer  ☑ Clerk, Deputy

## Request for Accommodations



Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the hearing. Contact the clerk's office for *Request for Accommodations by Persons With Disabilities and Response* (form MC-410). (Civ. Code, § 54.8.)

## Clerk's Certificate of Service

I certify that I am not involved in this case and *(check one):*

☐ I handed a copy of this Order to the party and attorney, if any, listed in ① and ②, at the court, on the date below.

☐ This order was mailed first class, postage paid, to the party and attorney, if any, at the addresses listed in ① and ②, from *(city):* Palm Springs , California, on the date below.

   ☐ A certificate of mailing is attached.

Date: 03/06/2026

Jason B. Galkin, Executive Officer/Clerk

Clerk, by Victoria Lopez _____ , Deputy

Name: _____

**This is a Court Order.**

**CLERK'S CERTIFICATE OF ELECTRONIC SERVICE**

I certify that I am not a party to this cause and that the document: Order on Court Fee Waiver (FW-003) - Granted by Clerk, has been transmitted electronically by the Riverside Superior Court to the Palm Springs, CA electronic service provider that submitted the transaction.  The transmission originated from the Riverside Superior Court on 03/06/2026 at 10:17:16 AM PST. This electronically transmitted document(s) is in accordance with California Rule of Court, rule 2.251.  The list of electronically served recipients are listed below:

Party:
LUNA DSOL

# TAB 11

Case 5:26-cv-03535-JGB-SP    Document 1-4    Filed 06/25/26    Page 67 of 166    Page ID #:143

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
www.riverside.courts.ca.gov

**Case Number:**    CVPS2601396

**Case Name:**    DSOL vs BANK OF AMERICA N.A.

LUNA DSOL
2275 E BELDING DR
2275 E BELDING DR
PALM SPRINGS, CA 92262

## NOTICE OF HEARING
### (Civil)

Notice is hereby given that the above entitled case has been scheduled for: Ex Parte Hearing re: FOR TEMPORARY SEALING ORDER PURSUANT TO CALIFORNIA RULES OF COURT, RULES 2.550–2.551  by LUNA DSOL on 03/20/2026 at 8:30 AM.  The party requesting the hearing (moving party) shall serve a copy of this notice to all named parties in this case.

| Date | Time | Department |
|------|------|------------|
| **03/20/2026** | **8:30 AM** | **Department PS2** |
| Location of Hearing: **3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262** | | |

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-644-5616 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

For more information on the court's response to the Coronavirus, go to www.riverside.courts.ca.gov and click on the red COVID-19 banner.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

(Rev. 03/02/22)

CERTIFICATE OF ELECTRONIC SERVICE

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with electronic transmittal of documents. I certify that I served electronically the **Notice of Hearing** on this date to the party(ies) listed above.


Dated: 03/19/2026                                          JASON B. GALKIN,
                                                           Court Executive Officer/Clerk of the Court


                                                           by: _____
                                                               G. Hernandez, Deputy Clerk

CI-NOHCVEF (eFiling)
(Rev. 07/08/25)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
www.riverside.courts.ca.gov

**Case Number:**   CVPS2601396

**Case Name:**   DSOL vs BANK OF AMERICA N.A.

BANK OF AMERICA N.A.

## NOTICE OF HEARING
### (Civil)

Notice is hereby given that the above entitled case has been scheduled for: Ex Parte Hearing re: FOR TEMPORARY SEALING ORDER PURSUANT TO CALIFORNIA RULES OF COURT, RULES 2.550–2.551  by LUNA DSOL on 03/20/2026 at 8:30 AM.  The party requesting the hearing (moving party) shall serve a copy of this notice to all named parties in this case.

| Date | Time | Department |
|---|---|---|
| **03/20/2026** | **8:30 AM** | **Department PS2** |
| Location of Hearing: <br> **3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262** | | |

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-644-5616 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

For more information on the court's response to the Coronavirus, go to www.riverside.courts.ca.gov and click on the red COVID-19 banner.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

CERTIFICATE OF ELECTRONIC SERVICE

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with electronic transmittal of documents. I certify that I served electronically the **Notice of Hearing** on this date to the party(ies) listed above.

Dated: 03/19/2026

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: _G. Hernandez_____

G. Hernandez, Deputy Clerk

CI-NOHCVEF (eFiling)
(Rev. 07/08/25)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
www.riverside.courts.ca.gov

**Case Number:**    CVPS2601396

**Case Name:**    DSOL vs BANK OF AMERICA N.A.

BANK OF AMERICA CORPORATION

## NOTICE OF HEARING
**(Civil)**

Notice is hereby given that the above entitled case has been scheduled for: Ex Parte Hearing re: FOR TEMPORARY SEALING ORDER PURSUANT TO CALIFORNIA RULES OF COURT, RULES 2.550–2.551  by LUNA DSOL on 03/20/2026 at 8:30 AM.  The party requesting the hearing (moving party) shall serve a copy of this notice to all named parties in this case.

| Date | Time | Department |
|------|------|------------|
| **03/20/2026** | **8:30 AM** | **Department PS2** |
| Location of Hearing: | | |
| **3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262** | | |

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-644-5616 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

For more information on the court's response to the Coronavirus, go to www.riverside.courts.ca.gov and click on the red COVID-19 banner.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

CI-NOHCVEF (eFiling)
(Rev. 03/02/22)

CERTIFICATE OF ELECTRONIC SERVICE

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with electronic transmittal of documents. I certify that I served electronically the **Notice of Hearing** on this date to the party(ies) listed above.

Dated: 03/19/2026

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: _G. Hernandez_

_____

G. Hernandez, Deputy Clerk

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
www.riverside.courts.ca.gov

**Case Number:**    CVPS2601396

**Case Name:**    DSOL vs BANK OF AMERICA N.A.

TRICIA SHANKS

## NOTICE OF HEARING
### (Civil)

Notice is hereby given that the above entitled case has been scheduled for: Ex Parte Hearing re: FOR TEMPORARY SEALING ORDER PURSUANT TO CALIFORNIA RULES OF COURT, RULES 2.550–2.551  by LUNA DSOL on 03/20/2026 at 8:30 AM.  The party requesting the hearing (moving party) shall serve a copy of this notice to all named parties in this case.

| Date | Time | Department |
|---|---|---|
| **03/20/2026** | **8:30 AM** | **Department PS2** |

| Location of Hearing: |
|---|
| **3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262** |

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-644-5616 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

For more information on the court's response to the Coronavirus, go to www.riverside.courts.ca.gov and click on the red COVID-19 banner.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

CI-NOHCVEF (eFiling)
(Rev. 03/02/22)

CERTIFICATE OF ELECTRONIC SERVICE

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with electronic transmittal of documents. I certify that I served electronically the **Notice of Hearing** on this date to the party(ies) listed above.

Dated: 03/19/2026

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: _____
        G. Hernandez, Deputy Clerk

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
www.riverside.courts.ca.gov

**Case Number:**    CVPS2601396

**Case Name:**    DSOL vs BANK OF AMERICA N.A.

PETER MAXIM

## NOTICE OF HEARING
### (Civil)

Notice is hereby given that the above entitled case has been scheduled for: Ex Parte Hearing re: FOR TEMPORARY SEALING ORDER PURSUANT TO CALIFORNIA RULES OF COURT, RULES 2.550–2.551  by LUNA DSOL on 03/20/2026 at 8:30 AM.  The party requesting the hearing (moving party) shall serve a copy of this notice to all named parties in this case.

| Date | Time | Department |
|------|------|------------|
| **03/20/2026** | **8:30 AM** | **Department PS2** |
| Location of Hearing: | | |
| **3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262** | | |

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-644-5616 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

For more information on the court's response to the Coronavirus, go to www.riverside.courts.ca.gov and click on the red COVID-19 banner.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

CI-NOHCVEF (eFiling)
(Rev. 03/02/22)

CERTIFICATE OF ELECTRONIC SERVICE

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with electronic transmittal of documents. I certify that I served electronically the **Notice of Hearing** on this date to the party(ies) listed above.

Dated: 03/19/2026

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: _____

G. Hernandez, Deputy Clerk

CI-NOHCVEF (eFiling)
(Rev. 07/08/25)

Notice has been printed for the following Firm/Attorneys or Parties: CVPS2601396


DSOL, LUNA                                    BANK OF AMERICA N.A.
2275 E BELDING DR
2275 E BELDING DR
PALM SPRINGS, CA 92262                        SHANKS, TRICIA


BANK OF AMERICA CORPORATION


MAXIM, PETER

---

# TAB 12

Electronically FILED by Superior Court of California, County of Riverside on 03/19/2026 09:50 AM
Case Number CVPS2601396 0000161216019 - Jason B. Galkin, Executive Officer/Clerk of the Court By Gloria Hernandez, Clerk

**Luna D'Sol**

Plaintiff, In Pro Per

Email Address: jravada@icloud.com

2275 E Belding Dr

Palm Springs CA 92262

Telephone: 213-925-4069

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF RIVERSIDE

| | |
|---|---|
| LUNA D'SOL | ) |
|        Plaintiff, | ) Case No:  CVPS2601396 |
|        vs. | )      **EX PARTE APPLICATION FOR** |
| BANK OF AMERICA, N.A.; | )      **TEMPORARY SEALING ORDER** |
| BANK OF AMERICA CORPORATION; | )    **PURSUANT TO CALIFORNIA RULES OF** |
| TRICIA SHANKS, an individual; | )      **COURT, RULES 2.550–2.551;** |
| PETER C MAXIM, an individual; and | ) |
| DOES 1 through 50,inclusive, | ) Hon: Manuel Bustamante |
| | ) Dept. PS2 |
|        Defendants. | ) Hearing Date: March 20th, 2026 at 8:30 am |
| | ) |
| | ) |

NOTICE OF EX PARTE APPLICATION

Plaintiff Luna D'Sol hereby applies ex parte for a temporary sealing order.

No defendant has yet been served in this action. Accordingly, there are no appearing parties to whom notice can be provided at this time. Plaintiff will provide notice promptly upon service and will bring a noticed motion for permanent sealing.

EX PARTE APPLICATION FOR TEMPORARY SEALING ORDER
PURSUANT TO CALIFORNIA RULES OF COURT, RULES 2.550–2.551;

**RELIEF REQUESTED**

Plaintiff respectfully requests that the Court:

   **a.**  Order that the unredacted Complaint be lodged and maintained under seal;

   **b.**  Permit Plaintiff to file a redacted version of the Complaint for the public record;

   **c.**  Direct that the sealed material remain non-public pending determination of Plaintiff's noticed motion for a permanent sealing order.

**BASIS FOR EX PARTE REQUEST**

      **Ex Parte Relief Is Appropriate** where immediate action is necessary to prevent irreparable harm before a noticed motion can be heard. (See Cal. Rules of Court, rule 3.1202(c).) Here, once sensitive medical and identity-related information is publicly filed, the harm cannot be undone. Temporary sealing preserves the status quo while allowing the Court to consider the matter through regular noticed proceedings.

      This request is made because certain information included in the Complaint involves highly sensitive medical and personal matters that are not publicly known and that, if disclosed, would be difficult to meaningfully protect after the fact. Plaintiff does not ask for this relief lightly. She recognizes that courts are public institutions and that open access to court records serves important social purposes. She asks for nothing more than what the law specifically contemplates for circumstances like hers.

**1.    HIV-Related Information**

      The Complaint includes references to Plaintiff's HIV status in connection with her claims. This is not a peripheral detail. Plaintiff received an HIV diagnosis in March 2025 — during the same period in which Defendants initiated termination proceedings against her while she was on approved medical leave. Her employer-sponsored health insurance was subsequently cut off, directly interrupting access to antiretroviral therapy, hormone treatment, and psychiatric care. The connection between Defendants' conduct and Plaintiff's current medical vulnerability is not incidental to this case; it is integral to it.

      California law provides strong and specific protections for information of this nature. Health and Safety Code section 120980 prohibits the unauthorized disclosure of HIV-related test results and diagnoses. Civil Code section 56.10, part of the Confidentiality of Medical Information Act, independently prohibits disclosure of medical information without written authorization. These statutes reflect a

EX PARTE APPLICATION FOR TEMPORARY SEALING ORDER
PURSUANT TO CALIFORNIA RULES OF COURT, RULES 2.550–2.551;

considered legislative judgment that forced disclosure of HIV status causes real and lasting harm — social, professional, and personal — that ordinary privacy protections do not always adequately address.

Plaintiff has not disclosed her HIV status publicly. She is concerned that once this information appears in a publicly accessible court record, it may become permanently available through electronic docketing systems and third-party legal databases in ways that cannot later be meaningfully corrected.

**2.    Gender Identity and Transition-Related Information**

The Complaint also includes details regarding Plaintiff's gender identity and her ongoing transition, including:

**a.** her hormone therapy and the involuntary interruption of that treatment following the loss of health insurance;

**b.** her ongoing transition status and the absence of completed gender-affirming care;

**c.** related medical and psychological treatment she is currently receiving;

**d.** the physical and emotional consequences of being forced to pause her transition mid-course.

Plaintiff is a transgender woman. She has a court order legally changing her name and gender, and she lives as a woman. Her transition, however, is not complete. She is still in the process of transitioning medically. She has not undergone gender-affirming surgery. She is receiving psychiatric treatment. She has not yet come out publicly in all aspects of her life.

Coming out as transgender is not a single moment. It is a process that each person navigates on her own terms, on her own timeline, with the people she chooses, when she feels ready. The involuntary interruption of Plaintiff's hormone therapy caused documented physical and psychological destabilization that continues to affect her. She is, in the most direct sense, still in the middle of a medical and personal process that public exposure at this stage would harm further.

These matters are deeply personal and have not been publicly disclosed. Plaintiff is not asking this Court to protect her from accountability. She is asking to retain the right to share the most intimate details of her own body and identity — details that California law specifically protects — on her own terms, when she is ready, rather than having them placed permanently in the public record before she has had any opportunity to do so herself.

///

EX PARTE APPLICATION FOR TEMPORARY SEALING ORDER
PURSUANT TO CALIFORNIA RULES OF COURT, RULES 2.550–2.551;

**3.        Risk of Irreversible Disclosure**

Court filings in California are routinely made accessible through electronic docketing systems and are often indexed by third-party legal services within days of filing. Once sensitive information of this nature becomes publicly available, it may be very difficult — and in some cases impossible — to fully remove or contain.

Plaintiff is not asking this Court to permanently foreclose public access. She is asking only for time — time to bring a properly noticed motion with full briefing, so that the matter may be considered carefully and without the risk of disclosure that cannot later be reversed. A temporary sealing order preserves the status quo. Denial of even temporary protection, by contrast, risks consequences that may not be fully remedied by later court action.

**4.        Procedural Posture**

No defendant has been served at this time. There is accordingly no party whose right of access to the record or whose ability to respond to the claims would be affected by temporary relief while the Court considers the broader motion. Plaintiff will provide notice to Defendants and will file a fully noticed motion for a permanent, narrowly tailored sealing order promptly upon service.

**5.         Narrow Scope of Request**

Plaintiff is not seeking to seal the Complaint in its entirety, nor to proceed anonymously. The identity of the parties, the nature of the claims, the causes of action, and the substantive factual allegations will remain fully visible in the public record. Plaintiff seeks only the limited protection of specific medical and identity-related details — her HIV status, her transition-related treatment history, and the personal medical information described above — that are not necessary for the public to access in order to understand the nature of this litigation.

California Rules of Court, Rule 2.550(d), permits a court to order a record sealed upon finding that an overriding interest supports sealing, that a substantial probability exists that the interest will be prejudiced absent sealing, that the sealing is narrowly tailored, and that no less restrictive means exist to achieve the overriding interest. California courts have recognized privacy interests in sensitive medical information, including HIV status and gender-related medical care, as qualifying overriding interests

- 4 -
EX PARTE APPLICATION FOR TEMPORARY SEALING ORDER
PURSUANT TO CALIFORNIA RULES OF COURT, RULES 2.550–2.551;

under this standard. (See NBC Subsidiary (KNBC-TV), Inc. v. Superior Court (1999) 20 Cal.4th 1178; Cal. Const., art. I, § 1; Health & Saf. Code, § 120980; Civ. Code, § 56.10.)

**6.        Request for Interim Relief**

Plaintiff respectfully requests that the Court allow the limited portions of the Complaint described above to remain under seal on a temporary basis, so that the issues may be considered through a properly noticed motion without risk of disclosure that cannot later be reversed.

Plaintiff understands that this Court's calendar is full and that sealing requests require careful attention. She does not ask for special treatment. She asks only to be heard — fully, properly, and on the record — before information that cannot be unspoken is permanently placed in the public domain.

Respectfully submitted

Dated March 19th, 2026                              by _____

**Luna D'Sol**

Plaintiff, In Pro Per

Email Address: jravada@icloud.com

2275 E Belding Dr

Palm Springs CA 92262

Telephone: 213-925-4069.

EX PARTE APPLICATION FOR TEMPORARY SEALING ORDER
PURSUANT TO CALIFORNIA RULES OF COURT, RULES 2.550–2.551;

# TAB 13

Electronically FILED by Superior Court of California, County of Riverside on 03/19/2026 09:50 AM
Case Number CVPS2601396 0000161216020 - Jason B. Galkin, Executive Officer/Clerk of the Court By Gloria Hernandez, Clerk

**Luna D'Sol**

Plaintiff, In Pro Per

Email Address: jravada@icloud.com

2275 E Belding Dr

Palm Springs CA 92262

Telephone: 213-925-4069

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF RIVERSIDE

| | |
|---|---|
| LUNA D'SOL | ) |
|      Plaintiff, | ) Case No: CVPS2601396 |
|      vs. | ) **APPLICATION TO FILE DOCUMENT** |
| BANK OF AMERICA, N.A.; | ) **UNDER SEAL** |
| BANK OF AMERICA CORPORATION; | ) Hon: Manuel Bustamante |
| TRICIA SHANKS, an individual; | ) Dept. PS2 |
| PETER C MAXIM, an individual; and | ) |
| DOES 1 through 50,inclusive, | ) |
| | ) |
|      Defendants. | ) |

Plaintiff Luna D'Sol, appearing in propria persona, respectfully applies for an order permitting the filing of the unredacted version of the Complaint in this action under seal, pursuant to California Rules of Court, rules 2.550 and 2.551.

### DOCUMENT PROPOSED TO BE FILED UNDER SEAL

The document proposed to be filed under seal is:

- **Complaint for Damages and Equitable Relief — Unredacted Version**

- 1 -

APPLICATION TO FILE DOCUMENT UNDER SEAL

A public redacted version of the Complaint has been filed concurrently. The unredacted version is identical in all respects except that it contains the specific medical and identity-related information described below, which has been replaced in the public version with the notation "[REDACTED — FILED UNDER SEAL]."

## INFORMATION PROPOSED TO BE SEALED

The information proposed to be maintained under seal falls into the following categories:

    **a.** Plaintiff's HIV-related medical information, including the timing of her diagnosis and its relationship to the termination of her medical coverage;

    **b.** Plaintiff's transition-related medical care, including references to the interruption of hormone therapy and the physical and medical consequences of that interruption;

    **c.** Plaintiff's psychiatric treatment and related medical condition details.

## LEGAL BASIS

California Rules of Court, rule 2.550(d), permits a court to order a record sealed upon finding that: (1) an overriding interest exists that overcomes the right of public access; (2) the overriding interest supports sealing; (3) a substantial probability exists that the overriding interest will be prejudiced absent sealing; (4) the proposed sealing is narrowly tailored; and (5) no less restrictive means exist.

Each of these findings is established by Plaintiff's concurrently filed Ex Parte Application for Temporary Sealing Order and the accompanying Memorandum of Points and Authorities and Declaration, which are incorporated herein by reference. In summary:

    **1.** An overriding interest exists. Plaintiff's HIV status is specifically protected from unauthorized disclosure by Health and Safety Code section 120980 and Civil Code section 56.10. Her transition-related medical care and psychiatric treatment implicate the constitutional right to privacy under California Constitution, article I, section 1. These are overriding interests within the meaning of rule 2.550(d).

    **2.** A substantial probability of prejudice exists. Electronic court records are accessible through public docketing systems and may be indexed by third-party databases. Once this information is publicly disclosed, it cannot be recalled.

APPLICATION TO FILE DOCUMENT UNDER SEAL

3. The proposed sealing is narrowly tailored. Only specific medical and identity-related details are proposed for sealing. The identities of the parties, all causes of action, all factual allegations, and the full substance of the claims remain publicly accessible in the redacted version filed concurrently.

4. No less restrictive means exist. The filing of a public redacted version alongside a sealed unredacted version is the least restrictive means available to protect the identified interests while preserving public access to the substance of the litigation.

## COMPLIANCE WITH RULE 2.551

In compliance with California Rules of Court, rule 2.551, Plaintiff has:

a. Lodged the unredacted version of the Complaint with the Court for in camera review;

b. Filed a public redacted version of the Complaint with the Court Clerk for inclusion in the public record;

c. Submitted this Application concurrently with the Ex Parte Application for Temporary Sealing Order.

## REQUEST

Plaintiff respectfully requests that the Court issue an order:

1. Permitting the unredacted version of the Complaint to be filed and maintained under seal pending the Court's ruling on the Ex Parte Application for Temporary Sealing Order and, thereafter, pending the Court's ruling on Plaintiff's motion for a permanent, narrowly tailored sealing order;

2. Directing the Court Clerk to maintain the unredacted version of the Complaint under seal and to make it available only to the Court and to parties upon appearance; and

3. Accepting the concurrently filed public redacted version of the Complaint as the publicly accessible version of the pleading.

Respectfully submitted,

Dated March 19th, 2026

/s/ Luna D'Sol

Luna D'Sol

Plaintiff, In Propria Persona

- 3 -

APPLICATION TO FILE DOCUMENT UNDER SEAL

# TAB 14

Case Number CVPS2601396 0000161216022 - Jason Galkin Executive Officer/Clerk of the Court By Gloria Hernandez, Clerk

**Luna D'Sol**

Plaintiff, In Pro Per

Email Address: jravada@icloud.com

2275 E Belding Dr

Palm Springs CA 92262

Telephone: 213-925-4069

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF RIVERSIDE

| | |
|---|---|
| LUNA D'SOL | ) |
|     Plaintiff, | ) Case No:  CVPS2601396 |
|     vs. | )    **MEMORANDUM OF POINTS AND** |
| BANK OF AMERICA, N.A.; | )       **AUTHORITIES** |
| BANK OF AMERICA CORPORATION; | ) |
| TRICIA SHANKS, an individual; | ) Hon: Manuel Bustamante |
| PETER C MAXIM, an individual; and | ) Dept. PS2 |
| DOES 1 through 50,inclusive, | ) Hearing Date: March 20th, 2026 at 8:30 am |
| | ) |
|     Defendants. | ) |

**I.**

## LEGAL STANDARD

California Rules of Court, Rule 2.550(d), provides that a court may order a record sealed upon an express finding that: (1) an overriding interest exists that overcomes the right of public access; (2) the overriding interest supports sealing; (3) a substantial probability exists that the overriding interest will be prejudiced if the record is not sealed; (4) the proposed sealing is narrowly tailored; and (5) no less restrictive means exist to achieve the overriding interest.

MEMORANDUM OF POINTS AND AUTHORITIES

The California Constitution expressly guarantees the right of privacy as an inalienable right. (Cal. Const., art. I, § 1.) Courts have consistently recognized that sensitive medical information constitutes a privacy interest that can, in appropriate circumstances, qualify as an overriding interest under the sealing standard. The Legislature has specifically identified HIV status as among the most protected categories of medical information in the state. (Health & Saf. Code, § 120980.) The Confidentiality of Medical Information Act independently protects medical information from disclosure without written authorization. (Civ. Code, § 56.10.)

## II

## THE REQUIREMENTS OF RULE 2.550(d) ARE SATISFIED

### A.      An Overriding Interest Exists and Supports Sealing.

Plaintiff's HIV status and her ongoing gender transition involve sensitive medical and identity information protected both by statute and by the California Constitution. The Legislature's specific enumeration of HIV status as a protected category reflects a determination that forced disclosure of this information causes harm that ordinary remedies cannot adequately address. The constitutional right to privacy encompasses the right to control disclosure of one's own medical condition and one's own gender identity. These interests not only qualify as overriding interests within the meaning of Rule 2.550(d), but directly support the limited sealing requested here.

### B.      A Substantial Probability of Prejudice Exists.

Electronic court records in California are accessible through public-facing systems and are frequently indexed by third-party legal databases beyond the Court's control. There is a substantial probability that an unsealed filing will result in permanent, irreversible public disclosure of information that California law specifically protects — and there is a substantial risk that the effects of disclosure would not be fully remediable by later court order.

### C.      The Request Is Narrowly Tailored.

Plaintiff does not seek to seal the entire record. She seeks the protection of only those specific details that constitute sensitive medical and identity information: her HIV status, her transition-related treatment history, and related personal medical details. All parties, all claims, all causes of action, and all

MEMORANDUM OF POINTS AND AUTHORITIES

substantive factual allegations will remain publicly accessible. This is the least restrictive means available to protect the interests at stake.

There is no less restrictive means available to protect these interests, as redaction of the specific information at issue is the minimum intervention necessary to prevent disclosure.

**III**

**<u>CONCLUSION</u>**

For the foregoing reasons, Plaintiff respectfully requests that the Court issue a temporary sealing order directing the Court Clerk to maintain under seal those limited portions of the Complaint that reference Plaintiff's HIV status, gender identity, and transition-related medical care, pending the filing and hearing of a fully noticed motion for a permanent sealing order.

Plaintiff does not seek to obstruct public access to this litigation. She seeks only limited protection of sensitive medical and personal information while the Court considers a properly noticed motion. The requested relief preserves the status quo and allows the Court to address the issue without risk of disclosure that may not be fully remedied later.

Respectfully submitted,

Dated: March 19th, 2026

/s/ Luna D'Sol

Luna D'Sol

Plaintiff, In Propria Persona

2275 E. Belding Drive

Palm Springs, California 92262

Telephone: (415) 370-9669

Email: jravada@icloud.com

– 3 –

MEMORANDUM OF POINTS AND AUTHORITIES

# TAB 15

Electronically FILED by Superior Court of California, County of Riverside on 03/19/2026 09:50 AM
Case Number CVPS2601396 0000161216021 - Jason B. Galkin, Executive Officer/Clerk of the Court By Gloria Hernandez, Clerk

**Luna D'Sol**

Plaintiff, In Pro Per

Email Address: jravada@icloud.com

2275 E Belding Dr

Palm Springs CA 92262

Telephone: 213-925-4069

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF RIVERSIDE

| | |
|---|---|
| LUNA D'SOL | ) |
|         Plaintiff, | ) Case No:  CVPS2601396 |
|         vs. | ) **DECLARATION OF LUNA D'SOL IN** |
| | ) **SUPPORT OF** |
| BANK OF AMERICA, N.A.; | ) **MOTION FOR PERMANENT PARTIAL** |
| BANK OF AMERICA CORPORATION; | ) **SEALING ORDER** |
| TRICIA SHANKS, an individual; | ) |
| PETER C MAXIM, an individual; and | ) Hon: Manuel Bustamante |
| DOES 1 through 50 inclusive, | ) Dept. PS2 |
|         Defendants. | ) Hearing: Friday March 20th 2026 at 8:30 am |
| | ) |
| | ) |

I, Luna D'Sol, declare as follows:

1.      I am the Plaintiff in this action. I am appearing in propria persona. I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would testify competently to their truth.

2.      I am a transgender woman. On September 11, 2025, The Superior Court of California, County of Riverside Case No CVPS2503815 granted changing my name and gender. I am currently in the process of transitioning medically. I am receiving hormone therapy as part of that transition, and I am receiving psychiatric treatment. I have not undergone gender-affirming surgery. My transition is ongoing.

DECLARATION OF LUNA D'SOL IN SUPPORT OF
MOTION FOR PERMANENT PARTIAL SEALING ORDER

3.      I have not come out publicly as transgender in all areas of my life. Coming out is a process I am navigating on my own terms and on my own timeline. The appearance of details about my gender identity and my transition in a publicly accessible court record would take from me the ability to make that choice for myself.

4.      In March 2025, I received a diagnosis of HIV. I have not disclosed this publicly. I am asking this Court to appreciate what it means — for any person — to have information of this nature placed permanently in a public record before she has had the chance to process it, to share it with the people she trusts, or to prepare for what comes next.

5.      When my employment was terminated and my medical coverage was cut off, I was forced to interrupt my hormone therapy involuntarily. That interruption caused real physical and emotional harm that I am still addressing. I am now back in a hormone therapy program. I remain in psychiatric care. My transition is not complete, and I am managing a serious medical diagnosis that I received during one of the most difficult periods of my life.

6.      I previously worked in the private banking sector at Bank of America, where professional reputation and discretion are critical. Information relating to my employment and its termination is not publicly known. In the financial services industry, even incomplete or out-of-context disclosures can have lasting professional consequences. Public dissemination of these details through court records creates a substantial risk of misinterpretation that could materially impact my ability to secure future employment and maintain professional credibility. This risk is not speculative; it reflects the practical realities of how employment history is evaluated in this field.

7.      I am not asking this Court to hide this case from the public. I am not asking to conceal my identity or my claims. I am asking only that the most private medical details of my life — my HIV status, the details of my transition, and the specifics of my psychiatric care — not be placed in a permanent, searchable public record while I am still in the middle of a medical process that those disclosures would directly affect.

8.      I understand that filing a lawsuit involves public disclosure. I am not seeking to avoid that. I am requesting protection only for specific medical and identity-related information that I believe is entitled to confidentiality under California law, while allowing all other aspects of this case to proceed openly.

DECLARATION OF LUNA D'SOL IN SUPPORT OF
MOTION FOR PERMANENT PARTIAL SEALING ORDER

**9.** I understand that courts are public institutions. I am not asking for special treatment. I am asking for the specific, limited protection that the law makes available, applied as narrowly as possible to the specific information that is at issue.

**10.** If this motion is denied, I will accept that outcome. But I ask for the chance to be heard, and to have the Court consider — carefully and fully — whether the harm I have described is the kind of harm that California law is designed to prevent.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 19th, 2026, at Palm Springs, California.

_/s/ Luna D'Sol_

Luna D'Sol

Declarant and Plaintiff in Pro Per

- 3 -

DECLARATION OF LUNA D'SOL IN SUPPORT OF
MOTION FOR PERMANENT PARTIAL SEALING ORDER

# TAB 16

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
www.riverside.courts.ca.gov

**Case Number:**    CVPS2601396

**Case Name:**    DSOL vs BANK OF AMERICA N.A.

LUNA DSOL
2275 E BELDING DR
2275 E BELDING DR
PALM SPRINGS, CA 92262

## NOTICE OF RETURN DOCUMENT

The court is unable to process the *Ex Parte* for the reason(s) indicated below:

Today is March 20, 2026, Ex parte is Untimely, Reserve date for Tuesday 3-24-2026 on court's website. Confidential documents are not accepted via efiling, you need file in person at the Palm Springs Courthouse Civil Department.

### CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the foregoing notice on this date, by depositing said copy as stated above.

Dated: 03/20/2026

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: *G.Hernandez*
_____
G. Hernandez, Deputy Clerk

CW-NDR
(Rev. 10/07/21)

# TAB 17

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Palm Springs Courthouse
Ex Parte Hearing re: FOR TEMPORARY SEALING ORDER PURSUANT TO CALIFORNIA RULES OF COURT, RULES 2.550–2.551  by LUNA DSOL

03/20/2026
8:30 AM
Department PS2

**CVPS2601396**
**DSOL vs BANK OF AMERICA N.A.**

Honorable Manuel Bustamante, Judge
C. Martinez, Courtroom Assistant
Court Reporter: None

**APPEARANCES:**
DSOL, LUNA [PLA] Represented by in Pro/Per appearing remotely in Court.

This matter is being live streamed for public access.
At 09:41 AM, the following proceedings were held:
Ex Parte for Temporary Sealing Order Pursuant to California Rules of Court Rules 2.550-2.551 by Lunda Dsol is called for hearing
Court has read and considered Ex Parte Application.
Argument presented by Plaintiff.
Court makes the following order(s):
Ex Parte for Temporary Sealing Order Pursuant to California Rules of Court Rules 2.550-2.551 by Lunda Dsol denied.
Formal order signed in court.

# TAB 18

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
www.riverside.courts.ca.gov

|  | FOR COURT USE ONLY<br>**FILED**<br>Superior Court of California<br>County of Riverside<br>03/20/2026<br>C Martinez |
|---|---|
| DSOL vs BANK OF AMERICA N.A. | CASE NUMBER:<br>CVPS2601396 |

### NOTICE OF COURT'S RULING

On 03/20/2026 the court was presented with Denied Order Granting Ex Parte Application for Temporary Sealing Order Pursuant to California Rules of Court, Rules 2.550-2.551 on Complaint for Wrongful Termination (Over $35,000) of LUNA DSOL.  After review, the court has denied the request and issued the following ruling:

Denied without prejudice. Please submit proposed redacted complaint and proposed redactions specified as required by the CRC regarding redacting/sealing of documents..

Dated:  03/20/2026

_____
(JUDICIAL OFFICER)
*Manuel Bustamante*

To:    LUNA DSOL
       2275 E BELDING DR
       2275 E BELDING DR
       PALM SPRINGS, CA 92262

CI-NCREF (eFiling)
(Rev. 07/01/25)                    **NOTICE OF COURT'S RULING**

Notice has been printed for the following Firm/Attorneys or Parties: CVPS2601396


DSOL, LUNA
2275 E BELDING DR
2275 E BELDING DR
PALM SPRINGS, CA 92262

# TAB 19

Electronically FILED by Superior Court of California, County of Riverside on 03/23/2026 01:29 PM
Case Number CVPS2601396 0000161568807 - Jason B. Galkin, Executive Officer/Clerk of the Court By Angela Skelton, Clerk

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | *FOR COURT USE ONLY* |
|---|---|
| Luna D'Sol<br>2275 E Belding Dr<br>Palm Springs, CA 92262<br>TELEPHONE NO: 213-925-4069      FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: jravada@icloud.com<br>ATTORNEY FOR *(Name)*: In Pro Per | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Riverside
   STREET ADDRESS:  3255 E. Tahquitz Canyon Way
   MAILING ADDRESS:
   CITY AND ZIP CODE:   Palm Springs, 92262-6996
   BRANCH NAME:   Riverside-Palm Springs Courthouse

| PLAINTIFF / PETITIONER:   LUNA D'SOL | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:   BANK OF AMERICA, N.A., et al. | CVPS2601396 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>15424707 (27699461) |
|---|---|

*(Separate proof of service is required for each party served.)*

1.   At the time of service I was at least 18 years of age and not a party to this action.
2.   I served copies of:
   a.  [X]  Summons
   b.  [X]  Complaint
   c.  [X]  Alternative Dispute Resolution (ADR) Package
   d.  [X]  Civil Case Cover Sheet *(served in complex cases only)*
   e.  [ ]  Cross-Complaint
   f.  [X]  Other *(specify documents)*:    Notice of Department Assignment , Notice of Case Management Conference , Notice of Department Assignment
3.   a.  Party served *(specify name of party as shown on documents served)*:
       TRICIA SHANKS, AS INDIVIDUAL
     b.  [ ]  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

4.   Address where the party was served:
     800 Samoset Dr. , Newark, Delaware 19713
5.   I served the party *(check proper box)*
     a.  [ ]  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:                               (2) at *(time)*:
     b.  [X]  **by substituted service.** On *(date)*:   Mon, Mar 16 2026           at *(time)*:   03:50 PM             I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:
       Cherrae Stringfield, Manager of legal operations
       (1)  [X]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
       (2)  [ ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
       (3)  [ ]  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
       (4)  [X]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
         from *(city)*:                                            or  [X]  a declaration of mailing is attached.
       (5)  [X]  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | PROOF OF SERVICE OF SUMMONS | Page 1 of 2<br>Code of Civil Procedure, § 417.10 |
|---|---|---|

| PLAINTIFF / PETITIONER:   LUNA D'SOL | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:   BANK OF AMERICA, N.A., et al. | CVPS2601396 |

5.   c.   ☐   **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)   on *(date)*:              (2)   from *(city)*:

    (3)   ☐   with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4)   ☐   to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.   ☐   **by other means** *(specify means of service and authorizing code section)*:

    ☐   Additional page describing service is attached.

6.   The "Notice to the Person Served" (on the summons) was completed as follows:

  a.   ☒   as an individual defendant.

  b.   ☐   as the person sued under the fictitious name of *(specify)*:

  c.   ☐   as occupant.

  d.   ☐   On behalf of *(specify)*:

    under the following Code of Civil Procedure section:

    ☐   416.10 (corporation)              ☐   415.95 (business organization, form unknown)

    ☐   416.20 (defunct corporation)          ☐   416.60 (minor)

    ☐   416.30 (joint stock company/association)    ☐   416.70 (ward or conservatee)

    ☐   416.40 (association or partnership)       ☐   416.90 (authorized person)

    ☐   416.50 (public entity)               ☐   415.46 (occupant)

    ☐   other:

7.   **Person who served papers**

  a.   Name:              William Bailey

  b.   Address:          5341 Old Redwood Highway, Suite 310, Petaluma, CA  94954

  c.   Telephone number:    800-938-8815

  d.   The fee for service was:   120.00

  e.   I am:

    (1)   ☒   not a registered California process server.

    (2)   ☐   exempt from registration under Business and Professions Code section 22350(b).

    (3)   ☐   a registered California process server:

      (i)   ☐ owner   ☐ employee   ☐ independent contractor

      (ii)   Registration No:

      (iii)   County:

8.   ☒   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.   ☐   I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:   March 18, 2026

William Bailey

_____
(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc. - P000634
5341 Old Redwood Highway, Suite 310
Petaluma, CA  94954
800-938-8815

_____
(SIGNATURE)

MC-031

| PLAINTIFF / PETITIONER: LUNA D'SOL | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:  BANK OF AMERICA, N.A., et al. | CVPS2601396 |

## DECLARATION OF DILIGENCE
(This form must be attached to another form or court paper before it can be filed in court.)

Party Served: TRICIA SHANKS, AS INDIVIDUAL

1) Unsuccessful Attempt: Mar 16, 2026, 3:25 pm EDT at BANK OF AMERICA: 655 Paper Mill Rd, Newark, DE 19711

   *Per Brent Snyder head of security, they are not authorized to accept any legal documents or allow access to servers to serve possible employees or to call them down to security. They also will not confirm if this individual is employed by their company.*

   *He provided another location when all legal documents are processed, but since this is for an individual he does not think they will accept at that location either. The address is 800 Samoset Dr., Newark, DE 19713. Will proceed to that location.*

2) Successful Attempt: Mar 16, 2026, 3:50 pm EDT at 800 Samoset Dr. , Newark, Delaware 19713 received by Cherrae Stringfield, Manager of legal operations . Age: 36-45; Ethnicity: African American; Gender: Female; Weight: 150-174 lbs; Height: 5'4"-5'7"; Hair: Black;

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:   March 18, 2026

William Bailey

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

☐ Attorney for   ☐ Plaintiff   ☐ Petitioner   ☐ Defendant
☐ Respondent   ☒ Other *(Specify):* Process Server

| Form Approved for Optional Use | **ATTACHED DECLARATION** | Page 1 of 1 |
|---|---|---|

Judicial Council of California
MC-031 [Rev.July 1, 2005]

MC-031

| PLAINTIFF / PETITIONER: LUNA D'SOL | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT: BANK OF AMERICA, N.A., et al. | CVPS2601396 |

## DECLARATION OF MAILING
(This form must be attached to another form or court paper before it can be filed in court.)

I am a citizen of the United States, over the age of 18 and not a party to the within action. My business address is 5341 Old Redwood Highway, Suite 310, Petaluma, CA  94954.

On 3/17/2026, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCP 4(e)(2)(B) or FRCP 4(h)(1)(B) was made (if applicable), I mailed copies of the:

Summons , Alternative Dispute Resolution Information Package, Notice of Department Assignment , Complaint , Notice of Case Management Conference , Civil Case Cover Sheet, Notice of Department Assignment

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Petaluma, CA, addressed as follows:

TRICIA SHANKS, AS INDIVIDUAL
800 Samoset Dr.
Newark, Delaware 19713.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:   3/17/2026
Kendall Holmes
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

☐ Attorney for    ☐ Plaintiff    ☐ Petitioner    ☐ Defendant
☐ Respondent    ☒ Other *(Specify):* InfoTrack US, Inc.

| Form Approved for Optional Use | ATTACHED DECLARATION | Page 1 of 1 |
|---|---|---|
| Judicial Council of California | | |
| MC-031 [Rev.July 1, 2005] | | |

# TAB 20

Electronically FILED by Superior Court of California, County of Riverside on 06/01/2026 06:00 PM
Case Number CVPS2601396 0000166102230 - Jason B. Galkin, Executive Officer/Clerk of the Court By Victoria Lopez, Clerk

**Luna D'Sol**

Plaintiff, In Pro Per

Email Address: jravada@icloud.com

2275 E Belding Dr

Palm Springs CA 92262

Telephone: 213-925-4069

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF RIVERSIDE

| | |
|---|---|
| LUNA D'SOL ) <br> Plaintiff, ) <br> vs. ) <br> BANK OF AMERICA, N.A.; BANK OF ) <br> AMERICA CORPORATION; TRICIA ) <br> SHANKS, As Individual; PETER C. MAXIM, ) <br> As Individual; and DOES 1 through 50, ) <br><br> Defendants. ) <br> ) <br> ) <br> ) <br> ) <br> _____ ) | Case No: CVPS2601396 <br><br> **PROOF OF SERVICE BY ELECTRONIC TRANSMISSION** |

I, Justin Mentzar, declare as follows:

1. I am over the age of eighteen years and not a party to the within action. I live at 2275 E Belding DR Palm Springs CA 92262, Riverside County.

2. On May 1st, 2026, I caused to be served the following documents:

   - Request for Entry of Default (Form CIV-100)
   - Declaration of non-military status

- 1 -

3.     I served the above-listed documents by electronic transmission to the email addresses listed below.

4.     On May 1, 2026, I served the following documents by placing a true and correct copy thereof enclosed in a sealed envelope with first-class postage thereon fully prepaid in the United States Mail at Palm Springs, California, addressed as follows: Morgan, Lewis & Bockius LLP 1400 Page Ml Rd, Palo Alto, CA 94304 Avenue

5.     The names, email addresses, and party representations of the persons served are as follows:

**Attorneys for Defendants** BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; TRICIA SHANKS, As Individual; PETER C. MAXIM, As Individual

> JNicole L. Antonopoulos, Esq.
> Karen Y. Cho,
> Morgan, Lewis & Bockius LLP
> Counsel of Record for All Defendants
> nicole.antonopoulos@morganlewis.com
> karen.cho@morganlewis.com

5.      The electronic transmission was sent from the email address:jravada@icloud.com.

6.     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 1st, 2026, at Palm Springs, California.

_____
Justin Mentzar
Declarant

- 2 -

# TAB 21

Electronically FILED by Superior Court of California, County of Riverside on 05/01/2026 06:00 PM
Case Number CVPS2601396 0000166102229 - Jason B. Galkin, Executive Officer/Clerk of the Court By Victoria Lopez, Clerk

**CIV-100**

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: | *FOR COURT USE ONLY* |
|---|---|---|
| NAME: LUNA D'SOL | | |
| FIRM NAME: | | |
| STREET ADDRESS: 2275 E Belding Dr | | |
| CITY: Palm Springs   STATE: CA   ZIP CODE: 92262 | | |
| TELEPHONE NO.: 213 925 4069   FAX NO.: | | |
| E-MAIL ADDRESS: jravada@icloud.com | | |
| ATTORNEY FOR (name): n/a | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside
 STREET ADDRESS: 3255 E Tahquitz Canyon Way
 MAILING ADDRESS: 3255 E Tahquitz Canyon Way
 CITY AND ZIP CODE: Palm Springs CA 92262
 BRANCH NAME: Palm Springs

Plaintiff/Petitioner: Luna D'Sol
Defendant/Respondent: Bank of America, N.A., et al.

| **REQUEST FOR** (Application) | [X] **Entry of Default**   [ ] **Clerk's Judgment** [ ] **Court Judgment** | CASE NUMBER: CVPS2601396 |
|---|---|---|

**Not for use in actions under the Fair Debt Buying Practices Act (Civ. Code, § 1788.50 et seq.)**; (see form CIV-105)

1. TO THE CLERK: On the complaint or cross-complaint filed
   a. on (date): March 4th, 2026
   b. by (name): Luna D'Sol
   c. [X] Enter default of defendant (names):
      Tricia Shanks, As An Individual

   d. [ ] I request a court judgment under Code of Civil Procedure sections 585(b), 585(c), 989, etc., against defendant (names):

      (Testimony required. Apply to the clerk for a hearing date, unless the court will enter a judgment on an affidavit under Code Civ. Proc., § 585(d).)
   e. [ ] Enter clerk's judgment
      (1) [ ] for restitution of the premises only and issue a writ of execution on the judgment. Code of Civil Procedure section 1174(c) does not apply. (Code Civ. Proc., § 1169.)
         [ ] Include in the judgment all tenants, subtenants, named claimants, and other occupants of the premises. The *Prejudgment Claim of Right to Possession* was served in compliance with Code of Civil Procedure section 415.46.
      (2) [ ] under Code of Civil Procedure section 585(a). (Complete the declaration under Code Civ. Proc., § 585.5 on the reverse (item 5).)
      (3) [ ] for default previously entered on (date):

2. **Judgment to be entered.**

| | Amount | Credits acknowledged | Balance |
|---|---|---|---|
| a. Demand of complaint . . . . . . . . . . . . . | $ | $ | $ |
| b. Statement of damages* | | | |
|    (1) Special . . . . . . . . . . . . . . . . . . . | $ | $ | $ |
|    (2) General . . . . . . . . . . . . . . . . . . . | $ | $ | $ |
| c. Interest . . . . . . . . . . . . . . . . . . . . . . | $ | $ | $ |
| d. Costs (see reverse) . . . . . . . . . . . . . | $ | $ | $ |
| e. Attorney fees . . . . . . . . . . . . . . . . . . | $ | $ | $ |
| f. **TOTALS** . . . . . . . . . . . . . . . . . . . | $ | $ | $ |

   g. **Daily damages** were demanded in complaint at the rate of: $          per day beginning (date):
   (* Personal injury or wrongful death actions; Code Civ. Proc., § 425.11.)

3. [ ] (Check if filed in an unlawful detainer case.) **Legal document assistant or unlawful detainer assistant** information is on the reverse (complete item 4).

Date: 5/1/2026

Luna D'Sol
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

| **FOR COURT USE ONLY** | (1) [X] Default entered as requested on (date): 05/01/2026 (2) [ ] Default NOT entered as requested (state reason): | |
|---|---|---|

Clerk, by _____ , Deputy

Page 1 of 3

Form Adopted for Mandatory Use
Judicial Council of California
CIV-100 [Rev. January 1, 2023]

**REQUEST FOR ENTRY OF DEFAULT**
**(Application to Enter Default)**

Code of Civil Procedure, §§ 585–587, 1169
www.courts.ca.gov

CIV-100

| Plaintiff/Petitioner: Luna D'Sol | CASE NUMBER: |
|---|---|
| Defendant/Respondent: Bank of America, N.A., et al. | CVPS2601396 |

4. **Legal document assistant or unlawful detainer assistant (Bus. & Prof. Code, § 6400 et seq.).** A legal document assistant or unlawful detainer assistant ☐ did ☐ did **not** for compensation give advice or assistance with this form. If declarant has received **any** help or advice for pay from a legal document assistant or unlawful detainer assistant, state:

   a. Assistant's name:                          c. Telephone no.:

   b. Street address, city, and zip code:        d. County of registration:

                                                 e. Registration no.:

                                                 f. Expires on (date):

5. ☐ **Declaration under Code Civ. Proc., § 585.5** (for entry of default under Code Civ. Proc., § 585(a)). This action

   a. ☐ is ☐ is not  on a contract or installment sale for goods or services subject to Civ. Code, § 1801 et seq. (Unruh Act).

   b. ☐ is ☐ is not  on a conditional sales contract subject to Civ. Code, § 2981 et seq. (Rees-Levering Motor Vehicle Sales and Finance Act).

   c. ☐ is ☐ is not  on an obligation for goods, services, loans, or extensions of credit subject to Code Civ. Proc., § 395(b).

6. **Declaration of mailing (Code Civ. Proc., § 587).** A copy of this *Request for Entry of Default* was

   a. ☐ **not mailed** to the following defendants, whose addresses are unknown to plaintiff or plaintiff's attorney (names):

   b. ☐ **mailed** first-class, postage prepaid, in a sealed envelope addressed to each defendant's attorney of record or, if none, to each defendant's last known address as follows:

      (1) Mailed on (date):                  (2) To (specify names and addresses shown on the envelopes):

I declare under penalty of perjury under the laws of the State of California that the foregoing items 4, 5, and 6 are true and correct.

Date:

_____          ►  _____
(TYPE OR PRINT NAME)                         (SIGNATURE OF DECLARANT)

7. **Memorandum of costs** (required if money judgment requested). Costs and disbursements are as follows (Code Civ. Proc., § 1033.5):

   a. Clerk's filing fees   . . . . . . . . . . . . . . . . . . . .  $
   b. Process server's fees   . . . . . . . . . . . . . . . . .  $
   c. Other (specify):                                          $
   d.                                                           $
   e. **TOTAL**  . . . . . . . . . . . . . . . . . . . . . . . . . . . .  $ _____
   f. ☐ Costs and disbursements are waived.
   g. I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing item 7 is true and correct.

Date:

_____          ►  _____
(TYPE OR PRINT NAME)                         (SIGNATURE OF DECLARANT)

CIV-100 [Rev. January 1, 2023]          **REQUEST FOR ENTRY OF DEFAULT**          Page 2 of 3
                                        **(Application to Enter Default)**

**CIV-100**

| | |
|---|---|
| Plaintiff/Petitioner: Luna D'Sol | CASE NUMBER: |
| Defendant/Respondent: Bank of America, N.A., et al. | CVPS2601396 |

8. **Declaration of nonmilitary status** *(required for a judgment)*.
No defendant/respondent named in item 1c is in the military service of the United States as defined by either the Servicemembers Civil Relief Act (see 50 U.S.C. § 3911(2)) or California Military and Veterans Code sections 400 and 402(f).

I know that no defendant/respondent named in item 1c is in the U.S. military service because *(check all that apply)*:

a. ☐ the search results that I received from *https://scra.dmdc.osd.mil/* say the defendant/respondent is not in the U.S. military service.

b. ☐ I am in regular communication with the defendant/respondent and know that they are not in the U.S. military service.

c. ☐ I recently contacted the defendant/respondent, and they told me that they are not in the U.S. military service.

d. ☐ I know that the defendant/respondent was discharged from U.S. military service on or about *(date)*:

e. ☐ the defendant/respondent is not eligible to serve in the U.S. military because they are:
   ☐ incarcerated  ☐ a business entity

f. ☒ other *(specify)*:

   Defendant's civilian employment with a private corporation is inconsistent with active military service.

---

**Note**
- U.S. military status can be checked online at *https://scra.dmdc.osd.mil/*.
- If the defendant/respondent is in the military service, or their military status is unknown, the defendant/respondent is entitled to certain rights and protections under federal and state law before a default judgment can be entered.
- For more information, see *https://selfhelp.courts.ca.gov/military-defaults*.

---

I declare under penalty of perjury under the laws of the State of California that the foregoing item 8 is true and correct.

Date: May 1st, 2026

Luna D'Sol

_____
(TYPE OR PRINT NAME)

▶

_____
(SIGNATURE OF DECLARANT)

---

**REQUEST FOR ENTRY OF DEFAULT**
**(Application to Enter Default)**

For your protection and privacy, please press the Clear button after you have printed the form.

**Print**   **Save**   **Clear**

# TAB 22

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
www.riverside.courts.ca.gov

| | FOR COURT USE ONLY |
|---|---|
| | **FILED**<br>Superior Court of California<br>County of Riverside<br><br>05/04/2026<br><br>V Lopez |
| DSOL vs BANK OF AMERICA N.A. | CASE NUMBER:<br>CVPS2601396 |

### ORDER TO SHOW CAUSE FOR FAILURE TO FILE DEFAULT JUDGMENT (CRC 3.110)

To:   BANK OF AMERICA N.A.

You are hereby ordered to personally appear and show cause, if any, why sanctions should not be imposed for failure to file default judgment (CRC 3.110).

The hearing is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 10/28/2026 | 8:30 AM | Department PS2 |
| Location of Hearing:<br>**3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262** | | |

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-644-5616 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

Sanctions can be monetary fines, reasonable attorneys' fees, dismissal of the action or proceeding, striking all or part of any pleadings, entry of judgment.

If you oppose sanctions, you should appear on the date specified.  You must also file a declaration five court days in advance of the hearing, describing the evidence that supports any facts, which show that the court lacks good cause to impose sanctions pursuant to local rule 3116.  Failure to do so may justify the imposition of sanctions.

"Sanctions" (as that term is used herein) includes, but is not limited to, all remedies available to the court pursuant to Cal. Code of Civil Procedure sections 128.7, 177.5, 575.2, the California Rules of Court, Riverside Local Rules of Court and/or any other statute or existing case precedent.

Dated:   05/04/2026

_____
(JUDICIAL OFFICER)

| | |
|---|---|
| CI-NOOSCFFDJ<br>(Rev. 07/01/25) | **ORDER TO SHOW CAUSE FOR FAILURE<br>TO FILE DEFAULT JUDGMENT (CRC 3.110)** |

*USPS Article #9402611898765524936472 Date: 05/13/2026*          21396-523

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
www.riverside.courts.ca.gov

|  | FOR COURT USE ONLY |
|---|---|
|  | **FILED** |
|  | Superior Court of California |
|  | County of Riverside |
|  | 05/04/2026 |
|  | V Lopez |
| DSOL vs BANK OF AMERICA N.A. | CASE NUMBER: CVPS2601396 |

## ORDER TO SHOW CAUSE FOR FAILURE TO FILE DEFAULT JUDGMENT (CRC 3.110)

To:   BANK OF AMERICA CORPORATION

You are hereby ordered to personally appear and show cause, if any, why sanctions should not be imposed for failure to file default judgment (CRC 3.110).

The hearing is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 10/28/2026 | 8:30 AM | Department PS2 |
| Location of Hearing: 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262 | | |

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases. Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing. Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-644-5616 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak. It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

Sanctions can be monetary fines, reasonable attorneys' fees, dismissal of the action or proceeding, striking all or part of any pleadings, entry of judgment.

If you oppose sanctions, you should appear on the date specified. You must also file a declaration five court days in advance of the hearing, describing the evidence that supports any facts, which show that the court lacks good cause to impose sanctions pursuant to local rule 3116. Failure to do so may justify the imposition of sanctions.

"Sanctions" (as that term is used herein) includes, but is not limited to, all remedies available to the court pursuant to Cal. Code of Civil Procedure sections 128.7, 177.5, 575.2, the California Rules of Court, Riverside Local Rules of Court and/or any other statute or existing case precedent.

Dated:  05/04/2026

_____
(JUDICIAL OFFICER)

CI-NOOSCFFDJ
(Rev. 07/01/25)

**ORDER TO SHOW CAUSE FOR FAILURE
TO FILE DEFAULT JUDGMENT (CRC 3.110)**

*USPS Article #9402611898765524936472 Date: 05/13/2026*                    21396-525

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
www.riverside.courts.ca.gov

|  | FOR COURT USE ONLY |
|---|---|
|  | **FILED**<br>Superior Court of California<br>County of Riverside<br><br>05/04/2026<br><br>V Lopez |
| DSOL vs BANK OF AMERICA N.A. | CASE NUMBER:<br>CVPS2601396 |

## ORDER TO SHOW CAUSE FOR FAILURE TO FILE DEFAULT JUDGMENT (CRC 3.110)

To:   TRICIA SHANKS

You are hereby ordered to personally appear and show cause, if any, why sanctions should not be imposed for failure to file default judgment (CRC 3.110).

The hearing is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 10/28/2026 | 8:30 AM | Department PS2 |
| Location of Hearing:<br>3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262 | | |

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-644-5616 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

Sanctions can be monetary fines, reasonable attorneys' fees, dismissal of the action or proceeding, striking all or part of any pleadings, entry of judgment.

If you oppose sanctions, you should appear on the date specified.  You must also file a declaration five court days in advance of the hearing, describing the evidence that supports any facts, which show that the court lacks good cause to impose sanctions pursuant to local rule 3116.  Failure to do so may justify the imposition of sanctions.

"Sanctions" (as that term is used herein) includes, but is not limited to, all remedies available to the court pursuant to Cal. Code of Civil Procedure sections 128.7, 177.5, 575.2, the California Rules of Court, Riverside Local Rules of Court and/or any other statute or existing case precedent.

Dated:   05/04/2026

_____
(JUDICIAL OFFICER)

CI-NOOSCFFDJ
(Rev. 07/01/25)

**ORDER TO SHOW CAUSE FOR FAILURE
TO FILE DEFAULT JUDGMENT (CRC 3.110)**

*USPS Article #9402611898765524936472 Date: 05/13/2026*                    21396-527

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
www.riverside.courts.ca.gov

<table>
<tr><td rowspan="2"></td><td>FOR COURT USE ONLY</td></tr>
<tr><td>

**FILED**

Superior Court of California

County of Riverside

05/04/2026

V Lopez

</td></tr>
<tr><td>DSOL vs BANK OF AMERICA N.A.</td><td>CASE NUMBER:<br>CVPS2601396</td></tr>
</table>

### ORDER TO SHOW CAUSE FOR FAILURE TO FILE DEFAULT JUDGMENT (CRC 3.110)

To:   PETER MAXIM

You are hereby ordered to personally appear and show cause, if any, why sanctions should not be imposed for failure to file default judgment (CRC 3.110).

The hearing is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 10/28/2026 | 8:30 AM | Department PS2 |

| Location of Hearing: |
|---|
| **3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262** |

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-644-5616 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

Sanctions can be monetary fines, reasonable attorneys' fees, dismissal of the action or proceeding, striking all or part of any pleadings, entry of judgment.

If you oppose sanctions, you should appear on the date specified.  You must also file a declaration five court days in advance of the hearing, describing the evidence that supports any facts, which show that the court lacks good cause to impose sanctions pursuant to local rule 3116.  Failure to do so may justify the imposition of sanctions.

"Sanctions" (as that term is used herein) includes, but is not limited to, all remedies available to the court pursuant to Cal. Code of Civil Procedure sections 128.7, 177.5, 575.2, the California Rules of Court, Riverside Local Rules of Court and/or any other statute or existing case precedent.

Dated:   05/04/2026

_____
(JUDICIAL OFFICER)

CI-NOOSCFFDJ
(Rev. 07/01/25)

### ORDER TO SHOW CAUSE FOR FAILURE
### TO FILE DEFAULT JUDGMENT (CRC 3.110)

*USPS Article #9402611898765524936472 Date: 05/13/2026*                     21396-529

Notice has been printed for the following Firm/Attorneys or Parties: CVPS2601396

DSOL, LUNA                                    BANK OF AMERICA N.A.
2275 E BELDING DR
2275 E BELDING DR
PALM SPRINGS, CA 92262                        SHANKS, TRICIA


BANK OF AMERICA CORPORATION


MAXIM, PETER

*USPS Article #9402611898765524936472 Date: 05/13/2026*                21396-531

Luna DSol
Luna DSol
2275 E BELDING DR
PALM SPRINGS CA 92262-6515

USPS CERTIFIED MAIL

9402 6118 9876 5524 9364 72

Morgan, Lewis & Bockius LLP
Nicole Antonopoulos
1400 PAGE MILL RD
PALO ALTO CA 94304-1124

US POSTAGE AND FEES PAID
PRIORITY MAIL IMI
May 13 2026
Mailed from ZIP 97230
1 LB PRIORITY MAIL RATE
ZONE 4
11923275
Commercial

063S0010937443

endicia

CERTIFIED MAIL®

29602024

Luna DSol
Luna DSol
2275 E BELDING DR
PALM SPRINGS CA 92262-6515

**USPS CERTIFIED MAIL**



9402 6118 9876 5524 9364 72

Morgan, Lewis & Bockius LLP
Nicole Antonopoulos
1400 PAGE MILL RD
PALO ALTO CA 94304-1124

US POSTAGE AND FEES PAID

**PRIORITY MAIL IMI**
May 13 2026
Mailed from ZIP 97230
1 LB PRIORITY MAIL RATE
ZONE 4
11923275
Commercial



063S0010937443

29602024

21396-522

# TAB 23

Electronically FILED by Superior Court of California, County of Riverside on 05/06/2026 02:08 PM
Case Number CVPS2601396 0000166493306 - Jason B. Galkin, Executive Officer/Clerk of the Court By Deanna Low, Clerk

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*<br>Luna D'Sol<br>2275 E Belding Dr<br>Palm Springs CA 92262<br><br>TELEPHONE NO:    213-925-4069        FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:    jravada@icloud.com<br>ATTORNEY FOR *(Name)*:    In Pro Per | *FOR COURT USE ONLY* |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF    Riverside |
|---|
| STREET ADDRESS:    3255 E. Tahquitz Canyon Way<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:    Palm Springs, 92262-6996<br>BRANCH NAME:    Riverside-Palm Springs Courthouse |

| PLAINTIFF / PETITIONER:    LUNA D'SOL<br>DEFENDANT / RESPONDENT:    BANK OF AMERICA, N.A., et al. | CASE NUMBER:<br>CVPS2601396 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>15769798 (28079771) |

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.
2.  I served copies of:
    a.  [X]  Summons
    b.  [X]  Complaint
    c.  [X]  Alternative Dispute Resolution (ADR) Package
    d.  [X]  Civil Case Cover Sheet *(served in complex cases only)*
    e.  [ ]  Cross-Complaint
    f.  [X]  Other *(specify documents)*:    Notice of Case Management Conference
3.  a.  Party served *(specify name of party as shown on documents served)*:
        PETER C MAXIM, an individual
    b.  [ ]  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

4.  Address where the party was served:
    31303 Agoura Road, Westlake Village, CA 91361
5.  I served the party *(check proper box)*
    a.  [ ]  **by personal service**. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:                        (2) at *(time)*:
    b.  [X]  **by substituted service**. On *(date)*:    Mon, May 04 2026            at *(time)*:    04:19 PM            I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:
        Joseph De Shong - Security Guard
        (1)  [X]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
        (2)  [ ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
        (3)  [ ]  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
        (4)  [X]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
            from *(city)*:                                or [X] a declaration of mailing is attached.
        (5)  [X]  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Page 1 of 2<br>Code of Civil Procedure, § 417.10 |
|---|---|---|

| PLAINTIFF / PETITIONER:    LUNA D'SOL | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:    BANK OF AMERICA, N.A., et al. | CVPS2601396 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service**. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1)  on *(date)*:                          (2)  from *(city)*:

(3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

(4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d.  ☐  **by other means** *(specify means of service and authorizing code section)*:

☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
a.  ☒  as an individual defendant.
b.  ☐  as the person sued under the fictitious name of *(specify)*:
c.  ☐  as occupant.
d.  ☐  On behalf of *(specify)*:

under the following Code of Civil Procedure section:

☐  416.10 (corporation)                       ☐  415.95 (business organization, form unknown)
☐  416.20 (defunct corporation)               ☐  416.60 (minor)
☐  416.30 (joint stock company/association)   ☐  416.70 (ward or conservatee)
☐  416.40 (association or partnership)        ☐  416.90 (authorized person)
☐  416.50 (public entity)                     ☐  415.46 (occupant)
☐  other:

7.  **Person who served papers**
a.  Name:                Andrew Jones
b.  Address:             5341 Old Redwood Highway, Suite 310, Petaluma, CA  94954
c.  Telephone number:    800-938-8815
d.  **The fee** for service was:  $235.00
e.  I am:
(1)  ☐  not a registered California process server.
(2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
(3)  ☒  a registered California process server:
(i)  ☐ owner  ☐ employee  ☒ independent contractor
(ii)  Registration No:  618
(iii)  County:  Ventura

8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:  May 5, 2026

Andrew Jones
_____
(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc. - P000634
5341 Old Redwood Highway, Suite 310
Petaluma, CA  94954
800-938-8815

_____
(SIGNATURE)

MC-031

| PLAINTIFF / PETITIONER:  LUNA D'SOL | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:  BANK OF AMERICA, N.A., et al. | CVPS2601396 |

### DECLARATION OF DILIGENCE
(This form must be attached to another form or court paper before it can be filed in court.)

Party Served: PETER C MAXIM, an individual

1) Unsuccessful Attempt: Apr 30, 2026, 12:54 pm PDT at Business: 31303 Agoura Road, Westlake Village, CA 91361

   *Defendant not in per security guard.*

2) Unsuccessful Attempt: May 1, 2026, 10:13 am PDT at Business: 31303 Agoura Road, Westlake Village, CA 91361

   *Defendant not in per security guard.*

3) Successful Attempt: May 4, 2026, 4:19 pm PDT at Business: 31303 Agoura Road, Westlake Village, CA 91361 received by Joseph De Shong. Age: 26–35; Ethnicity: Caucasian; Gender: Male; Weight: 175–199 lbs; Height: 5'8"–5'11"; Hair: Brown; Eyes: Blue; Relationship: Security Guard ;

   *Security guards were unable to reach the Defendant by phone nor email. No Bank of America personnel were willing to come out to the lobby to accept service. Security guards were shown the service documents before I placed them in an envelope addressed to the Defendant and left them in their presence on the front desk. Sub-served at the direction of the Plaintiff's Attorney.*

**I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

Date:    May 5, 2026

Andrew Jones
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

☐ Attorney for    ☐ Plaintiff    ☐ Petitioner    ☐ Defendant
☐ Respondent    ☒ Other *(Specify):* Process Server

MC-031

| | |
|---|---|
| PLAINTIFF / PETITIONER:    LUNA D'SOL | CASE NUMBER: |
| DEFENDANT / RESPONDENT:    BANK OF AMERICA, N.A., et al. | CVPS2601396 |

## DECLARATION OF MAILING
(This form must be attached to another form or court paper before it can be filed in court.)

I am a citizen of the United States, over the age of 18 and not a party to the within action. My business address is 5341 Old Redwood Highway, Suite 310, Petaluma, CA  94954.

On 5/5/2026, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCP 4(e)(2)(B) or FRCP 4(h)(1)(B) was made (if applicable), I mailed copies of the:

Complaint, Alternative Dispute Resolution Information Package, Civil Case Cover Sheet, Notice of Case Management Conference, Summons

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Petaluma, CA, addressed as follows:

PETER C MAXIM, an individual
31303 Agoura Road
Westlake Village, CA 91361

**I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

Date:    5/5/2026

Kendall Holmes
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

☐ Attorney for    ☐ Plaintiff    ☐ Petitioner    ☐ Defendant
☐ Respondent    ☒ Other (Specify): InfoTrack US, Inc.

# TAB 24

Electronically FILED by Superior Court of California, County of Riverside on 05/07/2026 02:12 AM
Case Number CVPS2601396 0000166561274 - Jason B. Galkin, Executive Officer/Clerk of the Court By Gloria Hernandez, Clerk

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Luna D'Sol<br>2275 E Belding Dr<br>Palm Springs CA 92262<br>　TELEPHONE NO: 213-925-4069　　FAX NO *(Optional)*:<br>　E-MAIL ADDRESS *(Optional)*: jravada@icloud.com<br>　ATTORNEY FOR *(Name)*: In Pro Per | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF　Riverside
　STREET ADDRESS:　3255 E. Tahquitz Canyon Way
　MAILING ADDRESS:
　CITY AND ZIP CODE:　Palm Springs, 92262-6996
　BRANCH NAME:　Riverside-Palm Springs Courthouse

| PLAINTIFF / PETITIONER:　LUNA D'SOL | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:　BANK OF AMERICA, N.A., et al. | CVPS2601396 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>15769798 (28079771) |
|---|---|

*(Separate proof of service is required for each party served.)*

1.　At the time of service I was at least 18 years of age and not a party to this action.
2.　I served copies of:
　a.　[X]　Summons
　b.　[X]　Complaint
　c.　[X]　Alternative Dispute Resolution (ADR) Package
　d.　[X]　Civil Case Cover Sheet *(served in complex cases only)*
　e.　[ ]　Cross-Complaint
　f.　[X]　Other *(specify documents)*:　Notice of Case Management Conference
3.　a.　Party served *(specify name of party as shown on documents served)*:
　　　PETER C MAXIM, an individual
　b.　[ ]　Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

4.　Address where the party was served:
　31303 Agoura Road, Westlake Village, CA 91361
5.　I served the party *(check proper box)*
　a.　[ ]　**by personal service**. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:　　　　　　　　(2) at *(time)*:
　b.　[X]　**by substituted service**. On *(date)*:　Mon, May 04 2026　　at *(time)*:　04:19 PM　　I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:
　　　Joseph De Shong - Security Guard
　　　(1)　[X]　**(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
　　　(2)　[ ]　**(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
　　　(3)　[ ]　**(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
　　　(4)　[X]　I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
　　　　　from *(city)*:　　　　　　　　　　　　　　or [X] a declaration of mailing is attached.
　　　(5)　[X]　I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Page 1 of 2<br>Code of Civil Procedure, § 417.10 |

| PLAINTIFF / PETITIONER:   LUNA D'SOL | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:   BANK OF AMERICA, N.A., et al. | CVPS2601396 |

5.  c.  [ ]  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1)  on *(date)*:                                    (2)  from *(city)*:

   (3)  [ ]  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

   (4)  [ ]  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d.  [ ]  **by other means** *(specify means of service and authorizing code section)*:

   [ ]  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

   a.  [X]  as an individual defendant.

   b.  [ ]  as the person sued under the fictitious name of *(specify)*:

   c.  [ ]  as occupant.

   d.  [ ]  On behalf of *(specify)*:

   under the following Code of Civil Procedure section:

   [ ]  416.10 (corporation)                       [ ]  415.95 (business organization, form unknown)
   [ ]  416.20 (defunct corporation)               [ ]  416.60 (minor)
   [ ]  416.30 (joint stock company/association)   [ ]  416.70 (ward or conservatee)
   [ ]  416.40 (association or partnership)        [ ]  416.90 (authorized person)
   [ ]  416.50 (public entity)                     [ ]  415.46 (occupant)
   [ ]  other:

7.  **Person who served papers**

   a.  Name:                Andrew Jones

   b.  Address:             5341 Old Redwood Highway, Suite 310, Petaluma, CA  94954

   c.  Telephone number:    800-938-8815

   d.  **The fee** for service was:    $235.00

   e.  I am:

      (1)  [ ]  not a registered California process server.

      (2)  [ ]  exempt from registration under Business and Professions Code section 22350(b).

      (3)  [X]  a registered California process server:

         (i)   [ ] owner   [ ] employee   [X] independent contractor

         (ii)  Registration No:  618

         (iii) County:  Ventura

8.  [X]  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9.  [ ]  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:   May 5, 2026

Andrew Jones
_____
   (NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc. - P000634
5341 Old Redwood Highway, Suite 310
Petaluma, CA  94954
800-938-8815

_____
                    (SIGNATURE)

MC-031

| PLAINTIFF / PETITIONER: LUNA D'SOL | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT: BANK OF AMERICA, N.A., et al. | CVPS2601396 |

### DECLARATION OF DILIGENCE
(This form must be attached to another form or court paper before it can be filed in court.)

Party Served: PETER C MAXIM, an individual

1) Unsuccessful Attempt: Apr 30, 2026, 12:54 pm PDT at Business: 31303 Agoura Road, Westlake Village, CA 91361

   *Defendant not in per security guard.*

2) Unsuccessful Attempt: May 1, 2026, 10:13 am PDT at Business: 31303 Agoura Road, Westlake Village, CA 91361

   *Defendant not in per security guard.*

3) Successful Attempt: May 4, 2026, 4:19 pm PDT at Business: 31303 Agoura Road, Westlake Village, CA 91361 received by Joseph De Shong. Age: 26–35; Ethnicity: Caucasian; Gender: Male; Weight: 175–199 lbs; Height: 5'8"–5'11"; Hair: Brown; Eyes: Blue; Relationship: Security Guard ;

   *Security guards were unable to reach the Defendant by phone nor email. No Bank of America personnel were willing to come out to the lobby to accept service. Security guards were shown the service documents before I placed them in an envelope addressed to the Defendant and left them in their presence on the front desk. Sub-served at the direction of the Plaintiff's Attorney.*

**I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

Date:    May 5, 2026

Andrew Jones
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

☐ Attorney for    ☐ Plaintiff    ☐ Petitioner    ☐ Defendant
☐ Respondent    ☒ Other *(Specify):* Process Server

MC-031

| PLAINTIFF / PETITIONER: LUNA D'SOL | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT: BANK OF AMERICA, N.A., et al. | CVPS2601396 |

## DECLARATION OF MAILING

(This form must be attached to another form or court paper before it can be filed in court.)

I am a citizen of the United States, over the age of 18 and not a party to the within action. My business address is 5341 Old Redwood Highway, Suite 310, Petaluma, CA  94954.

On 5/5/2026, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCP 4(e)(2)(B) or FRCP 4(h)(1)(B) was made (if applicable), I mailed copies of the:

Complaint, Alternative Dispute Resolution Information Package, Civil Case Cover Sheet, Notice of Case Management Conference, Summons

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Petaluma, CA, addressed as follows:

PETER C MAXIM, an individual
31303 Agoura Road
Westlake Village, CA 91361

**I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

Date:   5/5/2026

Kendall Holmes
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

☐ Attorney for    ☐ Plaintiff    ☐ Petitioner    ☐ Defendant
☐ Respondent    ☒ Other *(Specify):* InfoTrack US, Inc.

| Form Approved for Optional Use | **ATTACHED DECLARATION** | Page 1 of 1 |
|---|---|---|
| Judicial Council of California | | |
| MC-031 [Rev.July 1, 2005] | | |

# TAB 25

Electronically FILED by Superior Court of California, County of Riverside on 05/12/2026 05:48 PM
Case Number CVPS2601396 0000167258083 - Jason B. Galkin, Executive Officer/Clerk of the Court By Howard Carver, Clerk

**Luna D'Sol**

Plaintiff, In Pro Per

Email Address: jravada@icloud.com

2275 E Belding Dr

Palm Springs CA 92262

Telephone: 213-925-4069

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF RIVERSIDE**

| | |
|---|---|
| LUNA D'SOL | ) |
|                Plaintiff, | ) Case No: CVPS2601396 |
|       v. | ) |
| BANK OF AMERICA, N.A.; | ) |
| BANK OF AMERICA CORPORATION; | ) **PROOF OF SERVICE** |
| TRICIA SHANKS; | ) |
| PETER C. MAXIM; and | ) |
| DOES 1-50, inclusive, | ) |
|                Defendants. | ) |
| | ) |

I, Justin Mentzar, declare:

1. I am over the age of eighteen and not a party to this action. I am a resident of the State of California.

2. On May 12th, 2026, I caused true and correct copies of the following documents to be served:

**PLAINTIFF'S DECLARATION IN RESPONSE TO ORDER TO SHOW CAUSE**

**[PROPOSED] ORDER DISCHARGING ORDER TO SHOW CAUSE**

- 1 -

PROOF OF SERVICE

3.      I caused the above-listed documents to be served by depositing true copies thereof enclosed in sealed envelopes, with postage fully prepaid, via United States Postal Service Certified Mail, addressed to the persons listed below. USPS Tracking No. 9402611898765524936472.

4.      The names, addresses, and party representations of the persons served are as follows:

> Nicole L. Antonopoulos
> Morgan, Lewis & Bockius LLP
> 1400 Page Mill Road
> Palo Alto, CA 94304-1124
> Telephone: +1.650.843.7236
> Facsimile: +1.650.843.4001
> Email: nicole.antonopoulos@morganlewis.com

Attorney for Defendants Bank of America, N.A.; Bank of America Corporation; Tricia Shanks; and Peter C. Maxim

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 12th, 2026, at Palm Springs, California.

_____

Justin Mentzr, Declarant

PROOF OF SERVICE

# TAB 26

Electronically FILED by Superior Court of California, County of Riverside on 05/12/2026 05:48 PM
Case Number CVPS2601396 0000167258076 - Jason B. Galkin, Executive Officer/Clerk of the Court By Howard Carver, Clerk

**Luna D'Sol**

Plaintiff, In Pro Per

Email Address: jravada@icloud.com

2275 E Belding Dr

Palm Springs CA 92262

Telephone: 213-925-4069

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF RIVERSIDE

| | |
|---|---|
| LUNA D'SOL<br><br>             Plaintiff,<br><br>       v.<br><br>BANK OF AMERICA, N.A.;<br>BANK OF AMERICA CORPORATION;<br>TRICIA SHANKS;<br>PETER C. MAXIM; and<br>DOES 1-50, inclusive,<br><br>             Defendants. | Case No: CVPS2601396<br><br>**DECLARATION OF LUNA D'SOL IN RESPONSE TO ORDER TO SHOW CAUSE**<br>**(Cal. Rules of Court, rule 3.110)**<br><br>Hon: Manuel Bustamante<br>Hearing Date: October 28, 2026<br>Time: 8:30 a.m.<br>Dept.: PS2 |

I, Luna D'Sol, declare as follows:

1.    I am the Plaintiff in the above-captioned action. I am self-represented. I have personal knowledge of the matters set forth herein, and if called upon to testify, I could and would testify competently thereto.

2.    I submit this Declaration in response to the Order to Show Cause issued by the Court on May 4, 2026, directing Plaintiff to show cause why sanctions should not be imposed for failure to file default judgment under California Rules of Court, rule 3.110. This Declaration is filed pursuant to Riverside Local Rule 3116.  Plaintiff additionally transmitted copies of the Court's May 4, 2026 Order to Show Cause to defendants' counsel by certified mail. USPS Tracking No. 9402611898765524936472.

DECLARATION OF LUNA D'SOL IN RESPONSE TO ORDER TO SHOW CAUSE (Cal. Rules of Court, rule 3.110)

**OVERVIEW OF SERVICE STATUS**

**3.**     There are four named individual and corporate Defendants in this action: Bank of America, N.A.; Bank of America Corporation; Tricia Shanks; and Peter C. Maxim. The procedural status of service as to each Defendant is summarized below and explained in further detail in the paragraphs that follow.

**4.**     Defendant Tricia Shanks was substitute-served on March 16, 2026. Default was entered against Defendant Shanks on May 1, 2026. Plaintiff and counsel for Defendants are currently engaged in good-faith negotiations to resolve the default through a stipulation to set aside, as further described below.

**5.**     Defendant Peter C. Maxim was substitute-served on May 4, 2026. The Proof of Service was electronically submitted to this Court on May 7, 2026, and is currently pending acceptance by the Clerk.

**6.**     Defendants Bank of America, N.A. and Bank of America Corporation are being served via Notice and Acknowledgment of Receipt ("NAR") pursuant to Code of Civil Procedure section 415.30, by agreement of the parties' respective counsel. On May 4th, 2026, Plaintiff has completed and transmitted her portion of the NAR forms, and counsel for Defendants has committed to executing and returning the acknowledgments within the statutory period.

**REPRESENTATION OF DEFENDANTS**

**7.**     On May 1, 2026, at 3:21 p.m., Nicole L. Antonopoulos of Morgan, Lewis & Bockius LLP confirmed in writing that her firm has been retained to represent all four named Defendants—Bank of America, N.A.; Bank of America Corporation; Tricia Shanks; and Peter C. Maxim—in this action.

**DEFENDANT TRICIA SHANKS — DEFAULT AND ACTIVE NEGOTIATION**

**8.**     On March 16, 2026, Defendant Tricia Shanks was substitute-served with the Summons and Complaint and related documents. The 30-day statutory period for Defendant Shanks to respond expired without an appearance or responsive pleading.

**9.**     On May 1, 2026, the Clerk of the Court entered default against Defendant Shanks based on Plaintiff's filed Proof of Service and Defendant Shanks's failure to timely respond.

**10.**     On May 6, 2026, counsel for Defendants requested that Plaintiff stipulate to set aside the default as to Defendant Shanks.

///

///

- 2 -

DECLARATION OF LUNA D'SOL IN RESPONSE TO ORDER TO SHOW CAUSE (Cal. Rules of Court, rule 3.110)

11. On May 7, 2026, Plaintiff agreed in writing to consider setting aside the default as to Defendant Shanks, subject to receipt of an acceptable written stipulation and without admission as to any procedural matter, and with all rights reserved.

12. On May 11, 2026, counsel for Defendants confirmed that a draft stipulation regarding the Shanks default would be forthcoming. Plaintiff is currently awaiting receipt of the draft stipulation in order to evaluate its terms.

13. The parties are actively engaged in good-faith negotiations to resolve the Shanks default through a stipulation to set aside. Filing a request for entry of default judgment against Defendant Shanks at this time would be inconsistent with the parties' ongoing efforts to resolve this procedural matter cooperatively, would prejudice both parties' ability to reach a mutual agreement, and would not promote the orderly administration of justice.

### DEFENDANT PETER C. MAXIM — SERVICE COMPLETED

14. After multiple unsuccessful attempts at personal service, Defendant Peter C. Maxim was substitute-served on May 4, 2026, at his place of business, in compliance with Code of Civil Procedure section 415.20(b).

15. The Proof of Service as to Defendant Maxim was electronically submitted to this Court on May 7, 2026, and is currently pending acceptance by the Clerk. Service is deemed complete as to Defendant Maxim pursuant to Code of Civil Procedure section 415.20(b), and Defendant Maxim's responsive pleading is due within the statutory period.

### DEFENDANTS: ENTITIES— NAR IN PROGRESS

16. Counsel for Defendants confirmed in writing that Morgan, Lewis & Bockius LLP is authorized to accept service on behalf of Defendants Bank of America, N.A. and Bank of America Corporation by Notice and Acknowledgment of Receipt pursuant to Code of Civil Procedure section 415.30.

17. On May 4, 2026, Plaintiff transmitted to counsel for Defendants the completed Notice and Acknowledgment of Receipt forms for Defendants Bank of America, N.A. and Bank of America Corporation, together with the Summons, Complaint, and related documents.

///

///

- 3 -

DECLARATION OF LUNA D'SOL IN RESPONSE TO ORDER TO SHOW CAUSE (Cal. Rules of Court, rule 3.110)

**18.**    Counsel for Defendants has committed to executing and returning the Notice and Acknowledgment of Receipt forms within the statutory period. Plaintiff has completed her portion of the service mechanism and is awaiting return of the executed acknowledgments.

**GOOD CAUSE AGAINST IMPOSITION OF SANCTIONS**

**19.**    19. Plaintiff has acted diligently and in good faith with respect to the prosecution of this action and the procedural status of service on each Defendant. Plaintiff has actively pursued service on all four Defendants through multiple methods, retained multiple process service vendors, and engaged with counsel for Defendants in good-faith negotiations to resolve outstanding procedural matters.

**20.**    As to Defendant Shanks, Plaintiff has not filed a request for entry of default judgment because the parties are actively negotiating a stipulation to set aside the default, and filing default judgment in that circumstance would be procedurally improper and prejudicial to the parties' ongoing negotiations.

**21.**    As to Defendant Maxim, service has been completed and is documented in the Proof of Service currently pending before this Court. Defendant Maxim's responsive pleading is not yet due, and no default has been entered. There is no procedural basis to file default judgment against Defendant Maxim at this time.

**22.**    As to Defendants Bank of America, N.A. and Bank of America Corporation, service is in progress through the NAR procedure agreed to by the parties. No default has been entered, and no responsive pleading deadline has passed. There is no procedural basis to file default judgment against these Defendants at this time.

**23.**    For the foregoing reasons, Plaintiff respectfully requests that the Court discharge the Order to Show Cause as to Plaintiff, or in the alternative continue the matter to permit the parties to file a stipulation resolving the Shanks default.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 12th, 2026, at Palm Springs California.

/s/ Luna D'Sol

LUNA D'SOL

Plaintiff in Pro Per

- 4 -

DECLARATION OF LUNA D'SOL IN RESPONSE TO ORDER TO SHOW CAUSE (Cal. Rules of Court, rule 3.110)

TAB 27

Electronically FILED by Superior Court of California, County of Riverside on 06/03/2026 05:35 PM
Case Number CVPS2601396 0000169723100 - Jason B. Galkin, Executive Officer/Clerk of the Court By Madeline Youngberg, Clerk

MORGAN, LEWIS & BOCKIUS LLP
Karen Y. Cho, Bar No. 274810
karen.cho@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:    +1.213.612.2500
Fax:    +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Nicole L. Antonopoulos, Bar No. 306882
nicole.antonopoulos@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304-1124
Tel:    +1.650.843.4000
Fax:    +1.650.843.4001

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF AMERICA
CORPORATION, TRICIA SHANKS, and PETER C.
MAXIM

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF RIVERSIDE

| LUNA D'SOL,<br><br>                        Plaintiff,<br><br>            vs.<br><br>BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; TRICIA SHANKS, an individual; and PETER C. MAXIM, an individual;  and DOES 1 through 50, inclusive,<br><br>                        Defendants. | Case No. CVPS2601396<br><br>[Case Assigned for All Purposes to Hon. Manuel Bustamante]<br><br>**DEFENDANT PETER C. MAXIM'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Date Action Filed: March 4, 2026 |
| --- | --- |

Defendant Peter C. Maxim ("Defendant"), by and through his undersigned counsel, hereby submits this Answer to Plaintiff Luna D'Sol's ("Plaintiff") Complaint pursuant to Code of Civil Procedure Section 431.30, by denying generally each and every allegation contained therein and by asserting the following affirmative defenses:

### GENERAL DENIAL

Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendant denies, generally and specifically, each allegation in Plaintiff's Complaint.  Defendant further generally and specifically denies that Plaintiff has been damaged in the sums alleged, or any other sum, or at all, because of any act or omissions to act on the part of Defendant or any of his agents, servants, employees, or representatives.  Defendant further denies, generally and specifically, that Plaintiff is entitled to general, compensatory, punitive, or other damages, in any amount because of any act or omission to act on the part of Defendant or on the part of his agents, servants, employees, or representatives.

### ADDITIONAL DEFENSES

Defendant has not completed his investigation of the facts of this case, has not completed discovery, and has not completed his preparation for trial.  Defendant asserts the following additional defenses based on his current knowledge, information, and belief.  Without conceding that he bears the burden of proof or persuasion as to any one of them, Defendant asserts the following additional defenses to the allegations set forth in the Complaint:

### FIRST ADDITIONAL DEFENSE

**(Failure to State a Cause of Action)**

1.     As a separate defense, Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action upon which relief can be granted against Defendant.

### SECOND ADDITIONAL DEFENSE

**(Statute of Limitations)**

2.     As a separate defense, Defendant alleges that Plaintiff's claims are barred in whole or in part to the extent that Plaintiff alleges conduct that occurred prior to the applicable statute(s) of limitations, including but not limited to, Government Code section 12960.

## THIRD ADDITIONAL DEFENSE

### (Failure to Exhaust Administrative Remedies)

3.     As a separate defense, Defendant alleges that Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to timely, adequately, and/or fully to exhaust her administrative remedies with the Equal Employment Opportunity Commission ("EEOC") and/or the Civil Rights Department ("CRD") (formerly the Department of Fair Employment and Housing) and pursuant to any other statute or regulation that requires exhaustion of administrative remedies.

## FOURTH ADDITIONAL DEFENSE

### (Exceeds Scope of Administrative Charge)

4.     As a separate defense, Defendant alleges that Plaintiff's claims brought under the Fair Employment and Housing Act ("FEHA") are barred to the extent that Plaintiff's allegations exceed the scope of any charges or complaints of discrimination, harassment, or retaliation Plaintiff filed with the EEOC and/or the CRD.

## FIFTH ADDITIONAL DEFENSE

### (After-Acquired Evidence)

5.     As a separate defense, Defendant alleges that to the extent that Defendant acquires after Plaintiff's employment (including during the course of this litigation) any evidence of wrongdoing by Plaintiff, which wrongdoing would have materially affected the terms and conditions of Plaintiff's employment or would have resulted in Plaintiff either being demoted, disciplined, or terminated, such after-acquired evidence shall bar and/or limit the amount of damages Plaintiff can recover on her claims, assuming *arguendo*, Plaintiff is able to establish liability.

## SIXTH ADDITIONAL DEFENSE

### (Workers' Compensation Exclusivity)

6.     As a separate defense, Defendant alleges that Plaintiff is barred from seeking any damages for purported physical, mental or emotional injuries allegedly suffered as a result of her

DEFENDANT PETER C. MAXIM'S ANSWER TO PLAINTIFF'S COMPLAINT

employment in that the sole and exclusive remedy in this respect is and was governed by the California Workers' Compensation Act, and the California Labor Code §§ 3200 *et seq*.

## SEVENTH ADDITIONAL DEFENSE

### (Pre-Existing Conditions)

7.    As a separate defense, Defendant alleges that to the extent Plaintiff purportedly has suffered any emotional pain, suffering, inconvenience, mental pain, loss of enjoyment of life, or any other non-pecuniary losses, which Defendant denies, Defendant is not responsible to the extent that some or all of such injuries are due to personal circumstances existing in Plaintiff's life during the relevant time or to pre-existing conditions.

## EIGHTH ADDITIONAL DEFENSE

### (Mitigation)

8.    As a separate defense, Defendant alleges that Plaintiff failed to fully, diligently, and adequately mitigate her alleged damages, if any.

## NINTH ADDITIONAL DEFENSE

### (Estoppel)

9.    As a separate defense, Defendant alleges that Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

## TENTH ADDITIONAL DEFENSE

### (Release and Waiver)

10.    As a separate defense, Defendant alleges that Plaintiff's claims are barred in whole or in part to the extent that they have been released and/or waived.

## ELEVENTH ADDITIONAL DEFENSE

### (Offset/Set-Off)

11.    As a separate defense, Defendant alleges that any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, are subject to the doctrines of offset, set-off, and/or recoupment.

## TWELFTH ADDITIONAL DEFENSE

### (One Satisfaction)

12.    As a separate defense, Defendant alleges that Plaintiff cannot properly recover damages under multiple or different theories or causes of action for the same or similar alleged acts.

## THIRTEENTH ADDITIONAL DEFENSE

### (Comparative Fault And/Or Negligence)

13.    As a separate defense, Defendant alleges that any recovery to which Plaintiff might be entitled must be reduced by reason of Plaintiff's own fault and/or negligence.

## FOURTEENTH ADDITIONAL DEFENSE

### (Avoidable Consequences)

14.    As a separate defense, Defendant alleges that Plaintiff unreasonably failed to take advantage on a timely basis of any preventative or corrective safeguards, procedures or measures provided by Defendant and/or Bank of America, N.A. (the "Bank") that would have remedied any alleged unlawful conduct, and that Plaintiff unreasonably failed otherwise to avoid harm. Defendant exercised reasonable care to prevent and correct promptly any alleged harassing behavior. Plaintiff's failure to report the alleged harassment and/or discrimination was unreasonable under the circumstances and, more likely than not, using the Bank's internal remedies and procedures would have prevented some, if not all, of Plaintiff's claimed damages from occurring. *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998); *Faragher v. Boca Raton*, 524 U.S. 775 (1998).

## FIFTEENTH ADDITIONAL DEFENSE

### (Equitable Indemnity/Proportional Fault)

15.    As a separate defense, Plaintiff's alleged injuries are the result, in whole or in part, of the acts or omissions of entities or individuals other than Defendant, including Plaintiff, and Defendant's liability, if any, must be reduced by any percentage of fault attributable to those other entities and/or individuals.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

DEFENDANT PETER C. MAXIM'S ANSWER TO PLAINTIFF'S COMPLAINT

## SIXTEENTH ADDITIONAL DEFENSE

### (Punitive Damages Unavailable)

16.     As a separate defense, Defendant alleges that Plaintiff's Complaint fails to state facts sufficient to support any claim for punitive damages, and Defendant's good faith actions bar serve as a complete bar to any claim for punitive damages.

## SEVENTEENTH ADDITIONAL DEFENSE

### (Unconstitutional Punitive Damages)

17.     As a separate defense, Defendant alleges that an award of punitive damages would be an unconstitutional denial of Defendant's right to due process and/or equal protection under the Fifth and Fourteenth Amendments to the United States Constitution and Articles I and IV of the California Constitution.

## EIGHTEENTH ADDITIONAL DEFENSE

### (Excessive Fine)

18.     As a separate defense, Defendant alleges that an award of penalties or punitive damages under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of Defendant's due process and other rights under the United States and California Constitutions.

## NINETEENTH ADDITIONAL DEFENSE

### (Alternative Stressors)

19.     As a separate defense, Plaintiff's claims for emotional distress damages are barred in whole or in part because other stressors, unrelated to her claims in this lawsuit, caused all or some of her emotional distress, if any.

## TWENTIETH ADDITIONAL DEFENSE

### (Same Decision/Mixed Motive)

20.     As a separate defense, to the extent Defendant made any decision(s), Defendant would have made the same decisions anyway, for legitimate, independent reasons.

## TWENTY-FIRST ADDITIONAL DEFENSE

### (Reasonable Care and Prompt Remedial Action)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

- 5 -

DEFENDANT PETER C. MAXIM'S ANSWER TO PLAINTIFF'S COMPLAINT

21.     As a separate defense, Defendant alleges that Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care and prompt and appropriate remedial action was taken by Defendant on all behaviors allegedly reported or complained of by Plaintiff, if any.

## TWENTY-SECOND ADDITIONAL DEFENSE

### (Privilege/Justification)

22.     As a separate defense, Defendant alleges that Defendant's conduct, if any, was a just and proper exercise of managerial discretion, undertaken for fair and honest reasons, comporting with good faith under the circumstances, then existing, and was privileged and justified.

## TWENTY-THIRD ADDITIONAL DEFENSE

### (Business Judgment)

23.     As a separate defense, Plaintiff's Complaint, and each cause of action, is barred because the alleged conduct of which Plaintiff complains, if committed, was made in good faith, honestly, not maliciously, and in the exercise of business judgment and for legitimate, non-discriminatory, lawful reasons that were not based on any improper or illegal consideration.

## TWENTY-FOURTH ADDITIONAL DEFENSE

### (Legitimate, Non-Discriminatory Reason)

24.     As a separate defense, Defendant alleges that Plaintiff's claims are barred in whole or in part because Defendant acted based on legitimate, non-discriminatory and non-retaliatory reasons and/or business necessity.

## TWENTY-FIFTH ADDITIONAL DEFENSE

### (Arbitration Agreement)

25.     As a separate defense, Defendant alleges that Plaintiff's claims are barred in whole or in part because she is subject to mandatory, final and binding arbitration pursuant to an arbitration agreement.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -

DEFENDANT PETER C. MAXIM'S ANSWER TO PLAINTIFF'S COMPLAINT

**TWENTY-SIXTH ADDITIONAL DEFENSE**

**(Consent)**

26.    As a separate defense, Defendant alleges that Plaintiff's claims are barred in whole or in part because of Plaintiff's consent and/or voluntary participation in all or some of the acts alleged, or conduct similar thereto.

**TWENTY-SEVENTH ADDITIONAL DEFENSE**

**(Misjoinder of Parties/Not the Employer)**

27.    Insofar as Plaintiff's claims against Defendant are based on an alleged employment relationship with Defendant, they are barred in whole or in part because no such relationship existed.

**TWENTY-EIGHTH ADDITIONAL DEFENSE**

**(Undue Hardship)**

28.    As a separate defense, Defendant alleges that to the extent Plaintiff sought and/or was otherwise eligible for an accommodation, the accommodation would be an undue hardship.

**TWENTY-NINTH ADDITIONAL DEFENSE**

**(Additional Defenses)**

29.    Defendant presently has insufficient knowledge and/or information on which to form a belief as to whether he may have additional, as yet unstated, defenses available. Defendant reserves the right to assert additional defenses if discovery indicates that such defenses would be appropriate.

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1.    That Plaintiff takes nothing by this action;

2.    That judgment be entered in favor of Defendant and against Plaintiff on all causes of action;

3.    That Defendant be awarded his costs of suit incurred herein;

4.    That Defendant be awarded his attorneys' fees incurred herein; and

5.    That the Court award Defendant such other and further relief as the Court may deem just and proper.

Dated:  June 3, 2026                              MORGAN, LEWIS & BOCKIUS LLP


                                             By  /s/ Nicole L. Antonopoulos
                                                 Karen Y. Cho
                                                 Nicole L. Antonopoulos
                                                 Attorneys for Defendants
                                             BANK OF AMERICA, N.A., BANK OF
                                             AMERICA CORPORATION, TRICIA
                                             SHANKS, and PETER C. MAXIM

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

- 8 -

DEFENDANT PETER C. MAXIM'S ANSWER TO PLAINTIFF'S COMPLAINT

**PROOF OF SERVICE**

I, Suga A. Ikeda, declare:

I am a citizen of the United States and employed in Santa Clara County, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is 1400 Page Mill Road, Palo Alto, CA 94304. On June 3, 2026, I served a copy of the within document(s):

**DEFENDANT PETER C. MAXIM'S ANSWER TO PLAINTIFF'S COMPLAINT**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Palo Alto, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Luna D'Sol                                    *In Pro Per*
2275 E. Belding Dr.
Palm Springs, CA 92262
Tel: (213) 925-4069
Email: jravada@icloud.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on June 3, 2026, at Palo Alto, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_Suga A. Ikeda_
Suga A. Ikeda

Morgan, Lewis & Bockius LLP
Attorneys at Law
Los Angeles

-1-

PROOF OF SERVICE

# TAB 28

Electronically RECEIVED by Superior Court of California, County of Riverside on 06/10/2026 05:04 PM - Jason B. Galkin, Executive Officer/Clerk of the Court By Jacqueline Reyes, Clerk

MORGAN, LEWIS & BOCKIUS LLP
Karen Y. Cho, Bar No. 274810
karen.cho@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:     +1.213.612.2500
Fax:    +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Nicole L. Antonopoulos, Bar No. 306882
nicole.antonopoulos@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304-1124
Tel:     +1.650.843.4000
Fax:    +1.650.843.4001

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF
AMERICA CORPORATION, TRICIA
SHANKS, and PETER C. MAXIM

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF RIVERSIDE

| | |
|---|---|
| LUNA D'SOL,<br><br>                              Plaintiff,<br><br>              vs.<br><br>BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; TRICIA SHANKS, an individual; and PETER C. MAXIM, an individual;  and DOES 1 through 50, inclusive,<br><br>                              Defendants. | Case No. CVPS2601396<br><br>[Case Assigned for All Purposes to Hon. Manuel Bustamante]<br><br>**PLAINTIFF AND DEFENDANT TRICIA SHANKS' STIPULATION TO SET ASIDE ENTRY OF DEFAULT AS TO DEFENDANT TRICIA SHANKS; [PROPOSED] ORDER** |

Plaintiff Luna D'Sol ("Plaintiff") and Defendant Tricia Shanks ("Shanks") (collectively, the "Parties") hereby enter into this stipulation to set aside the entry of default against Shanks as follows:

WHEREAS, on March 4, 2026, Plaintiff filed a Complaint against Defendants Bank of America, N.A., Bank of America Corporation, Tricia Shanks, and Peter Maxim;

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 42357523

WHEREAS, on March 23, 2026, Plaintiff filed a Proof of Service of Summons as to Shanks;

WHEREAS, on May 1, 2026, the Court Clerk entered a default as to Shanks;

WHEREAS, the Parties dispute the sufficiency and legal effect of Plaintiff's prior service efforts as to Defendant Shanks, and neither party admits any position regarding those prior service efforts; however, solely for purposes of resolving the default and establishing Defendant Shanks' deadline to respond, the Parties agree that the service procedure set forth in this Stipulation shall be the operative service event governing the vacatur of default and Defendant Shanks' response deadline.

WHEREAS, during the parties' meet and confer efforts, counsel for Defendant Shanks agreed to accept the Notice and Acknowledgement of Receipt and related case-initiating documents on behalf of Defendant Shanks;

WHEREAS, counsel for Defendant Shanks represented that she was authorized by defendant Shanks to accept the Notice and Acknowledgement of Receipt and related case-initiating documents on Defendant Shanks' behalf;

WHEREAS, the Parties have agreed that service will be deemed completed on the date that Shanks' counsel signs the Notice and Acknowledgement of Receipt, and Shanks' deadline to respond to Plaintiff's Complaint shall be governed by the service of the Complaint via the Notice and Acknowledgement of Receipt;

WHEREAS, on May 4, 2026, counsel for Defendant Shanks received the Notice and Acknowledgement of Receipt – Civil, Summons, Complaint, and other case initiating documents.

WHEREAS, on May 26th, 2026, counsel for Defendant Shanks signed and returned the Notice and Acknowledgment of Receipt;

WHEREAS, Plaintiff and defendant Shanks agree that service shall be deemed completed as of Shanks on May 26, 2026, and the deadline for Shanks to respond to the Complaint shall be June 25, 2026;

WHEREAS, Plaintiff and Shanks' counsel have met and conferred regarding their service dispute, and they have agreed to set aside default entered as to Shanks;

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

2                                   Case No. CVPS2601396
STIPULATION TO SET ASIDE ENTRY OF DEFAULT AS TO TRICIA SHANKS
DB2/ 42357523

THEREFORE, it is hereby stipulated and agreed as follows:

1.  The default entered against Defendant Tricia Shanks shall be set aside and vacated;

2.  The service of the Complaint and Summons as to Tricia Shanks is deemed completed on May 26, 2026, the date of execution by counsel for defendant Shanks of the Notice and Acknowledgement of Receipt; and

3.  Shanks' deadline to respond to Plaintiff's Complaint shall be June 25, 2026.

Dated: June 10, 2026                    MORGAN, LEWIS & BOCKIUS LLP


                                        By  /s/ Nicole L. Antonopoulos
                                            Karen Cho
                                            Nicole L. Antonopoulos

                                            Attorneys for Defendants
                                            BANK OF AMERICA, N.A., BANK OF
                                            AMERICA CORPORATION, TRICIA
                                            SHANKS, and PETER C. MAXIM

Dated: June 10th, 2026


                                        By _____
                                            Luna D'Sol

                                            Plaintiff Pro Per

DB2/ 42357523

## [PROPOSED] ORDER

Based on the Parties' foregoing joint stipulation, it is **HEREBY ORDERED THAT** the Stipulation to Set Aside Entry of Default as to Defendant Tricia Shanks in this action is granted.

IT IS HEREBY ORDERED THAT:

1. The default entered against Defendant Tricia Shanks is set aside and vacated.

2. The service of the Complaint as to Tricia Shanks is deemed completed on May 26, 2026, the date of execution of the Notice and Acknowledgement of Receipt.

3. Shanks' deadline to respond to Plaintiff's Complaint is June 25, 2026.

**IT IS SO ORDERED.**

Dated: _____, 2026

_____
Honorable Manuel Bustamante
Judge of Riverside County Superior Court

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

4                                                          Case No. CVPS2601396
STIPULATION TO SET ASIDE ENTRY OF DEFAULT AS TO TRICIA SHANKS
DB2/ 42357523

TAB 29

Electronically FILED by Superior Court of California, County of Riverside on 06/10/2026 05:04 PM
Case Number CVPS2601396 0000170577150 - Jason B. Galkin, Executive Officer/Clerk of the Court By Jacqueline Reyes, Clerk

MORGAN, LEWIS & BOCKIUS LLP
Karen Y. Cho, Bar No. 274810
karen.cho@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel:    +1.213.612.2500
Fax:    +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Nicole L. Antonopoulos, Bar No. 306882
nicole.antonopoulos@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304-1124
Tel:    +1.650.843.4000
Fax:    +1.650.843.4001

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF
AMERICA CORPORATION, TRICIA
SHANKS, and PETER C. MAXIM

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF RIVERSIDE

| | |
|---|---|
| LUNA D'SOL,<br><br>                 Plaintiff,<br><br>        vs.<br><br>BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; TRICIA SHANKS, an individual; and PETER C. MAXIM, an individual;  and DOES 1 through 50, inclusive,<br><br>                 Defendants. | Case No. CVPS2601396<br><br>[Case Assigned for All Purposes to Hon. Manuel Bustamante]<br><br>**PROOF OF SERVICE** |

Case No. CVPS2601396

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

## PROOF OF SERVICE

I, Monica Brennan, declare:

I am a resident of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within entitled action.  My business address is 600 Montgomery Street, Suite 2300, San Francisco, California 94111-2725.  On June 10, 2026, I served a copy of the within document(s):

**PLAINTIFF AND DEFENDANT TRICIA SHANKS' STIPULATION
TO SET ASIDE ENTRY OF DEFAULT AS TO
DEFENDANT TRICIA SHANKS; [PROPOSED] ORDER**

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed as set forth below.

☒    by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Ms. Luna D'Sol                          *Plaintiff In Pro Per*
2275 E. Belding Drive
Palm Springs, CA 92262
Tel:  (213) 925-4069
Email:  jravada@icloud.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on June 10, 2026, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_Monica Brennan_

_____
Monica Brennan

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

-1-

PROOF OF SERVICE

# TAB 30

Electronically FILED by Superior Court of California, County of Riverside on 06/16/2026 09:32 AM
Case Number CVPS2601396 J0000096922571 - Jason B. Galkin, Executive Officer/Clerk of the Court By N. Mariscal Martinez, Clerk

Electronically RECEIVED by Superior Court of California, County of Riverside on 06/10/2026 05:04 PM - Jason B. Galkin, Executive Officer/Clerk of the Court By Jacqueline Reyes, Clerk

MORGAN, LEWIS & BOCKIUS LLP
Karen Y. Cho, Bar No. 274810
karen.cho@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:    +1.213.612.2500
Fax:    +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Nicole L. Antonopoulos, Bar No. 306882
nicole.antonopoulos@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304-1124
Tel:    +1.650.843.4000
Fax:    +1.650.843.4001

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF
AMERICA CORPORATION, TRICIA
SHANKS, and PETER C. MAXIM

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF RIVERSIDE

| | |
|---|---|
| LUNA D'SOL,<br><br>                    Plaintiff,<br><br>        vs.<br><br>BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; TRICIA SHANKS, an individual; and PETER C. MAXIM, an individual;  and DOES 1 through 50, inclusive,<br><br>                    Defendants. | Case No. CVPS2601396<br><br>[Case Assigned for All Purposes to Hon. Manuel Bustamante]<br><br>**PLAINTIFF AND DEFENDANT TRICIA SHANKS' STIPULATION TO SET ASIDE ENTRY OF DEFAULT AS TO DEFENDANT TRICIA SHANKS; [PROPOSED] ORDER** |

        Plaintiff Luna D'Sol ("Plaintiff") and Defendant Tricia Shanks ("Shanks") (collectively, the "Parties") hereby enter into this stipulation to set aside the entry of default against Shanks as follows:

        WHEREAS, on March 4, 2026, Plaintiff filed a Complaint against Defendants Bank of America, N.A., Bank of America Corporation, Tricia Shanks, and Peter Maxim;

STIPULATION TO SET ASIDE ENTRY OF DEFAULT AS TO TRICIA SHANKS

DB2/ 42357523

WHEREAS, on March 23, 2026, Plaintiff filed a Proof of Service of Summons as to Shanks;

WHEREAS, on May 1, 2026, the Court Clerk entered a default as to Shanks;

WHEREAS, the Parties dispute the sufficiency and legal effect of Plaintiff's prior service efforts as to Defendant Shanks, and neither party admits any position regarding those prior service efforts; however, solely for purposes of resolving the default and establishing Defendant Shanks' deadline to respond, the Parties agree that the service procedure set forth in this Stipulation shall be the operative service event governing the vacatur of default and Defendant Shanks' response deadline.

WHEREAS, during the parties' meet and confer efforts, counsel for Defendant Shanks agreed to accept the Notice and Acknowledgement of Receipt and related case-initiating documents on behalf of Defendant Shanks;

WHEREAS, counsel for Defendant Shanks represented that she was authorized by defendant Shanks to accept the Notice and Acknowledgement of Receipt and related case-initiating documents on Defendant Shanks' behalf;

WHEREAS, the Parties have agreed that service will be deemed completed on the date that Shanks' counsel signs the Notice and Acknowledgement of Receipt, and Shanks' deadline to respond to Plaintiff's Complaint shall be governed by the service of the Complaint via the Notice and Acknowledgement of Receipt;

WHEREAS, on May 4, 2026, counsel for Defendant Shanks received the Notice and Acknowledgement of Receipt – Civil, Summons, Complaint, and other case initiating documents.

WHEREAS, on May 26th, 2026, counsel for Defendant Shanks signed and returned the Notice and Acknowledgment of Receipt;

WHEREAS, Plaintiff and defendant Shanks agree that service shall be deemed completed as of Shanks on May 26, 2026, and the deadline for Shanks to respond to the Complaint shall be June 25, 2026;

WHEREAS, Plaintiff and Shanks' counsel have met and conferred regarding their service dispute, and they have agreed to set aside default entered as to Shanks;

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

2                                    Case No. CVPS2601396
STIPULATION TO SET ASIDE ENTRY OF DEFAULT AS TO TRICIA SHANKS
DB2/ 42357523

THEREFORE, it is hereby stipulated and agreed as follows:

1.  The default entered against Defendant Tricia Shanks shall be set aside and vacated;

2.  The service of the Complaint and Summons as to Tricia Shanks is deemed completed on May 26, 2026, the date of execution by counsel for defendant Shanks of the Notice and Acknowledgement of Receipt; and

3.  Shanks' deadline to respond to Plaintiff's Complaint shall be June 25, 2026.

Dated: June 10, 2026                MORGAN, LEWIS & BOCKIUS LLP


                                    By  /s/ Nicole L. Antonopoulos
                                        Karen Cho
                                        Nicole L. Antonopoulos

                                        Attorneys for Defendants
                                        BANK OF AMERICA, N.A., BANK OF
                                        AMERICA CORPORATION, TRICIA
                                        SHANKS, and PETER C. MAXIM


Dated: June 10th, 2026


                                    By _____
                                        Luna D'Sol

                                        Plaintiff Pro Per

STIPULATION TO SET ASIDE ENTRY OF DEFAULT AS TO TRICIA SHANKS
DB2/ 42357523

# [PROPOSED] ORDER

Based on the Parties' foregoing joint stipulation, it is **HEREBY ORDERED THAT** the Stipulation to Set Aside Entry of Default as to Defendant Tricia Shanks in this action is granted.

IT IS HEREBY ORDERED THAT:

1. The default entered against Defendant Tricia Shanks is set aside and vacated.

2. The service of the Complaint as to Tricia Shanks is deemed completed on May 26, 2026, the date of execution of the Notice and Acknowledgement of Receipt.

3. Shanks' deadline to respond to Plaintiff's Complaint is June 25, 2026.

**IT IS SO ORDERED.**

Dated: _____06/15/2026_____, ~~2026~~



Honorable Manuel Bustamante
Judge of Riverside County Superior Court

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

4                                                        Case No. CVPS2601396

STIPULATION TO SET ASIDE ENTRY OF DEFAULT AS TO TRICIA SHANKS

DB2/ 42357523

Electronically FILED by Superior Court of California, County of Riverside on 06/10/2026 05:04 PM
Case Number CVPS2601396 0000170577150 - Jason B. Galkin, Executive Officer/Clerk of the Court By Jacqueline Reyes, Clerk

MORGAN, LEWIS & BOCKIUS LLP
Karen Y. Cho, Bar No. 274810
karen.cho@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:    +1.213.612.2500
Fax:    +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Nicole L. Antonopoulos, Bar No. 306882
nicole.antonopoulos@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304-1124
Tel:    +1.650.843.4000
Fax:    +1.650.843.4001

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF
AMERICA CORPORATION, TRICIA
SHANKS, and PETER C. MAXIM

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF RIVERSIDE

| | |
|---|---|
| LUNA D'SOL,<br><br>                Plaintiff,<br><br>        vs.<br><br>BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; TRICIA SHANKS, an individual; and PETER C. MAXIM, an individual;  and DOES 1 through 50, inclusive,<br><br>                Defendants. | Case No. CVPS2601396<br><br>[Case Assigned for All Purposes to Hon. Manuel Bustamante]<br><br>**PROOF OF SERVICE** |

Case No. CVPS2601396

## PROOF OF SERVICE

I, Monica Brennan, declare:

I am a resident of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is 600 Montgomery Street, Suite 2300, San Francisco, California 94111-2725. On June 10, 2026, I served a copy of the within document(s):

**PLAINTIFF AND DEFENDANT TRICIA SHANKS' STIPULATION TO SET ASIDE ENTRY OF DEFAULT AS TO DEFENDANT TRICIA SHANKS; [PROPOSED] ORDER**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed as set forth below.

☒ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Ms. Luna D'Sol                          *Plaintiff In Pro Per*
2275 E. Belding Drive
Palm Springs, CA 92262
Tel:  (213) 925-4069
Email:  jravada@icloud.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on June 10, 2026, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Monica Brennan

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

-1-

PROOF OF SERVICE