MORGAN, LEWIS & BOCKIUS LLP
Karen Y. Cho, Bar No. 274810
karen.cho@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:    +1.213.612.2500
Fax:    +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Nicole L. Antonopoulos, Bar No. 306882
nicole.antonopoulos@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304-1124
Tel:    +1.650.843.4000
Fax:    +1.650.843.4001

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF
AMERICA CORPORATION, TRICIA
SHANKS, and PETER C. MAXIM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUNA D'SOL,<br><br>                    Plaintiff,<br><br>          vs.<br><br>BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; TRICIA SHANKS, an individual; and PETER C. MAXIM, an individual;  and DOES 1 through 50, inclusive,<br><br>                    Defendants. | Case No. 5:26-cv-03535-JGB-SP<br><br>Hon. Jesus G. Bernal<br><br>**DECLARATION OF KAREN Y. CHO IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY ACTION**<br><br>Date:        August 3, 2026<br>Time:        9:00 a.m.<br>Courtroom:  1, 2nd Floor |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

# DECLARATION OF KAREN Y. CHO

I, Karen Y. Cho, hereby certify pursuant to 28 U.S.C. § 1746 that the factual statements set forth below are true and correct to the best of my knowledge:

1.      I am a member of the California Bar and a Partner at Morgan Lewis Bockius LLP, counsel of record for Defendants Bank of America, National Association, Bank of America Corporation, Tricia Shanks, and Peter Maxim (collectively, the "Defendants") in the above-captioned litigation. I have personal knowledge of the facts set forth in this declaration, and if called as a witness I could and would competently testify thereto.

2.      I make this Declaration in support of the Defendants' Motion to Compel Arbitration and Stay Action (the "Motion").

3.      On June 8, 2026, Plaintiff Luna D'Sol sent an email to my colleague Nicole Antonopoulos and me regarding Ms. D'Sol's intent to file a motion for sanctions pursuant to California Code of Civil Procedure section 128.7 "narrowly directed to the Twenty-Fifth Additional Defense asserted in Defendant Peter C. Maxim's June 3, 2026 Answer, which alleges that Plaintiff is subject to mandatory and binding arbitration pursuant to an arbitration agreement." On June 10, 2026, Ms. D'Sol sent a follow-up email.

4.      On June 17, 2026, Ms. Antonopoulos sent an email to Ms. D'Sol to discuss her motion for sanctions. In this email, Ms. Antonopoulos also informed Ms. D'Sol that Defendants intended to remove the case to federal court, and Defendants then intended to file a motion to compel arbitration and motion to dismiss. Ms. Antonopoulos requested Ms. D'Sol's availability to meet and confer on Monday, June 22 or Tuesday, June 23 per Central District of California Local Rule 7-3.

5.      On June 22, 2026, after Ms. Antonopoulos and I did not hear back from Ms. D'Sol, Ms. Antonopoulos sent a follow-up email to Ms. D'Sol requesting her availability to meet and confer no later than Thursday, June 25.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

2                                   Case No. 5:26-cv-03535-JGB-SP
DECLARATION OF KAREN CHO IN SUPPORT OF MOTION TO COMPEL
ARBITRATION AND STAY ACTION

6.      On June 25, 2026, Ms. Antonopoulos and I tried to call Ms. D'Sol to follow up with her to schedule time to meet and confer with her regarding Defendants' motion to compel arbitration and motion to dismiss.  Ms. D'Sol did not answer our call, and we were unable to leave a voice message because Ms. D'Sol's mailbox was full.  After we tried to call Ms. D'Sol, on June 25, 2025 at approximately 10:00 a.m., Ms. Antonopoulos sent Ms. D'Sol another follow-up email to request her availability to schedule a call to meet and confer.

7.      On June 25, 2026 at approximately 1:24 p.m., Ms. D'Sol responded to the email, but she did not provide her availability.  Instead, Ms. D'Sol stated that Defendants' counsel "forgot to provide" availability and "[f]or the record" her "participation is directed solely toward a singular intended purpose, and any interpretation beyond that narrow scope is entirely unauthorized and inaccurate."  Ms. D'Sol also stated that she was "having a hard time following exactly what [Defendants] are trying to invoke. Given our current jurisdiction, and the manner of [Defendants'] request which is entirely unwarranted."

8.      On June 25, 2026, at approximately 2:56 p.m., Ms. Antonopoulos responded that we were available to meet and confer on June 25 after 4:30 p.m. or June 26 at 8:00 a.m.  If these times did not work for Ms. D'Sol, Ms. Antonopoulos asked Ms. D'Sol to propose alternative times.

9.      On June 25, 2026, at approximately 11:40 p.m., Ms. D'Sol responded to confirm that she was available on June 26, 2026 at 8:00 a.m. to meet and confer with us.

10.      On June 26, 2026, at approximately 7:34 a.m., Ms. Antonopoulos sent a calendar invite for the meeting at 8:00 a.m. with a call-in number and videoconference teams invite.  A true and correct copy of the above referenced email exchange (minus attachments) is attached as **Exhibit 1**.

11.      On June 26, 2026, at approximately 7:39 a.m., Ms. D'Sol sent an email to Ms. Antonopoulos and me regarding her position on Defendants' Notice of

Case No. 5:26-cv-03535-JGB-SP

DECLARATION OF KAREN CHO IN SUPPORT OF MOTION TO COMPEL
ARBITRATION AND STAY ACTION

Removal. A true and correct copy of this email that Ms. D'Sol sent on June 26, 2026 is attached as **Exhibit 2.**

12. On June 26, 2026, at approximately 8:00 a.m., Ms. Antonopoulos and I had a meet and confer call with Ms. D'Sol where we thoroughly explained the basis for Defendants' motion to compel arbitration and Defendants' motion to dismiss. Ms. D'Sol disputed that the Arbitration Policy existed, and she claimed that her "metadata" allegedly showed the Arbitration Policy was created and modified after the date that the Bank distributed the Arbitration Policy. Ms. D'Sol also asserted that she believed that her training transcript should have reflected the Arbitration Policy. In response, we reminded Ms. D'Sol that the Arbitration Policy was distributed via email to all US-based employees, including Ms. D'Sol, and she agreed to the Arbitration Policy by continuing her employment for 30 days after receipt of the Arbitration Policy. We asked whether Ms. D'Sol was willing to stipulate to arbitration pursuant to the Arbitration Policy. Ms. D'Sol indicated that she needed more time to consider Defendants' request.

13. During the call on June 26, 2026, Ms. Antonopoulos and I also explained the basis for Defendants' Motion to Dismiss. In response, Ms. D'Sol indicated that she was unwilling to engage in the meet and confer process regarding Defendants' Motion to Dismiss. Ms. D'Sol took issue with the fact that Defendants' Motion to Dismiss addresses some of the same arguments made in the removal, and she asserted that Defendants should have met and conferred prior to removal. We explained that there is no obligation to meet and confer as to the removal, and we tried to continue the meet and confer discussions with Ms. D'Sol. Ms. D'Sol indicated that she needed more time to consider Defendants' arguments, and she requested another call to meet and confer. Ms. D'Sol and I agreed to schedule a further meet and confer call for July 1, 2026 at 8:00 a.m., and Ms. Antonopoulos circulated a calendar invite to Ms. D'Sol with a call-in number and videoconference teams invite.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

4                                    Case No. 5:26-cv-03535-JGB-SP

DECLARATION OF KAREN CHO IN SUPPORT OF MOTION TO COMPEL
ARBITRATION AND STAY ACTION

14.     During the call on June 26, 2026, Ms. D'Sol also indicated that she believed the removal was defective.  Ms. D'Sol informed us that she believed the Notice and Acknowledgement of Receipt was allegedly defective and had a fabricated service record.  In response, we explained that Defendants accepted service of the Complaint and Summons, and the proof of service attached to the Notice of Acknowledgement of Receipt was not fabricated.  We also directed Ms. D'Sol to review the email courtesy copy that our office sent Ms. D'Sol on May 26, 2026 that contained a signed proof of service for her records.  A true and correct copy of the email courtesy copy that my office sent Ms. D'Sol on May 26, 2026 is attached as **Exhibit 3.**

15.     On June 26, 2026, Ms. D'Sol sent an email regarding the meet and confer call.

16.     On June 30,  2026, Ms. Antonopoulos responded to Ms. D'Sol's email to explain that we disagreed with Ms. D'Sol's characterization of the meet and confer call, reiterated the basis for Defendants' motion to compel arbitration, and provided case authority supporting Defendants' position.

17.     Also, on June 30, 2026, Ms. D'Sol sent an email requesting to reschedule the call set for July 1, 2026 to a date after she has received Defendants' moving papers.  Ms. D'Sol asserted that "[b]ecause [she] has not yet received Defendants' moving papers, a substantive conference is not presently possible."  A true and correct copy of the emails referenced above in paragraphs 15 – 17 are attached as **Exhibit 4.**

18.     On July 1, 2026, at approximately 8:00 a.m., Ms. Antonopoulos joined the meeting link for the meeting that we previously set with Ms. D'Sol.  Ms. Antonopoulos informed me that she waited on the conference line for 10 minutes, and Ms. D'Sol did not show up for this meeting during this time.

DECLARATION OF KAREN CHO IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY ACTION

I declare to the best of my knowledge under penalty of perjury under the laws of California and the United States that the foregoing is true and correct.

Executed on July 2, 2026                    */s/ Karen Y. Cho*
                                          Karen Y. Cho

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DECLARATION OF KAREN CHO IN SUPPORT OF MOTION TO COMPEL
ARBITRATION AND STAY ACTION