# EXHIBIT 2



## ARBITRATION POLICY

Bank of America strives to maintain a positive and productive work environment for all of its employees. Bank of America nonetheless recognizes that disagreements may arise between an employee and Bank of America, or between employees in a context that involves Bank of America, that cannot be resolved through internal procedures and processes.  In such instances, Bank of America believes that the resolution of such disagreements can be best achieved on an efficient basis through external arbitration.  For these reasons, Bank of America has adopted this Arbitration Policy ("Policy").  This Policy makes arbitration the required and exclusive forum for the resolution of all Covered Claims (as defined below), whether initiated by an employee or Bank of America.

For purposes of this Policy, "Bank of America" shall mean Bank of America Corporation, Bank of America, N.A., BofA Securities, Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, and/or any of its and their current, future and former parents, subsidiaries, affiliates, predecessors, successors or assigns.

## I.     Covered Claims

Except for Excluded Claims (as that term is defined below), and to the maximum extent permitted by law, all disputes, claims, complaints, or controversies that any employee has had, has now, or has at any time in the future against Bank of America and/or any of its current, future and former officers, directors, employees, and/or agents (the "Company"), or that Bank of America has had, has now, or has at any time in the future against any employee, including, but not limited to, claims relating to breach of contract, tort claims, wrongful discharge, discrimination and/or harassment claims, retaliation claims, claims for overtime, wages, leaves, paid time off, sick days, compensation, penalties or restitution, or any other claim under any federal, state, or local statute, constitution, regulation, rule, ordinance, or common law, arising out of and/or directly or indirectly related to the employee's application for employment with the Company, the employee's employment with the Company, the terms and conditions of the employee's employment with the Company, and/or termination of the employee's employment with the Company (collectively "Covered Claims"), are subject to arbitration pursuant to the terms of this Policy and will be resolved by arbitration and NOT by a court or jury.  THE PARTIES HEREBY FOREVER WAIVE AND GIVE UP THE RIGHT TO HAVE A COURT OR A JURY DECIDE ANY COVERED CLAIMS.

## II.     Excluded Claims

The following claims and disputes are not subject to this Policy ("Excluded Claims"):

    A.    For employees registered with the Financial Industry Regulatory Authority ("FINRA"), claims that are required and eligible to be arbitrated under the FINRA Code of Arbitration Procedure for Industry Disputes (except that if a Covered Claim may not be arbitrated before FINRA or is ineligible for, otherwise excluded

Bank of America—Arbitration Policy

from, or not subject to arbitration before, FINRA, then any arbitration of such Covered Claim shall be conducted in accordance with this Policy);

B.      Claims pending in court as of the date Bank of America distributes this Policy to employees;

C.      Claims that may not be subject to a pre-dispute arbitration agreement under the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act (unless the employee elects to pursue such claims in arbitration pursuant to this Policy);

D.      Applications or requests for temporary and/or preliminary injunctive relief in aid of arbitration or for the maintenance of the status quo pending arbitration, with the merits of any Covered Claim to be heard in arbitration;

E.      Claims for workers' compensation or unemployment compensation benefits, but not retaliation claims arising out of or relating to claims for workers' compensation or unemployment compensation benefits;

F.      Claims under the National Labor Relations Act, as amended within the exclusive jurisdiction of the National Labor Relations Board;

G.      For employees employed in California, claims for public injunctive relief under California law (*i.e.*, claims that benefit citizens as a whole, not just the employee or a group of employees), provided that a court of competent jurisdiction, not an arbitrator, will decide whether a claim is a claim for public injunctive relief;

H.      Representative "non-individual" California Private Attorneys General Act ("PAGA") claims to the extent they cannot be waived under applicable law, brought by the employee for alleged California Labor Code violations that individuals other than the employee have suffered; and

I.      Any claim that is expressly precluded from arbitration by a governing federal statute.

Nothing in this Policy shall prohibit an employee from filing a charge, complaint or claim, or participating in an investigation, with the U.S. Equal Employment Opportunity Commission, the National Labor Relations Board, the U.S. Department of Labor, the Occupational Safety and Health Commission, or any other federal, state, or local administrative agency. Notwithstanding the foregoing, any charge, complaint or claim involving a Covered Claim that is not finally resolved by the administrative agency, and any appeal or proceeding that commences in an agency and later is appealed to or brought in state or federal court, shall be subject to arbitration under this Policy and submitted to arbitration.

If any Excluded Claim is combined with a Covered Claim, the employee and Bank of America agree to sever the Excluded Claim(s) from any case they bring and pursue the Excluded Claim(s) in a case separate from the Covered Claim(s), which will be arbitrated to the maximum extent permitted by the Federal Arbitration Act.

III.    **Class, Collective, and Non-Individual Representative Action Waiver**

    A.    <u>Waiver of Class, Collective, and Non-Individual Representative Actions:</u>

        1.    To the maximum extent permitted by applicable law, Covered Claims must be brought in arbitration in an individual capacity only for injuries or violations directly experienced by the party bringing the claim, and must be adjudicated on an individual basis, and may not be initiated or maintained on a class action, collective action, or non-individual representative action basis in court or arbitration.  This means that neither employees nor Bank of America may serve or participate as a class or collective action member or representative or receive any recovery from a class or collective action involving Covered Claims in any proceeding.  In addition, neither employees nor Bank of America may participate as a plaintiff or claimant in a class or collective action involving Covered Claims against the employee or Bank of America, and agree to take all steps necessary to opt-out of, or refrain from opting into, any class or collective action involving a Covered Claim.

        2.    The arbitrator shall not have the authority to:  (i) consolidate or join claims by different persons into one proceeding; (ii) determine whether the Covered Claim should proceed to final adjudication as a class, collective or non-individual representative action; (iii) allow any Covered Claim to proceed in arbitration as a class, collective or non-individual representative action; and/or (iv) award relief on a class, collective or non-individual representative basis with respect to any Covered Claim.

    B.    <u>California Private Attorneys General Act ("PAGA") Individual Action Requirement.</u>  Employees employed in California and Bank of America further agree to arbitrate any PAGA claim by an employee to recover any unpaid wages, civil penalties as to the employee's individual claim, or other individual relief.  The arbitrator is without authority to preside over any non-individual PAGA claim (*i.e.*, any PAGA claim by a party to the arbitration for penalties associated with violations and/or injuries that the employee did not directly experience themselves).  This PAGA Individual Action Requirement clause, or any portion thereof, will be severable from this Policy if there is a final judicial determination that it is invalid, unenforceable, unconscionable, void or voidable. In such case, the PAGA action must be litigated in a civil court of competent jurisdiction but the portion of this PAGA Individual Action Requirement that is enforceable shall be enforced in arbitration.

    C.    <u>Court to Decide Enforceability of the Waiver</u>:  A court of competent jurisdiction, not an arbitrator, must resolve issues concerning the enforceability or validity of the Waiver of Class, Collective, and Non-Individual Representative Actions and/or PAGA Individual Action Requirement set forth above.

    D.    <u>Right to Challenge Validity of this Policy</u>: The employee has the right to challenge this Policy on any grounds that may exist in law and equity, and Bank of America shall not discipline, discharge, or engage in any retaliatory actions against the employee in the event the employee chooses to do so.  Bank of America, however,

reserves the right to enforce the terms and conditions of this Policy. If, for any reason, the Waiver of Class, Collective, and Non-Individual Representative Actions and/or PAGA Individual Action Requirement are held unenforceable or invalid in whole or in part, then a court of competent jurisdiction, not an arbitrator, will decide the claim as to which the waiver or requirement was held unenforceable or invalid and all other Covered Claims will remain subject to arbitration.

IV.    **Forum and Rules**

Except for arbitrations before FINRA, the following rules will apply to any arbitration under this Policy:

A.    Except as modified in this Policy, any Covered Claim will be resolved by final and binding arbitration conducted under the auspices and rules of JAMS in accordance with and subject to the JAMS Employment Arbitration Rules and Procedures and the JAMS Policy on Employment Arbitration Minimum Standards of Procedural Fairness ("JAMS Rules") in effect at the time of the arbitration or any successor rules. The JAMS Rules are available at www.jamsadr.com. If there is any conflict between the JAMS Rules and this Policy, the Policy shall govern.

B.    Any proceeding under this Policy must be brought within the time period provided for within the statute(s) of limitations applicable to the Covered Claims asserted.

C.    Unless otherwise agreed by the parties, the arbitration shall be held in the county of the employee's current or last principal place of employment with Bank of America or, if not practicable, in the county closest to the employee's current or last principal place of employment with Bank of America where the arbitration can be held. If the employee's current or last principal place of employment with Bank of America is outside of the United States, the arbitration shall be held in New York, New York.

D.    Unless otherwise agreed by the parties, the arbitration will be submitted to a single arbitrator selected in accordance with the JAMS Rules.

E.    Except as expressly precluded by federal law, any issue concerning arbitrability of a particular issue or claim pursuant to this Policy (except for issues concerning the enforceability or validity of the Waiver of Class, Collective, and Non-Individual Representative Actions and/or PAGA Individual Action Requirement) must be resolved by the arbitrator, not the court.

F.    Any party shall have the right to file, and the arbitrator must promptly hear and decide, any motion permitted by the Federal Rules of Civil Procedure, including, but not limited to, motions to compel discovery, motions for protective orders, motions to dismiss, motions for summary judgment, and motions in limine or any other dispositive motion. The arbitrator shall issue an appropriate protective order prior to the production of any relevant and discoverable confidential information or other non-publicly available documents or information requiring that such materials be treated as confidential at all times during and after the arbitration.

G.      The arbitrator shall follow and apply the substantive law, and be subject to the same rules of evidence and burdens of proof, that would have governed the Covered Claim(s) had it been heard in court. The arbitrator shall not enlarge, add to, subtract from, disregard, or otherwise alter the parties' rights under the applicable law.  In reaching a decision, the arbitrator shall be bound by the law and shall have no power to vary from said law.

H.      The arbitrator shall issue a final and binding written award, subject to review on the grounds set forth in the Federal Arbitration Act.  The arbitrator shall be authorized to award any party the full remedies that would be available to such party if the Covered Claim had been filed in a court of competent jurisdiction.  The arbitrator shall have no authority to make awards beyond that remedy or relief. The arbitrator may award reasonable attorneys' fees and expenses only if permitted by the applicable statute, law or contract. In the absence of such an express requirement, the arbitrator shall not have the authority to award attorneys' fees and expenses to either the employee or Bank of America.  The arbitrator shall not have authority to consider any claim that has not been administratively exhausted as required by statute, that is barred by an applicable statute of limitations, or that is otherwise raised in an untimely fashion as provided by applicable law.

I.      The employee shall be responsible for any filing fee required to initiate arbitration on the employee's behalf or to assert any counterclaims up to the amount of the filing fee, if any, the employee would have incurred had the employee filed such claims in court, and Bank of America shall be responsible for all additional arbitration filing fees, forum fees, arbitrator fees, and other administrative fees and costs of the arbitration forum.  The fees and expenses for any witness, expert, consultant, interpreter and others retained or consulted by a party shall be paid by the party requiring the presence of such persons, subject to applicable law.  Except as otherwise provided by law, all attorneys' fees shall be paid by the party that incurs them.

J.      No arbitration award or decision shall have preclusive effect as to any issues or claims in any other arbitration or court proceeding unless each of the parties in such proceeding was also a named party in the original arbitration and the issue and/or claims were actually litigated and decided by the arbitrator.

## V.     **<u>Confidentiality of Proceedings</u>**

To the maximum extent permitted by law, the employee and Bank of America shall maintain the confidential nature of any arbitration proceeding and the award except as may be necessary in connection with a judicial action to vacate or enforce an award, or unless otherwise required or protected by law or allowed by prior written consent of both parties.  This provision shall not prevent either the employee or Bank of America from communicating with witnesses to the extent necessary to assist in arbitrating the proceeding, nor shall this provision prohibit the employee from:  (a) discussing or disclosing information about unlawful acts in the workplace, such as harassment or discrimination or any other conduct that you have reason to believe is unlawful; (b) engaging in protected concerted activity under the National Labor Relations Act (such as discussions of wages, hours, or other terms and conditions of employment); or (c) initiating communications directly with, responding to any inquiry from, volunteering information to, or providing testimony before, the Securities and Exchange Commission, the Department of Justice, FINRA, any other self-regulatory organization or any other governmental, law enforcement, or regulatory authority, in

Bank of America—Arbitration Policy

connection with any reporting of, investigation into, or proceeding regarding suspected violations of law (and the employee shall not be required to advise or seek permission from the Company before engaging in any such activity).

## VI.     Severability

If any part or provision of this Policy is found to be void, voidable, or otherwise unenforceable, that part or provision shall be severed and such a finding will not affect the validity of the remainder of this Policy, and all other parts and provisions will remain in full force and effect.  If a court of competent jurisdiction determines that a particular provision set forth herein is invalid, unenforceable, or void under the applicable law in a particular jurisdiction, such provision will not be enforced in that jurisdiction but shall remain effective and enforceable in all other jurisdictions.

## VII.     Governing Law

The enforceability of this Policy shall be governed by and interpreted in accordance with the Federal Arbitration Act.

## VIII.     Modifications

Bank of America reserves the right, in its sole discretion, to modify the terms of this Policy prospectively at any time by providing thirty (30) calendar days advance notice to employees.  Such modifications shall be effective thirty (30) calendar days after the notice is provided to employees.  To the maximum extent permitted by law, Employees' continuation of employment for thirty (30) calendar days after such notice is provided shall be deemed acceptance of the revised terms.

## IX.     At-Will Employment

Neither the terms nor conditions described in this Policy are intended to create a contract of employment for a specific duration of time.  Employment with Bank of America is voluntarily entered into, and employees are free to end their employment at any time, with or without notice or cause, subject to any agreement between the employee and Bank of America.  Similarly, Bank of America may terminate the employment relationship at any time for any reason, with or without prior notice or cause, subject to any agreement between the employee and Bank of America.

## X.     Policy Survives Termination of Employment

This Policy will survive the termination of an employee's employment with Bank of America.  This Policy shall control over any prior agreement between any employee and Bank of America regarding the subject matter of dispute resolution of Covered Claims.  Notwithstanding the foregoing, in the event this Policy is found to be void, voidable, or otherwise unenforceable in full, or a Covered Claim is found not to be subject to this Policy, any prior agreement between an employee and Bank of America regarding the subject matter of dispute resolution shall remain in full force and effect.

BANK OF AMERICA

Marie Terezakis
Head of Employee Relations and GHR Conduct

Bank of America—Arbitration Policy