FILED

CLERK, U.S. DISTRICT COURT

07/13/2026

CENTRAL DISTRICT OF CALIFORNIA

BY_____mba_____DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

LUNA D'SOL

Plaintiff, In Pro Per

Email Address: jravada@icloud.com

2275 E Belding Dr

Palm Springs CA 92262

Telephone: 213-925-4069

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUNA D'SOL<br><br>                    Plaintiff,<br><br>VS.<br><br>BANK OF AMERICA, N.A.;<br>BANK OF AMERICA CORPORATION;<br>TRICIA SHANKS, an individual;<br>PETER C MAXIM, an individual;<br>and DOES 1 through 50, inclusive,<br><br>                    Defendant(s). | **Case No:** 5:26-cv-03535-JGB-SP<br><br>**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE**<br><br>Judge: Hon. Jesus G. Bernal          .<br>.          United States District Juge<br><br>Date:          August 3rd, 2026<br>Time:          8:30 am<br>Courtroom:  1, 2nd floor<br><br>Complaint Filed: March 4th, 2026<br><br>Concurrently filed with: Notice of Motion and Motion to Remand; Memorandum of Points and Authorities; Declaration of Luna D'Sol; Plaintiff's Response in Opposition to Defendants' Notice of Related Cases; Motion to Stay Pleadings; Motion for Relief Pursuant to the Court's Inherent Power. Plaintiff's Motion in Opposition to Defendants Motion to Compel Arbitration |

- 1 -

COMES NOW Plaintiff Luna D'Sol, and with the utmost respect for this Honorable Court, submits this formal Request for Judicial Notice.

Plaintiff submits the concurrently filed pleadings in response to Defendants' removal of this action and the issues thereby presented. Nothing contained in any concurrently filed pleading, motion, memorandum, declaration, request for judicial notice, or exhibit shall be construed as Plaintiff's consent to this Court's exercise of jurisdiction, a concession that removal was proper, an invocation of the Federal Rules of Civil Procedure with respect to the merits of the Complaint, or a waiver, express or implied, of Plaintiff's pending challenge to removal or of any jurisdictional, procedural, substantive, or evidentiary right, objection, or defense.

**REQUESTS FOR JUDICIAL NOTICE**

**Request No. 1:** Public records on file with the **Superior Court of California, County of Riverside**, in Case No. **CVPS2601396**, including a true and correct conformed copy of Plaintiff Luna D'Sol's **Complaint for Damages and Equitable Relief**, and its Exhibit filed on **March 4, 2026**, attached hereto as **Exhibit A** and was  downloaded by Plaintiff from the above-referenced online access portal website for the Superior Court of California, County of Riverside, The Complaint (**Exhibit A**), at pages 15–17, asserts a cause of action for Hostile Work Environment Harassment under Government Code section 12940(j) and specifically alleges personal misconduct by Defendants Tricia. See Declaration of Luna D'Sol filed on July 10, 2026: ¶2.

**Request No. 2:** Additional public records on with the Superior Court of California, County of Riverside accessible through its website and online public access portal for case CVPS2601396. True and correct copies of the Proof of Service of Summons as to Defendant Tricia Shanks dated March 4th, 2026 attached hereto as **Exhibit B** and was downloaded by Plaintiff from the above-referenced online access portal website for the Superior Court of California, County of Riverside. See Declaration of Luna D'Sol filed on July 10, 2026 ¶3

**Request No. 3:** Additional public records on with the Superior Court of California**,** County of Riverside accessible through its website and online public access portal for case CVPS2601396. True and correct copies of the NOTICE OF ENTRY OF DEFAULT as to Defendant Tricia Shanks dated May 1st, 2026 attached hereto as **Exhibit C** and was downloaded by Plaintiff from the above-referenced online

– 2 –

access portal website for the Superior Court of California, County of Riverside. See Declaration of Luna D'Sol filed on July 10, 2026 ¶3

**Request No. 4:** Additional public records on with the Superior Court of California, County of Riverside accessible through its website and online public access portal for case CVPS2601396. True and correct copies of the Proof of Service of Summons as to Defendant Peter Maxim dated May 4th, 2026 attached hereto as **Exhibit D** and was downloaded by Plaintiff from the above-referenced online access portal website for the Superior Court of California, County of Riverside. See Declaration of Luna D'Sol filed on July 10, 2026 ¶¶6, 30

**Request No. 5:** Additional public records on with the Superior Court of California, County of Riverside accessible through its website and online public access portal for case CVPS2601396. True and correct conformed copy of Defendant Peter Maxim's Answer to Complaint on June 3rd 2026 attached hereto as **Exhibit E** and was downloaded by Plaintiff from the above-referenced online access portal website for the Superior Court of California, County of Riverside. See Declaration of Luna D'Sol filed on July 10, 2026 ¶¶9, 14

**Request No. 6:** Additional public records on file with the Superior Court of California, County of Riverside, in Case No. CVPS2601396, consisting of a true and correct conformed copy of the parties' **Stipulation to Set Aside Default and File Responsive Pleading**, filed June 10, 2026, attached hereto as **Exhibit F** and was downloaded by Plaintiff from the above-referenced online access portal website for the Superior Court of California, County of Riverside. See Declaration of Luna D'Sol filed on July 10, 2026 ¶16-17, 19, 21.

**Request No. 7:** Additional public records on file with the Superior Court of California, County of Riverside, in Case No. CVPS2601396, consisting of a true and correct conformed copy of PROOF OF SERVICE OF SUMMONS UPON BANK OF AMERICA, N.A., filed June 10, 2026, attached hereto as **Exhibit G** and was downloaded by Plaintiff from the above-referenced online access portal website for the Superior Court of California, County of Riverside. See Declaration of Luna D'Sol filed on July 10, 2026 ¶23.

**Request No. 8:** Additional public records on file with the Superior Court of California, County of Los Angeles, in Case No. 25VECV04709, consisting of a true and correct conformed copy of CLERK'S

NOTICE OF VOIDING OF FILING, filed SEPTEMBER 15, 2025, attached hereto as **Exhibit H.** Plaintiff obtained the conformed copy from the Clerk of the Superior Court of California, County of Los Angeles. See Plaintiff Luna D'Sol Response in Opposition to Notice of Related Cases filed on July 10, 2026.

  **Request No. 9:** Official records of the California Division of Workers' Compensation, Workers' Compensation Appeals Board, consisting of a true and correct copy of the **Notice of Application** in **ADJ22484762**, dated April 13, 2026, reflecting that an Application for Adjudication of Claim concerning Plaintiff and Bank of America was filed on April 10, 2026, attached hereto as **Exhibit I**. See Plaintiff Luna D'Sol Response in Opposition to Notice of Related Cases filed on July 10, 2026.

**Special Note:** Plaintiff references the Workers' Compensation Appeals Board record solely because Defendants' Notice of Related Case places that proceeding at issue [ECF DOC. 3]. Plaintiff does not ask this Court to adjudicate, interpret, or rely upon any issue pending before the Workers' Compensation Appeals Board, nor does Plaintiff seek any relief relating to that proceeding. The WCAB matter remains subject to its own jurisdiction, procedures, and separate representation. Plaintiff cites the attached public record solely to establish the existence and procedural status of that proceeding and for no other purpose.

## II.  DISCUSSION

  Federal Rule of Evidence 201(b) provides, in pertinent party, that the "court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). This includes the records and reports of administrative bodies. See e.g., Abdullah v. U.S. Security Assocs., Inc., 731 F.3d 952, 959 fn. 10 (9th Cir. 2013) (taking judicial notice of California Department of Labor Standards Enforcement opinion letters); Smith v. Los Angeles Unified School Dist., 830 F.3d 843, 851 fn. 10 (9th Cir. 2016) (taking judicial notice of letters created and sent by the executive director of a school district and taking judicial notice of annual reports issued by an independent monitor of the district). Court orders and case filing cpcpmay also be properly judicially noticed, especially where directly related to the matter at issue. See Reese v. Daikin Comfort Technologies Distribution, Inc., 729 F.Supp.3d 980, 997 (C.D. Cal. 2024); U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248-249 (9th Cir. 1992) (courts may

take judicial notice of proceedings on other courts, both within and without the federal judicial system, if those proceedings have direct relation to the matters at issue). "The contents of government-published websites 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" Kingray Inc. v. Farmers Group Inc., 523 F.Supp.3d 1163, 1166, n.2 (C.D. Cal. 2021) (granted ant insurer's request to take judicial notice of bulletin published by the California Insurance Commission), citing Fed. R. Evid. 201(b)(2). Accordingly, this Court may take judicial notice of publicly available information found on a government agency's website. See Gerritsen v. Warner Bros. Entm't Inc., 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) (under "Rule 201, the court can take judicial notice of '[p]ublic records and government documents available from reliable sources on the Internet,' such as websites run by governmental agencies"), citing Daniels–Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998–999 (9th Cir. 2010) (taking judicial notice of online information "made publicly available by government entities"); see also L'Garde, Inc. v. Raytheon Space and Airborne Systems, 805 F.Supp.2d 932, 938 (C.D. Cal. 2011) (granting plaintiff's request for judicial notice of information and record search on California Secretary of State's website).

Requests for Judicial Notice Nos. 1-9 and the document attached as Exhibits A-I to this request for judicial notice are publicly available information accessible through websites of government agencies and/or courts, are ascertainable and verifiable records of administrative bodies and/or courts and no party can reasonably dispute the accuracy of these documents. Pursuant to Rule 201(c)(2) of the Federal Rules of Evidence, the Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Accordingly, judicial notice of Exhibits A-I are therefore appropriate and required.

**III.  CONCLUSION**

For the reasons set forth above, Plaintiff's Requests Nos. 1-9 for judicial notice should be granted and this Court should also take judicial notice of the documents attached hereto as Exhibits A-I.

Respectfully submitted:

**Dated: 7/10/2026**          **By:** _____

**Luna D'Sol**
Plaintiff, In Pro Per
jravada@icloud.com

- 5 -

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Riverside on 05/04/2026 09:35 AM
Case Number CVPS2601396 0000159492247 - Jason B. Galkin, Executive Officer/Clerk of the Court By Victoria Lopez, Clerk

**Luna D'Sol**

Plaintiff, In Pro Per

Email Address: jravada@icloud.com

2275 E Belding Dr

Palm Springs CA 92262

Telephone: 213-925-4069

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF RIVERSIDE

| | |
|---|---|
| LUNA D'SOL | ) Case No: **CVPS2601396** |
| Plaintiff, | ) **COMPLAINT FOR DAMAGES AND** |
| vs. | ) **EQUITABLE RELIEF** |
| BANK OF AMERICA, N.A.; | ) [Unlimited Jurisdiction] |
| BANK OF AMERICA CORPORATION; | ) **DEMAND FOR JURY TRIAL** |
| TRICIA SHANKS, an individual; | ) • DISCRIMINATON IN VIOLATION OF THE FEHA; |
| PETER C MAXIM, an individual; | ) • HOSTILE WORK ENVIRONMENT HARASSMENT IN VIOLATION OF THE FEHA; |
| and DOES 1 through 50, inclusive, | ) • RETALIATION IN VIOLATION OF THE FEHA |
| Defendants. | ) • FAILURE TO ACCOMMODATE A DISABILITY IN VIOLATION OF THE FEHA; |
| | ) • Failure to Pay Final Wages and Issuance of Inaccurate Wage Statements |
| | ) • FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS |
| | ) • Aiding and Abetting Discrimination, Harassment, and Retaliation |
| | ) • FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, OR RETALIATION |
| | • WRONGFUL TERMINATION OF EMPLOYMENT IN VIOLATION OF PUBLIC POLICY |

- 1 -

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, LUNA D'SOL, alleges, on the basis of personal knowledge and/or information and belief:

**I**

**INTRODUCTION**

1.     Plaintiff brings this civil action against BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; TRICIA SHANKS; PETER MAXIM; and DOES 1 through 50, inclusive (collectively, "Defendants") for, but not limited to, unlawful discrimination, harassment, retaliation, and related statutory and common law violations arising from Plaintiff's employment and termination. Plaintiff seeks economic and non-economic damages, punitive damages pursuant to Civil Code section 3294, statutory penalties, equitable and injunctive relief, costs, and reasonable attorneys' fees pursuant to Government Code section 12965. This action arises from Defendants' discrimination and retaliation against Plaintiff based on gender identity, gender expression, transgender status, and age, in violation of the California Fair Employment and Housing Act (Gov. Code §§ 12920, 12940 et seq.), including subdivisions (a), (h), (i), (j), (k), (m), and (n); retaliation under Labor Code sections 98.6 and 1102.5; failure to pay wages due upon discharge and issuance of inaccurate wage statements in violation of Labor Code sections 201, 203, and 226; and wrongful termination in violation of fundamental public policy. Plaintiff further seeks relief under Civil Code sections 52.1 and 3294, Code of Civil Procedure section 1021.5, and all other applicable statutory and equitable provisions.

**II**

**PARTIES**

2.     **PLAINTIFF LUNA D'SOL ("PLAINTIFF")** is an individual residing in Palm Springs, California, within the County of Riverside.

3.     **DEFENDANT BANK OF AMERICA, N.A. ("THE BANK")** is a national banking association organized under the laws of the United States, with its principal place of business in Charlotte, North Carolina. At all relevant times, THE BANK employed PLAINTIFF within the meaning of the California Fair Employment and Housing Act ("FEHA") (Gov. Code § 12926(d)) and the California Family Rights Act ("CFRA") (Gov. Code § 12945.2), exercised control over the terms and conditions of her employment and made the employment decisions challenged herein.

- 2 -

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

**4.**      **DEFENDANT BANK OF AMERICA CORPORAT**ION is the parent entity of BANK OF AMERICA, N.A. and, at all relevant times, operated as part of an integrated enterprise with centralized control over labor relations, human resources policies, and employment decisions affecting PLAINTIFF. Accordingly, BANK OF AMERICA CORPORATION is liable as an employer and/or joint employer under FEHA and CFRA.

**5.**      **DEFENDANT TRICIA SHANKS ("SHANKS")** is an individual residing in or near Newark, Delaware. At all relevant times, SHANKS was employed by THE BANK as Senior Vice President, Sr. Testing Manager, and served as PLAINTIFF's direct manager, superior in the chain of command to DEFENDANT MAXIM. SHANKS is named in her individual capacity for harassment under Government Code section 12940(j) and for aiding and abetting unlawful employment practices under Government Code section 12940(i). The conduct by SHANKS, as more fully alleged herein, was not routine personnel management but a sustained course of hostile action directed at PLAINTIFF following her disclosure of her transgender status.

**6.**      **DEFENDANT PETER MAXIM ("MAXIM")** is an individual residing in Woodland Hills, California — less than two miles from PLAINTIFF's secondary residence and within three miles of the designated office location cited by THE BANK as the geographic basis for PLAINTIFF's termination. At all relevant times, MAXIM served as PLAINTIFF's direct supervisor. MAXIM is named in his individual capacity for harassment under Government Code section 12940(j) and for aiding and abetting unlawful employment practices under Government Code section 12940(i). The conduct by MAXIM, as more fully alleged herein, was not routine personnel management but individually directed hostile action following PLAINTIFF's disclosure of her transgender status.

**7.**      All defendants compelled, coerced, aided, and/or abetted the discrimination, retaliation, and harassment alleged in this Complaint, which conduct is prohibited under California Government Code section 12940(i). All defendants were responsible for the events and damages alleged herein, including on the following bases: (a) defendants committed the acts alleged; (b) at all relevant times, one or more of the defendants was the agent or employee, and/or acted under the control or supervision, of one or more of the remaining defendants and, in committing the acts alleged, acted within the course and scope of such agency and employment and/or is or are otherwise liable for plaintiff's damages; (c) at all relevant times,

- 3 -

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

there existed a unity of ownership and interest between or among two or more of the defendants such that any individuality and separateness between or among those defendants has ceased, and defendants are the alter egos of one another. Defendants exercised domination and control over one another to such an extent that any individuality or separateness of defendants does not, and at all times herein mentioned did not, exist. Adherence to the fiction of the separate existence of defendants would permit abuse of the corporate privilege and would sanction fraud and promote injustice. All actions of all defendants were taken by employees, supervisors, executives, officers, and directors during employment with all defendants, were taken on behalf of all defendants, and were engaged in, authorized, ratified, and approved of by all other defendants.

8.      Defendants both directly and indirectly employed PLAINTIFF as defined in the Fair Employment and Housing Act ("FEHA") at Government Code section 12926(d).

9.      In addition, defendants compelled, coerced, aided, and abetted the discrimination, which is prohibited under California Government Code section 12940(i).

10.     Finally, at all relevant times mentioned herein, all defendants acted as agents of all other defendants in committing the acts alleged herein.

11.     PLAINTIFF is informed and believes, and thereon alleges, that at all relevant times, each DEFENDANT was the agent, servant, employee, partner, joint venturer, alter ego, or co-conspirator of each of the remaining DEFENDANTS and, in doing the acts alleged herein, was acting within the course and scope of such agency, service, employment, partnership, joint venture, or conspiracy, and with the permission, knowledge, and consent of each of the remaining DEFENDANTS.

**III**

**<u>JURISDICTION AND VENUE</u>**

12.     The actions at issue in this case occurred in the State of California, in the County of Riverside. Under the California Fair Employment and Housing Act, this case can alternatively, at Plaintiff's choice, be filed:[I]n a county in which the department has an office, ***in a county in which unlawful practices are alleged to have been committed***, in the county in which records relevant to the alleged unlawful practices are maintained and administered, in the county in which the person claiming to be aggrieved would have worked or would have had access to public accommodation, but for the alleged unlawful practices, in the

- 4 -

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

county of the defendant's residence or principal office. . . (Italics and bolding added) (California Government Code § 12965(b).)

13.    "[I]n the absence of an affirmative showing to the contrary, the presumption is that the county in which the title of the actions shows that the case is brought is, prima facie, the proper county for the commencement and trial of the action." (*Mission Imports, Inc. v. Superior Court* (1982) 31 Cal.3d 921, 928.) The FEHA venue statute – section 12965(b) – thus affords a wide choice of venue to persons who bring actions under FEHA. (*Brown v. Superior Court* (1984) 37 Cal.3d 477, 486.) "[T]he special provisions of the FEHA venue statute control in cases involving FEHA claims joined with non-FEHA claims arising from the same facts." (*Id*. at 487.)

14.    The amount in controversy exceeds $35,000, exclusive of interest and costs.

IV

**FACTUAL ALLEGATIONS**

15.    **HIRING:** PLAINTIFF, a 40-yeard old transgender female, was employed by THE BANK from March 31, 2006

16.    **JOB PERFORMANCE:**

   a.  **On January 16th, 2025**, weeks before PLAINTIFF's protected disclosure, PLAINTIFF received her annual performance evaluation covering the 2024 performance cycle. The evaluation rated PLAINTIFF as a "**solid performer**," and able to "**increase her workload month over month**," "**learned additional testing in relation to peers**", "**assisted in E2E Complaints Initiative**" and confirmed that she "**consistently completed all testing assignments**." The evaluation was delivered by DEFENDANT MAXIM, with DEFENDANT SHANKS present.

   b.  **On January 31, 2025**, SHANKS sent PLAINTIFF an email—copying MAXIM—confirming that PLAINTIFF's participation in **E2E Complaints initiative** was approved: 'this is a Go!

   c.  On or about **February 19, 2025,** DEFENDANTS MAXIM and SHANKS publicly recognized PLAINTIFF during a team meeting for her assistance with the **E2E Complaints** testing initiative. This recognition occurred approximately one week before PLAINTIFF disclosed her gender transition.

17.    **PROTECTED STATUS:**

   a.  PLAINTIFF is a transgender woman,

- 5 -

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

**b.** During her employment, Plaintiff engaged in protected activity, including raising complaints regarding unlawful discrimination and retaliation.

**18.** **EMPLOYMENT STATUS:** PLAINTIFF was notified that her employment had been terminated on May 21, 2025. The Bank subsequently issued revised documentation reflecting different termination decision dates and effective dates, without providing any explanation for the revisions.

**19.** **ADVERSE ACTIONS:**

**a.** On or about February 26, 2025, Plaintiff disclosed her gender transition and related medical needs to Defendants SHANKS and MAXIM. Prior to this disclosure, Plaintiff's employment record was unequivocally positive. She had recently received a favorable annual performance evaluation, written confirmation approving her participation in the End-to-End Complaints Initiative, and public commendation for her contributions. At no time before her protected disclosure had Plaintiff been disciplined, counseled, criticized, or placed on any form of performance notice. There was no documented concern regarding her work, conduct, availability, or professional standing. Immediately following Plaintiff's disclosure, however, the treatment she received changed in a manner that was both abrupt and unmistakable. Communications that had previously been collegial and collaborative became curt, transactional, and detached. Access to workstreams narrowed. Engagement decreased. Plaintiff was treated not as a valued contributor, but as a peripheral and scrutinized employee. The shift was not gradual or performance-based; it followed directly on the heels of her protected disclosure. The temporal proximity between Plaintiff's disclosure and the deterioration of her treatment was immediate and undeniable, giving rise to a reasonable inference that Defendants' conduct was motivated by **identity bias and discriminatory animus toward Plaintiff's transgender status**.

**b.** Within days of Plaintiff's February 26 disclosure, SHANKS and MAXIM behaved in this hostile and invalidating manner despite their knowledge of Plaintiffs health issues. SHANKS and MAXIM abruptly revoked Plaintiff's participation in the End-to-End Complaints Initiative—the very assignment SHANKS had approved in writing less than four weeks earlier and MAXIM publicly praised just seven days before. MAXIM refused to provide a response and SHANKS offered a single justification: that the Complaints team was "caught up." That explanation was

- 6 -

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

demonstrably false. Contemporaneous requests from the same Complaints team for additional testing support contradicted SHANKS's stated reason. No performance deficiency was cited. No business restructuring was announced. No other team member was similarly removed. The written approval had not been rescinded or modified before the disclosure. The public praise had not been qualified or retracted. The reversal came without warning, without documentation, and without any intervening event other than Plaintiff's protected disclosure. Plaintiff understood, as any reasonable employee would, that her disclosure had cost her the assignment and that her standing within the organization had fundamentally changed.

c. On or about March 28, 2025, MAXIM sent Plaintiff a message implying that she had not been working or responding to communications. Plaintiff immediately responded, confirming that she was logged in and actively performing her duties. MAXIM then admitted, "I'm off today"—meaning he was not logged into the system and had no basis to verify Plaintiff's work status before casting the accusation. The insinuation was baseless. An employee with Plaintiff's documented performance record—publicly praised weeks earlier—was accused of failing to work by a supervisor who, by his own admission, had no factual basis for the claim. Plaintiff had never before been subjected to such monitoring or suspicion. The incident reinforced what was becoming unmistakable: following her disclosure, she was being watched, questioned, and doubted in ways she had never experienced during nearly nineteen years of employment.

d. On April 23, 2025, SHANKS announced new testing opportunities and instructed interested employees to contact MAXIM. Plaintiff promptly expressed interest. MAXIM did not respond. He offered no explanation. He provided no feedback. He communicated no operational reason for the silence. Meanwhile, assignments continued to be distributed to other team members. Plaintiff—who weeks earlier had been formally recognized for expanding her workload and delivering competent performance—was shut out. The silence was conspicuous. It was materially different from the patterns of inclusion that had characterized her professional life before February 26. The exclusion deprived Plaintiff of development opportunities that had been available to her before her protected disclosure and signaled, in terms that required no words, that she was no longer welcome to participate.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

e. On April 30, 2025, a system outage affected month-end evaluations across the team. Plaintiff had completed her assigned workload. Other team members had not. Despite this, MAXIM released every other employee for the day and directed Plaintiff—alone—to remain logged in after regular working hours, pending system restoration. Plaintiff complied without objection. When the system resumed and Plaintiff notified MAXIM that she was available to assist, MAXIM did not assign work. Instead, he responded with a profane and dismissive remark. He then instructed Plaintiff to log off. No further explanation was given. The directive requiring Plaintiff alone to remain online—while every other team member went home—followed by profanity and dismissal once she complied, served no legitimate business purpose. It was unnecessary, disproportionate, and degrading. As an employee managing a serious medical condition that had been disclosed to management, the hostility intensified Plaintiff's stress, anxiety, and psychiatric symptoms. The cumulative conduct described above—removal of approved assignments, baseless accusations, deliberate exclusion from opportunities, isolation during a team-wide event, and profane dismissal—occurred in close temporal proximity to Plaintiff's protected disclosure and constitutes adverse employment action contributing to a hostile and retaliatory work environment.

20. **TERMINATION AND RETALIATORY DISCHARGE:**

a. On May 21, 2025, Plaintiff called Human Resources to request paid-time-off. The Bank approved it and provided continued normal compensation through its regular payroll process from the Bank's general assets.

b. At approximately 10:35 a.m. that same day, Plaintiff notified Defendant SHANKS that Human Resources had approved her absence and that she would not be working that day. Rather than acknowledging Plaintiff's medically approved absence, SHANKS immediately began pressing Plaintiff to participate in work-related discussions and attend a meeting. SHANKS pressured Plaintiff to engage in substantive work-related meetings with 'Lauren,' a party with whom Plaintiff had no prior professional relationship. The only time Plaintiff had seen that name was when SHANKS, responding to Plaintiff's February 26 gender transition disclosure, copied "Lauren Reed" on the acknowledgment. No one had told Plaintiff that Lauren was involved in an investigation, reviewing performance, or serving any identified function. The request for a meeting

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

was immediate, vague, and unsupported by any written explanation. No specific subject matter was identified. No allegation of misconduct was stated. No performance concern was cited. SHANKS persisted despite knowing that Plaintiff was protected by the FEHA.

c. On May 21, 2025, at 12:47 p.m.—approximately two hours after SHANKS had been pressing Plaintiff to engage—Plaintiff received an email from Loren Reed and SHANKS. The subject line referenced Plaintiff's employment separation and identified her exclusively by her former male name, notwithstanding Defendants' knowledge of her gender transition. The body of the email contained no substantive explanation, no statement of reasons, no reference to any performance issue, investigation, or disciplinary basis. It contained only a secure electronic link requiring affirmative action to access. No readable document was attached. No PDF was enclosed. No written explanation accompanied the link. It told her only, by its subject line and its silence, that she was being separated from the institution she had served for nearly nineteen years—and that even in that act, Defendants used her deadname. Plaintiff did not open the secure link. She understood that accessing the link could be construed as acknowledgment of, or acquiescence to, the terms contained within it, and she was unwilling to waive or compromise any rights without first reviewing the substance of what was being proposed. Plaintiff responded in writing, advising Reed and SHANKS that she would not access any secure link and requesting that a readable copy of the document—in standard PDF format—be provided to her directly. Plaintiff made clear that her review of any documentation would not constitute acceptance, acknowledgment, or waiver of any rights. No readable copy was immediately provided. No one addressed Plaintiff's concern.. The Bank's first communication regarding Plaintiff's termination was an opaque link, addressed to her deadname, with no explanation attached. When Plaintiff subsequently placed Defendants on formal notice that she disputed the termination and the circumstances surrounding it, Defendant SHANKS responded not with clarification, documentation, or justification, but with a single directive: return the company laptop and equipment.

d. On May 23, 2025, Defendant SHANKS transmitted an email to Plaintiff containing instructions for the return of Bank of America equipment. The email included a secure electronic link. Plaintiff again declined to open it. As with the May 21 communication, Plaintiff refused to access any Bank-

- 9 -

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

controlled electronic portal until she had first established in writing that doing so would not constitute agreement, acceptance, or waiver of any legal rights. She had received no response to her prior objections. No one had provided a substantive explanation for her termination. On May 28, 2025, Plaintiff sent a written communication to SHANKS and Reed. She confirmed receipt of the equipment return instructions and advised that she had accessed the secure link only that day—and only after first transmitting a separate written statement establishing that opening any secure link did not constitute agreement, acceptance, or waiver of any rights under applicable state or federal law. Plaintiff stated unequivocally that any return of equipment was made solely to comply with Defendants' logistical request and did not constitute acceptance of termination, acceptance of any proposed terms, or acknowledgment of the validity of Defendants' stated basis for separation. Plaintiff expressly reserved all rights. No one from THE BANK responded to Plaintiff's reservation of rights. No one acknowledged her legal position. No one addressed her dispute of the termination. In the seven days since transmitting a termination email to a woman with a serious medical condition, THE BANK's sole communication with Plaintiff concerned the recovery of a laptop. It had nothing to say about the nineteen years of service it had just discarded, or the statutory rights it had just violated.

e.  When Plaintiff was ultimately able to review the substance of the termination documentation, it stated that as of May 21, 2025, THE BANK had decided to eliminate her position as part of a "group termination" affecting employees who did not reside in proximity to designated office locations. That explanation was false on its face. Plaintiff maintained a secondary residence within approximately three miles of the designated office location. Both SHANKS and MAXIM were aware of this; Plaintiff had discussed her secondary residence with them during the course of her employment. Defendant MAXIM himself resided in Woodland Hills, California—less than two miles from Plaintiff's secondary residence and within the same geographic radius of the designated office. MAXIM worked remotely, under the same operational and structural conditions that THE BANK cited as the basis for Plaintiff's separation. MAXIM was not terminated. He was retained and reassigned. He now reports to Loren Reed—the same individual who first appeared in Plaintiff's employment record on the day of her gender transition disclosure and who co-

- 10 -

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

transmitted the termination communication on May 21, 2025. No concern regarding Plaintiff's geographic eligibility had ever been raised—not in her January 2025 performance evaluation, not in the January 31 assignment approval, not in the February 19 public recognition, not in any communication at any point during her nearly twenty years of employment—until after her protected disclosures. The geographic criterion materialized only after Plaintiff disclosed her transgender status and medical needs. It was then applied to terminate Plaintiff while exempting the male, non-transgender, non-disabled supervisor who lived less than two miles away under identical remote working conditions.

f. *Then came the revisions*. On or about June 17, 2025, at 12:18 a.m., Plaintiff received a DocuSign notification from THE BANK voiding the original termination letter—the very document that SHANKS and Reed had transmitted on May 21. No explanation was provided for the voiding. No one contacted Plaintiff. No one informed her why the documents she had been pressured to review were now being withdrawn in the middle of the night. Approximately two hours later, at 2:15 a.m., THE BANK issued a revised termination letter stating that the decision to terminate Plaintiff's employment had been made as of June 16, 2025—not May 21, 2025, as originally represented—and that Plaintiff's employment would end effective June 20, 2025. The documents again characterized the action as a "group termination" and again addressed Plaintiff by her former male name. All of this compounded Plaintiff's existing psychiatric distress and materially worsened her physician-documented medical condition. Plaintiff, who was facing a serious health condition exacerbated by Defendants' prior conduct, was now confronted with the reality that the institution she had served for nearly twenty years could not produce a consistent account of when or why it had decided to end her employment. The instability, confusion, and institutional dishonesty reflected in these communications deepened Plaintiff's anxiety, disrupted her course of medical treatment, and reinforced her reasonable belief that the termination was not the product of a legitimate business decision but was instead motivated by **discriminatory animus toward Plaintiff's gender identity and protected status**.

21. **Irreconcilable Employment Chronology**. On June 17, 2025 at 12:18 a.m., THE BANK voided the May 21, 2025, termination letter. At 2:15 a.m., it issued a revised document stating that the decision

- 11 -

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

to terminate Plaintiff's employment had instead been made as of June 16, 2025, with an effective termination date of June 20. 2025. The final paycheck issued June 23, 2025, omitted wages for June 19, 2025 and June 20, 2025. These representations cannot be reconciled. If the termination decision was made May 21, 2025, the June 17, 2025, revision contradicts the Bank's prior documentation. If the decision was made June 16, 2025, Defendants transmitted termination documentation nearly four weeks earlier without authority. Under either version, the Bank's records demonstrate that Plaintiff's termination was not the product of a consistent or legitimate employment decision

22.    **ECONOMIC DAMAGES:** As a consequence of Defendants' conduct, Plaintiff has suffered and will continue to suffer harm, including loss of past and future income and employment-related compensation, damage to her career and professional reputation, loss of wages through the stated termination date, and statutory penalties arising from Defendants' failure to pay all wages due upon discharge. THE BANK's own records represent that Plaintiff's employment continued through June 20, 2025, yet the final paycheck issued on June 23, 2025, omitted wages for June 19 and June 20, 2025.

23.    **NON-ECNOMIC DAMAGES:** As a consequence of Defendants' conduct, Plaintiff has suffered and will continue to suffer severe psychological and emotional distress, humiliation, anxiety, depression, and mental and physical pain and anguish.

a. Plaintiff disclosed her gender identity to her employer in an act of trust and vulnerability after nearly two decades of dedicated service. In the weeks and months that followed, that trust was repaid with professional isolation, baseless accusations, deliberate exclusion, hostile and profane treatment, and ultimately termination—transmitted by opaque electronic link, addressed to her deadname. Plaintiff was given no warning, no explanation, and no opportunity to respond. She was asked only to return her laptop.

b. The harm did not end with termination. In the months that followed, THE BANK continued to generate official records identifying Plaintiff by her former male name and incorrect honorifics— even after September 11, 2025 when a California court had entered an order legally changing her name and gender, and even after THE BANK had acknowledged that order and demonstrated its ability to use Plaintiff's correct legal name. Each document arriving in Plaintiff's mailbox bearing the name she had shed was a fresh act of erasure—a reminder that the institution that terminated

- 12 -

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

her still refused to acknowledge who she is. This ongoing conduct has caused Plaintiff sustained emotional suffering, loss of dignity, humiliation, and interference with her ability to move forward with her life and her medical recovery.

Plaintiff has suffered and will continue to suffer non-economic damages in sums to be proven at trial.

**24.     PUNITIVE DAMAGES**: Defendants' conduct constitutes oppression and malice under California Civil Code section 3294 and, thus, entitles plaintiff to an award of exemplary and/or punitive damages.

a. Defendants acted with malice in that their conduct was despicable and carried out with willful and conscious disregard of Plaintiff's rights, health, and safety. Within days of Plaintiff's disclosure of her transgender status, Defendants began systematically dismantling the professional standing she had built over nearly twenty years — revoking approved assignments, fabricating performance deficiencies, excluding her from opportunities extended to other team members, and subjecting her to hostile and profane treatment. When Plaintiff subsequently disclosed a serious medical condition under the California Family Rights Act, Defendants did not pause — they accelerated. They transmitted termination documentation within hours, addressed to her deadname. They then voided and reissued those documents in the middle of the night with shifting and irreconcilable decision dates, failed to pay all wages due through the stated termination period, and refused to engage with Plaintiff's contemporaneous written objections and reservation of rights.

b. Defendants further acted with malice and oppression in their treatment of Plaintiff's identity following termination. On September 11, 2025, a California court issued an order legally changing Plaintiff's name and gender. THE BANK acknowledged receipt of the certified court order. In a letter received September 17, 2025, THE BANK addressed Plaintiff by her legal name for the first time. Having demonstrated its knowledge and ability to use Plaintiff's correct legal name, THE BANK thereafter reverted to generating and transmitting official employment-related records and correspondence identifying Plaintiff by her former male name and incorrect honorifics—in documents received on or about September 18, 2025; September 22, 2025; September 26, 2025; October 3, 2025; November 15, 2025; December 15, 2025; and January 25, 2026. This conduct was not inadvertent. THE BANK had already used Plaintiff's correct name. It chose to stop. Each

- 13 -

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

subsequent document identifying Plaintiff by her former male name, after acknowledged receipt of a court order establishing her legal identity, constituted a deliberate act of disrespect directed at Plaintiff's gender identity and a conscious refusal to recognize her legal name.

c. Defendants additionally acted with oppression in that their cumulative conduct subjected Plaintiff to cruel and unjust hardship in conscious disregard of her rights, including the right to be free from discrimination based on gender identity, and the right to be identified in official records by her legal name following judicial decree. The hardship imposed was not incidental to a business decision. It was sustained, deliberate, and directed at the core of Plaintiff's identity as a transgender woman.

Plaintiff is entitled to an award of exemplary and punitive damages in an amount sufficient to punish Defendants and to deter similar conduct, according to proof at trial.

**25.** **ATTORNEY FEES**: Plaintiff has incurred legal expenses and attorney's fees.

**26.** **EXHAUSTION OF ADMINISTRATIVE REMEDIES**: Prior to filing this action, plaintiff exhausted her administrative remedies by filing a timely administrative complaint with California's Civil Rights Department and obtained a right-to-sue letter. (Ex. A)

**V**

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**

**Discrimination on the Bases of Sex, Gender Identity, Gender Expression, and Transgender Status**

(Violation of Gov. Code § 12940(a))

**Against Entity Defendants; and Does 1 to 50, Inclusive**

**27.** Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

**28.** At all times herein mentioned, FEHA, Government Code section 12940, *et seq.,* was in full force and effect and was binding on defendants. This statute requires defendants to refrain from discriminating against any employee because but not limited to the employee's sex, gender, gender identity and/or gender expression

- 14 -

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

29.    Plaintiff's sex, gender, gender identity and/or gender expression, and/or other characteristics protected by FEHA, Government Code section 12900, *et seq.,* were substantial motivating reasons in Defendants' decision to terminate Plaintiff's employment, not to retain, hire, or otherwise employ plaintiff in any position, and/or to take other adverse employment actions against plaintiff.

30.    As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and compensations.

31.    As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

32.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs, including expert costs, in an amount according to proof.

33.    Defendants' discrimination was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, entitling Plaintiff to punitive damages against Defendants.

**SECOND CAUSE OF ACTION**

**Hostile Work Environment Harassment on the Bases of Sex, Gender Identity, Gender Expression, and Transgender Status**

(Violation of Gov. Code § 12940(j))

Against All Defendants

34.    Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

35.    At all relevant times, Government Code section 12940, subdivision (j), was in full force and effect and binding on Defendants. This statute prohibits harassment of an employee because of sex, gender, gender identity, gender expression, and transgender status. Under Government Code section 12940, subdivision (j)(3), an employee of an entity subject to FEHA is personally liable for harassment regardless of whether the employer knew or should have known of the conduct and failed to take appropriate corrective action.

- 15 -

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

36.     At all relevant times, Defendants SHANKS and MAXIM were "persons" within the meaning of Government Code section 12940, subdivision (j), and "supervisors" within the meaning of Government Code section 12926, subdivision (t). Under Government Code section 12940, subdivision (j)(3), individual supervisors are personally liable for harassment regardless of whether the employer knew or should have known of the conduct and failed to take appropriate corrective action. SHANKS and MAXIM are therefore independently and personally liable for their harassing conduct. Their joinder is compelled by FEHA's express imposition of individual liability on supervisory employees who engage in harassment.

37.     Pursuant to Government Code section 12923(b), a single incident of harassing conduct can be sufficient to create a triable issue regarding the existence of a hostile work environment if the conduct has unreasonably interfered with the plaintiff's work performance or created an intimidating, hostile, or offensive working environment.

38.     Plaintiff is a transgender woman and was, at all relevant times, a member of protected classes under FEHA.

39.     Following Plaintiff's February 26, 2025 disclosure of her transgender status, Defendants SHANKS and MAXIM subjected Plaintiff to a sustained course of unwelcome conduct directed at her because of her gender identity. The conduct was not routine personnel management. It was individually directed, personally carried out, and escalating in severity.

40.     SHANKS's harassing conduct included: escalating Plaintiff's transgender disclosure to an outside HR representative within hours of receiving it; revoking an assignment she had approved in writing and publicly praised seven days earlier, citing a justification contradicted by contemporaneous evidence; denying a routine equipment request for the first time in Plaintiff's career; transmitting a false certification report to MAXIM despite having acknowledged Plaintiff's completion five days earlier; pressuring Plaintiff to attend meetings on her day off,  HR representative introduced on the day of the transgender disclosure; and co-transmitting the termination email addressed to Plaintiff's former male name.

41.     MAXIM's harassing conduct included: falsely accusing Plaintiff of not working and then admitting he had no basis for the accusation; ignoring Plaintiff's expressed interest in new assignments while distributing them to other team members; singling Plaintiff out to remain online after hours during a system outage while releasing every other employee; responding to Plaintiff's compliance with profanity

- 16 -

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

and dismissal; and participating in the transmission of termination documentation while the bank had already approved to be off that day.

42.    Following termination, THE BANK continued to subject Plaintiff to harassing conduct by generating and transmitting official employment records identifying her by her former male name and incorrect honorifics — even after a California court issued an order legally changing her name and gender, and even after THE BANK acknowledged that order and demonstrated its ability to use Plaintiff's correct legal name. This post-termination conduct occurred on at least seven documented occasions: September 18, 2025; September 22, 2025; September 26, 2025; October 3, 2025; November 15, 2025; December 15, 2025; and January 25, 2026.

43.    The harassing conduct described above was unwelcome, was directed at Plaintiff because of her transgender status and gender identity, and was sufficiently severe and pervasive — both individually and cumulatively — to alter the conditions of Plaintiff's employment and create an intimidating, hostile, and offensive working environment within the meaning of Government Code section 12923. Pursuant to Government Code section 12923, subdivision (b), a single incident of harassing conduct is sufficient to create a triable issue regarding the existence of a hostile work environment if it has unreasonably interfered with the plaintiff's work performance or created an intimidating, hostile, or offensive working environment. Plaintiff was subjected to far more than a single incident.

44.    The harassing conduct by SHANKS and MAXIM was outside the scope of any necessary personnel management action. The revocation of approved assignments without business justification, the fabrication of performance deficiencies, the profane and dismissive treatment, the singling out during team-wide events, and the persistent deadnaming after judicial decree were not actions required by any legitimate supervisory function. They were personal acts of hostility directed at Plaintiff because she is a transgender woman.

45.    As a direct and proximate result of Defendants' harassment, Plaintiff has suffered severe emotional distress, humiliation, and mental and physical pain and anguish, all to her damage in a sum according to proof.

///

///

- 17 -

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

46.    Defendants' harassment was committed intentionally, in a malicious, despicable, and oppressive manner, with willful and conscious disregard for Plaintiff's rights, entitling Plaintiff to punitive damages under Civil Code section 3294.

47.    Pursuant to Government Code section 12965, subdivision (c)(6), Plaintiff is entitled to recover reasonable attorneys' fees and costs.

### THIRD CAUSE OF ACTION

### Retaliation for Engaging in Protected Activity

(Violation of Gov. Code § 12940(h))

### Against Entity Defendants; and Does 1 to 50, Inclusive

48.    Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

49.    At all relevant times, Government Code section 12940, subdivision (h), was in full force and effect and binding on Defendants. This statute prohibits an employer from discharging, demoting, or otherwise discriminating or retaliating against any employee because the employee has opposed practices forbidden by FEHA, filed a complaint under FEHA, testified or assisted in any proceeding under FEHA, or otherwise engaged in activity protected by FEHA.

50.    Plaintiff engaged in protected activity when she disclosed her transgender status to her supervisors on February 26, 2025. That disclosure was itself protected activity under FEHA, as it constituted the assertion of rights guaranteed to transgender employees under Government Code sections 12940 and 12926.

51.    Prior to Plaintiff's February 26 transgender disclosure, her employment record was unblemished. She had received a favorable annual performance evaluation, written approval expanding her responsibilities, and public recognition from the supervisors who would later participate in her termination. At no point before her disclosure had Plaintiff been disciplined, counseled, criticized, or placed on any form of notice. There existed no documented basis for any adverse action against her.

52.    Following Plaintiff's protected activity, Defendants subjected her to a series of escalating adverse employment actions in close temporal succession: revocation of approved assignments within days of disclosure; baseless accusations of non-performance by a supervisor who admitted he had no factual basis

- 18 -

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

for the claim; deliberate exclusion from newly announced opportunities while other team members received assignments; isolation and hostile treatment during a team-wide work event, including profane and dismissive language; and termination of employment — transmitted by email and addressed to her deadname.

53.     The temporal proximity between Plaintiff's protected activity and the commencement of adverse actions was immediate. The first adverse action — revocation of the E2E Complaints Initiative assignment — occurred within days of the February 26 disclosure. Each subsequent adverse action followed in unbroken sequence. The termination occurred less than three months after the disclosure. No intervening event, performance change, or business development accounts for the shift from public recognition to termination in eighty-four days.

54.     Defendants' proffered justification — a "group termination" based on geographic proximity — is pretextual. The criterion was never raised during Plaintiff's nearly twenty years of employment. Plaintiff maintained a secondary residence within three miles of the designated office. Defendant MAXIM, who did not engage in protected activity, worked under identical conditions less than two miles away and was retained. Defendants subsequently voided and reissued the termination documents with a different decision date, further demonstrating that the stated rationale was pretext and that the adverse action was motivated by **identity bias and discriminatory animus toward Plaintiff's transgender status and protected activity**.

55.     Plaintiff's protected activity was a substantial motivating reason for Defendants' decision to subject her to adverse employment actions and to terminate her employment.

56.     As a direct and proximate result of Defendants' retaliation, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment-related compensation.

57.     As a further direct and proximate result of Defendants' retaliation, Plaintiff has suffered and continues to suffer humiliation, emotional distress, mental anguish, all to her damage in sums according to proof.

58.     Defendants' retaliation was committed intentionally, in a malicious, despicable, and oppressive manner, with willful and conscious disregard for Plaintiff's rights, entitling Plaintiff to punitive damages under Civil Code section 3294.

- 19 -

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

59.    Pursuant to Government Code section 12965, subdivision (c)(6), Plaintiff is entitled to recover reasonable attorneys' fees and costs.

### FOURTH CAUSE OF ACTION

### Failure to Accommodate a Disability in Violation of FEHA

(Violation of Gov. Code § 12940(m))

### Against Entity Defendants; and Does 1 to 50, Inclusive

60.    Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

61.    At all times herein mentioned, FEHA, Government Code section 12940(a), (i), (m), and (n), was in full force and effect and was binding on defendants. This statute requires defendants to provide reasonable accommodations to known disabled employees. Within the time provided by law, plaintiff filed a complaint with CRD, in full compliance with administrative requirements, and received a right-to-sue letter.

62.    Defendants used Plaintiff's disability as a basis for terminating her employment.

63.    Plaintiff is informed and believes, and on that basis alleges, that her disability and the need to accommodate her disability were substantial motivating reasons for Defendants' decision to terminate her employment.

64.    As a direct and proximate result of Defendants' willful, knowing, and intentional misconduct, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment-related compensation.

65.    As a further direct and proximate result of Defendants' misconduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

66.    Defendants' conduct was committed with malice, oppression, and a willful, conscious disregard for Plaintiff's rights and this entitles plaintiff for punitive damages.

67.    Pursuant to Government Code section 12965, subdivision (c)(6), Plaintiff is entitled to recover reasonable attorneys' fees and costs.

### FIFTH CAUSE OF ACTION

- 20 -

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

**Failure to Pay Final Wages and Issuance of Inaccurate Wage Statement**

(Violation of Labor Code §§ 201, 203, and 226)

**Against Entity Defendants; and Does 1 to 50, Inclusive**

**68.** Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

**69.** At all relevant times, Labor Code section 201 was in full force and effect. This statute requires that when an employer discharges an employee, all wages earned and unpaid at the time of discharge are due and payable immediately.

**70.** THE BANK represented in its own termination documentation that Plaintiff's employment would end effective June 20, 2025. Plaintiff was therefore entitled to all wages earned through that date.

**71.** On or about June 23, 2025, THE BANK issued a payment that included accrued vacation wages consistent with a final paycheck. However, the wages included compensation only through June 18, 2025. No wages were paid for June 19 or June 20, 2025 — the final two days of the employment period that THE BANK itself had designated.

**72.** THE BANK has offered no explanation for the omission. No written communication identified a basis for withholding wages through the stated termination date. No payroll correction has been issued.

**73.** By failing to pay all wages due through the date it represented as Plaintiff's final day of employment, THE BANK violated Labor Code section 201.

**74.** Plaintiff is informed and believes, and thereon alleges, that THE BANK's failure to pay all wages due was willful within the meaning of Labor Code section 203. THE BANK possessed actual knowledge of Plaintiff's stated termination date — it selected that date, it documented that date, and it transmitted that date to Plaintiff in formal termination correspondence. The decision to issue a final paycheck omitting the last two days of that self-designated period was not inadvertent. It was either a deliberate withholding or a product of the same administrative chaos that produced four irreconcilable termination dates — neither of which excuses the violation.

**75.** As a result of THE BANK's willful failure to timely pay all wages due, Plaintiff is entitled to waiting time penalties under Labor Code section 203 in an amount according to proof, continuing for up to thirty days of wages from the date of discharge.

- 21 -

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

76. The wage statement issued in connection with the June 23, 2025 payment reflected a pay period extending beyond the dates for which wages were actually paid. A wage statement that does not accurately reflect the wages earned and the dates for which those wages were paid does not comply with Labor Code section 226.

77. By issuing a wage statement that was inconsistent with the wages actually paid, THE BANK violated Labor Code section 226, subdivision (a).

78. As a direct and proximate result of these violations, Plaintiff has suffered economic damages including unpaid wages, statutory penalties, and the inability to accurately assess her own compensation and employment status during a period of acute personal and medical crisis.

79. Pursuant to Labor Code sections 203 and 226, subdivision (e), Plaintiff is entitled to recover statutory penalties, reasonable attorneys' fees, and costs

### SIXTH CAUSE OF ACTION

**Failure to Engage in Interactive Process**

**(Violation of Government Code § 12940(a), (i), (m), (n))**

**Against Entity Defendants; and Does 1 to 50, Inclusive**

80. Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

81. At all times herein mentioned, FEHA, Government Code section 12940(a), (i), (m), and (n), was in full force and effect and was binding on defendants. This statute requires defendants to engage in a timely, good faith interactive process to accommodate known disabled employees. Within the time provided by law, plaintiff filed a complaint with the CRD, in full compliance with administrative requirements, and received a right-to- sue letter.

82. Defendants wholly failed to engage in a timely, good-faith interactive process with Plaintiff to accommodate her known disabilities. Instead, Defendants terminated Plaintiff's employment in part because of her disabilities.

83. Plaintiff is informed and believes, and on that basis alleges, that her disability was a substantial motivating factor in Defendants' decision to terminate her employment.

- 22 -

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

84.    As a proximate result of Defendants' willful, knowing, and intentional misconduct, Plaintiff has sustained and continues to sustain substantial losses of earnings.

85.    As a proximate result of Defendants' willful, knowing, and intentional misconduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

86.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs, including expert costs, in an amount according to proof.

## SEVENTH CAUSE OF ACTION

### Aiding and Abetting Discrimination, Harassment, and Retaliation

(Violation of Gov. Code § 12940(i))

Against SHANKS and MAXIM

87.    Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

88.    At all relevant times, Government Code section 12940, subdivision (i), was in full force and effect. This statute makes it unlawful for any person to aid, abet, incite, compel, or coerce the doing of any act forbidden by FEHA.

89.    DEFENDANT SHANKS knowingly and substantially assisted THE BANK's discriminatory and retaliatory conduct. Within hours of receiving Plaintiff's February 26, 2025 transgender disclosure, SHANKS escalated it to Loren Reed — an individual with whom Plaintiff had no prior interaction and who later co-transmitted the termination notice. In the weeks that followed, SHANKS revoked Plaintiff's approved participation in the E2E Complaints Initiative citing a justification contradicted by contemporaneous evidence, denied a routine equipment request for the first time in Plaintiff's career, and transmitted a false certification report to MAXIM despite having acknowledged Plaintiff's completion five days earlier. On May 21, 2025, SHANKS pressured Plaintiff to return to work, then co-transmitted the termination email addressed to Plaintiff's former male name while Plaintiff was not working. SHANKS thereafter responded to Plaintiff's written dispute of the termination solely by directing her to return company equipment.

- 23 -

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

90.    DEFENDANT MAXIM knowingly and substantially assisted THE BANK's discriminatory and retaliatory conduct. After Plaintiff's transgender disclosure, MAXIM falsely accused Plaintiff of not working and then admitted he had no basis for the claim. MAXIM ignored Plaintiff's expressed interest in newly announced assignments while distributing them to other team members. MAXIM singled Plaintiff out to remain online after hours during a system outage while releasing every other employee, then responded to Plaintiff's compliance with profanity and dismissal. MAXIM worked remotely under the same geographic and operational conditions cited as the basis for Plaintiff's separation, yet was retained, reassigned, and now reports to Loren Reed.

91.    The conduct of SHANKS and MAXIM was not routine personnel management. It was active, knowing, and substantial participation in a course of discriminatory and retaliatory conduct that began with Plaintiff's transgender disclosure and culminated in her termination. Each acted with awareness of Plaintiff's protected status, awareness of THE BANK's obligations under FEHA, and awareness that the actions they were taking were directed at Plaintiff because of her gender identity and were motivated by **identity bias and discriminatory animus toward transgender employees**.

92.    As a direct and proximate result of the conduct of SHANKS and MAXIM, Plaintiff has suffered the damages set forth above, including loss of employment, loss of earnings, emotional distress, humiliation, deterioration of her medical condition, and other harm according to proof.

93.    The conduct of SHANKS and MAXIM was committed intentionally, in a malicious, despicable, and oppressive manner, with willful and conscious disregard for Plaintiff's rights, entitling Plaintiff to punitive damages against each of them individually under Civil Code section 3294.

94.    Pursuant to Government Code section 12965, subdivision (c)(6), Plaintiff is entitled to recover reasonable attorneys' fees and costs.

**EIGHTH CAUSE OF ACTION**

**Failure to Prevent Discrimination, Harassment, or Retaliation**

**(Violation of Government Code § 12900(k), et seq.)**

**Against Entity Defendants; and Does 1 to 100, Inclusive**

95.    Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

- 24 -

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

96.     At all times herein mentioned, Government Code section 12940, subdivision (k), was in full force and effect and binding on Defendants. This statute makes it an unlawful employment practice for an employer to fail to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring.

97.     Defendants knew or should have known that Plaintiff was being subjected to discrimination, harassment, and retaliation based on her sex, gender, gender identity, gender expression, and protected activity, yet failed to take reasonable steps to prevent such conduct.

98.     Defendants failed to implement reasonable policies, training, supervision, and corrective action necessary to prevent discrimination, harassment, and retaliation against Plaintiff.

99.     As a direct and proximate result of Defendants' failure to prevent discrimination, harassment, and retaliation, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment-related compensation.

100.    As a further direct and proximate result of Defendants' misconduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

101.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs, including expert costs, in an amount according to proof.

102.    Defendants' conduct was committed intentionally, in a malicious, despicable, and oppressive manner, entitling Plaintiff to punitive damages under Civil Code section 3294.

## NINTH CAUSE OF ACTION

### Wrongful Termination in Violation of Public Policy

(*Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167)

### Against Entity Defendants; and Does 1 to 50, Inclusive

103.    Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

104.    Defendants terminated Plaintiff's employment in violation of fundamental public policies embodied in California law, including but not limited to the California Fair Employment and Housing Act

- 25 -

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

(Gov. Code §12900 et seq.), which prohibits discrimination, harassment, and retaliation based on protected characteristics including sex, gender identity, gender expression, and transgender status, and California Labor Code section 1102.5, which protects employees from retaliation for engaging in protected activity.

105. Plaintiff engaged in conduct protected by these public policies, including disclosing her gender identity, asserting her rights under FEHA, and opposing unlawful discrimination and retaliation.

106. Defendants terminated Plaintiff's employment because of her protected status and protected activity, in violation of these fundamental public policies.

107. As a direct and proximate result of Defendants' wrongful termination, Plaintiff has suffered and continues to suffer loss of earnings, emotional distress, humiliation, and mental and physical pain and anguish, all in amounts according to proof.

108. Defendants' conduct was intentional, malicious, despicable, and carried out with conscious disregard for Plaintiff's rights, entitling Plaintiff to punitive damages under Civil Code section 3294.

109. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Code of Civil Procedure sections 1021.5 and 1032, Plaintiff is entitled to recover reasonable attorneys' fees and costs according to proof.

///

///

///

///

///

///

///

///

///

///

///

///

- 26 -

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

# VI

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF LUNA D'SOL prays for judgment against DEFENDANTS, and each of them, as follows:

a) Compensatory Damages: For compensatory damages according to proof for the harm caused by Defendants' unlawful conduct;

b) Economic Damages: For all economic damages, including but not limited to back pay, front pay, and the value of all lost employment-related compensation, according to proof;

c) Non-Economic Damages: For emotional distress and mental anguish damages;

d) Punitive Damages: For punitive damages under Civil Code section 3294 against all Defendants who acted with malice, oppression, or reckless disregard;

e) Equitable Relief: For restitution of all sums unlawfully withheld or acquired by Defendants;

f) Declaratory Relief: For a declaration that Defendants' conduct violated FEHA, CFRA, and the public policy of the State of California;

g) Injunctive Relief: For a permanent injunction ordering the correction of Plaintiff's employment records and data to accurately reflect the circumstances of their employment;

h) Reinstatement: For reinstatement to their former position or, in the alternative, an award of front pay;

i) Attorney's Fees: For reasonable attorney's fees and costs of suit pursuant to Government Code section 12965;

j) Interest: For prejudgment and post-judgment interest as permitted by law;

k) General Relief: For such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

///

///

///

- 27 -

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

**VERIFICATION**

I, LUNA D'SOL, am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 3rd, 2026, at Palm Springs, CA

/s/ Luna D'Sol_____     D

LUNA D'SOL, Plaintiff In Pro Per

- 28 -

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

# EXHIBIT E



STATE OF CALIFORNIA  |  Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

## Civil Rights Department

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

KEVIN KISH, DIRECTOR

August 11, 2025

Luna D'Sol
2275 E Belding Dr
Palm Springs, CA 92262

RE:     **Notice of Case Closure and Right to Sue**
        CRD Matter Number: 202508-30704712
        Right to Sue: D'Sol / Bank of America et al.

Dear Luna D'Sol:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective August 11, 2025 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave (Government Code sections 12945.2, 12945.6, or 12945.7) has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

CRD - ENF 80 RS (Revised 2025/02)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

After receiving a Right-to-Sue notice from CRD, you may have the right to file your complaint with a local government agency that enforces employment anti-discrimination laws if one exists in your area that is authorized to accept your complaint. If you decide to file with a local agency, you must file before the deadline for filing a lawsuit that is on your Right-to-Sue notice. Filing your complaint with a local agency does not prevent you from also filing a lawsuit in court.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/02)

# EXHIBIT B

Electronically FILED by Superior Court of California, County of Riverside on 03/23/2026 01:29 PM
Case Number CVPS2601396 0000161568807 - Jason B. Galkin, Executive Officer/Clerk of the Court By Angela Skelton, Clerk

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Luna D'Sol<br>2275 E Belding Dr<br>Palm Springs, CA 92262<br>TELEPHONE NO: 213-925-4069    FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: jravada@icloud.com<br>ATTORNEY FOR *(Name)*: In Pro Per | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Riverside
STREET ADDRESS:  3255 E. Tahquitz Canyon Way
MAILING ADDRESS:
CITY AND ZIP CODE:  Palm Springs, 92262-6996
BRANCH NAME:  Riverside-Palm Springs Courthouse

| PLAINTIFF / PETITIONER:  LUNA D'SOL | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:  BANK OF AMERICA, N.A., et al. | CVPS2601396 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>15424707 (27699461) |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X]  Summons
   b. [X]  Complaint
   c. [X]  Alternative Dispute Resolution (ADR) Package
   d. [X]  Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ]  Cross-Complaint
   f. [X]  Other *(specify documents)*:   Notice of Department Assignment , Notice of Case Management Conference , Notice of Department Assignment
3. a.  Party served *(specify name of party as shown on documents served)*:
   TRICIA SHANKS, AS INDIVIDUAL
   b. [ ]  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
4. Address where the party was served:
   800 Samoset Dr. , Newark, Delaware 19713
5. I served the party *(check proper box)*
   a. [ ]  by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:                    (2) at *(time)*:
   b. [X]  by substituted service. On *(date)*:  Mon, Mar 16 2026            at *(time)*:  03:50 PM            I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:
      Cherrae Stringfield, Manager of legal operations
      (1) [X]  (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ]  (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ]  (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [X]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
         from *(city)*:                                    or [X] a declaration of mailing is attached.
      (5) [X]  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | PROOF OF SERVICE OF SUMMONS | Page 1 of 2<br>Code of Civil Procedure, § 417.10 |
|---|---|---|

| PLAINTIFF / PETITIONER:   LUNA D'SOL | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:   BANK OF AMERICA, N.A., et al. | CVPS2601396 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)  on *(date):*                       (2)  from *(city):*

    (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  ☐  **by other means** *(specify means of service and authorizing code section):*

    ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

  a.  ☒  as an individual defendant.

  b.  ☐  as the person sued under the fictitious name of *(specify):*

  c.  ☐  as occupant.

  d.  ☐  On behalf of *(specify):*

    under the following Code of Civil Procedure section:

    ☐  416.10 (corporation)               ☐  415.95 (business organization, form unknown)

    ☐  416.20 (defunct corporation)          ☐  416.60 (minor)

    ☐  416.30 (joint stock company/association)   ☐  416.70 (ward or conservatee)

    ☐  416.40 (association or partnership)      ☐  416.90 (authorized person)

    ☐  416.50 (public entity)               ☐  415.46 (occupant)

    ☐  other:

7.  **Person who served papers**

  a.  Name:               William Bailey

  b.  Address:            5341 Old Redwood Highway, Suite 310, Petaluma, CA  94954

  c.  Telephone number:    800-938-8815

  d.  The fee for service was:   120.00

  e.  I am:

    (1)  ☒  not a registered California process server.

    (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).

    (3)  ☐  a registered California process server:

      (i)  ☐ owner  ☐ employee  ☐ independent contractor

      (ii)  Registration No:

      (iii)  County:

8.  ☒  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:   March 18, 2026

William Bailey

_____

(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc. - P000634
5341 Old Redwood Highway, Suite 310
Petaluma, CA  94954
800-938-8815                                         (SIGNATURE)

| PLAINTIFF / PETITIONER: LUNA D'SOL | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT: BANK OF AMERICA, N.A., et al. | CVPS2601396 |

## DECLARATION OF DILIGENCE
(This form must be attached to another form or court paper before it can be filed in court.)

Party Served: TRICIA SHANKS, AS INDIVIDUAL

1) Unsuccessful Attempt: Mar 16, 2026, 3:25 pm EDT at BANK OF AMERICA: 655 Paper Mill Rd, Newark, DE 19711

   *Per Brent Snyder head of security, they are not authorized to accept any legal documents or allow access to servers to serve possible employees or to call them down to security. They also will not confirm if this individual is employed by their company.*

   *He provided another location when all legal documents are processed, but since this is for an individual he does not think they will accept at that location either. The address is 800 Samoset Dr., Newark, DE 19713. Will proceed to that location.*

2) Successful Attempt: Mar 16, 2026, 3:50 pm EDT at 800 Samoset Dr. , Newark, Delaware 19713 received by Cherrae Stringfield, Manager of legal operations . Age: 36-45; Ethnicity: African American; Gender: Female; Weight: 150-174 lbs; Height: 5'4"-5'7"; Hair: Black;

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:   March 18, 2026

William Bailey

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

☐ Attorney for    ☐ Plaintiff    ☐ Petitioner    ☐ Defendant
☐ Respondent    ☒ Other *(Specify):* Process Server

MC-031

| PLAINTIFF / PETITIONER: LUNA D'SOL | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT: BANK OF AMERICA, N.A., et al. | CVPS2601396 |

## DECLARATION OF MAILING
(This form must be attached to another form or court paper before it can be filed in court.)

I am a citizen of the United States, over the age of 18 and not a party to the within action. My business address is 5341 Old Redwood Highway, Suite 310, Petaluma, CA 94954.

On 3/17/2026, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCP 4(e)(2)(B) or FRCP 4(h)(1)(B) was made (if applicable), I mailed copies of the:

Summons , Alternative Dispute Resolution Information Package, Notice of Department Assignment , Complaint , Notice of Case Management Conference , Civil Case Cover Sheet, Notice of Department Assignment

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Petaluma, CA, addressed as follows:

TRICIA SHANKS, AS INDIVIDUAL
800 Samoset Dr.
Newark, Delaware 19713.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:   3/17/2026
Kendall Holmes

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

☐ Attorney for ☐ Plaintiff ☐ Petitioner ☐ Defendant
☐ Respondent ☒ Other (Specify): InfoTrack US, Inc.

Form Approved for Optional Use
Judicial Council of California
MC-031 [Rev.July 1, 2005]

ATTACHED DECLARATION

Page 1 of 1

# EXHIBIT C

Electronically FILED by Superior Court of California, County of Riverside on 05/01/2026 06:00 PM
Case Number CVPS2601396 0000166102229 - Jason B. Galkin, Executive Officer/Clerk of the Court By Victoria Lopez, Clerk

**CIV-100**

| | | |
|---|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY:** | STATE BAR NO: | **FOR COURT USE ONLY** |

NAME: LUNA D'SOL

FIRM NAME:

STREET ADDRESS: 2275 E Belding Dr

CITY: Palm Springs    STATE: CA    ZIP CODE: 92262

TELEPHONE NO.: 213 925 4069    FAX NO.:

E-MAIL ADDRESS: jravada@icloud.com

ATTORNEY FOR (name): n/a

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Riverside
 STREET ADDRESS: 3255 E Tahquitz Canyon Way
 MAILING ADDRESS: 3255 E Tahquitz Canyon Way
 CITY AND ZIP CODE: Palm Springs CA 92262
 BRANCH NAME: Palm Springs

Plaintiff/Petitioner: Luna D'Sol

Defendant/Respondent: Bank of America, N.A., et al.

| **REQUEST FOR** (Application) | [X] **Entry of Default**  [ ] **Clerk's Judgment**  [ ] **Court Judgment** | CASE NUMBER: CVPS2601396 |
|---|---|---|

**Not for use in actions under the Fair Debt Buying Practices Act (Civ. Code, § 1788.50 et seq.)**; (see form CIV-105)

1. TO THE CLERK: On the complaint or cross-complaint filed
   a. on (date): March 4th, 2026
   b. by (name): Luna D'Sol
   c. [X] Enter default of defendant (names):

   Tricia Shanks, As An Individual

   d. [ ] I request a court judgment under Code of Civil Procedure sections 585(b), 585(c), 989, etc., against defendant (names):

   (Testimony required. Apply to the clerk for a hearing date, unless the court will enter a judgment on an affidavit under Code Civ. Proc., § 585(d).)

   e. [ ] Enter clerk's judgment
      (1) [ ] for restitution of the premises only and issue a writ of execution on the judgment. Code of Civil Procedure section 1174(c) does not apply. (Code Civ. Proc., § 1169.)
      [ ] Include in the judgment all tenants, subtenants, named claimants, and other occupants of the premises. The *Prejudgment Claim of Right to Possession* was served in compliance with Code of Civil Procedure section 415.46.
      (2) [ ] under Code of Civil Procedure section 585(a). (Complete the declaration under Code Civ. Proc., § 585.5 on the reverse (item 5).)
      (3) [ ] for default previously entered on (date):

2. **Judgment to be entered.**

| | Amount | Credits acknowledged | Balance |
|---|---|---|---|
| a. Demand of complaint . . . . . . . . . . . . . | $ | $ | $ |
| b. Statement of damages* | | | |
|  (1) Special . . . . . . . . . . . . . . . . . . . . | $ | $ | $ |
|  (2) General . . . . . . . . . . . . . . . . . . . | $ | $ | $ |
| c. Interest . . . . . . . . . . . . . . . . . . . . . | $ | $ | $ |
| d. Costs (see reverse) . . . . . . . . . . . . . | $ | $ | $ |
| e. Attorney fees . . . . . . . . . . . . . . . . . | $ | $ | $ |
| f. **TOTALS** . . . . . . . . . . . . . . . . . . . | $ | $ | $ |

   g. **Daily damages** were demanded in complaint at the rate of: $    per day beginning (date):

   (* Personal injury or wrongful death actions; Code Civ. Proc., § 425.11.)

3. [ ] (Check if filed in an unlawful detainer case.) **Legal document assistant or unlawful detainer assistant** information is on the reverse (complete item 4).

Date: 5/1/2026

Luna D'Sol
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

| **FOR COURT USE ONLY** | (1) [X] Default entered as requested on (date): 05/01/2026  (2) [ ] Default NOT entered as requested (state reason): | |
|---|---|---|

Clerk, by _____ , Deputy    **Page 1 of 3**

Form Adopted for Mandatory Use
Judicial Council of California
CIV-100 [Rev. January 1, 2023]

**REQUEST FOR ENTRY OF DEFAULT**
(Application to Enter Default)

Code of Civil Procedure, §§ 585–587, 1169
www.courts.ca.gov

**CIV-100**

| | |
|---|---|
| Plaintiff/Petitioner: Luna D'Sol | CASE NUMBER: |
| Defendant/Respondent: Bank of America, N.A., et al. | CVPS2601396 |

4. **Legal document assistant or unlawful detainer assistant (Bus. & Prof. Code, § 6400 et seq.).** A legal document assistant or unlawful detainer assistant ☐ did ☐ did **not** for compensation give advice or assistance with this form. If declarant has received **any** help or advice for pay from a legal document assistant or unlawful detainer assistant, state:

   a. Assistant's name:

   b. Street address, city, and zip code:

   c. Telephone no.:

   d. County of registration:

   e. Registration no.:

   f. Expires on *(date):*

5. ☐ **Declaration under Code Civ. Proc., § 585.5** *(for entry of default under Code Civ. Proc., § 585(a)).* This action

   a. ☐ is ☐ is not   on a contract or installment sale for goods or services subject to Civ. Code, § 1801 et seq. (Unruh Act).

   b. ☐ is ☐ is not   on a conditional sales contract subject to Civ. Code, § 2981 et seq. (Rees-Levering Motor Vehicle Sales and Finance Act).

   c. ☐ is ☐ is not   on an obligation for goods, services, loans, or extensions of credit subject to Code Civ. Proc., § 395(b).

6. **Declaration of mailing (Code Civ. Proc., § 587).** A copy of this *Request for Entry of Default* was

   a. ☐ **not mailed** to the following defendants, whose addresses are unknown to plaintiff or plaintiff's attorney *(names):*

   b. ☐ **mailed** first-class, postage prepaid, in a sealed envelope addressed to each defendant's attorney of record or, if none, to each defendant's last known address as follows:

   (1) Mailed on *(date):*

   (2) To *(specify names and addresses shown on the envelopes):*

I declare under penalty of perjury under the laws of the State of California that the foregoing items 4, 5, and 6 are true and correct.

Date:

_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF DECLARANT)

7. **Memorandum of costs** *(required if money judgment requested).* Costs and disbursements are as follows (Code Civ. Proc., § 1033.5):

   a. Clerk's filing fees . . . . . . . . . . . . . . . . . . . . $

   b. Process server's fees . . . . . . . . . . . . . . . . $

   c. Other *(specify):* $

   d. $

   e. **TOTAL** . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

   f. ☐ Costs and disbursements are waived.

   g. I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing item 7 is true and correct.

Date:

_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF DECLARANT)

| | | |
|---|---|---|
| CIV-100 [Rev. January 1, 2023] | **REQUEST FOR ENTRY OF DEFAULT**<br>**(Application to Enter Default)** | **Page 2 of 3** |

**CIV-100**

| | |
|---|---|
| Plaintiff/Petitioner: Luna D'Sol | CASE NUMBER: |
| Defendant/Respondent: Bank of America, N.A., et al. | CVPS2601396 |

8.  **Declaration of nonmilitary status** *(required for a judgment)*.
No defendant/respondent named in item 1c is in the military service of the United States as defined by either the Servicemembers Civil Relief Act (see 50 U.S.C. § 3911(2)) or California Military and Veterans Code sections 400 and 402(f).

I know that no defendant/respondent named in item 1c is in the U.S. military service because *(check all that apply)*:

a. ☐ the search results that I received from *https://scra.dmdc.osd.mil/*  say the defendant/respondent is not in the U.S. military service.

b. ☐ I am in regular communication with the defendant/respondent and know that they are not in the U.S. military service.

c. ☐ I recently contacted the defendant/respondent, and they told me that they are not in the U.S. military service.

d. ☐ I know that the defendant/respondent was discharged from U.S. military service on or about *(date)*:

e. ☐ the defendant/respondent is not eligible to serve in the U.S. military because they are:
  ☐ incarcerated ☐ a business entity

f. ☒ other *(specify)*:

Defendant's civilian employment with a private corporation is inconsistent with active military service.

---

**Note**
- U.S. military status can be checked online at *https://scra.dmdc.osd.mil/*.
- If the defendant/respondent is in the military service, or their military status is unknown, the defendant/respondent is entitled to certain rights and protections under federal and state law before a default judgment can be entered.
- For more information, see *https://selfhelp.courts.ca.gov/military-defaults*.

---

I declare under penalty of perjury under the laws of the State of California that the foregoing item 8 is true and correct.

Date: May 1st, 2026

Luna D'Sol
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF DECLARANT)

| | | |
|---|---|---|
| CIV-100 [Rev. January 1, 2023] | **REQUEST FOR ENTRY OF DEFAULT**<br>**(Application to Enter Default)** | **Page 3 of 3** |

For your protection and privacy, please press the Clear button after you have printed the form.

[ Print ]  [ Save ]  [ Clear ]

# EXHIBIT D

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*<br>Luna D'Sol<br>2275 E Belding Dr<br>Palm Springs CA 92262<br>TELEPHONE NO: 213-925-4069   FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: jravada@icloud.com<br>ATTORNEY FOR *(Name)*: In Pro Per | *FOR COURT USE ONLY* |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Riverside<br>STREET ADDRESS:   3255 E. Tahquitz Canyon Way<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:   Palm Springs, 92262-6996<br>BRANCH NAME:   Riverside-Palm Springs Courthouse | |
|---|---|

| PLAINTIFF / PETITIONER:   LUNA D'SOL<br>DEFENDANT / RESPONDENT:   BANK OF AMERICA, N.A., et al. | CASE NUMBER:<br>CVPS2601396 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>15769798 (28079771) |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. **X** Summons
   b. **X** Complaint
   c. **X** Alternative Dispute Resolution (ADR) Package
   d. **X** Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ Cross-Complaint
   f. **X** Other *(specify documents)*:   Notice of Case Management Conference
3. a. Party served *(specify name of party as shown on documents served)*:
      PETER C MAXIM, an individual
   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

4. Address where the party was served:
   31303 Agoura Road, Westlake Village, CA 91361
5. I served the party *(check proper box)*
   a. ☐ **by personal service**. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:                    (2) at *(time)*:
   b. **X** **by substituted service**. On *(date)*:   Mon, May 04 2026           at *(time)*:   04:19 PM            I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:
      Joseph De Shong - Security Guard
      (1) **X** **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) **X** I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
         from *(city)*:                                          or **X** a declaration of mailing is attached.
      (5) **X** I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Page 1 of 2<br>Code of Civil Procedure, § 417.10 |
|---|---|---|

| PLAINTIFF / PETITIONER:  LUNA D'SOL | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:  BANK OF AMERICA, N.A., et al. | CVPS2601396 |

5.  c.  [ ]  **by mail and acknowledgment of receipt of service**. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

       (1)  on *(date)*:              (2)  from *(city)*:

       (3)  [ ]  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

       (4)  [ ]  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  [ ]  **by other means** *(specify means of service and authorizing code section)*:

      [ ]  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

  a.  [X]  as an individual defendant.

  b.  [ ]  as the person sued under the fictitious name of *(specify)*:

  c.  [ ]  as occupant.

  d.  [ ]  On behalf of *(specify)*:

     under the following Code of Civil Procedure section:

| | | |
|---|---|---|
| [ ] 416.10 (corporation) | [ ] 415.95 (business organization, form unknown) | |
| [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) | |
| [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) | |
| [ ] 416.40 (association or partnership) | [ ] 416.90 (authorized person) | |
| [ ] 416.50 (public entity) | [ ] 415.46 (occupant) | |
| [ ] other: | | |

7.  **Person who served papers**

  a.  Name:           Andrew Jones

  b.  Address:        5341 Old Redwood Highway, Suite 310, Petaluma, CA  94954

  c.  Telephone number:    800-938-8815

  d.  **The fee** for service was:  $235.00

  e.  I am:

     (1)  [ ]  not a registered California process server.

     (2)  [ ]  exempt from registration under Business and Professions Code section 22350(b).

     (3)  [X]  a registered California process server:

       (i)  [ ] owner  [ ] employee  [X] independent contractor

       (ii)  Registration No:  618

       (iii)  County:  Ventura

8.  [X]  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     or

9.  [ ]  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:   May 5, 2026

Andrew Jones

_____

(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc. - P000634
5341 Old Redwood Highway, Suite 310
Petaluma, CA  94954
800-938-8815

_____

(SIGNATURE)

MC-031

| PLAINTIFF / PETITIONER: LUNA D'SOL | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT: BANK OF AMERICA, N.A., et al. | CVPS2601396 |

## DECLARATION OF DILIGENCE
*(This form must be attached to another form or court paper before it can be filed in court.)*

Party Served: PETER C MAXIM, an individual

1) Unsuccessful Attempt: Apr 30, 2026, 12:54 pm PDT at Business: 31303 Agoura Road, Westlake Village, CA 91361

   *Defendant not in per security guard.*

2) Unsuccessful Attempt: May 1, 2026, 10:13 am PDT at Business: 31303 Agoura Road, Westlake Village, CA 91361

   *Defendant not in per security guard.*

3) Successful Attempt: May 4, 2026, 4:19 pm PDT at Business: 31303 Agoura Road, Westlake Village, CA 91361 received by Joseph De Shong. Age: 26–35; Ethnicity: Caucasian; Gender: Male; Weight: 175–199 lbs; Height: 5'8"–5'11"; Hair: Brown; Eyes: Blue; Relationship: Security Guard ;

   *Security guards were unable to reach the Defendant by phone nor email. No Bank of America personnel were willing to come out to the lobby to accept service. Security guards were shown the service documents before I placed them in an envelope addressed to the Defendant and left them in their presence on the front desk. Sub-served at the direction of the Plaintiff's Attorney.*

**I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

Date:   May 5, 2026

Andrew Jones

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

☐ Attorney for   ☐ Plaintiff   ☐ Petitioner   ☐ Defendant
☐ Respondent   ☒ Other *(Specify):* Process Server

MC-031

| PLAINTIFF / PETITIONER: LUNA D'SOL | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT: BANK OF AMERICA, N.A., et al. | CVPS2601396 |

## DECLARATION OF MAILING

(This form must be attached to another form or court paper before it can be filed in court.)

I am a citizen of the United States, over the age of 18 and not a party to the within action. My business address is 5341 Old Redwood Highway, Suite 310, Petaluma, CA  94954.

On 5/5/2026, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCP 4(e)(2)(B) or FRCP 4(h)(1)(B) was made (if applicable), I mailed copies of the:

Complaint, Alternative Dispute Resolution Information Package, Civil Case Cover Sheet, Notice of Case Management Conference, Summons

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Petaluma, CA, addressed as follows:

PETER C MAXIM, an individual
31303 Agoura Road
Westlake Village, CA 91361

**I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

Date:   5/5/2026

Kendall Holmes
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

☐ Attorney for   ☐ Plaintiff   ☐ Petitioner   ☐ Defendant
☐ Respondent   ☒ Other *(Specify):* InfoTrack US, Inc.

| | | |
|---|---|---|
| Form Approved for Optional Use Judicial Council of California MC-031 [Rev.July 1, 2005] | **ATTACHED DECLARATION** | Page 1 of 1 |

# EXHIBIT E

MORGAN, LEWIS & BOCKIUS LLP
Karen Y. Cho, Bar No. 274810
karen.cho@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:    +1.213.612.2500
Fax:    +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Nicole L. Antonopoulos, Bar No. 306882
nicole.antonopoulos@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304-1124
Tel:    +1.650.843.4000
Fax:    +1.650.843.4001

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF AMERICA
CORPORATION, TRICIA SHANKS, and PETER C.
MAXIM

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF RIVERSIDE

| | |
|---|---|
| LUNA D'SOL,<br><br>                  Plaintiff,<br><br>          vs.<br><br>BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; TRICIA SHANKS, an individual; and PETER C. MAXIM, an individual;  and DOES 1 through 50, inclusive,<br><br>                Defendants. | Case No. CVPS2601396<br><br>[Case Assigned for All Purposes to Hon. Manuel Bustamante]<br><br>**DEFENDANT PETER C. MAXIM'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Date Action Filed: March 4, 2026 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Defendant Peter C. Maxim ("Defendant"), by and through his undersigned counsel, hereby submits this Answer to Plaintiff Luna D'Sol's ("Plaintiff") Complaint pursuant to Code of Civil Procedure Section 431.30, by denying generally each and every allegation contained therein and by asserting the following affirmative defenses:

## GENERAL DENIAL

Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendant denies, generally and specifically, each allegation in Plaintiff's Complaint. Defendant further generally and specifically denies that Plaintiff has been damaged in the sums alleged, or any other sum, or at all, because of any act or omissions to act on the part of Defendant or any of his agents, servants, employees, or representatives. Defendant further denies, generally and specifically, that Plaintiff is entitled to general, compensatory, punitive, or other damages, in any amount because of any act or omission to act on the part of Defendant or on the part of his agents, servants, employees, or representatives.

## ADDITIONAL DEFENSES

Defendant has not completed his investigation of the facts of this case, has not completed discovery, and has not completed his preparation for trial. Defendant asserts the following additional defenses based on his current knowledge, information, and belief. Without conceding that he bears the burden of proof or persuasion as to any one of them, Defendant asserts the following additional defenses to the allegations set forth in the Complaint:

## FIRST ADDITIONAL DEFENSE

### (Failure to State a Cause of Action)

1.     As a separate defense, Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action upon which relief can be granted against Defendant.

## SECOND ADDITIONAL DEFENSE

### (Statute of Limitations)

2.     As a separate defense, Defendant alleges that Plaintiff's claims are barred in whole or in part to the extent that Plaintiff alleges conduct that occurred prior to the applicable statute(s) of limitations, including but not limited to, Government Code section 12960.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

## THIRD ADDITIONAL DEFENSE

### (Failure to Exhaust Administrative Remedies)

3. As a separate defense, Defendant alleges that Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to timely, adequately, and/or fully to exhaust her administrative remedies with the Equal Employment Opportunity Commission ("EEOC") and/or the Civil Rights Department ("CRD") (formerly the Department of Fair Employment and Housing) and pursuant to any other statute or regulation that requires exhaustion of administrative remedies.

## FOURTH ADDITIONAL DEFENSE

### (Exceeds Scope of Administrative Charge)

4. As a separate defense, Defendant alleges that Plaintiff's claims brought under the Fair Employment and Housing Act ("FEHA") are barred to the extent that Plaintiff's allegations exceed the scope of any charges or complaints of discrimination, harassment, or retaliation Plaintiff filed with the EEOC and/or the CRD.

## FIFTH ADDITIONAL DEFENSE

### (After-Acquired Evidence)

5. As a separate defense, Defendant alleges that to the extent that Defendant acquires after Plaintiff's employment (including during the course of this litigation) any evidence of wrongdoing by Plaintiff, which wrongdoing would have materially affected the terms and conditions of Plaintiff's employment or would have resulted in Plaintiff either being demoted, disciplined, or terminated, such after-acquired evidence shall bar and/or limit the amount of damages Plaintiff can recover on her claims, assuming *arguendo*, Plaintiff is able to establish liability.

## SIXTH ADDITIONAL DEFENSE

### (Workers' Compensation Exclusivity)

6. As a separate defense, Defendant alleges that Plaintiff is barred from seeking any damages for purported physical, mental or emotional injuries allegedly suffered as a result of her

employment in that the sole and exclusive remedy in this respect is and was governed by the California Workers' Compensation Act, and the California Labor Code §§ 3200 *et seq*.

### SEVENTH ADDITIONAL DEFENSE

**(Pre-Existing Conditions)**

7. As a separate defense, Defendant alleges that to the extent Plaintiff purportedly has suffered any emotional pain, suffering, inconvenience, mental pain, loss of enjoyment of life, or any other non-pecuniary losses, which Defendant denies, Defendant is not responsible to the extent that some or all of such injuries are due to personal circumstances existing in Plaintiff's life during the relevant time or to pre-existing conditions.

### EIGHTH ADDITIONAL DEFENSE

**(Mitigation)**

8. As a separate defense, Defendant alleges that Plaintiff failed to fully, diligently, and adequately mitigate her alleged damages, if any.

### NINTH ADDITIONAL DEFENSE

**(Estoppel)**

9. As a separate defense, Defendant alleges that Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

### TENTH ADDITIONAL DEFENSE

**(Release and Waiver)**

10. As a separate defense, Defendant alleges that Plaintiff's claims are barred in whole or in part to the extent that they have been released and/or waived.

### ELEVENTH ADDITIONAL DEFENSE

**(Offset/Set-Off)**

11. As a separate defense, Defendant alleges that any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, are subject to the doctrines of offset, set-off, and/or recoupment.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -

DEFENDANT PETER C. MAXIM'S ANSWER TO PLAINTIFF'S COMPLAINT

## TWELFTH ADDITIONAL DEFENSE

### (One Satisfaction)

12.     As a separate defense, Defendant alleges that Plaintiff cannot properly recover damages under multiple or different theories or causes of action for the same or similar alleged acts.

## THIRTEENTH ADDITIONAL DEFENSE

### (Comparative Fault And/Or Negligence)

13.     As a separate defense, Defendant alleges that any recovery to which Plaintiff might be entitled must be reduced by reason of Plaintiff's own fault and/or negligence.

## FOURTEENTH ADDITIONAL DEFENSE

### (Avoidable Consequences)

14.     As a separate defense, Defendant alleges that Plaintiff unreasonably failed to take advantage on a timely basis of any preventative or corrective safeguards, procedures or measures provided by Defendant and/or Bank of America, N.A. (the "Bank") that would have remedied any alleged unlawful conduct, and that Plaintiff unreasonably failed otherwise to avoid harm. Defendant exercised reasonable care to prevent and correct promptly any alleged harassing behavior.  Plaintiff's failure to report the alleged harassment and/or discrimination was unreasonable under the circumstances and, more likely than not, using the Bank's internal remedies and procedures would have prevented some, if not all, of Plaintiff's claimed damages from occurring.  *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998); *Faragher v. Boca Raton*, 524 U.S. 775 (1998).

## FIFTEENTH ADDITIONAL DEFENSE

### (Equitable Indemnity/Proportional Fault)

15.     As a separate defense, Plaintiff's alleged injuries are the result, in whole or in part, of the acts or omissions of entities or individuals other than Defendant, including Plaintiff, and Defendant's liability, if any, must be reduced by any percentage of fault attributable to those other entities and/or individuals.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

DEFENDANT PETER C. MAXIM'S ANSWER TO PLAINTIFF'S COMPLAINT

<strong><u>SIXTEENTH ADDITIONAL DEFENSE</u></strong>

<strong>(Punitive Damages Unavailable)</strong>

16.     As a separate defense, Defendant alleges that Plaintiff's Complaint fails to state facts sufficient to support any claim for punitive damages, and Defendant's good faith actions bar serve as a complete bar to any claim for punitive damages.

<strong><u>SEVENTEENTH ADDITIONAL DEFENSE</u></strong>

<strong>(Unconstitutional Punitive Damages)</strong>

17.     As a separate defense, Defendant alleges that an award of punitive damages would be an unconstitutional denial of Defendant's right to due process and/or equal protection under the Fifth and Fourteenth Amendments to the United States Constitution and Articles I and IV of the California Constitution.

<strong><u>EIGHTEENTH ADDITIONAL DEFENSE</u></strong>

<strong>(Excessive Fine)</strong>

18.     As a separate defense, Defendant alleges that an award of penalties or punitive damages under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of Defendant's due process and other rights under the United States and California Constitutions.

<strong><u>NINETEENTH ADDITIONAL DEFENSE</u></strong>

<strong>(Alternative Stressors)</strong>

19.     As a separate defense, Plaintiff's claims for emotional distress damages are barred in whole or in part because other stressors, unrelated to her claims in this lawsuit, caused all or some of her emotional distress, if any.

<strong><u>TWENTIETH ADDITIONAL DEFENSE</u></strong>

<strong>(Same Decision/Mixed Motive)</strong>

20.     As a separate defense, to the extent Defendant made any decision(s), Defendant would have made the same decisions anyway, for legitimate, independent reasons.

<strong><u>TWENTY-FIRST ADDITIONAL DEFENSE</u></strong>

<strong>(Reasonable Care and Prompt Remedial Action)</strong>

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

- 5 -

DEFENDANT PETER C. MAXIM'S ANSWER TO PLAINTIFF'S COMPLAINT

21. As a separate defense, Defendant alleges that Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care and prompt and appropriate remedial action was taken by Defendant on all behaviors allegedly reported or complained of by Plaintiff, if any.

### TWENTY-SECOND ADDITIONAL DEFENSE

### (Privilege/Justification)

22. As a separate defense, Defendant alleges that Defendant's conduct, if any, was a just and proper exercise of managerial discretion, undertaken for fair and honest reasons, comporting with good faith under the circumstances, then existing, and was privileged and justified.

### TWENTY-THIRD ADDITIONAL DEFENSE

### (Business Judgment)

23. As a separate defense, Plaintiff's Complaint, and each cause of action, is barred because the alleged conduct of which Plaintiff complains, if committed, was made in good faith, honestly, not maliciously, and in the exercise of business judgment and for legitimate, non-discriminatory, lawful reasons that were not based on any improper or illegal consideration.

### TWENTY-FOURTH ADDITIONAL DEFENSE

### (Legitimate, Non-Discriminatory Reason)

24. As a separate defense, Defendant alleges that Plaintiff's claims are barred in whole or in part because Defendant acted based on legitimate, non-discriminatory and non-retaliatory reasons and/or business necessity.

### TWENTY-FIFTH ADDITIONAL DEFENSE

### (Arbitration Agreement)

25. As a separate defense, Defendant alleges that Plaintiff's claims are barred in whole or in part because she is subject to mandatory, final and binding arbitration pursuant to an arbitration agreement.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -

DEFENDANT PETER C. MAXIM'S ANSWER TO PLAINTIFF'S COMPLAINT

## TWENTY-SIXTH ADDITIONAL DEFENSE

### (Consent)

26.    As a separate defense, Defendant alleges that Plaintiff's claims are barred in whole or in part because of Plaintiff's consent and/or voluntary participation in all or some of the acts alleged, or conduct similar thereto.

## TWENTY-SEVENTH ADDITIONAL DEFENSE

### (Misjoinder of Parties/Not the Employer)

27.    Insofar as Plaintiff's claims against Defendant are based on an alleged employment relationship with Defendant, they are barred in whole or in part because no such relationship existed.

## TWENTY-EIGHTH ADDITIONAL DEFENSE

### (Undue Hardship)

28.    As a separate defense, Defendant alleges that to the extent Plaintiff sought and/or was otherwise eligible for an accommodation, the accommodation would be an undue hardship.

## TWENTY-NINTH ADDITIONAL DEFENSE

### (Additional Defenses)

29.    Defendant presently has insufficient knowledge and/or information on which to form a belief as to whether he may have additional, as yet unstated, defenses available. Defendant reserves the right to assert additional defenses if discovery indicates that such defenses would be appropriate.

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1.    That Plaintiff takes nothing by this action;

2.    That judgment be entered in favor of Defendant and against Plaintiff on all causes of action;

3.    That Defendant be awarded his costs of suit incurred herein;

4.    That Defendant be awarded his attorneys' fees incurred herein; and

5.    That the Court award Defendant such other and further relief as the Court may deem just and proper.

Dated:  June 3, 2026

MORGAN, LEWIS & BOCKIUS LLP


By   /s/ Nicole L. Antonopoulos
     Karen Y. Cho
     Nicole L. Antonopoulos
     Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF
AMERICA CORPORATION, TRICIA
SHANKS, and PETER C. MAXIM

## PROOF OF SERVICE

I, Suga A. Ikeda, declare:

I am a citizen of the United States and employed in Santa Clara County, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is 1400 Page Mill Road, Palo Alto, CA 94304. On June 3, 2026, I served a copy of the within document(s):

**DEFENDANT PETER C. MAXIM'S ANSWER TO PLAINTIFF'S COMPLAINT**

☒      by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Palo Alto, California addressed as set forth below.

☐      by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a agent for delivery.

☐      by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒      by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Luna D'Sol                        *In Pro Per*
2275 E. Belding Dr.
Palm Springs, CA 92262
Tel: (213) 925-4069
Email: jravada@icloud.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on June 3, 2026, at Palo Alto, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Suga A. Ikeda

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

-1-

PROOF OF SERVICE

Electronically FILED by Superior Court of California, County of Riverside on 06/25/2026 06:14 PM
Case Number CVPS2601396 0000172350975 - Jason B. Galkin, Executive Officer/Clerk of the Court By Victoria Lopez, Clerk

MORGAN, LEWIS & BOCKIUS LLP
Karen Y. Cho, Bar No. 274810
karen.cho@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:    +1.213.612.2500
Fax:    +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Nicole L. Antonopoulos, Bar No. 306882
nicole.antonopoulos@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304-1124
Tel:    +1.650.843.4000
Fax:    +1.650.843.4001

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF AMERICA
CORPORATION, TRICIA SHANKS, and PETER C.
MAXIM

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF RIVERSIDE

| | |
|---|---|
| LUNA D'SOL,<br><br>                    Plaintiff,<br><br>          vs.<br><br>BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; TRICIA SHANKS, an individual; and PETER C. MAXIM, an individual;  and DOES 1 through 50, inclusive,<br><br>                    Defendants. | Case No. CVPS2601396<br><br>**DEFENDANTS' NOTICE TO STATE COURT AND PLAINTIFF OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br><br>Complaint Filed:  March 4, 2026<br>Trial Date:          None Set |

DEFENDANTS' NOTICE TO STATE
COURT AND PLAINTIFF OF REMOVAL
OF ACTION TO FEDERAL COURT
Case No. CVPS2601396

**TO THE CLERK OF THE RIVERSIDE COUNTY SUPERIOR COURT AND PLAINTIFF:**

**PLEASE TAKE NOTICE THAT** on June 25, 2026, Defendant Bank of America, N.A. ("Defendant") filed a Notice of Removal, a true and correct conformed copy of which is attached hereto as ***Exhibit 1*** (minus the exhibits), with the United States District Court for the Central District of California, removing this case from the Superior Court of the State of California, for the County of Riverside.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1446(d), the filing of the Notice of Removal in the United States District Court for the Central District of California, together with the instant filing of a copy of the same with this Court, effects the removal of this action and that the above-captioned Court may conduct no further proceedings unless and until the case is remanded.

Dated: June 25, 2026                              MORGAN, LEWIS & BOCKIUS LLP


                                                  By   /s/ Karen Cho
                                                       Karen Cho
                                                       Nicole L. Antonopoulos

                                                       Attorneys for Defendants
                                                       BANK OF AMERICA, N.A., BANK OF
                                                       AMERICA CORPORATION, TRICIA
                                                       SHANKS, and PETER C. MAXIM

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

DEFENDANTS' NOTICE TO STATE
COURT AND PLAINTIFF OF REMOVAL
OF ACTION TO FEDERAL COURT
Case No. CVPS2601396

Case 5:26-cv-03535-JGB-SP    Document 17    Filed 07/13/26    Page 66 of 106   Page ID
#:438

# EXHIBIT 1

MORGAN, LEWIS & BOCKIUS LLP
Karen Y. Cho, Bar No. 274810
karen.cho@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Nicole L. Antonopoulos, Bar No. 306882
nicole.antonopoulos@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304-1124
Tel: +1.650.843.4000
Fax: +1.650.843.4001

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF
AMERICA CORPORATION, TRICIA
SHANKS, and PETER C. MAXIM

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUNA D'SOL,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; TRICIA SHANKS, an individual; and PETER C. MAXIM, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:26-cv-03535<br><br>**DEFENDANT BANK OF AMERICA, N.A.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**<br><br>[Riverside County Superior Court Case No. CVPS2601396]<br><br>[28 U.S.C. §§ 1332, 1441, and 1446] |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL

DB2/ 650506286.3

## TABLE OF CONTENTS

**Page**

I. SUMMARY OF COMPLAINT ................................................................ 1

II. REMOVAL IS TIMELY ...................................................................... 2

III. DIVERSITY JURISDICTION EXISTS .............................................. 3

    A. Complete Diversity Of Citizenship Exits. ................................ 3

        1. Plaintiff Is A Citizen Of California. .............................. 4

        2. BANA Is A Citizen Of North Carolina. ........................ 4

        3. BAC Is A Citizen Of North Carolina And Delaware. ...... 5

        4. Shanks Is A Citizen Of Pennsylvania. ........................... 5

        5. Doe Defendants. ............................................................ 6

        6. Maxim Is A Sham Defendant, So His Citizenship Is Not Considered For Removal Purposes. ................................ 6

    A. Plaintiff's Second And Seventh Causes Of Action Against Maxim Fails Because She Failed To Exhaust Administrative Remedies. .................................................................................. 8

    B. Plaintiff's Second Cause Of Action For Harassment Against Maxim Fails For Additional Reasons. ...................................... 10

    C. Plaintiff's Seventh Cause Of Action For Aiding And Abetting Discrimination Or Retaliation Against Maxim Fails For Additional Reasons. ................................................................. 12

IV. THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED ....................................................................................... 13

    A. Plaintiff's Alleged Lost Earnings. ........................................... 15

    B. Plaintiff's Alleged Emotional Distress Damages. .................... 16

    C. Plaintiff Seeks Punitive Damages. .......................................... 16

V. BANA HAS MET THE OTHER PREREQUISITES FOR REMOVAL ..... 17

VI. CONCLUSION .................................................................................. 18

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 650506286.3

NOTICE OF REMOVAL

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alexander v. Cmty. Hosp. of Long Beach,*
46 Cal. App. 5th 238 (2020) .................................................................................... 8

*Archuleta v. Am. Airlines, Inc.,*
2000 WL 656808 (C.D. Cal. May 12, 2000) ........................................................... 7

*Armstrong v. Church of Scientology Int'l,*
243 F.3d 546 (9th Cir. 2000) ............................................................................... 4, 5

*Aucina v. Amoco Oil Co.,*
871 F. Supp. 332 (S.D. Iowa 1994) ...................................................................... 17

*Banta v. Am. Med. Response Inc.,*
2011 U.S. Dist. LEXIS 77558 (C.D. Cal. July 15, 2011) ..................................... 13

*Batacan v. Allscripts Healthcare, LLC,*
2021 WL 2139065 (C.D. Cal. May 25, 2021) ......................................................... 9

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) ........................................................................................... 7, 8

*Boon v. Allstate Ins. Co.,*
229 F. Supp. 2d 1016 (C.D. Cal. 2002) .............................................................. 3, 5

*Campbell v. Hartford Life Ins.,*
825 F. Supp. 2d 1005 (E.D. Cal. 2011) ................................................................ 13

*Celestino v. Renal Advantage Inc.,*
2007 WL 1223699 (N.D. Cal. Apr. 24, 2007) ...................................................... 14

*Chavez v. JPMorgan Chase & Co.,*
888 F.3d 413 (9th Cir. 2018) ............................................................................... 13

*Cole v. Antelope Valley Union High School Dist.,*
47 Cal. App. 4th 1505 (1996) ................................................................................. 8

*Dart Cherokee Basin Operating Co., LLC v. Owens,*
135 S.Ct. 547 (2014) ............................................................................................ 13

-ii-

NOTICE OF REMOVAL

DB2/ 650506286.3

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

*Fisher v. San Pedro Peninsula Hosp.*,
214 Cal. App. 3d 590 (1989) ........................................................................ 10

*Galt G/S v. JSS Scandinavia*,
142 F. 3d 1150 (9th Cir. 1998) .................................................................... 16

*Gibson v. Chrysler Corp.*,
261 F.3d 927 (9th Cir. 2001) ....................................................................... 16

*Harvey v. Bank of America, N.A.*,
906 F. Supp. 2d 982 (N.D. Cal. 2012) ........................................................... 4

*Hertz Corp. v. Friend*,
559 U.S. 77 (2010) ......................................................................................... 5

*Hunt v. Washington State Apple Advertising Comm'n*,
432 U.S. 333 (1977) ..................................................................................... 16

*Iwekaogwu v. City of Los Angeles*,
75 Cal. App. 4th 803 (1999) ........................................................................ 16

*Janken v. GM Hughes Electrics*,
46 Cal. App. 4th 55 (1996) ..................................................................... 11, 12

*Johnson v. City of Loma Linda*,
24 Cal. 4th 61 (2000) ..................................................................................... 8

*Jones v. Dep't of Corrections & Rehabilitation*
(2007) 152 Cal.App.4th 1367 ...................................................................... 10

*Jones v. Lodge at Torrey Pines P'ship*,
42 Cal. 4th 1158 (2008) ............................................................................... 12

*Kaldis v. Wells Fargo Bank, N.A.*,
2016 WL 6407377 (C.D. Cal. Oct. 28, 2016) ................................................ 9

*Kanter v. Warner-Lambert Co.*,
265 F.3d 853 (9th Cir. 2001) ..................................................................... 3, 5

*Keiffer v. Bechtel Corp.*,
65 Cal. App. 4th 893 (1998) ........................................................................ 16

*King v. C&K Mkt., Inc.*,
2020 WL 5017613 (E.D. Cal. Aug. 25, 2020) ............................................. 12

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

-iii-                                                  NOTICE OF REMOVAL

DB2/ 650506286.3

*Krantz v. Bloomberg L.P.*,
2021 WL 8820655 (C.D. Cal. Dec. 1, 2021)........................................................ 12

*Lew v. Moss*,
797 F.2d 747 (9th Cir. 1986)............................................................................ 4, 5

*Lewis v. Verizon Commc'ns, Inc.*,
627 F.3d 395 (9th Cir. 2010)............................................................................. 14

*Lindland v. TuSimple, Inc.*,
2022 WL 19001977 (S.D. Cal. Dec. 19, 2022)................................................... 11

*Lyle v. Warner Brothers Television Productions*
38 Cal.4th 264 (2006) ....................................................................................... 10

*McBroom v. Wal-Mart Stores, Inc.*,
2016 WL 3549606 (E.D. Cal. June 30, 2016)..................................................... 11

*McCabe v. Gen. Food Corp.*,
811 F.2d 1336 (9th Cir. 1987).................................................................... 3, 6, 7

*Medix Ambulance Serv., Inc. v. Superior Ct.*,
97 Cal. App. 4th 109 (2002)................................................................................ 8

*Melendez v. HMS Host Family Rest., Inc.*,
2011 WL 3760058 (C.D. Cal. Aug. 25, 2011)................................................... 14

*Newcombe v. Adolf Coors Co.*,
157 F.3d 686 (9th Cir. 1998)............................................................................... 6

*Polk v. OSI Elecs., Inc.*,
2014 WL 12787639 (C.D. Cal. Feb. 24, 2014).................................................... 9

*Ramirez v. Wong*
(2010) 188 Cal.App.4th 1480............................................................................ 10

*Reno v. Baird*,
18 Cal. 4th 640 (1998)...................................................................................... 12

*Ritchey v. Upjohn Drug Co.*,
139 F.3d 1313 (9th Cir. 1998)............................................................................. 7

*Rivera v. Costco Wholesale Corp.*,
2008 WL 2740399 (N.D. Cal. July 11, 2008)................................................... 14

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

-iv-                                                    NOTICE OF REMOVAL

DB2/ 650506286.3

*Romano v. Rockwell Int'l, Inc.*,
14 Cal. 4th 479 (1996) ............................................................................................. 8

*Rouse v. Wachovia Mortg., FSB*,
747 F.3d 707 (9th Cir. 2014) ................................................................................... 4

*Satrap v. Pac. Gas & Elec. Co.*,
42 Cal. App. 4th 72 (1996) ...................................................................................... 16

*Sheppard v. Freeman*,
67 Cal. App. 4th 339 (1998) .................................................................................... 11

*Silo v. CHW Med. Found.*,
86 Cal. App. 4th 947 (2001) .................................................................................... 16

*Simmons v. PCR Tech.*,
209 F. Supp. 2d 1029 (N.D. Cal. 2002) ................................................................... 16

*Soliman v. Philip Morris, Inc.*,
311 F.3d 966 (9th Cir. 2002) ................................................................................... 6

*State Farm Mut. Auto. Ins. Co. v. Dyer*,
19 F.3d 514 (10th Cir. 1994) ................................................................................ 4, 6

*TPS Utilicom Serv., Inc. v. AT & T Corp.*,
223 F. Supp. 2d 1089 (C.D. Cal. 2002) ................................................................... 7

*United Computer Systems, Inc. v. AT&T Corp.*,
298 F.3d 756 (9th Cir. 2002) ................................................................................... 1

*Washington v. Hovensa LLC*,
652 F.3d 340 (3d Cir. 2011) ................................................................................. 4, 5

*Watkins v. Thomas*,
2011 WL 13217678 (C.D. Cal. Mar. 1, 2011) ......................................................... 9

*Wysinger v. Automobile Club of Southern California*,
157 Cal.App.4th 413 (2007) .................................................................................... 17

**Statutes**

28 U.S.C. § 1332 ................................................................................................. 1, 3

28 U.S.C. § 1332(a) ..................................................................................... 3, 13, 18

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

-v-                                    NOTICE OF REMOVAL

DB2/ 650506286.3

28 U.S.C. § 1332(c)(1) ........................................................................................... 5

28 U.S.C. § 1348 ................................................................................................... 4

28 U.S.C. § 1441 .............................................................................................. 1, 3

28 U.S.C. § 1441(a) ........................................................................................ 3, 17

28 U.S.C. § 1441(b) ......................................................................................... 3, 6

28 U.S.C. § 1441(b)(1) ......................................................................................... 6

28 U.S.C. § 1446 ............................................................................................ 1, 18

28 U.S.C. § 1446(a) ............................................................................................ 17

28 U.S.C. § 1446(b) ............................................................................................. 2

28 U.S.C. § 1446(b)(2)(A) .................................................................................... 1

28 U.S.C. § 1446(d) ............................................................................................ 17

Cal. Gov't Code §§ 12960–12965 ........................................................................ 8

Cal. Gov't Code § 12960(c) .................................................................................. 8

California Code of Civil Procedure § 415.30 ........................................................ 2

Fed. R. Civ. P. 12(b)(6) ........................................................................................ 7

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

-vi-                                        NOTICE OF REMOVAL

DB2/ 650506286.3

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF:**

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Bank of America, N.A. ("Defendant" or "BANA") hereby removes the above-entitled action from the Riverside County Superior Court to the United States District Court for the Central District of California.[1] In support of this removal notice, BANA states the following:

## I.     SUMMARY OF COMPLAINT

1. On March 4, 2026, Plaintiff Luna D'Sol ("Plaintiff") filed a complaint[2] against Defendants BANA, Bank of America Corporation ("BAC"), Tricia Shanks ("Shanks"), and Peter C. Maxim ("Maxim") (collectively "Defendants") in Riverside County Superior Court, entitled *Luna D'Sol v. Bank of America, N.A., et al.*, Case No. CVPS2601396 ("Complaint"). The Complaint alleges causes of action for: (1) discrimination based on sex, gender identity, gender expression, and transgender status in violation of the California Fair Employment and Housing Act ("FEHA") against Entity Defendants; (2) hostile work environment harassment based on sex, gender identity, gender expression, and transgender status in violation of the FEHA against all Defendants; (3) retaliation in violation of the FEHA against Entity Defendants; (4) failure to accommodate a disability in violation of FEHA against Entity Defendants; (5) failure to pay final wages and issuance of inaccurate wage statements against Entity Defendants; (6) failure to engage in interactive process in

---

[1] Defendants Tricia Shanks, Peter C. Maxim, and Bank of America Corporation are sham defendants and thus are not properly joined in this action. Their consent therefore is not required for removal of this action to this Court. *See United Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002). Nonetheless, all Defendants consent to the removal of this action pursuant to 28 U.S.C. § 1446(b)(2)(A).

[2] Before Plaintiff filed the instant action, Plaintiff filed two prior complaints alleging employment-related claims against BANA after her employment terminated. *See* Los Angeles County Superior Court, Case No. 25VECV04709, and Central District of California, Case No. 5:25-cv-03316-SSS-DTB. Plaintiff voluntarily dismissed her two prior actions. This is the third lawsuit that Plaintiff has filed against BANA, and the first time that Plaintiff has named Shanks and Maxim as defendants.

violation of FEHA against Entity Defendants; (7) aiding and abetting discrimination, harassment, and retaliation in violation of FEHA against Shanks and Maxim; (8) failure to prevent discrimination, harassment, or retaliation in violation of FEHA against Entity Defendants; and (9) wrongful termination in violation of public policy against Entity Defendants.

2. On May 4, 2026, Plaintiff caused the Notice and Acknowledgement of Receipt, Summons, Complaint, and other case initiating documents, to be sent to BANA's counsel pursuant to California Code of Civil Procedure section 415.30. A true and correct copy of Plaintiff's Complaint is attached as **Exhibit A** and is incorporated by reference. True and correct copies of the other documents Plaintiff sent to BANA's counsel are attached as **Exhibit B** and are incorporated by reference.

3. On May 26, 2026, BANA's counsel signed and returned to Plaintiff the Notice and Acknowledgement of Receipt of Summons. A true and correct copy of BANA's signed Notice and Acknowledgement of Receipt is attached as **Exhibit C.**

4. **Exhibit D** constitute all the pleadings, process and orders filed in the Superior Court action as well as a corresponding index of all documents and the date they were filed.

## II. **REMOVAL IS TIMELY**

5. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), because it is being filed within thirty (30) days after service of the complaint. Under California Code of Civil Procedure section 415.30, "[s]ervice of a summons . . . is deemed complete on the date a written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender." On May 26, 2026, BANA's counsel signed and returned the Notice and Acknowledgement of Receipt of Summons to Plaintiff. Pursuant to California Code of Civil Procedure § 415.30(c), service was completed on May 26, 2026, the date BANA's counsel signed and returned the written acknowledgement of receipt of summons. BANA thus has thirty (30) days from May 26, 2026 to file a notice of removal. Thirty (30) days from

May 26, 2026, is June 25, 2026. Because this Removal is filed on or by June 25, 2026, it is timely.

6. No previous Notice of Removal has been filed or made with this Court for the relief sought.

## III. DIVERSITY JURISDICTION EXISTS

7. This is a civil action of which the Court has original jurisdiction pursuant to 28 U.S.C. §1332 (diversity jurisdiction), and is one which BANA may remove pursuant to 28 U.S.C. §1441. This is a civil action where the amount in controversy for Plaintiff's claims exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. As shown below, Defendant Peter Maxim is a "sham" defendant, and his citizenship may be disregarded for purposes of establishing diversity.

### A. Complete Diversity of Citizenship Exits.

8. A case may be heard in federal court under diversity jurisdiction if there is complete diversity; *i.e.*, all plaintiffs are diverse from all defendants. 28 U.S.C. § 1332(a). A defendant may remove an action to federal court under 28 U.S.C. § 1332 provided no defendant is a citizen of the same state in which the action was brought. 28 U.S.C. § 1441(a), (b). The citizenship of improperly and fraudulently joined defendants must be disregarded for removal purposes. *McCabe v. Gen. Food Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

9. Here, disregarding the improperly and fraudulently joined Defendant Peter Maxim, all requirements are met because Plaintiff is a citizen of California, BANA is a citizen of North Carolina, BAC is a citizen of Delaware and North Carolina, and Shanks is a citizen of Pennsylvania.[3]

---

[3] Plaintiff alleges that Shanks "is an individual residing in or near Newark, Delaware." Exh. A, Compl. ¶ 5. At all relevant times, Shanks has resided in Pennsylvania, and she is a citizen of Pennsylvania. Either way, there is no indication that Shanks was a citizen of California.

### 1. Plaintiff Is a Citizen of California.

10. "An individual is a citizen of the state in which he [or she] is domiciled." *Boon v. Allstate Ins. Co.,* 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

11. Evidence of continuing residence creates a presumption of domicile. *Washington v. Hovensa LLC*, 652 F.3d 340, 345 (3d Cir. 2011); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994). Once the removing party produces evidence supporting that presumption, the burden shifts to the other party to come forward with contrary evidence, if any, in order to dispute domicile. *Id*.

12. Here, Plaintiff alleges that she "is an individual residing in Palm Springs, California." Exh. A, Compl. ¶ 2. Plaintiff does not allege that she was a citizen of any state other than California, and there is no indication that Plaintiff is or was a citizen of any state other than California at any time relevant to the Complaint. As such, Plaintiff was and is domiciled in the State of California, and therefore is a citizen of California for purposes of diversity jurisdiction.

### 2. BANA Is a Citizen of North Carolina.

13. BANA is a national bank. A national banking association is a citizen of the State its main office is located, as determined by its charter. 28 U.S.C. § 1348; *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 715 (9th Cir. 2014) (U]nder § 1348, a national banking association is a citizen only of the state in which its main office is located."); *see, Harvey v. Bank of America, N.A.,* 906 F. Supp. 2d 982, 988 n.2 (N.D. Cal. 2012) ("Defendant Bank of America N.A. is a citizen of North Carolina for purposes of diversity jurisdiction"). As specified in its charter, BANA's main office is located in North Carolina. Therefore, BANA is a citizen of North Carolina. 28 U.S.C. § 1348.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

-4-

NOTICE OF REMOVAL

DB2/ 650506286.3

14.     BANA is not and, since the commencement of this action, has not, had its main office in California.

### 3.     BAC Is a Citizen of North Carolina and Delaware.

15.     For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  BAC is, and at all pertinent times was, a corporation organized and existing under and by virtue of the laws of the State of Delaware.

16.     BAC's principal place of business is in North Carolina.[4]  *See generally Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities" and, "in practice[,] it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center.'").

17.     As such, BAC is a citizen of Delaware and North Carolina for purposes of diversity jurisdiction.

18.     BAC is not and, since the commencement of this action, has not been, incorporated in California and has not had its headquarters or executive offices based in California.

### 4.     Shanks is a Citizen of Pennsylvania.

19.     "An individual is a citizen of the state in which he [or she] is domiciled…." *Boon v. Allstate Ins. Co.*, 229 F. Supp.2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265, F.3d 853, 857 (9th Cir. 2001)).  For

---

[4] BAC's Form 10-Q for the quarterly period ended October 31, 2025, which is a public document and publicly accessible through the United States Securities and Exchange Commission's website, lists 100 N. Tryon Street, Charlotte, North Carolina 28255 as BAC's principal executive offices and Delaware as the state of incorporation.       https://investor.bankofamerica.com/regulatory-and-other-filings/select-sec-filings/content/0000070858-25-000405/bac-20250930.htm

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

-5-                                        NOTICE OF REMOVAL

DB2/ 650506286.3

purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

20. Continuing residence creates a presumption of domicile. *Washington v. Hovensa LLC*, 652 F.3d 340, 345 (3rd Cir. 2011); *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994). Shanks currently resides in Pennsylvania, and her primary residency has always been in Pennsylvania at all times relevant to the Complaint. Thus, Shanks is domiciled in the State of Pennsylvania, and is therefore a citizen of Pennsylvania for purposes of diversity jurisdiction in this matter.

### 5. Doe Defendants.

21. The citizenship of "Doe" defendants is disregarded for removal purposes. 28 U.S.C. § 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (holding that for removal purposes, the citizenship of defendants sued under fictitious names shall be disregarded); *see also Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002). Thus, the inclusion of "Doe" defendants in Plaintiff's Complaint has no effect on the ability to remove.

### 6. Maxim is A Sham Defendant, so His Citizenship Is Not Considered for Removal Purposes.

22. Under § 1441(b), actions are removable if, "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Plaintiff has attempted to prevent removal by improperly naming Maxim as an individual defendant. Indeed, Plaintiff previously brought two prior employment-related lawsuits against BANA alleging many of the same employment claims, and neither of these prior lawsuits alleged any claims against Maxim (or any individual defendants). Plaintiff also never mentioned Maxim in her two previous complaints or her CRD charge. Only now has Plaintiff

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

-6-                                                    NOTICE OF REMOVAL

DB2/ 650506286.3

named Maxim in a transparent attempt to defeat diversity jurisdiction.

23. The citizenship of Defendant Maxim should be disregarded because he was improperly and fraudulently joined in this action in order to defeat removal jurisdiction. *See McCabe*, 811 F.2d at 1339. As the Ninth Circuit stated in *McCabe*, "[f]raudulent joinder is a term of art. If the Plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Id.* at 1339. The issue in a fraudulent joinder determination is "whether the plaintiff truly had a cause of action against the alleged sham defendants," not merely whether a nominal cause of action has been stated. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318-19 (9th Cir. 1998) (citations omitted).

24. Additionally, "[t]he defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent" in order to determine "whether the plaintiff truly ha[s] a cause of action against the alleged sham defendants." *Ritchey*, 139 F.3d at 1318.

25. Many courts have compared the fraudulent joinder standard to the standard for judging a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See, e.g.*, *TPS Utilicom Serv., Inc. v. AT & T Corp.*, 223 F. Supp. 2d 1089, 1102 (C.D. Cal. 2002) (the "test for fraudulent joinder resembles a Rule 12(b)(6) analysis"); *Archuleta v. Am. Airlines, Inc.*, 2000 WL 656808, at *11 (C.D. Cal. May 12, 2000) (the fraudulent joinder standard "is similar to that employed in deciding motions to dismiss under Rule 12(b)(6)").

26. Since *Twombly*, the 12(b)(6) standard requires that plaintiffs plead factual allegations sufficient to "raise a right to relief beyond the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his [or her] 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A plaintiff must plead a "statement of circumstances, occurrences and

events in support of the claim presented." *Id.* n.3. The Supreme Court stressed that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'" and that "[t]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (citations omitted). Since federal pleading standards apply in federal court, Plaintiff's Complaint here must be viewed through the lens of *Twombly* to determine whether Plaintiff failed to state a claim against Maxim and, thus, he is fraudulently joined.

27. Here, the only causes of action Plaintiff alleges against Defendant Maxim is the second cause of action for hostile work environment harassment on the basis of sex, gender identity, gender expression, and transgender status under the FEHA and the seventh cause of action for aiding and abetting discrimination, harassment, and retaliation under FEHA. However, as discussed further below, these claims against Maxim fail.

a. **Plaintiff's Second and Seventh Causes of Action against Maxim Fails Because She Failed to Exhaust Administrative Remedies.**

28. "Under the FEHA, the employee must exhaust the administrative remedy provided by the statute by filing a complaint with the [Department of Fair employment and Housing ("DFEH"), which is now the California Civil Rights Department ("CRD")] and must obtain from the Department a notice of right to sue in order to be entitled to file a civil action in court based on violations of the FEHA." *Romano v. Rockwell Int'l, Inc.*, 14 Cal. 4th 479, 492 (1996); *see also* Cal. Gov't Code §§ 12960–12965. Exhaustion of administrative remedies is "a jurisdictional prerequisite to resort to the court." *Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 70 (2000). A plaintiff is barred from suing individual defendants she fails to name in the DFEH/CRD charge. *Cole v. Antelope Valley Union High School Dist.*, 47 Cal. App. 4th 1505, 1511 (1996) (citing Cal. Gov't Code § 12960(c) which requires a plaintiff to "state the name and address of the person ... alleged to have committed the

unlawful practice complained of"); *see also Alexander v. Cmty. Hosp. of Long Beach,* 46 Cal. App. 5th 238, 251 (2020) (stating that "plaintiffs mentioned MPHS nowhere in their FEHA complaint, which constitutes a failure to exhaust their administrative remedies against MPHS and precludes their bringing a civil FEHA action against it."); *Medix Ambulance Serv., Inc. v. Superior Ct.,* 97 Cal. App. 4th 109, 118 (2002) (finding that the "court should have sustained their demurrer to the sexual harassment causes of action" where the plaintiff "neither listed them in the administrative charge as an 'employer' or 'person' against whom the claim was made, nor did she name them in the body of the complaint form as the alleged perpetrators"); *Polk v. OSI Elecs., Inc.,* 2014 WL 12787639, at *4 (C.D. Cal. Feb. 24, 2014) ("Plaintiff's failure to name OSIS in the caption or body of his administrative complaints is fatal to his civil action against OSIS under FEHA."); *Watkins v. Thomas,* 2011 WL 13217678, at *3 (C.D. Cal. Mar. 1, 2011) ("because Plaintiff has not exhausted her FEHA administrative remedies with regard to Ridley–Thomas and Browning, inasmuch as she failed to name them in her DFEH complaint (Pl.'s Ex. H), the dismissal of the FEHA harassment claim is with prejudice."); *Polk v. OSI Elecs., Inc.,* 2014 WL 12787639, at *4 (C.D. Cal. Feb. 24, 2014) ("Because the first cause of action arises under FEHA, California law relating to exhaustion controls. On this point, it appears that California courts have considered and rejected the Ninth Circuit rule") ("Plaintiff's failure to name OSIS in the caption or body of his administrative complaints is fatal to his civil action against OSIS under FEHA.")

29. Here, Maxim is fraudulently joined because Plaintiff failed to name Maxim in her charge with the CRD, and exhaust her administrative remedies as to him. *See Batacan v. Allscripts Healthcare, LLC,* 2021 WL 2139065, at *2 (C.D. Cal. May 25, 2021) (denying motion to remand, finding that the individual defendant was "fraudulently joined because Plaintiff failed to name [the individual defendant] in her DFEH complaint" and "A plaintiff is barred from suing individual defendants she fails to name in the DFEH charge"); *Kaldis v. Wells Fargo Bank, N.A.,* 2016 WL

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

-9-                    NOTICE OF REMOVAL

DB2/ 650506286.3

6407377, at *4 (C.D. Cal. Oct. 28, 2016) (denying motion to remand and finding that the individual defendants were fraudulently joined where the plaintiff "failed to exhaust her administrative remedies against Defendants regarding her FEHA harassment claims and cannot establish her IIED claims due to the statute of limitations and protection of managerial activities"). As such, Plaintiff's second and seventh causes of action under the FEHA against Maxim fail as a matter of law.

b. **Plaintiff's Second Cause of Action for Harassment Against Maxim Fails For Additional Reasons.**

30. To establish a claim of harassment under the FEHA, "an employee claiming harassment based upon a hostile work environment must demonstrate that the conduct complaint of was *severe enough or sufficiently pervasive* to alter the conditions of employment and create a work environment that qualifies as hostile or abusive to employees *because of* [their protected characteristic]." *Lyle v. Warner Brothers Television Productions,* 38 Cal.4th 264, 278-79 (2006) (emphasis in original). "[A] workplace may give rise to liability when it "is permeated with 'discriminatory . . . intimidation, ridicule, and insult,' [citation], that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Id.* This requirement "is a crucial limitation that prevents [] harassment law from being expanded into a 'general civility code.'" *Jones v. Dep't of Corrections & Rehabilitation*, 152 Cal.App.4th 1367, 1377 (2007); *see also Ramirez v. Wong,* 188 Cal.App.4th 1480, 1488 (2010) (affirming dismissal following successful demurrer to sexual harassment claim because the alleged conduct was neither severe nor pervasive); *Fisher v. San Pedro Peninsula Hosp.*, 214 Cal. App. 3d 590, 609-14 (1989) (affirming trial court order sustaining demurrer to FEHA sexual harassment cause of action because the complaint had not alleged facts showing severe or pervasive conduct).

31. In the Complaint, Plaintiff alleges that Maxim's "harassing conduct included falsely accusing Plaintiff of not working and then admitting he had no basis

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

-10-

NOTICE OF REMOVAL

DB2/ 650506286.3

for the accusation; ignoring Plaintiff's expressed interest in new assignments while distributing them to other team members; singling Plaintiff out to remain online after hours during a system outage while releasing every other employee; responding to Plaintiff's compliance with profanity and dismissal; and participating in the transmission of termination documentation while the bank had already approved to be off that day." Compl., ¶ 41.

32. Even accepting Plaintiff's allegations as true, they provide no basis whatsoever for a harassment claim against Maxim. *McBroom v. Wal-Mart Stores, Inc.,* 2016 WL 3549606, at *4 (E.D. Cal. June 30, 2016) (emphasis added) ("Although a defendant must show that there is virtually no chance that plaintiff can state a viable claim in order to invoke fraudulent removal, that assessment must still be based largely on the allegations of the plaintiff's complaint.")

33. First, the alleged conduct falls short of the severity or pervasiveness required to be actionable as harassment. A "former employee cannot sue individual employees based on their conduct, including acts or words, relating to personnel actions." *Sheppard v. Freeman*, 67 Cal. App. 4th 339, 347 (1998); *see also Janken v. GM Hughes Electrics,* 46 Cal. App. 4th 55, 64-65 (1996) ("commonly necessary personnel management actions such as hiring and firing, job or project assignments, office or work station assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or nonassignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off, and the like, do not come within the meaning of harassment").

34. Second, Maxim's alleged conduct has nothing to do with Plaintiff's protected characteristic (*i.e.,* her sex, gender identity, gender expression, and/or transgender status). Indeed, there are no allegations of any derogatory comments made to or about Plaintiff. Nor has Plaintiff alleged any factual allegations that indicate any casual connection between Maxim's alleged conduct and her protected characteristics. *See e.g., Lindland v. TuSimple, Inc.*, 2022 WL 19001977, at *6 (S.D.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 650506286.3

-11-

NOTICE OF REMOVAL

Cal. Dec. 19, 2022) (finding that the plaintiff failed to establish that he experienced any harassment because of a protected characteristic where the plaintiff testified that a director "yelled" at him, "glared down at [him] with hatred in his eyes," and "the two physically bumped into each other", another employee was "very rude" to the plaintiff and "excluded him from meetings", and a third employee "ignored" and "interrupted" the plaintiff during his attempts to discuss "functional safety concerns"); *King v. C&K Mkt., Inc.,* 2020 WL 5017613, at *10 (E.D. Cal. Aug. 25, 2020) (granting motion to dismiss harassment claim without leave to amend where the plaintiff failed to allege facts supporting her position that "her supervisor's communication with Human Resources was made in an effort to send a hostile message to Plaintiff, was done as a result of her [protected status], or was indicative of a widespread pattern of bias.").

35. Plaintiff therefore has no possible claim of harassment against Maxim.

c. **Plaintiff's Seventh Cause of Action for Aiding and Abetting Discrimination or Retaliation Against Maxim Fails for Additional Reasons.**

36. The Supreme Court of California has specifically held that discrimination and retaliation causes of action under FEHA do not create individual liability for supervisors or other employees of the offending employer or employment agency, either directly or by an aiding and abetting theory. *See Jones v. Lodge at Torrey Pines P'ship*, 42 Cal. 4th 1158, 1162, 1173 (2008) ("We also concluded that the aiding and abetting language of former subdivision (g) (now subd. (i)) of section 12940 did not impose personal liability on nonemployers."); *Reno v. Baird*, 18 Cal. 4th 640, 655-56, 663 (1998) ("[W]e conclude that the Legislature did not intend to impose personal liability upon individual supervisory employees by the roundabout method of 'aiding and abetting' language.") (citing *Janken v. GM Hughes Electronics*, 46 Cal. App. 4th 55, 77-79(1996)).

37. In the Complaint, Plaintiff alleges that Maxim "served as PLAINTIFF'S direct supervisor," and Plaintiff seeks to impose personal liability on Maxim through

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 650506286.3

-12-

NOTICE OF REMOVAL

an aiding and abetting theory. Compl., ¶ 6. However, as a matter of law, Maxim, as an alleged supervisory individual, is not liable for aiding and abetting any alleged discrimination or retaliation under FEHA. *See Krantz v. Bloomberg L.P.*, 2021 WL 8820655, at *7 (C.D. Cal. Dec. 1, 2021) (finding the "[d]efendant is not liable for aiding and abetting the alleged discrimination or retaliation under FEHA" where the defendant was a supervisory individual). Thus, Plaintiff's cause of acting for aiding and abetting discrimination and/or retaliation against Maxim fails for additional reasons.

## IV.   THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED

38.   While Defendants deny any and all liability to Plaintiff, based on a conservative good faith estimate of the value of the alleged damages in this action, the amount in controversy for Plaintiff's claims exceeds the sum or value of $75,000, exclusive of interest and costs. The "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.*, quoting H.R. Rep. No. 112–10, p. 16 (2011).

39.   It is well settled that in determining whether a complaint meets the $75,000 threshold amount in controversy set forth in 28 U.S.C. § 1332(a), a court should consider the aggregate amount of the claims and value of the claims. *Campbell v. Hartford Life Ins*. Co., 825 F. Supp. 2d 1005, 1008 (E.D. Cal. 2011) (diversity statute confers jurisdiction over entire action, not just specific claims alleged in complaint, and, therefore, claims of a plaintiff are aggregated in order to satisfy amount in controversy). The fact that a complaint fails to specify the total amount of damages in a dollar amount does not deprive a court of jurisdiction. *See Banta v. Am. Med. Response Inc.*, 2011 U.S. Dist. LEXIS 77558, at *4 (C.D. Cal.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

-13-                                    NOTICE OF REMOVAL

DB2/ 650506286.3

July 15, 2011) (defendant may remove suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any plaintiff could avoid removal simply by declining to place a specific dollar claim upon its claim").

40. "[T]he amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018) ("Where, as here, a plaintiff's complaint at the time of removal claims wrongful termination resulting in lost future wages, those future wages are included in the amount in controversy."); *see also Melendez v. HMS Host Family Rest., Inc.*, 2011 WL 3760058, at *2 (C.D. Cal. Aug. 25, 2011) (including projected lost wages from alleged adverse employment action to anticipated date of judgment in amount in controversy calculation); *Rivera v. Costco Wholesale Corp.*, 2008 WL 2740399, at *3 (N.D. Cal. July 11, 2008) (considering "lost wages and benefits [that] may accrue" after removal); *Celestino v. Renal Advantage Inc.*, 2007 WL 1223699, at *4 (N.D. Cal. Apr. 24, 2007) (including future lost income in amount in controversy calculation).

41. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.[5] Plaintiff alleges in her Complaint that Defendants discriminated and harassed against her based on her sex, gender identity, gender expression, and transgender status and retaliated against her based on her purported protected activity. *See, e.g.,* Exh. A, Compl. Plaintiff seeks to recover "economic

---

[5] This Notice of Removal discusses the nature and amount of damages Plaintiff's Complaint places at issue. BANA provides references to specific damage amounts and citation to comparable cases solely for establishing that the amount in controversy exceeds the jurisdictional minimum. Defendants maintain that each of Plaintiff's claims is without merit and Defendants are not liable to Plaintiff. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or actually could recover any damages based upon the allegations contained in the Complaint or otherwise. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendants'] liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

damages, including but not limited to back pay, front pay, and the value of all lost employment-related compensation," "[n]on-economic damages" for alleged "emotional distress and mental anguish damages," "punitive damages," and attorney's fees and costs, among other relief. *See id.,* Prayer for Relief. Were Plaintiff to prevail in this action, the damages could exceed $75,000.

### A.    Plaintiff's Alleged Lost Earnings.

42.    Although Plaintiff does not quantify her purported damages in the Complaint, she alleges that she "has suffered and will continue to suffer haram, including loss of past and future income and employment-related compensation, damage to her career and professional reputation, loss of wages through the stated termination date, and statutory penalties arising from Defendants' failure to pay all wages due upon discharge." Exh. A, Compl. ¶ 22, Prayer for Relief.

43.    According to Plaintiff's W-2 Records, Plaintiff earned over $75,000 each year in 2022, 2023, and 2024.  Plaintiff's employment with BANA ended on or around June 20, 2025, and her W-2 Record reflects that she earned approximately $57,931.18 in wages in 2025.  As such, Plaintiff would have earned over $75,000 annually for 2025 had she remained employed until the end of the year.

44.    A jury trial in this case likely would not occur for at least two years from the date of removal. *See* U.S. District Courts—Time Intervals From Filing Date to Beginning Date for completed Civil Trials, by District, During the 12-Month Period Ending December 31, 2025, https://www.uscourts.gov/data-news/data-tables/2025/12/31/statistical-tables-federal-judiciary/t-3 (reflecting a median time of approximately 25.5 months from filing date to trial date in civil cases in the USDC, Central District of California).  At the time of removal, the approximate alleged lost wages for Plaintiff, assuming a trial in this matter in April 2028 are at least $206,250 [($75,000 * 2 years) + $6,250 * 9 months); ($75,000 per year or $6,250 per month roughly; 2 years and 9 months from Plaintiff's termination on June 20, 2025 to estimated trial date on April 13, 2028).  As such, Plaintiff's claim for alleged lost

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

-15-                                    NOTICE OF REMOVAL

DB2/ 650506286.3

wages likely exceeds the $75,000 jurisdictional minimum for the amount-in-controversy.

### B. Plaintiff's Alleged Emotional Distress Damages.

45. Plaintiff alleges that "[a]s a consequence of Defendants' conduct, Plaintiff has suffered and will continue to suffer severe psychological and emotional distress, humiliation, anxiety, depression, and mental and physical pain and anguish." *See* Exh. A, Compl. ¶ 23. In determining whether the jurisdictional minimum is met, courts consider all recoverable damages, including emotional distress damages. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia,* 142 F. 3d 1150, 1155-56 (9th Cir. 1998).

46. Indeed, plaintiffs alleging emotional distress as a result of discrimination regularly seek in excess of $75,000 for such damages. *Keiffer v. Bechtel Corp.*, 65 Cal. App. 4th 893, 895 (1998) (California Court of Appeal upheld jury award in excess of $75,000 for emotional distress damages in a single-plaintiff age discrimination case); *Silo v. CHW Med. Found.*, 86 Cal. App. 4th 947, 955 (2001) (jury award in excess of $75,000 in non-economic damages was upheld in a wrongful termination lawsuit); *Iwekaogwu v. City of Los Angeles*, 75 Cal. App. 4th 803, 821 (1999) (jury award in excess of $450,000 in emotional distress damages upheld in a discrimination lawsuit); *Satrap v. Pac. Gas & Elec. Co.*, 42 Cal. App. 4th 72, 76 (1996) (jury award in excess of $75,000.00 in non-economic damages was upheld). Like the plaintiffs in these lawsuits, Plaintiff in this case is an employee alleging that she was discriminated against based on her protected status and has suffered emotional distress as a result. Accordingly, it is reasonable to assume, solely for the purposes of establishing the amount in controversy, that Plaintiff seeks and would recover in excess of $75,000 for alleged emotional damages alone for the conduct alleged against Defendants.

### C. Plaintiff Seeks Punitive Damages.

47. Plaintiff also requests an unspecified amount in punitive damages. *See*

Exh. A, Compl. ¶¶ 1, 24, 33, Prayer for Relief. Plaintiff's claims for punitive damages are part of the amount in controversy when determining diversity jurisdiction. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).

48. California juries have returned verdicts with substantial punitive damage awards in employment discrimination actions. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) ("the jury verdicts in these cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases"); *Wysinger v. Automobile Club of Southern California*, 157 Cal.App.4th 413 (2007) (affirming a jury award of $1,284,000.00 in a disability discrimination case, with $1,000,000.00 in punitive damages alone); *see also Aucina v. Amoco Oil Co.*, 871 F. Supp. 332, 334 (S.D. Iowa 1994) ("Because the purpose of punitive damages is to capture the defendant's attention and deter others from similar conduct, it is apparent that the plaintiff's claim for punitive damages alone might exceed [the jurisdictional amount].").

49. While Defendants deny any and all liability to Plaintiff, the amount placed into controversy by the Complaint exceeds $75,000, exclusive of interest and costs.

## V.     BANA HAS MET THE OTHER PREREQUISITES FOR REMOVAL

50. As set forth above, this Notice of Removal is filed within thirty days of service of process on BANA, and all process, pleadings, and orders filed in this action are attached hereto in **Exhibit D**.

51. Venue lies in the Central District of California pursuant to 28 U.S.C. §§ 1441(a) and 1446(a). Plaintiff originally brought this action in the Riverside County Superior Court, and she alleges the injury to person or damage to personal property occurred in its jurisdictional area. Exh. A, Compl. ¶ 12. Therefore, this is the appropriate Court for removal.

52. As required by 28 U.S.C. § 1446(d), BANA promptly will serve Plaintiff with this Notice of Removal and promptly will file a copy of this Notice of

Removal with the Riverside County Superior Court.

53. BANA has sought no similar relief.

54. If any question arises as to the propriety of the removal of this action, BANA requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

55. By this Notice of Removal, the attached exhibits, and the concurrently filed documents, BANA does not intend to make any admissions of fact, law or liability relating to the claims in the Complaint, and it expressly reserves the right to assert any and all defenses and file all motions necessary in its defense against Plaintiff's allegations.

## VI. CONCLUSION

56. Pursuant to 28 U.S.C. § 1332(a) and in accordance with the procedures set forth in 28 U.S.C. § 1446, BANA requests that the above-captioned action pending in the Riverside County Superior Court be removed to the United States District Court for the Central District of California.

Dated: June 25, 2026

MORGAN, LEWIS & BOCKIUS LLP

By  /s/Karen Cho
Karen Cho
Nicole L. Antonopoulos

Attorneys for Defendants
BANK OF AMERICA, N.A.,
BANK OF AMERICA
CORPORATION, TRICIA
SHANKS, and PETER C. MAXIM

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

-18-

NOTICE OF REMOVAL

DB2/ 650506286.3

## PROOF OF SERVICE

I, Adele Doyle, declare:

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is 600 Montgomery Street, Suite 2300, San Francisco, CA 94111-2725. On June 25, 2026, I served a copy of the within document(s):

**DEFENDANTS' NOTICE TO STATE COURT AND PLAINTIFF OF REMOVAL OF ACTION TO FEDERAL COURT**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed FedEx envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a FedEx agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Luna D'Sol                                          Plaintiff, In Pro Per
2275 E Belding Drive
Palm Springs, CA 92262

Email: jravada@icloud.com

Tel: (213) 925-4069

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on June 25, 2026, at San Francisco, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Adele Doyle

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

PROOF OF SERVICE
Case No. CVPS2601396

| | |
|---|---|
| PLAINTIFF / PETITIONER:  LUNA D'SOL | CASE NUMBER: |
| DEFENDANT / RESPONDENT:  BANK OF AMERICA, N.A., et al. | CVPS2601396 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service**. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)  on *(date)*:                      (2)  from *(city)*:

    (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  ☐  **by other means** *(specify means of service and authorizing code section)*:

    ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

  a.  ☐  as an individual defendant.

  b.  ☐  as the person sued under the fictitious name of *(specify)*:

  c.  ☐  as occupant.

  d.  ☒  On behalf of *(specify)*:    BANK OF AMERICA, N.A.

    under the following Code of Civil Procedure section:

| | | |
|---|---|---|
| ☒ 416.10 (corporation) | | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | | ☐ 415.46 (occupant) |
| ☐ other: | | |

7.  **Person who served papers**

  a.  Name:              Zoe Roller

  b.  Address:         5341 Old Redwood Highway, Suite 310, Petaluma, CA  94954

  c.  Telephone number:      800-938-8815

  d.  **The fee** for service was:    $50.00

  e.  I am:

    (1)  ☐  not a registered California process server.

    (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).

    (3)  ☒  a registered California process server:

      (i)  ☐ owner  ☐ employee  ☒ independent contractor

      (ii)  Registration No:  2023100296

      (iii)  County:  Los Angeles

8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:  June 8, 2026

Zoe Roller

_____

   (NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc. - P000634
5341 Old Redwood Highway, Suite 310
Petaluma, CA  94954
800-938-8815

_____

                        (SIGNATURE)

EXHIBIT F

Electronically FILED by Superior Court of California, County of Riverside on 06/16/2026 09:32 AM
Case Number CVPS2601396 J0000096922571 - Jason B. Galkin, Executive Officer/Clerk of the Court By N. Mariscal Martinez, Clerk

MORGAN, LEWIS & BOCKIUS LLP
Karen Y. Cho, Bar No. 274810
karen.cho@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:    +1.213.612.2500
Fax:    +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Nicole L. Antonopoulos, Bar No. 306882
nicole.antonopoulos@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304-1124
Tel:    +1.650.843.4000
Fax:    +1.650.843.4001

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF
AMERICA CORPORATION, TRICIA
SHANKS, and PETER C. MAXIM

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF RIVERSIDE

| | |
|---|---|
| LUNA D'SOL,<br><br>               Plaintiff,<br><br>       vs.<br><br>BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; TRICIA SHANKS, an individual; and PETER C. MAXIM, an individual;  and DOES 1 through 50, inclusive,<br><br>               Defendants. | Case No. CVPS2601396<br><br>[Case Assigned for All Purposes to Hon. Manuel Bustamante]<br><br>**PLAINTIFF AND DEFENDANT TRICIA SHANKS' STIPULATION TO SET ASIDE ENTRY OF DEFAULT AS TO DEFENDANT TRICIA SHANKS; [PROPOSED] ORDER** |

Plaintiff Luna D'Sol ("Plaintiff") and Defendant Tricia Shanks ("Shanks") (collectively, the "Parties") hereby enter into this stipulation to set aside the entry of default against Shanks as follows:

WHEREAS, on March 4, 2026, Plaintiff filed a Complaint against Defendants Bank of America, N.A., Bank of America Corporation, Tricia Shanks, and Peter Maxim;

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 42357523

STIPULATION TO SET ASIDE ENTRY OF DEFAULT AS TO TRICIA SHANKS

Case No. CVPS2601396

Electronically RECEIVED by Superior Court of California, County of Riverside on 06/10/2026 05:04 PM - Jason B. Galkin, Executive Officer/Clerk of the Court By Jacqueline Reyes, Clerk

WHEREAS, on March 23, 2026, Plaintiff filed a Proof of Service of Summons as to Shanks;

WHEREAS, on May 1, 2026, the Court Clerk entered a default as to Shanks;

WHEREAS, the Parties dispute the sufficiency and legal effect of Plaintiff's prior service efforts as to Defendant Shanks, and neither party admits any position regarding those prior service efforts; however, solely for purposes of resolving the default and establishing Defendant Shanks' deadline to respond, the Parties agree that the service procedure set forth in this Stipulation shall be the operative service event governing the vacatur of default and Defendant Shanks' response deadline.

WHEREAS, during the parties' meet and confer efforts, counsel for Defendant Shanks agreed to accept the Notice and Acknowledgement of Receipt and related case-initiating documents on behalf of Defendant Shanks;

WHEREAS, counsel for Defendant Shanks represented that she was authorized by defendant Shanks to accept the Notice and Acknowledgement of Receipt and related case-initiating documents on Defendant Shanks' behalf;

WHEREAS, the Parties have agreed that service will be deemed completed on the date that Shanks' counsel signs the Notice and Acknowledgement of Receipt, and Shanks' deadline to respond to Plaintiff's Complaint shall be governed by the service of the Complaint via the Notice and Acknowledgement of Receipt;

WHEREAS, on May 4, 2026, counsel for Defendant Shanks received the Notice and Acknowledgement of Receipt – Civil, Summons, Complaint, and other case initiating documents.

WHEREAS, on May 26th, 2026, counsel for Defendant Shanks signed and returned the Notice and Acknowledgment of Receipt;

WHEREAS, Plaintiff and defendant Shanks agree that service shall be deemed completed as of Shanks on May 26, 2026, and the deadline for Shanks to respond to the Complaint shall be June 25, 2026;

WHEREAS, Plaintiff and Shanks' counsel have met and conferred regarding their service dispute, and they have agreed to set aside default entered as to Shanks;

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

Case No. CVPS2601396

STIPULATION TO SET ASIDE ENTRY OF DEFAULT AS TO TRICIA SHANKS

DB2/ 42357523

THEREFORE, it is hereby stipulated and agreed as follows:

1. The default entered against Defendant Tricia Shanks shall be set aside and vacated;

2. The service of the Complaint and Summons as to Tricia Shanks is deemed completed on May 26, 2026, the date of execution by counsel for defendant Shanks of the Notice and Acknowledgement of Receipt; and

3. Shanks' deadline to respond to Plaintiff's Complaint shall be June 25, 2026.

Dated: June 10, 2026                    MORGAN, LEWIS & BOCKIUS LLP


By  /s/ Nicole L. Antonopoulos
    Karen Cho
    Nicole L. Antonopoulos

    Attorneys for Defendants
    BANK OF AMERICA, N.A., BANK OF
    AMERICA CORPORATION, TRICIA
    SHANKS, and PETER C. MAXIM

Dated: June 10th, 2026


By _____
   Luna D'Sol

   Plaintiff Pro Per

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

STIPULATION TO SET ASIDE ENTRY OF DEFAULT AS TO TRICIA SHANKS

DB2/ 42357523

## [PROPOSED] ORDER

Based on the Parties' foregoing joint stipulation, it is **HEREBY ORDERED THAT** the Stipulation to Set Aside Entry of Default as to Defendant Tricia Shanks in this action is granted.

IT IS HEREBY ORDERED THAT:

1. The default entered against Defendant Tricia Shanks is set aside and vacated.

2. The service of the Complaint as to Tricia Shanks is deemed completed on May 26, 2026, the date of execution of the Notice and Acknowledgement of Receipt.

3. Shanks' deadline to respond to Plaintiff's Complaint is June 25, 2026.

**IT IS SO ORDERED.**

Dated: _____06/15/2026_____ , 2026



Honorable Manuel Bustamante
Judge of Riverside County Superior Court

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 42357523

4

Case No. CVPS2601396

STIPULATION TO SET ASIDE ENTRY OF DEFAULT AS TO TRICIA SHANKS

# EXHIBIT G

Electronically FILED by Superior Court of California, County of Riverside on 06/08/2026 11:55 AM
Case Number CVPS2601396 0000170113475 - Jason B. Galkin, Executive Officer/Clerk of the Court By Victoria Lopez, Clerk

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | *FOR COURT USE ONLY* |
|---|---|
| Luna D'Sol<br>2275 E Belding Dr<br>Palm Springs, CA 92262<br>TELEPHONE NO.: 2139254069    FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: jravada@icloud.com<br>ATTORNEY FOR *(Name)*: In Pro Per | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF    Riverside
STREET ADDRESS:  4050 Main Street
MAILING ADDRESS:
CITY AND ZIP CODE:  Riverside, 92501
BRANCH NAME:  Riverside - Riverside - Historic Courthouse

| PLAINTIFF / PETITIONER:   LUNA D'SOL<br>DEFENDANT / RESPONDENT:   BANK OF AMERICA, N.A., et al. | CASE NUMBER:<br>CVPS2601396 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>16047059 (28389627) |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [X] Summons
   b. [X] Complaint
   c. [X] Alternative Dispute Resolution (ADR) Package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] Cross-Complaint
   f. [ ] Other *(specify documents)*:

3. a. Party served *(specify name of party as shown on documents served)*:
   BANK OF AMERICA, N.A.
   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   CT Corporation System - Angelica Bautisa, Intake Specialist - Person Authorized to Accept Service of Process

4. Address where the party was served:
   330 N Brand Blvd Suite 700, Glendale, CA 91203

5. I served the party *(check proper box)*
   a. [X] **by personal service**. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:   Fri, Jun 05 2026        (2) at *(time)*:  12:41 PM
   b. [ ] **by substituted service**. On *(date)*:        at *(time)*:        I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:        from *(city)*:        or [ ] a declaration of mailing is attached.
      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF / PETITIONER:   LUNA D'SOL | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:   BANK OF AMERICA, N.A., et al. | CVPS2601396 |

5. c. ☐ **by mail and acknowledgment of receipt of service**. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)  on *(date)*:     (2)  from *(city)*:

    (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  ☐  **by other means** *(specify means of service and authorizing code section)*:

    ☐  Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a.  ☐  as an individual defendant.

  b.  ☐  as the person sued under the fictitious name of *(specify)*:

  c.  ☐  as occupant.

  d.  ☒  On behalf of *(specify)*:   BANK OF AMERICA, N.A.

    under the following Code of Civil Procedure section:

    ☒  416.10 (corporation)      ☐  415.95 (business organization, form unknown)

    ☐  416.20 (defunct corporation)      ☐  416.60 (minor)

    ☐  416.30 (joint stock company/association)      ☐  416.70 (ward or conservatee)

    ☐  416.40 (association or partnership)      ☐  416.90 (authorized person)

    ☐  416.50 (public entity)      ☐  415.46 (occupant)

    ☐  other:

7. **Person who served papers**

  a.  Name:    Zoe Roller

  b.  Address:    5341 Old Redwood Highway, Suite 310, Petaluma, CA  94954

  c.  Telephone number:    800-938-8815

  d.  **The fee** for service was:  $50.00

  e.  I am:

    (1)  ☐  not a registered California process server.

    (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).

    (3)  ☒  a registered California process server:

      (i)  ☐ owner  ☐ employee  ☒ independent contractor

      (ii)  Registration No:  2023100296

      (iii)  County:  Los Angeles

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:  June 8, 2026

Zoe Roller

_____

(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc. - P000634
5341 Old Redwood Highway, Suite 310
Petaluma, CA  94954
800-938-8815

_____

(SIGNATURE)

# EXHIBIT H

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES**<br><br>COURTHOUSE ADDRESS:<br>Van Nuys Courthouse East<br>6230 Sylmar Avenue, Van Nuys, CA 91401<br><br>PLAINTIFF:<br>Luna D'Sol<br><br>DEFENDANT:<br>BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION, a | Reserved for Clerk's File Stamp<br><br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>09/15/2025<br><br>David W. Slayton, Executive Officer / Clerk of Court<br><br>By: _____ F. Rodriguez _____ Deputy |
| **CLERK'S NOTICE OF VOIDING OF FILING** | CASE NUMBER:<br>25VECV04709 |

To the party or the party's attorney:

☑  The Request to Waive Court Fees by _____ Luna D'Sol _____ having been denied on __ 8/21/2025 __ and
    <span style="margin-left:5em">(name)</span> <span style="margin-left:15em">(date)</span>
the party having failed to ☑ make the payment or ☐ file a Request for Hearing About Court Fee Waiver Order within 10

days (plus 5 days for mailing) of the Clerk's Certificate of Service of the Order on Court Fee Waiver (Superior Court), or

☐ the court having issued  an Order On Court Fee Waiver After Hearing (Superior Court) denying the request, the

_____ Complaint _____ filed by the party for which the fee waiver was requested is now voided pursuant to

Government Code section 68634(g).

☐  The party having failed to pay the full amount, including the administrative charge, on the returned check within 20 days

(plus five days for mailing) of the Clerk's Notice of Filing Fees Due, the _____ filed by the
<span style="margin-left:30em">(document)</span>
party for which the check was tendered is now voided and disposed of, pursuant to Section 411.20(b) of the

Code of Civil Procedure.

☐  The party having failed to pay the balance of the fees due, including the administrative charge, within 20 days (plus five

days for mailing) of the Clerk's Notice of Full Payment Due, the filed _____ for which the
<span style="margin-left:30em">(document)</span>
payment was due is now voided and disposed of, pursuant to Section 411.21(b) of the Code of Civil Procedure.

☐  A refund of the partial payment, excluding the administrative charge, may be requested within 20 days (plus five days

for mailing) of the date of this notice.

| | | |
|---|---|---|
| LACIV 176 (Rev. 09/13)<br>LASC Approved 06-05 | **CLERK'S NOTICE OF VOIDING OF FILING** | Gov. Code, § 68634(g)<br>Code Civ. Proc., §§ 411.20(b) and 411.21 (b) |

EXHIBIT I



# DIVISION OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

# NOTICE OF APPLICATION

**DATE OF SERVICE:**        04/13/2026

**EAMS CASE NBR(s):**        ADJ22484762

**DATE OF CLAIMED INJURY:**  07/15/2024

**EMPLOYEE:** LUNA DSOL

**EMPLOYER:** BANK OF AMERICA

**INSURER:**    SEDGWICK 3170 RANCHO CORDOVA

**VENUE:**    LBO-ADJ, 1500 HUGHES WAY STE C203, LONG BEACH, CA 90810

**COMMENT(S)/REMARK(S):**

AN APPLICATION FOR ADJUDICATION OF CLAIM HAS BEEN FILED WITH THE WORKERS COMPENSATION APPEALS BOARD FOR THE ABOVE CLAIMED INJURY. PLEASE REFERENCE THE ABOVE EAMS CASE NUMBER ON ALL CORRESPONDENCE TO THE WCAB.
THIS NOTICE CONSTITUTES A CONFORMED COPY OF THE APPLICATION.
DATE APPLICATION FILED: 04/10/2026

NOTICE TO PARTIES: **Disability Accommodation is available upon request.** Individuals with a disability requiring a reasonable accommodation (such as auxiliary aid or service or a modification of policies or procedures) to ensure effective communication and access to the programs of the Division of Workers' Compensation, should contact the **Disability Accommodation Coordinator** at the local District Office of the DWC, or the **Statewide Disability Accommodation Coordinator at 1-866-681-1459 (toll free) or through the California Relay Service, by dialing 711 or 1-800-735-2929 (TTY) or 1-800-855-3000 (TTY-Spanish).**

Accommodations can include reasonable modifications of procedures or the provision of auxiliary aids or services including, but not limited to, assistive listening devices (ALD), Computer-Aided Realtime Translation (CART), sign language interpreters, documents in alternative formats, magnifiers, and audio cassette recordings. **Accommodation requests should be made as soon as possible and at least five (5) days before the hearing, especially for requests for an ALD, a sign language interpreter, or CART.**

WC04



**LBO-ADJ**
1500 HUGHES WAY STE C203
LONG BEACH, CA 90810



\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*AUTO\*\*ALL FOR AADC 923
T11   P1 S0000005081 Pallet000002

LUNA DSOL
2275 E BELDING DR
PALM SPRINGS CA 92262



DIR00180_1_10000045950010000000100010