FILED
CLERK, U.S. DISTRICT COURT
07/10/2026
CENTRAL DISTRICT OF CALIFORNIA
BY mba DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

LUNA D'SOL
Plaintiff, In Pro Per
Email Address: jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUNA D'SOL<br>Plaintiff,<br><br>VS.<br><br>BANK OF AMERICA, N.A.;<br>BANK OF AMERICA CORPORATION;<br>TRICIA SHANKS, an individual;<br>PETER C MAXIM, an individual;<br>and DOES 1 through 50, inclusive,<br>Defendant(s). | **Case No:** 5:26-cv-03535-JGB-SP<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT BANK OF AMERICA, N.A.'S NOTICE OF RELATED CASES**<br><br>Judge: Hon. Jesus G. Bernal.<br>. United States District Juge<br><br>Complaint Filed: March 4th, 2026 |

## I. INTRODUCTION

Plaintiff Luna D'Sol, appearing in pro per, respectfully submits this Objection pursuant to Central District of California Local Rule 83-1.3.3 to Defendant Bank of America, N.A.'s Notice of Related Cases (ECF No. 3), which asserts that this action, Case No. 5:26-cv-03535-JGB-SP, is related to Los Angeles County Superior Court Case No. 25VECV04713 ("D'Sol I") and to Luna D'Sol v. Bank of America, N.A., et al., Case No. 5:25-cv-03316-SSS-DTBx ("D'Sol II"). As demonstrated in the chart below and the independent objections that follow, Defendant's Notice does not satisfy the requirements of L.R. 83-1.3.1 because it fails to set forth all facts that appear relevant to the related-case determination and instead presents a selective factual

narrative. Neither D'Sol I nor D'Sol II is related to the present action within the meaning of L.R. 83-1.3.1, and this action should not be designated as related to either case.

Plaintiff was served with Defendant's Notice of Removal and Notice of Related Cases on July 8, 2026. (See D'Sol Decl ¶37)..This Objection is therefore timely under C.D. Cal. L.R. 83-1.3.3.

**II. PRELIMINARY STATEMENT REGARDING TIMELINESS**

Plaintiff twice requested the tracking number for the mailing so that the date of service could be verified. Defense counsel responded that no tracking number existed because the package had not been mailed with tracking. After the package was delivered on July 9, 2026, Plaintiff confirmed that the mailing in fact contained a tracking number. The inaccurate representation deprived Plaintiff of the ability to independently verify the mailing until after delivery. Plaintiff submits this

Depending on whether the three additional days provided by Fed. R. Civ. P. 6(d) for electronic service apply, the resulting deadline fell on or about July 2, 2026, or, at the outside, July 6, 2026 (accounting for the intervening weekend under Fed. R. Civ. P. 6(a)(1)(C)). This Objection follows shortly thereafter. Plaintiff, appearing in pro per, respectfully requests that the Court exercise its discretion to consider this Objection notwithstanding any delay, because: (1) no relatedness determination has yet issued and no reassignment has occurred, so no party is prejudiced; (2) Defendant identifies no prejudice from the short delay; (3) this District has recognized the importance of a complete and accurate factual record before any related-case determination is made, see Esparza v. McLane Foodservice Distribution, Inc., No. 8:25-cv-00200-JLS-DFM,

2025 WL 2581835, at *1 (C.D. Cal. Aug. 21, 2025) (quoting L.R. 83-1.3.1's requirement that "all facts that appear relevant to such a determination must be set forth"); and (4) Plaintiff's pro se status. See generally Erickson v. Pardus, 551 U.S. 89, 94 (2007) (pro se filings held to less stringent standards).

## III. TWO-COLUMN OBJECTION CHAR

| DEFENDANT'S NOTICE OF RELATED CASE (Quoted / Summarized) | PLAINTIFF'S OBJECTION AND RESPONSE |
|---|---|
| **A. Relatedness Assertion**<br>"Pursuant to Central District of California Civil Local Rule 83-1.2 and 83-1.3, Defendant Bank of America, N.A. ('Defendant' or 'the Bank') hereby notifies the Court and Plaintiff Luna D'Sol ('Plaintiff') that the Central District of California Case Number 5:25-cv-03316-SSS-DTBx, entitled Luna D'Sol v. Bank of America, N.A., et al., is related to the above-captioned case." [ECD Doc No. 3 at 2:4] | **Objection — Wrong Rule; No Facts Set Forth**<br>Defendant's own citation is imprecise: L.R. 83-1.2 governs initial case assignment and L.R. 83-1.3 addresses reassignment mechanics; the substantive relatedness factors are found in L.R. 83-1.3.1, and this Objection proceeds under L.R. 83-1.3.3. A single conclusory sentence that D'Sol II "is related" does not satisfy L.R. 83-1.3.1's requirement that a Notice include "a brief factual statement that explains how the cases in question are related" and that "all facts that appear relevant to such a determination must be set forth." Defendant, as the proponent of relatedness, bears the burden of establishing it with specificity. See Esparza v. McLane Foodservice Distribution, Inc., No. 8:25-cv-00200-JLS-DFM, 2025 WL 2581835, at *1 (C.D. Cal. Aug. 21, 2025) (quoting L.R. 83-1.3.1 and emphasizing the completeness the Rule demands). |

| | |
|---|---|
| **B. "D'Sol I" (Background Only)** "On August 20, 2025, Plaintiff filed a Complaint against the Bank and Bank of America Corporation in Los Angeles County Superior Court . . . Case No. 25VECV04709 . . . On or around August 29, 2025, the Los Angeles County Superior Court entered Plaintiff's Request for Dismissal without prejudice of entire action of all parties and all causes of action." [ECD Doc No. 3 at 2:9] | **Objection — Materially Inaccurate Characterization** The Complaint in Case No. 25VECV04709 was not voluntarily dismissed as a litigation choice. It was voided by the Los Angeles Superior Court Clerk pursuant to Cal. Gov't Code § 68634, following a fee-waiver dispute, as reflected in the Clerk's Notice of Voiding of Filing. (D'Sol Decl. ¶¶ 9, 14, 16, 17, 21; Pl.'s RJN No. 8, Ex. H.) A voided filing is treated in law as though it were never filed — it reflects no decision, voluntary or otherwise, by Plaintiff. Defendant did not rely on D'Sol I in its own related-case analysis (Section II of the Notice references only D'Sol II and D'Sol III); Plaintiff corrects the record here because L.R. 83-1.3.1 demands factual completeness, and an inaccurate recitation — even of background — undermines confidence in the balance of Defendant's factual statement. |
| **C. "D'Sol II" — 5:25-cv-03316-SSS-DTBx** Complaint filed Dec. 8, 2025 against the Bank, Sedgwick Claims Management Services, Inc., and Fidelity Workplace | **Objection — No Live Case to Duplicate; Different Parties and Law** Defendant's own recitation confirms D'Sol II was voluntarily dismissed on January 9, 2026 — before any answer, motion, case |

| | |
|---|---|
| Services, LLC, alleging ten claims including ERISA § 510 interference, ERISA §§ 404/503 breach of fiduciary duty, disability discrimination/failure to accommodate, FMLA/CFRA interference and retaliation, Title VII sex/gender-identity discrimination and retaliation, wrongful termination, and UCL claims. Voluntarily dismissed without prejudice on January 9, 2026. | management conference, scheduling order, or discovery. There is no pending judicial task and no assigned discovery track that a different judge could duplicate; L.R. 83-1.3.1(c)'s "substantial duplication of labor" factor cannot be satisfied by a closed case with no judicial history. D'Sol II also named two defendants absent here — Sedgwick and Fidelity — and rested substantially on ERISA benefit-plan and medical-leave theories that raise preemption and administrative-record issues not present in this action. Bank of America and Sedgwick remain parties to a pending California workers' compensation proceeding concerning the same leave and benefits issues raised in D'Sol II; Plaintiff cites that proceeding only to show D'Sol II's subject matter is being addressed, if at all, in an entirely different forum — not to place its merits before this Court. |
| On December 8, 2025, Plaintiff filed a Complaint against the Bank, Sedgwick Claims Management Services, Inc. ("Sedgwick"), and Fidelity Workplace Services, LLC ("Fidelity") in this Court, | **Objection :** Defendants' designation is internally inconsistent. Case No. 5:25-cv-03316-SSS-DTBx appears to have more parties in common and more similar underlying issues with another publicly |

| | |
|---|---|
| entitled Luna D'Sol v. Bank of America, N.A. et al, Case No. 5:25-cv-03316-SSS-DTBx ("D'Sol II") alleging claims for: (1) interference with protected rights under ERISA § 510 against the Bank; (2) breach of fiduciary duties under ERISA §§ 404, 503 against the Bank, Fidelity, and Sedgwick [ECF Doc. 3 at 2:20-26] | filed proceeding (RJN, Ex. 9). It would be logical not to relate 5:25-cv-03316-SSS-DTBx to the present complaint |

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff Luna D'Sol respectfully requests that the Court decline to designate this action as related to Luna D'Sol v. Bank of America, N.A., et al., Case No. 5:25-cv-03316-SSS-DTBx, and maintain the current assignment of this action to the Honorable Jesus G. Bernal.

**AUTHORITIES CITED**

**a.** Fed. R. Civ. P. 6(a), 6(d)
**b.** C.D. Cal. L.R. 83-1.2, 83-1.3, 83-1.3.1, 83-1.3.3
**c.** Cal. Gov't Code § 68634
**d.** Cal. Gov't Code § 12900 et seq. (FEHA)
**e.** Cal. Lab. Code §§ 201–203, 226
**f.** 29 U.S.C. §§ 1104, 1132, 1140 (ERISA)
**g.** Esparza v. McLane Foodservice Distribution, Inc., No. 8:25-cv-00200-JLS-DFM, 2025 WL 2581835 (C.D. Cal. Aug. 21, 2025)
**h.** Erickson v. Pardus, 551 U.S. 89 (2007)

Respectfully submitted:

**Dated: 7/10/2026** By: ____________

Luna D'Sol

Plaintiff, In Pro Per