**Luna D'Sol**
Plaintiff, In Pro Per
Email Address: jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069



FILED
CLERK, U.S. DISTRICT COURT
07/13/2026
CENTRAL DISTRICT OF CALIFORNIA
BY_____bom_____DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LUNA D'SOL**<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A.;<br><br>BANK OF AMERICA CORPORATION;<br><br>TRICIA SHANKS, an individual;<br><br>PETER C MAXIM, an individual;<br><br>and DOES 1 through 50, inclusive,<br><br>Defendant(s). | Case No:  5:26-cv-03535-JGB-SP<br><br>**PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EVIDENCE RE NOTICE OF REMOVAL**<br><br>[Honorable Jesus G. Bernal, United States District Judge]<br><br>Date: August 3rd 2026<br>Time: 9:00 am<br>Courtroom: 1, 2nd floor<br><br>Filed concurrently with Plaintiff's Motion to Remand; Plaintiff's Motion to Stay Pleadings; Plaintiff's Motion Pursuant Courts Inherent Power, Memorandum of Points and Authorities in Support Thereof; Declaration of Luna D'Sol;[Declaration of Kevin Cohen, if filed concurrently; Proposed] Order Granting Plaintiff's Motion to Remand; [Proposed] Order Granting Plaintiff's Request for Judicial Notice |

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EVIDENCE RE  NOTICE OF REMOVAL

Plaintiff, Luna D'Sol, ("Plaintiff" or "D'Sol") hereby objects to the evidence submitted by Defendants Bank of America, N.A. ("BANA"), Bank of America Corporation ("BAC"), Tricia Shanks, Peter C. Maxim, and DOES 1 through 50, inclusive (collectively, "Defendants"), in support of Defendants' Notice of Removal [ECF No. 1] and any declarations, exhibits [ECF Nos. 1-1through 1-4], requests for judicial notice, or other evidentiary materials submitted in opposition to Plaintiff's Motion to Remand, on the grounds and for the reasons set forth below.

## PRELIMINARY STATEMENT

Although a notice of removal need contains only a plausible allegation of federal jurisdiction, once the factual basis for removal is challenged, the removing defendants bear the burden of establishing federal jurisdiction by a preponderance of the evidence. *Dart Cherokee Basin Operating Co., LLC v. Owens* (2014) 574 U.S. 81, 88-89; *Canseco v. Ford Motor Co.* (S.D. Cal. 2021) 570 F.Supp.3d 872, 885-886.

Likewise, where removal is predicated upon the doctrine of fraudulent joinder, Defendants bear the heavy burden of demonstrating that there is **no possibility** Plaintiff can state a viable cause of action against the challenged defendant under settled California law. Any disputed questions of fact and all ambiguities in state law must be resolved in Plaintiff's favor. Because removal jurisdiction is strictly construed, any doubt regarding the existence of federal jurisdiction requires remand. See *Grancare, LLC v. Thrower* (9th Cir. 2018) 889 F.3d 543, 548-550; *Hunter v. Philip Morris USA* (9th Cir. 2009) 582 F.3d 1039, 1044-1046.

Defendants' evidentiary submissions fail to satisfy that burden. Many of the statements offered in support of removal consist of legal conclusions, argumentative characterizations of Plaintiff's Complaint, or factual assertions unsupported by competent evidence. Other submissions improperly invite this

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EVIDENCE RE  NOTICE OF REMOVAL

Court to resolve disputed factual issues and merits-based defenses that cannot be decided in determining subject matter jurisdiction or fraudulent joinder. Accordingly, Plaintiff respectfully objects to Defendants' evidentiary submissions to the extent set forth below and requests that the Court disregard all inadmissible, irrelevant, speculative, conclusory, or otherwise improper evidence in determining whether removal was proper.

| DEFENSE EVIDENCE | PLAINTIFF'S OBJECTIONS |
|---|---|
| **1. On Notice of Removal ECF Doc. 1, ¶2**<br><br>On May 4, 2026, Plaintiff caused the Notice and Acknowledgement of Receipt, Summons, Complaint, and other case initiating documents, to be sent to BANA's counsel pursuant to California Code of Civil Procedure section 415.30. A true and correct copy of Plaintiff's Complaint is attached as **Exhibit A** and is incorporated by reference. True and correct copies of the other documents Plaintiff sent to BANA's counsel are attached as **Exhibit B** and are incorporated by reference. 3. On May 26, 2026, BANA's counsel signed and returned to Plaintiff the Notice and Acknowledgement of Receipt of Summons. A true and correct copy of BANA's signed Notice and Acknowledgement of Receipt is attached as **Exhibit C**. 4. **Exhibit D** constitute all the | **OBJECTION:** Irrelevant, speculative, lacks foundation, and Plaintiff's self-serving characterization of the electronic communication violates the Best Evidence Rule. Fed. R. Evid. 401-403, 602, 901, 1002, 1004.<br><br>Defendants rely upon the executed Notice and Acknowledgment of Receipt ("NAR") as evidence that service was effected pursuant to California Code of Civil Procedure section 415.30. The document itself demonstrates otherwise **(D'Sol Decl. ¶8, Exhibits 7-11).** First, the sender executed the statutory certification declaring that the documents were deposited for mailing through the United States Postal Service, when Defendants' counsel instead received the documents electronically by email<br><br>. Second, the acknowledgment portion of the Judicial Council form contains no marked checkbox indicating the manner in which the documents were received, leaving the form facially incomplete. Third, the NAR is accompanied by an unsigned Proof of Service by First-Class Mail, depriving the record of |

- 3 -

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EVIDENCE RE  NOTICE OF REMOVAL

| | |
|---|---|
| pleadings, process and orders filed in the Superior Court action as well as a corresponding index of all documents and the date they were filed. | competent evidence that the statutory mailing required by section 415.30 ever occurred. Finally, Plaintiff's forensic metadata expert has concluded that the version of the NAR filed with this Court contains metadata inconsistent with the version originally transmitted to Plaintiff, demonstrating that the filed document is not the same electronic file originally received. See Declaration Cohen on documentation transmitted by Defense counsel being altered.  Defendants nevertheless rely upon that altered document as though it conclusively establishes statutory compliance. It does not.<br><br> **RJN No.7, Exhibit G** is a conformed copy of the only operative Proof of Service for BANA obtained from California Supreme Court's Wedbsite |
| **2. Notice of Removal ECF Doc. 1, p.8, n.2**<br><br>Before Plaintiff filed the instant action, Plaintiff filed two prior complaints alleging employment-related claims against BANA after her employment terminated. See Los Angeles County Superior Court, Case **No. 25VECV04709**, and Central District of California, **Case No. 5:25-cv-03316-SSS-DTB**. Plaintiff voluntarily dismissed her two prior actions. This is the third lawsuit that Plaintiff has filed against BANA, and the first time that Plaintiff has named Shanks and Maxim as | **OBJECTION**: Witness lacks personal knowledge, speculation, lacks foundation, irrelevant. Fed. R. Evid. 602, 901, 401-403.constitutes improper character. |

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EVIDENCE RE  NOTICE OF REMOVAL

| | |
|---|---|
| defendants.<br><br>And<br>**3. ECF Doc 3 – Notice of Related Cases** | |
| **4. Notice of Removal ECF Doc. 1 ¶41**<br><br>See, e.g., Exh. A, Compl. Plaintiff seeks to recover "economic damages, including but not limited to back pay, front pay, and the value of all lost employment-related compensation," "[n]on-economic damages" for alleged "emotional distress and mental anguish damages," "punitive damages," and attorney's fees and costs, among other relief. See id., Prayer for Relief. Were Plaintiff to prevail in this action, the damages could exceed $75,000.... | **OBJECTION:** Irrelevant, speculative, lacks foundation, and constitutes improper legal conclusion. Fed. R. Evid. 401-403, 602, 701.<br><br>Defendants' assertion that Plaintiff's damages "could exceed $75,000" is pure conjecture completely devoid of foundational evidence. Defendants rely entirely on the boilerplate prayer for relief in Plaintiff's Complaint to speculate about potential recovery, rather than presenting competent, summary-judgment-type evidence of the actual amount in controversy.<br><br>A removing defendant bears the burden of proving the jurisdictional threshold by a preponderance of the evidence, which cannot be satisfied through mere speculation or mechanical listings of categories of damages. Because Defendants' conclusory prediction fails to establish any foundational fact and relies entirely on a hypothetical, worst-case scenario, it is completely irrelevant to the Court's strict jurisdictional analysis and must be excluded. See **RJN No 1, Exhibit A** |
| **5. Notice of Removal, Exhibit C Mischaracterization of Proof of Service to deceive Federal Court ECF Doc. 1-2 p.16**<br><br>**Exhibit B** NARS form upon BANA | **OBJECTION:** Lacks foundation, lacks authenticity, misleading, and facially defective. Fed. R. Evid. 401-403, 901.<br><br>Defendants rely upon the purported Notice and Acknowledgment of Receipt ("NAR") attached as Exhibit [C] ECF Doc 1-2 to establish the timeline for removal. |

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EVIDENCE RE  NOTICE OF REMOVAL

However, the document is a facially defective, altered instrument that lacks any legal foundation. A) **Incorrect Case Information:** The document contains an entirely incorrect case number manually inserted by Defendants. It does not correspond to the operative State Court action. B)**Omission of Mandatory Statutory Certification:** The form lacks the required statutory certification and signature validating the transmission.

Defendants' bad faith and intent to evade these obligations are explicitly laid bare by the record. As shown in **Plaintiff's Request for Judicial Notice No. 7, Exhibit G**, which contains a true and correct copy of the form posted after Defendants removed this case to Federal Court, the documentation presented by Defendants was structurally designed to be deceptive. A party may not accept the benefits of an agreement while simultaneously disavowing its burdens, nor may they deploy deceptive administrative forms to circumvent a binding state court stipulation. (Civ. Code, § 3521; Civ. Code, § 3517.)

| | |
|---|---|
| **6. Notice of Removal and Exhibit D (ECF Doc. 1, p.25, ¶50) (ECF Doc 1-4]**<br><br>As set forth above, this Notice of Removal is filed within thirty days of service of process on BANA, and all process, pleadings, and orders filed in this action are attached hereto in Exhibit D. | **Objection** Misleading, Lacks Foundation, and Mischaracterizes the Re cord. Fed. R. Evid. 401-403, 901.<br><br>Defendants represent that "all process, pleadings, and orders filed in this action are attached hereto as Exhibit D" and rely upon those materials to establish the factual basis for removal. The representation is misleading because Exhibit D itself |

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EVIDENCE RE  NOTICE OF REMOVAL

demonstrates that Defendant Peter Maxim had appeared in the Superior Court, filed an Answer, [ECF Doc. 1-4, pp. 141-151], asserted affirmative defenses, and sought affirmative relief, notwithstanding Defendants' simultaneous assertion that he is merely a "sham defendant." The removing party bears the burden of supporting removal with competent factual allegations. As the Supreme Court observed, **"any diligent attorney ... would submit to the evidentiary burden rather than take a chance on remand to state court."** Dart Cherokee Basin Operating Co. v. Owens Defendants instead submitted a Notice of Removal containing internally inconsistent factual representations concerning the status of their own co-defendants.

Respectfully submitted:

Dated: 7/12/2026          By: _____

**Luna D'Sol**

Plaintiff, In Pro Per

jravada@icloud.com

2275 E Belding Dr

Palm Springs CA 92262

Telephone: 213-925-4069

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EVIDENCE RE  NOTICE OF REMOVAL