MORGAN, LEWIS & BOCKIUS LLP
Karen Y. Cho, Bar No. 274810
karen.cho@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Nicole L. Antonopoulos, Bar No. 306882
nicole.antonopoulos@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304-1124
Tel: +1.650.843.4000
Fax: +1.650.843.4001

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF
AMERICA CORPORATION, TRICIA
SHANKS, and PETER C. MAXIM

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUNA D'SOL,<br><br>           Plaintiff,<br><br>    vs.<br><br>BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; TRICIA SHANKS, an individual; and PETER C. MAXIM, an individual; and DOES 1 through 50, inclusive,<br><br>           Defendants. | Case No. 5:26-cv-03535-JGB-SP<br><br>Hon. Jesus G. Bernal<br><br>**DECLARATION OF KAREN Y. CHO IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR ORDER CONTINUING DEFENDANTS' MOTION TO COMPEL ARBITRATION, RESETTING THE BRIEFING SCHEDULE, AND FINDING THAT DEFENDANTS HAVE FAILED TO ESTABLISH EFFECTIVE SERVICE OR, ALTERNATIVELY DIRECTING A CORRECTED CERTIFICATE OF SERVICE** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1                            Case No. 5:26-cv-03535-JGB-SP

DECLARATION OF KAREN CHO IN SUPPORT OF OPPOSITION TO EX PARTE APPLICATION

## DECLARATION OF KAREN Y. CHO

I, Karen Y. Cho, hereby certify pursuant to 28 U.S.C. § 1746 that the factual statements set forth below are true and correct to the best of my knowledge:

1. I am a member of the California Bar and a Partner at Morgan Lewis Bockius LLP, counsel of record for Defendants Bank of America, National Association, Bank of America Corporation, Tricia Shanks, and Peter Maxim (collectively, the "Defendants") in the above-captioned litigation. I have personal knowledge of the facts set forth in this declaration, and if called as a witness I could and would competently testify thereto.

2. On June 25, 2026, Bank of America, N.A. removed this action to this Court. That same day, my office served Plaintiff with a copy of the removal and related filings via USPS mail and via regular email. A true and correct of the Certificate of Service is filed in this action as ECF No. 5. A true and correct copy of the June 25, 2026 email that my office sent Plaintiff with the removal and related filings is attached as **Exhibit 1.**

3. On June 26, 2026, Plaintiff sent me a meet and confer email regarding her position as to alleged "legal and procedural defects in Defendants' Notice of Removal." This email clearly shows that Plaintiff received and reviewed the removal because Plaintiff takes issue with various information included in the removal. Plaintiff raised various objections to the service of the complaint and summons on Defendants, even though we repeatedly told Plaintiff that Defendants have accepted service of the complaint and summons. A true and correct copy of this June 26, 2026 email is attached as **Exhibit 2.**

4. Although Plaintiff clearly had a copy of the Notice of Removal papers (which were provided to her both electronically and via USPS mail service), on June 30, 2026, my colleague Nicole Antonopoulos and I attended a phone call with Plaintiff where Plaintiff stated that she had not yet received the hard copies of the Notice of Removal and that Plaintiff took issue with the fact that Defendants were

unable to provide a tracking number associated with their service of the removal via USPS mailing. After the call, Plaintiff sent an email where she provided her characterization of the meet and confer call. I disagree with Plaintiff's characterization of the call in this email. A true and correct copy of this June 30, 2026 email is attached as **Exhibit 3.**

5. On July 2, 2026, Defendants filed a motion to compel arbitration. That same day, my office served Plaintiff with Defendants' motion to compel arbitration via FedEx mailing, so we could provide Plaintiff a tracking number per her prior request, and also via email to make doubly sure she received it. We served Plaintiff via FedEx mailing, as opposed to USPS mailing, because Plaintiff had previously represented that she did not receive the physical paper copies of the Notice of Removal via USPS mailing, and she repeatedly requested a tracking number to verify the delivery of the documents. Indeed, the FedEx proof of delivery shows that Defendants' motion to compel arbitration was delivered on July 3, 2026 at 11:11 a.m., and there are pictures confirming that the documents were delivered. As for the email service, my office utilized its secure file transfer system to email the documents to Plaintiff to ensure that the documents were also delivered to Plaintiff electronically, and to avoid any issues with a regular email being rejected due to the file size. A true and correct copy of the Certificate of Service of Defendants' motion to compel arbitration is filed in this action as ECF No. 13. A true and correct copy of the FedEx proof of delivery and photos of the service of Defendants' motion to compel arbitration on Plaintiff is attached as **Exhibit 4.** A true and correct copy of the July 2, 2026 email sent to Plaintiff that provided a copy of Defendants' motion to compel arbitration (minus the exhibits) is attached as **Exhibit 5.**

6. On July 6, 2026, at approximately 9:47 a.m., Plaintiff sent a meet and confer email to me where Plaintiff raised her concerns regarding documents filed in support of Defendants' motion to compel arbitration. Specifically, Plaintiff took issue with the Declaration of Dineen M. Allen filed in support of Defendants' Motion to

Compel Arbitration, and she also took issue with Defendants' characterization of the meet and confer discussions in Defendants' Motion to Compel Arbitration. A true and correct copy of this July 6, 2026 email (with redactions) is attached as **Exhibit 6.**

7. That same day, on July 6, 2026, I received several emails from OneLegal, a third party litigation support company that offers e-filing, process serving, and other services, regarding documents being purportedly electronically served in this matter. Specifically, on July 6, 2026, Defendants were electronically served with Plaintiff's Notice of Pro Se Appearance, Plaintiff's Certification and Notice of Interested Parties, Plaintiff's memorandum of points and authorities in support of her motion to remand, and other related documents. The caption page for the memorandum of points and authorities in support of Plaintiff's motion to remand reflected a hearing date of August 3, 2026, which would make the deadline for an opposition be July 9, 2026. This caption page also referenced that it was being "[f]iled concurrently with Plaintiff's Motion to Remand . . ."

8. Also, on July 6, 2026, at approximately 7:36 p.m. and after Plaintiff had already sent a meet and confer email regarding the documents filed in support of Defendants' motion to compel arbitration, Plaintiff emailed me claiming that she reviewed footage from her security cameras and observed that a FedEx driver "left what appears to have been an envelope on the ground immediately outside [her] front door" but "the envelope was blown away before [she] saw it being swept away on [her] security camera." Plaintiff asked whether the FedEx delivery was from Defendants, "what documents were enclosed, whether they were also mailed, and the date on which Defendants contend service was effected." A true and correct copy of this July 6, 2026 email is attached as **Exhibit 7.**

9. On July 9, 2026, Ms. Antonopoulos and I had a meet and confer call with Plaintiff where we discussed, among other topics, Plaintiff's position regarding Ms. Allen's declaration filed in support of Defendants' motion to compel arbitration.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

4                                            Case No. 5:26-cv-03535-JGB-SP

DECLARATION OF KAREN CHO IN SUPPORT OF OPPOSITION TO EX PARTE APPLICATION

During this call, Plaintiff also requested a copy of the tracking number for the notice of removal, and we indicated that we were not aware of the tracking number for the documents given they were served via USPS.

10. On July 13, 2026, Defendants had prepared an opposition to Plaintiff's motion to remand, and Defendants were planning to file it that day. However, before Defendants filed their opposition, Plaintiff sent an email indicating that she filed her motion to remand that day (July 13), and the prior motion to remand sent on July 6 were "draft materials exchanged exclusively for settlement purposes and were not intended to constitute Plaintiff's operative filings." Based on Plaintiff's representation, Defendants did not file an opposition to the prior version of the motion to remand that was served on July 6, 2026. A true and correct copy of Plaintiff's email dated July 13, 2026 and Defendants' response is attached as **Exhibit 8.**

11. Also, on July 13, 2026, Ms. Antonopoulos and I had a meet and confer call with Plaintiff where Plaintiff indicated that she intended to file a motion to strike Defendants' Certificate of Service filed in connection with their Motion to Compel Arbitration. During this call, Plaintiff claimed that Defendants are not permitted to serve her with documents via FedEx, and she claimed that the documents were blown away by the wind. In response, we explained Defendants' position that service was proper via FedEx, and we also told Plaintiff that Defendants provided Plaintiff the documents electronically in any event. We also specifically asked Plaintiff what she wanted Defendants to do. Notably, Plaintiff did not ask Defendants to re-send Defendants' motion to compel arbitration documents. Rather, Plaintiff asked Defendants to amend or remove the Certificate of Service that Defendants filed with the Court. We responded that Defendants were unwilling to do so.

//

//

//

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

5

Case No. 5:26-cv-03535-JGB-SP

DECLARATION OF KAREN CHO IN SUPPORT OF OPPOSITION TO EX PARTE APPLICATION

I declare to the best of my knowledge under penalty of perjury under the laws of California and the United States that the foregoing is true and correct.

Executed on July 15, 2026

_____*/s/ Karen Y. Cho*_____
Karen Y. Cho

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 5:26-cv-03535-JGB-SP

DECLARATION OF KAREN CHO IN SUPPORT OF OPPOSITION TO EX PARTE APPLICATION