FILED
CLERK, U.S. DISTRICT COURT
07/15/2026
CENTRAL DISTRICT OF CALIFORNIA
BY mba DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

LUNA D'SOL
Plaintiff, In Pro Per
Email Address: jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUNA D'SOL<br>Plaintiff,<br><br>VS.<br><br>BANK OF AMERICA, N.A.;<br>BANK OF AMERICA CORPORATION;<br>TRICIA SHANKS, an individual;<br>PETER C MAXIM, an individual;<br>and DOES 1 through 50, inclusive,<br>Defendant(s). | **Case No:** 5:26-cv-03535-JGB-SP<br><br>**EX PARTE APPLICATION OF PLAINTIFF FOR ORDER CONTINUING HEARING ON DEFENDANTS' MOTION TO COMPEL ARBITRATION, RESETTING THE BRIEFING SCHEDULE, AND FINDING DEFENDANTS HAVE FAILED TO ESTABLISH EFFECTIVE SERVICE OR, ALTERNATIVELY, DIRECTING A CORRECTED CERTIFICATE OF SERVICE**<br><br>Judge: Hon. Jesus G. Bernal.<br>. United States District Juge<br><br>Complaint Filed: March 4th, 2026 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE** that on July 14th, 2026, and pursuant to Local Rule 7-19, Plaintiff, Luna D'Sol, will and hereby does apply ex parte to Courtroom 10A of the above-entitled court located at 350 W. First Street, 10th Floor, Los Angeles, California 90012, by filing this written Ex Parte Application which requests this Court to issue an order

**(1)** continuing the hearing on Defendants' Motion to Compel Arbitration (ECF Doc Nos. 10-1 through 10-11, 13) and resetting the briefing schedule applicable solely to that motion;

**(2)** finding that Defendants have failed to establish effective service of the Motion to Compel Arbitration [ECF Doc. 13] and supporting papers as reflected in the challenged Certificate of Service, or alternatively directing Defendants to file a corrected Certificate of Service accurately reflecting the manner and date of service; and

**(3)** granting such other and further relief as the Court deems just and proper.

Defendants' Motion to Compel Arbitration expressly certifies that counsel satisfied the required meet-and-confer process before filing the motion. Plaintiff disputes the accuracy of that certification. Because, as explained in detail in the Declaration of Luna D'Sol ("D'Sol Decl.") (¶¶8-10) filed concurrently herewith, the required meet-and-confer conference never occurred, Plaintiff contends that Defendants' certification of compliance with the applicable meet-and-confer requirement contains a materially inaccurate factual representation. That disputed certification, together with the challenged Certificate of Service, is properly before the Court in this Ex Parte Application.

This Ex Parte Application is supported by good cause because Defendants' purported service [ECF Doc. 13] of their Motion to Compel Arbitration and supporting papers [ECF Docs. 10, 10-1 through 10-11] was procedurally defective, resulting in substantial prejudice to Plaintiff's ability to timely oppose that motion. This prejudice did not result from any lack of diligence by Plaintiff**. The Notice of Removal and accompanying removal papers were first served on**

**Plaintiff on July 9, 2026. On July 2nd, 2026, Plaintiff was not served this Motion to Compel Arbitration Agreement [ECF Doc. 13, pp. 2-3]**

Plaintiff has diligently litigated this action by, among other things, preparing and filing a Motion to Remand, submitting multiple Requests for Judicial Notice, retaining and obtaining declarations from an independent digital forensic expert, filing the required Notices of Related Cases and Related Parties, and preparing and delivering a tabbed courtesy binder of the relevant filings for the Court's chambers. Plaintiff also promptly met and conferred with Defendants' counsel upon confirming the service defects and requested that the Certificate of Service be corrected before seeking Court intervention. **(**D'Sol Decl. ¶¶ 3-9.)

This is not a case in which Plaintiff arbitrarily refused to consent to electronic service. Rather, before this action was removed to federal court, Plaintiff advised Defendants that she could not reasonably consent to electronic service because an independent digital forensic examination had identified material discrepancies in electronic documents previously transmitted by Defendants' counsel [See Luna D'Sol Declaration RE Kevin Cohen Declaration ("Cohen Decl."), Exhibit B], including differences in metadata between documents represented as the same record that were declared as "altered" or "changed" (Id.). Those findings caused Plaintiff to reasonably require service through methods capable of independent verification. Accordingly, Plaintiff did not provide the written consent required by **Federal Rule of Civil Procedure 5(b)(2)(E)** [See Declaration of Luna D'Sol ¶3, Exhibit 40], and Defendants nevertheless purported to serve their Motion to Compel Arbitration electronically without such consent. [ECF Doc. 13 pp. 2-3].

The emergency was not created by any fault attributable to Plaintiff. Rather, it arose from Defendants' use of an ineffective method of service, their repeated refusal to provide the tracking information Plaintiff requested in three separate emails, and their subsequent refusal to correct the disputed Certificate of Service after Plaintiff raised the issue during the parties' good-faith meet and confer. Defendants represented that no tracking number was required for valid service and asserted that they therefore had no obligation to provide one. However, when Plaintiff was ultimately served with the package, it bore a tracking number. By withholding that information despite repeated requests, Defendants prevented Plaintiff from locating and recovering the shipment through the

carrier. After Plaintiff discovered the discrepancy and requested that Defendants amend or withdraw the challenged Certificate of Service, Defendants declined to do so, leaving this Ex Parte Application as the only practical means of preventing the resulting prejudice.

Absent immediate relief, Plaintiff will suffer irreparable procedural prejudice because the deadline to oppose Defendants' Motion to Compel Arbitration has expired even though Plaintiff has not yet been served with the Motion to Compel Arbitration and its supporting papers. Plaintiff therefore respectfully requests that the Court continue only the hearing on Defendants' Motion to Compel Arbitration, reset only the briefing schedule applicable to that motion, direct Defendants to file a corrected Certificate of Service, and grant such further relief as the Court deems just and proper.

Plaintiff seeks ex parte relief because the deadline to oppose Defendants' Motion to Compel Arbitration has expired even though Plaintiff has not been served with that motion and its supporting papers. Unless relief is granted, Plaintiff will be deprived of any meaningful opportunity to respond before the scheduled August 3, 2026, hearing. Plaintiff did not create this emergency. Rather, Plaintiff promptly raised the service defects, met and conferred in good faith, and requested that Defendants correct or withdraw the challenged Certificate of Service. Defendants declined, making this Ex Parte Application the only practical means of preventing the resulting prejudice.

**PLEASE TAKE FURTHER NOTICE** that Plaintiff has complied with **Local Rule 7-19.1** by making reasonable, good-faith efforts to notify Defendants' counsel of the date, substance, and grounds of this Ex Parte Application. On July 13, 2026, Plaintiff left voicemail messages for Defendants' counsel, Nicole L. Antonopoulos and Karen Y. Cho, advising that Plaintiff intended to seek ex parte relief concerning Defendants' purported service of the Motion to Compel Arbitration and requesting an opportunity to resolve the matter without Court intervention.

On July 14, 2026, Plaintiff and Defendants' counsel conducted a telephonic meet-and-confer regarding the issues raised in this Application. During that conference, Plaintiff explained the asserted defects in Defendants' Certificate of Service and requested that Defendants voluntarily amend or withdraw the challenged Certificate of Service or otherwise stipulate to appropriate relief. Defendants declined to do so. Plaintiff thereafter promptly confirmed the substance of the parties'

discussion by written correspondence. Accordingly, Defendants have been afforded notice of both the nature of the relief sought and the grounds supporting this Ex Parte Application, as required by **Local Rule 7-19.1**.

Respectfully Submitted

Dated July 14, 2026 by: ______________________

**Luna D'Sol**
Plaintiff In Pro Per

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff respectfully requests this Court to issue an order **(1)** continuing the hearing on Defendants' Motion to Compel Arbitration (ECF Doc Nos. 10-1 through 10-11, 13) and resetting the briefing schedule applicable solely to that motion; **(2)** finding that Defendants have failed to establish effective service of the Motion to Compel Arbitration [ECF Doc. 13] and supporting papers as reflected in the challenged Certificate of Service, or alternatively directing Defendants to file a corrected Certificate of Service accurately reflecting the manner and date of service; and **(3)** granting such other and further relief as the Court deems just and proper.

As explained further below, Plaintiff will be irreparably prejudiced if this Application is not heard on an expedited basis because the deadline to oppose Defendants' Motion to Compel Arbitration has already expired under a briefing schedule calculated from Defendants' purported service. A regularly noticed motion cannot be heard before the scheduled August 3, 2026 hearing and therefore cannot provide an effective remedy.

The need for emergency relief was not created by Plaintiff. Rather, Plaintiff diligently litigated this action after receiving Defendants' removal papers by filing a Motion to Remand, Requests for Judicial Notice, notices required by the Local Rules, and obtaining independent forensic evidence. Upon confirming the defects in Defendants' purported service, Plaintiff immediately met and conferred with Defendants' counsel and requested that the Certificate of Service be corrected. Defendants declined to do so, leaving this Ex Parte Application as the only practical means of preserving Plaintiff's opportunity to fully and fairly oppose the Motion to Compel Arbitration.

A party seeking ex parte relief must present evidence demonstrating "(1) that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures, and (2) that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis resulted from excusable neglect." **(D'Sol Decl. ¶¶ 3-9.).** *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995); *Torres v. Igdaloff*, No. 2:17-cv-04059-MCS-JEM, 2022 WL 17078883, at *1 (C.D. Cal. Feb. 17, 2022). In

evaluating an ex parte application, the Court necessarily considers whether the underlying requested relief has sufficient merit because "if it is meritless, failure to hear it cannot be prejudicial." *Wells Fargo Bank, N.A. v. Stewart Homes, Inc.*, 732 F. Supp. 3d 1169, 1175 (C.D. Cal. 2024).

Accordingly, Plaintiff respectfully requests that the Court grant this Ex Parte Application, continue only the hearing on Defendants' Motion to Compel Arbitration to August 17, 2026, or such other date as the Court deems appropriate, reset only the briefing schedule applicable to that motion, direct Defendants to file a corrected Certificate of Service, and grant such further relief as the Court deems just and proper.

## I. PROCEDURAL STATUS OF THE CASE

Plaintiff commenced this action on March 4th, 2026, by filing a Complaint in the Superior Court of California, County of Riverside, Palm Springs Courthouse, Dept PS2, against BANK OF AMERICA CORPORATION ("BAC"); BANK OF AMERICA, N.A. ("BANA"); TRICIA SHANKS ("Shanks"); PETER MAXIM ("Maxim"); and DOES 1 through 50, inclusive (collectively, "Defendants"). The action was assigned Case No. CVPS2601396, and it arises from Defendants' discrimination and **hostile work environment harassment on the bases of sex, gender identity, gender expression, transgender status and age**, retaliation, failure to prevent discrimination and harassment, failure to accommodate, failure to engage in the interactive process, wrongful termination, and related statutory violations of the California Fair Employment and Housing Act (Gov. Code §§ 12920, 12940 et seq.), including subdivisions (a), (h), (i), (j), (k), (m), and (n); retaliation under Labor Code sections 98.6 and 1102.5; failure to pay wages due upon discharge and issuance of inaccurate wage statements in violation of Labor Code sections 201, 203, and 226; and wrongful termination in violation of fundamental public policy. ("Complaint") [ECF DOC. 1-1].

Defendants' litigation conduct reflects a series of inconsistent procedural positions that bear directly on the credibility of their present request to compel arbitration. On June 3rd , 2026, **Defendant Peter C. Maxim, a California citizen,** answered the Complaint in state court [See Plaintiff's RJN No.5, Exhibit E]. Defendant Tricia Shanks then sought affirmative relief from the

Superior Court by stipulating to vacate her default and expressly agreed, through a Court-approved stipulation, to file a responsive pleading by June 25, 2026 [See Plaintiff's RJN No.6, Exhibit F]. That deadline passed without compliance. On the same date, Defendant Bank of America, N.A. ("BANA") removed the action to this Court while characterizing Bank of America Corporation, Ms. Shanks, and Mr. Maxim as sham defendants whose consent was unnecessary for removal [ECF Doc. 1 p. 8 n. 1]. Yet, in the same footnote BANA further stated that "Nevertheless, all Defendants Consent to their removal of this action…" ( Id.). No records were provided to represent their consent. Now, Defendants appear collectively in seeking to compel arbitration against Plaintiff.

These shifting positions do not arise from separate litigants independently advancing different defenses. They have all been coordinated through the same law firm, Morgan, Lewis & Bockius LLP ("**The Agent**"), acting as counsel for each Defendant. Accordingly, the Court should evaluate Defendants' procedural representations as the litigation strategy of a single coordinated defense, rather than as unrelated positions taken by independent parties.

## II. ARGUMENT

### A. FedEx Delivery Left Unattended at Plaintiff's Door Was Not an Authorized Method of Service — And Defendants' Own Certificate Misstates the Delivery Date

Rule 5(b)(2) does not list commercial-carrier delivery as an independently authorized method absent the recipient's prior written consent under subsection (F). On information and belief, Plaintiff never provided such consent. Even if delivery to a commercial carrier were treated as analogous to subsection (F), the manner of attempted delivery here — leaving the package unattended outside Plaintiff's residence, where it was later displaced by wind rather than received by any person — falls short of the personal or dwelling-based delivery contemplated by subsection (B), which requires leaving papers "with someone of suitable age and discretion who resides there." No such person received the package; nobody received it at all until Plaintiff discovered it on July 9, 2026. **(D'Sol Decl. ¶¶ 6-8.).**

This is not merely Plaintiff's characterization of events. FedEx's own tracking record for Tracking ID 873903938216 — obtained by Plaintiff independently after Defendants' counsel

confirmed on June 6, 2026 that they did not possess a tracking number — shows delivery occurring Friday, July 3, 2026 at 11:11 a.m., a full day after the July 2, 2026 date certified in Defendants' Certificate of Service (ECF Doc. 13), with the disposition recorded as "Signed for by: Signature not required," and an accompanying delivery photograph depicting the envelope propped on the ground against Plaintiff's exterior doorway. **(Id., ¶8, Exhibit 43.)**. The Certificate of Service's July 2, 2026 date is therefore independently contradicted by the carrier's own record, and the "signature not required" disposition confirms that delivery was not made to any person, consistent with Plaintiff's account and inconsistent with any authorized Rule 5(b)(2) method.

**B. Claimed Electronic Service Was Independently Ineffective**

Rule 5(b)(2)(E) requires the recipient's prior written consent to electronic service, and provides that even consented-to electronic service "is not effective if the serving party learns that it did not reach the person to be served." Plaintiff never received the July 2, 2026 electronic transmission Defendants certify was sent to jravada@icloud.com — the correct, active address Plaintiff uses to correspond with Defendants' counsel in this very litigation — and so informed Defendants directly on July 14, 2026 **(D'Sol Decl. ¶¶ 3-5, 9-10.)** . Under the plain terms of Rule 5(b)(2)(E), that non-receipt, once known to the serving party, defeats reliance on the July 2, 2026 service date for the electronic-service prong.

**C. Because Neither Certified Method of Service Was Effective Until, At the Earliest, July 9, 2026, the Court Should Continue the Hearing and Reset the Briefing Schedule**

Local Rule 7-9 fixes Plaintiff's opposition deadline mechanically at 21 days before the hearing date, without independent regard to the date of service — meaning the most direct and proportionate remedy for the service defect identified here is a continuance of the August 3, 2026 hearing date, which will automatically reset the LR 7-9 deadline to a date that reflects when Plaintiff actually came into possession of the moving papers. **(D'Sol Decl. ¶¶ 6, 8-11.)**. Plaintiff requests a continuance of at least [3–5] weeks, together with an order directing Defendants to file a corrected Certificate of Service reflecting the actual date(s) of effective delivery, and, in the alternative and without waiving the foregoing, an order deeming any opposition filed by Plaintiff within 21 days of the date of this Court's order to be timely.

## III. THE EX PARTE APPLICATION SHOULD BE GRANTED

"'The district court is given broad discretion in supervising the pretrial phase of litigation,'" especially when a pretrial scheduling order has not yet been entered and/or when the party seeking an extension or schedule modification has acted with diligence, both of which are true here. **(D'Sol Decl. ¶¶ 3-9.)**. See generally e.g., Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002), citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 607, 607-609 (9th Cir. 1992) and Fed. R. Civ. Proc. Rule 16(b). "[D]istrict judges have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16." Avila v. Willits Environmental Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011).

"The Ninth Circuit Court of Appeals has outlined four considerations that the Court must evaluate in deciding whether to grant a motion to continue." State Farm Fire & Cas. Co. v. Willison, 833 F.Supp.2d 1200, 1211 (D. Hawaii 2001), citing United States v. Flynt, 756 F.2d 1352, 1358 (9th Cir.1985), amended by, 764 F.2d 675 (9th Cir.1985) and United States v. Kloehn 620 F.3d 1122, 1126 (9th Cir.2010).

> **(1)** the "diligence" of the party seeking the continuance;
> **(2)** whether granting the continuance would serve any useful purpose;
> **(3)** the extent to which granting the continuance would have inconvenienced the court and the opposing party; and
> (4) the potential prejudice. Id.

Plaintiff's Ex Parte Application should be granted because Plaintiff will suffer irreparable prejudice if the requested relief is heard according to regularly noticed motion procedures, and Plaintiff is without fault in creating the circumstances requiring emergency relief. An additional continuance of two weeks should not inconvenience the Court to allow Plaintiff to comply with the Court's "mandatory" response requirements. **(D'Sol Decl. ¶¶ 8-10.).**

## IV. CONCLUSSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Ex Parte Application and:

1. Find that Defendants have failed to establish effective service of their Motion to Compel Arbitration and supporting papers as reflected in the challenged Certificate of Service and reset the briefing schedule accordingly; or, alternatively, if the Court concludes that service occurred, direct Defendants to file a corrected Certificate of Service accurately reflecting the manner and date of service and grant corresponding relief;
2. Continue only the hearing on Defendants' Motion to Compel Arbitration and Stay Action (ECF No. 10) to August 17, 2026, or such other date as the Court deems appropriate;
3. Reset only the briefing schedule applicable to Defendants' Motion to Compel Arbitration and Stay Action, without affecting Plaintiff's pending Motion to Remand or any other pending matter; and
4. Grant such other and further relief as the Court deems just and proper.

[CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6.2: The undersigned, counsel of record for Defendant Farmers Direct, certifies that this brief contains 3145 words ("including headings, footnotes and quotations"), which complies with the word limit of Local Rule 11-6.1.]

Respectfully Submitted

Dated 7/14/26 by:______________________

Luna D'Sol, Plaintiff in Pro Per