LUNA D'SOL

Plaintiff, In Pro Per

Email Address: jravada@icloud.com

2275 E Belding Dr

Palm Springs CA 92262

Telephone: 213-925-4069

FILED

CLERK, U.S. DISTRICT COURT

07/15/2026

CENTRAL DISTRICT OF CALIFORNIA

BY _____ mba _____ DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

LUNA D'SOL

Plaintiff,

VS.

BANK OF AMERICA, N.A.;
BANK OF AMERICA CORPORATION;
TRICIA SHANKS, an individual;
PETER C MAXIM, an individual;
and DOES 1 through 50, inclusive,

Defendant(s).

Case No: 5:26-cv-03535-JGB-SP

**DECLARATION OF LUNA D'SOL IN SUPPORT OF EX PARTE APPLICATION OF PLAINTIFF FOR ORDER CONTINUING HEARING ON DEFENDANTS' MOTION TO COMPEL ARBITRATION, RESETTING THE BRIEFING SCHEDULE, AND FINDING DEFENDANTS HAVE FAILED TO ESTABLISH EFFECTIVE SERVICE OR, ALTERNATIVELY, DIRECTING A CORRECTED CERTIFICATE OF SERVICE**

Judge: Hon. Jesus G. Bernal.
.         United States District Juge

Complaint Filed: March 4th, 2026

**Declaration of Luna D'Sol in Support of Ex Parte Application**

I, Luna D'Sol, declare as follows:

1.      I am the plaintiff in this action, appearing pro se. I have personal knowledge of the facts set forth below and, if called as a witness, could and would competently testify thereto.

2.      I commenced this action on March 4th, 2026, by filing a Complaint in the Superior Court of California, County of Riverside, Palm Springs Courthouse, Dept PS2, against BANK OF AMERICA CORPORATION ("BAC"); BANK OF AMERICA, N.A. ("BANA"); TRICIA SHANKS ("Shanks"); PETER MAXIM ("Maxim"); and DOES 1 through 50, inclusive (collectively, "Defendants") The action was assigned Case No. CVPS2601396, and it arises from Defendants' discrimination and **hostile work environment harassment on the bases of sex, gender identity, gender expression,  transgender status and age**, retaliation, failure to prevent discrimination and harassment, failure to accommodate, failure to engage in the interactive process, wrongful termination, and related statutory violations of the California Fair Employment and Housing Act (Gov. Code §§ 12920, 12940 et seq.), including subdivisions (a), (h), (i), (j), (k), (m), and (n); retaliation under Labor Code sections 98.6 and 1102.5; failure to pay wages due upon discharge and issuance of inaccurate wage statements in violation of Labor Code sections 201, 203, and 226; and wrongful termination in violation of fundamental public policy. I further seek relief under Civil Code sections 52.1 and 3294, Code of Civil Procedure section 1021.5, and all other applicable statutory and equitable provisions. ("Complaint") [ECF DOC. 1-1] (See also D'Sol Decl. ¶2).

3.      On June 26, 2026, immediately following the parties' Local Rule 7-3 meet-and-confer conference, I sent Defendants' counsel an email memorializing the discussion. In that correspondence, I confirmed that I had not consented to electronic service in either the state or federal action and advised Defendants that, under Federal Rule of Civil Procedure 5(b)(2)(E), service by electronic means is effective only upon the recipient's written consent, which I had not provided. I further advised Defendants that, in light of their repeated filing irregularities and disputed filings, I expected service to be accomplished in accordance with the applicable procedural

rules rather than by unauthorized electronic transmission. A true and correct copy of that June 26, 2026 email is attached hereto as **Exhibit 40** and incorporated herein by this reference.

4.      On June 30, 2026, at approximately 11:00 a.m., I spoke by telephone with Defendants' counsel. During that call, I informed Ms. Cho that I had not received the Notice of Removal, Defendants' moving papers, or any other physical service relating to the removed action. I further explained that I had not been authorized to participate in the Court's CM/ECF system, had not consented in writing to service by email or other electronic means, and was awaiting the Court's instructions concerning electronic participation. Ms. Cho stated that her office had mailed what she described as a "courtesy copy," but confirmed that she did not possess a tracking number or other carrier information that would permit me to verify, locate, or confirm delivery of the documents. I requested the tracking information because, at that time, I had received neither the mailed documents nor any electronic transmission of them.

5.      Immediately following that telephone conversation, I sent Defendants' counsel a written email memorializing the discussion. After the conclusion of that day's mail delivery, I confirmed that I still had not received the Notice of Removal, Defendants' proposed moving papers, or any documents that would permit a meaningful meet-and-confer regarding any contemplated motion. I further advised that, because I had not been granted leave to participate electronically and had not received the moving papers, I could not conduct the substantive conference contemplated by Local Rule 7-3. I requested that the conference scheduled for July 1, 2026, be rescheduled until after I received and had a reasonable opportunity to review Defendants' papers. A true and correct copy of that June 30, 2026 email is attached hereto as **Exhibit 41** and incorporated herein by this reference.

6.      On July 9, 2026, I received the envelope containing Defendants' Notice of Removal and related papers. A true and correct photograph of the envelope, taken shortly after I received it, is attached hereto as **Exhibit 42** and incorporated herein by this reference. As reflected in the attached photographs, the envelope bears a "Return to Sender" marking and shows signs consistent with having been handled during an extended postal process. The mailing label also contains two areas obscured by dark marker. I do not know who applied those markings or what information they originally covered, and I make no allegation regarding their source. I attach the photographs solely

to depict the condition in which the envelope was actually received. This mailing was not received until approximately ten days after Defendants represented that service had been completed.

7.    The photographs fairly and accurately depict the envelope in the same condition in which I received it on July 9, 2026. At the time I received the envelope, two portions of the exterior already appeared covered by black marker. One covered what appeared to be a **"RETURN TO SENDER"** notation, and the other covered what appeared to be a **"10 DAY HOLD"** notation. I did not apply those markings, do not know who did, and do not know when or why they were placed on the envelope

8.    After Defendants repeatedly advised that they could not provide a tracking number for the purported FedEx service, I independently obtained the FedEx tracking information associated with the shipment. A true and correct copy of the FedEx tracking records is attached hereto as Exhibit __ and incorporated herein by this reference. Those records reflect that the shipment bearing Tracking No. **873903938216** was tendered to FedEx on **July 2, 2026**, at **4:44 p.m.** in San Francisco, California, and was ultimately marked **"Delivered"** in Palm Springs, California, on **July 3, 2026, at 11:11 a.m.** The tracking record further states **"Signed for by: Signature not required,"** and includes a delivery photograph depicting the FedEx envelope resting unattended outside the entrance to my residence rather than being delivered to me or to any other person. Attached hereto as **Exhibit 43** and incorporated herein by this reference is a true and correct of the FEDEX Tracking information of the envelop that Defendants claim it had the Motion to Compel Arbitration documents. This was blown away by high winds which are common in this city

9.    On July 13, 2026, I left voicemail messages for Defendants' counsel, Nicole L. Antonopoulos and Karen Y. Cho, requesting a telephone conference concerning Defendants' Certificate of Service and advising that, absent resolution, I intended to seek ex parte relief. On July 14, 2026, Defendants' counsel and I conducted a telephonic meet-and-confer regarding those issues. Immediately following that conference, I sent an email memorializing my understanding of the discussion. In that email, I stated that I had advised Defendants that: (1) they had refused to provide tracking information for the USPS mailing; (2) I did not receive the package until July 9, 2026; (3) I contended that the method of service described in the Certificate of Service did not comply with the

4

Declaration of Luna D'Sol in Support of Plaintiff's Ex Parte Application
5:26-cv-03535-JGB-SP

applicable rules governing service upon a pro se litigant; (4) I had not received any electronic copy of the Motion to Compel Arbitration or its supporting papers; and (5) I requested that Defendants amend, withdraw, or otherwise correct the challenged Certificate of Service, which Defendants declined to do. A true and correct copy of that July 14, 2026 email, including the July 13, 2026 email chain, is attached hereto as **Exhibit 44** and incorporated herein by this reference

**10.**    I have never received, at any point, an electronic copy of Defendants' Motion to Compel Arbitration or its supporting papers by e-mail or Secure File Transfer at jravada@icloud.com or any other address. I have searched my e-mail inbox and spam/junk folders and located no such transmission.

**11.**    Consistent with my understanding of standard USPS practice for a Return-to-Sender item, that package was held locally for approximately ten days before it was ultimately delivered to me on July 9, 2026 — the same day I also first received the FedEx package described above. A true and correct photograph of the package as I received it, showing two areas of the mailing label obscured by dark marker, is attached hereto as Exhibit E. I do not know who applied that marker or what it originally covered, and I am not asserting who did so; I am attaching the photograph solely to show the condition in which the package was actually delivered to me.

**12.**    I will suffer irreparable prejudice if relief is not granted because Defendants' Motion to Compel Arbitration remains set for hearing on August 3, 2026, while the deadline for Plaintiff's opposition has already expired before I was serviced that document while engaging Defendants for help, Defendants withheld the tracking information.

**13.**    I have previously submitted a declaration attesting to these same Notice-of-Removal service facts in support of my pending Motion to Remand. I repeat them here only as corroborating context for this Application.

**14.**    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on July 14, 2026 date of , at Palm Springs, California.

_____

Luna D'Sol, Plaintiff in Pro Per

Declaration of Luna D'Sol in Support of Plaintiff's Ex Parte Application
5:26-cv-03535-JGB-SP

EXHIBIT 40

**From: Luna D'Sol** jravada@icloud.com
**Subject:** Meet-and-Confer Recap June 26, 2026 – D'Sol v. Bank of America, et al.
**Date:** June 26, 2026 at 19:54
**To:** Antonopoulos, Nicole L. nicole.antonopoulos@morganlewis.com, Cho, Karen Y. karen.cho@morganlewis.com



Counsel,

I am writing to summarize and recap the meet-and-confer today, June 26, 2026 at 8am, attended by Plaintiff Luna D'Sol and Defendants' counsel Karen Cho and Nicole Antonopoulos.

As a matter of record, Plaintiff requested a copy of the alleged arbitration agreement in July 2025. Defendants initially asserted an "implied acknowledgment" theory based on non-rejection acceptance from November 2024. When a document was finally produced in July 2025 by internal counsel Stephen Bird, the metadata explicitly revealed it was created exactly one day after Plaintiff disclosed her transgender status to Manager Shanks and Supervisor Defendant Peter C. Maxim.

When confronted with these findings, Bank of America's internal counsel, ceased asserting the enforceability of that document and promised a correct version to be issued "soon". Instead, later productions by your firm included a mismatched, Bates-numbered personnel package that directly contradicted the official personnel files provided by Bank of America both before and after that date.

To resolve this evidence issue, Plaintiff served a 21-day safe harbor notice in state court. Defendants engaged in discussions to coordinate a time to resolve the matter. Instead, Defendants filed a Notice of Removal exactly one business day before Plaintiff was eligible to file that mature motion.

## Motion to Compel Arbitration

Defendant initiated a meet-and-confer regarding its anticipated motion to compel arbitration. During that process, however, Defendant denied the existence of the very documents that Plaintiff contends were previously misrepresented and refused to substantively address those disputed factual issues. When Plaintiff challenged Defendant's unsupported characterization of the purported arbitration agreement, defense counsel responded only that "there is a case that supports it." Plaintiff promptly requested that authority, as well as any other legal basis supporting Defendant's position, but Defendant declined to provide it, instead deferring any discussion until Wednesday, July 1, while simultaneously asserting that it was required to file the motion by Thursday, July 2.

Plaintiff advised Defendant that this sequence failed to satisfy the purpose of the meet-and-confer process because Defendant had neither provided the factual and legal basis necessary to permit a meaningful discussion nor complied with its obligation to attempt to resolve or narrow the issues before motion practice. Plaintiff further noted that Defendant had previously represented, in correspondence dated June 17, that "per Local Rule 7-3, we must meet and confer at least 7 days prior to filing of the motions," and again on June 22 stated, "per Local Rule 7-3, we must meet and confer this Thursday… and no later than Thursday." Despite those prior representations, Defendant later appeared to invoke a different interpretation of the rule while continuing to withhold the authorities upon which it claimed to rely and refusing to engage in a substantive discussion of the disputed issues. Leaving a substantive discussion for July 1st for a July 2nd filing provides an impossible 1-day window. This is a direct violation of Central District Local Rule 7-3's mandatory 7-day rule—a timeline you previously acknowledged. Your accusation that Plaintiff "does not know the rules" is baseless and contradicted by your own written communications.

### Federal Rule of Civil Procedure 5(b)(2)(E

With respect to your verbal assertion regarding an alleged prior state-court filing referenced in your Notice of Removal, your characterization does not correspond to the any documents previously transmitted to me. Further, let the record reflect that I have not consented to electronic service in either the state or federal action. Under Federal Rule of Civil Procedure 5(b)(2)(E), service by electronic means is effective only upon the recipient's written consent. I have provided no such consent. Accordingly, neither an email nor a verbal reference to the purported filing constitutes valid service and given given Defendant's repeated filing irregularities and frivolous pleadings, I can only be expected to respond to documents that have been properly served in accordance with the applicable procedural rules.

Defendants disputed Plaintiff's assertions, denied that any document had been fabricated, maintained that the Notice and Acknowledgment of Receipt was properly executed and transmitted, stated that Defendants accepted service, and further asserted that removal may occur before formal service.

## Continuation of Meet-and-Confer

Because Defendants had not identified or produced the legal authorities supporting their anticipated motions before the conference, Plaintiff requested additional time to review those authorities before providing substantive responses. Defendants agreed to provide the authorities discussed during the call. The parties agreed to the meet-and-confer on **July 1, 2026, at 8:00 a.m to allow Defendants a good-faith opportunity to comply,** Plaintiff anticipated that, by that time, Defendant's filings would have been properly served. No agreements were reached regarding arbitration, dismissal, remand, or sanctions. Plaintiff expressly reserved all rights, objections, jurisdictional challenges, claims, defenses, and remedies.

### Email's Inconsistency:

Plaintiff identified several irregularities arising from Defendants' correspondence and the evidence presented to the Court in order to afford Defendants a good-faith opportunity to clarify the record and address those issues before motion practice. Defendants declined that opportunity and instead maintained that their record is, allegedly, verified.

Finally, Defendant's last-minute filings, coupled with its decision to preempt the parties' agreed-upon Local Rule 7-3 meet-and-confer, have materially prejudiced Plaintiff. The purpose of the meet-and-confer process is to afford the parties a meaningful opportunity to evaluate the contemplated motion, resolve factual disputes, exchange supporting authorities, and, where appropriate, avoid unnecessary motion practice

Instead, during the meet-and-confer, Defendant denied knowledge of the prior metadata forensic report identified by Mr. Bird, despite that report having already been explained in detail in the very materials upon which Defendant requested the meet-and-confer. Defendant also declined to provide the factual basis and legal authorities supporting its position, including those relating to the purported arbitration agreement. By filing first and withholding the information necessary for a meaningful discussion, Defendant deprived Plaintiff of the very opportunity that Local Rule 7-3 is intended to provide—namely, the opportunity to resolve or narrow disputes in good faith before judicial intervention became necessary.

For the avoidance of doubt, my participation in this correspondence and any meet-and-confer efforts is undertaken solely in an effort to comply with the applicable procedural rules and to avoid unnecessary motion practice. Nothing contained herein shall be construed as a general appearance, consent to this Court's jurisdiction, consent to removal, consent to electronic service, or a waiver of any jurisdictional, procedural, service, or other objections, all of which are expressly preserved and reserved.

## Luna D'Sol



 (213) 925-4069

✉ jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

# EXHIBIT 41

**From:** Luna D'Sol jravada@icloud.com
**Subject:** URGENT NOTICE: Case No. 5:26-cv-03535 — Confirmation of Phone Call and Service Deficiencies
**Date:** June 30, 2026 at 11:18
**To:** Antonopoulos, Nicole L. nicole.antonopoulos@morganlewis.com, Cho, Karen Y. karen.cho@morganlewis.com



Dear Ms. Cho,

This email constitutes formal notice and confirms our phone conversation at approximately 11:00 AM today, June 30, 2026.

During the call, I placed you on direct notice that I have not been served with the physical, paper Notice of Removal or your moving papers as strictly required for a pro se litigant under CDCA Local Rule 5-3.2.1[CDCA Local Rules - Local Rule 5]. You stated that your office sent a "courtesy copy" via mail but explicitly confirmed that you do not possess a tracking number to verify delivery or receipt. You further instructed me to "go online" to view the docket.

As I stated on the call, I have not appeared electronically in this case and I was waiting for the document fro the court to proceed with their process for this case and I have not waived my right to physical paper service under the Local Rules [CDCA Local Rules - Local Rule 5].I requested a tracking number of your documents and you said that you don't have one. Because your office has failed to execute legal service of the removal or your moving papers under CDCA Local Rule 7-4, tomorrow's scheduled meet-and-confer call is entirely premature and procedurally invalid [CDCA Local Rules - Local Rule 7].

Any filing you submit to the federal court today or tomorrow will contain a defective Proof of Service and violate Federal Rule of Civil Procedure 11 [FRCP Rule 11].

I am waiting for my postal delivery at noon today. I will follow up with you immediately after the mail arrives to confirm whether proper physical service has been perfected.

Sincerely,

## Luna D'Sol

 (213) 925-4069
 jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

 (213) 925-4069

jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

EXHBIT 42





EXHIBIT 43

 

**Tracking ID:**    873903938216

✅ Delivered
Friday, 7/03/2026 at 11:11 am

Signed for by: Signature not required



→ **View more details**

↓ **Obtain proof of delivery**

🔍 **Report missing package**

**From**
San Francisco,CA US

**To**
PALM SPRINGS, CA US

**OUR COMPANY**
About FedEx
Our Portfolio

FedEx is using cookies

We use cookies and similar analytical technologies on our site. Functional cookies are always enabled to ensure an outstanding website experience. Optional analytical and tracking cookies are enabled by default to help FedEx provide a more personalized experience. You may opt out of these optional cookies by clicking "REJECT OPTIONAL COOKIES", and at any time by clicking the "Cookie Consent" link in the footer of our website. You can further customize your cookie preferences by clicking the "Cookie Preferences" link in this banner. For more information please see our Privacy Notice.

COOKIE PREFERENCES          REJECT OPTIONAL COOKIES          ACCEPT ALL COOKIES

7/14/26, 11:08 PM                                    Detailed Tracking



**LANGUAGE**

🌐  United States

**FOLLOW FEDEX** ✉ (f) (X) (⊙) (in) (▶) (ⓟ)

© FedEx 1995-2026

Site Map  |  Cookie Consent  |  Terms of Use  |  Privacy & Security  |  Ad Choices

---

FedEx is using cookies

We use cookies and similar analytical technologies on our site. Functional cookies are always enabled to ensure an outstanding website experience. Optional analytical and tracking cookies are enabled by default to help FedEx provide a more personalized experience. You may opt out of these optional cookies by clicking "REJECT OPTIONAL COOKIES", and at any time by clicking the "Cookie Consent" link in the footer of our website. You can further customize your cookie preferences by clicking the "Cookie Preferences" link in this banner. For more information please see our Privacy Notice.

COOKIE PREFERENCES



 Tracking ID:   873903938216

# Travel history

You're viewing the most updated information to help minimize the need for customer support.

### Friday, 07/03/2026

**11:11 AM**
**Delivered**
PALM SPRINGS, CA

**9:01 AM**
**On FedEx vehicle for delivery**
PALM SPRINGS, CA

**8:11 AM**
**At local FedEx facility**
PALM SPRINGS, CA

**2:25 AM**
**Departed FedEx hub**
OAKLAND, CA

### Thursday, 07/02/2026

**9:48 PM**
**Arrived at FedEx hub**
OAKLAND, CA

**8:43 PM**
**Left FedEx origin facility**
SAN FRANCISCO, CA

**4:44 PM**
**Picked up**
SAN FRANCISCO, CA

**3:36 PM**
**Shipment information sent to FedEx**

## Shipment facts                                                        ⌃

FedEx is using cookies

We use cookies and similar analytical technologies on our site. Functional cookies are always enabled to ensure an outstanding website experience. Optional analytical and tracking cookies are enabled by default to help FedEx provide a more personalized experience. You may opt out of these optional cookies by clicking "REJECT OPTIONAL COOKIES", and at any time by clicking the "Cookie Consent" link in the footer of our website. You can further customize your cookie preferences by clicking the "Cookie Preferences" link in this banner. For more information please see our Privacy Notice.

COOKIE PREFERENCES          REJECT OPTIONAL COOKIES          ACCEPT ALL COOKIES

7/14/26, 11:07 PM                                          Detailed Tracking



 Services

**SERVICE**   FedEx Priority Overnight

**TERMS**   Shipper

**SPECIAL HANDLING SECTION**   Deliver Weekday, Residential Delivery

Package details

**WEIGHT**   1 lbs / 0.45 kgs

**TOTAL PIECES**   1

**TOTAL SHIPMENT WEIGHT**   1 lbs / 0.45 kgs

**PACKAGING**   FedEx Pak

---

**OUR COMPANY**

About FedEx

Our Portfolio

Investor Relations

Careers

Transportation Contracting Opportunities

FedEx Blog

Corporate Responsibility

Newsroom

Contact Us

**MORE FROM FEDEX**

FedEx Compatible

FedEx Developer Portal

FedEx Logistics

FedEx is using cookies

We use cookies and similar analytical technologies on our site. Functional cookies are always enabled to ensure an outstanding website experience. Optional analytical and tracking cookies are enabled by default to help FedEx provide a more personalized experience. You may opt out of these optional cookies by clicking "REJECT OPTIONAL COOKIES", and at any time by clicking the "Cookie Consent" link in the footer of our website. You can further customize your cookie preferences by clicking the "Cookie Preferences" link in this banner. For more information please see our Privacy Notice.

COOKIE PREFERENCES

https://www.fedex.com/fedextrack/?trknbr=873903938216&trkqual=2461224000~873903938216~FX                                          2/2

EXHBIT 44



**From:** **Luna D'Sol** jravada@icloud.com
**Subject:** Re: Attempt to Meet and Confer Regarding Certificate of Service
**Date:** July 14, 2026 at 10:33
**To:** Antonopoulos, Nicole L. nicole.antonopoulos@morganlewis.com, Cho, Karen Y. karen.cho@morganlewis.com

Ms. Antonopoulos and Ms. Cho,

This email memorializes my understanding of our telephone conference yesterday

During the call, I explained that I intend to file a motion concerning Defendants Proof of Service and Certificates of Service because I believe the method of service described in those documents did not comply with the applicable rules governing service upon a pro se litigant.

Specifically, I explained my position that:

- You refused to provide a tracking number for your USPS package
- I received the package on July 9th 2026
- I contend that the method of delivery reflected in the Proof of Service was not authorized under the applicable service rules.
- Fedex leaving a package outside my door unattended is not considered service especially after it was blown away

In response, Defendants stated that your office also sends documents electronically whenever documents are sent. I advised that I did not receive an electronic copy of the documents at issue.

I requested that Defendants amend, withdraw, or otherwise correct those dates. Defendants declined to do so and stated, "We're not going to do that."

Accordingly, the parties were unable to resolve the issue during the meet and confer, and Plaintiff will proceed accordingly.

If any portion of the foregoing does not accurately reflect Defendants' understanding of today's discussion, please advise promptly.

Sincerely,

## Luna D'Sol

 (213) 925-4069
 jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

One strategic point: in your recap, a

> On Jul 13, 2026, at 14:19, Luna D'Sol <jravada@icloud.com> wrote:
>
> Ms. Antonopoulos and Ms. Cho,
>
> At approximately **2:14 p.m.** and **2:16 p.m.** today, I left voicemail messages for each of you requesting a return call.
>
> As stated in my messages, I wished to discuss an ex parte application that I am preparing regarding Defendants' Certificate of Service and to determine whether this issue could be resolved without Court intervention.
>
> Specifically, I requested an opportunity to discuss Defendants' purported service of the Motion to Compel Arbitration and the relief Plaintiff intends to seek concerning the Certificate of Service.
>
> If I do not receive a response promptly, I will proceed with filing the ex parte application and will advise the Court that I attempted to meet and confer by telephone before seeking emergency relief.
>
> I remain available to discuss this matter should you wish to do so.
>
> Sincerely,
>
> ## Luna D'Sol
>
>  (213) 925-4069
>  jravada@icloud.com
>
> This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.