MORGAN, LEWIS & BOCKIUS LLP
Karen Y. Cho, Bar No. 274810
karen.cho@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Nicole L. Antonopoulos, Bar No. 306882
nicole.antonopoulos@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304-1124
Tel: +1.650.843.4000
Fax: +1.650.843.4001

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF
AMERICA CORPORATION, TRICIA
SHANKS, and PETER C. MAXIM

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUNA D'SOL,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; TRICIA SHANKS, an individual; and PETER C. MAXIM, an individual; and DOES 1 through 50, inclusive,<br><br>　　　　　　Defendants. | Case No. 5:26-cv-03535-JGB-SP<br><br>Hon. Jesus G. Bernal<br><br>**DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY ACTION**<br><br>Date:　　　　August 3, 2026<br>Time:　　　　9:00 a.m.<br>Courtroom: 1, 2nd Floor |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

Case No. 5:26-cv-03535-JGB-SP

DEFENDANTS' REPLY ISO MOTION TO COMPEL ARBITRATION

DB2/ 652923560.2

## I. INTRODUCTION

Defendants' Motion to Compel Arbitration establishes that Plaintiff agreed to the Arbitration Policy and thus arbitrate all claims alleged in her Complaint. While Plaintiff initiated this action in breach of the Arbitration Policy, Plaintiff has now failed to file an opposition to Defendants' Motion. Based on Plaintiff's failure to oppose, as well as the underlying merits of Defendants' Motion, this Court should find that Plaintiff is bound to arbitrate pursuant to the Arbitration Policy and stay this action. The law requires such a result.

## I. LEGAL ARGUMENT

### A. Plaintiff Concedes this Motion Should Be Granted by Failing to File an Opposition.

Pursuant to this Court's Local Rule 7-9, Plaintiff's Opposition was due to be filed on July 13, 2026 (21 days before the hearing date of August 3, 2026). Despite this deadline, Plaintiff failed to file any opposition or a statement of non-opposition in accordance with Civil Local Rule 7-9. By failing to file an opposition, this Court has discretion to find that Plaintiff concedes the Motion. *See* Local Rule 7-12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion, with the exception that a motion pursuant to F.R.Civ.P. 56 may not be granted solely based on the failure to file an opposition); *see Hale v. Lee,* 2022 WL 18359098, at *1 (C.D. Cal. Nov. 30, 2022) (overruling the plaintiff's objection that Plaintiff never received the motion where there was evidence that the motion was mailed to the plaintiff's designated address and finding "failure to oppose the Motion is a sufficient reason to grant it"); *Williams v. Wells Fargo Bank, N.A.,* 2016 WL 10988573, at *1 (C.D. Cal. July 26, 2016) (exercising its discretion to dismiss Plaintiff's Complaint under Local Rule 7-12 for failure to oppose).

This Court, as well as numerous other courts, have routinely applied the well-established rule that a party's failure to oppose a motion may be deemed consent to

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW

the requested relief, including where the non-opposing party is proceeding pro se. *See Hann v. Int'l Bhd. of Magicians IBM,* 2023 WL 5504963, at *5 (C.D. Cal. May 19, 2023) (Bernal J.) (stating that "even 'pro se litigants,' like Mr. Hann, are 'bound by the rules of procedure,' and Plaintiff has failed to follow them" and deeming "Plaintiff's belated filing of opposing papers consent to the granting of the Motions"); *McMahon v. Gamez,* 2017 WL 2380163, at *2 (C.D. Cal. May 31, 2017) (Bernal J.) (finding the pro se plaintiff's "failure (despite numerous opportunities) to file any response means that the Court should deem the dismissal motion unopposed under Local Rule 7–12 and grant the requested relief"); *Holandez v. Ent., LLC*, 2023 WL 2559209, at *3 (C.D. Cal. Jan. 5, 2023) (Bernal J.) (deeming "Defendants' filing of opposing papers 16 days late consent to the granting of the Motion"); *Preciado v. Los Angeles Unified School Dist.*, 2014 WL 559372, at *2 (C.D. Cal. Feb. 12, 2014) (accepting the magistrate judge's report and recommendation and granting a motion to dismiss pursuant to Local Rule 7-12 when the pro se plaintiff failed to file an opposition); *Ghazail v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012) (affirming a district court decision, which granted a motion to dismiss when the pro se plaintiff failed to file an opposition, and explaining that despite construing pleadings liberally in pro se plaintiffs' favor, such litigants must follow the rules of procedure); *Torre v. R&L Carriers Shared Servs., LLC*, 2023 WL 6190829, at *3 (C.D. Cal. July 31, 2023) ("deem[ing] Plaintiff's belated filing of opposing papers consent to the granting of the Motion").

The circumstances here provide an especially compelling basis for the Court to exercise that discretion. Plaintiff did not merely fail to meet the opposition deadline; rather, Plaintiff elected not to file an opposition and instead sought to shift blame for her failure onto Defendants by asserting that Defendants did not properly serve the motion papers on her, causing them to be "blown away in the wind," and became lost. But, as discussed in Defendants' opposition to Plaintiff's *ex parte*

application to continue the hearing on Defendants' Motion, Plaintiff did in fact receive proper service of those documents – she actually received them in two separate ways, and proving just that, she sent an email to Defendants' counsel just one business day after service seeking to meet and confer over those very same papers. Plaintiff's failure to timely oppose the Motion therefore cannot be attributed to lack of notice or defective service. Instead, the record demonstrates that Plaintiff had actual notice of the Motion and deliberately chose not to file a timely opposition. The Court's inquiry should end here.

**B.    The Court Should Grant Defendants' Motion on the Merits.**

Setting aside Plaintiff's failure to oppose the Motion, the Court should grant Defendants' Motion based on the arguments and evidence presented in their Motion. Defendants have met their burden to show that Plaintiff is subject to a binding arbitration agreement pursuant to the Arbitration Policy, that the Arbitration Policy is valid and enforceable, and that the Arbitration Policy encompasses the claims at issue in this case.

Plaintiff has not disputed that the Arbitration Policy covers her claims or that the Arbitration Policy is not unconscionable. However, in her Motion to Remand (not in connection with the instant Motion), Plaintiff disputes that she agreed to the Arbitration Policy in November 2024 because she claims that she has "forensic evidence" that supposedly shows that the Arbitration Policy was created months later on February 27, 2025, one day after Plaintiff allegedly disclosed her transgender status to management. *See* ECF 29, p. 20-21. Plaintiff asserts that she "personally extracted and reviewed the native file properties and embedded digital metadata" of the Arbitration Policy by executing a "standard command-line utility functions within the macOS Terminal application to read the unaltered iManage and PDF data blocks embedded directly inside the document," and she attached a copy of the "Forensic Metadata Analysis Report" that was supposedly "generated from that file."

ECF No. 31, p. 86. This Court should reject Plaintiff's argument for several reasons.

First, as discussed above, Plaintiff only asserted these objections in her Motion to Remand – not as an opposition to Defendants' Motion to Compel Arbitration. Plaintiff's conduct further underscores that she could have filed an opposition to Defendants' Motion, but she chose not to.

Second, Plaintiff fails to establish that the purported metadata is remotely reliable or relevant in any way. The "Forensic Metadata Analysis Report" – that Plaintiff prepared – contains Plaintiff's view of the metadata purportedly embedded within the Arbitration Policy, such as its purported creation date (2025-02-27 13:09:54 UTC), modification date (2025-07-28 19:04:13 (UTC-04:00)), and creator application/producer (PDFium). ECF No. 31, p. 105-106. However, Plaintiff is not qualified as a forensic expert and does not identify any reliable methodology used to extract, analyze, or interpret this metadata in this "Forensic Metadata Analysis Report." Her opinions regarding the extraction of the metadata lack adequate foundation, constitute improper lay opinion, are speculative, and concern matters requiring specialized knowledge beyond the scope of permissible lay testimony. *See e.g.,* Fed. R. Evid. 602, 701, 702, 901. The "Forensic Metadata Analysis report" is simply a self-prepared advocacy document consisting of Plaintiff's own interpretation of the purported metadata, unsupported by any validated forensic methodology. ECF No. 31, p. 105-106.

Third, and notably, Plaintiff's contention is directly contradicted by Defendants' persuasive evidence confirming that Plaintiff received the emails containing the Arbitration Policy. Indeed, as discussed in Ms. Allen's declaration, the Bank distributed its Arbitration Policy to all U.S.-based employees, including Plaintiff, on November 8, 2024 by an email to employees' company email addresses containing a link to the Arbitration Policy. ECF No. 10-7. Plaintiff's failure to read the Arbitration Policy does not preclude a finding that a plaintiff is bound by it. *See e.g., Castorena v. Charter Commc'ns, LLC*, 2018 WL 10806903, at *4 (C.D. Cal.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

4

Case No. 5:26-cv-03535-JGB-SP

DB2/ 652923560.2

DEFENDANTS' REPLY ISO MOTION TO COMPEL ARBITRATION

Dec. 14, 2018) ("Plaintiffs' failure to read their company email does not negate the sufficiency of the notice provided by Defendant announcing the roll-out of the arbitration program."); *Vernon v. Drexel Burnham & Co.*, 52 Cal. App. 3d 706, 714 (1975) (plaintiff's claim that there was no binding agreement to arbitrate because he "was unaware of the clause because he did not read it…is not meritorious.").

Therefore, the Court should compel Plaintiff's claims to arbitration in accordance with the terms of the Arbitration Policy and stay this action.

## II. CONCLUSION

For the reasons set forth above, as well as in Defendants' moving papers, the Court should grant Defendants' Motion in its entirety.

Dated: July 20, 2026      MORGAN, LEWIS & BOCKIUS LLP

By   */s/Karen Cho*
Karen Y. Cho
Nicole L. Antonopoulos

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF AMERICA CORPORATION, TRICIA SHANKS, and PETER C. MAXIM

## <u>Certificate of Compliance</u>

The undersigned, counsel of record for Defendants, certifies that this brief contains 1,451 words, which complies with the word limit of L.R. 11-6.1.

Dated:  July 20, 2026                    MORGAN, LEWIS & BOCKIUS LLP


By  */s/Karen Cho*

Karen Y. Cho
Nicole L. Antonopoulos

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF AMERICA CORPORATION, TRICIA SHANKS, and PETER C. MAXIM

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW

Case No. 5:26-cv-03535-JGB-SP