LUNA D'SOL

Plaintiff, In Pro Per

Email Address: jravada@icloud.com

2275 E Belding Dr

Palm Springs CA 92262

Telephone: 213-925-4069

FILED

CLERK, U.S. DISTRICT COURT

July 22, 2026

CENTRAL DISTRICT OF CALIFORNIA

BY _____ pd _____ DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUNA D'SOL<br><br>                                    Plaintiff,<br><br>                    VS.<br><br>BANK OF AMERICA, N.A.;<br>BANK OF AMERICA CORPORATION;<br>TRICIA SHANKS, an individual;<br>PETER C MAXIM, an individual;<br>and DOES 1 through 50,<br>inclusive,Defendant(s). | **Case No:** 5:26-cv-03535-JGB-SP<br><br>**NOTICE OF MOTION AND PLAINTIFF'S MOTION FOR SANCTIONS AGAINST ALL DEFENDANTS AND THEIR COUNSEL FOR BAD-FAIFTH LITIGATION CONDUCT PURSUANT TO THE COURT'S INHERENT AUTHORITY**<br><br>Judge: Hon. Jesus G. Bernal.<br>.           United States District Juge<br><br>  Date:   August 24th, 2026<br>  Time:   9:00 am<br>Courtroom:   1, 2nd floor<br><br>Complaint Filed: March 4th, 2026<br><br>Concurrently filed with: Memorandum of Points And Authority, and Declaration of Luna D'Sol ISO Plaintiff's Motion for Sanctions Against Defendants And Their Counsel For Bad Faifth Litigation Conduct Pursuant To The Courts Inherent Power; Proposed Order |

1

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on August 17th, 2026, at 9:00 AM, or as soon thereafter as the matter may be heard, in Courtroom 1, 2nd floor  of the United States District Court for the Central District of California, before the **Honorable Judge Jesus G. Bernal**, Plaintiff Luna D'Sol will and hereby does move the Court for an order imposing sanctions against Defendants and their counsel of record pursuant to the Court's inherent authority.

This Motion is made on the following grounds:

1. Federal courts possess inherent authority to sanction litigation conduct that abuses the judicial process and undermines its truth-seeking function. (***Chambers v. NASCO, Inc.* (1991) 501 U.S. 32, 43–46.)** In the Ninth Circuit, such sanctions are available upon a showing of bad faith or conduct tantamount to bad faith, including recklessness combined with an improper purpose. (***Fink v. Gomez* (9th Cir. 2001) 239 F.3d 989, 992–994.)**

2. After being placed on notice, in writing and with supporting documentation, that specified factual representations were disputed and inaccurate, Defendants and their counsel continued to advance those representations in subsequent filings before this Court, including:

   a. Representations concerning the service of Defendant Bank of America, N.A., including reliance on a Notice and Acknowledgment of Receipt and accompanying Proof of Service that Plaintiff had identified in writing as deficient, and the representation that Bank of America, N.A. had been served notwithstanding that the state-court record did not so reflect at the time of removal;

   b. Representations that Plaintiff assented to a binding arbitration policy, notwithstanding the absence of any evidence that the policy was transmitted to, received by, or acknowledged by Plaintiff, Defendants' own characterization of the arbitration document as an "exemplar," and the

NOTICE OF MOTION AND PLAINTIFF'S MOTION FOR SANCTIONS
5:26-cv-03535-JGB-SP

absence of any corresponding entry in the Bank's acknowledgment records; and

   **c.** The continued public use of Plaintiff's former legal name in filings after Plaintiff provided written notice of her legal name change and requested that it cease.

3. As a direct result of the conduct described above, Plaintiff incurred out-of-pocket expenses she would not otherwise have incurred, recoverable under the Court's inherent authority. (*Goodyear Tire & Rubber Co. v. Haeger* (2017) 581 U.S. 101, 108–109.)

By this Motion, Plaintiff does not consent to the jurisdiction of this Honorable Court, does not waive any objection to removal or to jurisdiction, and does not seek to litigate the merits of Plaintiff's claims. All such rights, objections, and remedies — including Plaintiff's right to seek remand — are expressly reserved. A federal court retains authority to adjudicate a motion invoking its inherent power notwithstanding a subsequent determination that subject-matter jurisdiction is lacking. (*Cooter & Gell v. Hartmarx Corp.* (1990) 496 U.S. 384, 395–398.)

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Luna D'Sol, as well as the filed Declaration of Kevin H. Cohen [ECF Doc. 20], Plaintiff's Request for Judicial Notice [ECF Doc. 17],  the exhibits thereto, all pleadings and records on file, and such further argument and evidence as may be presented.

**This Motion is made following the conference of counsel required by Local Rule 7-3, which took place on 7/9/2026.**

            Respectfully submitted,

Dated: July 21 2026

            _____

            Luna D'Sol, Plaintiff in Pro Per

NOTICE OF MOTION AND PLAINTIFF'S MOTION FOR SANCTIONS

5:26-cv-03535-JGB-SP