LUNA D'SOL

Plaintiff, In Pro Per

Email Address: jravada@icloud.com

2275 E Belding Dr

Palm Springs CA 92262

Telephone: 213-925-4069

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUNA D'SOL<br><br>                                    Plaintiff,<br><br><br>                          VS.<br><br><br>BANK OF AMERICA, N.A.;<br>BANK OF AMERICA CORPORATION;<br>TRICIA SHANKS, an individual;<br>PETER C MAXIM, an individual;<br>and DOES 1 through 50, inclusive,<br><br>                          Defendant(s). | Case No: 5:26-cv-03535-JGB-SP<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND**<br><br>Judge: Hon. Jesus G. Bernal.            .<br>United States District Juge<br><br><br>     Date:  August 3rd, 2026<br>     Time:  8:30 am<br>Courtroom:  1, 2nd floor<br><br><br>Complaint Filed: March 4th, 2026<br><br><br>Concurrently filed with: Declaration of Luna D'Sol ISO, Plaintiff's Opposition to both of Defendants' RJN, Plaintiff Objections of Declarations, Proposed Order, Plaintiff Request for Judicial Notice |

# TABLE OF CONTENTS

I. INTRODUCTION……………………………………………….……………… 2

II. LEGAL ARGUME……………………………………………….……….….. 2

    A. Defendants' Misrepresentation of the CRD Record Does Not Resolve

        Sham Defendant …………………………………………..……….…….… 2

    B. Defendants' Conclusory Reliance on *Janken* Fails to Satisfy Their Burden

    ……………………………………………………………………...….… 3

    C. Deficient Service of Notice of Removal ……………………………………. 3

    D. Misrepresentation of Sham Defendant ……………………..……………….. 5

    E. Pattern of Litigation Conduct ……………………………………………….. 7

    F. The Agent …………………………………………………..……………….. 7

    G. Harassment ……………………………………………...…………………... 8

III. CONCLUSION ………………………………………...…………………... 9

CERTIFICATE OF COMPLIANCE ………………………………..……………….. 9

## TABLE OF AUTHORITIES

**Federal Cases**

American Career College, Inc. v. Medina,
673 F. Supp. 3d 1139 (C.D. Cal. 2023) …………………………………………….. 7

Archuleta v. American Airlines, Inc.,
No. CV 99-11357, 2000 WL 656808 (C.D. Cal. May 12, 2000) …………….…………. 3

Briones v. Harrington,
No. 1:15-cv-01898-DLB-PC (E.D. Cal. Jan. 29, 2016) ………………..……………… 8

Canesco v. Ford Motor Co.,
570 F. Supp. 3d 872 (S.D. Cal. 2021) ……………………………………………….. 4

Clark v. Superior Court,
62 Cal. App. 5th 289 (2021) ………………………………………………………….. 3

Freeney v. Bank of America Corp.,
No. CV 14-02382 MMM (PJWx), 2015 WL 12535021 (C.D. Cal. Nov. 19, 2015)
…………………………………………………………………………..…… 8

Gaus v. Miles, Inc.,
980 F.2d 564 (9th Cir. 1992) …………………………………………………… 3, 5

GranCare, LLC v. Thrower,
889 F.3d 543 (9th Cir. 2018) ……………………………………………………….. 5

Lieberman v. Meshkin, Mazandarani,
1996 WL 732506 (N.D. Cal. 1996) ……………………………………………… 3

Martinez v. Combs,.
49 Cal. 4th 35 (2010) ………………………………………………………… 5

Merced Irrigation District v. County of Mariposa,
941 F. Supp. 2d 1237 (E.D. Cal. 2013) …………………………..…………………… 6-7

Nasrawi v. Buck Consultants, LLC,
776 F. Supp. 2d 1166 (E.D. Cal. 2011) …………………………..…………………… 5

**California Cases**

Chicago Title Insurance Co. v. AMZ Insurance Services, Inc.,
188 Cal. App. 4th 401 (2010) ……………………………………………..…………… 8

Cole v. Antelope Valley Union High School District,
47 Cal. App. 4th 1505 (1996) …………………………………………..…..………… 2-3

Martin v. Fisher,
11 Cal. App. 4th 118 (1993) …………………………………………….…………….. 3

Saavedra v. Orange County Consolidated Transportation Service Agency,
11 Cal. App. 4th 824 (1992) ……………………………………….….……………….. 3

**Statute**

28 U.S.C. § 1332 ……………………………………………….…………… 5, 6

28 U.S.C. § 1441 ………………………………………………….……….. 3, 5, 6

28 U.S.C. § 1447(c) ………………………………………………………….. 9

28 U.S.C. § 1746 …………………………………….…..……...…………… 3

California Civil Code § 2317 ……………………………………….………… 8

## I.    **INTRODUCTION**

Defendants have effectively rewritten their removal theory. Defendants' Notice of Removal contained vague arguments relegated to footnotes that contradicted the body of the document (ECF Doc. 1, pp, 8, 10, 12, 21; nn.1-5) that are now elevated into the body of the Opposition (ECF Doc. 37, pp.10-11, §B) an apparent attempt to cure defects as explained below. Defendant

## II.    **LEGAL ARGUMENT**

### A.  **Defendants Misrepresentation Of CRD Record Does Not Resolve Sham Defendant**

Defendants aggressively assert that Plaintiff's second and seventh claim against Defendant Peter Maxim are completely barred under the FEHA (ECF Doc. 37, p. 25, §E). Citing Cole v. Antelope Valley Union High Sch. Dist., 47 Cal. App. 4th 1505, 1515 (1996), Defendants hastily conclude that because Peter C. Maxim was not identified in the caption of Plaintiff's administrative charge, Plaintiff necessarily failed to exhaust her administrative remedies as to Maxim, thereby rendering him a purported "sham defendant." (ECF No. 37 at 8:10-17.). Plaintiff concurrently filed Opposition to Defendants' Request for Judicial Notice demonstrates, once again, Defendants' materially incomplete and altered evidence in their Request for Judicial Notice of the CRD record.

The complete CRD administrative record directly refutes Defendants' contention that Peter C. Maxim was absent from Plaintiff's administrative charge (See D'Sol Decl. ¶8, Exhibit 51). The CRD record expressly alleges that, "shortly after notifying management of my transgender status and doctor-certified disability (HIV-positive)," the Bank engaged in the discriminatory conduct at issue. Exhibit 51.pdf The same administrative record identifies two uploaded documents entitled "2025-02-26 - Luna shares transgender status and upcoming surgeries with manager – Sex:Gender Identity," which were submitted to the CRD as part of Plaintiff's charge. Exhibit 51.pdf Those documents consist of Plaintiff's February 26, 2025 email addressed directly to Tricia Shanks and Peter C. Maxim, notifying them of Plaintiff's transgender status, transition, and anticipated medical treatment. (Id.). Accordingly, had the CRD conducted an administrative investigation, both Shanks and Maxim would necessarily have been identified, placed on notice of

2

Plaintiff's allegations, and afforded an opportunity to participate in the administrative process. See Cole v. Antelope Valley Union High Sch. Dist., 47 Cal. App. 4th 1505, 1511 (1996); Martin v. Fisher, 11 Cal. App. 4th 118, 121-23 (1993) (administrative remedies exhausted where defendant was identified in the body of the charge); Saavedra v. Orange County Consolidated Transportation Service Agency, 11 Cal. App. 4th 824, 827 (1992) (administrative remedies exhausted where defendant was described in the body of the charge despite not being named as a respondent); see also Archuleta v. American Airlines, Inc., No. CV 99-11357, 2000 WL 656808 (C.D. Cal. May 12, 2000).

Plaintiff has exhausted her administrative remedies despite using variant of employer's business name rather than its legal name in an administrative complaint. See Clark v. Superior Court, 62 Cal.App.5th 289

### B. Defendants' Conclusory Reliance on Janken Fails to Satisfy Their Burden

Defendants' argument resembles a boilerplate legal conclusion rather than a developed legal analysis. It does not identify the allegedly deficient allegations, explain why they fall within Janken, or analyze the actual facts pleaded in the Complaint (ECF Doc. 37, p.8:18-24). Instead, Defendants simply cite Janken and invite the Court to speculate which allegations they believe are barred (Id.). That is not the showing required to establish fraudulent joinder. The defendant removing an action from state court bears the burden of establishing grounds for federal jurisdiction by a preponderance of evidence. 28 U.S.C.A. S 1441(a).

All doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleading must be resolved in favor of remand (Gaus, supra, 980 F.2d at 566-67), and a lack of clear precedent does not render the joinder fraudulent (Lieberman v. Meshkin, Mazandarani, 1996 WL 732506, * 3 (N.D.Cal.1996)).

### C. Deficient Service Of Notice Of Removal

A proof of service filed in federal court is an unsworn declaration made under penalty of perjury pursuant to 28 U.S.C. § 1746. By signing such a declaration, the declarant certifies that the factual statements contained therein are true and correct.

3

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND
5:26-cv-03535-JGB-SP

Here, Defendants' Certificate of Service states that the Notice of Removal was deposited with the United States Postal Service on June 25, 2026, in accordance with the firm's ordinary mailing practices (ECF Doc. 5, pp. 2-3 Page ID 253-254). The Certificate further acknowledges:

"**I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.**"

(emphasis added) (Id.)

This language was drafted by Defendants themselves and signed under penalty of perjury.

Plaintiff's USPS tracking records, however, establish that the original mailing was returned to Defendants and subsequently re-mailed. (ECF Doc. 31, p. 214, Page ID 1047, Exhibit 31) The package ultimately delivered to Plaintiff therefore could not have been the same mailing described in the Certificate of Service. Consequently, the mailing history reflected by the USPS is inconsistent with the factual representations contained in Defendants' sworn declaration.

Rather than correcting the record, Plaintiff attempted to resolve the issue informally. Plaintiff sent a detailed meet-and-confer letter, followed by additional emails and voicemail messages to defense counsel, requesting that Defendants either file a corrected Proof of Service accurately reflecting the mailing that was ultimately delivered or explain the factual basis for maintaining that the existing Certificate remained accurate. Defendants never responded and never amended the Certificate. (D'Sol Decl. ¶10)

Because the objective USPS records contradict the sworn declaration and Defendants declined to explain or correct the discrepancy after receiving notice, the Certificate of Service no longer constitutes reliable evidence that the Notice of Removal was served in the manner represented to this Court. At a minimum, Defendants have failed to carry their burden of establishing that removal complied with the procedural requirements governing service of the Notice of Removal. The defendant removing an action from state court bears the burden of establishing grounds for federal jurisdiction by a preponderance of evidence. 28 U.S.C.A. S 1441(a). See Canersoc v. Ford Motor Company, 570 F.Supp.3d 872

Any doubts concerning the propriety of removal must be resolved against federal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Where the removing party's own proof of service is rebutted by objective postal records and remains uncorrected despite notice of the discrepancy, Defendants cannot satisfy their burden of demonstrating strict compliance with the removal statutes. Accordingly, this action should be remanded to the Superior Court of California.

**C. Misrepresentation Of Sham Defendant**

Defendant BANA improperly removed this action by falsely asserting that its parent company, Bank of America Corporation ("BAC"), is a sham defendant (ECF Doc 1, p.8 , n.1). Under binding Ninth Circuit precedent, fraudulent joinder exists only where there is no possibility that the plaintiff can establish a cause of action against the non-diverse defendant. GranCare, LLC v. Thrower, 889 F.3d 543, 548-50 (9th Cir. 2018). See also Nasrawi v. Buck Consultants, LLC, 713 F. Supp. 2d 1080, 1084 (E.D. Cal. 2010) (recognizing that removal is proper only if the non-diverse defendant was fraudulently joined). Here, Plaintiff's official Employment Data Report issued through The Work Number (D'Sol Decl. ¶¶3, 7; RJN No. 10, Exhibit J) identifies Bank of America Corporation—not BANA—as Plaintiff's employer of record. Moreover, California law recognizes that an entity may qualify as an employer where it exercises control over the worker or the employment relationship. Martinez v. Combs, 49 Cal. 4th 35, 64 (2010). BANA therefore cannot establish by clear and convincing evidence that Plaintiff has no possibility of recovering against BAC. Because Defendants have failed to satisfy their heavy burden of proving fraudulent joinder, removal was improper and this action should be remanded.

Defendants Mischaracterize the Stipulation and Ignore Its Operative Admissions Defendants do not address the actual terms or legal significance of the stipulation. The agreement did more than vacate Shanks's default and establish a response date. Defense counsel expressly agreed to accept the Notice and Acknowledgment of Receipt and related case-initiating documents on Shanks's behalf, represented that counsel possessed Shanks's authorization to do so, and agreed that the stipulated procedure would constitute the "operative service event" governing

5

both vacatur of the default and Shanks's response deadline. The parties then conclusively agreed that service of the Complaint and Summons upon Shanks was completed on May 26, 2026.

Defendants nevertheless attempt to dismiss the stipulation as irrelevant because BANA removed the action on June 25, 2026, before Shanks's response deadline had expired. That argument misses the point. Plaintiff does not rely solely upon the absence of an answer before expiration of the deadline. Plaintiff relies upon Defendants' acceptance of the stipulation's benefits and factual premises. Shanks obtained affirmative state-court relief based upon her status as an actual defendant, her authorized appearance through counsel, and the parties' binding agreement that she was served on May 26, 2026. A defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant; rather, the defendant must also show that there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant. 28 U.S.C.A. SS 1332, 1441.

Defendants cannot treat Shanks as a genuine litigating defendant for purposes of vacating her default and obtaining a negotiated response period, but simultaneously characterize her as a "sham defendant" whose procedural participation and consent were unnecessary for removal. The fact that BANA filed its Notice of Removal on the final day of Shanks's stipulated response period does not erase the stipulated service event or convert Shanks retroactively into a fictitious or nominal participant.

Defendants' assertion that the stipulation involved only Plaintiff and Shanks further underscores the inconsistency. The stipulation was executed by Morgan, Lewis & Bockius LLP through the same attorneys representing BANA, BAC, Shanks, and Maxim. Those attorneys secured relief for Shanks based upon representations of authority and accepted service, while BANA later invoked an incompatible theory when seeking federal jurisdiction. At minimum, these conflicting positions create substantial doubt as to Defendants' characterization of Shanks and the propriety of removal. Such doubts must be resolved in favor of remand. County's hypothetical anticipatory breach of contract and breach of implied covenant of good faith and fair dealing claims could not support removal. Federal removal jurisdiction must be rejected if there is any doubt as to the right

6

of removal in the first instance. 28 U.S.C.A. S 1441. Merced Irr. Dist v. County of Mariposa  941 F.Supp.2d 1237

### D. PATTERN OF LITIGATION CONDUCT

Defendants' own communications demonstrate that they recognize the significance of the evidence at issue (See D'Sol Decl. ¶9, Exhibit 52). In response to Plaintiff's preservation demand, defense counsel expressly acknowledged their obligation to preserve relevant evidence, stating that their client "is taking reasonable and proportional steps to preserve unique, relevant materials within its possession, custody or control," while simultaneously reminding Plaintiff of her own preservation obligations (Id.). Defendants were on notice of the importance of preserving relevant records before this litigation was commenced.

Defendants' shifting jurisdictional theory does not stand in isolation. Rather, it is part of a broader pattern of inconsistent documentary evidence. As established in the Declaration of Kevin H. Cohen, a certified computer forensic examiner, forensic analysis demonstrated that Defendants' email documents were altered (ECF Doc. 20) and Defendants attached a set of those documents as Proof of Service for BANA when moving this case to this Honorable Court. (ECF Doc 1-3 Exhibit C).

The forensic evidence raises a substantial preservation and evidentiary-integrity concern because Defendants transmitted materially different PDF documents under identical filenames. To the extent the original version was deleted, replaced, concealed, or rendered unavailable after the duty to preserve arose, that conduct may constitute spoliation. Spoliation may be found where evidence is destroyed after a party has notice that it is potentially relevant to litigation. American Career College, Inc. v. Medina, 673 F. Supp. 3d 1139, 1151–52 (C.D. Cal. 2023).

### E. The Agent.

As used throughout this Motion, Plaintiff refers to the coordinated litigation unit comprised of Bank of America, N.A. ("BANA"), Bank of America Corporation ("BAC"), Peter C. Maxim, Tricia Shanks and their Cousel as the "Agent." It is used to describe their coordinated litigation conduct through the same filler, Morgan, Lewis & Bockius LLP. Collectively, four parties may appear fifteen

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND
5:26-cv-03535-JGB-SP

(15) distinct non-empty combinations, mathematically expressed as $2^4-1=15$, representing every possible individual and joint configuration. Throughout these proceedings, the Agent has advanced positions through varying combinations of these four defendants, depending upon the litigation objective at issue. For example, when seeking removal, Defendants argued that the citizenship and consent of BAC, Shanks, and Maxim could be disregarded because they were purported sham defendants, yet elsewhere the same counsel has appeared and acted on behalf of those same defendants individually and collectively whenever doing so supported Defendants' litigation strategy. Plaintiff therefore uses the defined term "Agent" solely as a convenient reference to this coordinated litigation unit and its shifting litigation positions.

Defendants have acted through a coordinated litigation team while advancing shifting factual and legal positions. For purposes of this Opposition, Plaintiff refers to this coordinated unit as the "Agent." California law recognizes that a principal may be bound where it intentionally, or through want of ordinary care, causes a third person to believe another possesses authority on its behalf. Cal. Civ. Code § 2317. Moreover, where a principal knows an individual continues to hold himself or herself out as possessing such authority and remains silent, that conduct may give rise to liability. Freeney v. Bank of America Corp., No. CV 14-02382 MMM (PJWx), 2015 WL 12535021, at *___ (C.D. Cal. Nov. 19, 2015) (citing Chicago Title Ins. Co. v. AMZ Ins. Servs., Inc., 188 Cal. App. 4th 401, 426 (2010)).

### F. HARASSMENT

Defendants arrive to the conclusion that if Plaintiff had disclosed her deadname then Defendants should be able to do the same (ECF Doc 37, p. 25, §E) and called it an "irrelevant argument" to this motion (Id.).This position is legally untenable and reveals a bad-faith disregard for the nature of this litigation where the  central core of this action involves the discriminatory and hostile actions Plaintiff faced after disclosing her true self in the workplace. (Pl's RJN. 1, Exhibit A). Federal courts have recognized the importance of referring to litigants by their current legal names and gender identity. Where a legal name change has occurred, continued use of a former legal

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND
5:26-cv-03535-JGB-SP

name requires a legitimate litigation-related justification. See Briones v. Harrington, No. 1:15-cv-01898-DLB-PC (E.D. Cal. Jan. 29, 2016)

### G. UNITMELY REMOVAL

On May 1, 2026, at 3:35 p.m., defense counsel Nicole Antonopoulos informed Plaintiff that Morgan, Lewis & Bockius LLP had been retained to represent all four Defendants and represented that she had received authorization from each Defendant to accept service on his, her, or its behalf (See D'Sol Decl. ¶12, Exhibit 54.). Later that day at 4:58 pm, Ms. Antonopoulos was personally served (See at her office with the Complaint and Summons (D'Sol Decl. ¶13, Exhibit 55). These facts are relevant because Defendants have consistently represented that counsel was authorized to act for all four Defendants, while simultaneously advancing shifting positions regarding service, representation, consent, and removal. Following Defendants' position, Defendants were considered served 20 days after May 1st, 2026. And 30 days after May 21st, 2026 is June 20th, 2026. A transfer to federal court made on June 25th, 2026 is considered untimely

### III.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Motion to Remand, remand this action to the Superior Court of California for the County of Riverside, award Plaintiff her just costs and expenses incurred as a result of the improper removal pursuant to 28 U.S.C. § 1447(c), and grant such other and further relief as the Court deems just and proper.

CERTIFICATE OF COMPLIANCE
Pursuant to the applicable rules of this Court, the undersigned certifies that this brief complies with the typed word-volume limitations. Exclusive of the portions of the brief exempted by rule, this document contains exactly [Insert Word Count Here] words, including footnotes, as calculated by the word-count function of 2820.

Respectfully Submitted

Dated: July 27, 2026                                                        /s/Luna D'Sol

Luna D'Sol, Plaintiff in Pro Per

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND
5:26-cv-03535-JGB-SP