LUNA D'SOL

Plaintiff, In Pro Per

Email Address: jravada@icloud.com

2275 E Belding Dr

Palm Springs CA 92262

Telephone: 213-925-4069

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUNA D'SOL<br><br>                    Plaintiff,<br><br>          VS.<br><br><br>BANK OF AMERICA, N.A.;<br>BANK OF AMERICA CORPORATION;<br>TRICIA SHANKS, an individual;<br>PETER C MAXIM, an individual;<br>and DOES 1 through 50, inclusive,<br><br>                    Defendant(s). | Case No: 5:26-cv-03535-JGB-SP<br><br>**DECLARATION OF LUNA D'SOL IN SUPPORT OF (1) PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF' MOTION TO REMAI AND (2) PLAINTIFF'S REQUEST FOR  JUDICIAL NOTICE**<br><br>Judge: Hon. Jesus G. Bernal.            .      Ur States District Juge<br><br>   Date:  August 3rd, 2026<br>   Time:  8:30 am<br>Courtroom:  1, 2nd floor<br><br>Complaint Filed: March 4th, 2026<br><br>Concurrently filed with:Plaintiff's Reply ISO Motion to Remand, PLAINTIFF' RJN, PROPOS ORDER TO GRANT PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE, OPPOSITION TO DEFENDANT' RJN, OBJECTIONS TO DECLARATIONS OF (1) PATRICIA K JHONSON, AND (2) DINEEN M. ALLEN; PROPOSED ORDER |

1

DECLARATION OF LUNA D'SOL
5:26-cv-03535-JGB-SP

DECLARATION OF LUNA D'SOL

I, **Luna D'Sol**, declare as follows:

1.      I am the Plaintiff in this action and proceed in pro per. I have personal knowledge of the matters stated herein and, if called as a witness, could and would competently testify thereto. I submit this declaration in support of Plaintiff's Reply In Support for Motion to Remand and all concurrent filed documents in this action thus far.

2.      Shortly after Defendants Maxim rating me "**Solid Performer**" and Shanks praising my performance in public (Complaint, ECF No. 17, Pl's RJN No. 1, Ex. A, ¶ 16[a] and [c]), I disclosed to Shanks and Maxim that my name is Luna, I had been living as a woman, was already undergoing hormone treatment, and would soon undergo gender-affirming surgeries (Id., ¶ 19(a)). I also shared the challenges I had experienced and my fear (ECF Doc. 31, Exhibit 20-1, p.94, Page ID 927). On February 27, 2025, Ms. Shanks, addressing me by my deadname, referred me to Human Resources, and copied, Loren Reed, an unknown person to me who terminated my employment by email on a day I was approved to use sick pay day after diagnosed with HIV. The same February 27, 2025, BAC's in-house counsel, Stephen Bird, created a PDF document (Id., pp.105-106 Page ID 937-938) with an Arbitration Policy (Id., pp. 98-103 Page Id 931-936) that Mr. Bird claimed I had received in November 2024, four months before he created it and edited twenty minutes before he emailed it to me. Defendants' now counsel told me that if I file a complaint the bank will seek to impose, damages, other appropriate relief and attorney fees on me (Id., p. 228 Page Id 1061). **I commenced this action on March 4th, 2025, at the Superior Court of California.** Defendants' counsel moved this action to Federal Court on June 25, 2026, breaching a stipulation agreement after obtaining the benefit from Honorable Judge Manuel Bustamante to vacate Shanks' default status (ECF Doc. 17, pp. 95-98, RJN No.6, Exhibit F)

3.      Attached as **Exhibit J** to Plaintiff's Request for Judicial Notice (**Request No. 10**) is a true and correct copy of a demonstration conducted on July 24, 2026, of the publicly available webpage located at www.bankofamerica.com/associates. The d reflects that, after selecting the "Workplace" tab, the "Employment Information" section includes an "Income and Employment"

DECLARATION OF LUNA D'SOL
5:26-cv-03535-JGB-SP

subsection identifying The Work Number as Bank of America's employment and income verification service.

**4.** Attached as **Exhibit K** to Plaintiff's Request for Judicial Notice (**Request No. 11**) is a true and correct conformed copy of the Notice of Electronic Filing issued in Luna D'Sol v. Bank of America, N.A., et al., Case No. 5:26-cv-03535-JGB-SP, reflecting what reads at the top of the document " Subject;  Activity in Case 5:26-cv-03535-JGB-SP Luna D'Sol v. Bank of America, N.A. et al Answer to Complaint (Discovery)" BAC and Shanks did not file an Answer. The website I accessed was https://pacer.uscourts.gov

**5.** Attached as **Exhibit L** to Plaintiff's Request for Judicial Notice (**Request No. 12**) is a true and correct conformed copy of the search results obtained from the Los Angeles County Superior Court's online Case Access system for Case No. 25VECV04709, reflecting that no case was found for that case number. The website I accesses was https://www.lacourt.ca.gov/pages/lp/access-a-case/tp/find-case-information/cp/os-civil-case-access

**6.** Attached as **Exhibit 50** and incorporated hereby reference as though fully set forth herein is a true and correct copy of my Work Number Employment Data Report, obtained from Equifax's Work Number on or about February 6, 2026 (redacted salary).

**7.** I looked at the Work Number Repot (supra ¶3) and based on my review; I can testify that the report identifies my former employer as Bank of America Corporation (BAC), identifies my former position as Testing Specialist I, and reflects my employment and separation information as reported by BAC to its designated employment verification service. Bank of America, N.A. (BANA)'s name does not appear in the report. The Work Number is where the bank instructs to all its current and formers employees to obtain their employment verification letters (See Pl's RJN No. 10, Exhibit J).

**8.** Attached hereto as **Exhibit 51** and incorporated herein by reference as though fully set forth herein, is a true and correct copy of the California Civil Rights Department ("CRD") Case Summary for Matter No. 202508-30704712, together with the documents attached thereto, maintained by the California Civil Rights Department and obtained by me. I have reviewed these

DECLARATION OF LUNA D'SOL
5:26-cv-03535-JGB-SP

records and can testify that the CRD Case Summary expressly identifies "management" and lists the documents submitted as part of the administrative complaint. The Case Summary specifically includes two documents, that I uploaded one for each individual defendant, entitled "2025-02-26 Luna shares transgender status and upcoming surgeries with manager – Sex: Gender Identity," one identifying Tricia Shanks by full name and the other identifying Peter C. Maxim by full name. These records demonstrate that both individual managers were specifically identified in my administrative submission to the CRD

9.    On October 30, 2025, after I served Defendants with a written litigation hold and preservation demand, I received an email from Defendants' counsel, Karen Y. Cho of Morgan, Lewis & Bockius LLP, acknowledging receipt of my preservation demand. Ms. Cho expressly stated, among other things, that Defendants were "aware of and will comply with our preservation obligations under the applicable rules" and that Defendants were "taking reasonable and proportional steps to preserve unique, relevant materials within [their] possession, custody, or control as required." A true and correct copy of Ms. Cho's email is attached hereto as **Exhibit 52**.

10.    Attached hereto as **Exhibit 53** is a true and correct copy of my July 21, 2026 email to Defendants' counsel Nicole Antonopoulos and Karen Cho initiating a meet and confer regarding the Proof of Service accompanying Defendants' Notice of Removal. In that correspondence, I explained that USPS tracking reflected that the mailing had been returned to counsel's office and later re-mailed, rendering the mailing history inconsistent with the date of deposit stated in the filed Proof of Service. Exhibit 54 also includes my follow-up email advising counsel that I had called and left voicemail messages for both attorneys, renewed the same meet-and-confer request, and remained available to discuss the issue.

11.    Since Defendants began filing pleadings and oppositions characterizing 'Plaintiff's' objections regarding the disclosure and continued use of my former legal name as "irrelevant," has been deeply distressing and has exacerbated my existing mental health conditions escalated into severe psychological distress, presenting clinically as auditory hallucinations and heightened anxiety. These episodes have required Emergency Room visit and ongoing professional medical

DECLARATION OF LUNA D'SOL
5:26-cv-03535-JGB-SP

attention, including specialized therapeutic treatment and psychiatric care to manage these symptoms.

12.    **Exhibit 54** is a true and correct copy of an email dated May 1, 2026, at 3:21 p.m., from defense counsel Nicole L. Antonopoulos of Morgan, Lewis & Bockius LLP, stating that her firm had been retained to represent Bank of America, N.A., Bank of America Corporation, Tricia Shanks, and Peter C. Maxim, and expressly confirming that she was authorized to accept service on behalf of all four defendants pursuant to California Code of Civil Procedure section 415.30

13.    **Exhibit 55** is a true and correct copy of the Proof of Service of Summons dated 5/1/2026 at 4:58pm reflecting that Nicole L. Antonopoulos was personally served at Morgan, Lewis & Bockius LLP's offices located at 1400 Page Mill Road, Palo Alto, California, as executed by a registered California process server under penalty of perjury.

14.    Attached as **Exhibits J through L** are true and correct copies of the documents identified in Plaintiff's Request for Judicial Notice. These documents consist of official court records, publicly filed documents, government records, or other materials whose existence and contents are capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned. To the extent any exhibit was obtained from a publicly accessible government website or court docket, it is a true and correct copy of the record maintained by that public entity.

15.    I respectfully submit these filings with humility and the utmost respect for this Court, the rule of law, and the legal profession. I do not appear before this Court believing I am the equal of licensed counsel or that litigation is undertaken with ease. To the contrary, had it been possible, I would have retained counsel. Defendants' continued refusal to provide information concerning a lien they assert against me has materially impeded my ability to retain counsel, as prospective attorneys have been unwilling to undertake representation without first obtaining that information. Each submission has been made in good faith, with a sincere effort to comply with the applicable rules, and to assist the Court in resolving the matters presented.

16. I declare that nothing in this correspondence, any meet and confer, any stipulation, any filing related to me, or my participation in these proceedings shall be construed as consent to

5

DECLARATION OF LUNA D'SOL
5:26-cv-03535-JGB-SP

removal, or consent to this Honorable Court's jurisdiction, arbitration, or a waiver of any rights, objections, claims, defenses, privileges, or protections. **Any participation is solely to comply with applicable procedural rules and court orders**. Any confidential, privileged, medical, health plan, employee benefit, disability, leave, workers' compensation, insurance, federal law application or other protected information disclosed by me has been disclosed solely because Defendants and their counsel injected those subjects into this litigation, thereby compelling me to respond to their assertions in order to preserve my rights. **To the extent I suffer any adverse legal, financial, employment, medical, or other consequences arising from Defendants' disclosure or injection of protected matters into this litigation, I expressly reserves all rights and remedies against Defendants and their counsel. Nothing herein shall be construed as a waiver of those rights.**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 27th day of July, 2026, at Palm Springs, California.

/s/ Luna D'Sol

**Luna D'Sol**

Plaintiff, Pro S

DECLARATION OF LUNA D'SOL
5:26-cv-03535-JGB-SP