LUNA D'SOL

Plaintiff, In Pro Per

Email Address: jravada@icloud.com

2275 E Belding Dr

Palm Springs CA 92262

Telephone: 213-925-4069

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUNA D'SOL<br><br>                    Plaintiff,<br><br>VS.<br><br>BANK OF AMERICA, N.A.;<br>BANK OF AMERICA CORPORATION;<br>TRICIA SHANKS, an individual;<br>PETER C MAXIM, an individual;<br>and DOES 1 through 50, inclusive,<br><br>                    Defendant(s). | **Case No:** 5:26-cv-03535-JGB-SP<br><br>**PLAINTIFF'S OPPOSITION TO TWO OF DEFENDANT'S REQUESTS FOR JUDICIAL NOTICE IN SUPPORT OF (1) DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND; AND (2) DEFENDANTS' MOTION TO COMPEL ARBITRATION**<br><br>Judge: Hon. Jesus G. Bernal.<br>.        United States District Juge<br><br>          Date:   August 3rd, 2026<br>              Time:   8:30 am<br>Courtroom:   1, 2nd floor<br><br>Complaint Filed: March 4th, 2026<br><br>Concurrently filed with: Plaintiff's Reply in Support of Motion to Remand, Plaintiff's Declarations. Proposed Orders, Objections to Declarations, Motion to Redact or Seal Deadnaming, Declaration of Luna D'Sol ISO, Plaintiff's Request for Judicial Notice, et al. |

**TABLE OF CONTENTS**

I. INTRODUCTION……………………………………………………………….    2

II. THIS COURT SHOULD DENY DEFENDANTS' REQUESTS FOR JUDICIAL NOTICE    2

    A. Concealment of Evidence and Altered Documents in Defendants' Request for
       Judicial Notice in Support of Opposition to Plaintiff's Motion to Remand…………..    4

    B. Irrelevant and Improper Evidence Submitted in Support of Defendants' Motion
       to Compel Arbitration.………………………………………………………...    4

III. DISCUSSION…………………………………………………………………    4

IV. CONCLUSION………………………………………………………………..    5

# TABLE OF AUTHORITIES

## Cases

Apple Inc. v. Samsung Electronics Co.,
888 F. Supp. 2d 976 (N.D. Cal. 2012) …………………………………………………………… 4

Deveny v. Entropin, Inc.,
139 Cal.App.4th 408 (2006) …………………………………………………………………… 5

In re Morning Song Bird Food Litigation,
320 F.R.D. 540 (S.D. Cal. 2017) ……………………………………………………………… 5

Modglin v. DJO Global Inc.,
48 F. Supp. 3d 1362 (C.D. Cal. 2014) ………………………………...……………………….. 4–5

Silvestri v. General Motors Corp.,
271 F.3d 583 (4th Cir. 2001) …………………………………………………………………….. 4

United Safeguard Distributors Ass'n, Inc. v. Safeguard Business Systems, Inc.,
145 F. Supp. 3d 932 (C.D. Cal. 2015) ……………………………………………………………….. 5

## Statutes

Federal Rule of Evidence 201 ……………………………………………………………………… 4

## Other Authorities

ECF Doc. 11 ……………………………………………………………………………………… 4

ECF Doc. 38 ……………………………………………………………………………………… 2

ECF Doc. 38-1 ……………………………………...……………...…………………………… 2–3

ECF Doc. 38-2 …………………………………………………………………………………… 3

x

## I.    **INTRODUCTION**

Defendants Bank of America, N.A., Bank of America Corporation, Tricia Shanks, and Peter C. Maxim (collectively, "Defendants") request that this Court take judicial notice of numerous documents in support of their Motion to Compel Arbitration and in support of their opposition to Plaintiff' Motion to Remand.  Plaintiff respectfully requests that the Court deny Defendants' Request for Judicial Notice in its entirety. Defendants seek judicial notice of materials that are not proper subjects of judicial notice, including a non-public internal document that is neither publicly accessible nor capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned. **Defendants further seek judicial notice of a purported "Remedying Workforce Report" that bears substantial indicia of alteration and incompleteness**, while simultaneously requesting judicial notice of only the first page of Plaintiff's federal complaint, omitting the remainder of the pleading and thereby presenting the Court with a misleading and incomplete record. The doctrine of judicial notice does not permit a party to authenticate disputed evidence, sanitize altered documents, or present selective excerpts divorced from their full context. Defendants' Request for Judicial Notice should therefore be denied in its entirety.

## II.    **THIS COURT SHOULD DENY DEFENDANTS' RJN**

### A. **Concealment of Evidence and, again, Altered Document in Defendants' RJN in Support of Defendants' Opposition to Plaintiff's Motion to Remand**

**First**, Defendant's description of Exhibit 1 misleadingly suggests that the purported case docket is an official Los Angeles Superior Court record (ECF Doc. 38-1, pp. 19-20, Page ID 1193-1194). In fact, the document submitted appears to be an incomplete LexisNexis printout, not a docket obtained directly from the Los Angeles Superior Court. Defendant nowhere identifies LexisNexis as the source of the document in its Request for Judicial Notice, creating the false impression that the exhibit is an official court record (ECF Doc. 38, p. 2, ¶1, Page ID 1173)

2

**ALTERATION OF DOCUMENT**: the final two pages of Exhibit 1 contain an unexplained redaction in the center of the page footer (ECF Doc. 38-1,pp. 19-20, Page ID  1193-1194).. Plaintiff further notes that the second page bears the notation "Page 2 of 2," while the preceding page contains no corresponding "Page 1 of 2" designation (ID.). This inconsistency suggests that the pagination may have been altered after the document was created. Plaintiff further contends that the redacted footer is the location where the original page numbering appeared and that the omitted page following the submitted exhibit reflects that the entire Los  Angeles Superior Court filing was subsequently voided because the clerk made an error on the fee waiver application. Plaintiff had provided proof to Defendants that the court deleted it as if it never happened, and that proof is also already part of this court's record. (ECF Doc. 17, pp. 102-103; Pl's RJN No. 8, Exhibit H, PAGE ID 474-475).

**Second,** By omitting the source of the purported complaint, Defendant leaves the Court to speculate as to how it was obtained. Plaintiff's **RJN No 12, Exhibit L**, (D'Sol Decl. ¶6) establishes that no corresponding public court record exists, as the Los Angeles Superior Court's online case search returns **"**No match found for case number 25VECV04709**."** Defendant therefore cannot rely on the document as though it were a publicly filed court record without first establishing its origin and authenticity.

**Third,** Defendants describe Exhibit 2 as the case "caption." **(ECF No. 38-2 at p. 2, ¶ 2, Page ID 1173).** In fact, the exhibit is the first page of Plaintiff's complaint, which includes not only the caption but also substantive portions of the pleading. Referring to the document merely as a "caption" materially mischaracterizes the exhibit actually presented to the Court. (Id.).

On October 30th, 2025, Defendants' Counsel Ms. Karen Cho, on behalf of herself and of Ms. Antonopoulos's, agreed to Plaintiff's Preservation Demand. A party that fails to

3

PLAINTIFF'S OPPOSITION TO TWO OF DEFENDANT'S REQUET FOR JUDICIAL NOTICE
5:26-cv-03535-JGB-SP

preserve relevant evidence after litigation is pending or reasonably foreseeable risks sanctions for spoliation. Spoliation is "the destruction or material alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Apple Inc. v. Samsung Electronics Co.*, 888 F. Supp. 2d 976, 989 (N.D. Cal. 2012); *Silvestri v. General Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001)

### B. Irrelevant Evidence – Fabricated Defendant's Motion to Compel Arbitration

Defendants' reliance on JAMS documents is improper because they seek judicial notice not merely of the existence of those documents, but of the truth of the factual assertions contained therein (ECF Doc 11, 11-1, 11-2). Judicial notice under Federal Rule of Evidence 201 is limited to facts that are not subject to reasonable dispute. It is not a mechanism by which a party may establish the existence, validity, enforceability, or acceptance of a purported arbitration agreement through disputed documents generated in a private arbitration proceeding.

The JAMS documents do not constitute an adjudication that a valid arbitration agreement exists, nor do they establish that Plaintiff agreed to arbitrate. At most, they reflect that a demand or administrative proceeding was initiated. The factual assertions contained within those documents remain disputed and cannot be accepted as true through judicial notice. Defendants therefore attempt to circumvent their burden of proving the existence of a valid and enforceable arbitration agreement by asking the Court to judicially notice contested factual matters. Rule 201 does not permit such use of judicial notice, and the request should be denied.

### III.    DISCUSSION

Although this Court has noted that certain "court orders and filings" from other cases "are the proper subject of judicial notice," this Court has also repeatedly declined to do so where "it concludes that the documents are not relevant." See e.g., U.S. ex rel. Modglin v. DJO Global Inc., 48 F.Supp.3d 1362, 1382 (C.D. Cal. 2014); In re Morning

4

PLAINTIFF'S OPPOSITION TO TWO OF DEFENDANT'S REQUET FOR JUDICIAL NOTICE
5:26-cv-03535-JGB-SP

Song Bird Food Litigation, 320 F.R.D. 540, 547 (S.D. Cal. 2017) (denied request to take judicial notice of "statement contained in" a court decision because "the Court finds the subject fact or statement irrelevant to its decision on the pending motion"); Deveny v. Entropin, Inc., 139 Cal.App.4th 408, 418 (2006) (denied plaintiffs' request for court to take judicial notice of court records from another action involving same parties because the court did "not consider the ruling of another court on a related matter to be relevant to or helpful"); United Safeguard Distributors Association, Inc. v. Safeguard Business Systems, Inc., 145 F.Supp.3d 932, 942 (C.D. Cal. 2015) (denying request for judicial notice of joint stipulation filed in another action where "not relevant in deciding the present" motion).

For these reasons, Defendant has failed to establish that Exhibit 1 is a complete, accurate, or reliable public record appropriate for judicial notice. At a minimum, any judicial notice should be strictly limited to the existence of the documents and not to the truth, completeness, or accuracy of their contents.

Finally, Defendant fails to identify the source of the CRD documents comprising Exhibit 1. Plaintiff provides the missing materials fo the CRD Complaint (D'Sol An official CRD administrative record would ordinarily identify the parties by their administrative designations (e.g., complainant and respondent) rather than by the litigation caption.

Defendant offers no declaration establishing the origin of these documents or explaining how they were obtained.


IV.    **CONCLUSION**

For the reasons discussed herein, Farmers Direct respectfully requests this Court to deny Plaintiff's RJN.


[CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6.2: The undersigned, counsel of record for Defendant Farmers Direct, certifies that this brief contains [3169] words ("including headings, footnotes and quotations but excluding the caption, the

PLAINTIFF'S OPPOSITION TO TWO OF DEFENDANT'S REQUET FOR JUDICIAL NOTICE

5:26-cv-03535-JGB-SP

table of contents 1408the table of authorities"), which complies with the word limit of Local Rule 11-6.1.]

Respectfully Submitted

Dated July 26, 2026                    /s/ Luna D'Sol

                                       Luna D'Sol, Plaintiff in Pro Per

PLAINTIFF'S OPPOSITION TO TWO OF DEFENDANT'S REQUET FOR JUDICIAL NOTICE
5:26-cv-03535-JGB-SP