LUNA D'SOL

Plaintiff, In Pro Per

Email Address: jravada@icloud.com

2275 E Belding Dr

Palm Springs CA 92262

Telephone: 213-925-4069

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUNA D'SOL<br><br>                               Plaintiff,<br><br>                    VS.<br><br>BANK OF AMERICA, N.A.;<br>BANK OF AMERICA CORPORATION;<br>TRICIA SHANKS, an individual;<br>PETER C MAXIM, an individual;<br>and DOES 1 through 50, inclusive,<br><br>                               Defendant(s). | **Case No:** 5:26-cv-03535-JGB-SP<br><br>**PLAINTIFF'S OBJECTIONS TO THE DECLARATION OF KAREN Y. CHO IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY ACTION**<br><br>Judge: Hon. Jesus G. Bernal.<br>.        United States District Juge<br><br>  Date:  August 3rd, 2026<br>  Time:  8:30 am<br>Courtroom:  1, 2nd floor<br><br>Complaint Filed: March 4th, 2026<br><br>Concurrently filed with: Plaintiffs Reply in Support of Motion to Remand, Plaintiff's Request for Judicial Notice, Plaintiffs Opposition to two of Defendants' RJN, Declaration of Luna D'Sol, Proposed Order |

1

Pursuant to Federal Rules of Evidence 602, 701, 802, and 1002, Plaintiff Luna D'Sol objects to the following portions of the Declaration of Karen Y. Cho (ECF No. 10-2) submitted in support of Defendants' Motion to Compel Arbitration and Stay Action.

### A.    Threshold Objection Applicable Throughout

Numerous paragraphs of the Cho Declaration recount actions taken solely by Ms. Cho's colleague, Nicole Antonopoulos — sending emails, making statements — without establishing that Ms. Cho personally witnessed those acts, was copied on the communication, or has any basis other than what Ms. Antonopoulos told her afterward. Where the declaration does not attach the underlying document and does not otherwise establish Ms. Cho's personal involvement, it lacks foundation for personal knowledge under Fed. R. Evid. 602 and constitutes inadmissible hearsay under Fed. R. Evid. 802 to the extent it relies on Ms. Antonopoulos's out-of-court statements to Ms. Cho for the truth of what occurred. This threshold objection is incorporated into each paragraph-specific objection below.

### B.    Paragraph-by-Paragraph Objections

| Statement Objected To | Grounds for Objection |
|---|---|
| **ECF Doc. 10-2, p.2, ¶1** <br> "I am a member of the California Bar and a Partner at Morgan Lewis... I have personal knowledge of the facts set forth in this declaration..." | **Objection** FRE 602 — a blanket assertion of personal knowledge as to the entire declaration is conclusory and cannot substitute for a paragraph-by-paragraph foundation. Objection is limited: sustained to the extent later paragraphs (¶¶ 12, 14, 18) show the assertion is not accurate as to those specific facts. |
| **ECF Doc. 10-2, p.2, ¶3** <br> Quoting Plaintiff's June 8, 2026 email regarding an intended Section 128.7 | **Objection** Best Evidence Rule, FRE 1002 — the June 8 and June 10 emails are not attached as exhibits, so the Court cannot verify the quotation is complete or in context. |

2

| | |
|---|---|
| sanctions motion "narrowly directed to the Twenty-Fifth Additional Defense..." | Lack of authentication, FRE 901. To the extent offered for the truth of Plaintiff's stated intent rather than merely to show notice was given, hearsay, FRE 802. |
| **ECF Doc. 10-2, p.2, ¶3** Describes June 17, 2026 email from Ms. Antonopoulos to Plaintiff re: intent to remove and file motions, and request to meet and confer. | **Objection** Not attached as an exhibit. Best Evidence, FRE 1002; lack of foundation for Ms. Cho's personal knowledge of an email she did not send, FRE 602, unless she was a recipient/cc'd, which the declaration does not establish. |
| **ECF Doc. 10-2, p.2, ¶5** Describes June 22, 2026 follow-up email from Ms. Antonopoulos. | **Objection**  Same objections as ¶ 4 — not attached, FRE 1002; foundation, FRE 602. |
| **ECF Doc. 10-2, p.3, ¶6** "Ms. Antonopoulos and I tried to call Ms. D'Sol... we were unable to leave a voice message because Ms. D'Sol's mailbox was full... Ms. Antonopoulos sent Ms. D'Sol another follow-up email..." | **Objection** Personal knowledge established as to the joint call attempt ("I" included). No objection to that portion. As to the follow-up email sent solely by Ms. Antonopoulos, foundation objection, FRE 602, unless covered by an attached exhibit. |
| **ECF Doc. 10-2, p.4, ¶12** "Ms. D'Sol disputed that the Arbitration Policy existed... In response, we reminded Ms. D'Sol that the Arbitration Policy was distributed via email to all US-based employees, including Ms. D'Sol, and she agreed to the Arbitration Policy by continuing her employment for 30 days after receipt..." | **Objection**  FRE 701/602 — whether continued employment constitutes "agreement" to an arbitration policy is a legal conclusion argued in Defendants' motion, not a fact within counsel's personal knowledge, and it improperly assumes the disputed issue (whether Plaintiff received or agreed to the policy) as true. Improper legal conclusion in a fact declaration. |

3

PLAINTIFF'S OBJECTIONS TO DECLARATION OF KAREN Y CHO

| | |
|---|---|
| **ECF Doc. 10-2, p.4, ¶13**<br><br>"Ms. D'Sol indicated that she was unwilling to engage in the meet and confer process regarding Defendants' Motion to Dismiss... Ms. D'Sol indicated that she needed more time to consider Defendants' arguments..." | **Objection**  FRE 602/701 — improper characterization of Plaintiff's subjective state of mind and willingness; lacks foundation absent a verbatim transcript or recording of the call. If Plaintiff's own contemporaneous notes of this call reflect a request for authority/moving papers rather than an outright refusal, this paragraph should be objected to as a selective and inaccurate characterization, and Plaintiff's own declaration should be offered to control. |
| **ECF Doc. 10-2, p.5, ¶14**<br><br>"...we explained that Defendants accepted service of the Complaint and Summons, and the proof of service attached to the Notice of Acknowledgement of Receipt was not fabricated." | **Objection**  FRE 602/701 — whether a document is authentic or fabricated is the central disputed fact, not a matter counsel can resolve by simply declaring it so. Ms. Cho does not establish personal knowledge of who created the proof of service, when, or on what system, sufficient to competently testify it was not altered. Improper opinion on an ultimate disputed issue. |
| **ECF Doc. 10-2, p.5, ¶17**<br><br>Describes further email exchanges re: rescheduling the meet-and-confer call, attached as Exhibit 4. | **Objection** FR 1002, 602, 701, 403<br><br>Compare narrative against Exhibit 4. To the extent Ms. Cho's summary characterizes Plaintiff's request as an outright refusal or delay tactic beyond what the email itself says, object that the exhibit — not counsel's characterization — controls, and move to strike any argumentative gloss. |

| **ECF Doc. 10-2, p.5, ¶18** | Hearsay, FRE 802 — by its own terms, this |
|---|---|
| "Ms. Antonopoulos informed me that she waited on the conference line for 10 minutes, and Ms. D'Sol did not show up for this meeting during this time." | paragraph is Ms. Cho repeating what Ms. Antonopoulos told her; Ms. Cho does not claim to have been on the call herself. Lack of personal knowledge, FRE 602. This should be Ms. Antonopoulos's testimony, not Ms. Cho's. If Plaintiff has evidence of a cancellation, technical issue, or rescheduling communicated beforehand, it should be offered to rebut this paragraph directly. |

## C. Conclusion

`For the foregoing reasons, Plaintiff respectfully requests that the Court sustain the foregoing objections and disregard the objected-to portions of the Cho Declaration in ruling on Defendants' Motion to Compel Arbitration and Stay Action.

Respectfully submitted,

Dated 7/27/26                                  /s/ Luna D'Sol

Luna D'Sol, Plaintiff, In Pro Per

PLAINTIFF'S OBJECTIONS TO DECLARATION OF KAREN Y CHO

5:26-cv-03535-JGB-SP