LUNA D'SOL

Plaintiff, In Pro Per

Email Address: jravada@icloud.com

2275 E Belding Dr

Palm Springs CA 92262

Telephone: 213-925-4069

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| LUNA D'SOL | **Case No:** 5:26-cv-03535-JGB-SP |
|---|---|
| Plaintiff, | **PLAINTIFF'S OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND** |
| VS. | Judge: Hon. Jesus G. Bernal. .       United States District Juge |
| BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; TRICIA SHANKS, an individual; PETER C MAXIM, an individual; and DOES 1 through 50, inclusive, | Complaint Filed: March 4th, 2026 |
| Defendant(s). | Date:   August 3rd, 2026 Time:   8:30 am Courtroom:  1, 2nd floor |
| | Complaint Filed: March 4th, 2026 |
| | Concurrently filed with: Plaintiff's Request for Judicial Notice;; Declaration of Luna D'Sol; Opposition to Plaintiff's Request for Judicial Notice, Plaintiff's Reply ISO Motion to Remand and Proposed Orders |

- 1 -

## I.  INTRODUCTION

Pursuant to Federal Rules of Evidence 201, 602, 701, 802, and 901, Plaintiff Luna D'Sol submits the following objections to evidence submitted by Defendants in support of their Opposition to Plaintiff's Motion to Remand (ECF No. 37).

## II. TWO-COLUMN OBJECTION CHAR

| DEFENDANT'S DECLARATION OF PATRICIA K. JOHNSON | PLAINTIFF'S OBJECTION AND RESPONSE |
|---|---|
| **ECF Doc. 37-2, p. 2, ¶4**<br><br>"Based on my review of BANA's records, Plaintiff was employed by BANA until her separation on or about June 20, 2025. Plaintiff's base annual salary was over $75,000 at the time of her separation. According to Plaintiff'sW-2 records, Plaintiff earned over $75,000 each year in 2022, 2023, and 2024, and she earne approximately $57,931.18 in wages in 2025" | **Objection:** Mischaracterizes the contents of the underlying business records; lacks foundation (Fed. R. Evid. 602, 901); and to the extent the declaration purports to summarize the contents of documents not accurately described, violates the Best Evidence Rule (Fed. R. Evid. 1002). The Work Number report identifies Plaintiff's employer as **Bank of America Corporation**, not Bank of America, N.A., while also containing the payroll and termination information relied upon by Declarant. Defendants cannot selectively rely on portions of the same business record while disregarding the portion identifying the employ. **(See D'Sol Decl., ¶¶5-6; EXHIBIT 50)**<br><br> Declarant states that "[b]ased on my review of BANA's records, Plaintiff was employed by BANA until her separation…" However, The Work Number is the method by which all current and former employee are instructed, publicly, to obtain their employment verification from, Plaintiff's Work Number document identifies **"Bank of America Corporation"**—not Bank of |

| | |
|---|---|
| | America, N.A.—as Plaintiff's employer. (D'Sol Decl. ¶6, Exhibit 50) The same report also contains Plaintiff's employment status, rate of pay, termination date, and payroll information, demonstrating that the employer identity reflected in the report is **Bank of America Corporation.** Accordingly, the declaration mischaracterizes the contents of the underlying business record and lacks adequate foundation to attribute those records to BANA. |
| **ECF Doc. 37-2, p. 2, ¶3**<br><br>"In connection with executing this Declaration, I have personally reviewed BANA's records as they are kept in the ordinary course and scope of business regarding the employment of Plaintiff Luna D'Sol ("Plaintiff") with BANA." | Lack of foundation (Fed. R. Evid. 602, 901). Declarant fails to identify the specific records reviewed, how she is qualified to interpret those records, or establish that the records support her conclusion that Plaintiff was employed by Bank of America, N.A. Mischaracterizes the underlying business records. The declaration broadly refers to "BANA's records," yet the Work Number report identifies **Bank of America Corporation** as Plaintiff's employer while containing the same employment and payroll information upon which Declarant relies<br>Conclusory. The declaration merely states that Declarant reviewed unspecified records but does not identify which records establish that Plaintiff was employed by Bank of America, N.A., as opposed to Bank of America Corporation. To the contrary, the business records Defendants themselves produced to Plaintiff—including the employment tracking report containing hundreds of tracked employee events—contain no entry reflecting that Plaintiff acknowledged or accepted the purported arbitration agreement. |

- 3 -

| On December 8, 2025, Plaintiff filed a Complaint against the Bank, Sedgwick Claims Management Services, Inc. ("Sedgwick"), and Fidelity Workplace Services, LLC ("Fidelity") in this Court, entitled Luna D'Sol v. Bank of America, N.A. et al, Case No. 5:25-cv-03316-SSS-DTBx ("D'Sol II") alleging claims for: (1) interference with protected rights under ERISA § 510 against the Bank; (2) breach of fiduciary duties under ERISA §§ 404, 503 against the Bank, Fidelity, and Sedgwick [ECF Doc. 3 at 2:20-26] | **Objection :** Defendants' designation is internally inconsistent. Case No. 5:25-cv-03316-SSS-DTBx appears to have more parties in common and more similar underlying issues with another publicly filed proceeding (RJN, Ex. 9). It would be logical not to relate 5:25-cv-03316-SSS-DTBx to the present complaint |

## IV. CONCLUSION

Plaintiff request that the court sustain each of the objections raised herein and strike or otherwise disregard the inadmissible portions of Defendants' evidence in their entirety when ruling on pending motion

Respectfully submitted:

**Dated: 7/22/2026**

By: /s/ Luma D'Sol

Luna D'Sol

Plaintiff, In Pro Per

OBJECTIONS TO PLAINTIFF'S OPPOSITION TO REMAND
5:26-cv-03535-JGB-SP