LUNA D'SOL

Plaintiff, In Pro Per

Email Address: jravada@icloud.com

2275 E Belding Dr

Palm Springs CA 92262

Telephone: 213-925-4069

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUNA D'SOL <br><br> Plaintiff, <br><br> VS. <br><br> BANK OF AMERICA, N.A.; <br> BANK OF AMERICA CORPORATION; <br> TRICIA SHANKS, an individual; <br> PETER C MAXIM, an individual; <br> and DOES 1 through 50, inclusive, <br><br> Defendant(s). | Case No: 5:26-cv-03535-JGB-SP <br><br> **PLAINTIFF'S EX PARTE APPLICATION FOR ORDER CONTINUING (1) PLAINTIFF'S MOT TO REMAND AND (2) PLAINTIFF'S MOTION COMPEL ARBITRATON** <br><br> Judge: Hon. Jesus G. Bernal.          . <br> United States District Juge <br><br> Date:   July 30th, 2026 <br> Courtroom:  1, 2nd floor <br><br> Complaint Filed: March 4th, 2026 <br><br> Concurrently filed with: Supporting Declaration of Luna D'Sol and [Proposed] Order Granting Ex Parte Application |

## TABLE OF CONTENTS

PLAINTIFF'S EX PARTE APPLICATION FOR ORDER CONTINUING ................................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES .................................................. 5

I.    INTRODUCTION ...................................................................................... 5

II.   PROCEDURAL BACKGROUND ............................................................... 6

    A. The Competing August 3, 2026 Hearings ....................................................... 6

    B. Defendants' Opposition Asserts Plaintiff's Notice of the
      Remand Hearing Was Untimely and Prejudicial,
      and Asks the Court to Reject the Motion Outright ……………………............ 7

    C. Defendants' Own Contested Service Practices,
      Not Any Lack of Diligence by Plaintiff ............................................................. 7

    D. Plaintiff Promptly and Repeatedly Attempted to
      Resolve the Scheduling Conflict Without Court
      Intervention ...................................................................................... 9

III.  THIS EX PARTE APPLICATION SHOULD BE GRANTED ............................ 10

    A. Plaintiff's Case Will Be Irreparably Prejudiced
      Absent Expedited Relief ................................................................................ 10

    B. Plaintiff Is Without Fault in Creating the
      Circumstances Necessitating Ex Parte Relief .............................................. 11

IV.   THE REQUESTED CONTINUANCE IS
     SUPPORTED BY GOOD CAUSE .............................................................. 12

V.    CONCLUSION ....................................................................................... 13

## TABLE OF AUTHORITIES

**Cases**

*Avila v. Willits Environmental Remediation Trust*,
633 F.3d 828 (9th Cir. 2011) …………………………………………………………. 12

*Johnson v. Mammoth Recreations, Inc.*,
975 F.2d 607 (9th Cir. 1992) …………………………..………..………………. 12

*Kuster v. Ocwen Loan Servicing, LLC*,
No. 15-00305 JMS-KJM, 2016 WL 11978446 (D. Haw. Aug. 23, 2016) ……………..…….. 12

*Mission Power Engineering Co. v. Continental Casualty Co.*,
883 F. Supp. 488 (C.D. Cal. 1995) …………………………………….…………… 6, 10

*Smith-Weik Machine Corp. v. Murdock Machine & Engineering Co.*,
423 F.2d 842 (5th Cir. 1970) …………………………………………..……………. 13

*State Farm Fire & Casualty Co. v. Willison,*.
833 F. Supp. 2d 1200 (D. Haw. 2011) ……………………………….……………….. 12

*Torres v. Igdaloff*,
No. 2:17-cv-04059-MCS-JEM, 2022 WL 17078883 (C.D. Cal. Feb. 17, 2022) ……….. 10, 11

*United States v. Flynt*,
756 F.2d 1352 (9th Cir. 1985) …………………………………………………. 12

*United States v. Kloehn*,
620 F.3d 1122 (9th Cir. 2010) …………………………………………………. 12

*Wells Fargo Bank, N.A. v. Stewart Homes, Inc.*,
732 F. Supp. 3d 1169 (C.D. Cal. 2024) …………………………………….…….. 10

*Zivkovic v. Southern California Edison Co.*,
302 F.3d 1080 (9th Cir. 2002) …………………………………………………. 12

**Statutes**

28 U.S.C. § 1446(d) ……………………………………………………………… 2

28 U.S.C. § 1447(c) ……………………………….…………………………… 10

**Federal Rules**

Fed. R. Civ. P. 5(b) ……………………………………………………………………… 2

Fed. R. Civ. P. 5(b)(2)(E) …………………………………………………...……………… 9

Fed. R. Civ. P. 16(b) …………………………………………………………………… 12

**Local Rules**

C.D. Cal. Local Rule 6-1 …………………………………………………..… 2, 7, 10

C.D. Cal. Local Rule 7-19 ………………………………………………………… 2

C.D. Cal. Local Rule 7-19.1 ……………………………………………………… 3

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on July 29, 2026, and pursuant to Local Rule 7-19, Plaintiff Luna D'Sol will and hereby does apply ex parte to Courtroom 1, 2nd Floor of the above-entitled Court, located at 3470 Twelfth Street, Riverside, California 92501, by electronically filing this written Ex Parte Application, which requests that this Honorable Court issue an order continuing the hearings on Defendants' and Plaintiff's respective motions currently scheduled as set forth below, based on good cause, including to eliminate the prejudice asserted by Defendants (ECF Doc. 37, pp. 26–27, § F) concerning the briefing schedule on Plaintiff's Motion to Remand (this "Motion to Continue"):

    **1.** Plaintiff respectfully requests that the hearing on Plaintiff's Motion to Remand (ECF Docs. 28, 29, 30, 31), currently scheduled for August 3, 2026, at 8:30 a.m., be continued to August 24, 2026, the same date presently scheduled for Plaintiff's Motion for Sanctions Against All Defendants and Their Counsel for Bad-Faith Litigation Conduct, or alternatively to the first available date thereafter as the Court's calendar may conveniently permit.

    **2.** Plaintiff respectfully requests that the hearing on Defendants' Motion to Compel Arbitration and Stay Action (ECF Doc. 10), currently scheduled for August 3, 2026, at 9:00 a.m., be continued to August 24, 2026, the same date presently scheduled for Plaintiff's Motion for Sanctions, or alternatively to the first available date thereafter as the Court's calendar may conveniently permit.

As explained further in Plaintiff's concurrently filed Declaration ("D'Sol Decl.") and the accompanying Memorandum of Points and Authorities, this Ex Parte Application and Motion to Continue are supported by good cause because the need for this relief arises directly from Defendants' assertion that they were not afforded sufficient time to oppose Plaintiff's Motion to Remand. (ECF Doc. 37, pp. 26–27, § F.) As demonstrated in Plaintiff's accompanying Declaration, that assertion arose only after Defendants were unable to substantiate that Plaintiff had been properly served with the Notice of Removal and the Motion to Compel Arbitration (ECF Doc. 26-2, pp. 2-5, ¶¶3-8; D'Sol Decl. ¶¶5-10) in accordance with 28 U.S.C. § 1446(d), Federal Rule of Civil Procedure 5(b), and Local Rule 6-1. Rather than asking the Court to resolve that procedural dispute

2

on an expedited basis, Plaintiff seeks a brief continuance that fully eliminates Defendants' claimed prejudice by allowing all three motions — the Motion to Remand, the Motion to Compel Arbitration, and the Motion for Sanctions — to be heard on the same day, given that they arise from the same course of procedural conduct and involve overlapping factual and legal issues, thereby promoting judicial economy and avoiding duplicative proceedings.

Good cause exists because hearing all three motions on the same day will provide Defendants a full and fair opportunity to address the overlapping procedural issues in their opposition to the Motion for Sanctions, avoid duplicative briefing and hearings, and permit the Court to consider the related matters together on a complete and fully developed record.

Plaintiff's Ex Parte Application and request for relief are supported by a showing that Plaintiff's case will be irreparably prejudiced absent the requested relief. Defendants have represented to this Court that they were not afforded sufficient time to prepare an opposition to Plaintiff's Motion to Remand and have asked the Court, in the alternative, to reject the Motion to Remand outright for an asserted violation of Local Rule 6-1. (ECF Doc. 37 at 19:8–9.) Because Plaintiff's Motion to Remand raises a challenge to this Court's subject-matter jurisdiction, any risk that the merits of that motion will not be reached because of a procedural notice dispute — a dispute that traces directly to Defendants' own contested service practices, as set forth below and in the D'Sol Decl. — constitutes irreparable prejudice to Plaintiff absent the brief continuance requested here. Additionally, this Ex Parte Application is supported by a showing that Plaintiff is without fault in creating the circumstances requiring this relief. (See D'Sol Decl. ¶18)

**PLEASE TAKE FURTHER NOTICE** that Plaintiff has complied with the notice provisions of Local Rule 7-19.1(a). On July 30, 2026, Plaintiff left voicemail messages for Defendants' counsel, Nicole L. Antonopoulos, requesting a meet-and-confer regarding the scheduling of the pending motions. D'Sol Decl. ¶ 15, Exhibit 57. On July 22, 2026, Plaintiff sent Defendants' counsel a written meet-and-confer communication and two voicemails  proposing that the parties stipulate to continue the hearing on Plaintiff's Motion to Remand to the same date as Plaintiff's Motion for Sanctions (i.e., August 24, 2026), and further proposing that the Motion to Compel Arbitration be heard on that same date for purposes of judicial efficiency, and expressly advising Defendants that

PLAINTIFF'S EX PARTE APPLICATION FOR ORDER CONTINUING
5:26-cv-03535-JGB-SP

Plaintiff would proceed by stipulation if Defendants agreed, and would proceed accordingly if they did not.  As of the date of this filing, Defendants have not responded to Plaintiff's July 30, 2026 Ex Parte proposal. D'Sol Decl. ¶ 16.

**PLEASE TAKE FURTHER NOTICE**) As of the date of this filing, Defendants have not stated a position on the relief sought herein, and all rights to oppose are reserved to Defendants pursuant to Local Rule 7-19.1(b). Defendants' counsel contact information is:

Karen Y. Cho (karen.cho@morganlewis.com)

Nicole L. Antonopoulos (nicole.antonopoulos@morganlewis.com)

MORGAN, LEWIS & BOCKIUS LLP

300 South Grand Avenue, Twenty-Second Floor, Los Angeles, CA 90071-3132

Telephone: (213) 612-2500

This Ex Parte Application is made pursuant to Local Rule 7-19 and is based on this Ex Parte Application, the attached Memorandum of Points and Authorities, the concurrently filed Declaration of Luna D'Sol and exhibits thereto, the pleadings, records, and files in this action, and such other evidence as may be presented at the request of the Court.

Dated: July 30, 2026          Respectfully submitted,

<u>/s/ Luna D'Sol</u>

Luna D'Sol, Plaintiff, In Pro Per

PLAINTIFF'S EX PARTE APPLICATION FOR ORDER CONTINUING
5:26-cv-03535-JGB-SP

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. <u>INTRODUCTION</u>

Plaintiff Luna D'Sol ("Plaintiff") respectfully requests that this Court grant this Ex Parte Application and continue two hearings currently scheduled for August 3, 2026 — the hearing on Plaintiff's Motion to Remand (ECF Docs. 28–31) and the hearing on Defendants' Motion to Compel Arbitration and Stay Action (ECF Doc. 10) — to August 24, 2026, the date already set for Plaintiff's Motion for Sanctions Against All Defendants and Their Counsel for Bad-Faith Litigation Conduct.

Plaintiff does not seek to shorten Defendants' time to respond or obtain a tactical advantage. Plaintiff seeks to extend the hearing so that Defendants receive more time than the Local Rules ordinarily require and can fully brief the issues they contend they lacked sufficient time to address. D'Sol Decl. ¶17).

This request is not a delay tactic. It is the direct and proportionate response to a specific objection Defendants themselves raised. In their Opposition to Plaintiff's Motion to Remand, filed July 20, 2026, Defendants argue that Plaintiff's notice of the August 3, 2026 hearing (ECF Doc. 37, pp. 26–27, § F)—filed and served July 13, 2026, twenty-one days before the hearing rather than the twenty-eight days ordinarily required by Local Rule 6-1—deprived Defendants of "the requisite seven days" to prepare their opposition. Defendants further ask this Court, in the alternative, to reject Plaintiff's Motion to Remand outright on that basis. (ECF Doc. 37 at 18:22–19:9.)

Rather than litigate that procedural dispute on an expedited basis or risk having a jurisdictional motion rejected on a notice-timing technicality, Plaintiff proposes the simplest and most complete cure: continue the Remand hearing to August 24, 2026. That date would provide Defendants forty-two days from the filing of Plaintiff's Motion to Remand—fourteen days more than the twenty-eight-day notice period required by Local Rule 6-1, and substantially more than the seven days Defendants contend they were denied.

Because the Motion to Compel Arbitration is presently set for the same day and courtroom as the Remand hearing and rests on an overlapping factual record concerning Defendants' service practices, Plaintiff requests that it also be continued to August 24, 2026. This would permit the Court

to consider the three related motions—Remand, Arbitration, and Sanctions—together, on a complete record, in a single proceeding.

As set forth below and in the concurrently filed Declaration of Luna D'Sol ("D'Sol Decl."), Plaintiff satisfies both requirements for ex parte relief: Plaintiff's case will be irreparably prejudiced unless this Application is heard and decided before August 3, 2026, and Plaintiff is without fault in creating the circumstances necessitating this relief (D'Sol Decl. ¶¶18). Unlike the movant in *Mission Power*, Plaintiff did not create the circumstances requiring ex parte relief. Rather, the need for a continuance arose from Defendants' handling of service, including their withholding of USPS tracking information, re-mailing the Notice of Removal after it was returned, failing to update the Certificate of Service, and later asserting that Plaintiff's challenge to those service issues deprived them of adequate time to oppose the Motion to Remand. "It must be established that the moving party is without fault in creating the crisis that requires ex parte relief." *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

## II. **PROCEDURAL BACKGROUND**

### A. **The Competing August 3, 2026 Hearings**

This action was commenced by Plaintiff in the Superior Court of California, County of Riverside (Case No. CVPS2601396), and removed to this Court by Defendant Bank of America, N.A. ("BANA") on June 25, 2026. D'Sol Decl. ¶ 2. On July 2, 2026, Defendants filed their Motion to Compel Arbitration and Stay Action, noticed for hearing on August 3, 2026, at 9:00 a.m. (ECF Doc. 10.) On July 13, 2026, Plaintiff filed her Motion to Remand, to Vacate Pleadings, and for Declaratory Relief, noticed for hearing that same day, August 3, 2026, at 8:30 a.m. (ECF Docs. 28–31.) Both motions therefore come on for hearing thirty minutes apart, before the same Court, on facts and issues — principally, the propriety and manner of Defendants' service of their removal and motion papers on a pro se litigant — that substantially overlap. (D'Sol Decl. ¶¶ 3–13).

Plaintiff's pending Motion for Sanctions Against All Defendants and Their Counsel for Bad-Faith Litigation Conduct, which likewise concerns Defendants' litigation and service conduct in this

PLAINTIFF'S EX PARTE APPLICATION FOR ORDER CONTINUING
5:26-cv-03535-JGB-SP

action, is currently set for hearing on August 24, 2026, at 9:00 a.m., in the same courtroom. D'Sol Decl. ¶ 12.

**B. Defendants' Opposition Asserts Plaintiff's Notice of the Remand Hearing Was Untimely and Prejudicial, and Asks the Court to Reject the Motion Outright**

On July 20, 2026, Defendants filed their Opposition to Plaintiff's Motion to Remand. (ECF Doc. 37.) At pages 26–27, Section F, Defendants argue:

"Local Rule 6-1 provides that the notice of motion shall be filed and electronically served no later than twenty-eight (28) days before the date set for hearing. Here, Plaintiff filed and served her Motion to Remand on July 13, 2026 and set the hearing for August 3, 2026, just twenty-one (21) days later. As such, Plaintiff violated Local Rule 6-1. If Plaintiff properly noticed the August 3, 2026 hearing date, Defendants' opposition would have been due July 13, 2026. That response date, however, is the same date that Plaintiff filed her motion." (ECF Doc. 37 at 18:19–25.)

Although Defendants go on to state that the Court "should accept the filing of Defendants' opposition" notwithstanding this timing (id. at 18:25–27), Defendants simultaneously preserve, in the alternative, a request that the Court "reject Plaintiff's Motion to Remand for failing to comply with Local Rule 6-1." (Id. at 19:8–9.) Defendants have therefore placed squarely before the Court the contention that Plaintiff's notice period was inadequate and prejudicial — and have asked, as one possible remedy, that Plaintiff's jurisdictional challenge be rejected without reaching the merits.

**C. Defendants' Own Contested Service Practices, Not Any Lack of Diligence by Plaintiff**

Defendants argue that Plaintiff's Motion to Remand should be rejected because the hearing was noticed on an allegedly compressed schedule. The record, however, reflects that the timing issues in this case arose from Defendants' own disputed service practices and the resulting uncertainty regarding service, not from any lack of diligence by Plaintiff.

First, Defendants' service of the Notice of Removal itself remains disputed. Defendants' counsel, Karen Y. Cho, has declared that "[o]n June 25, 2026, Bank of America, N.A. removed this action to this Court. That same day, my office served Plaintiff with a copy of the removal and

PLAINTIFF'S EX PARTE APPLICATION FOR ORDER CONTINUING
5:26-cv-03535-JGB-SP

related filings via USPS mail and via regular email," and that Plaintiff's June 26, 2026 email "clearly shows that Plaintiff received and reviewed the removal because Plaintiff takes issue with various information included in the removal." (Declaration of Karen Y. Cho in Support of Defendants' Opposition to Plaintiff's Ex Parte Application, ECF Doc. 26-2, ¶¶ 2–3.)

Ms. Cho's characterization is not supported by the correspondence itself. Plaintiff's June 26, 2026 email did not acknowledge receipt or proper service of the Notice of Removal. Rather, Plaintiff addressed the legal deficiencies she believed existed in Defendants' attempted removal and in their separately noticed Motion to Compel Arbitration, including the defective Notice and Acknowledgment of Receipt ("NAR"), the unsigned and subsequently altered proof of service, backdated documents identified through forensic metadata analysis, and Defendants' reliance on those materials. D'Sol Decl. ¶¶ 5-7, Ex. A. Plaintiff's discussion of the legal basis for removal cannot reasonably be construed as an admission that the Notice of Removal itself had been validly served.

To the contrary, Plaintiff consistently disputed Defendants' service practices and repeatedly requested objective, independently verifiable proof that the Notice of Removal had in fact been mailed — including a USPS tracking number, which Defendants admit they were unable to provide. (ECF Doc. 26-2 ¶ 4 [Cho Decl. acknowledging Defendants "were unable to provide a tracking number associated with their service of the removal via USPS mailing"].) Defendants' assertion that Plaintiff "clearly" received the Notice of Removal is not based on personal knowledge of delivery, but on counsel's own interpretation of Plaintiff's correspondence; the June 26 email contains no statement acknowledging receipt or valid service, and instead challenges the legal sufficiency of the service and removal process itself. (D'Sol Decl. ¶¶ 5-7).

Second, Defendants' service of the Motion to Compel Arbitration was independently disputed for related reasons. Plaintiff has previously and separately raised these service defects with the Court. See Plaintiff's Ex Parte Application of Plaintiff for Order Continuing Hearing on Defendants' Motion to Compel Arbitration [ECF Doc. 32] and the Declaration of Luna D'Sol in Support Thereof [ECF Doc. 33], both filed July 15, 2026, detailing that Defendants' FedEx delivery was left unattended outside Plaintiff's residence and blown away before it could be retrieved, that the Certificate of Service's stated July 2, 2026 service date is contradicted by FedEx's own tracking

8

record showing delivery on July 3, 2026, and that Plaintiff never consented in writing to electronic service under Federal Rule of Civil Procedure 5(b)(2)(E) and never received the electronic transmission Defendants certify was sent. (D'Sol Decl. ¶¶ 8-10)

This history matters here because it shows that the compressed timeline Defendants now complain of with respect to the Remand hearing did not arise from any delay or gamesmanship by Plaintiff. It arose from an ongoing, good-faith, and unresolved dispute — created by Defendants' own choice of service methods and their own repeated refusal to furnish verifiable proof of service — over when Plaintiff was validly and effectively served with the papers underlying this litigation in the first place. (D'Sol Decl. ¶¶ 5–13).

**D.  Plaintiff Promptly and Repeatedly Attempted to Resolve the Scheduling Conflict Without Court Intervention**

Upon reviewing Defendants' Opposition and its assertion of prejudice, Plaintiff promptly attempted, in good faith, to resolve the resulting scheduling conflict by stipulation rather than motion practice. On July 22, 2026, Plaintiff left voicemail messages for Defendants' counsel, Nicole L. Antonopoulos and Karen Y. Cho, requesting a meet-and-confer regarding scheduling. (D'Sol Decl. ¶¶ 14-16).

On July 24, 2026, Plaintiff sent Defendants' counsel a detailed written proposal, expressly noting that "when Defendants removed this action to federal court, Plaintiff was expected to respond simultaneously, before she was served, to the Notice of Removal, the Motion to Compel Arbitration, and the accompanying filings within the applicable deadlines," and offering, "in the interest of good faith and to avoid any claim of prejudice," to stipulate to continue the Remand hearing to the same date as the Motion for Sanctions, with the Motion to Compel Arbitration to be heard the same day "[f]or purposes of efficiency." (D'Sol Decl. ¶¶ 15-17, Ex. 57). Plaintiff expressly reserved all rights, objections, and remedies in making that proposal, and advised Defendants that "[i]f Defendants are agreeable to this proposal, please let me know at your earliest convenience. Otherwise, I will proceed accordingly." Id.

As of the date of this filing, five days later, Defendants have not responded. (D'Sol Decl. ¶ 17). With the August 3, 2026 hearing now days away and no regularly noticed motion capable of

9

being heard and decided before that date, Plaintiff files this Ex Parte Application as the remaining means of obtaining the relief Defendants' own Opposition made necessary.

### III.  THIS EX PARTE APPLICATION SHOULD BE GRANTED

A party seeking ex parte relief must show, first, "that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures," and second, "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." Torres v. Igdaloff, No. 2:17-cv-04059-MCS-JEM, 2022 WL 17078883, at *1 (C.D. Cal. Feb. 17, 2022) (quoting Mission Power Eng'g Co. v. Continental Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995)). In evaluating an ex parte application, the Court necessarily considers the merits of the underlying request because "if it is meritless, failure to hear it cannot be prejudicial." Wells Fargo Bank, N.A. v. Stewart Homes, Inc., 732 F. Supp. 3d 1169, 1175 (C.D. Cal. 2024) (emphasis in original). Both elements are satisfied here.

### A.  Plaintiff's Case Will Be Irreparably Prejudiced Absent Expedited Relief

Absent a continuance decided before August 3, 2026, Plaintiff faces two independent and irreparable harms. First, Defendants have expressly asked this Court to reject Plaintiff's Motion to Remand outright for the asserted Local Rule 6-1 violation. [1] (ECF Doc. 37 at 19:8–9.) A motion to remand implicates this Court's subject-matter jurisdiction, which "may not be waived and may be raised by a party, or by the court sua sponte, at any time" before final judgment. 28 U.S.C. § 1447(c). Permitting a jurisdictional challenge to be extinguished on a notice-timing technicality, rather than decided on the merits, would work an irreparable harm that a later remedy cannot cure — once the

---

[1] Pursuant to Local Rule 6-1, unless otherwise provided by rule or order of the Court, "no oral motions will be recognized and every motion shall be presented by written notice of motion," and the "notice of motion shall be filed with the Clerk not later than twenty-eight (28) days before the date set for hearing." C.D. Cal. L.R. 6-1. The Rule further provides, however, that "[t]he Court may order a shorter time." Id. Accordingly, the Court may modify the briefing and hearing schedule by order, including upon a properly supported ex parte application demonstrating good cause. See **Torres v. Igdaloff**, No. 2:17-cv-04059-MCS-JEM, 2022 WL 17078883, at *1 (C.D. Cal. Feb. 17, 2022) (granting an ex parte application where there was insufficient time to hear a regularly noticed motion before the scheduled hearing).

Motion to Remand is heard and decided (or rejected) on August 3, 2026, no subsequent continuance can restore Plaintiff's opportunity to have that motion heard on a full and undisputed record. Second, because Defendants have already put the sufficiency of Plaintiff's notice squarely at issue, proceeding to a contested hearing on August 3, 2026, without resolving that procedural dispute risks the very harm the ex parte mechanism exists to prevent. A regularly noticed motion to continue the hearing — itself requiring 28 days' notice under Local Rule 6-1 — cannot be heard before the August 3, 2026 hearing date it seeks to continue, leaving Plaintiff with no other adequate procedural avenue for relief. See Torres, 2022 WL 17078883, at *1 (granting ex parte relief where "there is not sufficient time to hear a regularly noticed motion").

**B. Plaintiff Is Without Fault in Creating the Circumstances Necessitating Ex Parte Relief**

As set forth above, the twenty-one-day notice period Defendants challenge is the direct byproduct of an ongoing, unresolved, and good-faith dispute over Defendants' own service practices — a dispute Defendants created by their choice of service methods, perpetuated by their repeated refusal to provide verifiable tracking or delivery information despite Plaintiff's multiple requests, and have never cured by correcting the challenged Certificates of Service. (D'Sol Decl. ¶¶ 5–13; ECF Docs. 32, 33).

Most directly, as soon as Defendants filed their Opposition asserting prejudice from the notice period, Plaintiff did not wait, litigate the dispute adversarially, or seek any tactical advantage from it. Plaintiff instead promptly reached out — by voicemail on July 22, 2026, and by detailed written proposal on July 24, 2026 — to resolve the matter cooperatively by stipulation, offering Defendants exactly the relief this Application now seeks by motion. (D'Sol Decl. ¶¶ 14–17, Exs. 56-58).

Defendants did not respond. A plaintiff who offers, unprompted, to cure the very prejudice a defendant has raised, and who is met with silence, is not the party at fault when she is ultimately forced to seek the same relief from the Court. See Torres, 2022 WL 17078883, at *1.

**IV.  THE REQUESTED CONTINUANCE IS SUPPORTED BY GOOD CAUSE**

PLAINTIFF'S EX PARTE APPLICATION FOR ORDER CONTINUING
5:26-cv-03535-JGB-SP

"The district court is given broad discretion in supervising the pretrial phase of litigation," especially before a pretrial scheduling order has been entered and where, as here, the party seeking the continuance has acted diligently. Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 607, 607–609 (9th Cir. 1992), and Fed. R. Civ. P. 16(b)). "[D]istrict judges have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16." Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011). The Ninth Circuit has identified four considerations governing a motion to continue: (1) the diligence of the party seeking the continuance; (2) whether the continuance would serve a useful purpose; (3) the extent to which the continuance would inconvenience the Court and the opposing party; and (4) the potential prejudice. State Farm Fire & Cas. Co. v. Willison, 833 F. Supp. 2d 1200, 1211 (D. Haw. 2001) (citing United States v. Flynt, 756 F.2d 1352, 1358 (9th Cir. 1985), and United States v. Kloehn, 620 F.3d 1122, 1126 (9th Cir. 2010)). All four factors favor granting this Application:

1. **Diligence.** As set forth above, Plaintiff acted diligently at every stage — litigating the merits, attempting in good faith to resolve the notice dispute by stipulation before resorting to this Application, and bringing this request to the Court promptly upon Defendants' silence. D'Sol Decl. ¶¶ 14–19.

2. **Useful purpose**. Continuing both hearings to August 24, 2026, serves the direct and stated purpose of curing the very notice defect Defendants raised, allowing all three related motions — Remand, Arbitration, and Sanctions — to be briefed on a complete record and heard together, which conserves the resources of the Court and both parties and avoids the risk of inconsistent or duplicative rulings on overlapping service and litigation-conduct issues. See Kuster v. Ocwen Loan Servicing, LLC, No. 15-00305 JMS-KJM, 2016 WL 11978446, at *1–3 (D. Haw. Aug. 23, 2016) (granting ex parte continuance to accommodate scheduling considerations).

3. **Minimal inconvenience**. The requested continuance imposes no meaningful inconvenience on the Court or Defendants. The Court's calendar is already set for a hearing on August 24, 2026, in the same courtroom, on a closely related motion; no new

hearing date need be found. Defendants, for their part, proposed nothing different — Plaintiff's July 24, 2026 proposal offered Defendants precisely this continuance, and Defendants did not identify any conflict, prejudice, or objection to it. (D'Sol Decl. ¶¶ 15-17, Ex. 57)

4. **No countervailing prejudice to Defendants**. Defendants cannot credibly claim prejudice from a continuance they were offered and did not oppose, and that gives them more — not less — time to brief the very motion they say they lacked adequate time to oppose. Any claim of prejudice from delay is further undercut by the fact that Defendants' own contested service practices are what produced the compressed notice period in the first instance. See Smith-Weik Mach. Corp. v. Murdock Mach. & Eng'g Co., 423 F.2d 842, 845 (5th Cir. 1970) (district court abused its discretion in denying a short continuance where the need for it did not arise from the fault of the requesting party).

## V. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that this Court grant this Ex Parte Application and issue an order continuing (1) the hearing on Plaintiff's Motion to Remand, to Vacate Pleadings, and for Declaratory Relief (ECF Docs. 28–31), and (2) the hearing on Defendants' Motion to Compel Arbitration and Stay Action (ECF Doc. 10), both currently scheduled for August 3, 2026, to August 24, 2026, the date already scheduled for Plaintiff's Motion for Sanctions, or to such other date as the Court's calendar may conveniently permit, and granting such other and further relief as the Court deems just and proper.

*[CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6.2: The undersigned, Plaintiff Luna D'Sol, certifies that this brief contains 4248 words ("including headings, footnotes and quotations"), which complies with the word limit of Local Rule 11-6.1.*

Respectfully submitted,

Dated: July 30, 2026

<u>/s/ Luna D'Sol</u>

Luna D'Sol, Plaintiff in Pro Per

13

PLAINTIFF'S EX PARTE APPLICATION FOR ORDER CONTINUING
5:26-cv-03535-JGB-SP