LUNA D'SOL

Plaintiff, In Pro Per

Email Address: jravada@icloud.com

2275 E Belding Dr

Palm Springs CA 92262

Telephone: 213-925-4069

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| LUNA D'SOL <br><br> Plaintiff, <br><br> VS. <br><br> BANK OF AMERICA, N.A.; <br> BANK OF AMERICA CORPORATION; <br> TRICIA SHANKS, an individual; <br> PETER C MAXIM, an individual; <br> and DOES 1 through 50, inclusive, <br><br> Defendant(s). | Case No: 5:26-cv-03535-JGB-SP <br><br> DECLARATION OF LUNA D'SOL IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR ORDER CONTINUING HEARINGS ON (1) PLAINTIFF'S MOTION TO REMAND AND (2) DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY ACTION <br><br> Judge: Hon. Jesus G. Bernal. . <br> United States District Juge <br><br> Date:  July 30th, 2026 <br> Courtroom:  1, 2nd floor <br><br> Complaint Filed: March 4th, 2026 <br><br> Concurrently filed with: EX Parte Application for Order Continuing the Hearing on Plaintiff's Motion to Remand and Defendants Motion to Compel ; Memorandum, Proposed Order Granting Ex Parte Application |

DECLARATION OF LUNA D'SOL

1

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE
5:26-cv-03535-JGB-SP

**DECLARATION OF LUNA D'SOL**

I, Luna D'Sol, declare as follows:

1. I am the plaintiff in this action, appearing in pro per. I have personal knowledge of the facts set forth below and, if called as a witness, could and would competently testify thereto.

2. I commenced this action on March 4, 2026, in the Superior Court of California, County of Riverside, Case No. CVPS2601396. On June 25, 2026, Defendant Bank of America, N.A. removed the action to this Court, where it is now pending as Case No. 5:26-cv-03535-JGB-SP, assigned to the Honorable Jesus G. Bernal.

3. On June 30th, 2026, I clarified to Defendants' Counsel that I had not and did not consent to be served electronically, and I reminded them that the right way to serve me documents is by mail (ECF Docs. 26-5, p.2; 33, p. 10). I could not have reasonably consented to electronic service after receiving confirmation from forensic expert that Defendants had altered an email's attachment (ECF Doc. 20) which Defendants' Counsel used as Exhibit C in their Notice of Removal (ECF Doc. 1-3).

4. On July 2, 2026, Defendants filed their Motion to Compel Arbitration and Stay Action, noticed for hearing on August 3, 2026, at 9:00 a.m. [ECF Doc. 10.] On July 13, 2026, I filed my Motion to Remand, to Vacate Pleadings, and for Declaratory Relief, noticed for hearing that same day, August 3, 2026, at 8:30 a.m. [ECF Docs. 28–31.]. I was served the Notice of Removal on July 9th, 2026, which is 14 days after it was filed (infra ¶¶5-6). I never received the papers that Defendants represent was the method of service for their Motion to Compel Arbitration (infra ¶¶ 7-9).

5. Defendants' counsel, Karen Y. Cho, has declared to this Court that Defendants served me with the Notice of Removal on June 25, 2026, via USPS mail and email, and that my June 26, 2026 email "clearly shows that [I] received and reviewed the removal." [ECF Doc. 26-2, Cho Decl. ¶¶ 2–3.] That characterization is incorrect. My June 26, 2026 email (ECF Doc. 26-4), did not acknowledge receipt or proper service of the Notice of Removal. I addressed the legal deficiencies I believed existed in Defendants' removal and in their separately noticed Motion to Compel Arbitration, including the defective Notice and Acknowledgment of Receipt, the unsigned and later-altered proof of service, and metadata discrepancies I had identified through forensic analysis of documents Defendants' counsel had produced. I did not, at any point in that email, state that I had received or

2

been validly served with the Notice of Removal. To the contrary, I repeatedly requested that Defendants provide objective, independently verifiable proof that the Notice of Removal had been mailed — including a USPS tracking number — which Defendants' counsel confirmed on June 30, 2026, that they were unable to provide. [ECF Doc. 26-2 ¶ 4.]. Ms. Cho reiterates this by stating that I repeatedly requested a tracking number (ECF Doc. 26-2, 3:12).

6.      As a matter of fact, a tracking number existed, **911490115981579456230** (ECF Doc. 31, pp. 220-221). The tracking log shows that Defendants had taken the Notice of Removal package to the USPS on June 25th, 2026 and that on June 27th, 2026, it had been returned to them before they shipped it back in the same envelop without updating their Certificate of Service of new remittance day (ECF Doc. 31, pp. 214- 216). This means that on June 30th, 20206, when defendants admitted I requested a tracking number and they refused to provide one, they had already received the returned package and shipped it right back but failed to provide that information, instead they just continued to assert that service was valid since June 25th, 2026 (See Deficient Service of Notice of Removal, ECF Doc. 49, pp. 6-7, §II(C)).

7.      Ms. Cho further declares that I was served the Notice of Removal by email and provided their Exhibit 1 as proof (ECF Docs. 26-2 ¶2; 26-3). However, that email does not show that I received it or that I read it (ECFF Doc 26-3). I did not receive that email and I explicitly told Ms. Cho that I did not consent to electronic service. I did not physically receive the Notice of Removal and accompanying papers until July 9, 2026, as set forth in my prior declaration filed in this action. [ECF Doc. 33 ¶ 6.]

8.      Ms. Cho's explanation in paragraph 5, declares that Defendants served the July 2, 2026 Motion to Compel Arbitration by FedEx because Plaintiff had previously represented that she did not receive the Notice of Acknowledgment and Receipt ("NAR") by U.S. Mail. (ECF No. 26-2 ¶ 5.) However, the NAR service dispute arose no later than June 3, 2026 (ECF Doc. 31, pp. 4-5, ¶¶8-9)—approximately three weeks before Defendants filed their Notice of Removal on June 25, 2026. If Defendants had already concluded that service by U.S. Mail warranted the additional reliability of FedEx, it is unclear why they nevertheless chose to serve the Notice of Removal by U.S. Mail rather than by FedEx.

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE
5:26-cv-03535-JGB-SP

**9.** Ms. Cho's declaration further demonstrates a similar pattern regarding the FedEx shipment. In paragraph 8, Ms. Cho acknowledges receiving my July 6, 2026 email in which I advised that my security camera captured a FedEx driver leaving what appeared to be Defendants' package on the ground immediately outside my front door, where it was subsequently blown away by high winds before I could retrieve it. In that same email, I asked whether the package was from Defendants, what documents it contained, whether those documents had also been served by mail, and the date on which Defendants contended service was effected. (ECF No. 26-2 ¶ 8, Exhibit 7.) Ms. Cho attached that email to her declaration, thereby confirming that those requests were made. However, nowhere in her declaration does Ms. Cho state that she ever responded to those inquiries, despite simultaneously relying on the FedEx tracking records attached as Exhibit 4. Thus, while Defendants criticize Plaintiff for raising service concerns (ECF Doc. 26-2, p. 4, ¶7), the record reflects that Defendants again possessed the requested tracking information (Id., p.3, ¶5) and shipment details but did not provide the requested information, even after being informed that the package had been blown away before Plaintiff could recover it. (ECF Doc. 26-9, p.2). Ms. Cho declared to have received my email and does not provide a reason why she ignored the request of a tracking number (ECF Dc. 26-2, p. 4, ¶8).

**10.** Defendants' Exhibit 5 (ECF Doc 26-7) claims to be their proof of electronic service on the motion to compel arbitration, and similar to the Notice of Removal, exhibit 5 does not show that I received or read the content. Defendants cannot rely on this after receiving explicit confirmation from me that I did not consent to receive service of papers electronically (supra ¶3).

**11.** Ms. Cho declares that on July 6, 2026, she received several emails from OneLegal regarding documents purportedly served by Plaintiff. (ECF No. 26-2 ¶ 7.) However, Ms. Cho provides no supporting exhibit for those alleged OneLegal notifications. More importantly, the documents referenced in paragraph 7 were exchanged in the context of settlement discussions that Defendants themselves initiated. Defendants were aware that those materials were transmitted solely for settlement purposes, yet Ms. Cho relies upon those communications to support Defendants' opposition to Plaintiff's Ex Parte Application. To the extent Defendants seek to use confidential settlement communications to establish disputed facts or obtain a procedural advantage, such use

is improper and inconsistent with the protections afforded to settlement negotiations under Federal Rule of Evidence 408.

12.    On July 20, 2026, Defendants filed their Opposition to my Motion to Remand. [ECF Doc. 37.] At pages 26–27, Section F, Defendants argue that I violated Local Rule 6-1 by noticing the August 3, 2026 hearing only twenty-one days after filing, rather than the twenty-eight days ordinarily required, and that this deprived them of adequate time to prepare their opposition. Defendants asked the Court, in the alternative, to reject my Motion to Remand outright on that basis. [ECF Doc. 37 at 19:8–9.] I do not agree that I violated Local Rule 6-1, and I expressly reserve that position. I address Defendants' argument in this declaration only because Defendants raised it as a ground for claimed prejudice and, in the alternative, as a ground to reject my Motion to Remand outright.

13.    The issue is not Defendants' assertion that I failed to comply with Local Rule 6-1. Rather, the relevant issue is the conduct reflected in Defendants' own declarations and documentary evidence. The record shows that when I repeatedly requested the USPS tracking number for the June 25, 2026 Notice of Removal, Defendants withheld that information despite possessing it. By that time, the USPS tracking records establish that the mailing had already been returned to Defendants and re-mailed without Defendants updating or correcting their Certificate of Service to reflect the subsequent mailing. Because a Certificate of Service is executed under penalty of perjury and certifies the manner and date of service, once the original mailing was returned and a subsequent mailing was undertaken, the accuracy of the original Certificate of Service became a material issue. Nevertheless, Defendants continued to rely on the June 25, 2026 Certificate of Service while withholding the tracking information that would have revealed the intervening return and re-mailing of the package. (ECF Doc. 49, pp. 6-7, § II(C)).

14.    On July 22nd 2026, I called and left voicemail to Defendants requesting a Meet and Confer, Defendants' counsel did not return my call. A true and correct copy of the email I sent to memorialize the two voicemails I had left is attached hereto as **Exhibit 56** and incorporated by reference.

15.    On July 24, 2026, I emailed Defendants' counsel and proposed that the parties stipulate to continue the hearing on my Motion to Remand to August 24, 2026, the date already scheduled for my

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE
5:26-cv-03535-JGB-SP

Motion for Sanctions. I further proposed that Defendants' Motion to Compel Arbitration be heard on that same date to promote efficiency and avoid piecemeal proceedings. I explained that the proposal was intended to provide Defendants additional time to address the matters they claimed they lacked sufficient time to brief. A true and correct copy of my July 24, 2026 email is attached as **Exhibit 57** and incorporated herein by reference.

16.    On July 30, 2026, I called Defendants' counsel and left voicemail messages notifying them that I intended to file this Ex Parte Application and requesting their position concerning the requested continuance. I also sent an email memorializing those voicemail messages. A true and correct copy of that email is attached as Exhibit 58 and incorporated herein by reference.

17.    As of the execution of this declaration, Defendants have not responded to the requests described in paragraphs 14 through 16 above and have not stated whether they oppose the relief requested in this Ex Parte Application.

18.    I did not create the circumstances giving rise to this Ex Parte Application. I repeatedly sought clarification regarding Defendants' asserted service, requested the USPS and FedEx tracking and shipment information, timely raised my service objections, and attempted to resolve the resulting scheduling issue without Court intervention. After Defendants asserted that the existing schedule deprived them of adequate time to oppose my Motion to Remand, I proposed continuing the hearings to eliminate the prejudice they identified. Defendants did not respond to that proposal, leaving this Ex Parte Application as the only practical means of requesting relief before the August 3, 2026 hearings.

19.    I do not seek this continuance to delay these proceedings or obtain a tactical advantage. Rather, I seek to continue both hearings to a date that affords Defendants more time than they contend was available under the current schedule, thereby eliminating the prejudice Defendants identify in their Opposition to the Motion to Remand, reducing duplicative briefing, and permitting the Court to consider the related issues in a single coordinated hearing.

///

///

///

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE
5:26-cv-03535-JGB-SP

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on July 30, 2026, at Palm Springs, California.

/s/ Luna D'Sol

Luna D'Sol, Plaintiff in Pro Per

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE

5:26-cv-03535-JGB-SP