MORGAN, LEWIS & BOCKIUS LLP
Karen Y. Cho, Bar No. 274810
karen.cho@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel:    +1.213.612.2500
Fax:    +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Nicole L. Antonopoulos, Bar No. 306882
nicole.antonopoulos@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304-1124
Tel:    +1.650.843.4000
Fax:    +1.650.843.4001

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF
AMERICA CORPORATION, TRICIA
SHANKS, and PETER C. MAXIM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUNA D'SOL,<br><br>                    Plaintiff,<br><br>        vs.<br><br>BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; TRICIA SHANKS, an individual; and PETER C. MAXIM, an individual;  and DOES 1 through 50, inclusive,<br><br>                    Defendants. | Case No. 5:26-cv-03535-JGB-SP<br><br>Hon. Jesus G. Bernal<br><br>**SUPPLEMENTAL DECLARATION OF DINEEN M. ALLEN IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY ACTION**<br><br>Date:        August 3, 2026<br>Time:        9:00 a.m.<br>Courtroom:  1, 2nd Floor |

1

## SUPPLEMENTAL DECLARATION OF DINEEN M. ALLEN

I, Dineen M. Allen, hereby certify pursuant to 28 U.S.C. § 1746 that the factual statements set forth below are true and correct to the best of my knowledge:

1.     As stated in my original Declaration signed on June 26, 2026, I am currently employed as Senior Vice President, Benefits Delivery Executive for Bank of America, National Association (the "Bank"). I have held this position since February 1, 2017, and been employed by the Bank since September 1, 1993.

2.     All facts set forth in this Supplemental Declaration are based upon my personal knowledge and/or review of relevant documents and information maintained in the ordinary course of business to which I have access and often times rely upon or otherwise use in connection with my responsibilities on behalf of the Bank. These records (including personnel files, electronically imaged documents, electronic data, and others) are made at or near the time by, or from information provided by, persons with knowledge of the activity and transactions reflected in such records, and are kept in the ordinary course of business activity conducted regularly by the Bank. In connection with making this Supplemental Declaration, I have personally examined these business records. If called to testify to these facts, I would be competent to do so.

3.     As stated in paragraph 3 of my original Declaration, in my role with the Bank, I am familiar with the Bank's Arbitration Policy and the Bank's process for distributing the Arbitration Policy to employees. I also have access to the Bank's personnel records and electronic data related to the Bank's distribution of the Arbitration Policy to the employees and the employees' receipt of the Arbitration Policy.

4.     In connection with preparing this Supplemental Declaration, I reviewed my original Declaration. In doing so, I noted that in paragraph 5 of my original Declaration, I stated that the "Bank sent a reminder email to all active U.S.-based

2

employees, including Ms. D'Sol and the Individual Defendants, on November 22, 2024." I wanted to clarify that the Bank sent the reminder email to all active U.S.-based employees who had not yet acknowledged receipt of the Arbitration Policy.

5.    I also reviewed the Bank's internal electronic data again to confirm that Plaintiff Luna D'Sol and Peter Maxim received the aforementioned reminder email on November 22, 2024 at their company email addresses. Based on my further review of the Bank's internal electronic data, I confirmed that Tricia Shanks did not receive this reminder email on November 22, 2024 because she had already acknowledged the Arbitration Policy.

6.    Also, on or around March 25, 2026, the Bank's Global Human Resources ("GHR") Service Center responded to Plaintiff's request for her personnel file. I have access to and reviewed the documents that GHR Service Center provided in response to Plaintiff's request. The document production did not include the Arbitration Policy because the GHR Service Center does not maintain the Bank's records regarding the distribution and acceptance of the Arbitration Policy.

7.    The document production included Plaintiff's transcript from myLearning, which is the learning system for the Bank that reflects trainings, classes, documents, sessions, and events that were provided to Plaintiff through, or which Plaintiff registered for and/or completed through the myLearning platform. The Bank did not distribute the Arbitration Policy through the myLearning platform, and the distribution and any acknowledgement of the Arbitration Policy are not recorded on the transcript from myLearning. A true and correct copy of Plaintiff's transcript from myLearning is attached as **Exhibit 1.**

I declare to the best of my knowledge under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on ___7-30-2026___        _[signature]_
                                     Dineen M. Allen

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

3