MORGAN, LEWIS & BOCKIUS LLP
Karen Y. Cho, Bar No. 274810
karen.cho@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:   +1.213.612.2500
Fax:   +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Nicole L. Antonopoulos, Bar No. 306882
nicole.antonopoulos@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304-1124
Tel:   +1.650.843.4000
Fax:   +1.650.843.4001

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF
AMERICA CORPORATION, TRICIA
SHANKS, and PETER C. MAXIM

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUNA D'SOL,<br><br>                    Plaintiff,<br><br>          vs.<br><br>BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; TRICIA SHANKS, an individual; and PETER C. MAXIM, an individual;  and DOES 1 through 50, inclusive,<br><br>                    Defendants. | Case No. 5:26-cv-03535-JGB-SP<br><br>Hon. Jesus G. Bernal<br><br>**DEFENDANTS' EVIDENTIARY OBJECTIONS TO THE DECLARATION OF LUNA D'SOL**<br><br>Date:        August 3, 2026<br>Time:        9:00 a.m.<br>Courtroom:  1, 2nd Floor |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

Case No. 5:26-cv-03535-JGB-SP

DEFENDANTS' EVIDENTIARY OBJECTIONS TO THE DECLARATION OF LUNA D'SOL
DB2/ 653018793.2

Defendants Bank of America, N.A., Bank of America Corporation, Tricia Shanks, and Peter C. Maxim (collectively "Defendants") hereby submit the following objections to evidence filed in the Declaration of Luna D'Sol in support of Plaintiff's Opposition to Defendants' Motion to Compel Arbitration (ECF No. 42).

| Citation (Page/Line) | Statement from Plaintiff's Declaration | Evidentiary Objection |
|---|---|---|
| 2:20-24 | "When I requested my copy of the arbitration document from Bank of America directly, on or about July 30, 2026, the Bank's in-house counsel, Stephen Bird, represented in writing that the document he provided was the Arbitration Agreement sent to me on November 2024. A true and correct copy ... [is at] ECF Doc. 31 at Page ID 929." | **Compromise-negotiation evidence.** Fed. R. Evid. 408(a). The email comprising ECF No. 31, Page ID 929 is expressly labeled "Confidential - For Settlement Purposes Only" and was part of discussions concerning resolution of Plaintiff's disputed claims. <br><br> **Mischaracterizes the document.** Plaintiff identifies the document as dated July 30, 2026. The record citation reflects the document comprising ECF Doc. 31 at Page ID 929 is dated July 28, 2025. |
| 2:26-3:2 | "I examined its metadata which revealed Bird's Arbitration Agreement had been edited minutes before it was sent to me, and it further revealed that the Arbitration Agreement had been created on February 27, 2025. In other words, the Arbitration Agreement purported by the Bank to be the original November 2024 had been created the same day my transgender disclosure was acknowledged by Defendants." | **Lack of personal knowledge and foundation**. Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 602. Plaintiff does not identify the software used, the metadata fields reviewed, how the file was preserved, how the values were extracted, or any other facts showing a competent basis for the asserted conclusions about the purported creation, editing, or transmission of the arbitration policy. <br><br> **Improper lay opinion based on technical or specialized knowledge.** Fed. R. Evid. 701(c), 702. Plaintiff provides no expert qualification, reliable methodology, or explanation |

| | | |
|---|---|---|
| | | of principles applied for interpreting metadata.<br><br>**Authentication.** Fed. R. Evid. 901(a), 901(b)(9); Fed. R. Civ. P. 56(c)(2). Plaintiff does not establish what process or system generated the metadata information or the displayed dates, that the process was operating reliably, or that the fields mean what Plaintiff claims they mean. *United States v. Lizarraga-Tirado*, 789 F.3d 1107, 1110 (9th Cir. 2015) (machine-generated information must be authenticated by evidence that the process or system produces an accurate result).<br><br>**Speculation and unsupported inference.** Fed. R. Evid. 602, 701(a). Even assuming Plaintiff competently and reliably observed a displayed date, that fact alone does not establish that the agreement was authored on that date, that it was edited "minutes" before transmission, that it was not an exemplar or copy, or that the date bears any causal connection to Plaintiff's disclosure.<br><br>**Irrelevance and unfair prejudice.** Fed. R. Evid. 401-403. Without competent evidence tying the metadata date to authorship, fabrication, or motive, Plaintiff's inference of fabrication has no probative value. |
| **3:2-7** | "A true and correct copy of metadata report documentation reflecting the disclosure was | **Authentication.** Fed. R. Evid. 901(a), 901(b)(9); Fed. R. Civ. P. 56(c)(2). Possession of a native file does not establish that the unauthenticated |

2

Case No. 5:26-cv-03535-JGB-SP

DEFENDANTS' EVIDENTIARY OBJECTIONS TO THE DECLARATION OF LUNA D'SOL

| | | |
|---|---|---|
| | previously submitted …. I am in possession of the original native electronic document produced by Bank of America. I reviewed the embedded metadata associated with that document, which reflects a creation date of February 27, 2025, and a modification date of February 27, 2025." | report accurately reflects the file, that the file remained unchanged, or that the process used to extract or display the metadata produces accurate results. *Lizarraga-Tirado*, 789 F.3d at 1110. For example, the report also expressly states that "the original content may predate" the alleged February 27 PDF-instance timestamp. ECF No. 31, page ID 938.

**Lack of personal knowledge and witness competence.** Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 602. Plaintiff states only that she possessed and reviewed the file. She does not show personal knowledge of how the document was created, maintained, copied, transmitted, or analyzed, or of what the particular metadata fields signify.

**Improper technical opinion by an unqualified lay witness.** Fed. R. Evid. 701(c), 702. Plaintiff treats her own interpretation of metadata and a forensic report as a substantive technical conclusion without qualifying herself as an expert or demonstrating the opinion is based on scientific, technical, or specialized knowledge.

**Hearsay.** Fed. R. Evid. 801-802. To the extent the "metadata report documentation" contains descriptions, conclusions, or interpretation of the file, those out-of-court assertions are offered for their truth and no hearsay exception or testimony is supplied. |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

3

Case No. 5:26-cv-03535-JGB-SP

DEFENDANTS' EVIDENTIARY OBJECTIONS TO THE DECLARATION OF LUNA D'SOL

| | | **Insufficient foundation for expert material.** Fed. R. Evid. 702-703; Fed. R. Civ. P. 56(c)(2), (4). Plaintiff's review and adoption of a report does not establish its contents as true. The declaration supplies no expert qualifications, methodology, reliability showing, or testimony. |
|---|---|---|
| 3:8-15 | "When challenged with this finding, Mr. Bird called the Arbitration Agreement just an exemplar and further stated that the Bank as working on getting me the original copy. In the same email, Mr. Bird directed to initiate settlement discussions. I do not believe I am disclosing protected settlement communications because there wasn't any. Mr. Bird stopped responding, that was the last time I hear from him. A true and correct copy of Mr. Bird's response metadata report documentation reflecting this disclosure was previously submitted to this court …" | **Mischaracterizes the document.** Plaintiff's cited document, ECF No. 31, Page ID 941 reflects Mr. Bird wrote "I note your request for arbitration materials, which the Bank is in the process of retrieving." Mr. Bird did not express efforts to obtain what Plaintiff refers to as "the original copy." Moreover, to the extent Plaintiff characterizes her unauthenticated "metadata report" as belonging to Mr. Bird, that characterization is inaccurate. Mr. Bird provided no "response metadata report" to Plaintiff.<br><br>**Improper legal conclusion.** C.D. Cal. L.R. 7-7; Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 701. Plaintiff's subjective belief that there "wasn't any" protected communication has no bearing on whether a communication constitutes compromise negotiations and whether a proposed use is barred by Rule 408.<br><br>**Compromise-negotiation evidence.** Fed. R. Evid. 408(a). The cited correspondence is expressly labeled for settlement purposes. To the extent Plaintiff uses it to prove the invalidity of the arbitration agreement, alleged misconduct in negotiations, or a prior |

| | | inconsistent position, Rule 408 applies. Plaintiff cannot defeat Rule 408 merely by declaring that the communication was not protected.<br><br>**Relevance.** Fed. R. Evid. 401-402. The invitation to begin settlement discussions and the assertion that Mr. Bird later stopped responding do not tend to prove whether Plaintiff received or assented to the Arbitration Policy. |
|---|---|---|
| 3:16-19 | "The following day, attorneys from Morgan, Lewis & Bockius LLP contacted me and advised that they had been retained to represent the Bank. A true and correct copy of Defendant' Counsel first email to me … [is] ECF Doc. 31 … PAGE ID 947" | **Misstates the record, mischaracterizes the document.** ECF No. 31, Page ID 947 is an August 15, 2025 email from Grant MacQueen concerning arbitration, not a first-retention email and not the day after the July 30, 2025 Bird email. |
| 3:20-26 | "Thereafter, each time I presented them the metadata findings, they responded that, if I brought those matters before the Court, they would seek relief and impose sanctions and attorney's fees against me. A true and correct copy of the emails with threats from Defendants' Counsel ... [is] ECF Doc. 31 … PAGE ID 1057-1061 … and are incorporated herein by reference." | **Mischaracterizes the document.** Plaintiff misleading refers to "metadata findings." Plaintiff has not reliably and competently established the veracity of the purported "metadata findings." The "metadata findings" are Plaintiffs own creation. Moreover, the cited documents do not contain "threats." The two emails Plaintiffs cites both state only that Bank of America "reserves all rights to seek damages and other appropriate relief" in the event of breach. ECF No. 31, Page ID 1057-1061.<br><br>**Lack of relevance.** Fed. R. Evid. 401-402. Counsel's warning that Defendants would seek sanctions if Plaintiff advanced non-meritorious |

| | | |
|---|---|---|
| | | accusations does not tend to prove whether the Arbitration Policy was distributed, received, acknowledged, or accepted. **Undue prejudice, confusion of issues.** Fed. R. Evid. 403. Plaintiff's characterization of "threats" being made risks converting the motion to compel into a collateral dispute over the meaning of counsel's writings. A reservation of rights is not substantive evidence of fabrication or bad faith, and the communications have no tendency to make a disputed fact more or less probable. **Compromise-negotiation evidence.** Fed. R. Evid. 408(a). The cited emails respond to communications containing a monetary settlement demand and settlement-related discussions. ECF No. 31, Page ID 1058. To the extent Plaintiff offers the emails to prove the validity of her position, Defendants' alleged bad faith, or to impeach Defendants by contradiction, Rule 408 bars that use. |
| 3:27-4:3 | "A true and correct copy of Mr. Bird's July 30, 2025 correspondence, together with the forensic metadata described in paragraph 6 below, was previously submitted ... as Exhibit 25 ... at Page ID 1008-1011." | **Lack of personal knowledge and foundation.** Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 602. Plaintiff does not identify the software used, how the file was preserved, how the values were extracted, or any other facts showing a competent basis for the asserted conclusions about the purported creation, editing, or transmission of the arbitration policy. To the extent Plaintiff incorporates the metadata report for its technical conclusions, Defendants renew the |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW

6                                          Case No. 5:26-cv-03535-JGB-SP

| | | |
|---|---|---|
| | | specific objections stated above. |
| | | **Improper lay opinion based on technical or specialized knowledge.** Fed. R. Evid. 701(c), 702. Plaintiff provides no expert qualification, reliable methodology, or explanation of principles applied for interpreting embedded metadata. |
| | | **Authentication.** Fed. R. Evid. 901(a), 901(b)(9); Fed. R. Civ. P. 56(c)(2). Plaintiff does not establish what process or system generated the metadata information or the displayed dates, that the process was operating reliably, or that the fields mean what Plaintiff claims they mean. *Lizarraga-Tirado*, 789 F.3d at 1110 (machine-generated information must be authenticated by evidence that the process or system produces an accurate result). |
| | | **Compromise-negotiation evidence.** Fed. R. Evid. 408(a). The July 30, 2025 email is expressly a settlement-purpose communication. It cannot be used to prove invalidity of the arbitration agreement, alleged negotiating misconduct, or inconsistency, absent a permissible purpose. |
| | | **Irrelevance and unfair prejudice.** Fed. R. Evid. 401-403. Without reliable evidence tying the metadata date to authorship, fabrication, or motive, plaintiff's inference of fabrication has little or no probative value. |

| 4:10-15 | "[D]efense counsel represented that the November 22, 2024 email was sent to employees who 'had not yet acknowledged the Arbitration Policy, including you' … . That representation is inconsistent with Defendants' characterization, in the present Motion, of the same email as a general reminder sent to all employees regardless of acknowledgment status." | **Compromise-negotiation evidence offered for impeachment.** Fed. R. Evid. 408(a). The Exhibit 38 (ECF No. 31, Page ID 1058) email is a response to Plaintiff's monetary settlement request and is being offered by Plaintiff here expressly as a prior inconsistent statement to contradict Defendants' current position. Rule 408 prohibits using compromise-negotiation statements to prove invalidity of a disputed claim or to impeach by prior inconsistent statement or contradiction. |
|---|---|---|
| 4:22-26 | "Bank of America's Global Human Resources department … produced approximately 80 pages of my personnel records. A true and correct copy of that production was previously submitted … as Exhibit 46 … filed July 15, 2026 (ECF Doc. 31), and is incorporated herein by reference." | **Misstates the record, mischaracterizes the document.** Fed. R. Civ. P. 56(c)(1)(A), (c)(2); C.D. Cal. L.R. 7-7. ECF No. 31 is Plaintiff's remand declaration and contains no Exhibit 46.<br><br>**Hearsay.** Fed. R. Evid. 801-802. To the extent Plaintiff 'incorporates by reference' an approximately 80 page personnel record, Plaintiff's receipt and review of records do not automatically make every third-party statement included within admissible. |
| 4:27-5:2 | "That production included a twelve-page tracking report listing more than 700 policies, agreements, training records, and acknowledgements associated with my employment, organized chronologically. It did not include any arbitration | **Mischaracterizes the document.** The "tracking report" is a transcript from myLearning, which is the learning system for the Bank that reflects trainings, classes, documents, sessions, and events that were provided to Plaintiff through, or which Plaintiff registered for and/or completed through the myLearning platform. Supp. Decl. Allen 7. To the |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

8

Case No. 5:26-cv-03535-JGB-SP

| | | |
|---|---|---|
| | agreement, dispute resolution policy, or arbitration acknowledgment." | extent Plaintiff's statement suggests that this transcript includes all policies associated with her employment, that assertion is incorrect and unsupported by the evidence. |
| 5:3-5 | "I did not receive those documents, and Defendants have not produced evidence demonstrating that they were properly served upon me." | **Lack of Personal Knowledge.** FRE 602. As demonstrated in Defendants' opposition to Plaintiff's ex parte application to continue the hearing on Defendants' Motion to Compel Arbitration, Defendants properly served the motion papers, and Plaintiff's own conduct confirms that she received them. Plaintiff's contention is not based on facts in evidence and not reasonably inferable from the evidence. |
| 5:6-16 | "Ms. Antonopoulos, similar to Mr. Bird, directing me to start settlement communications instead and requested I submit a demand. I don't consider this a breach of protected settlement communications because I spent the following days providing them information in reliance of her offer, but she never responded. To the extent any of the communications described above constitute settlement communications within the meaning of Federal Rule of Evidence 408, Plaintiff does not disclose or rely upon the substance of those communications to | **Compromise-negotiation evidence.** Fed. R. Evid. 408(a). The referenced communications relate to Defendants' invitation for Plaintiff to make a demand. Plaintiff cannot make settlement evidence admissible merely by declaring a preferred purpose. Plaintiff's own statements showcases the communications were related to an offer to commence settlement communications.<br><br>**Relevance.** Fed. R. Evid. 401-402. Counsel's invitation to submit a demand, Plaintiff's provision of information, and the asserted failure to respond do not bear on whether the Arbitration Policy was distributed, received, or accepted.<br><br>**Undue confusion and collateral dispute.** Fed. R. Evid. 403. The passage asks the Court to assess the parties' settlement conduct and |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW

9                              Case No. 5:26-cv-03535-JGB-SP

DEFENDANTS' EVIDENTIARY OBJECTIONS TO THE DECLARATION OF LUNA D'SOL

| | | |
|---|---|---|
| | "prove liability or the merits of any clam." | counsel's responsiveness instead of arbitrability of the dispute. Any arguably relevant representation identifying a document can be considered, if otherwise admissible, without Plaintiffs surrounding settlement narrative. |
| 5:20-24 | "The cover letter accompanying that second package also misgendered me, addressing me as 'Mr. D'Sol.' A true and correct copy of communication where Defendant's Counsel misgender me was previously submitted ... as Exhibit 45 ... ." | **Relevance.** Fed. R. Evid. 401-402. The salutation in a December 2025 cover letter does not tend to prove whether the Arbitration Policy was distributed in November 2024, whether Plaintiff received or acknowledged it, or whether the dispute is arbitrable.<br><br>**Authentication.** Fed. R. Evid. 901(a), 901(b)(9); Fed. R. Civ. P. 56(c)(2); Plaintiff fails to authenticate that Defendants' counsel authored the letter that referred to Plaintiff as "Mr. D'Sol." As reflected in ECF No. 46, Plaintiff declares that she was informed that a secretary at Defendants' counsel's office drafted this letter incorrectly referring to Plaintiff as "Mr. D'Sol" and apologized to Plaintiff. See ECF No. 46 at Page ID 1232.<br><br>**Mischaracterizes the document.** To the extent Plaintiff is claiming that Defendants' counsel misgendered Plaintiff, that statement is incorrect and not supported by the evidence.<br><br>**Undue prejudice, confusion, and distraction by collateral issues.** Fed. R. Evid. 403. Assuming the wording may have any relevance to Plaintiff's underlying claims, |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

10

Case No. 5:26-cv-03535-JGB-SP

DEFENDANTS' EVIDENTIARY OBJECTIONS TO THE DECLARATION OF LUNA D'SOL

| | | presenting it on a motion to compel arbitration risks detour and a collateral dispute. |
|---|---|---|
| **5:25-6:2** | "Except where I expressly state that I am informed by an expert's report or quote statements made by Defendants or their counsel, the facts set forth in this declaration are based upon my personal knowledge. Where I reference court filings, correspondence, business records, personnel records, or expert materials, I have reviewed those documents and recognize the referenced exhibits as true and correct copies of the records they purport to be." | **Lack of personal knowledge and authentication.** Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 602, 901(a). A global statement that Plaintiff reviewed and recognizes numerous categories of documents does not show personal knowledge of each document's creation, maintenance, transmission, completeness, or accuracy. Emails or documents other than those Plaintiff personally authored, sent, received, or otherwise can identify through first-hand knowledge require their own foundation.<br><br>**Insufficient authentication of third-party and electronic records.** Fed. R. Evid. 901(a), 901(b)(9); Fed. R. Civ. P. 56(c)(2). Reviewing a document does not establish that it is an authentic copy of the asserted original, that electronic information was accurately generated or preserved, or that the system or process used to extract or display it produces accurate results.<br><br>**Lacks foundation.** Fed. R. Evid. 803(6), 803(7), 902(11). Plaintiff does not establish that she is a custodian or other qualified witness familiar with Defendants' record-making practices. Her receipt and review of personnel or business records do not establish the elements of Rule 803(6), a Rule 803(7) absence inference, or self- |

authentication under Rule 902(11).

**Hearsay.** Fed. R. Evid. 801-802. To the extent correspondence, reports, personnel records, or other materials contain third-party assertions offered for their truth, the blanket paragraph identifies no applicable exclusion or exception.

**Insufficient foundation for expert reports and expert-derived assertions.** Fed. R. Evid. 702-703; Fed. R. Civ. P. 56(c)(2), (4). Plaintiff's review of "expert materials" does not qualify her to adopt technical opinions as substantive evidence. The declaration supplies no identified expert, qualifications, methodology, reliability showing, or testimony from the report's author.

Dated:  July 30, 2026

MORGAN, LEWIS & BOCKIUS LLP

By  */s/Karen Cho*
Karen Y. Cho
Nicole L. Antonopoulos

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF AMERICA CORPORATION, TRICIA SHANKS, and PETER C. MAXIM