LUNA D'SOL

Plaintiff, In Pro Per

Email Address: jravada@icloud.com

2275 E Belding Dr

Palm Springs CA 92262

Telephone: 213-925-4069

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUNA D'SOL<br><br>                                        Plaintiff,<br><br>                    VS.<br><br>BANK OF AMERICA, N.A.;<br>BANK OF AMERICA CORPORATION;<br>TRICIA SHANKS, an individual;<br>PETER C MAXIM, an individual;<br>and DOES 1 through 50, inclusive,<br><br>                              Defendant(s). | Case No: 5:26-cv-03535-JGB-SP<br><br>**PLAINTIFF'S OBJECTIONS TO THE SUPPLEMENTAL DECLARATION OF DINEEN M. ALLEN AND EXHIBIT 1 IN SUPPORT OF DEFENDANTS' AMENDED REPLY ISO MOTION TO COMPEL ARBITRATION AND STAY ACTION**<br><br>Judge: Hon. Jesus G. Bernal.            .<br>United States District Juge<br><br>    Date:  August 24th, 2026<br>    Time:  8:30 am<br>Courtroom:   1, 2nd floor<br><br>Complaint Filed: March 4th, 2026 |

## INTRODUCTION

Defendants and their counsel now find themselves unable to keep their own declarations and filings straight. Representing multiple defendants through a single law firm, counsel has taken whichever position best serves the argument of the moment — even when that position directly contradicts a sworn statement made days earlier in the same case.

On July 21, 2026, ECF Doc. 42, ¶12 Plaintiff identified an internal contradiction in Dineen M. Allen's original Declaration: Ms. Allen represented that the Bank "sent a reminder email to all active U.S.-based employees, including Ms. D'Sol and the Individual Defendants, on November 22, 2024" (Allen Decl., ¶ 5, as quoted in Allen Supp. Decl. ¶ 4 [ECF Doc. 56-1, p. 2]), a representation that describes an untargeted, bank-wide mailing with no tracking of who had or had not acknowledged the policy. That representation cannot be reconciled with Defendants' own concurrent position — repeated in their Amended Reply — that "this reminder email was only sent to employees, including Plaintiff, who had not yet acknowledged the Arbitration Policy" [ECF Doc. 56, p. 6-7]. A bank that mails to "all active U.S.-based employees" without distinction is not the same bank that can identify, and selectively remind, only those who have not yet acknowledged a policy. Both cannot be true.

Rather than confront that contradiction, Defendants' counsel filed a Supplemental Declaration from Ms. Allen doing exactly what Plaintiff had already identified: "I wanted to clarify that the Bank sent the reminder email to all active U.S.-based employees who had not yet acknowledged receipt of the Arbitration Policy" [ECF Doc. 56-1, p. 2-3, ¶ 4]. Ms. Allen goes further, confirming the tracking Plaintiff had identified actually exists: "Tricia Shanks did not receive this reminder email on November 22, 2024 because she had already acknowledged the Arbitration Policy" [ECF Doc. 56-1, p. 3, ¶ 5]. Nowhere does the Supplemental Declaration acknowledge that this "clarification" corrects a sworn statement Plaintiff had already flagged as inconsistent. (ECF Doc. 42, ¶12).

Defendants' counsel continues to argue that Plaintiff's filings should be dismissed as untimely, while relying on email service Plaintiff never consented to (ECF Doc. 31, p.207), and without addressing counsel's own refusal to provide a tracking number when Plaintiff requested one while still within time to respond. (See Cho's Decl. ECF Doc 26-2 p. 3 ¶5 "That same day, my office

2

PLAINTIFF'S OBJECTIONS TO DEFENDANTS AMENDED REPLY
5:26-cv-03535-JGB-SP

served plaintiff…via FedEx mailing so we could provide Plaintiff a tracking number" and their Exhibit 7 [ECF Doc. 26-9 p. 2] contains Plaintiff's request for the FedEx tracking information, and as not addressed in Defendants' own pleadings, this was never provided.).

Defendants can no longer credibly maintain that they were deprived of a fair opportunity to respond. By filing both a Supplemental Declaration and an Amended Reply, Defendants have presented the additional factual assertions and arguments they contend were omitted from their original briefing. That position is difficult to reconcile with the fact that the Amended Reply was filed 10 days after briefing had already closed and only 2 days before the scheduled August 3, 2026 hearing. (ECF No. 56 at 1.) The timing of Defendants' out-of-sequence filing would have left Plaintiff with no meaningful opportunity to respond while simultaneously affording      Defendants an additional opportunity to supplement, revise, and expand their original evidentiary and legal presentation. Moreover, because the Motion to Compel Arbitration, Motion to Remand, and Motion for Sanctions are now scheduled to be heard on the same day, Defendants cannot plausibly continue to claim that they lacked a fair opportunity to address Plaintiff's arguments while availing themselves of additional briefing after the original briefing schedule had closed.

In the state court, Plaintiff had served a Motion for Sanctions under California Code of Civil Procedure section 128.7, with the required 21-day safe harbor period, on June 8, 2026 (ECF Doc. 31, Exhibit 20), laying out every defect in the arbitration agreement, including the fact that the document's own metadata reflects it was created on February 27, 2025 — the same day Defendant Shanks referred Plaintiff to Human Resources following Plaintiff's transgender disclosure (D'Sol Decl. ISO Mot. to Remand, ¶ 2 [ECF Doc. 49-2, p. 2]; Decl. ISO Mot. for Sanctions, ¶ 8, Ex. 4 [ECF Doc. 31, Ex. 20-4]). Rather than use the safe harbor period to cure the defect, Defendants' counsel instead removed the action to federal court on June 25, 2026 — before the 21-day safe harbor period even expired — and, relying on the same arbitration materials they already knew to be compromised, moved to compel arbitration.

If this action is remanded, Defendants and their counsel will remain accountable for issues arising from the state-court proceedings that are independent of the federal removal. Those issues include the filing of an allegedly altered document (ECF No. 20), the previously served California

Code of Civil Procedure section 128.7 safe harbor motion, and Defendants' conduct in seeking relief from the Honorable Manuel Bustamante to vacate Defendant Tricia Shanks's default while failing to comply with the parties' stipulation. (D'Sol Decl. ¶ 2, ECF No. 49-2; RJN Ex. F, ECF No. 17 at 95–98.) Plaintiff further contends that, upon remand, Plaintiff intends to seek entry of default against Bank of America Corporation, which has never filed a responsive pleading to the Complaint, and against Bank of America, N.A., whose first appearance was the Notice of Removal after Plaintiff contends its time to respond had already expired. Plaintiff further contends that counsel's acceptance of service on behalf of all four Defendants on May 1, 2026, rendered both the responsive pleadings and the subsequent Notice of Removal untimely. (D'Sol Decl. ¶ 13 & Ex. 55, ECF No. 49-2; Pl.'s Reply ISO Mot. to Remand § G, ECF No. 49 at 12.)

**B.    Paragraph-by-Paragraph Objections**

| Statement Objected To | Grounds for Objection |
|---|---|
| ECF DOC. 56-1, p. 2, ¶1<br><br>As stated in my original eel ration signed on June 26, 2026, I am currently employed as Senior Vice Presid ent 'Benefits Delivery Executive for Bank of America, National Association (**the 'Bank'**).<br><br>Id. ¶2<br>I have access and often times rely upon or otherwise use in connection my responsibilities on behalf of the Bank.<br><br>Id. ¶3<br><br>As stated in paragraph 3 of my original Declaration, in my role with the Bank, I am familiar with the Bank's Arbitration Policy and the Bank's process for distributing the Arbitration Poli9y to | **Objection:** FRE 602 – ALLEN LAYS FOUNATION ONLY FOR BANA'S RECORDS NOT FOR BAC WHO IS THE ACTUAL EMPLOYER AND ENTITY WHO TERMINATED PLAINTIFF'S CAREER – THE ORIGINAL and SUPPLEMENTAL ALLEN DECLARATION SHOUL BE STRIKEN FOR IRRELEVANT. FRE 401, 402, 803(6), 901(a)<br><br>Ms. Allen expressly defines "the Bank" as Bank of America, National Association ("BANA"). (Allen Supp. Decl. ¶ 1.) She then attributes every material fact to that defined entity: BANA's business records (¶ 2), BANA's Arbitration Policy and distribution process (¶ 3), BANA's personnel records and electronic data (¶ 3), BANA's transmission of the alleged reminder email (¶¶ 4–5), BANA's Global Human Resources Service Center (¶ 6), and BANA's myLearning system (¶ 7). She does not state that she is employed |

| | |
|---|---|
| employees. I also have access to the Bank's personnel records and electronic data related to the Bank's distribution of the Arbitration Policy | by Bank of America Corporation ("BAC"), maintains BAC's records, administers BAC's arbitration program, or has authority to testify regarding BAC's employment practices. Defendants' own employment-verification evidence identifies BAC—not BANA—as Plaintiff's employer and the entity that terminated Plaintiff. Because Defendants supply no evidence connecting BANA's records and practices to BAC or establishing that BANA acted as BAC's records custodian or agent for the alleged arbitration transaction, Allen's declarations do not tend to establish that BAC formed an arbitration agreement with Plaintiff. They are therefore irrelevant under Federal Rules of Evidence 401 and 402 and, independently, lack the personal-knowledge and business-record foundation required by Rules 602 and 803(6). The Court should strike, or at minimum disregard, both Allen declarations. See Fed. R. Evid. 401–402, 602, 803(6); Barthelemy v. Air Lines Pilots Ass'n, 897 F.2d 999, 1018 (9th Cir. 1990) (personal knowledge may be inferred from a declarant's position and participation, but the declaration must demonstrate a basis for that knowledge); In re Kaypro, 218 F.3d 1070, 1074–75 (9th Cir. 2000) (corporate position supported knowledge of the declarant's own company and relevant practices); Canada v. Blain's Helicopters, Inc., 831 F.2d 920, 925 (9th Cir. 1987) (an affiant authenticating records must be a person through whom the evidence could be |

5

| | |
|---|---|
| | admitted); Orr v. Bank of America, NT & SA, 285 F.3d 764, 773–74 (9th Cir. 2002) (authentication requires evidence sufficient to establish that an item is what its proponent claims and an affiant relying on personal knowledge must be a person through whom the evidence could be admitted). |
| ECF Doc. 56-1, ¶ 5<br><br>"I also reviewed the Bank's internal electronic data again to confirm that Plaintiff Luna D'Sol and Peter Maxim received the aforementioned reminder email on November 22, 2024 at their company ema 1 addresses. Based on my further review of the Bank's internal electronic data, I cln rmed that Tricia Shanks did not receive this reminder email on November 22, 2d24 because she had already acknowledged<br><br>the Arbitration Policy." | **Objection** — FRE 602, 701, 1002; FRE 613 prior inconsistent statement. This directly contradicts Ms. Allen's original Declaration, ECF No. 10-7 ¶ 6, which states without any carve-out: "I have reviewed the Bank's internal electronic data to confirm that Ms. D'Sol and the Individual Defendants received both emails with the link to the Arbitration Policy." Ms. Shanks is one of the "Individual Defendants" defined in that same declaration. (ECF No. 10-7 ¶ 5.) The original Declaration therefore swears Ms. Shanks received both emails; the Supplemental Declaration now swears she did not. No foundation is offered for how "receipt" at a company email address was verified (delivery vs. opening), or for the asserted reason Ms. Shanks did not receive the email. The underlying acknowledgment log or record purportedly showing Ms. Shanks's prior acknowledgment is not attached, in violation of the best evidence rule. This paragraph should be read together with the ¶ 4 objection above, as it conveniently explains the one gap in Defendants' distribution theory that is most damaging to it — one that did not exist in Defendants' own |

PLAINTIFF'S OBJECTIONS TO DEFENDANTS AMENDED REPLY

5:26-cv-03535-JGB-SP

|  | account until five weeks and one Opposition brief later. |
|---|---|
| ECF Doc. 56-1, ¶ 2<br>"All facts set forth in this Supplemental Declaration are based upon my personal knowledge and/or review of relevant documents and information…" | **Objection** — FRE 602. A blanket assertion of personal knowledge and/or review is conclusory and cannot substitute for a paragraph-by-paragraph foundation. Objection is sustained to the extent later paragraphs (¶¶ 4, 5) rely on records never described or attached. |
| ECF Doc. 56-1, ¶ 4<br>Clarifying that the Bank's November 22, 2024 reminder email was sent only to employees "who had not yet acknowledged receipt of the Arbitration Policy," narrowing her original June 26, 2026 Declaration's statement that the email went to "all active U.S.-based employees." | Objection — FRE 602; FRE 613 prior inconsistent statement. Ms. Allen's original Declaration ISO Defendants' Motion to Compel Arbitration, executed June 26, 2026 and filed as ECF No. 10-7, states without qualification: "The Bank sent a reminder email to all active U.S.-based employees, including Ms. D'Sol and the Individual Defendants, on November 22, 2024." (ECF No. 10-7 ¶ 5.) The Supplemental Declaration now narrows that same, previously unqualified statement to only employees "who had not yet acknowledged receipt." Ms. Allen does not explain the discrepancy or identify when or how she determined which employees had "already acknowledged" the Policy before November 22, 2024. A sworn declaration that narrows or reverses the declarant's own prior sworn statement — immediately after the original version becomes material to the opposing party's argument — should be viewed with skepticism and is independently objectionable as new evidence in reply. See Section A, above. |

PLAINTIFF'S OBJECTIONS TO DEFENDANTS AMENDED REPLY
5:26-cv-03535-JGB-SP

| ECF Doc. 56-1, ¶ 6 Describing the March 25, 2026 GHR Service Center production and asserting the production "did not include the Arbitration Policy because the GHR Service Center does not maintain the Bank's records regarding the distribution and acceptance of the Arbitration Policy." | Objection — FRE 602. Ms. Allen does not establish personal knowledge of GHR Service Center's recordkeeping practices or scope of records maintained; this is an unsupported conclusion about a different department's business practices, not a fact within her personal knowledge. |
| --- | --- |
| ECF Doc. 56-1, ¶ 7 Describing Plaintiff's myLearning transcript (Exhibit 1) and asserting the Arbitration Policy "was [not] distribute[d] through the myLearning platform," such that "the distribution and any acknowledgement of the Arbitration Policy are not recorded on the transcript." | Objection — FRE 602, 701, as to the conclusory assertion that the Policy was never distributed through myLearning, offered with no corroborating systems documentation. In the alternative, if the Court considers Exhibit 1 for the limited purpose for which Defendants offer it, Plaintiff notes that the absence of any Arbitration Policy entry on the one platform that comprehensively logs Plaintiff's training and policy acknowledgments corroborates Plaintiff's position that no independently verifiable record of her acknowledgment exists — the exhibit should be weighed accordingly, not as affirmative proof of distribution or acceptance. |
| ECF Doc 35 pp. 1-2 "This Court, as well as numerous other courts, have routinely applied the well-established rule that a party's failure to oppose a motion may be deemed consent to the requested relief, including where the non-opposing party is proceeding pro se. See Hann v. Int'l Bhd. of Magicians IBM, 2023 WL 5504963, at *5 (C.D. Cal. May 19, 2023) (Bernal J.) (stating that "even 'pro se litigants,' like Mr. Hann, are 'bound by the rules of | **Objection** Local Rule 7-2  Defendants' Authorities Are Factually Distinguishable and Do Not Support Deeming Plaintiff's Motion Unopposed Defendants' reliance on Hann, McMahon, and similar cases is misplaced. Those decisions involved litigants who failed to comply with procedural deadlines despite proper notice of the motions before the court. Plaintiff's circumstances are materially different. Plaintiff timely raised a dispute |

PLAINTIFF'S OBJECTIONS TO DEFENDANTS AMENDED REPLY

5:26-cv-03535-JGB-SP

| | |
|---|---|
| procedure,' and Plaintiff has failed to follow them" and deeming "Plaintiff's belated filing of opposing papers consent to the granting of the Motions"); McMahon v. Gamez, 2017 WL 2380163, at *2 (C.D. Cal. May 31, 2017) (Bernal J.) (finding the pro se plaintiff's "failure (despite numerous opportunities) to file any response means that the Court should deem the dismissal motion unopposed under Local Rule 7–12 and grant the requested relief")" | regarding service of Defendants' Motion to Compel Arbitration, immediately communicated with Defendants regarding the apparent failure of delivery, requested the FedEx tracking information necessary to verify service which Defendants refused to facilitate, and sought relief from the Court. Defendants never provided the requested tracking information. Accordingly, this case does not present a litigant who simply disregarded the Federal Rules or elected not to oppose a properly served motion. Rather, it presents a disputed service issue that Defendants attempt to recast as a voluntary failure to oppose. |
| ECF Doc. 35 at 2:25 "Plaintiff elected not to file an opposition" | **Objection** FRE 602 Defendants' assertion that Plaintiff "elected not to file an opposition" mischaracterizes the record. Plaintiff repeatedly advised Defendants that a FedEx package had been left outside, informed them that it had apparently been blown away by the wind, asked whether the package contained the Motion, and requested the tracking number so the package could be located or verified. Defendants ignored that request. The resulting delay was the subject of Plaintiff's application for relief and was not a voluntary decision to forego opposition. |
| ECF 35, 3:28, 4:1-8  "But, as discussed in Defendants' opposition to Plaintiff's ex parte | **Objection.** FRE 602, 701, 703, 802, 901. Defendants Mischaracterize the Record and Misstate the Evidence Regarding Service and Plaintiff's Alleged Failure to Oppose |

PLAINTIFF'S OBJECTIONS TO DEFENDANTS AMENDED REPLY
5:26-cv-03535-JGB-SP

application to continue the hearing on Defendants' Motion, Plaintiff did in fact receive proper service of those documents – she actually received them in two separate ways, and proving just that, she sent an email to Defendants' counsel just one business day after service seeking to meet and confer over those very same papers. Plaintiff's failure to timely oppose the Motion therefore cannot be attributed to lack of notice or defective service. Instead, the record demonstrates that Plaintiff had actual notice of the Motion and deliberately chose not to file a timely opposition. The Court's inquiry should end here."

First, Defendants rely on the Declaration of Karen Cho (ECF No. 26-2), which does not establish actual receipt of the Motion to Compel Arbitration. Paragraph 3 references Plaintiff's discussion of the Notice of Removal. That email concerned the Notice of Removal and Plaintiff's observation that the Notice of Removal package had been altered after June 3. It does not establish receipt of the Motion to Compel Arbitration, which was served approximately twenty-two days later.

Second, paragraph 4 and Exhibit 4 demonstrate the opposite of Defendants' position. Plaintiff expressly notified Defendants that service had not been accomplished and raised the service issue immediately. Rather than addressing Plaintiff's factual assertions, Ms. Cho merely states, "I disagree with that," without identifying any factual basis, documentary evidence, or personal knowledge contradicting Plaintiff's account.

Third, ECF 26-2, ¶5 acknowledges that Defendants changed their method of service and elected to use FedEx because the earlier USPS service of the Notice of Removal had failed. According to Defendants' own evidence, the FedEx envelope was left unattended outside Plaintiff's residence, where it was exposed to high winds. Upon discovering that a package had been left outside, Plaintiff immediately contacted Defendants asking whether the package

PLAINTIFF'S OBJECTIONS TO DEFENDANTS AMENDED REPLY
5:26-cv-03535-JGB-SP

| | |
|---|---|
| | was from them and requested the FedEx tracking number. Defendants never answered that question and never provided the requested tracking information.<br><br>Finally, Defendants rely on an email they claimed that it was sent to Plaintiff as purported proof of electronic service. However, Plaint had explicitly not consented to Electronic Service (ECF Doc. 31, p.207) and Plaintiff had previously informed Defendants that their electronic communications had proven unreliable (ECF Doc. 20 pp. 9-11). Defendants therefore cannot establish proper electronic service merely by showing that an email was sent. Defendants' Exhibit 5 does not show email was delivered, or seen, or read. (ECF Doc 26-2, ¶5)<br><br>Accordingly, Defendants' assertion that Plaintiff "actually received" the Motion and "deliberately chose not to oppose" it is not supported by the evidence cited in ECF No. 35 or the Cho Declaration. |
| ECF Doc. 56-1, ¶ 3<br>"I am familiar with the Bank's Arbitration Policy and the Bank's process for distributing the Arbitration Policy... I also have access to the Bank's personnel records and electronic data related to... the employees' receipt of the Arbitration Policy." | Objection — FRE 602, 701. Conclusory. Ms. Allen asserts that she is "familiar with the Bank's Arbitration Policy" and has access to electronic data concerning employees' receipt of the Arbitration Policy, she never identifies the electronic system, explains how that system records "receipt" versus "acknowledgment," describes her role in administering or maintaining that system, or establishes that the records concern Bank of America Corporation rather |

11

| | than Bank of America, N.A. Her conclusory assertion therefore fails to establish the personal knowledge or business-record foundation required by Rules 602 and 803(6). |
| --- | --- |
| | Ms. Allen is not Defendant Tricia Shanks or Defendant Peter Maxim, yet she offers testimony regarding their alleged receipt and acknowledgment of the Arbitration Policy without establishing personal knowledge of those individual events or producing the underlying records upon which those assertions depend. If Defendants intend to rely on Ms. Shanks's or Mr. Maxim's alleged acknowledgments as material facts supporting arbitration, those facts should be established through competent evidence with an adequate foundation, including the underlying business records or declarations from witnesses with demonstrated personal knowledge. |

## C.    Conclusion

Defendants' Supplemental Declaration and Amended Reply are not harmless clarifications. They materially alter Defendants' factual presentation only after Plaintiff exposed internal inconsistencies in the original Allen Declaration and Defendants' own representations regarding the Arbitration Policy, its distribution, and its alleged tracking. Rather than addressing those inconsistencies, Defendants submitted new factual assertions through a supplemental declaration filed after the close of briefing, depriving Plaintiff of the orderly opportunity to respond contemplated by the Local Rules.

For the reasons set forth above, Plaintiff respectfully requests that the Court sustain each of the foregoing objections, strike or, at minimum, decline to consider the Supplemental Declaration of Dineen M. Allen (ECF No. 56-1), Exhibit 1 thereto, and any portions of the Original Declaration of Dineen M. Allen (ECF No. 10-7) that lack relevance, foundation, authentication, or personal

knowledge under Federal Rules of Evidence 401, 402, 602, 803(6), and 901. Plaintiff further requests that the Court disregard the new factual assertions and arguments first advanced in Defendants' Amended Reply (ECF No. 56) and decide the Motion to Compel Arbitration only upon competent, admissible, and properly supported evidence.

In the alternative, should the Court determine that any portion of Defendants' supplemental submissions will be considered, Plaintiff respectfully requests leave to file a limited sur-reply addressing only the new factual assertions, revised testimony, and additional evidence presented for the first time in Defendants' Supplemental Declaration and Amended Reply.

Plaintiff further requests such other and further relief as the Court deems just and proper.

**D. PLAINTIFF'S DECLARATION**

I, Luna D'Sol, declare:

1. I am the Plaintiff in this action and have personal knowledge of the facts stated herein. If called as a witness, I could and would testify competently thereto.

2. Had I been clearly informed that continued employment would constitute acceptance of a binding arbitration agreement and presented with a meaningful opportunity to reject arbitration by ending my employment before any purported acceptance occurred, I would not have agreed to mandatory arbitration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 3, 2026, at Palm Springs, California.

/s/ Luna D'Sol

Luna D'Sol, Plaintiff, In Pro Per

PLAINTIFF'S OBJECTIONS TO DEFENDANTS AMENDED REPLY
5:26-cv-03535-JGB-SP