MORGAN, LEWIS & BOCKIUS LLP
Karen Y. Cho, Bar No. 274810
karen.cho@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:   +1.213.612.2500
Fax:   +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Nicole L. Antonopoulos, Bar No. 306882
nicole.antonopoulos@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304-1124
Tel:   +1.650.843.4000
Fax:   +1.650.843.4001

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF
AMERICA CORPORATION, TRICIA
SHANKS, and PETER C. MAXIM

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUNA D'SOL,<br><br>    Plaintiff,<br><br>  vs.<br><br>BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; TRICIA SHANKS, an individual; and PETER C. MAXIM, an individual;  and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No. 5:26-cv-03535-JGB-SP<br><br>Hon. Jesus G. Bernal<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANTS AND THEIR COUNSEL FOR BAD FAITH PURSUANT TO THE COURT'S INHERENT POWER**<br><br>Date:  August 24, 2026<br>Time:  9:00 a.m.<br>Courtroom:  1, 2nd Floor |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

Case No. 5:26-cv-03535-JGB-SP

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS

DB2/ 653012994.5

## TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................................. 1

II.  LEGAL STANDARD ......................................................................................... 3

III. LEGAL ARGUMENT ......................................................................................... 3

    A.   Defendants Did Not Engage in Bad Faith by Filing Their Motion to Compel Arbitration. ....................................................... 3

    B.   BANA Did Not Engage in Bad Faith by Filing Its Removal. ............. 5

    C.   Bank of America Corporation, Peter Maxim, and Patricia Shanks Have Not Engaged in Any Bad Faith Conduct. ....................... 7

    D.   Defendants' Counsel's Characterization of the Case Authority Does Not Amount to Bad Faith. ......................................................... 8

    E.   Defendants' Counsel Did Not Intentionally Withhold Tracking Information .......................................................................................... 9

    F.   Defendants Have Not Engaged in Bad Faith by Referring to Plaintiff by Her Former Name. ....................................................... 10

    G.   Plaintiff Is the Party Who Has Engaged in Improper and Harassing Conduct in this Action. ................................................... 11

IV.  CONCLUSION ................................................................................................. 15

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

Case No. 5:26-cv-03535-JGB-SP

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acosta v. Direct Merchants Bank*,
207 F. Supp. 2d 1129 (S.D. Cal. 2002) ................................................................ 7

*California Republican Party v. Mercier*,
652 F. Supp. 928 (C.D. Cal. 1986) ....................................................................... 7

*Carrillo v. Sodexo, Inc.*,
2021 WL 2980594 (C.D. Cal. Jan. 8, 2021) ......................................................... 4

*Chambers v. NASCO, Inc.*,
501 U.S. 32 (1991) ................................................................................................ 3

*Fathi v. Saddleback Valley Unified Sch. Dist.*,
2020 WL 7315462 (C.D. Cal. Oct. 28, 2020) ..................................................... 12

*Fink v. Gomez*,
239 F.3d 989 (9th Cir. 2001) ................................................................................ 3

*Folck v. Lennar Corp.*,
2018 WL 1726617 (S.D. Cal. Apr. 10, 2018) ...................................................... 5

*Foley v. Allied Interstate, Inc.*,
312 F. Supp. 2d 1279 (C.D. Cal. 2004) ................................................................ 8

*Hann v. Int'l Bhd. of Magicians IBM*,
2023 WL 5504963 (C.D. Cal. May 19, 2023) .................................................... 14

*Hyams v. CVS Health Corp.*,
2019 WL 6827292 (N.D. Cal. Dec. 12, 2019) ...................................................... 9

*Jones v. Dep't of Corrections & Rehabilitation*,
152 Cal.App.4th 1367 (2007) ........................................................................... 8, 9

*Luna D'Sol vs. Jae H Kim*, Case No. 26STCV01294 (Cal. Super. Ct.
Jan 14, 2026) ............................................................................................. 2, 9, 10

*Lyle v. Warner Brothers Television Productions*,
38 Cal.4th 264 (2006) ....................................................................................... 8, 9

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

Case No. 5:26-cv-03535-JGB-SP

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS

DB2/ 653012994.5

*Nguyen v. Biter*,
2015 WL 366932 (E.D. Cal. Jan. 27, 2015) .................................................. 12, 14

*Primus Auto. Fin. Servs., Inc. v. Batarse*,
115 F.3d 644 (9th Cir. 1997) ......................................................................... 3

*Resol. Tr. Corp. v. Bayside Devs.*,
43 F.3d 1230 (9th Cir. 1994) ......................................................................... 8

*Robles v. Agreserves, Inc.*,
158 F. Supp. 3d 952 (E.D. Cal. 2016) ........................................................... 8

**Statutes**

28 U.S.C. § 1441(b) ........................................................................................ 9

28 U.S.C. § 1447(c) ................................................................................... 12, 13

28 U.S.C. § 1927 ............................................................................................ 12

California Code of Civil Procedure § 128.7 ................................................... 12

**Other Authorities**

Local Rule 6-1 ............................................................................................... 14

Local Rule 7-9 ............................................................................................... 14

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

iii

Case No. 5:26-cv-03535-JGB-SP

## I.    INTRODUCTION

Sanctions motions are reserved for penalizing and deterring egregious litigation misconduct. However, Plaintiff Luna D'Sol's Motion for Sanctions is entirely frivolous and lacks any factual or legal basis whatsoever. Plaintiff's Motion is little more than an attempt to relitigate issues already raised in connection with the Parties' pending motions and to improperly recast routine litigation conduct as sanctionable conduct.

First, Plaintiff appears to use her Motion for Sanctions to avoid the consequences of failing to timely oppose Defendants' Motion to Compel Arbitration.[1] The Motion simply repackages many of the same arguments Plaintiff raised in opposition to arbitration. Defendants filed their Motion to Compel Arbitration in good faith based on the evidence that Plaintiff received notice of the Arbitration Policy as part of the Bank's nationwide rollout of the policy, and she accepted its terms by continuing her employment for thirty days thereafter. Plaintiff has no evidence that Defendants made any misrepresentation regarding Plaintiff's acceptance of the Arbitration Policy.

Second, Plaintiff likewise repeats arguments that are already before the Court in connection with her pending Motion for Remand. Contrary to Plaintiff's assertions, Defendant Bank of America, N.A. ("BANA") removed this action in good faith and has advanced legitimate, nonfrivolous grounds based on diversity jurisdiction. Plaintiff's contention—that Defendants misrepresented that BANA had been served—is false. BANA accepted service of the Complaint and Summons, and it timely removed based on such service. For the reasons set forth in Defendants' briefing on the pending motions and below, this Court should grant Defendants' Motion to Compel Arbitration and deny both Plaintiff's Motion for Remand and

---

[1] Plaintiff's proffered reason for failing to timely oppose Defendants' Motion to Compel Arbitration—namely that she did not receive proper service of the Motion to Compel Arbitration because the "winds blew them away"—is simply unbelievable and unsupported by the evidence as set forth in Defendants' reply and amended reply. ECF Nos. 35, 56; *see also* ECF No. 26.

Motion for Sanctions. Plaintiff cannot obtain sanctions simply because she disagrees with Defendants' legal arguments.

Third, neither Defendants nor their counsel have harassed Plaintiff or acted in bad faith. Plaintiff claims that Defendants acted improperly by referring to Plaintiff's former name in the Declaration of Dineen Allen filed in support of Defendants' Motion to Compel Arbitration. This contention lacks merit - Defendants had a legitimate evidentiary basis for referring to Plaintiff's former name. Specifically, Ms. Allen's declaration is evidence that Plaintiff, who was formerly known by a different name during her employment with BANA, received notice of the Arbitration Policy and accepted to the Arbitration Policy by her continued employment.

Moreover, Plaintiff's contention that Defendants are responsible for publicly disclosing Plaintiff's former name is demonstrably false. Plaintiff herself publicly disclosed her former name in multiple court filings. Notably, on January 14, 2026 – well before Defendants filed Ms. Allen's declaration – Plaintiff filed a public complaint in Los Angeles County Superior Court where she referred to herself as "Luna D'Sol (formerly known as [former name])." *See* Request for Judicial Notice ("RJN"), Exh. 1, *Luna D'Sol vs. Jae H Kim*, Case No. 26STCV01294 (Cal. Super. Ct. Jan 14, 2026). Plaintiff subsequently filed additional public documents in this action that also disclosed her former name. *See e.g.,* ECF No. 31 at Page ID 927, 1006, 1013-1021, 1056. Defendants should not be sanctioned for referencing information that Plaintiff herself had already placed in the public record.

Fourth, Plaintiff's Motion is part of a long line of unprofessional and harassing conduct towards Defendants and their counsel that has no place in civil litigation, including, false statements to the Court, violations of the Court's Local Rules, unending meritless claims and arguments, and threats against Defendants and their counsel with baseless sanctions and frivolous bar complaints, including but not limited to "perjury charges," "computer crimes," and "bar sanctions . . . carrying immediate risk of disbarment and professional ruin for defense counsel."

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

2

Case No. 5:26-cv-03535-JGB-SP

DB2/ 653012994.5   DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS

For all of these reasons and those discussed more fully below, Plaintiff has failed to establish any basis for sanctions. Indeed, Plaintiff's frivolous filing of her Motion and various *ex parte* applications/filings is abusive, and we request the Court deny Plaintiff's Motion for Sanctions in its entirety and schedule a conference with the Parties to discuss limitations on similar filings in the future.

## II.    LEGAL STANDARD

A court can impose sanctions pursuant to its inherent authority when a party engages in "a broad range of willful improper conduct," such as acting "vexatiously, wantonly, or for oppressive reasons, delaying, disrupting litigation," or when a party "has taken actions in the litigation for an improper purpose." *Fink v. Gomez*, 239 F.3d 989, 992-94 (9th Cir. 2001) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991)). "Before awarding sanctions under its inherent powers, however, the court must make an explicit finding that counsel's conduct constituted or was tantamount to bad faith." *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997) (citations and internal quotation marks omitted). Here, Plaintiff cannot demonstrate that Defendants or their counsel engaged in any bad faith conduct.

## III.    LEGAL ARGUMENT

### A.    Defendants Did Not Engage in Bad Faith by Filing Their Motion to Compel Arbitration.

In an apparent attempt to circumvent the consequences of failing to timely oppose Defendants' Motion to Compel Arbitration, Plaintiff has now filed this Motion for Sanctions that simply repeats the same frivolous arguments raised in her untimely opposition. *See* Mot. at 3-5. Defendants already addressed Plaintiff's arguments in the briefing on the Motion to Compel Arbitration, and Defendants respectfully request that this Court grant Defendants' Motion and deny Plaintiff's Motion for Sanctions for the reasons discussed in Defendants' Motion. *See* ECF Nos. 10, 10-1, 10-7, 56, 56-1, 57.

As    demonstrated    in    Defendants'    Motion,    Defendants    have    met    their

evidentiary burden of establishing that the Bank provided notice to Plaintiff of the Arbitration Policy, and she accepted the terms by continuing her employment for thirty days thereafter. *See* ECF No. 10-7. The Bank has provided evidence that it implemented the Arbitration Policy as part of a *nationwide rollout* in November 2024. *Id*. Indeed, Plaintiff even concedes in her Motion that Defendants' evidence supports the existence of an Arbitration Policy. Mot. at 3. Despite this admission, Plaintiff maintains her implausible view that the Arbitration Policy did not exist at that time and was instead fabricated months later in response to Plaintiff's disclosure that she was transgender. *Id*. As discussed more fully in the briefing on Defendants' Motion, Plaintiff has no evidence to support her position. ECF Nos. 10-1, 10-7, 56, 56-1, 57.

Plaintiff's contention of a purported "fatal contradiction"—that Ms. Allen's initial declaration did not state that the reminder email was sent only to employees who had not yet acknowledged receipt of the Arbitration Policy—is irrelevant to the material fact because there is no dispute that Plaintiff did not acknowledge the Arbitration Policy and thus received the reminder email. Mot. at 3. In any event, Ms. Allen's supplemental declaration clarifies that the "reminder email" was only sent to those employees who had not yet acknowledged the Arbitration Policy, which includes Plaintiff. ECF No. 56-1 at ¶¶ 4, 5. Plaintiff has no evidence that Defendants engaged in any bad faith based on these statements. Similarly, Plaintiff's contention—that the Arbitration Policy did not exist because it was not produced in response to four of her five requests for her personnel file—lacks merit. Mot. at 4, 5. Plaintiff cites no case authority supporting the proposition that an employer forfeits its right to compel arbitration merely because an arbitration agreement was not included in a personnel file production. *Id*. To the contrary, courts have rejected this exact argument. *See e.g., Carrillo v. Sodexo, Inc.,* 2021 WL 2980594, at *2 (C.D. Cal. Jan. 8, 2021) (compelling arbitration and rejecting argument that failure to produce arbitration agreement both when plaintiff's counsel requested his personnel

documents and when the plaintiff's counsel directly requested any arbitration agreement was inconsistent with right to arbitrate); *Folck v. Lennar Corp.*, 2018 WL 1726617, at *4 (S.D. Cal. Apr. 10, 2018) (finding that the plaintiff "presents no argument as to how Defendants acted inconsistently with a right to compel arbitration" where Defendants failed to produce an arbitration agreement in response to request for personnel file). Moreover, undersigned counsel for Defendant BANA produced Plaintiff's personnel records (with the Arbitration Policy) in December 2025. *See e.g.,* ECF No. 46 at ¶ 17, 20; ECF No. 42 at ¶ 17. Not satisfied with that response, Plaintiff circumvented counsel in March 2026 and made additional requests directly to Human Resources without notifying counsel. *Id.*

As such, Defendants have a legitimate and good faith basis to file their Motion to Compel Arbitration.

### B.    BANA Did Not Engage in Bad Faith by Filing Its Removal.

Like her duplicative arguments regarding arbitration, Plaintiff repeats the same arguments concerning the Notice of Removal that she previously asserted in her Motion for Remand. *See* Mot. at 5-12; ECF No. 29. Defendants already addressed these unsupported arguments in their opposition to Plaintiff's Motion for Remand. ECF No. 37. Accordingly, for the reasons set forth in Defendants' opposition to the Motion for Remand, Defendants respectfully request that this Court deny both Plaintiff's Motion for Remand and her Motion for Sanctions.

Specifically, Plaintiff claims that Defendants made misrepresentations to this Court regarding service of the Complaint and Summons in the Notice of Removal. Mot. at 5, 6. Contrary to Plaintiff's contention, Defendants made no misrepresentations of any kind. Rather, the Notice of Removal accurately states that service was completed as to BANA on May 26, 2026, the date that BANA signed and returned a Notice and Acknowledgement of Receipt of Summons and Complaint ("NAR"). ECF Nos. 1, 37-3 at ¶¶ 3, 6. Defendants accepted service on May 26, 2026, and there is nothing improper about their agreement to accept service in that manner.

ECF No. 37-3 at ¶¶ 3, 6. Furthermore, Plaintiff's contention – that BANA represented that it had been served before the state court docket reflected such service – is irrelevant because service may occur before a state court records the filing of a proof of service.

Plaintiff's gripe that Defendants allegedly mailed the signed NAR documents with an unsigned Proof of Service ("POS") is immaterial. Mot. at 5, 6. Even assuming Plaintiff received an unsigned copy of the POS, she does not dispute that she received the signed NAR documents in the mail. The POS merely confirms that the signed NAR documents were mailed, so whether the enclosed copy of the POS was signed does not alter that the NAR documents were, in fact, mailed to Plaintiff. *See e.g.,* ECF No. 37-4 at Page ID 1144. As such, there are no materially inaccurate representations in the POS for the NAR documents.

Plaintiff also makes another request for $2,475 in costs, representing the amount she claims to have incurred for alleged "forensic examination" costs in connection with her Remand Motion. Mot. at 15, 16. Setting aside the merits of her claim for these alleged expenses, Plaintiff already sought these same costs in her Motion for Remand. *See* ECF No. 29 at Page ID 826. Thus, her request is duplicative.

Further, Plaintiff cannot demonstrate that she is entitled to any alleged costs because Defendants did not engage in any bad faith with respect to the NAR documents or BANA's removal of the action. As discussed above, the NAR documents contain no misrepresentations, and there is no evidence that Defendants altered any email transmitting the NAR documents to Plaintiff. As demonstrated in Defendants' opposition to Plaintiff's Remand Motion, the evidence shows: (1) on May 26, 2026, after mailing the signed NAR documents to Plaintiff, Defendants' counsel's office sent an email to Plaintiff attaching a copy of the signed NAR documents and signed Proof of Service; and (2) on June 3, 2026, Defendants' counsel sent an email to Plaintiff where they re-attached the May 26, 2026 email. ECF No. 37-3, Exhs. 1, 2. Despite this evidence, Plaintiff speculates that the documents

attached to the June 3, 2026 email "were not the same PDF documents" attached to Defendants' May 26, 2026 email. Mot. at 5. And, she retained an expert who purportedly concluded that the attachments "were different electronic files rather than identical copies of the same documents." Mot. at 6. Plaintiff's theory of email manipulation is entirely speculative and unsupported. A simple comparison of the attachments demonstrates that they contain the same signed NAR documents, regardless of what any "forensic examination" purports to show.

Accordingly, Plaintiff failed to establish that Defendants made any misrepresentations regarding service or acted in bad faith in removing this action.

### C.   Bank of America Corporation, Peter Maxim, and Patricia Shanks Have Not Engaged in Any Bad Faith Conduct.

Plaintiff claims that Defendants mischaracterize Bank of America Corporation ("BAC") as a sham defendant because she claims to have evidence establishing BAC as her employer. Mot. at 8. Plaintiff's contention lacks merit. As discussed in Defendants' opposition to Plaintiff's Motion for Remand, BANA was not required to introduce evidence establishing that BAC is a sham defendant to establish diversity jurisdiction at this point. ECF No. 37 at Page ID 1116. In any event, Defendants have not engaged in any bad faith by preserving their defenses as to BAC as a sham defendant.

In addition, Plaintiff claims that Defendants made a "material inconsistency" because Maxim filed a state court action before BANA removed the action. Mot. at 8, 9. However, as discussed in Defendants' opposition to Plaintiff's Motion for Remand, there is no conflict between Maxim's conduct in state court and BANA's decision to remove the action. ECF No. 37 at Page ID 1126-1127; *see e.g., Acosta v. Direct Merchants Bank,* 207 F. Supp. 2d 1129, 1131 (S.D. Cal. 2002) ("It is well-settled that merely filing a responsive pleading does not invoke the state court's jurisdiction so as to constitute a waiver of the right to remove."); *California Republican Party v. Mercier,* 652 F. Supp. 928, 932 (C.D. Cal. 1986) ("weight of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

Case No. 5:26-cv-03535-JGB-SP

DB2/ 653012994.5   DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS

authority also indicates that filing a responsive pleading does not constitute an acceptance of the state court's jurisdiction"); *Foley v. Allied Interstate, Inc.,* 312 F. Supp. 2d 1279, 1284 (C.D. Cal. 2004) ("it is well settled that merely filing a responsive pleading does not invoke the state court's jurisdiction so as to constitute a waiver of the right to remove"). Indeed, Maxim fully preserved his position that he is a sham defendant by asserting various defenses, such as failure to exhaust administrative remedies and failure to state a claim, among other defenses, in his state court answer. ECF No. 1-4 at Page ID 142-151.

Plaintiff also claims that Defendants' counsel intended to deceive the state court judge by filing a stipulation between Plaintiff and Shanks to set aside the default entry in state court before BANA removed the action. Mot. at 12. This argument is frivolous. There is nothing deceptive about Shanks entering into a stipulation to avoid a default judgment before BANA removed the action. *See e.g., Resol. Tr. Corp. v. Bayside Devs.*, 43 F.3d 1230, 1240 (9th Cir. 1994), as amended (Jan. 20, 1995) ("Where, as here, a party takes necessary defensive action to avoid a judgment being entered automatically against him, such action does not manifest an intent to litigate in state court, and accordingly, does not waive the right to remove.").

### D. Defendants' Counsel's Characterization of the Case Authority Does Not Amount to Bad Faith.

Plaintiff's argument that Defendants cited case authority "out of context" in the Notice of Removal is nonsense. Mot. at 9-12. Plaintiff appears to contend that Defendants somehow mischaracterized *Lyle v. Warner Brothers Television Productions,* 38 Cal.4th 264 (2006) and *Jones v. Dep't of Corrections & Rehabilitation*, 152 Cal.App.4th 1367 (2007). Mot. at 9, 10. Defendants cited *Lyle* and *Jones* for their well-established holdings on the legal standards governing harassment claims. Contrary to Plaintiff's contention, courts have repeatedly applied the same standards in harassment cases. *See e.g, Robles v. Agreserves, Inc.,* 158 F. Supp. 3d 952, 983 (E.D. Cal. 2016) (relying on *Lyle* and *Jones* in an action alleging

national origin and religion harassment); *Hyams v. CVS Health Corp.,* 2019 WL 6827292, at *6 (N.D. Cal. Dec. 12, 2019) (relying on *Jones* in an action alleging harassment based on race and/or color).

Plaintiff also claims that Defendants engaged in bad faith conduct by purportedly using a "paraphrase dressed up as a direct quote and cited to the Code section itself." Mot. at 11. Plaintiff's contention is unfounded. Rather, Defendants' citation resulted from an inadvertent reference to a prior version of the removal statute. *See* RJN, Exh. 2, 28 U.S.C. § 1441(b) (effective January 5, 2012) ("Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.") Moreover, the language quoted from the prior version of the statute does not materially differ from the current version with respect to the issue before the Court. Under both versions, the citizenship of sham defendants is disregarded for purposes of determining whether a case may be removed. Accordingly, Plaintiff has no evidence that Defendants acted in bad faith.

### E.    Defendants' Counsel Did Not Intentionally Withhold Tracking Information.

Plaintiff argues that Defendants engaged in "bad faith strategies" by not providing tracking information for the removal documents. Mot. at 12. This contention lacks merit. Contrary to Plaintiff's contention, Defendants' counsel did not have any tracking information for the removal documents. ECF No. 26-2 at ¶¶ 4, 9. Rather, Defendants' counsel served Plaintiff with the removal documents *via USPS mail and email*, and Defendants' counsel was not in possession of any tracking information for the documents sent via USPS mail. *Id* at ¶ 2, Exh. 1. Plaintiff's contention that Defendants are somehow responsible for delaying Plaintiff's receipt of the removal documents is unsupported by any evidence. Indeed, Plaintiff represented that she received the USPS package "following the resolution of an administrative postal hold" at her residence. ECF No. 31 at Page ID 1045. In any

event, Plaintiff had actual notice of the removal documents because Defendants provided the documents to her *via both email and USPS mail*. ECF No. 26-2 at ¶¶ 2, 3, Exh. 1, 2.

### F. Defendants Have Not Engaged in Bad Faith by Referring to Plaintiff by Her Former Name.

Plaintiff's claim that Defendants have engaged in harassing conduct by referring to Plaintiff's former name in Dineen M. Allen's declaration in support of Defendants' Motion to Compel Arbitration is entirely false. Mot. at 13-15. Contrary to Plaintiff's contention, the reference to Plaintiff's former name in Ms. Allen's declaration was not intended to cause Plaintiff any harm. Rather, it served a legitimate evidentiary purpose. Ms. Allen's declaration relies on the Bank's business records, maintained in the ordinary course of business, to establish that notice of the Arbitration Policy was sent to Plaintiff while she was employed by the Bank under her former name. ECF No. 10-7.

Plaintiff also attempts to blame Defendants for publicly disclosing her former name, but the record demonstrates otherwise. Plaintiff herself publicly disclosed her former name in multiple filings. Mot. at 13-15. In this action, Plaintiff filed a declaration attaching multiple documents that refer to Plaintiff's former name. *See e.g.,* ECF No. 31 at Page ID 927, 1006, 1013-1021, 1056. Those filings include purported medical records dated January 27, 2026 and June 15, 2026, both of which reference Plaintiff's former name. ECF No. 31 at Page ID 1006, 1013-1021. Moreover, before Defendants filed Ms. Allen's declaration, Plaintiff filed a separate action in Los Angeles County Superior Court, Case No. 26STCV01294, on January 14, 2026, in which she identified herself as "Plaintiff Luna D'Sol (formerly known as [Former Name])." RJN, Exh. 1. Accordingly, the evidence establishes that Defendants had a legitimate basis for referring to Plaintiff by her former name, and nothing about Defendants' conduct intended to harass Plaintiff.

### G.    Plaintiff Is the Party Who Has Engaged in Improper and Harassing Conduct in this Action.

It is not Defendants or their counsel who have engaged in inappropriate and sanctionable conduct, but Plaintiff. Here, Plaintiff's wrongful litigation conduct falls into three main categories: (1) making false statements to the Court; (2) threatening Defendants and their counsel with baseless sanctions, meritless claims and arguments, and frivolous bar complaints; and (3) violating the Court's Local Rules.

First, Plaintiff has made false statements to the Court in connection with her many various filings, all intended to obtain some strategic benefit. For example, on July 15, 2026, Plaintiff filed an *ex parte* application to continue the hearing on Defendants' Motion to Compel Arbitration. ECF No. 32. Plaintiff also filed a supporting declaration that falsely stated that she never received Defendants' Motion to Compel Arbitration or the supporting papers. *See* ECF No. 33 at ¶ 10 ("I have never received, at any point, an electronic copy of Defendants' Motion to Compel Arbitration or its supporting papers by email or Secure File Transfer at jravada@icloud.com or any other address. I have searched my email inbox and spam/junk folders and located no such transmission."); *id.* at ¶ 8 (claiming that the FedEx envelope with Defendants' Motion to Compel Arbitration "was blown away by high winds which are common in this city"). In this same declaration, Plaintiff stated that she had "received neither the mailed documents nor any electronic transmission" of the Notice of Removal as of June 30, 2026. *Id.* at ¶ 4. Plaintiff's statements to the Court are demonstrably false.

The evidence shows that Plaintiff did in fact receive proper service of both the Notice of Removal and Defendants' Motion to Compel Arbitration—she actually received them in two separate ways (by email and either USPS mailing or FedEx). Indeed, in both instances, just one business day after service, Plaintiff emailed Defendants' counsel to meet and confer regarding the very documents that Defendants filed in support of BANA's Notice of Removal and Defendants' Motion

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW

DB2/ 653012994.5    DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS

to Compel Arbitration. *See* ECF No. 5 and ECF No. 26-2 at ¶ 2, Exh 1 (reflecting service of the removal on June 25, 2026); and ECF No. 31 at Page ID 1033-34 (reflecting Plaintiff's meet and confer email dated June 26, 2026 at 7:38 a.m. regarding the removal); *see also* ECF No. 13 and ECF No. 26-2 at ¶ 5, Exhs. 4, 5 (reflecting service of the motion to compel arbitration on Thursday, July 2, 2026) and ECF No. 26-2 at Page ID 793-797 (reflecting Plaintiff's meet and confer email dated Monday, July 6, 2026 at 9:47 a.m.).

Second, Plaintiff has repeatedly failed to exhibit the level of respect and civility required of civil litigants. Parties and counsel are obligated "to behave civilly and respectfully toward one another, and conduct to the contrary is sanctionable where it undermines the integrity of judicial proceedings." *Nguyen v. Biter*, 2015 WL 366932, at *7 (E.D. Cal. Jan. 27, 2015). Pro se litigants are not exempted from this obligation. *See id.; see also Fathi v. Saddleback Valley Unified Sch. Dist.*, 2020 WL 7315462, at *7 (C.D. Cal. Oct. 28, 2020) ("Pro se parties are not permitted to harass opposing counsel."). Plaintiff's uncivil conduct is shown by her repeated threats of frivolous sanctions and baseless bar complaints against Defendants and their counsel, as evidenced by the following examples:

- On June 8, 2026, Plaintiff served Defendants' counsel with a motion for sanctions pursuant to California Code of Civil Procedure section 128.7 to "challenge[] the Twenty-Fifth Additional Defense asserted in Defendant Maxim's Answer which alleged that [she] was subject to mandatory and binding arbitration." ECF No. 31 at ¶ 14, Exh. 20.

- On June 26, 2026, Plaintiff emailed Defendants' counsel regarding the Notice of Removal. ECF No. 31 at ¶ 35, Exh. 30. In her email, she told Defendants' counsel to "be advised that because this motion is brought pursuant to 28 U.S.C. § 1927, 28 U.S.C. § 1447(c), and the Court's Inherent Powers to penalize bad-faith conduct, there is no 21-day safe-

harbor waiting period. The Court possesses immediate authority to issue sanctions." *Id*. at Page ID 1034.

- On July 1, 2026, Plaintiff emailed Defendants' counsel threatening to pursue baseless "[p]erjury [c]harges," "[c]omputer [c]rimes," and "[b]ar [s]anctions . . . carrying immediate risk of disbarment and professional ruin for defense counsel" if the Parties proceed to court on the pending motions. Declaration of Karen Cho ("Cho Decl.") Exh. 1.

- On July 6, 2026, Plaintiff emailed Defendants' counsel regarding their Motion to Compel Arbitration. ECF No. 26-2 at ¶ 6. In her email, Plaintiff threatened to seek sanctions, assert a "standalone civil cause of action under SB 59 against Bank of America, N.A. and any individual who authorized or directed the disclosure" of her former name in Ms. Allen's declaration, and "[b]ring this conduct to the attention of the State Bar of California. . .," among other actions. ECF No. 26-8, Exh. 6.

- Also, on July 6, 2026, Defendants' counsel received several emails from OneLegal, a third party litigation support company, regarding Plaintiff's Motion to Remand, Motion to Stay Pleadings, and Motion for Relief Pursuant to the Court's Inherent Power where she requested sanctions and the disqualification of Defendants' counsel, among other baseless relief, that were purportedly being electronically served and filed in this action. ECF No. 26-2 at ¶ 7; Cho Decl. ¶ 4. After Defendants prepared their opposition and were planning to file it, Plaintiff emailed Defendants' counsel indicating that the prior motion were "draft materials exchanged exclusively for settlement purposes"—even though the documents were sent to Defendants' counsel by OneLegal and the caption page referenced the documents being filed. ECF No. 26-2 at ¶ 10, Exh. 8; Cho Decl. ¶¶ 5, 6. In any event, threats of sanctions and disqualification are not privileged settlement communications.

- On July 22, 2026, Plaintiff filed the instant Motion for Sanctions. ECF No. 45.

In addition to threatening sanctions, Plaintiff continued to send Defendants' counsel revised NAR documents and then personally serve BANA, even after Defendants' counsel expressly advised that Defendants had already accepted service of the Complaint and Summons through the original NAR documents. ECF No. 31, Exh. 11 at Page ID 878 (reflecting Plaintiff's June 2, 2026 email stating that she "appreciate[s] [Defendants' counsel's] confirmation that [Defendants' counsel's] office considers Bank of America to have received the documents and that service was accepted."); ECF No. 47 at Page ID 1350 (representing that she transmitted a new set of NAR documents on June 2, 2026 via USPS); ECF No. 17, Exh. G at Page ID 472 (reflecting personal service on BANA on June 5, 2026). Moreover, Plaintiff effected personal service on BANA only days after transmitting the revised NAR documents – and well before the deadline for Defendants' counsel to execute and return them. As these examples demonstrate, Plaintiff's conduct over the short course of this case is antithetical to the requirements that litigants comport themselves with a basic level of respect and civility. *See Nguyen*, 2015 WL 366932, at *7.

Third, Plaintiff has failed to abide by this Court's Local Rules by: (1) failing to notice her Motion to Remand at least 28 days before the date set for hearing, which deprived Defendants the opportunity to file a timely opposition, in violation of Local Rule 6-1; and (2) violating Local Rule 7-9 by filing her opposition to Defendants' motion to compel arbitration over a week late, which forced Defendants to incur time and expenses of preparing two reply briefs. *See* ECF Nos. 28, 43. Plaintiff, even as a pro se litigant, must still comply with this Court's rules. *See Hann v. Int'l Bhd. of Magicians IBM,* 2023 WL 5504963, at *5 (C.D. Cal. May 19, 2023) (Bernal J.) (stating that "even 'pro se litigants,' like Mr. Hann, are 'bound by the rules of procedure,' and Plaintiff has failed to follow them" and deeming "Plaintiff's belated filing of opposing papers consent to the granting of the Motions").

## IV.    CONCLUSION

For all the reasons contained in this Opposition, the Court should deny Plaintiff's Motion for Sanctions in its entirety and schedule a conference with the Parties to discuss limitations on similar filings in the future.

Dated: August 3, 2026                    MORGAN, LEWIS & BOCKIUS LLP


By  */s/ Karen Cho*
    Karen Y. Cho
    Nicole L. Antonopoulos

    Attorneys for Defendants
    BANK OF AMERICA, N.A., BANK
    OF AMERICA CORPORATION,
    TRICIA SHANKS, and PETER C.
    MAXIM

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

15                    Case No. 5:26-cv-03535-JGB-SP

## **Certificate of Compliance**

The undersigned, counsel of record for Defendants, certifies that this brief does not exceed 25 pages, which complies with this Court's Standing Order.

Dated:  August 3, 2026                    MORGAN, LEWIS & BOCKIUS LLP


By  */s/Karen Cho*
    Karen Y. Cho
    Nicole L. Antonopoulos

    Attorneys for Defendants
    BANK OF AMERICA, N.A., BANK
    OF AMERICA CORPORATION,
    TRICIA SHANKS, and PETER C.
    MAXIM

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

16                    Case No. 5:26-cv-03535-JGB-SP

DB2/ 653012994.5    DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS