MORGAN, LEWIS & BOCKIUS LLP
Karen Y. Cho, Bar No. 274810
karen.cho@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:    +1.213.612.2500
Fax:   +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Nicole L. Antonopoulos, Bar No. 306882
nicole.antonopoulos@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304-1124
Tel:    +1.650.843.4000
Fax:   +1.650.843.4001

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF
AMERICA CORPORATION, TRICIA
SHANKS, and PETER C. MAXIM

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUNA D'SOL,<br><br>              Plaintiff,<br><br>           vs.<br><br>BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; TRICIA SHANKS, an individual; and PETER C. MAXIM, an individual;  and DOES 1 through 50, inclusive,<br><br>              Defendants. | Case No. 5:26-cv-03535-JGB-SP<br><br>Hon. Jesus G. Bernal<br><br>**DEFENDANTS' EVIDENTIARY OBJECTIONS TO THE SANCTIONS DECLARATION OF LUNA D'SOL**<br><br>Date:        August 24, 2026<br>Time:       9:00 a.m.<br>Courtroom:  1, 2nd Floor |

Defendants Bank of America, N.A., Bank of America Corporation, Tricia Shanks, and Peter C. Maxim (collectively "Defendants") hereby submit the following objections to evidence filed in the Declaration of Luna D'Sol in support of Plaintiff's Motion for Sanctions (ECF No. 46).

| Citation (Page/Line) | Statement from Plaintiff's Declaration | Evidentiary Objection |
|---|---|---|
| 2:12-19 | "The action was assigned Case No. CVPS2601396 ("Complaint"), and it arises from Defendants' discrimination, harassment, retaliation, wrongful employment practices, and related unlawful conduct, including, among other things, conduct occurring after I disclosed my transgender status on the bases of gender identity, sex, gender expression, transgender status, and age, in violation of the California Fair Employment and Housing Act (Gov. Code §§ 12920, 12940 et seq.), including subdivisions (a), (h), (i), (j), (k), (m), and (n); retaliation under Labor Code sections 98.6 and 1102.5; failure to pay wages due upon discharge and issuance of inaccurate wage statements in violation of Labor Code sections 201, 203, and 226; and wrongful termination in violation of fundamental public policy." | **Relevance, unfair prejudice.** Fed. R. Evid. 401 and 403. Plaintiffs' characterizations do not tend to establish whether Defendants or defense counsel engaged in bad-faith litigation conduct warranting sanctions. Presenting the underlying employment allegations as established is not a factual statement.<br><br>**Improper legal conclusions and argument.** C.D. Cal. L.R. 7-7; Fed. R. Evid. 701; Fed. R. Civ. P. 56(c)(4). A declaration must contain factual evidentiary matter, not legal conclusions that Defendants allegedly violated FEHA, the Labor Code, the Civil Code, or public policy. |
| 3:1-6 | "On June 2, 2026, during a telephone call, Ms. | **Improper inference.** Fed. R. Evid. 801(d)(2)(B). The absence |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW

Case No. 5:26-cv-03535-JGB-SP

DEFENDANTS' EVIDENTIARY OBJECTIONS TO THE SANCTIONS DECLARATION OF LUNA D'SOL

| | | |
|---|---|---|
| | Antonopoulos stated that her office had inadvertently failed to sign the Proofs of Service accompanying the NAR documents transmitted on May 26, 2026. Following the call, I sent an email memorializing that conversation. A true and correct copy of that email was submitted as Exhibit 11 to the Declaration of Luna D'Sol FILED: 7/15/2026 (ECF Doc. 31 at PAGE ID 878). I did not receive any response disputing my description of the call." | of a response to Plaintiff's unilateral memorialization is not an admission unless Plaintiff establishes that counsel received and understood the statement and that the circumstances naturally called for a denial. No such foundation is supplied.<br><br>**Hearsay and improper self-corroboration.** Fed. R. Evid. 801 and 802. Plaintiff's own after-the-fact email is an out-of-court statement and cannot be used to bootstrap or corroborate the truth of Plaintiff's account of the call.<br><br>**Unfair prejudice, misleading inference.** Fed. R. Evid. 403. Plaintiff invites the unsupported inference that counsel agreed with Plaintiff's characterization. |
| **3:7-17** | "The original NAR package contained multiple defects. Each NAR had been prepared by Defendants' counsel and included an incorrect case number. In addition, the accompanying Proofs of Service were unsigned. I prepared and mailed a corrected NAR package to Defendants' counsel for execution. I also informed Ms. Antonopoulos that I considered the original NAR attempt defective. I did not file the original defective NAR documents and instead requested that she execute and return the corrected NAR | **Best evidence, authentication, and completeness.** Fed. R. Evid. 901, 1002, and 106. The cited recap email does not include or authenticate the entire allegedly corrected package, establish the contents of the certified-mail envelopes, or show what was requested to be executed. The complete documents and a competent foundation are required. |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

3

Case No. 5:26-cv-03535-JGB-SP

DEFENDANTS' EVIDENTIARY OBJECTIONS TO THE SANCTIONS DECLARATION OF LUNA D'SOL

| | | |
|---|---|---|
| | package. I prepared and transmitted a new set of NAR documents to Ms. Antonopoulos's office by United States Postal Service Certified Mail under Tracking Nos. 9402611898765528098329 and 9402611898765528098350, and asked Defendants' Counsel be executed and returned. A true and correct copy of the transmittal was submitted as Exhibit 11 to the Declaration of Luna D'Sol FILED: 7/15/2026 (ECF Doc. 31 at PAGE ID 878). Ms. Antonopoulos did not execute or return the corrected NAR documents." | |
| **3:18-25** | "On June 3, 2026, I received an email from Ms. Antonopoulos where she claimed to attach the original May 26, 2026 email together with the same four NAR documents. The body of the attached email appeared identical to the May 26, 2026 email, and the four attached PDF documents bore the same filenames as the documents previously transmitted to me on May 26, 2026. The material difference was that the Proofs of Service accompanying the June 3, 2026 documents were signed and still bearing a signature date of May 26, 2026. True and correct copies | **Argumentative.** C.D. Cal. L.R. 7-7; Fed. R. Evid. 403. The word "claimed" and the phrase "material difference" are advocacy statements, not statements of fact neutrally identifying the documents.<br><br>**Best evidence, completeness.** Fed. R. Evid. 1002 and 106. To prove whether the June 3 attachment was the original May 26 email and whether the attachment sets were otherwise identical, the complete emails and attachments are required. Plaintiff's visual comparison and filenames alone do not establish electronic characteristics or source. |

| | | |
|---|---|---|
| | of Ms. Antonopoulos' email attachments were submitted as Exhibit 12, 14,15,16, and 17 to the Declaration of Luna D'Sol FILED: 7/15/2026 (ECF Doc. 31 at PAGE ID 879-881; 884-895)." | **Misstates the record.** Plaintiff's citation range omits Exhibit 13 (Doc. 31, Page ID 883), which is the attached May 26 email, the very document described as the "original May 26, 2026 email." <br><br> **Mischaracterizes the document.** Plaintiff misleading states that the "material difference was that the Proofs of Service accompanying the June 3, 2026 documents were signed and still bearing a signature date of May 26, 2026" However, the evidence shows that the Proofs of Service attached to the May 26, 2026 email were also signed, and there was no difference between the documents. ECF No. No. 37-3, Exhs. 1, 2. |
| 3:26-4:2 | "I retained Kevin H. Cohen of Data Triage Technologies LLC to examine the documents. I am informed by Mr. Cohen's report, and on that basis state, that the PDF documents attached to the May 26, 2026 email and the June 3, 2026 email bore identical filenames but were not identical electronic files, and that they carried different MD5 hash values. Mr. Cohen's declaration and report were submitted on 7/10/2026, (ECF Doc. 20 at PAGE ID: 488-496)." | **Lack of personal knowledge.** Fed. R. Evid. 602; C.D. Cal. L.R. 7-7; Fed. R. Civ. P. 56(c)(4). Plaintiff expressly admits that the technical conclusions come from Mr. Cohen rather than her own perception. <br><br> **Hearsay.** Fed. R. Evid. 801 and 802. Plaintiff may not relay an out-of-court forensic report for the truth of its technical conclusions. The expert, not Plaintiff, must supply admissible testimony and foundation. <br><br> **Improper expert testimony through a lay declarant.** Fed. R. Evid. 701(c), 702, and 703. Plaintiff provides no expert |

| | | qualification, reliable methodology, or explanation of principles applied for interpreting metadata, conducting a hash-value analysis, or conducting a forensic comparison. Nor does an expert's reliance on hearsay make the hearsay substantive evidence. *Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1261-62 (9th Cir. 1984). |
|---|---|---|
| 4:3-7 | The facts set forth in paragraphs 2 through 7 concern the same Notice and Acknowledgment of Receipt documents exchanged between the parties. Those paragraphs describe the original unsigned NAR documents transmitted by Defendants' counsel, the corrected NAR documents I mailed for execution, the subsequent documents transmitted by Defendants' counsel bearing the same filenames, and Mr. Cohen's forensic findings concerning those electronic files. | **Hearsay, improper expert opinion.** Fed. R. Evid. 602, 701(c), 702, 801, and 802. The final clause repeats Mr. Cohen's technical findings through Plaintiff and remains inadmissible for the reasons stated above.<br><br>**Cumulative evidence.** Fed. R. Evid. 403. The paragraph merely re-argues and summarizes earlier paragraphs without adding a discernable fact.<br><br>**Vague and ambiguous**. Plaintiff's references to the "Notice and Acknowledgement of Receipt documents exchanged between the parties" and the "NAR documents" are vague and ambiguous. |
| 4:13-16 | "The California Superior Court docket did not reflect that Bank of America, N.A. had been served until June 26, 2026, when the court clerk accepted the file. A true and correct copy of the court clerk's acceptance email confirmation was submitted as | **Best evidence, lack of foundation**. Fed. R. Evid. 602, 901, and 1002. The state court docket itself is the best evidence of what the docket reflected on particular dates. Plaintiff supplies no docket history showing when a service entry first appeared. |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

6

Case No. 5:26-cv-03535-JGB-SP

DEFENDANTS' EVIDENTIARY OBJECTIONS TO THE SANCTIONS DECLARATION OF LUNA D'SOL

| | | |
|---|---|---|
| | Exhibit 21 of the Declaration of Luna D'Sol DATED: 7/15/2026 (ECF Doc. 31 at PAGE ID: 996)." | **Hearsay, authentication.** Fed. R. Evid. 801, 802, and 901. The cited email is a third-party vendor communication from noreply@onelegal.com, not an email from the court clerk. It says a proof of service submitted on June 8, 2026 was accepted on June 26, 2026. It does not establish that the official docket first reflected service on June 26 or that service had not occurred earlier. Plaintiff does not establish a hearsay exception or authenticate the exhibit as a court record. |
| **4:21-26** | "When I requested my copy of the arbitration document, Bank of America's in-house counsel, Stephen Bird, represented in writing that the document provided was an "exemplar" and that the Bank was attempting to locate my copy. A true and correct copy of Mr. Bird's correspondence from July 30, 2025 was submitted as Exhibit 25 of the Declaration of Luna D'Sol DATED: 7/15/2026 (ECF Doc. 31 at PAGE ID: 1010-1011). No copy of any agreement signed or acknowledged by me was produced to me." | **Compromise-negotiation evidence.** Fed. R. Evid. 408 and 403. The cited email is expressly labeled "Confidential - For Settlement Purposes Only" and appears in an email chain discussing settlement amounts. To the extent Plaintiff offers it to prove the arbitration defense was invalid, or to prove Defendants' or counsel's culpability, it is an impermissible use.<br><br>**Misstates the record.** Plaintiff's cited document (ECF No. 31, Page ID 1010) reflects Mr. Bird wrote "I note your request for arbitration materials, which the Bank is in the process of retrieving." Mr. Bird did not express efforts to obtain what Plaintiff refers to as "my copy" nor does it infer that a personalized signed copy existed. |

DEFENDANTS' EVIDENTIARY OBJECTIONS TO THE SANCTIONS DECLARATION OF LUNA D'SOL

| 4:27-5:4 | "I examined the metadata of the arbitration document Defendants provided (Id., at PAGE ID: 1008-1009). It reflects that the purported attached Arbitration Agreement was edited minute before it was transmitted to me (Id.), and that it was created on February 27, 2025, or one day after I disclosed my transgender status to Shanks and Maxim (ECF Doc. 17, Pl's RJN No. 1, Exh. A, p. 12, ¶ 19(a), PAGE ID: 384). A true and correct copy of the metadata was submitted as Exhibit 25 of the Declaration of Luna D'Sol DATED: 7/15/2026 (ECF Doc. 31 at PAGE ID: 1008-1009)." | **Lack of personal knowledge, improper expert opinion.** Fed. R. Evid. 602, 701(c), and 702; C.D. Cal. L.R. 7-7. Plaintiff provides no expert qualification, specialized knowledge, reliable methodology, or explanation of principles applied for interpreting embedded PDF and iManage metadata, distinguishing file-instance dates from content dates, and inferring editing history.<br><br>**Hearsay, authentication.** Fed. R. Evid. 801, 802, and 901. The two-page "Forensic Metadata Analysis Report" is an out-of-court technical report with no identified author or qualified sponsoring witness.<br><br>**Misstates the record, best evidence.** Fed. R. Evid. 1002, 106, and 403. Plaintiff's paraphrase omits a qualification central to the report's meaning. The report labels February 27, 2025 as "PDF Instance Creation" and expressly states that "[t]he original content may predate this timestamp" and that the date marks when the current PDF was saved/exported in its present structure. It does not establish that the arbitration policy or agreement itself was substantively created on February 27, 2025. |
| 5:5-7 | "On February 26, 2025, I disclosed to my manager and my supervisor that I am a transgender woman. A true | **Authentication, best evidence.** Fed. R. Evid. 901 and 1002. The cited image does not authenticate |

| | | |
|---|---|---|
| | and correct copy of the metadata was submitted as Exhibit 20 of the Declaration of Luna D'Sol DATED: 7/15/2026 (ECF Doc. 31 at PAGE ID: 927)." | the underlying email, its headers, transmission, or date.<br><br>**Mischaracterizes the document.** ECF Doc. 31, Page ID 927 is a photograph of a computer screen displaying an email. It is not "metadata." The citation therefore misdescribes the exhibit and does not provide the underlying native email. |
| 5:11-16 | "A true and correct copy of an email from Defendants' Counsel was submitted as Exhibit 38 in the D'Sol Decl. DATED 7/15/26 (ECF Doc. 31, pp. 224-226, PAGE ID 1057-059) and incorporated herein by reference as though fully set forth. Defendants' counsel, stated that I received an email regarding the Arbitration Policy on November 8, 2024, and that '[o]n November 22, 2024, the Bank sent a reminder email to employees who had not yet acknowledged the Arbitration Policy, including you.'" | **Compromise-negotiation evidence.** Fed. R. Evid. 408 and 403. The cited correspondence is part of a settlement chain, as evinced by Counsel's discussion of arbitration and Plaintiff's settlement demand in the preceding email. The exhibit may not be used to prove the invalidity of the arbitration defense or counsel's alleged bad faith.<br><br>**Rule of completeness.** Fed. R. Evid. 106. Plaintiff quotes only the reminder language of the email while omitting the same email's stated basis for assent: continued employment after distribution of the policy. The entire relevant explanation must be considered to avoid a misleading impression. |
| 5:23-6:4 | On March 25, 2026, Bank of America's Global Human Resources responded that my service request No. 15674835 had been completed and attached a document referred to as the resolution. The production consisted of | **Authentication, business-record foundation.** Fed. R. Evid. 803(6) and 901. Plaintiff does not establish that she is a custodian or qualified witness able to explain the creation, scope, or completeness of the Bank's systems and records. |

MORGAN, LEWIS &<br>BOCKIUS LLP<br>ATTORNEYS AT LAW

9

Case No. 5:26-cv-03535-JGB-SP

| | | |
|---|---|---|
| | approximately 80 pages of records, including, Confidentiality Agreements, Official Offer Terms and Agreements, Official Offers Confirmation Notices and Acknowledgments, Proprietary Rights and Information Agreements, Preservation of Property Agreement, and a 12-page tracking report documenting seven hundred seventy-nine (779) Policy Agreements, Acknowledgments, Regulatory and Non-Regulatory Training, and other employment records maintained throughout my tenure from October 2010 until my termination in 2025. A true and correct copy of the written resolution is attached here to as Exhibit 46 and incorporated by reference as thought fully set forth." | Mischaracterizes the document. The "tracking report" is a transcript from myLearning, which is the learning system for the Bank that reflects trainings, classes, documents, sessions, and events that were provided to Plaintiff through, or which Plaintiff registered for and/or completed through the myLearning platform. ECF No. 56-1. To the extent Plaintiff's statement suggests that this transcript includes all policies associated with her employment, that assertion is incorrect and unsupported by the evidence. |
| 6:5-8 | "The 12- page tracking report enlists my activity in chronological order, to name a few: Prepaid CFPB Consent Order Acknowledgment, Enterprise Policy Acknowledgment, Professional Conduct and Harassment Prevention, Employee Attestation, Unfair Deceptive Abusive Acts or Practices and no arbitration agreement" | **Mischaracterizes the document.** The "tracking report" is a transcript from myLearning, which is the learning system for the Bank that reflects trainings, classes, documents, sessions, and events that were provided to Plaintiff through, or which Plaintiff registered for and/or completed through the myLearning platform. ECF No. 56-1. To the extent Plaintiff's statement suggests that this transcript includes all policies associated with her employment, |

| | | | |
|---|---|---|---|
| | | | that assertion is incorrect and unsupported by the evidence.<br><br>**Lack of foundation and improper lay inference.** Fed. R. Evid. 602 and 701. Plaintiff does not establish that the cited tracking report was designed to capture every email, policy distribution, or method of assent. The absence of a line item bearing a particular label does not, without system foundation, prove that no arbitration policy was distributed or accepted. |
| **6:10-18** | | "Exhibit 20, previously filed with this Court (ECF Doc. 31), contains the documents referenced herein. Within Exhibit 20, Exhibit 9 (ECF Doc. 31, p. 121, PageID 954) is the cover letter accompanying the personnel file records produced by Ms. Antonopoulos on December 5, 2025. Exhibit 10 (id. at p. 123, PageID 956) is Plaintiff's letter notifying Ms. Antonopoulos that, although Defendants had produced Plaintiff's payroll history, they had omitted the three payroll periods reflecting the payment deficiencies that are the subject of this action. Exhibit 11 (id. at p. 125, Page ID 958) is the cover letter accompanying Defendants' second production, through which Ms. Antonopoulos provided the previously | **Misstates the record, best evidence, completeness.** Fed. R. Evid. 1002 and 106. The cited letters and email speak for themselves. Plaintiff's paraphrase adds substantive assertions not stated in those documents. ECF Doc. 31, Page ID 954 says payroll records were enclosed and the personnel records would follow; it does not state or suggest the production is completed. Page ID 956 reflects plaintiff inquiring whether additional entries are included in that production; it does not identify "three payroll periods reflecting payment deficiencies." |

MORGAN, LEWIS & BOCKIUS LLP<br>ATTORNEYS AT LAW

Case No. 5:26-cv-03535-JGB-SP

DEFENDANTS' EVIDENTIARY OBJECTIONS TO THE SANCTIONS DECLARATION OF LUNA D'SOL

| | | |
|---|---|---|
| | omitted payroll records and, for the first time, included an arbitration agreement. Of the five personnel file productions Plaintiff has received, this is the only production that contained an arbitration agreement. | |
| 6:19-25 | "On the same day this package was placed in the mail, Plaintiff received an email from Ms. Antonopoulos' secretary apologizing for misgendering Plaintiff and explaining that, although the cover letter bore Ms. Antonopoulos' signature, the secretary had drafted the letter and had incorrectly referred to Plaintiff as "Mr. D'Sol." Later that same day, the secretary sent Plaintiff an additional letter again addressing the misgendering. The following day, Plaintiff received a large flower arrangement at Plaintiff's residence accompanied by a handwritten card stating, "I am the big idiot secretary who misgendered you. I am sorry." (Id. at p. 127, Page ID 960, Ex. 12.)" | **Relevance, unfair prejudice.** Fed. R. Evid. 401 and 403. The alleged salutation error, apology, flowers, and card do not tend to prove whether the challenged litigation conduct was undertaken in bad faith. Plaintiff's narrative is inflammatory and collateral.<br><br>**Misstates the record.** The card at Page ID 960 states: "I am the idiot secretary who misgendered the salutation on a letter to you and signed Nicole Antonopoulos name to it. Please accept my apology." The declaration adds "big," changes "misgendered the salutation on a letter" to "misgendered you," and replaces "Please accept my apology" with "I am sorry." |
| 6:26-7:3 | "On July 2nd, 2026, Defendants filed a Declaration in this court described me as 'Luna D'Sol Formerly Known ['deadname']' as my legal name (ECF Doc. 10-7, p.2, ¶4 PAGE ID 320). On July 9th, 2026, I memorialized our | **Hearsay and improper self-corroboration.** Fed. R. Evid. 801 and 802. Plaintiff's unilateral post-conference email is not independent proof that defense counsel made or adopted the position attributed to her. |

| | | |
|---|---|---|
| | meet-and-confer meeting where I documented Defendants' Counsel's position that she did not believe any legal basis required the amendment of her filing. A true and correct copy of that correspondence was submitted as Exhibit 33 of the Declaration of Luna D'Sol FILED 7/15/2025 (ECF Doc. 31, pp. 209-210, PAGE ID 1042-1043)." | **Improper inference.** Fed. R. Evid. 801(d)(2)(B). The absence of a correction to Plaintiff's email does not establish adoption or assent without the necessary foundation.<br><br>**Irrelevance, unfair prejudice.** Fed. R. Evid. 401 and 403. The naming dispute is a collateral issue and should not be used to infer bad faith concerning the distinct conduct challenged in the sanctions motion.<br><br>**Misstates the record.** The declaration incorrectly states that ECF No. 31 was filed on July 15, 2025; it was filed July 15, 2026. Exhibit 33 is Plaintiff's unilateral recap, not an admission by defense counsel. |
| **7:4-9** | "On July 11th, 2026, at a friend's barbeque dinner gathering, a person addressed me by my deadname in front of everyone thinking it was funny, and I had never disclosed that information to anyone. thinking it was funny, and I had not disclosed that private information to anyone at that placer. Counsel's complete lack of professional competence and human empathy regarding transgender litigants is blind to the impact that public deadnaming inflicts upon a transgender individual." | **Speculation, lack of personal knowledge.** Fed. R. Evid. 602 and 701. Plaintiff supplies no foundation for the unidentified person's state of mind ("thinking it was funny"), how the person learned the former name, or whether any court filing caused the incident; nor is any foundation provided for Plaintiff's identification of counsel's alleged state of mind.<br><br>**Lacks foundation, misstates the record, unfair prejudice.** Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 403, 602, 701(a). Plaintiff's claim that "I had not disclosed that private information to anyone" is |

DEFENDANTS' EVIDENTIARY OBJECTIONS TO THE SANCTIONS DECLARATION OF LUNA D'SOL

| | | belied by the multiple public filings made by Plaintiff and bearing Plaintiff's former name. *See e.g.*, ECF No. 31, Page IDs 1006, 1056. Therefore, Defense Counsel's purported "public disclosure" is a nonfactor. Additionally, Plaintiff has previously filed a public complaint on January 14, 2026 where she list herself as "Luna D'Sol (formerly known as [former name])." *See Luna D'sol vs. Jae H Kim*, Docket No. 26STCV01294 (Cal. Super. Ct. Jan 14, 2026). The court may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *Gerritsen v. Warner Bros. Entertainment Inc.*, 112 F. Supp. 3d 1011, 1020 (C.D. Cal. 2015). It would be unfairly prejudicial to attribute any purported harm to Defense Counsel for disclosure of Plaintiff's former name when Plaintiff has previously, and subsequently continues to, publicly disclose her former name in multiple public filings. **Relevance, lack of causation, and unfair prejudice.** Fed. R. Evid. 401 and 403. The barbeque incident is not connected by admissible evidence to Defendants or defense counsel. It is collateral. |
|---|---|---|

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW

14

Case No. 5:26-cv-03535-JGB-SP

| | | |
|---|---|---|
| | | **Improper argument and personal attack.** C.D. Cal. L.R. 7-7. The assertion that counsel lacks professional competence and empathy is an argumentative personal attack, not a factual evidentiary matter.<br><br>**Lacks Foundation, Argumentative.** Plaintiff provides no reliable basis to infer how an unspecified person came to learn of her former name. Nor does plaintiff provide a factual basis for the argumentative assertion that Counsel "lack[s] processional competence and human empathy regarding transgender litigants."<br><br>**Ambiguity.** The cited excerpt is partially unintelligible and obscures what precise fact, if any, is asserted. |
| 7:10 | "My legal name is Luna D'Sol, no "fka" or "aka" are found in that court order." | **Lack of authentication.** Fed. R. Evid. 901. Plaintiff neither identifies "that court order" by court, date, or docket number nor attaches it here.<br><br>**Relevance.** Fed. R. Evid. 401-402. Counsel's. Plaintiff has not demonstrated how nomenclature in a court order is relevant to the disposition of her motion. |
| 7:12-22 | "Following Defendants' public disclosure of my deadname and their subsequent refusal to correct the record, my mental health has severely deteriorated. The public exposure of my transgender | **Relevance, lacks foundation, misstates the record, unfair prejudice.** Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 403, 602, 701(a). Plaintiff's own public filings disclose her former name. *See e.g.*, ECF No. 31, Page IDs |

| | status caused me to experience overwhelming anxiety, profound humiliation, and severe emotional distress, forcing me to repeatedly explain this unprovoked violation to third parties, including my banking institution. This intense psychological distress escalated to a crisis point, necessitating an immediate and urgent visit to the hospital for emergency medical evaluation and stabilizing psychiatric care. Furthermore, to cope with the ongoing trauma, panic, and emotional destabilization caused by Defendants' bad-faith conduct, my treating medical providers have been required to increase my prescribed psychiatric medication. The financial and emotional toll of this targeted harassment has been immense, resulting in unexpected medical bills, increased prescription costs, and severe disruption to my daily life." | 1006, 1056. Therefore, Defense Counsel's purported "public disclosure" is a nonfactor. Moreover, Plaintiff's claim that Defendants are the ones to have publicly disclosed her former name is demonstrably false. Plaintiff has previously filed a public complaint on January 14, 2026 where she list herself as "Luna D'Sol (formerly known as [former name])." *See Luna D'sol vs. Jae H Kim*, Docket No. 26STCV01294 (Cal. Super. Ct. Jan 14, 2026). The court may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *Gerritsen v. Warner Bros*. Ent. Inc., 112 F. Supp. 3d 1011, 1020 (C.D. Cal. 2015); *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("[w]e may take judicial notice of court filings and other matters of public record."); *see also Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("[w]e may take judicial notice of undisputed matters of public record . . . including documents on file in federal or state courts."). It would be unfairly prejudicial to attribute any purported harm to Defense Counsel for disclosure of Plaintiff's former name when Plaintiff has previously, and |
|---|---|

| | | |
|---|---|---|
| | | subsequently continues to publicly disclose her former name. **Improper lay opinions.** Fed. R. Evid. 701(c) and 702. Plaintiff is not qualified to opine that a filing medically caused psychiatric deterioration, necessitated stabilizing care, or required a medication increase. **Hearsay.** Fed. R. Evid. 801 and 802. The assertion that treating providers were "required" to increase medication relays an unstated medical opinion for its truth without testimony or records from a qualified provider. **Improper legal conclusions and argument.** C.D. Cal. L.R. 7-7. The labels "bad-faith conduct," "unprovoked violation," and "targeted harassment" are legal and advocacy characterizations. **Irrelevance, unfair prejudice.** Fed. R. Evid. 401 and 403. Plaintiffs medical damages allegations risk turning the motion into a collateral damages trial. |
| **7:24-28** | "As a result, Plaintiff retained Data Triage Technologies LLC to examine the NAR documents and related electronic evidence. I received an invoice for $2,062.00 for the initial forensic examination and an invoice for $413.00 for additional analysis. True and correct | **Authentication, hearsay.** Fed. R. Evid. 801, 802, 803(6), and 901. Plaintiff is not the custodian of the invoices and supplies no foundation that the descriptions were made in the regular course of Data Triage's business by a person with knowledge. |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW

17    Case No. 5:26-cv-03535-JGB-SP

| | | |
|---|---|---|
| | copies of those invoices were submitted as Exhibits 22 and 23 in Declaration of Luna D'Sol Dated 7/15/2026 (ECF Doc. 31, pp. 164-171, PAGES ID:995-1004.)." | **Relevance, causation, and reasonableness.** Fed. R. Evid. 401 and 403. The fact that Plaintiff chose to pay a consultant does not establish that the expenditure was caused by sanctionable conduct, was necessary, or was reasonable.<br><br>**Misstates the record, best evidence, and completeness.** Fed. R. Evid. 1002 and 106. The $2,062 invoice line item states "Retainer for investigation and writing declaration," not "initial forensic examination." The $413 payment consists of a $400 line item for "1 hour to finish declaration" plus a $13 transaction fee, not "additional analysis." |
| **8:1-3** | "I also incurred $331 in costs for preparing and submitting chambers copies in connection with the Motion to Remand and Responsive Documents practice described abo receipt as Exhibit 47 and incorporated by reference as though fully set forth" | **Relevance, causation.** Fed. R. Evid. 401 and 403. Costs associated with separate remand and responsive document practice are not recoverable as sanctions without a showing that they were caused by the specific sanctionable conduct found by the Court.<br><br>**Lacks foundation, misstates the record.** Plaintiff's exhibit index lists, and Exhibit 47 itself, list the cost as $311.21, not $331. |
| **8:4-6** | "I also incurred $212.18 in costs for preparing and submitting chambers copies in connection with the Ex Parte practice described abo receipt as Exhibit 48 and incorporated | **Relevance, causation.** Fed. R. Evid. 401 and 403. The statement does not explain the ex parte proceeding's connection to the alleged sanctionable conduct, or establish that the expense was |

MORGAN, LEWIS & BOCKIUS LLP<br>ATTORNEYS AT LAW

Case No. 5:26-cv-03535-JGB-SP

DEFENDANTS' EVIDENTIARY OBJECTIONS TO THE SANCTIONS DECLARATION OF LUNA D'SOL

| | | |
|---|---|---|
| | by reference as though fully set forth." | reasonably caused by that conduct. |
| **8:7-13** | "On or about July 6, 2026, I sent a test email to employee.communications@bofa.com, the email address identified by Defendants' counsel as the sender of the two purported arbitration emails. In response, I received an automated acknowledgment confirming that my email had been received by that mailbox. A true and correct copy of the test email I sent, together with the automated response I received, is attached hereto as Exhibit 49. I personally sent the test email, received the response in my email account, and recognize the attached documents as true and correct copies of that email exchange." | **Relevance, misleading inference.** Fed. R. Evid. 401 and 403. Whether a mailbox accepted an inbound test email in July 2026 does not tend to prove whether the Bank's systems sent outbound policy emails to Plaintiff in November 2024 or whether Plaintiff received or accepted them.<br><br>**Improper lay opinion.** Fed. R. Evid. 701. Any inference about the configuration, ownership, historical operation, or outbound-delivery capabilities of the mailbox requires technical or custodian foundation not supplied by Plaintiff's "test." |
| **8:20-24** | "On July 19, 2026, I accessed and downloaded from the Court's CM/ECF system a Notice of Electronic Filing concerning a transaction that was entered by Defendant Peter C. Maxim on 7/2/2026. The Notice further states that Plaintiff was to be served at her home address by first-class U.S. mail by the filer. I was not served and / or did not receive this Notice at my residence. A true and correct copy is attached as Exhibit 50, and incorporated by reference as though fully set forth." | **Mischaracterizes the document.** Exhibit 50 does not reflect a "transaction that was entered by Defendant Peter C. Maxim on 7/2/2026." Rather, as reflected in the Docket Text, it is the "Conformed E-Filed Copy of Answer to Complaint filed by Defendant Peter C. Maxim (filed in state court on 6/3/2026 submitted attached to Notice of Removal)." To the extent that Plaintiff is suggesting that she was not provided a copy of Maxim's state court answer, that assertion is unsupported by the evidence. *See* ECF No. 31 at Page ID 838. |

| 8:25-9:3 | "I reiterate my profound respect for this Honorable Court and for the legal profession. If it were within my means, I would be represented by experienced legal counsel. My appearance in propria persona is not by choice, nor does it reflect any belief that I possess the specialized knowledge or experience of licensed attorneys. Although I completed postgraduate studies, the law is not my field of education or professional expertise. Rather, I have been compelled to represent myself because Defendants' conduct has effectively prevented me from obtaining legal representation (ECF Doc. 31, p. 16, ¶ 45, PAGE ID 849)." | **Irrelevance and unfair prejudice.** Fed. R. Evid. 401 and 403. Plaintiff's education, preference for counsel, and expressions of respect do not prove whether Defendants or counsel acted in bad faith. The passage invites sympathy and an adverse inference unrelated to sanctions.<br><br>**Hearsay, lack of foundation, and speculative causation.** Fed. R. Evid. 602, 701, 801, and 802. Plaintiff cannot establish why unnamed prospective attorneys declined representation or that Defendants' conduct caused those decisions without testimony or admissible communications from those attorneys. Furthermore, ECF No. 31, Page ID 849 is Plaintiff's prior declaration, which repeats the same allegation and asserts that a purported lien deterred prospective counsel. It is not independent evidence of counsel's reasons. Plaintiff's claim circularly relies on Plaintiff's own prior assertion.<br><br>**Improper argument and legal conclusion.** C.D. Cal. L.R. 7-7. The assertion that Defendants "effectively prevented" representation is an accusatory conclusion. |
| 9:4-8 | "Except where I expressly state that I am informed by Mr. Cohen's forensic report or quote statements made by | **Lacks foundation.** Fed. R. Evid. 602; C.D. Cal. L.R. 7-7; Fed. R. Civ. P. 56(c)(4). A conclusory declaration that all facts are based |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW

20

Case No. 5:26-cv-03535-JGB-SP

| | |
|---|---|
| Defendants or their counsel, the facts set forth in this declaration are based upon my personal knowledge. Where I reference court filings, correspondence, business records, personnel records, or expert materials, I have reviewed those documents and recognize the attached exhibits as true and correct copies of the records they purport to be." | on personal knowledge does not cure portions that facially rely on third-party reports, medical opinions, corporate systems, litigation records, or speculation.<br><br>**Insufficient authentication and business-record foundation.** Fed. R. Evid. 803(6) and 901. Merely reviewing a document does not make Plaintiff a custodian or qualified witness and does not authenticate third-party business, personnel, medical, forensic, or vendor records.<br><br>**Hearsay and expert-opinion defects are not cured**. Fed. R. Evid. 701-703 and 801-802. Plaintiff confirms reliance on Mr. Cohen's report but sets forth no applicable hearsay exclusion or exception. |

Dated:  August 3, 2026                    MORGAN, LEWIS & BOCKIUS LLP


By  /s/Karen Cho
     Karen Y. Cho
     Nicole L. Antonopoulos

     Attorneys for Defendants
     BANK OF AMERICA, N.A., BANK
     OF AMERICA CORPORATION,
     TRICIA SHANKS, and PETER C.
     MAXIM