MORGAN, LEWIS & BOCKIUS LLP
Karen Y. Cho, Bar No. 274810
karen.cho@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:    +1.213.612.2500
Fax:   +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Nicole L. Antonopoulos, Bar No. 306882
nicole.antonopoulos@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304-1124
Tel:    +1.650.843.4000
Fax:   +1.650.843.4001

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF
AMERICA CORPORATION, TRICIA
SHANKS, and PETER C. MAXIM

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUNA D'SOL,<br><br>               Plaintiff,<br><br>          vs.<br><br>BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; TRICIA SHANKS, an individual; and PETER C. MAXIM, an individual; and DOES 1 through 50, inclusive,<br><br>               Defendants. | Case No. 5:26-cv-03535-JGB-SP<br><br>Hon. Jesus G. Bernal<br><br>**DECLARATION OF KAREN Y. CHO IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANTS AND THEIR COUNSEL FOR BAD FAITH PURSUANT TO THE COURT'S INHERENT POWER**<br><br>Date:       August 24, 2026<br>Time:      9:00 a.m.<br>Courtroom:  1, 2nd Floor |

DECLARATION OF KAREN CHO IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS

DB2/ 653047690.1

## DECLARATION OF KAREN Y. CHO

I, Karen Y. Cho, hereby certify pursuant to 28 U.S.C. § 1746 that the factual statements set forth below are true and correct to the best of my knowledge:

1.     I am a member of the California Bar and a Partner at Morgan, Lewis & Bockius LLP, counsel of record for Defendants Bank of America, National Association, Bank of America Corporation, Tricia Shanks, and Peter Maxim (collectively, the "Defendants") in the above-captioned litigation.  I have personal knowledge of the facts set forth in this declaration, and if called as a witness I could and would competently testify thereto.

2.     I make this Declaration in support of the Defendants' Opposition to Plaintiff's Motion for Sanctions (the "Motion").

3.     On July 1, 2026, Plaintiff sent to my colleague Nicole Antonopoulos and me an email where she threatened to pursue baseless "[p]erjury [c]harges," "[c]omputer [c]rimes," "[b]ar [s]anctions," if the Parties proceed to court on the pending motions. A true and correct copy of this email dated July 1, 2026 (redacted to preserve settlement communications) is attached as **Exhibit 1.**

4.     On July 6, 2026, I received several emails from OneLegal, a third party litigation support company that offers e-filing, process serving, and other services, regarding documents being purportedly electronically served in this matter. Specifically, on July 6, 2026, Defendants were electronically served with Plaintiff's Notice of Pro Se Appearance, Plaintiff's Certification and Notice of Interested Parties, Plaintiff's memorandum of points and authorities in support of her "Motion to Remand, Motion to Stay Pleadings, Motion for Relief Pursuant to Courts Inherent Authority" (sic), and other related documents. In Plaintiff's motion to remand, she requested sanctions and the disqualification of Defendants' counsel, among other baseless relief. The caption page for the memorandum of points and authorities in

support of Plaintiff's motion to remand reflected a hearing date of August 3, 2026, which would make the deadline for an opposition be July 9, 2026. This caption page also referenced that it was being "[f]iled concurrently with Plaintiff's Motion to Remand . . ."

5. On July 13, 2026, Defendants had prepared an opposition to Plaintiff's motion to remand, and Defendants were planning to file it that day. However, before Defendants filed their opposition, Plaintiff sent an email indicating that she filed her motion to remand that day (July 13), and the prior motion to remand sent on July 6 were "draft materials exchanged exclusively for settlement purposes and were not intended to constitute Plaintiff's operative filings." Based on Plaintiff's representation, Defendants did not file an opposition to the prior version of the motion to remand that was served on July 6, 2026. A true and correct copy of the email that Plaintiff sent Defendants' counsel on July 13, 2026 was filed previously in this action as Exhibit 8 to my prior declaration filed in opposition to Plaintiff's *ex parte* application to continue Defendants' Motion to Compel Arbitration. *See* ECF No. 26-2, Exh. 8.

6. Plaintiff's Motion to Remand filed in this action was substantially different from the prior apparent "draft" motion to remand that Plaintiff sent Defendants' counsel on July 6, 2026, so Defendants' counsel had to spend significant time and resources preparing two versions of the opposition to Plaintiff's motion to remand.

I declare to the best of my knowledge under penalty of perjury under the laws of California and the United States that the foregoing is true and correct.

Executed on August 3, 2026

_/s/ Karen Y. Cho_
Karen Y. Cho

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

3

Case No. 5:26-cv-03535-JGB-SP

DECLARATION OF KAREN CHO IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS

DB2/ 653047690.1