# EXHIBIT 2

United States Code Annotated
  Title 28. Judiciary and Judicial Procedure (Refs & Annos)
    Part IV. Jurisdiction and Venue (Refs & Annos)
      Chapter 89. District Courts; Removal of Cases from State Courts (Refs & Annos)

This section has been updated. Click here for the updated version.

28 U.S.C.A. § 1441

## § 1441. Actions removable generally

Effective: [See Text Amendments] to January 5, 2012

**(a)** Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

**(b)** Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

**(c)** Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

**(d)** Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending. Upon removal the action shall be tried by the court without jury. Where removal is based upon this subsection, the time limitations of section 1446(b) of this chapter may be enlarged at any time for cause shown.

**(e)(1)** Notwithstanding the provisions of subsection (b) of this section, a defendant in a civil action in a State court may remove the action to the district court of the United States for the district and division embracing the place where the action is pending if--

  **(A)** the action could have been brought in a United States district court under section 1369 of this title; or

  **(B)** the defendant is a party to an action which is or could have been brought, in whole or in part, under section 1369 in a United States district court and arises from the same accident as the action in State court, even if the action to be removed could not have been brought in a district court as an original matter.

The removal of an action under this subsection shall be made in accordance with section 1446 of this title, except that a notice of removal may also be filed before trial of the action in State court within 30 days after the date on which the defendant first

becomes a party to an action under section 1369 in a United States district court that arises from the same accident as the action in State court, or at a later time with leave of the district court.

**(2)** Whenever an action is removed under this subsection and the district court to which it is removed or transferred under section 1407(j) has made a liability determination requiring further proceedings as to damages, the district court shall remand the action to the State court from which it had been removed for the determination of damages, unless the court finds that, for the convenience of parties and witnesses and in the interest of justice, the action should be retained for the determination of damages.

**(3)** Any remand under paragraph (2) shall not be effective until 60 days after the district court has issued an order determining liability and has certified its intention to remand the removed action for the determination of damages. An appeal with respect to the liability determination of the district court may be taken during that 60-day period to the court of appeals with appellate jurisdiction over the district court. In the event a party files such an appeal, the remand shall not be effective until the appeal has been finally disposed of. Once the remand has become effective, the liability determination shall not be subject to further review by appeal or otherwise.

**(4)** Any decision under this subsection concerning remand for the determination of damages shall not be reviewable by appeal or otherwise.

**(5)** An action removed under this subsection shall be deemed to be an action under section 1369 and an action in which jurisdiction is based on section 1369 of this title for purposes of this section and sections 1407, 1697, and 1785 of this title.

**(6)** Nothing in this subsection shall restrict the authority of the district court to transfer or dismiss an action on the ground of inconvenient forum.

**(f)** The court to which a civil action is removed under this section is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim.

## CREDIT(S)

(June 25, 1948, c. 646, 62 Stat. 937; Oct. 21, 1976, Pub.L. 94-583, § 6, 90 Stat. 2898; June 19, 1986, Pub.L. 99-336, § 3(a), 100 Stat. 637; Nov. 19, 1988, Pub.L. 100-702, Title X, § 1016(a), 102 Stat. 4669; Dec. 1, 1990, Pub.L. 101-650, Title III, § 312, 104 Stat. 5114; Dec. 9, 1991, Pub.L. 102-198, § 4, 105 Stat. 1623; Nov. 2, 2002, Pub.L. 107-273, Div. C, Title I, § 11020(b) (3), 116 Stat. 1827.)

## COMMENTARY ON 1988 AND 1990 REVISIONS OF SECTION 1441

*by David D. Siegel*

The Judicial Improvements Acts of 1988 and 1990--the 1988 act was called the Judicial Improvements and Access to Justice Act--made several changes in the removal statutes, some of them substantial. Among the statutes amended was § 1441. Subdivision (a) was amended by the 1988 act (Pub.L. 100-702) and subdivision (c) by the 1990 act (Pub.L. 101-650). We'll treat them in order.

**The 1988 Amendment of Subdivision (a)**

The 1988 change made in subdivision (a) of § 1441 adds a sentence to deal with the problem of the fictitious defendant in diversity of citizenship cases. It permits other (and named) defendants to remove the case without having to determine, and without waiting to determine, the citizenship of the fictitious party.

Different states have different practices about how to designate parties whom the plaintiff knows to exist, or believes to exist, but can't identify. Among the variations may be the procedures of designating the unknown party by a description instead of a name, or using the patently fictitious John Doe or Mary Doe or the like. The problem of the plaintiff may be to get the case in under the statute of limitations and worry about identifying the unknown defendant later.

Whatever the problems of the plaintiff, the plaintiff's designation of a fictitious defendant creates a problem for the other--the named--defendants if there is diversity between them and the plaintiff, and the defendants want to remove the case. Since it will be they who seek federal jurisdiction, the burden of establishing jurisdiction is on them, and here they meet a requirement that the fictitious defendant prevents them from carrying out: the requirement that there be complete diversity between each defendant and the plaintiff. The named defendants can't establish this because of the unknown defendant: among the things unknown is his, her, or its citizenship.

The situation may also pose problems for the plaintiff. Suppose, for example, that a case has remained in state court because it was presumed to be unremovable by virtue of the unknown citizenship of the unknown defendant, and that later his citizenship becomes known and does permit removal. In that situation the defendants may be able to remove a case that has progressed so far that it is on the very verge of trial, by invoking the second paragraph of § 1446(b). That's the provision that gives defendants a fresh time period in which to remove a case that was not removable at the outset but has just now become so.

The problems of all sides in these situations were cited by Congress in attempting a remedy, noting especially the routine California state practice of adding "Doe" defendants. (See Representative Kastenmeier's Report to the House in behalf of the Judiciary Committee, House Rep. 100-889, August 26, 1988, page 71.)

The remedy that Congress adopted is an amendment that solves the named defendants' problem--for the moment--by permitting them to exclude the unknown defendant from a citizenship measure in determining removability. If they do remove the case, however, the problem may return later, when, in the course of the proceedings in federal court, the unknown defendant becomes known, and it also becomes known that his citizenship defeats diversity. The result may be a remand of the case for want of federal jurisdiction, unless the plaintiff considers dropping the spoilsport from the case.

It is not entirely clear, but in directing that the citizenship of fictitious defendants be disregarded, it may be the statute's purpose to deem such defendants eliminated from the case altogether. In that event they would not be present in the federal action to complicate things even if they should later be identified as having nondiverse citizenship, but for the plaintiff that construction may merely substitute one complication for another. The plaintiff may now have to move to get that would-be defendant back into the case with a motion to add him, and in that event the plaintiff will meet the new subdivision (e) of § 1447, which leaves it entirely to the court to determine whether to refuse the addition and keep the case or allow the addition and then remand the case for want of federal jurisdiction (caused by the loss of diversity). See the Commentary on § 1447, below.

The amendment solves the problem of what Congress referred to as "disruptive removal" by requiring the named defendants to remove the case within 30 days (see § 1446[b]) after being served with the initial pleading in the state action. They can no longer safely wait until the unknown defendant is identified. In the situation discussed above, however, the amendment may only have substituted a disruptive remand for a disruptive removal. The counseling

point to the named defendants is a clear one in any event: remove promptly or forfeit whatever chance there may be for federal jurisdiction.

The second sentence of subdivision (a), which contains this provision permitting disregard of the citizenship of Doe defendants, begins with the phrase "[f]or purposes of removal". It has therefore been held that the provision "does not extend to cases originally filed in the federal court". Salzstein v. Bekins Van Lines, Inc., 747 F.Supp. 1281 (N.D.Ill.1990). It was designed to deny the plaintiff the power to bar a defendant's access-by-removal to a federal court through the addition of a Doe defendant, holds Salzstein, not to affect a plaintiff's original access to a federal court. Plaintiff controls the decision of whom to join as defendants, and when depending on diversity must show that it exists. If, because of unknown defendants designated fictitiously and with citizenships equally unknown, the plaintiff can't satisfy the diversity showing, the plaintiff fails the test and there is nothing in the 1988 amendment to change the result.

**The 1990 Amendment of Subdivision (c)**

The troublesome subdivision (c) of § 1441 was amended in the 1990 act, and changed substantially. The Federal Courts Study Committee formed to investigate and report on problems of federal jurisdiction had tied it to the diversity jurisdiction, recommending repeal of § 1441(c) if the diversity jurisdiction should be repealed (see the committee's April 2, 1990 Report, pages 94-95). The diversity jurisdiction was not repealed, however; Congress kept the diversity jurisdiction and kept § 1441(c) as well, but removed it from application to diversity cases. Under the amendment, a removal under § 1441(c) was thenceforth to be permitted only in a federal question case, i.e., a case in which subject matter jurisdiction is based on the claim's arising under federal law.

While Congress "modified" § 1441(c) instead of repealing it, see pages 22-23 of the House Report of the Committee on the Judiciary (Report 101-734, 101st Cong., 2d Sess.), the "modification" may have the effect of a repeal anyway. What the subdivision did before the amendment, it no longer does under it; and what the amended version purports to do appears to be done by a combination of subdivision (a) of § 1441 and the "pendent jurisdiction" doctrine, now codified as "supplemental jurisdiction" in § 1367 of Title 28. (See the 28 U.S.C.A. Commentary on § 1367, above.) On this there is some explaining to do, and a brief background on subdivision (c) will aid understanding of the changes.

One purpose of subdivision (c) was to permit a defendant to lift the entirety of a state-court litigation from the state court into the federal court based on the presence of at least one claim that could have invoked federal jurisdiction by itself. The theory was that since the defendants on that particular claim could have removed it to federal court had it been sued on in state court alone, they should not be deprived of that right merely because the plaintiff or plaintiffs joined in the state court action additional claims that might not support federal subject matter jurisdiction. Hence the presence of the one claim that fulfilled the federal requirement would act as a kind of beast of burden, also carrying into the federal court the other claims asserted in the state action.

Another purpose of the subdivision was to avoid piecemeal litigation by permitting the federal court to address and dispose of, on the merits, all of the claims asserted, at least when the others had some kind of logical relationship to the claim that acted as the federal touchstone. Recognizing the liberal rules of joinder applicable in many state courts, however, which often support the joinder of wholly unrelated claims, subdivision (c) permitted the federal judge, after removal, to "remand all matters not otherwise within its [the federal district court's] original jurisdiction". That acted as a lever that the federal judge could pull to send back to the state court claims having no relationship, or so little, to the federal-jurisdiction-supporting claim that they had no call on the attention of a federal judge.

The state court could not interfere in the process. It was left entirely to the federal judge to decide what if anything should stay in the federal court and what should go back to the state court. Giving the federal court this leverage may also have avoided constitutional issues in some instances by enabling the judge to remand to the state court claims

that could find no justification for federal subject matter jurisdiction in any of the permissible categories enumerated in § 2 of Article III of the U.S. Constitution, or in any theory pronounced in the caselaw for offering at least some kind of implied jurisdiction to the other claims (like "pendent" or "ancillary" jurisdiction). (See 28 U.S.C.A. § 1367, above, and the Commentary on it.) The remand clause recognized, in other words, that § 1441(c) made the claim with the federal basis so broad a removal "crutch" for other claims that some of these others might enter the federal court with no capacity whatever, directly or by implication, to satisfy any of the Constitution's requirements for subject matter jurisdiction in the federal courts.

Before the 1990 amendment, it did not make any difference what category of subject matter jurisdiction was occupied by the claim that offered the removal basis. It could have been that the claim arose under federal law ("federal question" or "arising under" jurisdiction), that the parties were domiciled in different states ("diversity of citizenship" jurisdiction), etc. It was in fact the diversity case that most often turned out to be the subdivision (c) beneficiary (or villain, depending on who was telling the story).

And it was in fact a diversity case that occasioned the U.S. Supreme Court's major address to the § 1441(c) removal: American Fire & Cas. Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). In Finn, P sustained a fire loss and sued to recover insurance coverage. Unaware of whether A or B was the insurer, P joined them both as defendants, and just in case neither was, the absence of insurance would then have been the fault of P's agent, C, so P also made C a defendant. There was diversity between P and the insurers, A and B, but not between P and C, who were of the same state. The U.S. Supreme Court held that there could be no removal. There was but a single cause of action here (P could recover but once), and since C had common citizenship with P, complete diversity was lacking and a subdivision (c) removal could not be supported.

The insurers had argued, unsuccessfully, that the claim with respect to each of them was a "separate" one under subdivision (c), and that either insurer could have effected the removal of the claim against it, and therefore, under subdivision (c), carried along the whole case. The Supreme Court said no, and that has been the principal jurisprudence on subdivision (c) ever since. Perhaps the best measure of what "a separate and independent claim" is under the Finn test--and it remains the measure (in this respect the language of subdivision (c) is not changed by the 1990 amendment)--can be best determined by applying a kind of double-recovery test. If the claim is such that the plaintiff, recovering judgment and satisfaction against one defendant, could not be allowed to recover from another, the plaintiff has in essence only a single "claim" for § 1441(c) purposes.

Applied in a diversity case in which but a single loss has been sustained, the test means that the plaintiff has in essence but a single claim for subdivision (c) purposes and that P's citizenship must differ from that of each of the defendants on that claim or there is no federal removal basis, just as there would be no basis for original federal jurisdiction in such a case, either.

It was what the House Report cites as "the confusing and conflicting results" of the application of subdivision (c) in diversity cases that prompted the 1990 amendment of subdivision (c). Doubtless among those supporting the amendment were the forces opposed to diversity jurisdiction in general. They failed to achieve its total repeal in the 1988 legislation (see the Commentary on the 1988 Revision of § 1332, above), so they continue their mission by supporting whatever measures will at least hem it in from the sides.

Whatever the reason for the 1990 amendment, the diversity case may no longer invoke removal under subdivision (c); only the federal question claim--a claim arising under federal law--will support a subdivision (c) removal. That's what the statute means with its reference to § 1331. Section 1331 of Title 28 is the statute that confers the "arising under" jurisdiction on the federal district courts--jurisdiction based on the claim's "arising under the Constitution, laws, or treaties of the United States".

**Relevance of "Special" Jurisdictional Statutes**

Actually, § 1331 functions as the general federal question statute: it confers jurisdiction over all federal "arising under" claims. There remain on the books, however, many special statutes that confer jurisdiction in particular categories but which also trace their ultimate authority to the "arising under" category in § 2 of Article III of the Constitution. Before 1980, when § 1331 contained a monetary minimum for jurisdiction, all of those special statutes served at least the function of permitting jurisdiction to be exercised in the special category without reference to the amount in controversy. After 1980, however, when the requirement of a monetary minimum in § 1331 was removed, what would be the need of any such special statutes? Would they all be superfluous?

Not necessarily. Some of them confer jurisdiction on the federal courts exclusively--see, e.g., 28 U.S.C.A. § 1338(a)-- which § 1331 does not do with its general grant of jurisdiction. An indication of exclusivity from the special statute would remain valid even though § 1331 would, insofar as the federal court is concerned, be an equally valid source of subject matter jurisdiction. And another mission of a special statute may be to continue to require a monetary showing of some kind (see, e.g., § 1337 [a]).

If the special statute has some special mission, in other words, it will carry out that special mission despite the fact that as to the grant of subject matter jurisdiction by itself, the existence of § 1331 may mean some redundancy. The redundancy is harmless enough.

What is the impact of all this on the amended removal provision of subdivision (c) of § 1441? It is this:

The amendment says that the only claim that will henceforth support a removal under subdivision (c) is one "within the jurisdiction conferred by section 1331 of this title". Does this mean that § 1331 has to be the sole basis for jurisdiction? Suppose, for example, that the claim can find support not just under § 1331, but under some special statute as well. Shall the availability of jurisdiction under the special statute mean that the claim will not support a subdivision (c) removal? That may seem a far fetched notion, but given the high stakes in federal (or potential federal) litigation, it is not impossible that some party will make the argument. It should not prevail, however. The reference to § 1331 was apparently intended to be just a shorthand reference to the whole realm of federal question cases: to those having a basis in both § 1331 as well as some special statute, and also those that depend on § 1331 alone. The conclusion should therefore be that the amended subdivision (c), whatever its scope--we have some doubts about whether it has any utility at all now, as we elaborate below--should apply to a federal claim without regard to the statute that confers jurisdiction of it, as long as there is no express instruction against removal in the special statute.

**Diversity Still Relevant under Subdivision (c)?**

We will assume that when diversity is the basis of the subject matter jurisdiction of the claim on which the others are leaning, no removal under subdivision (c) is permissible. But suppose there is a federal claim in the case as well as diversity of citizenship between the parties, and that a second claim is asserted that does not arise under federal law. What result under the new subdivision (c)?

One suggestion is that only the federal claim can be removed in the first place; that the non-federal claim stays back. This may be awkward as a matter of pleading, since both claims will likely have been asserted in the same complaint in the state court. But that's just a matter of paper work. Whatever removal papers are filed can just be "deemed" to have removed only the federal claim, with a federal court order entered to that effect should it become necessary. Or, if the whole case is deemed to have been removed, the court can just exercise its powers under the new final clause of subdivision (c) and "remand all matters in which State law predominates". That would send the non-federal claim back fast. If the non-federal claim can be supported by what is now called "supplemental" jurisdiction, however, a different question arises, which we return to below.

Case 5:26-cv-03535-JGB-SP    Document 61-2    Filed 08/03/26    Page 8 of 9   Page ID
#:1649

**The Remand Clause**

The old language with which subdivision (c) ended allowed the federal court after removal to "remand all matters not otherwise within its original jurisdiction". The new language is that the court may "remand all matters in which State law predominates". The new language recognizes that the only basis now allowable for a subdivision (c) removal in the first place is the federal nature of the claim being removed. The manifest purpose is to get into a federal court only a substantial federal claim, and to give a free ride only to state claims related to it. If the federal court finds that the federal claim, while plausible, is not really the plaintiff's main mission, that it is only an incident or adjunct of the state claim, and that the state claim is the crux of the action, the federal court can remand all claims in which it finds that state law "predominates".

If state law "predominates" in the whole case, however, where does that leave the federal claim? If the federal claim is so weak in its context that state law "predominates", the defendants might consider a two-part motion seeking (1) summary judgment disposing of the federal claim on the merits and (2) a remand of the non-federal claims.

Note that the word used by the statute is still "matters". The federal court can remand all "matters" in which state law predominates. If matters is construed to include all "claims", then a combination of claims in which a federal claim is one but in which state law is found to "predominate" may justify a remand of the whole case, with the federal claim included.

**"Supplemental" ("Pendent" or "Ancillary") Jurisdiction As Affecting or Affected By Amended Subdivision (c)**

A nice question is whether there is any need for subdivision (c) if it is now to be restricted to use only in federal question cases.

Under subdivision (a) of § 1441, any case is removable to the federal court if it could have been brought there as a matter of original jurisdiction. An arising-under (federal question) claim of course fits that bill. But when the basis of removal is the federal nature of the claim, what is it that a subdivision (c) removal would carry along with the federal claim? The quick answer that pops to mind is: any state-based claim arising out of the same basic transaction, event or occurrence, or any related series of them, that would satisfy the "pendent" jurisdiction test pronounced by the U.S. Supreme Court in United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

But in that case wouldn't "pendent jurisdiction"--now codified as "supplemental" jurisdiction, see § 1367, above, and the Commentary on it--offer all the jurisdictional support the state claim needs? Wouldn't the removal of the federal claim under subdivision (a) carry along the "pendent" state claim?

It probably would, and, if it did, there would be no need to rely on subdivision (c) to get a ride into the federal court for the state claim. The House Report (p. 23) acknowledges this, but nevertheless postulates that the availability of subdivision (c) for removal of the state claim in such a case would make removal easier; that if there is some doubt in the particular case as to whether there would be "pendent" jurisdiction to support removal under subdivision (a), a safer bet may be to rely on subdivision (c).

Under § 1441(c), however, the relatedness of the non-federal claim to the federal claim should be less, not more, than that required for an exercise of "pendent" jurisdiction. It is the relatedness of the two claims that is the raison d'etre of pendent jurisdiction, while removal under § 1441(c) comes closer to being postulated on their unrelatedness, as sounded by the very opening bars of § 1441(c): whenever "a separate and independent claim.... " Hence one must question the assumption that a pendent claim is the principal one that benefits from the amended subdivision (c). A

Case 5:26-cv-03535-JGB-SP    Document 61-2    Filed 08/03/26    Page 9 of 9    Page ID
#:1650

claim that satisfies the "pendent" standard may for that very reason fail to satisfy the "separate and independent" criterion of subdivision (c), and hence have to rely for removal not on subdivision (c), but subdivision (a).

But if subdivision (c) doesn't apply to the "pendent" claim, then what does it apply to? Restricted now to federal question cases but not needed for the most obvious federal question adjunct--the state claim that finds pendent jurisdiction in the federal claim--where can it operate? If it tries to operate on a state claim joined in the state action but wholly unrelated to the federal claim, it will have no basis at all for claiming federal jurisdiction and an attempt at removal under subdivision (c) would once again pose a constitutional issue. And even if removed, the claim wholly unrelated to the federal claim would almost certainly present matters in which state law "predominates", thus inviting an almost inevitable remand under the last clause of the amended § 1441(c).

All in all, with the elimination of the diversity category from subdivision (c), restricting it to federal question cases, and with the slim pickings the subdivision has in that realm, it may have to grope for gainful employment.

**Time for Removal**

The amendment of subdivision (c) changes only the criteria for removal, not the time for it. The time period for removing is supplied by subdivision (b) of § 1446. Section 1446(b) was the subject of a 1988 amendment (discussed in the Commentary on § 1446, below), but was not changed in 1990.

28 U.S.C.A. § 1441, 28 USCA § 1441
Current through P.L. 119-100. Some statute sections may be more current, see credits for details.

---

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.

---