LUNA D'SOL

Plaintiff, In Pro Per

Email Address: jravada@icloud.com

2275 E Belding Dr

Palm Springs CA 92262

Telephone: 213-925-4069

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUNA D'SOL <br><br> Plaintiff, <br><br> VS. <br><br> BANK OF AMERICA, N.A.; <br> BANK OF AMERICA CORPORATION; <br> TRICIA SHANKS, an individual; <br> PETER C MAXIM, an individual; <br> and DOES 1 through 50, inclusive, <br><br> Defendant(s). | **Case No:** 5:26-cv-03535-JGB-SP <br><br> **PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS** <br><br> Judge: Hon. Jesus G. Bernal. <br> .          United States District Juge <br><br> Date:   August 24rd, 2026 <br> Time:   8:30 am <br> Courtroom:   1, 2nd floor <br><br> Complaint Filed: March 4th, 2026 <br><br> Concurrently filed with: Declaration of Luna D'Sol, Supplemental Declaration of Kevin Cohen, Plaintiff's Renewed Objection Motion to Vacate, Proposed Orders |

## Introduction

Defendants' Opposition misconstrues the basis of Plaintiff's Motion. The Motion does not seek to relitigate whether a particular Notice and Acknowledgment of Receipt independently constituted valid service, nor merely to reargue remand. It challenges **Defendants' use, presentation, and continued**

PLAINTIFF'S REPLY IN SUPPORT OF MOTIONNS FOR SANCTIONS
5:26-cv-03535-JGB-SP

**TABLE OF CONTENTS**

| | |
|---|---|
| A. Defendants Corrected the Evidentiary Record After Plaintiff Identified Inconsistencies | 1 |
| B. The Amended Declaration Followed Plaintiff's Opposition—It Was Not an Independent Correction | 2 |
| C. Defendants' Own Evidence Deepens, Rather Than Resolves, the Dispute Over Formation | 3 |
| D. Defendants Cannot Rely on Plaintiff's Alleged Delay While Materially Revising Their Own Evidentiary Submission in Response to Her Opposition | 4 |
| E. Defendants Have Not Carried Their Burden on Formation | 5 |
| F. Defendants Substitute Characterizations for the Disputed Evidentiary Record | 6 |
| G. Request to Treat Defendants' Affirmative Reliance on Exhibit 2 as an Admission | 7 |
| CONCLUSION | |

i

# TABLE OF AUTHORITIES

**CASES**

| Authority | Page |
|---|---|
| *American General Life Insurance Co. v. Kleshnina*, 640 F. Supp. 3d 1378, 1382–83 (N.D. Ga. 2022) | 2 |
| *Berman v. Freedom Financial Network, LLC*, 30 F.4th 849 (9th Cir. 2022) | 3, 5 |
| *Hansen v. LMB Mortgage Services, Inc.*, 1 F.4th 667 (9th Cir. 2021) | 3, 6 |
| *Ruiz v. Moss Bros. Auto Group, Inc.*, 232 Cal. App. 4th 836 (2014) | 4 |
| ***Chambers v. NASCO, Inc.*** 501 U.S. 32, 43–46 (1991) | |

**STATUTUES**

| Authority | Page(s) |
|---|---|
| 9 U.S.C. § 4 | 6 |

**FEDERAL RULES OF EVIDENCE**

| Authority | Page(s) |
|---|---|
| Fed. R. Evid. 801(d)(2)(D) | 2 |

i

**reliance upon an allegedly inaccurate and incomplete evidentiary record to obtain and defend** removal, despite notice of contrary evidence—including records concerning service and corporate identity—and their characterization of Bank of America Corporation as a sham defendant notwithstanding evidence identifying that entity in Plaintiff's employment records. The sanctions question is therefore whether Defendants knowingly or recklessly presented and continued to rely upon materially inaccurate representations to this Court, not whether Plaintiff can prevail anew on every underlying procedural dispute.

The Supplemental Declarations filed concurrently do not introduce new evidence. Mr. Cohen's declaration presents his previously prepared forensic analysis in a declaration addressed to this Court since at the time he prepared his original declaration he was not aware the case had been removed to federal court. Plaintiff's Supplemental Declaration consolidates previously submitted evidence concerning the statement previously cited in most of her pleadings: Arbitration Agreement was created on the same day the Bank acknowledged her transgender status. Furthermore, Federal Rule of Civil Procedure 6(c)(2) places no restrictions on documentation accompanying a reply brief, allowing a movant to cure technical defects in documentary evidence by filing corrective affidavits with its reply Am. Gen. Life Ins. Co. v. Kleshnina, 640 F. Supp. 3d 1378.

**A.      Defendants Corrected the Evidentiary Record After Plaintiff Identified Inconistencies**

Dineen M. Allen, Senior Vice President, Benefits Delivery Executive for Bank of America, N.A., declared in support of the original Motion to Compel Arbitration that "[t]he Bank sent a reminder email to all active U.S.-based employees, including Ms. D'Sol and the Individual Defendants, on November 22, 2024." (Declaration of Dineen M. Allen ISO Mot. to Compel Arbitration ¶ 5, ECF No. 10-7 at Page ID #:321 (emphasis added).)

Nearly a year earlier, Morgan Lewis attorney Grant MacQueen wrote to Plaintiff on August 4, 2025: "On November 22, 2024, the Bank sent a reminder email to employees who had not yet acknowledged receipt of the Arbitration Policy, including you." (Aug. 4, 2025 Email from G. MacQueen to L. D'Sol, Ex. 38 to D'Sol Decl. ISO Mot. to Remand, ECF No. 31 at Page ID #:1058 (emphasis added).) That statement, made by Defendants' own counsel on a matter within the

scope of the representation, is a statement of a party-opponent under Fed. R. Evid. 801(d)(2)(D) and is not hearsay if Defendants seek to challenge its consideration on that basis.

Ms. Allen's later "clarification" does not identify a newly discovered distinction; it restores the narrower account that Defendants' own counsel had already stated in writing before this claim was filed. (Bird, July 28, 2025 email, ECF No. 31, Page ID #:929)

**B.     The Amended Declaration followed Plaintiff's Opposition — it was not an independent correction.**

In her Supplemental Declaration filed with Defendants' Amended Reply, Ms. Allen stated: "I noted that in paragraph 5 of my original Declaration, I stated that the 'Bank sent a reminder email to all active U.S.-based employees, including Ms. D'Sol and the Individual Defendants, on November 22, 2024.' I wanted to clarify that the Bank sent the reminder email to all active U.S.-based employees who had not yet acknowledged receipt of the Arbitration Policy." (Suppl. Decl. of Dineen M. Allen ISO Am. Reply ¶ 4, ECF No. 56-1 at Page ID #:1513–14.)

Neither the Amended Reply nor the Supplemental Declaration acknowledges that this "clarification" followed Plaintiff's identification of the discrepancy in her July 21, 2026 Opposition. (Pl.'s Opp'n to Mot. to Compel Arbitration § C, ECF No. 43 at Page ID #:1211 et seq.) The chronology is undisputed: Plaintiff's application for electronic filing was granted on July 21, 2026 (ECF Doc 41, Page Id 1201), Plaintiff filed her Opposition to Defendants' Motion to Compel Arbitration Agreement on July 21, 2026 (ECF Docs. 42-44); Defendants filed the Amended Reply and Supplemental Declaration on July 30, 2026. (ECF Nos. 56, 56-1.). Today, Defendants' original Reply documents remain at ECF No. 35, although the Court's blue ECF headers no longer appear on the copies presently accessible from the docket (Original Defendants' Reply- ECF Doc 35). Defendants subsequently filed an Amended Reply and Supplemental Declaration that altered the factual account challenged in Plaintiff's Opposition (ECF No. 43, Page ID #:1211, Section C). In the arbitration context, the Ninth Circuit has affirmed a district court's refusal to consider a later-developed argument supported by evidence that the moving parties possessed and could have presented before the motion was decided. Berman v. Freedom Financial Network, LLC, 30 F.4th

PLAINTIFF'S REPLY IN SUPPORT OF MOTIONNS FOR SANCTIONS
5:26-cv-03535-JGB-SP

849, 859–60 (9th Cir. 2022). Berman rejected the attempt to use reconsideration to advance an actual-knowledge theory supported by deposition testimony available months earlier, emphasizing the movants' failure to exercise reasonable diligence. Id. x1

**Accordingly, Plaintiff respectfully requests that the Court decline to consider Defendants' Amended Reply and Supplemental Declaration to the extent they materially alter the factual showing originally submitted in support of the Motion, and deny Defendants' Motion to Compel Arbitration on the record properly before the Court. Alternatively, Plaintiff requests that the Court give the subsequently revised factual assertions no weight in determining whether Defendants carried their burden to establish an enforceable agreement to arbitrate.**

**C.      Defendants' own evidence deepens, rather than resolves, the dispute over formation**

A motion to compel arbitration is evaluated under a summary-judgment-type standard when formation is disputed, and the moving party bears the burden of proving the existence of an agreement by a preponderance of the evidence. Hansen v. LMB Mortg. Servs., Inc., 1 F.4th 667, 670 (9th Cir. 2021).

Ms. Allen's Supplemental Declaration states that the Global Human Resources Service Center "does not maintain the Bank's records regarding the distribution and acceptance of the Arbitration Policy," and offers Plaintiff's myLearning training transcript only to show that distribution and acknowledgment of the Policy are "not recorded" there. (Suppl. Allen Decl. ¶¶ 6–7, ECF No. 56-1 at Page ID #:1513–14; Ex. 1, ECF No. 56-2 at Page ID #:1515.) One paragraph earlier, however, the same declarant affirmatively states that "Tricia Shanks did not receive this reminder email on November 22, 2024 because she had already acknowledged the Arbitration Policy" — a specific, individualized determination about acknowledgment status. (Id. ¶ 5, Page ID #:1514.) Defendants have not identified what record supports that determination, or produced the corresponding record for Plaintiff. A declarant cannot disclaim her own institution's record-keeping system as unreliable for tracking acknowledgment in one paragraph while relying on an acknowledgment determination from that same institution in the next.

PLAINTIFF'S REPLY IN SUPPORT OF MOTIONNS FOR SANCTIONS
5:26-cv-03535-JGB-SP

**D.      Defendants cannot rely on Plaintiff's alleged delay while materially revising their own evidentiary submission in response to her Opposition.**

Defendants contend that Plaintiff's Opposition was untimely and should therefore be disregarded. (See ECF No. 60 at Page ID #:1570–71; Am. Reply, ECF No. 56 at 6:2–4.) Yet nine days after Plaintiff filed her Opposition (ECF Nos. 42–44), Defendants filed an Amended Reply accompanied by a Supplemental Declaration that materially changed the very factual account Plaintiff's Opposition had challenged as inconsistent. Defendants thus did not merely respond to Plaintiff's Opposition; they used it to identify and revise a deficiency in their own evidentiary showing.

That procedural posture substantially undermines any claim of prejudice. In Ruiz v. Moss Bros. Auto Group, Inc., 232 Cal. App. 4th 836, 847–48 (2014), the court rejected an argument that an untimely opposition to a petition to compel arbitration should have been disregarded. Of particular relevance here, the moving party had filed a supplemental reply declaration and other reply papers responding to the late opposition. The Court of Appeal concluded that those reply papers "avoided any prejudice" resulting from the untimely opposition. Id. Defendants here did considerably more: after receiving Plaintiff's Opposition, they filed an Amended Reply and a Supplemental Declaration correcting the specific factual inconsistency Plaintiff had identified. Having availed themselves of a full opportunity to respond—and to supplement their own evidentiary record in the process—Defendants cannot persuasively maintain that Plaintiff's timing deprived them of a meaningful opportunity to address her Opposition.

The Ninth Circuit's decision in Berman v. Freedom Financial Network, LLC, 30 F.4th 849 (9th Cir. 2022), reinforces the separate problem created by Defendants' revised evidentiary showing. There, after denial of a motion to compel arbitration, the defendants attempted to rely upon evidence they already possessed to advance a new actual-knowledge theory. The Ninth Circuit affirmed refusal to consider that attempt because the defendants could, through reasonable diligence, have presented the evidence during the original motion proceedings. Id. The court specifically rejected defendants' tactical decision to withhold available evidence until their original arbitration theory proved unsuccessful.

PLAINTIFF'S REPLY IN SUPPORT OF MOTIONNS FOR SANCTIONS
5:26-cv-03535-JGB-SP

The circumstances here arise before disposition of the Motion rather than on reconsideration, but the underlying concern is analogous. Defendants possessed their own internal records before filing their Motion and original declaration — Ms. Allen swears she already had 'access to the Bank's personnel records and electronic data related to the Bank's distribution of the Arbitration Policy' when she signed her original Declaration. (Suppl. Decl. of Dineen M. Allen ISO Am. Reply ¶ 3, ECF No. 56-1 at Page ID #:1513.) Only after Plaintiff identified the inconsistency did Defendants submit a revised account based upon a 'further review' of those same internal records. (Id. ¶ 5, Page ID #:1514.) Defendants should not simultaneously obtain the benefit of Plaintiff's Opposition by using it to repair their evidentiary showing while asking the Court to disregard that same Opposition as untimely. (See ECF No. 60 at Page ID #:1559, 1561.)

Accordingly, Plaintiff respectfully requests that the Court reject Defendants' timeliness objection, consider Plaintiff's Opposition on its merits, and evaluate Defendants' subsequently revised evidentiary showing in light of the original declaration and the circumstances under which the revision was made.

**E.      Defendants have not carried their burden on formation.**

The issue is not whether Ms. Allen's original statement was a mistake. The issue is whether Defendants have established the existence of an agreement to arbitrate notwithstanding the materially changing evidence concerning distribution and acknowledgment. Where the making of the arbitration agreement is genuinely disputed, the FAA requires that dispute to be resolved rather than presumed. Hansen, 1 F.4th at 672.

Here, Defendants' original declarant gave one account of the November 22 distribution; Defendants' own prelitigation counsel had previously given a narrower one; and, after Plaintiff identified the inconsistency, Defendants' declarant changed her account to match the earlier representation. The same Supplemental Declaration states that the GHR Service Center does not maintain distribution-and-acceptance records, while simultaneously asserting that Shanks did not receive the November 22 reminder specifically because she had already acknowledged the Policy — a determination for which the underlying record has not been produced.

PLAINTIFF'S REPLY IN SUPPORT OF MOTIONNS FOR SANCTIONS
5:26-cv-03535-JGB-SP

On this record, Defendants have not eliminated the genuine dispute concerning whether Plaintiff received and assented to the Arbitration Policy. The Court should deny the Motion to Compel Arbitration or, if it concludes that formation remains genuinely disputed, proceed in accordance with 9 U.S.C. § 4 rather than resolve that factual dispute in Defendants' favor.

**F.      Defendants Substitute Characterizations for the Disputed Evidentiary Record**

.Defendants repeatedly characterize disputed propositions as credibility failures rather than addressing the evidence underlying those disputes. They attribute an improper motive to Plaintiff by asserting that she "appears to use" her sanctions motion to avoid consequences; state categorically that Plaintiff has "no evidence" of a misrepresentation concerning arbitration; characterize her service contention as "false"; and elsewhere characterize her account concerning receipt of the Motion as "simply unbelievable." These characterizations do not themselves establish any disputed fact.

More importantly, subsequent events undermine at least one of those categorical assertions. After stating that Plaintiff possessed "no evidence" of a misrepresentation concerning arbitration, Defendants filed an Amended Reply and Supplemental Allen Declaration correcting the November 22 distribution account that Plaintiff had challenged. The Court need not determine that the original statement was intentionally false to recognize the consequence: **the inconsistency Plaintiff identified was sufficiently real that Defendants themselves changed the evidentiary record to address it.**

Plaintiff therefore respectfully requests that the Court disregard unsupported characterizations concerning Plaintiff's motives, honesty, or credibility and determine the disputed questions of arbitration formation, service, and timeliness from the declarations, documentary evidence, and Defendants' original and subsequently amended submissions.

**Request to Treat Defendants' Affirmative Reliance on Exhibit 2 as an Admission**

Defendants' counsel, Karen Cho, offers Exhibit 2 (ECF Doc. 26-4) to her declaration — Plaintiff's June 26, 2026 email — as purportedly "clear evidence" that Plaintiff received and reviewed the Notice of Removal, reasoning that Plaintiff "takes issue with various information included in the removal." (ECF No. 26-2 at PageID #:520, ¶ 3.) That inference is not, in fact, clear

PLAINTIFF'S REPLY IN SUPPORT OF MOTIONNS FOR SANCTIONS
5:26-cv-03535-JGB-SP

evidence of anything: raising objections to a document's content does not establish when, how, or by what method that document was actually received, nor does it resolve the disputed question of whether the method of transmission satisfied the governing service rules. Still describing Exhibit 2, Ms. Cho states that Plaintiff "raised various objections to the service of the complaint and summons," and closes only with "Defendants have accepted service of the complaint and summons" — without disputing, qualifying, or otherwise addressing a single thing Plaintiff's email actually said. (*Id.*)

That raises a fair question: absent an express statement of disagreement, is it fair to treat Defendants' silence as to the substance of their own exhibit as tacit agreement with it? The answer appears just one paragraph later. In presenting Exhibit 3 — Plaintiff's June 30, 2026 email summarizing the parties' meet-and-confer call — Ms. Cho does not stay silent. She expressly states: "I disagree with Plaintiff's characterization of the call in this email." (ECF No. 26-2 at PageID #:521, ¶ 4.) Defendants therefore knew exactly how to flag disagreement with an exhibit's contents when they had one — and did so, one paragraph later. Having demonstrated that they know how to disclaim a characterization they dispute, their silence as to the substance of Exhibit 2 is not an oversight; it is the absence of any disagreement to state.

Plaintiff respectfully requests that this Honorable Court treat the substantive representations contained in Exhibit 2 as judicial admissions to the extent Defendants themselves adopted and affirmatively relied upon that exhibit as "clear evidence." Defendants' characterization of Exhibit 2 as "clear evidence," while expressly disclaiming Plaintiff's characterization of Exhibit 3 in the immediately following paragraph, demonstrates that Defendants knew how to identify and preserve disagreement with Plaintiff's statements when they intended to do so. Having placed Exhibit 2 before the Court as affirmative evidence without any comparable qualification, Defendants should not be permitted to rely upon the exhibit for the proposition favorable to them while disavowing, without explanation or contrary evidence, the substantive matters contained in the same communication.

Accordingly, Plaintiff respectfully requests that the Court consider Defendants' treatment of Exhibit 2 together with the independent evidence establishing the document irregularities identified therein. Exhibit 2 establishes, at minimum, that Defendants were placed on contemporaneous notice of

PLAINTIFF'S REPLY IN SUPPORT OF MOTIONNS FOR SANCTIONS

5:26-cv-03535-JGB-SP

Plaintiff's specific contention that the documents transmitted on June 3, 2026 had been altered or presented as documents bearing an earlier May 26, 2026 date. Defendants thereafter placed that communication before this Court as their own exhibit and affirmatively relied upon it as "clear evidence," without disputing those substantive allegations, even though counsel expressly disclaimed Plaintiff's characterization of Exhibit 3 in the immediately following paragraph.

If the Court finds, based upon Exhibit 2, **the Supplemental Declaration of Kevin H. Cohen and the forensic evidence authenticated and explained therein, Plaintiff's Supplemental Declaration and the records authenticated and explained therein,** together with the remainder of the evidentiary record, that Defendants altered, misrepresented, or knowingly presented materially inaccurate documents to Plaintiff or this Court, Plaintiff respectfully requests that the Court find such conduct sanctionable under the authority invoked in Plaintiff's Motion for Sanctions and impose the relief requested therein. Alternatively, Plaintiff requests that the Court require Defendants to specifically address the document irregularities identified in Exhibit 2 and addressed in **Mr. Cohen's Supplemental Declaration and Plaintiff's Supplemental Declaration** before accepting Defendants' characterization of those documents or excluding Plaintiff's forensic evidence concerning them. Chambers v. NASCO, Inc., 501 U.S. 32 (1991).

## CONCLUSION

After all of Defendants' briefing, the central factual questions presented by Plaintiff's Motion remain unanswered:

1. **Why does the arbitration-policy PDF produced by Stephen Bird display a February 27, 2025 creation date if Defendants maintain that the policy was distributed to Plaintiff in November 2024?**

2. **Why did Dineen Allen's account of the November 22, 2024 email change after Plaintiff identified the inconsistency between her original declaration and Defendants' counsel's earlier written representation?**

**3. Where is the Plaintiff-specific underlying record establishing Plaintiff's receipt or acknowledgment of the Arbitration Policy?**

**4. What is the actual service-and-removal chronology, and what evidence establishes that removal was timely under that chronology?**

These are not peripheral matters. They concern the representations Defendants made to obtain removal, compel arbitration, and defeat Plaintiff's challenges to both. Defendants had every opportunity to answer them. Instead, they attacked Plaintiff's credibility, repeated arguments from other motions, selectively relied upon Plaintiff's own communications, and supplemented their evidentiary presentation without producing the underlying records that would resolve the disputes.

The unanswered questions are therefore not a substitute for Plaintiff's sanctions showing; they demonstrate Defendants' failure to rebut it. Plaintiff presented the challenged representations, the contradictory record, the contemporaneous communications, and the subsequent changes to Defendants' evidentiary account. Defendants' Opposition does not reconcile that evidence. Accordingly, Plaintiff respectfully requests that the Court GRANT Plaintiff's Motion for Sanctions, reject Defendants' request to disregard the evidence upon which the Motion rests, and enter the relief specified in Plaintiff's concurrently filed Proposed Order.

**Certificate of Compliance:** The undersigned, Plaintiff certifies that this brief does not exceed 12 pages, which complies with this Court's Standing Order

Respectfully Submitted By:

Dated: August 10, 2026                                              /s/Luna D'Sol
                                                                              Luna D'Sol, Plaintiff

PLAINTIFF'S REPLY IN SUPPORT OF MOTIONNS FOR SANCTIONS
5:26-cv-03535-JGB-SP