LUNA D'SOL

Plaintiff, In Pro Per

Email Address: jravada@icloud.com

2275 E Belding Dr

Palm Springs CA 92262

Telephone: 213-925-4069

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| LUNA D'SOL<br><br>                                 Plaintiff,<br><br><br>                        VS.<br><br><br>BANK OF AMERICA, N.A.;<br>BANK OF AMERICA CORPORATION;<br>TRICIA SHANKS, an individual;<br>PETER C MAXIM, an individual;<br>and DOES 1 through 50, inclusive,<br><br>                                 Defendant(s). | **Case No:** 5:26-cv-03535-JGB-SP<br><br>**SUPPLEMENTAL DECLARATION OF LUNA D'SOL RE: DOCUMENT PROPERTIES OF ARBITRATION POLICY PROVIDED BY STEPHEN BIRD AND FEBRUARY 2025 COMMUNICATIONS, IN SUPPORT OF PLAINTIFF'S REPLY and IN SUPPORT OF MOTION FOR SANCTIONS [ECF NO. 45]**<br><br>Judge: Hon. Jesus G. Bernal.<br>.          United States District Juge<br><br>    Date:   August 24rd, 2026<br>    Time:   8:30 am<br>Courtroom:  1, 2nd floor<br><br>Complaint Filed: March 4th, 2026<br><br>Concurrently Filed with: Plaintiff's Reply in Support for Motion for Sanctions, Supplemental Declaration of Kevin Cohen, Declaration of Luna D'Sol ISO, Notice of Judicial Admissions / Inconsistent Admissions, Propose Orders |

1

DECLARATION OF LUNA D'SOL
5:26-cv-03535-JGB-SP

**DECLARATION OF LUNA D'SOL**

I, Luna D'Sol, declare as follows:

1.      I am the Plaintiff in this action. All facts set forth in this Supplemental Declaration are based upon my personal knowledge, including communications I personally sent or received, documents and records I personally received or obtained and maintain in my possession, and matters I personally observed. In preparing this Supplemental Declaration, I personally examined the communications, documents, and records described herein. If called as a witness, I could and would competently testify to the facts stated herein.

2.      Defendant Bank of America, N.A. is referred to herein as "BANA," and Defendant Bank of America Corporation is referred to herein as "BAC." I use those terms separately because they are separately named Defendants and because certain records and declarations at issue identify different Bank of America entities.

3.      Records provided to me concerning my employment identify Bank of America Corporation ("BAC") as my employer and identify BAC in connection with my termination. (Pl's RJN No. 10, Exhibit J; ECF Doc 50, p. 2, Request No. 10; ECF Doc. 50-2, pp. 1-4;

4.      Where I identify a communication, document, or record that I personally sent, received, or obtained, I identify it based upon my personal knowledge of that communication or record and the circumstances under which I sent, received, or obtained it.

5.      Where I describe information displayed by Adobe Acrobat or another application, I state only what I personally observed on my screen. I do not offer an expert or forensic opinion concerning the meaning, origin, cause, or reliability of metadata or other technical information displayed by that software.

6.      The exhibits identified in this Supplemental Declaration are records and communications that I personally received, sent, obtained, or examined as specifically stated below. Where an exhibit is described as a true and correct copy, that description is based upon my personal knowledge of the corresponding communication or document.

**COMMUNICATIONS WITH STEPHEN BIRD**

7. I make this declaration in this section in connection with the PDF arbitration policy provided to me by Stephen Bird, Associate General Counsel and Senior Vice President of Bank of America, on July 28th, 2025, to my email address: jravada@icloud.com.

8. On July 30, 2025, I saved Mr. Bird's July 28, 2025 email to my computer in .eml format. A true and correct screenshot showing the .eml file as it appeared on my computer on August 9, 2026, is attached as **Exhibit 56.**

9. On August 9th, 2026, I emailed counsel for Defendants, Nicole L. Antonopoulos and Karen Y. Cho, a copy of the July 28, 2025, Stephen Bird email in .eml format which includes a Policy Arbitration pdf document. I gave them the underlying electronic evidence so they could confront the actual substance of my observation, rather than merely object to my characterization of it. A true and correct copy of the email I sent to Nicole Antonopoulos and Karen Cho on August 9th, 2026 with the .eml document, is attached as **Exhibit 57.**

**MY OBSERVATION OF THE PDF'S DOCUMENT PROPERTIES**

10. A true and correct copy of the July 28, 2025 email that I received from Stephen Bird was previously filed as **Exhibit 20-2 at ECF No. 31, pp. 96–97**. I personally received that email at my email address, jravada@icloud.com, and recognize the exhibit as the communication I received from Mr. Bird. Before filing the exhibit, I redacted the notation concerning settlement purposes. Except for that redaction, the exhibit is a true and correct copy of the email I received.

11. I did not redact the substantive information in Mr. Bird's July 28, 2025 email concerning the arbitration policy or the November 8 and November 22, 2024 communications. The same substantive information concerning those communications appears in Allen's original Declaration at ECF No. 10-7, p. 3 ¶ 5.

12. On August 9, 2026, using my MacBook Pro running macOS Tahoe 26.5, I opened the PDF attached to Mr. Bird's email using Adobe Acrobat, Continuous Release Version 2026.001.21691.

13. I opened Adobe Acrobat's Document Properties function to view the information Adobe Acrobat displayed for the PDF. I did not alter or edit the PDF. A true and correct copy of a

DECLARATION OF LUNA D'SOL
5:26-cv-03535-JGB-SP

screenshot of the Document Properties selection menu as it appeared on my screen is attached as **Exhibit 58**.

14. The Document Properties window appeared on my screen, and I took a screenshot of the information displayed. A true and correct copy of a screenshot of the Document Properties window as it appeared on my screen is attached as **Exhibit 59**. The screenshot accurately reflects what I personally observed when viewing the PDF's properties in Adobe Acrobat.

15. I observed Adobe Acrobat displayed the following information:

    a.    File/document name: "Arbitration.pdf";

    b.    Title: "Arbitration.pdf";

    c.    Created: "2/27/2025, 05:09:54";

    d.    Modified: "7/28/25, 16:04:13";

    e.    Application: "PDFium"; and

    f.    Number of pages: "6."

16. Under "XMP Core Properties," Adobe Acrobat displayed xmp:CreateDate as 2025-02-27T13:09:54, xmp:ModifyDate as 2025-07-28T19:04:13-04:00, and xmp:MetadataDate as 2025-07-28T19:04:13-04:00. Adobe Acrobat also displayed "PDFium" for xmp:CreatorTool and pdf:Producer. A true and correct screenshot of that display is attached as **Exhibit 60.**

17. I did not use specialized forensic software to examine the PDF and did not perform a forensic analysis.

18. I do not offer an opinion concerning who created or modified the PDF, what software processes may have generated or changed its metadata, or whether the metadata establishes when the substantive contents of the arbitration policy were originally drafted.

**C. FEBRUARY 26, 2025 COMMUNICATION TO SHANKS AND MAXIM**

19. On February 26, 2025, at approximately 5:48 p.m. PST, I sent an email from my Bank of America work email account to Tricia Shanks and Peter Maxim in which I disclosed that I am a transgender woman. A true and correct copy of the communication was previously filed as Exhibit 20-

DECLARATION OF LUNA D'SOL
5:26-cv-03535-JGB-SP

1 at ECF No. 31, pp. 93–94. I prepared and sent that email and recognize the exhibit as a true and correct copy of the communication I sent.

20. On February 27, 2025, I received an email from Tricia Shanks responding to my February 26 communication. Ms. Shanks's response copied Peter Maxim and Lauren Reed, an individual whose name I had not heard of or seen before. A true and correct copy of Ms. Shanks's February 27, 2025 response is attached as **Exhibit 61**. I personally received that email and recognize the exhibit as a true and correct copy of the communication I received.

21. On May 21st, 2025, I received confirmation from my former employer to use sick time effective my first absent day due to sickness, May 20th, 2025. On May 21st, 2025 Tricia Shanks asked me to  logon to work even though the bank had sent her an email about my approved sick time. I know this because I was a manager and this is a part of standar procedure. I texted Tricia to let her know my system access was revoked due to sick time and gave her my reference numbr of ick time asking her if that is what she want to talk about. She said Loren and I want to speak with you. Two hours tricia deadnamed PLainitff and asker her again to get on the phone

22. On May 21st Loren Reed terminated plaintiff via email.

### D. TIMING I PERSONALLY OBSERVED

23. As described above, I viewed the Document Properties and Additional Metadata displayed by Adobe Acrobat for the arbitration-policy PDF that I received as an attachment to Mr. Bird's July 28, 2025 email.

24. Adobe Acrobat displayed a "Created" value dated February 27, 2025 and a "Modified" value dated July 28, 2025, as set forth in paragraphs 12 through 14 above and depicted in Exhibits 59–60.

25. February 27, 2025 is the same calendar date on which I received Ms. Shanks's response to the transgender-status disclosure communication that I sent to Ms. Shanks and Mr. Maxim on February 26, 2025.

DECLARATION OF LUNA D'SOL
5:26-cv-03535-JGB-SP

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 9th 2026, at Palm Springs CA

/s/ Luna D'Sol

Luna D'sol

Plaintiff and Declarant

DECLARATION OF LUNA D'SOL
5:26-cv-03535-JGB-SP