LUNA D'SOL

Plaintiff, In Pro Per

Email Address: jravada@icloud.com

2275 E Belding Dr

Palm Springs CA 92262

Telephone: 213-925-4069

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

LUNA D'SOL

                                    Plaintiff,

                    VS.

BANK OF AMERICA, N.A.;
BANK OF AMERICA CORPORATION;
TRICIA SHANKS, an individual;
PETER C MAXIM, an individual;
and DOES 1 through 50, inclusive,

                                    Dendant(s).

**Case No:** 5:26-cv-03535-JGB-SP

**PLAINTIFF'S RENEWED OBJECTIONS TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE (ECF NO. 38) AND RENEWED REQUEST TO VACATE RELATED-CASE DESIGNATION**

*[Filed Under Separate Cover Per Standing O*

*re: Objections to Evidence]*

Judge: Hon. Jesus G. Bernal.
.          United States District Juge

      Date:   August 24rd, 2026
      Time:   8:30 am
Courtroom:   1, 2nd floor

Complaint Filed: March 4th, 2026

Concurrently Filed with: [Proposed] Order Granting **PLAINTIFF'S RENEWED OBJECTIONS TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE (ECF NO. 38) AND RENEWED REQUEST TO VACATE RELATED-CASE DESIGNATION**

PLAINTIFF'S RENEWED OBJECTION and MOTION TO VACATE
5:26-cv-03535-JGB-SP

Plaintiff Luna D'Sol, appearing in pro per, respectfully submits the following objections to Defendants' Request for Judicial Notice in Support of Opposition to Plaintiff's Motion to Remand (ECF No. 38) and its supporting exhibits (ECF Nos. 38-1, 38-2). Each objection is presented below with the specific item objected to and the basis for the objection, consistent with this Court's format for objections to evidence.

| No. | Item Objected To | Objection |
|---|---|---|
| 1 | RJN Request No. 1 and Exhibit 1: Defendants' characterization of Los Angeles Superior Court Case No. 25VECV04709 ("D'Sol I") as a case in which "the Los Angeles County Superior Court entered Plaintiff's Request for Dismissal without prejudice of entire action." (ECF No. 38 at 2:9–17, Page ID #:1173.) | **Fed. R. Evid. 201(b), (e); Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999–1000 (9th Cir. 2018); Lee v. City of Los Angeles, 250 F.3d 668, 689–90 (9th Cir. 2001)** A court may notice public records, but **may not judicially notice disputed facts contained in those records**. *Khoja* specifically warns that a court must identify precisely what fact it is noticing. <br><br> Not a fact "not subject to reasonable dispute" under Fed. R. Evid. 201(b). The Los Angeles Superior Court Clerk's Notice of Voiding of Filing establishes that the Complaint was voided pursuant to Cal. Gov't Code § 68634(g) for nonpayment following denial of a fee waiver — not voluntarily dismissed. (Pl.'s RJN No. 8, Ex. H, ECF No. 17 at Page ID #:475.) Plaintiff placed this correction on the record in ECF No. 19 (July 10, 2026) ten days before this RJN was filed. Fed. R. Evid. 201(e) entitles Plaintiff to be heard on the propriety of noticing this characterization, and the Court should decline to notice it as fact. |
| 2 | Exhibit 1: LexisNexis CourtLink docket printout for Case No. 25VECV04709, retrieved September 8, 2025. (ECF No. 38-1 at Page ID #:1193–94.) | **Fed. R. Evid. 201(b); Khoja, 899 F.3d at 999–1000** Judicial notice must concern the **specific fact actually established by the noticed source**. A Sept. 8 snapshot can establish what the source reflected Sept. 8; it cannot establish what occurred Sept. 15. <br><br> Stale and superseded. This snapshot was retrieved seven days before the Superior Court Clerk issued its September 15, 2025 Notice of Voiding, and therefore cannot reflect D'Sol I's actual final procedural status. A record known to predate a materially |

PLAINTIFF'S RENEWED OBJECTION and MOTION TO VACATE

5:26-cv-03535-JGB-SP

| No. | Item Objected To | Objection |
|-----|------------------|-----------|
|  |  | dispositive event does not satisfy Fed. R. Evid. 201(b)'s accuracy requirement for the proposition Defendants offer it to prove. |
| 3 | Exhibit 1: Presentation of the Los Angeles Superior Court complaint (Page ID #:1176–83) and Plaintiff's separate California Civil Rights Department administrative complaint (Page ID #:1184–92) as a single, undifferentiated "Exhibit 1." (ECF No. 38 at 2:10–12, Page ID #:1173.) | **Khoja, 899 F.3d at 999–1000; Lee, 250 F.3d at 689–90** Judicial notice of the existence/content of public records does **not establish disputed factual inferences drawn from those documents**. Misleading conflation of two distinct proceedings — a state civil action and a separate administrative filing — under one exhibit label. Fed. R. Evid. 201 permits notice of the existence and content of a document, not of any relationship between two different filings that the proponent has not separately established. |
| 4 | Exhibit 1, pages 19–20: Redaction bars covering the footer location on both pages; "Page 2 of 2" appears on the final page with no corresponding "Page 1 of 2" on the preceding page. (ECF No. 38-1 at Page ID #:1193–94.) | **Fed. R. Evid. 901(a); Orr v. Bank of America, NT & SA, 285 F.3d 764, 773–74 (9th Cir. 2002); United States v. Pang, 362 F.3d 1187, 1192 (9th Cir. 2004)** Authentication requires evidence sufficient to support a finding that the item **is what the proponent claims it is**. *Orr* recognizes authentication as a condition precedent to admissibility. Lacks authentication as a complete and unaltered copy. Fed. R. Evid. 901(a) requires evidence sufficient to support a finding that the item is what its proponent claims. An unexplained redaction at the precise location a document's own pagination marker belongs, present on both of the exhibit's final two pages, is inconsistent with a claim that this is a true and correct, complete copy of the underlying record. |

For the foregoing reasons, Plaintiff respectfully requests that the Court sustain each of the foregoing objections and decline to take judicial notice of the objected-to characterizations and exhibits, or, at minimum, take notice only of the existence of the documents identified in Exhibits 1 and 2 to ECF No. 38 and not of the truth of any disputed characterization contained therein.

Respectfully Submitted

Dated: August 10, 2026.                                By: /s/ Luna D'Sol

Luna D'Sol, Plaintiff in Pro Per

3

PLAINTIFF'S RENEWED OBJECTION and MOTION TO VACATE

5:26-cv-03535-JGB-SP