LUNA D'SOL

Plaintiff, In Pro Per

Email Address: jravada@icloud.com

2275 E Belding Dr

Palm Springs CA 92262

Telephone: 213-925-4069

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUNA D'SOL<br><br>                               Plaintiff,<br><br>                VS.<br><br>BANK OF AMERICA, N.A.;<br>BANK OF AMERICA CORPORATION;<br>TRICIA SHANKS, an individual;<br>PETER C MAXIM, an individual;<br>and DOES 1 through 50, inclusive,<br><br>                    Defendant(s). | **Case No:** 5:26-cv-03535-JGB-SP<br><br>[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS<br><br>Judge: Hon. Jesus G. Bernal.<br>.      United States District Juge<br><br>  Date:  August 3rd, 2026<br>  Time:  8:30 am<br>Courtroom:  1, 2nd floor<br><br>Complaint Filed: March 4th, 2026<br><br>Concurrently filed with: Plaintiff's Reply ISO Motion for Sanctions, Supplemental Declarations of Luna D'Sol and Kevin Cohen, Notice to Vacate |

[PROPOSED] ORDER
5:26-cv-03535-JGB-SP

The Court, having considered Plaintiff's Motion for Sanctions, Defendants' Opposition, Plaintiff's Reply, the declarations and exhibits submitted by the parties, the Supplemental Declaration of Luna D'Sol, the Supplemental Declaration of Kevin H. Cohen, the forensic evidence submitted in support of the Motion, and the entire record in this action, hereby ORDERS as follows:

1. **Plaintiff's Motion for Sanctions is GRANTED.**
2. The Court finds that Defendants made and/or continued to rely upon materially inaccurate representations concerning matters material to the proceedings before this Court, as identified in Plaintiff's Motion and Reply.
3. The Court further finds that Defendants were placed on notice of the material discrepancies identified by Plaintiff and nevertheless continued to rely upon the challenged representations without adequately correcting, reconciling, or disclosing the discrepancies in the evidentiary record.
4. With respect to the arbitration evidence, the Court considers Defendants' original evidentiary submission together with the subsequently filed Amended Reply and Supplemental Declaration of Dineen M. Allen, including the material change concerning the scope of the November 22, 2024 arbitration-policy reminder email.
5. With respect to the challenged electronic documents, the Court considers the Declaration and Supplemental Declaration of Kevin H. Cohen, the forensic evidence identified therein, Plaintiff's declarations and authenticated records, and Defendants' own exhibits and representations concerning those documents.
6. The Court finds that the conduct established by the record constitutes sanctionable conduct under the Court's inherent authority. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46 (1991).
7. **Defendants and their counsel are hereby SANCTIONED as follows:**

   a. Defendants shall not rely upon any representation or evidentiary submission found by this Order to be materially inaccurate without expressly identifying and correcting the inaccuracy;

   b. Defendants shall preserve all original electronic records, metadata, transmission records, personnel records, arbitration-distribution and acknowledgment records, and service records implicated by Plaintiff's Motion;

   c. Defendants shall not rely upon the subsequently amended or supplemental evidentiary submissions to cure any finding made by the Court concerning the accuracy or completeness of the evidence originally presented without the Court considering the original and supplemental submissions together; and

   d. **[INSERT HERE THE SPECIFIC ADDITIONAL SANCTION REQUESTED IN YOUR ORIGINAL MOTION—monetary sanction, evidentiary sanction, striking a filing, or other relief].**

8. Nothing in this Order precludes the Court from imposing additional sanctions or other appropriate relief based upon the conduct established in the record.

2

[PROPOSED] ORDER
5:26-cv-03535-JGB-SP

IT IS SO ORDERED.

Dated: _____, 2026

`

_____

HON. JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER
5:26-cv-03535-JGB-SP