LUNA D'SOL

Plaintiff, In Pro Per

Email Address: jravada@icloud.com

2275 E Belding Dr

Palm Springs CA 92262

Telephone: 213-925-4069

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUNA D'SOL <br><br> Plaintiff, <br><br> VS. <br><br> BANK OF AMERICA, N.A.; <br> BANK OF AMERICA CORPORATION; <br> TRICIA SHANKS, an individual; <br> PETER C MAXIM, an individual; <br> and DOES 1 through 50, inclusive, <br><br> Defendant(s). | **Case No:** 5:26-cv-03535-JGB-SP <br><br> **[PROPOSED] ORDER GRANTING PLAINTIFF'S REQUEST REGARDING DEFENDANTS' ADOPTION AND RELIANCE ON EXHIBIT 2** <br><br> Judge: Hon. Jesus G. Bernal. <br> .     United States District Juge <br><br> Date:   August 3rd, 2026 <br> Time:   8:30 am <br> Courtroom:   1, 2nd floor <br><br> Complaint Filed: March 4th, 2026 <br><br> Concurrently filed with: Plaintiff's Reply ISO Motion for Sanctions, Supplemental Declarations of Luna D'Sol and Kevin Cohen, Notice to Vacate |

1

[PROPOSED] ORDER
5:26-cv-03535-JGB-SP

The Court, having considered Plaintiff's Reply in Support of Plaintiff's Motion for Sanctions, Defendants' submissions, the declarations and evidence submitted by the parties, the record in this action, and Defendants' affirmative reliance upon Plaintiff's June 26, 2026 communication as Exhibit 2 to the Declaration of Karen Cho (ECF No. 26-4), hereby ORDERS as follows:

1. **Plaintiff's request concerning Defendants' Exhibit 2 is GRANTED.**
2. Defendants submitted Plaintiff's June 26, 2026 communication as Exhibit 2 to the Declaration of Karen Cho (ECF No. 26-4) and affirmatively characterized that communication as "clear evidence" supporting Defendants' position. (ECF No. 26-2 ¶ 3, Page ID #:520.)
3. **Exhibit 2 to the Declaration of Karen Cho (ECF No. 26-4) is ADMITTED INTO EVIDENCE for purposes of Plaintiff's Motion for Sanctions and shall be considered in its entirety and in context.**
4. Defendants may not rely selectively upon portions of Exhibit 2 for propositions favorable to Defendants while excluding from consideration portions of the same communication necessary to place those propositions in context.
5. In determining the evidentiary significance of Exhibit 2, the Court also considers Defendants' treatment of Plaintiff's immediately subsequent communication submitted as Exhibit 3. In paragraph 4 of Ms. Cho's Declaration, Defendants expressly stated: "I disagree with Plaintiff's characterization of the call in this email." (ECF No. 26-2 ¶ 4, Page ID #:521.) No comparable qualification or disclaimer accompanied Defendants' affirmative reliance upon Exhibit 2.
6. **Defendants' submission and affirmative reliance upon Exhibit 2 establishes that Defendants received Plaintiff's June 26, 2026 communication and were contemporaneously placed on notice of the statements, objections, and document irregularities identified therein.** Admission of Exhibit 2 does not, standing alone, conclusively establish the truth of every factual assertion contained in Plaintiff's communication.
7. The Court shall consider admitted Exhibit 2 together with the **Supplemental Declaration of Kevin H. Cohen, Plaintiff's Supplemental Declaration, the forensic evidence submitted in support of Plaintiff's Motion for Sanctions, and the remainder of the evidentiary record** in determining Plaintiff's Motion for Sanctions.

IT IS SO ORDERED.

Dated: _____, 2026

`

_____

HON. JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE

2

[PROPOSED] ORDER
5:26-cv-03535-JGB-SP