LUNA D'SOL

Plaintiff, In Pro Per

Email Address: jravada@icloud.com

2275 E Belding Dr

Palm Springs CA 92262

Telephone: 213-925-4069

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| LUNA D'SOL<br><br>                                                Plaintiff,<br><br>                    VS.<br><br>BANK OF AMERICA, N.A.;<br>BANK OF AMERICA CORPORATION;<br>TRICIA SHANKS, an individual;<br>PETER C MAXIM, an individual;<br>and DOES 1 through 50, inclusive,<br><br>                                          Defendant(s). | **Case No:** 5:26-cv-03535-JGB-SP<br><br>[**PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY ACTION**<br><br><br>Judge: Hon. Jesus G. Bernal.<br>.        United States District Juge<br><br>  Date:   August 3rd, 2026<br>  Time:   8:30 am<br>Courtroom:   1, 2nd floor<br><br>Complaint Filed: March 4th, 2026<br><br>Concurrently filed with: Plaintiff's Reply ISO Motion for Sanctions, Supplemental Declarations of Luna D'Sol and Kevin Cohen, Notice to Vacate |

1

[PROPOSED] ORDER
5:26-cv-03535-JGB-SP

The Court, having considered Defendants' Motion to Compel Arbitration and Stay Action, Plaintiff's Opposition, Defendants' Reply and Amended Reply, the declarations and supplemental declarations submitted by the parties, Plaintiff's Supplemental Declaration, the Supplemental Declaration of Kevin H. Cohen, the exhibits and other evidence submitted by the parties, and the entire record in this action, hereby ORDERS as follows:

1. **Defendants' Motion to Compel Arbitration and Stay Action is DENIED.**
2. Defendants bear the burden of establishing the existence of an agreement to arbitrate. *Hansen v. LMB Mortgage Services, Inc.*, 1 F.4th 667, 670 (9th Cir. 2021).
3. The Court finds that Defendants have not carried their burden of establishing by a preponderance of the evidence that Plaintiff received and assented to the Arbitration Policy upon which Defendants' Motion relies.
4. In reaching this determination, the Court has considered the original Declaration of Dineen M. Allen, the Supplemental Declaration of Dineen M. Allen, the differing descriptions in the record concerning distribution of the November 22, 2024 reminder email, and the evidence submitted by Plaintiff concerning receipt, acknowledgment, and the Arbitration Policy produced to Plaintiff.
5. The Court further considers that Ms. Allen's Supplemental Declaration materially narrowed her original representation that the November 22, 2024 reminder was sent to "all active U.S.-based employees" by stating that it was sent to active U.S.-based employees **who had not yet acknowledged receipt of the Arbitration Policy**.
6. On the evidentiary record presented, Defendants have not established the formation of an enforceable arbitration agreement sufficient to compel arbitration of Plaintiff's claims.
7. Accordingly, **Defendants' Motion to Compel Arbitration and Stay Action is DENIED. Defendants' corresponding request to stay this action pending arbitration is also DENIED.**

IT IS SO ORDERED.

Dated: _____, 2026

_____
HON. JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER
5:26-cv-03535-JGB-SP