Luna D'Sol
Plaintiff, In Pro Per
Email Address: jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUNA D'SOL<br>Plaintiff,<br>vs.<br><br>BANK OF AMERICA, N.A.;<br>BANK OF AMERICA CORPORATION;<br>TRICIA SHANKS, an individual;<br>PETER C MAXIM, an individual;<br>and DOES 1 through 50, inclusive,<br>Defndant(s). | Case No: 5:26-cv-03535-JGB-SP ASx<br><br>**PLAINTIFF'S EX PARTE APPLICATION TO STRIKE, RESTRICT PUBLIC ACCESS TO, OR REQUIRE REDACTION OF FILINGS DISCLOSING PLAINTIFF'S FORMER LEGAL NAME; DENY DEFENDANTS REMOTE APPEARANCER AND FOR NARROWLY TAILORED PROTECTIVE RELIEF**<br><br>Judge: Hon. Jesus G. Bernal. .<br>United States District Juge<br><br>Date: August 24TH, 2026<br>Time: 8:30 am<br>Courtroom: 1, 2nd floor<br><br>Complaint Filed: March 4th, 2026<br>Filed Concurrently with Declaration of Luna D'Sol and Proposed Order |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Local Rules 7-19 and 7-19.1, on August 13, 2026, Plaintiff Luna D'Sol, appearing in pro per, will and hereby does apply ex parte to the United States District Court for the Central District of California, Courtroom 10A, located at 350 W. First Street, Los Angeles, California 90012, by electronically filing this written Ex Parte Application, which requests an Order:

1. **STRIKE OR REDACT THE CHALLENGED DISCLOSURES**. Strike the portions of ECF No. 10-7 and ECF No. 61-1 that publicly disclose Plaintiff's former legal name or, alternatively, temporarily restrict public access to those documents and permit or require corrected versions in which the former legal name is replaced by "[Former Name]."
2. Plaintiff respectfully requests that the Court **deny Defendants' request for remote appearance** pursuant to **Federal Rule of Civil Procedure 26(c)** and the Court's authority under **28 U.S.C. § 1651,** as Defendants' demonstrated willingness to publicly disclose Plaintiff's former legal name despite repeated objection creates a continuing privacy and safety risk that remote access — with its attendant potential for recording and third-party viewing — would compound.
3. **CONSIDERING THE SUBSEQUENTLY DEVELOPED RECORD**. Consider Plaintiff's Declaration and supporting exhibits concerning the original disclosure, Plaintiff's objections and requests for correction, the parties' meet-and-confer communications, Defendants' subsequent ability to present their evidence without publicly identifying Plaintiff by her former legal name, the renewed disclosure through ECF No. 61-1, and Plaintiff's subsequent requests for corrective action, including to the extent that record bears upon matters presently before the Court concerning Defendants' Motion to Compel Arbitration and Plaintiff's invocation of the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act.

4. **PREVENTING FURTHER UNNECESSARY PUBLIC DISCLOSURE.** Direct Defendants to refrain from publicly disclosing Plaintiff's former legal name in future filings unless the disclosure is necessary to adjudication or otherwise authorized by the Court.
5. **GRANTING SUCH OTHER AND FURTHER RELIEF** as the Court deems just and proper.

This Ex Parte Application arises from circumstances not created by Plaintiff. Defendants received actual notice that Plaintiff objected to the public disclosure and continued use of her former legal name, were specifically informed that such use was inaccurate, disrespectful, and unacceptable, and participated in meet-and-confer communications concerning the issue. Plaintiff thereafter repeatedly sought voluntary corrective action before requesting Court intervention. Notwithstanding that notice, Defendants continued placing Plaintiff's former legal name into the public record, including after Plaintiff expressly advised counsel of the serious and escalating harm caused by those disclosures. Plaintiff has proceeded in good faith and attempted to resolve the matter without Court intervention. Because the challenged information is already publicly accessible and each continued disclosure compounds the harm, the resulting prejudice cannot be adequately prevented by awaiting regularly noticed motion procedures.

Defendants had actual notice well before the filings at issue that Plaintiff's legal name is Luna D'Sol and that Plaintiff expressly objected to continued use or public disclosure of her former legal name. Plaintiff specifically informed Defendants' counsel that continued use of her former name was "inaccurate, disrespectful, and unacceptable," subsequently raised the issue through meet-and-confer communications, and repeatedly requested that Defendants stop. Despite that notice, the record reflects subsequent references to Plaintiff inconsistent with her current legal identity, including correspondence addressing her as "Mr. D'Sol," followed by the public disclosure of her former legal name in Defendants' filings. After Plaintiff again objected and explained the harm caused by the disclosure, Defendants nevertheless filed another public exhibit displaying the former name, asserting that Plaintiff's limited disclosure of that name in an unrelated real-property action justified their continued disclosure here. This Application therefore concerns not an isolated or

inadvertent reference, but Defendants' continued disclosure after repeated, express notice of Plaintiff's identity and objection.

Defendants have demonstrated a recurring pattern of reengaging Plaintiff in communications that reasonably indicate disputed matters may be resolved without Court intervention, followed by withdrawal, nonresponse, or failure to complete the process at or near Plaintiff's filing deadlines. For example, Defendants reengaged Plaintiff regarding settlement, represented that they were prepared to discuss resolution, and invited Plaintiff to prepare and submit a settlement demand. Plaintiff did so, yet Defendants provided no substantive response to that demand by the requested response date. Similarly, Defendants later requested a meet-and-confer concerning Plaintiff's August 7 communication, but the requested conference did not occur on the date proposed by Defendants despite Plaintiff's attempts to participate. Plaintiff does not speculate as to Defendants' motives; however, the practical effect of this recurring sequence has been to cause Plaintiff to devote time to apparent avenues of informal resolution that are then left unresolved at or near critical filing deadlines, materially compressing the time available for Plaintiff to seek judicial relief.

The urgency requiring ex parte relief was not created by Plaintiff. Defendants created the circumstances requiring immediate intervention by publicly filing Plaintiff's former legal name after receiving repeated actual notice that Plaintiff objected to its disclosure and after Plaintiff expressly requested that they stop. The resulting disclosure has already occurred and the challenged material remains publicly accessible; each additional day of public availability prolongs the harm and increases the risk of further dissemination. A regularly noticed motion therefore cannot prevent the injury that is presently occurring. Plaintiff acted promptly after Defendants declined to provide corrective relief, and the need for expedited intervention is attributable to the challenged filing and Defendants' refusal to correct it, not to any delay or tactical choice by Plaintiff.

**PLEASE TAKE FURTHER NOTICE** that, in compliance with Local Rule 7-19.1(a), on July 31, 2026, Plaintiff notified Defendant's counsel of her intent to file this Application, and of the substance of the relief requested, by phone call, voicemail and email. D'Sol Decl. ¶ 7, EXHIBIT 2. As of the filing of this Application, Defendant has not stated a position.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Rule 7-19.1, Plaintiff provided notice to Defendants' counsel of Plaintiff's intention to seek ex parte relief concerning the continued public disclosure of Plaintiff's former legal name. Plaintiff and Defendants' counsel subsequently conferred by telephone on August 13, 2026. During that conference, Defendants' counsel stated that Defendants did not believe there was an emergency or a basis for ex parte relief, maintained that disclosure of Plaintiff's former legal name was necessary for authentication, and suggested that Plaintiff refrain from filing the Ex Parte Application pending further guidance from the Court. The parties did not reach agreement concerning removal or redaction of the challenged disclosures. D'Sol Decl. ¶ 43.

This Application is based upon this Notice, the attached Memorandum of Points and Authorities, the concurrently filed Declaration of Luna D'Sol and exhibits thereto, the pleadings and records on file in this action, and upon such further evidence and argument as the Court may consider.

Respectfully submitted,

Dated:8/14/2026

/s/ Luna D'Sol

Luna D'Sol, Plaintiff, In Pro Per

# TABLE OF CONTENTS


I. INTRODUCTION ........................................................................................ 6

II. PROCEDURAL BACKGROUND ..................................................................... 8

III. LEGAL STANDARD ..................................................................................... 9

A. Ex Parte Relief ..................... ............................................................................. 9

B. The Court's Inherent Authority to Strike or Otherwise Correct Improperly Filed Material .......... ............................................................ 9

C. Judicial Notice Under FRE 201 ........... ........................................................... 9

D. Redaction and Sealing to Protect Sensitive Identity Information ..................... ......................................................... 10

E. The EFAA and the Pending Motion to Compel Arbitration .. .............................. 10

F. Request to Deny Defense Counsel Request for Remote Appearance ........................................................................ 11

IV. ARGUMENT ............... ............................ ...................................................... 11

A. Ex Parte Relief Is Warranted Because the Harm Is Continuing, Plaintiff Acted Diligently, and Ordinary Motion Practice Cannot Prevent Further Injury .... ................................................ 11

B. The Requested Redaction Is Narrowly Tailored and Preserves Public Access to the Substance of the Proceedings ....................... ............................ ...................................... 13

C. Defendants' Claimed Authentication Rationale Is Undermined by Their Own Subsequent Filing .... .................................................. 13

D. Plaintiff's Prior State-Court Filing Does Not Establish a Continuing Need to Republish Her Former Legal Name Here ………………….14

E. Narrowly Tailored Redaction Gives Defendants the Evidentiary Use They Seek While Preventing Further Unnecessary Disclosure ......... .................................................................... 15

F. Remote Appearance ............. ................................................................ 15

V. CONCLUSION ........ ............................................................................ 17

# TABLE OF AUTHORITIES

CASES Page(s)

Bostock v. Clayton County,
590 U.S. 644 (2020) .......... 10

Ctr. for Auto Safety v. Chrysler Group, LLC,
809 F.3d 1092 (9th Cir. 2016) .......... 13

Decloedt v. Radnet Management, Inc.,
121 Cal. App. 5th 732 (2026) ...... .......... 10–11

Jones v. Critchfield,
No. 1:25-cv-00413-DCN (D. Idaho Aug. 23, 2025) ...... .......... 10

Kamakana v. City & County of Honolulu,
447 F.3d 1172 (9th Cir. 2006) ..... .......... 10, 13

Khoja v. Orexigen Therapeutics, Inc.,
899 F.3d 988 (9th Cir. 2018) ........ .......... 9

Mahalati-Shirazi v. Noem,
823 F. Supp. 3d 1042 ............... .......... 11–12

Mission Power Engineering Co. v. Continental Casualty Co.,
883 F. Supp. 488 (C.D. Cal. 1995) ........ .......... 7, 9

Ready Transportation, Inc. v. AAR Manufacturing, Inc.,
627 F.3d 402 (9th Cir. 2010) ............ .......... 9

Sidney-Vinstein v. A.H. Robins Co.,
697 F.2d 880 (9th Cir. 1983) ........... .......... 9

**STATUTES**

9 U.S.C. § 401(4) ........................ .............................................................. 10

9 U.S.C. § 402(a) ........... ........................................................................... 10

9 U.S.C. § 402(b) ......................................................................................... 10

28 U.S.C. § 1651 .......................................................................................... 16

**FEDERAL RULES**

Fed. R. Civ. P. 5.2 .................................................................................. 13, 15

Fed. R. Civ. P. 12(f) ......... ........................................................................ 9

Fed. R. Civ. P. 26(c) ....... ......................................................................... 16

Fed. R. Evid. 201 .......... ........................................................................... 9

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff respectfully seeks narrowly tailored ex parte relief requiring the removal or redaction of Plaintiff's former legal name from Defendants' public filings. Specifically, Plaintiff requests that the Court strike ECF No. 61-1 and ECF No. 10-7, or the portions thereof disclosing Plaintiff's former legal name, and permit Defendants to file redacted replacements. Alternatively, Plaintiff requests that the Court immediately restrict public access to the challenged filings pending replacement with properly redacted versions.

Plaintiff brings this Application only after repeating efforts to resolve the matter without Court intervention. Defendants and their counsel have had actual notice that Luna D'Sol is Plaintiff's legal name since being provided identifying information concerning Plaintiff's September 11, 2025 name-change order. Defendants have been expressly informed that continued use of Plaintiff's former name is inaccurate, disrespectful, and unacceptable. Yet Defendants have now publicly disclosed Plaintiff's former legal name twice. D'Sol Decl. ¶¶27-28,36,40.

After Defendants first disclosed Plaintiff's former legal name in the Allen Declaration, Plaintiff objected, requested corrective action, participated in a meet-and-confer, and advised Defendants that she would seek an order striking the disclosure if voluntary correction was refused. D'Sol Decl. ¶¶ 26-28. Defendants thereafter filed Allen's supplemental declaration *without* Plaintiff's former legal name, demonstrating that the identifier was not necessary to present that evidence to the Court. (ECF Doc 56-1).

Nevertheless, on August 3, 2026, Defendants publicly disclosed Plaintiff's former legal name again through ECF No. 61-1. D'Sol Decl. ¶¶30-32. Defendants now contend that this second disclosure was justified on two grounds: first, that Plaintiff had previously identified her former name in an unrelated state-court complaint; and second, that Defendants needed the information to authenticate that record. Neither justification withstands scrutiny. (ECF Doc. 60, pp. 7-8, §III)

The circumstances of the state-court filing were materially different. That action concerned real-property transactions involving recorded title instruments bearing Plaintiff's former name, creating a specific reason to connect those historical instruments to Plaintiff. Moreover, Defendants

relied on that docket to justify their own disclosure while omitting the subsequent Notice of Errata in which counsel in that action apologized to Plaintiff and the state court for misgendering her. (D'Sol Decl.¶33, Exhibit 69)

More fundamentally, Defendants could present their argument that Plaintiff previously used the former name publicly *without reproducing the former name itself*, as demonstrated by Defendants' own Opposition, which refers to Plaintiff as "formerly known as [Former Name]." (D'Sol Decl. ¶32; ECF Doc. 61-1, p.2, ¶1).That formulation—which Defendants themselves employed—shows that the evidentiary point can be made without publicizing the specific name Plaintiff has disavowed.

Ex parte consideration is necessary because the prejudice is occurring now and cannot be remedied fully through ordinary noticed-motion practice. ECF No. 61-1 remains publicly accessible while Plaintiff's present legal identity is being associated with the former identity she has repeatedly asked Defendants not to disclose. Waiting weeks for ordinary motion practice would necessarily permit the challenged disclosure to continue throughout that period, compounding the harm. See Mission Power Eng'g Co. v. Continental Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995).

Plaintiff did not manufacture this emergency through delay. She repeatedly sought voluntary correction, conferred with Defendants, warned them of the relief she intended to seek, renewed her request after the second disclosure, and attempted again to confer before seeking emergency intervention. Defendants' refusal to cooperate—despite having demonstrated in their own supplemental declaration that redaction is feasible—leaves Plaintiff no alternative but to seek immediate Court intervention.

The requested relief is correspondingly limited. Plaintiff does not ask the Court to prevent Defendants from making their evidentiary argument or relying upon otherwise admissible portions of the state-court record. She asks only that Defendants not publicly reproduce her former legal name where the identifier itself is unnecessary to the argument being advanced. Plaintiff therefore requests that the Court strike the challenged filings or disclosures and permit redacted replacements, or, at minimum, immediately restrict public access pending the Court's determination of the requested relief.

## II. PROCEDURAL BACKGROUND

On July 2, 2026, Defendants filed their Motion to Compel Arbitration and the supporting Declaration of Dineen M. Allen. (ECF Nos. 10, 10-7.) The Allen Declaration publicly disclosed Plaintiff's former legal name. After learning of the disclosure, Plaintiff promptly objected and requested that Defendants remove or correct it. On July 9, 2026, Plaintiff and Defendants' counsel met and conferred concerning the disclosure, but Defendants declined to amend the filing. D'Sol Decl. ¶¶ 26–28.

Defendants subsequently filed a supplemental declaration from Allen in connection with their amended reply. (ECF No. 56-1.) That declaration identifies Plaintiff without using her former legal name. D'Sol Decl. ¶ 29.

On August 3, 2026, Defendants filed their Opposition to Plaintiff's Motion for Sanctions and a Request for Judicial Notice with supporting Exhibit 1. (ECF Nos. 60, 61, 61-1.) In their Opposition, Defendants argued that their prior disclosure was justified because Plaintiff had previously identified herself in an unrelated state-court complaint as "Luna D'Sol (formerly known as [Former Name])." Although Defendants redacted the former name from the text of their Opposition, Exhibit 1 publicly reproduced it. D'Sol Decl. ¶¶ 30–33.

On August 7, 2026, Plaintiff again notified Defendants' counsel in writing of her objection, requested that the challenged disclosures be removed, redacted, or amended, described the continuing harm caused by their public availability, and advised counsel of her intent to seek judicial relief if voluntary correction was not made. D'Sol Decl. ¶ 34.

On August 10, 2026, Defendants requested a further meet-and-confer concerning Plaintiff's August 7 communication. On August 12, Plaintiff called both Nicole Antonopoulos and Karen Cho, left voicemails, and advised them by email that she was available for the remainder of the day. The conference did not occur that day. Defendants' counsel subsequently contacted Plaintiff by telephone on August 13, 2026. D'Sol Decl. ¶¶ 35, 46–47.

The challenged filing remains on the public docket. Plaintiff therefore brings this Application after repeated requests for voluntary correction and seeks immediate relief directed to the continued public disclosure of her former legal name.

## **III. LEGAL STANDARD**

A. Ex Parte Relief

Ex parte applications are appropriate where the moving party can demonstrate that irreparable harm will result from delay, that the applicant is without fault in creating the urgency, and that good cause exists for relief without the ordinary notice period. Mission Power Eng'g Co. v. Continental Cas. Co., 883 F. Supp. 488 (C.D. Cal. 1995). Where private information has been improperly placed on the public record and continues to cause harm with each passing day, courts regularly grant ex parte relief to prevent further injury. Id.

B. The Court's Inherent Authority to Strike or Otherwise Correct Improperly Filed Material

Federal courts possess inherent authority to manage their dockets and to fashion appropriate remedies concerning materials filed with the Court. Ready Transportation, Inc. v. AAR Manufacturing, Inc., 627 F.3d 402, 404 (9th Cir. 2010). That authority extends beyond Rule 12(f) and may include striking improperly filed documents where necessary to control the Court's docket and proceedings. Id.

To the extent Rule 12(f) independently applies to matter contained in a pleading, the Rule permits the Court to strike "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).

C. Judicial Notice Under FRE 201

Federal Rule of Evidence 201 permits judicial notice of an adjudicative fact only where that fact is not subject to reasonable dispute because it is generally known within the Court's territorial jurisdiction or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b).

The Ninth Circuit has cautioned against using judicial notice to circumvent the ordinary rules governing disputed facts. Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999–1001 (9th Cir. 2018). Accordingly, even where the Court may judicially notice the existence of another court's filing, that does not necessarily establish the truth of disputed factual assertions contained within that filing.

D. Redaction and Sealing to Protect Sensitive Identity Information

Although judicial records are ordinarily subject to public access, courts retain authority to protect sensitive information where the applicable standard for restricting access is satisfied. See Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178–80 (9th Cir. 2006).

In Jones v. Critchfield, No. 1:25-cv-00413-DCN (D. Idaho Aug. 23, 2025), the court permitted a transgender plaintiff to proceed pseudonymously and allowed identifying materials to remain sealed after finding that disclosure could expose her to stigmatization, harassment, disclosure of confidential information, and retaliation. The court emphasized that the public could retain access to the substantive facts, challenged conduct, and judicial reasoning notwithstanding protection of identifying information. Although Jones is persuasive rather than controlling authority, it demonstrates that meaningful public access and narrowly tailored protection of transgender identity information can coexist

E. The EFAA and the Pending Motion to Compel Arbitration

The Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 (“EFAA”) provides that, at the election of a person alleging conduct constituting a “sexual harassment dispute,” a predispute arbitration agreement is not valid or enforceable with respect to a case relating to that dispute. 9 U.S.C. §§ 401(4), 402(a). Congress expressly assigned determination of the EFAA’s applicability to the Court under federal law, notwithstanding any delegation provision. 9 U.S.C. § 402(b).

In Decloedt v. Radnet Management, Inc., 121 Cal.App.5th 732 (2026), the California Court of Appeal held that harassment need not involve sexual propositions, sexual desire, or conduct sexual in nature to constitute sexual harassment under FEHA. Rather, “the disparate treatment of an employee on the basis of sex” is the essence of the claim, and a hostile work environment may exist without coercive sexual conduct or conduct of a sexual nature. The court further relied upon Bostock v. Clayton County, 590 U.S. 644 (2020), recognizing that discrimination based upon transgender status necessarily entails discrimination based upon sex and that Bostock’s construction of “because of sex”

informs the identical language in Government Code § 12940(j)(1). Accordingly, harassment directed at Plaintiff because of her transgender status and gender identity may constitute harassment because of sex under FEHA notwithstanding that the challenged conduct was not sexual in form.

Decloedt further confirms that where a complaint sufficiently alleges a qualifying FEHA sexual-harassment claim, the EFAA may render a predispute arbitration agreement unenforceable as to the case relating to that dispute. See 9 U.S.C. §§ 401–402.

F. Request to Deny Defense Counsel Request for Remote Appearance

The Court retains discretion to require personal attendance where an in-person appearance would materially assist the effective management and resolution of matters requiring immediate judicial attention. Here, personal attendance is particularly warranted because Plaintiff's confidentiality interests are presently threatened by the continued public disclosure of sensitive identity information, the challenged disclosure concerns filings made by defense counsel, and repeated meet-and-confer efforts have not resolved the issue. An in-person appearance will permit the Court to address the confidentiality issue and any necessary corrective measures directly with counsel while minimizing further unnecessary disclosure of the protected information

## IV. ARGUMENT

A. ExParte Relief Is Warranted Because the Harm Is Continuing, Plaintiff Acted Diligently, and Ordinary Motion Practice Cannot Prevent Further Injury

Ex parte relief is warranted because Plaintiff's injury is occurring now and will continue for as long as the challenged identifying information remains publicly accessible. Ex parte applications require evidence that the moving party will be irreparably prejudiced if relief is delayed until ordinary noticed-motion procedures, and that the moving party did not create the emergency requiring expedited relief. Mahalati-Shirazi v. Noem, 823 F. Supp. 3d 1042. Plaintiff satisfies both requirements.

Plaintiff did not create this emergency through delay. After Defendants first publicly disclosed Plaintiff's former legal name in the Allen Declaration, Plaintiff promptly objected, requested corrective action, participated in a meet-and-confer, and expressly asked Defendants to stop publicly identifying her by that name. D'Sol Decl. ¶¶ 26–29. Defendants then filed Ms. Allen's supplemental declaration without publicly using Plaintiff's former legal name, demonstrating that the identifier was not necessary to present that evidence to the Court. See ECF No. 56-1; D'Sol Decl. ¶ 29.

The emergency arose only after Defendants again publicly filed Plaintiff's former legal name on August 3, 2026, as part of their Request for Judicial Notice, despite actual notice of Plaintiff's objection and the harm she attributed to the disclosure. D'Sol Decl. ¶¶ 30–34. Plaintiff again sought voluntary correction on August 7, described the matter as an emergency, and requested removal, amendment, or redaction before seeking Court intervention. D'Sol Decl. ¶ 34. Plaintiff show irreparable prejudice from waiting for regular noticed-motion procedures and that the crisis was not of her own making. Mahalati-Shirazi v. Noem, 823 F. Supp. 3d 1042.

The prejudice from delay is concrete and ongoing. Plaintiff declares that the continued public association of her present legal identity with her former legal name has caused substantial emotional and psychological distress and that she has experienced intermittent suicidal thoughts during this period while remaining under mental-health treatment. D'Sol Decl. ¶¶ 34, 41, 44. Plaintiff's treating provider previously documented intermittent suicidal thoughts, isolation, crying, poor sleep, and poor appetite. Id. ¶ 44 & Ex. 73. On August 7, 2026, Plaintiff specifically informed Defendants' counsel that the continued disclosure was causing severe psychological distress, described the matter as an emergency, and pleaded with counsel to stop. Id. ¶ 34. The challenged identifying information nevertheless remains publicly accessible. Requiring Plaintiff to proceed through ordinary noticed-motion practice would therefore leave in place, for the duration of that process, the very public disclosure that Plaintiff identifies as producing the serious and continuing psychological harm for which she seeks immediate relief.

B. The Requested Redaction Is Narrowly Tailored and Preserves Public Access to the Substance of the Proceedings

Plaintiff's request is not to seal the merits of the parties' dispute, remove Defendants' arguments from public view, or prevent the Court from considering Defendants' evidence. Plaintiff seeks only the redaction or restriction of one category of identifying information: her former legal name, where that identifier is unnecessary to the issues before the Court.

Judicial records are subject to a strong presumption of public access, but that presumption may be overcome by compelling reasons supported by specific facts. Kamakana v. City & County of Honolulu, 447 F.3d 1172. The Ninth Circuit applies the compelling-reasons framework when records are attached to motions that are more than tangentially related to the merits. Ctr. for Auto Safety v. Chrysler Group, LLC, 809 F.3d 1092. Federal Rule of Civil Procedure 5.2 also expressly permits courts, for good cause, to require redaction of additional information or limit remote electronic access to filings. USCS Fed Rules Civ Proc R 5.2.

The relief requested here is tailored to those principles. Redaction would leave the public able to understand the parties' arguments, the existence of the Allen Declaration, the existence of the state-court filing, and Defendants' position that Plaintiff previously used a former name in another proceeding. It would remove only the public reproduction of the former name itself. Plaintiff has therefore proposed the least restrictive practical relief: strike only the challenged disclosure, restrict public access only as necessary, and permit corrected versions using "[Former Name]" in place of the actual former name.

C. Defendants' Claimed Authentication Rationale Is Undermined by Their Own Subsequent Filing

Defendants have asserted that public disclosure of Plaintiff's former legal name was necessary to authenticate the Allen Declaration or avoid confusion concerning Plaintiff's identity. The record undermines that justification.

After Plaintiff objected to the original Allen Declaration, Defendants filed Ms. Allen's renewed or supplemental declaration without publicly identifying Plaintiff by her former legal name. See ECF

No. 56-1; D'Sol Decl. ¶ 29. Defendants were therefore able to present the same declarant, pursue the same arbitration request, and identify Plaintiff by her current legal name without using the challenged identifier.

That point is dispositive for purposes of the requested redaction. Plaintiff does not ask the Court to prevent Defendants from relying on Ms. Allen, authenticating relevant documents, or litigating their Motion to Compel Arbitration. Plaintiff asks only that Defendants not publicly reproduce an unnecessary former legal name when their own filing shows the evidence can be presented without it.

D. <u>Plaintiff's Prior State-Court Filing Does Not Establish a Continuing Need to Republish Her Former Legal Name Here</u>

Defendants also contend that Plaintiff previously used her former name in a public state-court filing and therefore cannot establish bad faith or harm from Defendants' disclosure. See ECF No. 60 at 6. That argument does not resolve the issue before this Court.

The question is not whether the former name ever appeared in another public record. The question is whether Defendants have shown a present need to republish that identifier in this federal action after Plaintiff objected and requested that they stop. Plaintiff's prior state-court filing arose from litigation concerning real-property transactions and recorded property interests bearing the former name. D'Sol Decl. ¶ 33. That context does not establish that republication of the former name is necessary here.

Defendants' own Opposition proves the point. In the text of their Opposition, Defendants referred to Plaintiff as "Luna D'Sol (formerly known as [Former Name])" without reproducing the actual former name. D'Sol Decl. ¶¶ 30–32. Yet the accompanying RJN exhibit publicly reproduced the actual identifier. D'Sol Decl. ¶¶ 30–32. Defendants therefore demonstrated that they could make the substantive argument—that Plaintiff previously used a former name in another proceeding—without publicly republishing the name itself.

Nor should the state-court record be presented selectively. Plaintiff's declaration identifies a subsequent Notice of Errata in that action, in which counsel apologized to Plaintiff and the court

concerning misgendering. D'Sol Decl. ¶ 33. Plaintiff disputes Defendants' characterization of the unrelated litigation as showing that continued disclosure here is harmless, necessary, or justified.

E. Narrowly Tailored Redaction Gives Defendants the Evidentiary Use They Seek While Preventing Further Unnecessary Disclosure

The Court need not choose between public adjudication and protection of Plaintiff's former legal name. Plaintiff does not request exclusion of Defendants' evidence merely because she disputes Defendants' use of it. Plaintiff requests a narrower remedy: preserve the filings and arguments necessary for adjudication while removing or redacting the specific identifying information causing the ongoing harm.

Federal Rule of Civil Procedure 5.2 permits a redacted filing to be accompanied by an unredacted version under seal, and it permits use of a sealed reference list identifying redacted information by an appropriate identifier. USCS Fed Rules Civ Proc R 5.2. That procedure fits the relief requested here. If the Court concludes that the unredacted information must remain available to the Court, Defendants can file an unredacted version under seal while the public docket uses "[Former Name]" or another neutral identifier.

Accordingly, Plaintiff respectfully requests that the Court order the following limited relief: strike or redact the portions of ECF No. 10-7 and ECF No. 61-1 that publicly disclose Plaintiff's former legal name; temporarily restrict public access to the unredacted versions pending filing of corrected versions; permit or require Defendants to file redacted replacements using "[Former Name]"; and direct Defendants to refrain from unnecessary future public disclosure of Plaintiff's former legal name absent further order of the Court. This relief preserves the record, protects the public's ability to understand the dispute, and prevents further unnecessary dissemination of identifying information that Defendants' own filings show is not needed.

F. Remote Appearance

Plaintiff further requests to this Honorable Court to decline Defendants' request for remote appearance (ECF Doc 54) because the matters presently before the Court involve significant disputes

concerning the authenticity and reliability of documentary evidence, as addressed in the forensic evidence explained in the Cohen Declaration. See (Cohen Report/Declaration ECF Docs. 64-9, 64-10), reliability concerns when obtaining relief from Honorable Judge Manuel Bustamante in California State Court and breaching the stipulation agreement they obtained relief from (ECF Doc. 1-4 pp. 153-164). Those evidentiary issues are compounded by the present dispute concerning Plaintiff's former legal name. Defendants previously received identifying information concerning Plaintiff's September 11, 2025 name-change order, yet subsequently objected to Plaintiff's description of that order on authentication grounds, thereby placing Plaintiff in the position of submitting sensitive documentation connecting her present legal identity with her former identity. D'Sol Decl. ¶¶ 36–40.

Plaintiff has concerns is that Defendants intend to record or misuse a remote proceeding. Plaintiff does, however, have substantial privacy concerns regarding any proceeding in which her former legal identity may be discussed, particularly in light of the repeated public disclosures described above and the serious psychological effects Plaintiff has declared those disclosures have caused. D'Sol Decl. ¶¶ 26–34, 41, 44. Because this Court's ordinary procedure is an in-person hearing unless remote appearance is specifically authorized, Plaintiff respectfully requests that the Court decline Defendants' requested exception and require counsel to appear in person, where the Court can directly manage the presentation and discussion of the sensitive information and disputed documentary evidence at issue.

In light of Defendants' repeated and willful public disclosure of Plaintiff's former legal name — including through a filing that remains on the public docket notwithstanding Plaintiff's written objections — Plaintiff respectfully requests that the Court deny Defendants' request for remote appearance (ECF Doc. 54). Permitting remote participation under these circumstances would create an additional and uncontrolled vector for further exposure of Plaintiff's private identifying information. The Court has authority to impose such a restriction pursuant to Federal Rule of Civil Procedure 26(c), which authorizes protective orders to shield a party from annoyance, embarrassment, and harm, as well as under 28 U.S.C. § 1651 and the Court's broad discretion to control the conduct of proceedings before it.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court strike ECF Nos. 10-7 and 61-1, or strike the portions thereof that publicly disclose Plaintiff's former legal name; alternatively, immediately restrict public access to the unredacted filings and require the filing of redacted replacements substituting "[Former Name]" for the challenged identifying information; deny Defendants' request for remote appearance at the August 24, 2026 hearing and require counsel to appear in person; direct Defendants to refrain from further unnecessary public disclosure of Plaintiff's former legal name; and grant such other narrowly tailored protective and corrective relief as the Court deems just and proper.

### CERTIFICATE OF COMPLIANCE

Pursuant to the applicable Local Rules and this Court's requirements governing page limitations, Plaintiff Luna D'Sol, appearing in pro per, certifies that the foregoing Memorandum of Points and Authorities complies with the applicable page limitation, exclusive of those portions of the filing excluded from the page-count limitation. 12 Pages Total

Respectfully submitted,

Dated:8/14/2026

/s/ Luna D'Sol

Luna D'Sol, Plaintiff, In Pro Per