Exhibit 68



**From:** **Luna D'Sol** jravada@icloud.com
**Subject:** RECAP JULY 9TH 2026
**Date:** July 9, 2026 at 23:22
**To:** Antonopoulos, Nicole L. nicole.antonopoulos@morganlewis.com, Cho, Karen Y. karen.cho@morganlewis.com

Hi Counsel,

This email memorializes my understanding of today's meet and confer.

First, I requested that Defendants amend or otherwise correct the declaration filed in this action to remove the unnecessary public disclosure of my former legal name. I explained that my legal name is Luna D'Sol and that I am requesting this solely because the disclosure serves no apparent litigation purpose while unnecessarily compromising my privacy. Defendants stated they would review the issue and consider whether any corrective action is appropriate.

During our discussion regarding the unnecessary public disclosure of my former legal name, Defendants stated that they did not believe any legal basis required amendment of the declaration and questioned the harm resulting from the disclosure. I explained that this action arises from, among other things, allegations concerning my transgender status and that publicly linking my former legal name to my current legal identity unnecessarily compounds the very privacy and discrimination concerns underlying this litigation. I further explained that, beyond SB 59, California recognizes a fundamental constitutional right to privacy under Article I, section 1 of the California Constitution, and that I am unaware of any legitimate litigation purpose served by publicly disclosing my former legal name in Defendants' filing. Defendants indicated they would review the issue and consider my request.

Second, we discussed service of the Notice of Removal. Defendants represented that the Notice of Removal was sent by regular U.S. Mail, with a courtesy copy transmitted by email. When I asked whether there was any tracking number or proof of mailing associated with the U.S. Mail service, Defendants stated that they did not believe there was.

Third, Defendants asked whether I would participate in a settlement conference before the assigned federal judge. I explained that I intend to proceed with my Motion to Remand and other pending filings and that I remain concerned about preserving all jurisdictional objections. Defendants responded that any stipulation regarding a settlement conference could include language expressly preserving my challenge to removal and federal jurisdiction.

Finally, I raised my concern regarding the prior state-court stipulation concerning Defendant Tricia Shanks. I explained my position that Defendants agreed to file a responsive pleading by the deadline specified in the stipulation but did not do so before removing the action. Defendants disagreed and stated their position that removal relieved them of any further obligation under that stipulation.

If any portion of the foregoing does not accurately reflect Defendants' understanding of today's discussion, please advise promptly.

As stated during today's conference and consistently throughout my prior communications, nothing in this meet and confer, nor this email, shall be construed as a waiver of any rights, objections, or arguments, including but not limited to Plaintiff's objections to removal, jurisdiction, service, or any other procedural or substantive issue.

**Luna D'Sol**

📱 (213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.