**MORGAN, LEWIS & BOCKIUS LLP**
Karen Y. Cho, Bar No. 274810
karen.cho@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

**MORGAN, LEWIS & BOCKIUS LLP**
Nicole L. Antonopoulos, Bar No. 306882
nicole.antonopoulos@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304-1124
Tel: +1.650.843.4000
Fax: +1.650.843.4001

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF AMERICA CORPORATION, TRICIA SHANKS, and PETER C. MAXIM

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

LUNA D'SOL,

Plaintiff,

vs.

BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; TRICIA SHANKS, an individual; and PETER C. MAXIM, an individual; and DOES 1 through 50, inclusive,

Defendants.

Case No. 5:26-cv-03535-JGB-SP

Hon. Jesus G. Bernal

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION TO STRIKE, RESTRICT PUBLIC ACCESS TO, OR REQUIRE REDACTION OF FILINGS DISCLOSING PLAINTIFF'S FORMER NAME; DENY DEFENDANTS REMOTE APPEARANCE AND FOR NARROWLY TAILORED PROTECTIVE RELIEF**

Date: August 24, 2026
Time: 8:30 a.m.
Courtroom: 1, 2nd Floor

## TABLE OF CONTENTS


| | | Page |
|---|---|---|
| I. | RELEVANT BACKGROUND | 3 |
| II. | STANDARD | 5 |
| III. | ARGUMENT | 5 |
| | A. There Is No Basis for *Ex Parte* Relief Because the Dispute Is Fully Briefed and the Hearing Is Set for August 24. | 5 |
| | B. Defendants Had Legitimate Evidentiary Grounds for the Challenged Filings and Do Not Concede Wrongdoing. | 6 |
| | C. Defendants Do Not Generally Oppose Limited Restriction of Public Access to ECF Nos. 10-7 and 61-1, But Plaintiff's Ex Parte Application Is Not the Appropriate Procedure for this Relief. | 8 |
| | D. Plaintiff's Own Repeated Disclosures Undermine Her Claims of Emergency and Harassment. | 8 |
| | E. The New Mention of the EFAA Is Irrelevant and Constitutes Unauthorized Supplemental Briefing. | 9 |
| | F. Defendants' Remote Appearance Should Be Permitted. | 10 |
| | G. Plaintiff's Serial and Duplicative Filing Is Harassing and Costly. | 10 |
| IV. | CONCLUSION | 11 |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Fathi v. Saddleback Valley Unified School District*,
2020 WL 7315462 (C.D. Cal. Oct. 28, 2020) .................................................. 11

*Gerritsen v. Warner Bros. Entertainment Inc.*,
112 F. Supp. 3d 1011 (C.D. Cal. 2015) .................................................. 2

*Hann v. International Brotherhood of Magicians IBM*,
2023 WL 5504963 (C.D. Cal. May 19, 2023) (Bernal, J.) .................................................. 11

*Love v. The Mail on Sunday,*
2006 WL 4046171 (C.D. Cal. July 17, 2006) .................................................. 10

*Pac. Dawn LLC v. Pritzker*,
831 F.3d 1166, 1178 (9th Cir. 2016) .................................................. 9

*Mission Power Engineering Co. v. Continental Casualty Co.*,
883 F. Supp. 488 (C.D. Cal. 1995). .................................................. 5

*Youth 71Five Ministries v. Williams*,
160 F.4th 964 (9th Cir. 2025) .................................................. 5, 10

*Zamani v. Carnes*,
491 F.3d 990 (9th Cir. 2007) .................................................. 5

**Statutes**

Ending Forced Arbitration of Sexual Assault and Sexual Harassment
Act of 2021 .................................................. 4, 9, 10

**Other Authorities**

Central District Local Rule 1-3 .................................................. 11

Central District Local Rule 7-10 .................................................. 5, 10

Fed. R. Civ. P. 6(a)(2) notes .................................................. 1

Rule 26(c) .................................................. 10

Defendants Bank of America, N.A., Bank of America Corporation, Tricia Shanks, and Peter C. Maxim (collectively "Defendants") hereby submit the following opposition to Plaintiff's *ex parte* application to strike, restrict public access to, or require redaction of Defendants' filings disclosing Plaintiff's former legal name, deny Defendants' remote appearance, and for other protective relief ("Application") (ECF No. 65).[1]

Plaintiff's Application is not a proper request for emergency relief. It is an omnibus supplemental brief that repackages issues already pending before this Court through completed motion practice. Defendants maintain the position set out in their Opposition to Plaintiff's Motion for Sanctions: Defendants had legitimate evidentiary basis to refer to Plaintiff's former name in the prior filings at 10-7 and 61-1. ECF No. 60. ECF No. 10-7 is the Declaration of Dineen Allen, which is evidence that Plaintiff-who was formerly known by a different name during her employment with BANA-received notice of the Arbitration Policy and accepted the terms by her continued employment. ECF No. 61-1 is *Plaintiff's own public state-court complaint*, which directly rebuts her contention that Defendants had disclosed information she had kept confidential.

Nevertheless, to narrow the dispute and avoid further collateral motion practice, Defendants do not oppose the limited practical relief of sealing or otherwise restricting public access to ECF Nos. 10-7 and 61-1. However, Plaintiff's requested relief, even if granted, would be immaterial in light of Plaintiff's own repeated public disclosures of her former name. Before Defendants filed the challenged documents, Plaintiff publicly identified herself by her former name in an earlier Los Angeles County Superior Court complaint and multiple publicly filed documents bearing her

[1] Judge Bernal's procedures specify filing an ex parte response within 24 hours. Fed. R. Civ. P. 6(a)(2) notes that, when a time period is stated in hours, if the count ends on a weekend or holiday, the time falling on that day is carried over to count on the next court day.

former name in this action.[2] See ECF No. 60 at 2, 10–11; ECF No. 31 at Page ID Nos. 927, 1006, 1013–1021, 1056; ECF No. 61-1. Most significantly, Plaintiff again placed her former name in the public record through this Application itself, including in her declaration and Exhibits 62 through 64. See ECF No. 65-1 ¶¶ 13, 36; ECF Nos. 65-2, 65-3, 65-4. Plaintiff's own conduct demonstrates that striking only Defendants' filings would not cure the harm she alleges, and that the purported crisis is, at minimum, substantially of her own making.

This Court should deny Plaintiff's remaining requested relief. Defendants' Motion to Compel Arbitration has been fully briefed. However, Plaintiff improperly uses this Application to mention the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act ("EFAA"), which she waived; to submit new evidence concerning arbitration, metadata, and the merits of her employment claims; to mischaracterize the state-court record; and to seek denial of a remote appearance that Judge Bernal's Standing Order expressly permits and for which Defendants complied with the Court's requirements. None of these matters should be presented through an *ex parte* application that purportedly addresses alleged privacy concerns regarding the use of her former name.

This *ex parte* application is another example of Plaintiff's pattern of duplicative and unnecessarily burdensome filings. Plaintiff's conduct underscores the need for relief that Defendants previously requested in their Opposition to Plaintiff's Motion for Sanctions—namely, a conference with Court and the Parties to establish appropriate procedures and limitations for future filings raising the same or related issues.  Plaintiff's pro se status does not authorize serial, redundant, and procedurally improper filings.

---

[2] Plaintiff has previously filed a public complaint on January 14, 2026 where she list herself as "Luna D'Sol (formerly known as [former name])." *See Luna D'sol vs. Jae H Kim*, Docket No. 26STCV01294 (Cal. Super. Ct. Jan 14, 2026). The court may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *Gerritsen v. Warner Bros. Entertainment Inc.*, 112 F. Supp. 3d 1011, 1020 (C.D. Cal. 2015).

## I. RELEVANT BACKGROUND

On July 2, 2026, Defendants filed their Motion to Compel Arbitration and the Declaration of Dineen M. Allen (the "Allen Declaration"), and the hearing on Defendants' Motion to Compel Arbitration was set for August 3, 2026. ECF Nos. 10 and 10-7. Plaintiff claims that she learned that the Allen Declaration referred to her former name on July 6 and raised it with defense counsel on July 9. ECF No. 65-1 ¶¶ 26-28.

The deadline for Plaintiff's Opposition to Defendants' Motion to Compel Arbitration was July 13, 2026, but Plaintiff missed this deadline. On July 20, 2026, Defendants filed their Reply in Support of Defendants' Motion to Compel Arbitration. ECF No. 35. On July 21, 2026, Plaintiff filed her late Opposition to Defendants' Motion to Compel Arbitration. ECF No. 43.

On July 22, 2026, Plaintiff filed a Motion for Sanctions, alleging that Defendants' use of her former name was harassing and undertaken in bad faith. ECF Nos. 45 and 46.

On July 30, 2026, Plaintiff filed an *ex parte* application asking the Court to *continue* the pending hearings on Plaintiff's Motion to Remand and Defendants' Motion to Compel Arbitration to August 24, 2026, the same date as the hearing on Plaintiff's Motion for Sanctions. ECF No. 55. In this *ex parte* application, Plaintiff represented that her request was not a "delay tactic," and she argued that there was good cause to have all three motions heard on the same later date "to provide Defendants a full and fair opportunity to address the overlapping procedural issues in their opposition to the Motion for Sanctions, avoid duplicative briefing and hearings, and permit the Court to consider the related matters together on a complete and fully developed record." ECF No. 55 at 3, 5-6, 12-13.

Also, on July 30, 2026, Defendants filed their Amended Reply in support of their Motion to Compel Arbitration. ECF No. 56. On July 31, 2026, this Court issued a Scheduling Notice continuing the hearings on the pending motions from August 3

to August 24. ECF No. 58.

On August 3, 2026, Defendants filed their Opposition to Plaintiff's Motion for Sanctions. ECF No. 60. As reflected in Defendants' Opposition, Defendants explained that the Allen Declaration used Plaintiff's former name to authenticate and identify the employee reflected in the Bank's records and to establish delivery of the Arbitration Policy. ECF No. 60 at 2, 10-11. Defendants also showed that Plaintiff had already publicly used the same name in this action and in a complaint she filed on January 14, 2026 in Los Angeles County Superior Court. *Id.*; ECF No. 61-1. Plaintiff thereafter filed reply materials at ECF No. 64. The former-name dispute, including Plaintiff's request for sanctions, is thus fully briefed and pending.

On August 14, 2026, Plaintiff filed the instant *ex parte* application, initiating yet another emergency proceeding and submitting extensive new material on the same and additional subjects. ECF No. 65. In her *ex parte* application, Plaintiff requests that the Court strike, redact, or restrict access to ECF Nos. 10-7 and 61-1; prohibit future public references to Plaintiff's former name; and deny Defendants' remote appearance. ECF No. 65 at 2-3, 10-17. The supporting declaration and exhibits address arbitration-policy metadata, personnel-record productions, employment practices, leave, termination, alleged discrimination, and other merits issues having no connection to whether the docket entries should remain publicly accessible. ECF No. 65-1 ¶¶ 3-25.

Notably, Plaintiff's *ex parte* application – where she criticizes Defendants for filing two documents that refer to Plaintiff's former name – makes multiple references to her own former name on the public docket. Plaintiff states the name expressly in paragraph 36 of her declaration. ECF No. 65-1 ¶ 36. Exhibits 62 and 63 display the name repeatedly in email headers, recipient fields, addresses, and the body of the correspondence. ECF Nos. 65-2 at Page ID 1752 and 65-3 at Page ID 1754. Exhibit 64 displays it again in an email subject line. ECF No. 65-4 at Page ID 1756.

## II. STANDARD

*Ex parte* applications are reserved for extraordinary relief. A moving party must show both that ordinary motion practice will cause irreparable prejudice and that the movant is without fault in creating the asserted crisis. *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 492-93 (C.D. Cal. 1995). Judge Bernal's Standing Order likewise provides that *ex parte* applications are allowed solely for extraordinary relief and warns that sanctions may be imposed for misuse of that procedure. Standing Order § 14.

Central District Local Rule 7-10 provides that, absent a prior written order, the opposing party may not file a response to a reply. In addition, it is well established that a district court need not consider arguments raised for the first time in a reply brief. *Youth 71Five Ministries v. Williams*, 160 F.4th 964, 982 (9th Cir. 2025) (*quoting Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007)). An argument first offered *after the reply* and through a separate *ex parte* application is even further removed from authorized motion briefing.

## III. ARGUMENT

### A. There Is No Basis for *Ex Parte* Relief Because the Dispute Is Fully Briefed and the Hearing Is Set for August 24.

The precise dispute Plaintiff characterizes as an emergency - whether Defendants had a legitimate basis to reference her former name - is already before the Court through ECF Nos. 45, 60, 61, 61-1, and 64. The Court can decide that dispute on the completed record. *Ex parte* practice is not a vehicle to obtain a second, accelerated adjudication of an issue already under submission or to supplement a pending motion with new facts and theories.

Plaintiff's chronology independently defeats emergency treatment. She states that she learned of the Allen Declaration on July 6 but did not file this Application until August 14, more than five weeks later. ECF No. 65-1 ¶ 26. Similarly, Plaintiff's publicly filed state court complaint, which was attached as an exhibit to Defendants'

Request for Judicial Notice in Support of the Opposition to Plaintiff's Motion for Sanctions, was filed on August 3, 2026, and Plaintiff waited eleven more days before seeking relief. ECF No. 61-1. Those intervals are inconsistent with an injury that could not await ordinary process, particularly where this dispute is already fully briefed, Plaintiff previously filed an *ex parte* application to continue the hearings on the pending arbitration and remand motions to August 24, 2026 to coincide with the sanctions motion, and the Court agreed to set the pending motions for hearing on August 24, 2026.

Most importantly, there is no adversarial emergency concerning the only practical access remedy. Defendants do not oppose restricting public access to ECF Nos. 10-7 and 61-1. The Court therefore need not adjudicate accusations of bad faith, harassment, or illegality on an emergency basis to provide that limited accommodation (and regardless, doing so would be redundant due to Plaintiff's own multiple filings referencing her prior name). Plaintiff's other requests likewise do not present irreparable harm and should proceed, if at all, through the procedures governing those subjects.

**B. <u>Defendants Had Legitimate Evidentiary Grounds for the Challenged Filings and Do Not Concede Wrongdoing.</u>**

As explained more fully in Defendants' Opposition to Plaintiff's Motion for Sanctions, the reference to Plaintiff's former name in the Allen Declaration served a legitimate and evidentiary purpose: identification and authentication. ECF No. 60. Because Plaintiff put the authentication of the Arbitration Policy in controversy, the Allen Declaration establishes that the Bank's records confirm that Plaintiff, who was formerly known by a different name during her employment with BANA, received notice of the Arbitration Policy and accepted the terms of the Arbitration Policy by her continued employment. ECF No. 60 at 10-11. The reference to Plaintiff's former name was therefore directly relevant to establishing Plaintiff's identity in the Bank's employment records and authenticating those records.

Likewise, Defendants' submission of Plaintiff's own publicly filed complaint in another action, as an exhibit to their Request for Judicial Notice, served a direct and legitimate evidentiary purpose. ECF No. 61-1. Plaintiff seeks sanctions based on her contention that Defendants revealed information—specifically, her former name—she had supposedly kept private. Defendants were entitled to respond to that contention with the evidence supposedly demonstrating that Plaintiff herself had previously disclosed her former name in a publicly filed court document. That evidence directly addressed Plaintiff's claim and was plainly relevant to Defendants' defense against sanctions.

Plaintiff disputes Defendants' characterization of that state-court action, pointing to a Notice of Errata in which opposing counsel apologized to Plaintiff and the court for misgendering her. This contention is immaterial. The Notice of Errata concerned opposing counsel's erroneous and inadvertent use of masculine pronouns in a prior filing; it did not concern Plaintiff's own use of her former name in her publicly filed complaint. Accordingly, the Notice of Errata does not undermine the evidentiary purpose for which Defendants submitted Plaintiff's publicly filed complaint.

Plaintiff also acknowledges that Defendants have taken affirmative steps to avoid unnecessary references to her former name in their filings. ECF 14 at Page ID 1736-1737. For example, Defendants did not include Plaintiff's former name in the Supplemental Declaration of Dineen Allen ("Supplemental Allen Declaration") filed at ECF No. 56-1. Similarly, in their Opposition to Plaintiff's Motion for Sanctions, Defendants referred to Plaintiff as "Luna D'Sol (formerly known as [Former Name])" rather than reproducing her actual former name. Far from undermining Defendants' position, these omissions demonstrate Defendants' good faith efforts to use Plaintiff's former name only when there was a legitimate need to do so. Defendants did not indiscriminately repeat Plaintiff's former name throughout their filings. Rather, they included it only where necessary to identify or authenticate

evidence or to directly respond to Plaintiff's contention that Defendants had disclosed information she had kept private. Accordingly, the fact that Defendants omitted Plaintiff's former name from other filings does not undermine the legitimate basis for its limited use in the Allen Declaration and in connection with Plaintiff's own publicly filed complaint. It confirms that Defendants acted in good faith.

**C. <u>Defendants Do Not Generally Oppose Limited Restriction of Public Access to ECF Nos. 10-7 and 61-1, But Plaintiff's *Ex Parte* Application Is Not The Appropriate Procedure For This Relief.</u>**

Without waiving any argument regarding relevance, confidentiality, public access, or the propriety of the original filings, Defendants do not generally oppose restricting public access to the unredacted versions of ECF Nos. 10-7 and 61-1. However, Plaintiff's *ex parte* application is not the appropriate procedure for the relief Plaintiff seeks. First, there is no emergency to warrant relief through an *ex parte* application. , Resolving this "issue" with Defendants' filings does nothing to cure the same conduct by Plaintiff in her own filings. Plaintiff asks this Court to treat Defendants unequally; in effect requesting that Plaintiff may file documents reflecting her former name, but if Defendants do so, it is suddenly sanctionable conduct warranting an *ex parte* application. Plaintiff has no basis to make such a request. Second, the access issue has already been briefed in Plaintiff's Motion for Sanctions and can be resolved narrowly without deciding the sanctions dispute in Plaintiff's favor.

**D. <u>Plaintiff's Own Repeated Disclosures Undermine Her Claims of Emergency and Harassment.</u>**

Plaintiff's position is materially undermined by her own repeated public disclosures. Before Defendants filed the Allen Declaration, Plaintiff filed a public complaint in Los Angeles County Superior Court identifying herself by her present name and her former name. *See* ECF No. 61-1. Plaintiff also filed multiple documents in this action containing the name. See ECF No. 60 at 2, 10-11 (citing ECF No. 31 at

Page ID 927, 1006, 1013-1021, and 1056). Those disclosures expressly negate Plaintiff's allegation that Defendants revealed previously confidential information in bad faith.

Notably, Plaintiff's present Application repeats the same inconsistency. Paragraph 36 of Plaintiff's declaration expressly states her former name, and Exhibits 62 and 63 at pages 32 and 34 to her declaration display it multiple times. ECF No. 65-1 ¶ 36; ECF Nos. 65-2 and 65-3. Exhibit 64 displays it again. ECF No. 65-4. Yet Plaintiff seeks relief only against Defendants' documents, leaving her own disclosures untouched. Restricting only ECF Nos. 10-7 and 61-1 therefore would not remove the name from the docket or prevent the association Plaintiff claims as the source of the emergency.

At minimum, this record forecloses the assertion that Defendants alone placed the information in the public record or that the references prove an intent to harass. It also reinforces why the Court should not make emergency findings of misconduct while the same issue remains pending on the sanctions motion.

**E. <u>The New Mention of the EFAA Argument Is Irrelevant and Constitutes Unauthorized Supplemental Briefing.</u>**

Plaintiff's mention of the EFAA has nothing to do with this emergency application relating to references to her prior name. The EFAA has no application to this case and any argument regarding the EFAA has been waived because it was not included in Plaintiff's briefing on the motion to compel arbitration. *Pac. Dawn LLC v. Pritzker*, 831 F.3d 1166, 1178 (9th Cir. 2016) (holding that because "plaintiffs did not raise that argument to the district court in their motion [] or opposition to the defendants' motion [] the argument was waived").

This is particularly problematic where the hearing on Defendants' Motion to Compel Arbitration was originally set for August 3 and was continued only after Plaintiff filed a late opposition and requested additional time for Defendants to fully brief the issues raised therein. Plaintiff had ample opportunity to present her legal

arguments and evidence in her opposition, yet she never raised the EFAA. Moreover, Plaintiff never raised the EFAA in any meet and confer discussions. As such, Plaintiff did not invoke the EFAA at any time prior to this *ex parte* application, and it unduly prejudices Defendants to permit Plaintiff to belatedly invoke the EFAA in connection with an *ex parte* application that is wholly unrelated to the merits of Defendants' Motion to Compel Arbitration. As such, the Court should not permit Plaintiff to raise a new argument to oppose arbitration now, after the Parties have fully briefed the motion. *See* Local Rule 7-10 ("Absent prior written order of the Court, the opposing party shall not file a response to the reply."); *Youth 71Five*, 160 F.4th at 982 (A district court need not consider a belated argument first raised in reply); *Love v. The Mail on Sunday,* 2006 WL 4046171, at *1 (C.D. Cal. July 17, 2006) (denying the plaintiff's ex parte application to file corrected opposition that adds a new argument after the defendants already filed their reply, finding that the "requested relief would prejudice Defendants" and "require Defendants to revisit their reply briefs and address new arguments contained in an opposition filed three weeks after Plaintiff's extensive review of their replies").

**F. <u>Defendants' Remote Appearance Should Be Permitted.</u>**

Judge Bernal's Standing Order expressly permits counsel to appear remotely for all motion hearings, except hearings on preliminary injunctions, by following the Court's Zoom instructions and filing a notice at least two business days before the hearing. Standing Order § 17. Defendants complied with those requirements. *See* ECF No. 54. Plaintiff's speculation of counsel's intent does not overcome the Court's express remote-appearance procedure. Rule 26(c), which concerns protective orders in discovery, does not create a basis to deny a compliant remote appearance at a motion hearing. The Court should permit Defendants' remote appearance as authorized by its Standing Order.

**G. <u>Plaintiff's Serial and Duplicative Filing Is Harassing and Costly.</u>**

Plaintiff's *ex parte* application is yet another example of her disregard for this

Court's Local Rules and her pattern of duplicative and unnecessarily burdensome filings. The dispute over Defendants' reference to Plaintiff's former name was already fully briefed in Plaintiff's sanctions motion. Yet, just *four days* after filing her reply, Plaintiff submitted a 64-page e*x parte* package reasserting the same arguments, adding unrelated arbitration and EFAA matters, attacking a compliant remote appearance, and requiring Defendants to prepare another expedited response.

Plaintiff's claim of "urgency" is also inconsistent with her prior position in this action. In her July 30, 2026 *ex parte* application, Plaintiff argued that related matters should be coordinated to promote judicial economy and avoid duplicative briefing and hearings. ECF No. 55 at 3, 5-6, 12-13. The present Application does the opposite: it creates a new emergency proceeding, re-litigates matters already submitted, and inappropriately attempts to expand the record with new arguments and evidence.

Plaintiff's pro se status does not excuse this conduct. Local Rule 1-3 binds persons appearing without counsel to the Local Rules. Courts in this District have likewise recognized that pro se parties may not harass opposing counsel and remain bound by procedural rules. *Fathi v. Saddleback Valley Unified School District*, 2020 WL 7315462, at *7 (C.D. Cal. Oct. 28, 2020); *Hann v. International Brotherhood of Magicians IBM*, 2023 WL 5504963, at *5 (C.D. Cal. May 19, 2023) (Bernal, J.) (holding "[e]ven 'pro se litigants,' … are 'bound by the rules of procedure,' and Plaintiff has failed to follow them.").

Plaintiff's serial and duplicative filing imposes unnecessary costs on Defendants and further underscores the need for the relief Defendants previously requested in the Opposition to the sanctions motion: a conference with the Court and the Parties to discuss and establish appropriate limitations on similar filings in the future.

## IV. <u>CONCLUSION</u>

For these reasons, the Court should deny Plaintiff's Application, except for granting Plaintiff's limited relief of restricting public access to ECF Nos. 10-7 and

61-1 to the extent the Court deems necessary. The Court should also schedule a conference with the Parties to discuss and establish appropriate limitations on similar filings in the future.

Dated: August 17, 2026

MORGAN, LEWIS & BOCKIUS LLP

By *\/s/Karen Cho*
Karen Y. Cho
Nicole L. Antonopoulos

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF AMERICA CORPORATION, TRICIA SHANKS, and PETER C. MAXIM