LUNA D'SOL
Plaintiff, In Pro Per
Email Address: jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUNA D'SOL<br><br>Plainitff;<br><br>VS.<br><br>BANK OF AMERICA, N.A.;<br>BANK OF AMERICA CORPORATION;<br>TRICIA SHANKS, an individual;<br>PETER C MAXIM, an individual;<br>and DOES 1 through 50, inclusive,<br><br>Defendants. | **Case No:** 5:26-cv-03535-JGB-SP<br><br>**PARTE APPLICATION FOR AN DER STRIKING, DISREGARING, OR PRECLUDING RELIANCE ON ECF DOC 26, 26-1 through 26-10**<br><br>Judge: Hon. Jesus G. Bernal.<br>. United States District Juge<br><br>Complaint Filed: March 4th, 2026<br><br>Concurrently filed with: Supporting declaration and proposed order |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE** that, pursuant to Local Rules 7-19 and 7-19.1, on August 13, 2026, Plaintiff Luna D'Sol, appearing in pro per, will and hereby does apply ex parte to the United States District Court for the Central District of California, Courtroom 10A, located at 350 W. First Street, Los Angeles, California 90012, by electronically filing this written Ex Parte Application, which requests an Order:

1. **STRIKE OR ALTERNATIVE DISREGARD ECF OC NOS. 26, 26-1 THROUGH 26-10.** Plaintiff seeks an order to strike or, in the alternative, disregard ECF Nos. 26 and 26-1 through 26-10 or, alternatively, directing that those filings be disregarded and not relied upon, based upon the filing, service, duplication, and record irregularities documented in Plaintiff's accompanying declaration.

This Ex Parte Application arises from Plaintiff's recent discovery of circumstances surrounding Defendants' filing of ECF No. 26 and its component filings, ECF Nos. 26-1 through 26-10, including their docketing and association with Plaintiff's then-undocketed ex parte application, the manner in which the filing was physically served upon Plaintiff while she lacked CM/ECF access, the reproduction within that filing of materials already appearing elsewhere on the docket, and Defendants' subsequent reliance upon those reproduced materials under their new ECF designations (D'Sol Decl. ¶¶ 9-23).

The resulting prejudice did not end with the defective service. Defendants subsequently relied upon the ECF No. 26 versions of those materials in later substantive briefing, including in support of allegations concerning Plaintiff's litigation conduct. Materials Plaintiff had previously challenged elsewhere on the docket thus reappeared under new ECF designations that Plaintiff could not reasonably identify when ECF No. 26 was filed and served. The chronology and resulting procedural effect are set forth in Plaintiff's Declaration and Table 1. (D'Sol Decl. ¶¶ 41–47.)

These circumstances also occurred against a broader procedural history relevant to the timing of Plaintiff's request. Plaintiff has encountered recurring discrepancies in Defendants' service of litigation papers and has repeatedly attempted to resolve disputed matters informally before seeking Court

intervention. On multiple occasions, those efforts remained unresolved as filing deadlines approached. Plaintiff does not ask the Court to infer an improper motive from that chronology. Its practical effect, however, has been to require Plaintiff simultaneously to pursue informal resolution and to identify, reconstruct, and respond to filings that she either did not receive as represented or could not readily identify from the materials delivered. (D'Sol Decl. ¶¶ 20–40.)

The urgency requiring ex parte relief was not manufactured by Plaintiff. In addition to the ECF No. 26 service issue, the challenged filings publicly disclose Plaintiff's former legal name despite Defendants' actual notice of Plaintiff's objections and requests for corrective action. Those disclosures remain publicly accessible, and continued accessibility permits further dissemination while ordinary noticed-motion procedures run their course. Plaintiff sought voluntary corrective action before requesting Court intervention. The requested relief is therefore directed to presently continuing prejudice and to preserving Plaintiff's ability to address materials she was not served with as represented, rather than to obtaining a second adjudication of matters previously briefed.

Plaintiff's Ex Parte Application and request to strike, or alternatively disregard, ECF Nos. 26 and 26-1 through 26-10 are supported by evidence that Plaintiff will be irreparably prejudiced if relief must await ordinary motion practice. Defendants have already relied on those materials in briefing presently before the Court, and the August 24, 2026 hearing will occur before a regularly noticed motion could be heard. Plaintiff did not create these circumstances and sought corrective relief promptly upon discovering the service discrepancy. (See D'Sol Decl. Table 1)

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Rule 7-19 and Honorable Judge Jesus G. Bernal's procedures, Plaintiff notified Defendants' counsel by telephone, voicemail, and email on August 17, 2026 of the substance of this Application and the relief sought. D'Sol Decl. ¶¶ 21, 22 Exhs 75, 76. As of filing, Defendants did not respond to Plaintiff's August 12, 2026 request for five days. After Plaintiff advised Defendants on August 17, 2026 that she intended to seek ex parte relief, Defendants responded, but did not substantively address the reconciliation or proposed corrective action. Instead, Defendants asked what relief Plaintiff was seeking, even though the August 12 email to which they were responding had already identified the requested relief in detail, including the

specific docket associations Plaintiff proposed correcting. Plaintiff thereafter reiterated the requested relief and proceeded with this Application only after the issue remained unresolved.

**PLEASE TAKE FURTHER NOTICE** that Judge Bernal's procedures provide that any opposition to an ex parte application should be filed within 24 hours of receipt and that, if Defendants do not intend to oppose the Application, counsel must inform the Courtroom Deputy Clerk by telephone.

**PLEASE TAKE FURTHER NOTICE** and be further advised that pursuant to Local Rule 7-19.1 (b), if Defendants reserved "all rights to oppose," pursuant to Local Rule 7-19, the contact information for Plaintiff is listed below as follows:

Nicole Antonopoulos (nicole.antonopoulos@morganlewis.com)
Karen Cho (karen.cho@morganlewis.com)
Morgan, Lewis & Bockius LLP
300 South Grand Avenue, Twenty-Second Floor |
Los Angeles, CA 90071-3132
Direct: +1.213.612.7381 | Main: +1.213.612.2500

Plaintiff brings this Application, in part, to invoke the protections of Federal Rule of Civil Procedure 32(a)(5)(A) and to seek a protective order before the noticed deposition proceeds. Plaintiff further submits that the deposition was unilaterally noticed without meaningful coordination regarding Plaintiff's availability or ability to appear in Los Angeles, thereby creating the present emergency despite Plaintiff's efforts to resolve the matter without Court intervention.

This Application is based upon this Notice, the attached Memorandum of Points and Authorities, the concurrently filed Declaration of Luna D'Sol and exhibits thereto, the pleadings and records on file in this action, and upon such further evidence and argument as the Court may consider.

Respectfully submitted,

Dated: August, 18, 2026

/s/ Luna D'Sol
Luna D'Sol, Plaintiff, In Pro Per

# TABLE OF CONTENTS

**MEMORANDUM OF POINTS AND AUTHORITIES**


I. INTRODUCTION …………………………………………………...………………… 5

II. FACTUAL AND PROCEDURAL BACKGROUND ……………………………..………… 6
A. What ECF No. 27 Certifies Was Served
B. What Plaintiff Actually Received
C. Plaintiff's Resulting Inability to Detect the Discrepancy
D. Defendants' Subsequent Reliance on ECF No. 26 in Briefing Now Before the Court
E. Plaintiff's Discovery and Diligence
F. The August 24, 2026 Hearing

III. LEGAL STANDARD…………………………………………………...………………… 9
A. Ex Parte Relief
B. The Court's Inherent Authority
C. Service and Certificate of Service Requirements

IV. ARGUMENT………………………………………….………...………………… 10
A. ECF No. 27 Certifies Service of Documents That Were Not Included in the Package Plaintiff Received
B. Because the Package Omitted the Documents That Would Have Identified It as Defendants' Opposition, Plaintiff Had No Meaningful Notice or Opportunity to Respond
C. Defendants Have Cited ECF No. 26-2 in Briefing Now Before the Court, Including a Citation That Does Not Correspond to Any Page Contained Within That Document
D. The Same Underlying Materials Received New ECF Designations When Re-Filed as Part of ECF No. 26, Which Explains Why the Package Plaintiff Received Appeared to Duplicate Previously-Served Material

V. THE EX PARTE APPLICATION SHOULD BE GRANTED…………...………………..13

VI. PLAINTIFF'S REQUEST FOR CORRECTIVE RELIEF IS SUPPORTED BY THE COURT'S CASE-MANAGEMENT AUTHORITY……………………………………………..15

VII. RELIEF REQUESTED…………………………………………………….……………..15

VIII. CONCUSION…………………………………………………..……………………..15

# TABLE OF AUTHORITIES

## CASES

*Avila v. Willits Environmental Remediation Trust,*
633 F.3d 828 (9th Cir. 2011) ………………………………………………….. 15

*Mission Power Engineering Co. v. Continental Casualty Co.,*
883 F. Supp. 488 (C.D. Cal. 1995) …………………………………………… 13

*Ready Transportation, Inc. v. AAR Manufacturing, Inc.,*
627 F.3d 402 (9th Cir. 2010) ………………………………………………….. 10

*Torres v. Igdaloff,*
No. 2:17-cv-04059-MCS-JEM, 2022 WL 17078883
(C.D. Cal. Feb. 17, 2022) ……………………………………………………13

*Wells Fargo Bank, N.A. v. Stewart Homes, Inc.,*
732 F. Supp. 3d 1169 (C.D. Cal. 2024) ……………………………………….. 14

These are the authorities actually cited in your current memorandum.

## FEDERAL RULES

Fed. R. Civ. P. 5(b) ……………………………………………………………… 10
Fed. R. Civ. P. 5(d)(1) …………………………………………………….. ..10
Fed. R. Civ. P. 16 ………………………………………………………………15

Your memorandum expressly relies on Rules 5(b), 5(d)(1), and 16.

## LOCAL RULES

C.D. Cal. L.R. 6-1 …………………………………………………..…………9
C.D. Cal. L.R. 7-19 ………………………………………………………….. 1-2
C.D. Cal. L.R. 7-19.1 ……………………………………………………….. 2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff Luna D'Sol respectfully submits this Memorandum of Points and Authorities in support of her ex parte application for corrective relief concerning the defective service of Defendants' July 15, 2026 opposition papers, docketed as ECF No. 26 through ECF No. 26-10, and Defendants' subsequent reliance on those papers in briefing now pending before the Court.

On July 15, 2026, Defendants' counsel filed a Certificate of Service, ECF No. 27, representing under penalty of perjury that Defendants had that day served Plaintiff by U.S. mail with three documents: Defendants' opposition to Plaintiff's then-pending ex parte application (ECF No. 26), the accompanying Index of Evidence (ECF No. 26-1), and the Declaration of Karen Y. Cho in support of that opposition (ECF No. 26-2). The physical package Plaintiff actually received on July 18, 2026 did not contain any of those three documents. It began, instead, in the middle of a different, separately paginated exhibit. Because Plaintiff lacked CM/ECF access at the time and the package contained no cover material identifying it as Defendants' opposition, she had no way of knowing that Defendants had filed anything at all in response to her ex parte application, let alone that the materials she had received were being represented to the Court as having conveyed that filing to her.

Plaintiff discovered this discrepancy only recently, while auditing the docket in preparation for the August 24, 2026 hearing. That audit also revealed that Defendants have since cited the ECF No. 26 materials repeatedly in briefing filed in opposition to Plaintiff's Motion for Sanctions (ECF No. 60 and ECF No. 60-3), including a citation to "ECF No. 26-2 at Page ID 793-797" -- a citation that does not correspond to any page actually contained within ECF No. 26-2. That briefing is presently before the Court in connection with the August 24, 2026 hearing on Defendants' Motion to Compel Arbitration, Plaintiff's Motion to Remand, and Plaintiff's Motion for Sanctions.

Plaintiff requested that Defendants stipulate to corrective relief on August 12, 2026. Defendants did not respond. Plaintiff followed up on August 17, 2026, by telephone, voicemail, and email, giving Defendants 48 hours' notice of this application. Given the imminence of the August 24, 2026 hearing, Plaintiff now seeks the narrow corrective relief described in Section V below.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. What ECF No. 27 Certifies Was Served

On July 15, 2026, Adele Doyle, an employee of Defendants' counsel's firm, executed a Certificate of Service filed as ECF No. 27, PageID #:803-805. The certificate states that on July 15, 2026, she served, by U.S. mail, a copy of three specifically named documents:

> *"DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR ORDER CONTINUING DEFENDANTS' MOTION TO COMPEL ARBITRATION, RESETTING THE BRIEFING SCHEDULE, AND FINDING THAT DEFENDANTS HAVE FAILED TO ESTABLISH EFFECTIVE SERVICE OR, ALTERNATIVELY DIRECTING A CORRECTED CERTIFICATE OF SERVICE" [ECF No. 26]; "INDEX OF EVIDENCE IN SUPPORT OF" that opposition [ECF No. 26-1]; and "DECLARATION OF KAREN Y. CHO IN SUPPORT OF" that opposition [ECF No. 26-2].*

These three documents were filed that same day at PageID #:509 through #:524: ECF No. 26 (the opposition memorandum itself) at PageID 509-516; ECF No. 26-1 (the Index of Evidence) at PageID 517-518; and ECF No. 26-2 (the Cho Declaration) at PageID 519-524. The certificate further states, in language on which Plaintiff relies below:

> *"I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit."*

The certificate was executed on July 15, 2026, in San Francisco, California.

### B. What Plaintiff Actually Received

The physical package Plaintiff received from Defendants' counsel's firm was delivered on July 18, 2026. The mailing information on the package -- USPS Tracking No. 9534613159926197273985 -- reflects a mailing date of July 16, 2026, at approximately 6:01 p.m. Declaration of Luna D'Sol ("Decl.") ¶ 11; Exs. 77-78.

The package did not contain ECF No. 26, ECF No. 26-1, or ECF No. 26-2 -- the three documents ECF No. 27 certifies were served. Decl. ¶ 12. Instead, the package contained only PageID 527 through PageID 777. PageID 527 is not the beginning of any document Defendants filed on July 15, 2026. It is the third page of what is separately docketed as ECF No. 26-3, Exhibit 1 to the Cho Declaration -- specifically, the point at which that exhibit's copy of the Notice of Removal begins. The two pages that precede it within ECF No. 26-3 -- the exhibit cover sheet, PageID 525, and the transmittal email, PageID 526 -- were likewise absent from the package Plaintiff received. In sum, the package omitted PageID 509 through PageID 526 in their entirety: the opposition memorandum, the Index of Evidence, the Cho Declaration, and the first two pages of Exhibit 1 to that declaration. What remained, and what Plaintiff actually received, was substantively indistinguishable from the previously-filed Notice of Removal and its exhibits.

### C. Plaintiff's Resulting Inability to Detect the Discrepancy

At the time the package arrived, Plaintiff lacked CM/ECF access. Decl. ¶ 13. Her own ex parte application, filed and served electronically on July 15, 2026, was not docketed until July 17, 2026, as ECF No. 32. Decl. ¶¶ 9, 13. Because the package she received contained no cover page, caption, or other material identifying it as Defendants' opposition -- and because its actual contents were, on their face, materials she had already seen filed as the Notice of Removal -- Plaintiff had no basis on which to determine that Defendants had filed an opposition to her application, or that the materials in the package were being represented to the Court as constituting service of that opposition. Decl. ¶¶ 12, 19.

### D. Defendants' St Reliance on ECF No. 26 in Briefing Now Before the Court

On August 3, 2026, Defendants filed their Opposition to Plaintiff's Motion for Sanctions, ECF No. 60, together with a supporting reply declaration of Karen Y. Cho, ECF No. 60-3. Both documents cite ECF No. 26-2 repeatedly for factual assertions bearing on Plaintiff's conduct, including an assertion that Plaintiff made statements to the Court that Defendants characterize as false. Decl. ¶¶ 16-17.

One of those citations does not correspond to any page actually contained within the cited document. ECF No. 60 states, at PageID 1570:

> *"... ECF No. 26-2 at Page ID 793-797 (reflecting Plaintiff's meet and confer email dated Monday, July 6, 2026 at 9:47 a.m.)."*

PageID 793-797, however, falls entirely within ECF No. 26-8, not ECF No. 26-2. ECF No. 26-2 consists of PageID 519 through 524; ECF No. 26-8 consists of PageID 792 through 797. The citation in ECF No. 60 accordingly attributes to ECF No. 26-2 a page range that belongs to a different, separately docketed exhibit.

A second, related reference appears in ECF No. 60-3, ¶ 5, in which Ms. Cho states that a document "was previously filed in this action as Exhibit 8 to my prior declaration filed in opposition to Plaintiff's ex parte application ... See ECF No. 26-2, Exh. 8." Read as shorthand for "Exhibit 8 to the declaration filed as ECF No. 26-2," this reference is not, standing alone, inaccurate; Exhibit 8 to the Cho Declaration was in fact docketed separately as ECF No. 26-10. Plaintiff notes this reference for completeness. Unlike the PageID 793-797 citation, it does not purport to identify a specific page located within ECF No. 26-2 that does not exist there, and Plaintiff does not rely on it as an independent basis for the relief requested below.

### E. Plaintiff's Discovery and Diligence

Plaintiff discovered the circumstances described above only recently, while auditing the docket and comparing ECF No. 26 and ECF No. 27 against the physical materials actually delivered to her. Decl. ¶ 14. On August 12, 2026, upon discovering the discrepancy, Plaintiff contacted Defendants' counsel in writing, requested a meet and confer, and asked Defendants to stipulate to correction of the record. Decl. ¶ 20; Ex. 75. Defendants did not respond. On August 17, 2026, Plaintiff called Defendants' counsel, left a voicemail, and sent a further email advising that she would file this application within 48 hours absent a response. Decl. ¶ 21; Ex. 76. Defendants have not responded as of the filing of this application.

**F. The August 24, 2026 Hearing**

Defendants' Motion to Compel Arbitration (ECF No. 10), Plaintiff's Motion to Remand (ECF No. 28), and Plaintiff's Motion for Sanctions (ECF No. 45) are set for a consolidated hearing before this Court on August 24, 2026. ECF No. 60 and ECF No. 60-3 -- the filings that cite the ECF No. 26 materials, including the PageID 793-797 citation described above -- were filed in opposition to Plaintiff's Motion for Sanctions and are part of the briefing presently before the Court in connection with that hearing.

## III. LEGAL STANDARD

**A. Ex Parte Relief**

Ex parte relief is appropriate where the moving party can show both (1) that the moving party's cause will be irreparably prejudiced if the underlying motion is required to be heard according to regular noticed motion procedures, and (2) that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect. Mission Power Eng'g Co. v. Continental Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995).

Both elements are met here. As to the first, Defendants have already invoked the ECF No. 26 materials -- including the erroneous PageID 793-797 citation described in Section II.D above -- in ECF No. 60 and ECF No. 60-3, briefing that is presently before the Court in connection with the August 24, 2026 hearing on Plaintiff's Motion for Sanctions. Absent relief before that date, the Court may consider those citations, and the characterization of Plaintiff's conduct built upon them, before Plaintiff can obtain relief through an ordinarily noticed motion, which under this Court's Local Rules would not be heard until well after August 24, 2026. See L.R. 6-1 (requiring at least 28 days' notice for a noticed motion). As to the second, Plaintiff did not create this timing problem: she was never served with the documents that would have alerted her to the discrepancy in the first place, see Section II.B-C above, she discovered the discrepancy only recently through her own audit of the docket, Decl. ¶ 14, and she raised it with Defendants promptly upon discovery and before seeking relief from the Court, Decl. ¶¶ 20-21.

### B. The Court's Inherent Authority

District courts possess inherent authority to manage their own dockets and to control the disposition of the causes on their dockets with economy of time and effort. Ready Transportation, Inc. v. AAR Manufacturing, Inc., 627 F.3d 402, 404 (9th Cir. 2010). That authority extends to ensuring that the record on which the Court relies accurately reflects what was filed, what was served, and what a certificate of service represents was conveyed to an opposing party.

### C. Service and Certificate of Service Requirements

Federal Rule of Civil Procedure 5(b) governs the manner in which a paper must be served on a party after the commencement of an action, and Rule 5(d)(1) requires that a certificate of service be filed with, or promptly after, the paper it concerns. A certificate representing that specific documents were served does not satisfy Rule 5 where the documents actually delivered do not correspond to what the certificate identifies.

## IV. <u>ARGUMENT</u>

### A. ECF No. 27 Certifies Service of Documents That Were Not Included in the Package Plaintiff Received

The discrepancy at issue is not a matter of interpretation. ECF No. 27 identifies, by title, three specific documents as having been served on July 15, 2026: the opposition memorandum (ECF No. 26, PageID 509-516), the Index of Evidence (ECF No. 26-1, PageID 517-518), and the Cho Declaration (ECF No. 26-2, PageID 519-524). Plaintiff's declaration establishes, based on her personal review of the package she received, that none of that material -- PageID 509 through 526 -- was present. Decl. ¶ 12. What she received began at PageID 527, two full documents and two additional pages beyond where the certified materials end.

This is a narrower and more precise defect than a mere delay in the postal cancellation date. The certificate's own language addresses only the timing of mailing relative to the date of deposit; it does not address, and cannot cure, a package that omits the certified documents altogether. Whatever significance attaches to the one-day gap between the certificate's July 15, 2026 execution date and

the July 16, 2026 mailing date reflected on the package, Decl. ¶ 11, that gap does not itself establish that service was defective under the certificate's own terms, since the certificate presumes invalidity only where the gap is more than one day. The content of the package is a separate and independently sufficient defect: it demonstrates that whatever was mailed to Plaintiff on July 15 or 16, 2026, was not the opposition, the Index of Evidence, or the Cho Declaration.

### B. Because the Package Omitted the Documents That Would Have Identified It as Defendants' Opposition, Plaintiff Had No Meaningful Notice or Opportunity to Respond

The consequence of the omission described above was not merely technical. Because the package Plaintiff received began mid-exhibit, with no cover page, caption, or other material connecting it to Defendants' opposition, and because its actual contents were materials she had already seen filed as the Notice of Removal, Plaintiff had no reasonable basis to conclude that Defendants had filed anything in response to her ex parte application. Decl. ¶¶ 12, 19. Combined with her lack of CM/ECF access at the time, Decl. ¶ 13, Plaintiff had no meaningful opportunity to review or respond to ECF No. 26 when it was filed. This is also why Plaintiff could not have raised this issue earlier: the omission that caused the confusion is the same omission that prevented her from discovering it, until her recent audit of the docket. Decl. ¶ 14.

### C. Defendants Have Cited ECF No. 26-2 in Briefing Now Before the Court, Including a Citation That Does Not Correspond to Any Page Contained Within That Document

As described in Section II.D above, ECF No. 60, filed August 3, 2026, cites “ECF No. 26-2 at Page ID 793-797” in support of Defendants' factual narrative concerning Plaintiff's conduct. PageID 793-797 is not part of ECF No. 26-2. It is part of ECF No. 26-8, a separately docketed exhibit consisting of PageID 792-797. This is not a case in which a shorthand reference to “Exhibit 6” or “Exhibit 8” of the Cho Declaration could reasonably be understood to mean the corresponding, separately docketed exhibit. The citation in ECF No. 60 identifies a specific PageID range and attributes it to the wrong document.

That citation was made, and remains, in briefing that is presently before the Court in connection with the August 24, 2026 hearing on Plaintiff's Motion for Sanctions. Plaintiff requests that the Court disregard it, or direct its correction, before that hearing.

### D. The Same Underlying Materials Received New ECF Designations When Re-Filed as Part of ECF No. 26, Which Explains Why the Package Plaintiff Received Appeared to Duplicate Previously-Served Material

Plaintiff's review of the docket also reveals that several of the exhibits filed with ECF No. 26 duplicate material already on file elsewhere in this action. ECF No. 26-3 reproduces, among other things, the Notice of Removal and its exhibits, which had already been filed as ECF No. 1 and its exhibits; ECF No. 26-4 reproduces an exhibit already filed as ECF No. 10-4; and ECF No. 26-3 additionally reproduces, at PageID 602, a Notice and Acknowledgment of Receipt and proof of service that had already been filed at ECF No. 1-3, PageID 76 -- a document Plaintiff had separately challenged in her Memorandum in support of her Motion to Remand, ECF No. 29, PageID 822-823. The original ECF No. 1-3 filing header is visible bleeding through beneath the later ECF No. 26-3 header on the reproduced page. Decl. ¶ 42.

This duplication is offered here for a single, limited purpose: it explains why the materials Plaintiff actually received -- PageID 527-777, consisting of the Notice of Removal and its exhibits -- looked, on their face, like material she had already seen, reinforcing her reasonable but mistaken understanding that Defendants had simply re-sent the Notice of Removal rather than served a new opposition. It also means that when Defendants later relied on the ECF No. 26 versions of these materials in subsequent briefing -- for example, citing the re-filed NAR proof of service in ECF No. 37 in response to objections Plaintiff had already raised as to the ECF No. 1-3 version at ECF No. 29 -- Plaintiff had no way of recognizing that the materials being cited were the same materials she had already addressed, now bearing a different docket number. Decl. ¶¶ 42-44.

## V. THE EX PARTE APPLICATION SHOULD BE GRANTE

Plaintiff's Ex Parte Application seeking an order striking, or alternatively disregarding, ECF Nos. 26 and 26-1 through 26-10 should be granted to prevent continuing prejudice arising from the circumstances under which those filings were made and served. Defendants filed ECF No. 26 before the ex parte application it purported to oppose appeared on the docket, reproduced previously filed materials under new ECF designations, and physically served Plaintiff with only portions of the filing without the principal papers identifying those materials as components of ECF No. 26. At the time, Plaintiff was proceeding pro se and had not yet been granted CM/ECF access, leaving her without a reasonable means to identify the newly assigned ECF designations or understand their procedural significance. Defendants thereafter relied upon those refiled materials under their new ECF designations in subsequent substantive briefing. Under these circumstances, corrective relief is necessary to prevent ECF No. 26 and its component filings from continuing to operate to Plaintiff's procedural prejudice. Plaintiff will be irreparably prejudiced if Defendants are permitted to obtain a second, effectively unopposed use of materials that Plaintiff had already challenged and objected to when they previously appeared in the record. By reproducing those materials under new ECF designations within ECF No. 26 and subsequently relying upon those new designations in later briefing, Defendants were able to present the same disputed materials without the objections Plaintiff had previously directed to them. Unless corrected before the pending motions are considered, the Court may evaluate those materials in their duplicated form without the benefit of the objections Plaintiff previously made, thereby allowing the procedural circumstances surrounding ECF No. 26 to affect adjudication of the pending motions.

> A party filing an ex parte application must support its request for emergency relief with 'evidence ... that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures,' and a showing 'that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect.'

Torres v. Igdaloff, Case No. 2:17-cv-04059-MCS-JEM 2022 WL 17078883, *1 (C.D. al. February 17, 2022), citing Mission Power Engineering Co. v. Continental Cas. Co., 883 F.Supp. 488, 492 (C.D. Cal. 1995). An evaluation of the support for an ex parte application for an order shortening time for

hearing usually requires assessing the merits of the motion "because if it is meritless, failure to hear it cannot be prejudicial." Wells Fargo Bank, N.A. v. Stewart Homes, Inc., 732 F.Supp.3d 1169, 1175 (C.D. Cal. 2024) (emphasis in original), citing Mission Power, 883 F.Supp. at 492.

**Here, both requirements are satisfied.** First, Plaintiff faces irreparable procedural prejudice if ECF Nos. 26 and 26-1 through 26-10 remain available for substantive reliance while the pending motions are considered. The challenged filing reproduced materials Plaintiff had previously disputed and placed those materials under new ECF designations, after which Defendants relied upon those new designations in subsequent briefing. The prejudice is therefore not merely that duplicate documents exist on the docket; it is that previously challenged materials have been presented and subsequently cited through a separate filing path that does not itself reflect the objections Plaintiff had already directed to those materials. Because the underlying motions are presently pending for determination, requiring Plaintiff to proceed through ordinary noticed-motion procedures would permit the alleged prejudice to occur before the requested corrective relief could be heard.

**Second, Plaintiff did not create the circumstances requiring expedited relief.** When ECF No. 26 was filed, Plaintiff had not yet been granted CM/ECF access. Defendants filed their opposition before Plaintiff's ex parte application appeared on the docket and physically served Plaintiff with a package that omitted the principal opposition papers identifying the reproduced materials as components of ECF No. 26. Plaintiff therefore did not understand at the time that materials she had previously encountered elsewhere in the record had been reproduced under new ECF designations. Plaintiff discovered the circumstances only upon subsequently reconciling the electronic docket with the physical materials she had received. Upon discovery, Plaintiff sought to resolve the issue with Defendants before requesting Court intervention. (D'Sol Decl. ¶¶ 9–23.)

The requested relief is also directed at the specific source of the prejudice. Plaintiff does not seek to erase the underlying documents from the record merely because she disputes them. Rather, she seeks to prevent Defendants from obtaining substantive benefit from the separate ECF No. 26 filing path created under the circumstances described above. Striking ECF Nos. 26 and 26-1 through 26-10, or alternatively directing that they be disregarded for purposes beyond opposition to the ex parte application for which they were filed, would preserve the underlying record while preventing the

duplicated filing from operating as a second, effectively unopposed presentation of previously challenged material.

## VI. PLAINTIFF'S MOTION TO STRIKE IS SUPPORTED BY GOOD CAUSE AND SHOULD BE GRANTED

**The Court also possesses broad discretion to manage the course of litigation under Federal Rule of Civil Procedure 16.** *Avila v. Willits Environmental Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011). Accordingly, even if the Court determines that striking ECF Nos. 26 and 26-1 through 26-10 is unnecessary, the Court may exercise its case-management authority to prevent those filings from being used beyond the procedural purpose for which they were submitted and to ensure that previously asserted objections are not effectively separated from the materials to which they were directed.

## VII. RELIEF REQUESTED

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Find that the physical package Defendants represented in ECF No. 27 as having served on Plaintiff on July 15, 2026 did not in fact contain ECF No. 26, ECF No. 26-1, or ECF No. 26-2;
2. Grant Plaintiff leave to file a substantive response to ECF No. 26 within a time set by the Court, given that Plaintiff was never properly served with, and therefore had no meaningful opportunity to timely oppose, those papers;
3. Order that, in considering ECF No. 60 and ECF No. 60-3 in connection with the August 24, 2026 hearing, the Court disregard the citation to "ECF No. 26-2 at Page ID 793-797," which corresponds to no page contained in ECF No. 26-2; and
4. Grant such other and further relief as the Court deems just and proper.

## VII. CONCLUSION

Plaintiff did not learn of the defect described in this Memorandum until she recently audited the docket, because the very defect she now raises -- a served package that omitted the documents identifying it as Defendants' opposition -- is what prevented her from discovering it sooner.

Defendants have since relied on the ECF No. 26 materials, including at least one citation that does not correspond to any page actually within the cited document, in briefing now before the Court in connection with the August 24, 2026 hearing. Plaintiff respectfully requests that the Court grant the relief set forth in Section V above before that hearing.

Dated: August 18, 2026

Respectfully submitted,

_/s/ Luuna D'Sol

Luna D'Sol, Plaintiff, In Pro Per

## CERTIFICATE OF COMPLIANCE

Pursuant to the applicable Local Rules and this Court's Standing Order, I certify that this Memorandum of Points and Authorities complies with the applicable page limitations. This Memorandum contains 14 pages of text, excluding the caption page, tables of contents and authorities, signature block, and any attachments or exhibits excluded from the applicable page limitation.

/s/Luna D'Sol

Luna D'Sol, Plaintiff, In Pro Per