**MORGAN, LEWIS & BOCKIUS LLP**
Karen Y. Cho, Bar No. 274810
karen.cho@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

**MORGAN, LEWIS & BOCKIUS LLP**
Nicole L. Antonopoulos, Bar No. 306882
nicole.antonopoulos@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304-1124
Tel: +1.650.843.4000
Fax: +1.650.843.4001

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF AMERICA CORPORATION, TRICIA SHANKS, and PETER C. MAXIM

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

LUNA D'SOL,

Plaintiff,

vs.

BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; TRICIA SHANKS, an individual; and PETER C. MAXIM, an individual; and DOES 1 through 50, inclusive,

Defendants.

Case No. 5:26-cv-03535-JGB-SP

Hon. Jesus G. Bernal

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER STRIKING, DISREGARDING, OR PRECLUDING RELIANCE ON ECF DOC 26, 26-1 THROUGH 26-10**

Defendants Bank of America, N.A., Bank of America Corporation, Tricia Shanks, and Peter C. Maxim (collectively "Defendants") hereby submit the following opposition to Plaintiff's ex parte application for an order striking, disregarding, or precluding reliance on ECF Doc 26, 26-1 through 26-10 ("Application") (ECF No. 67).

## I. INTRODUCTION

Plaintiff continues to burden Defendants and the Court with sprawling, difficult-to-follow, error-ridden emergency filings while devoting little attention to whether the relief she seeks is warranted or permissible through an ex parte application, or even consistent with her own conduct. The Court should not be required to sift through voluminous, inconsistent ex parte submissions to identify whether some genuine emergency exists. None exists.

Plaintiff has no basis for the requested relief. As she has repeatedly done in the past, Plaintiff claims that she was not properly served with documents that Defendants filed, asserting that the mailing she received did not contain the complete filing of ECF Doc 26, 26-1 through 26-10. Defendants dispute that the mailing was incomplete. In any event, Defendants provided Plaintiff with the documents by *both US mailing and email*. Plaintiff therefore had prompt actual notice of the documents contained in ECF Doc 26, 26-1 through 26-10. Plaintiff also attempts to manufacture "urgency" based on her contention that the challenged filings publicly disclose her former name. ***But her own Application repeatedly reference that same name – at least ten times.*** Her claimed urgency is therefore incompatible with her own filings.

Plaintiff also failed to comply with the meet and confer requirements set forth in this Court's Local Rules and Judge Bernal's Standing Order prior to filing this Application. This defect alone dooms Plaintiff's Application. In her meet and confer emails, Plaintiff represented that her objective was "limited to ensuring that the docket accurately reflects which existing documents correspond to each motion" and she was "not proposing any alteration to the substance of either party's briefing."

When Defendants asked Plaintiff to provide a proposed stipulation so that they could understand and evaluate the correction she was requesting, she did not do so. Instead, she filed a 139-page ex parte application seeking the materially different remedy of striking or precluding reliance on ECF Nos. 26 through 26-10.

This Application is not an isolated problem. It is the third one that Plaintiff has filed over the last five weeks. Plaintiff repeatedly spits out in a stream of incomprehensible AI generated ex parte applications without regard to the burden on the parties or the Court, and at the same time, doesn't bother to spend the least bit of effort redacting her prior name from the documents she files despite that being the relief she is seeking in her ex parte applications. In the words of her prior counsel, she "make[s] up legal claims and cherry-pick parts of emails to prove a point, without question" and she "must have the last word because [her] and [her] chat GPT know all." *See* ECF No. 67-16 at Page ID 1923. The present Application illustrates precisely the problem: Plaintiff has transformed a purportedly narrow docket-correction issue into a 139-page emergency application seeking sweeping relief, without identifying any genuine emergency or establishing any basis for the relief requested.

## II. RELEVANT BACKGROUND

### A. ECF No. 26, 26-1 through 26-10.

On July 15, 2026, at approximately 1:28 a.m., Plaintiff served Defendants' counsel with an ex parte application for an order continuing the hearing on Defendants' motion to compel arbitration, resetting the briefing schedule, and finding that Defendants failed to establish effective service or, alternatively, directing a corrected certificate of service. *see* Declaration of Nicole Antonopoulos ("Antonopoulos Decl.") ¶ 2.

Judge Bernal's Procedures require "[a]ny opposition to an ex parte application should be filed within 24 hours of receipt of the ex parte application." In compliance with this Standing Order, on July 15, 2026, Defendants filed an opposition to

Plaintiff's ex parte application (ECF No. 26), an index of evidence (ECF No. 26-1), a supporting declaration of Karen Y. Cho and exhibits (ECF No. 26-2 – 26-10), and a certificate of service (ECF No. 27). The Court did not enter Plaintiff's ex parte application on the docket until July 16, 2026, so Defendants were unable to link the opposition to Plaintiff's ex parte application at the time of the filing. *See* Notice of Electronic Filing re: ECF No. 32 (reflecting that Plaintiff's ex parte parte application was filed on July 15, 2026 but entered on July 16, 2026); Antonopoulos Decl. ¶ 2.

Also, on July 15, 2026, Defendants' counsel served Plaintiff with Defendants' opposition to Plaintiff's ex parte application and the supporting documents via email and US mail. *See* ECF No. 27; *see* Antonopoulos Decl. ¶ 2, Exh 1. Plaintiff's own evidence shows only that USPS recorded possession one day later on July 16, and she concedes that the one-day interval does not itself establish invalid service. ECF No. 67 at 10-11. Plaintiff further admits that a mailing was delivered to her on July 18, which she claims was missing the "principal opposition papers" and only contained Page ID 527-777. D'Sol Decl. ¶¶ 11-12.

**B. Plaintiff Represented to Defendants that she Sought a Docket-Association Correction, Not an Order Striking ECF No. 26.**

On August 12, 2026, Plaintiff emailed Defendants' counsel with a table proposing changes to the way both Plaintiff and Defendants' existing filings were associated with pending motions. Antonopoulos Decl. ¶ 3, Exh. 2. She indicated that "[s]ome involve [her] own filings, which [she] intend[s] to correct or clarify by Notice of Errata, while others involve filings submitted by Defendants." *Id*. As for Defendants' filing, Plaintiff's table identified a proposed correction for ECF No. 26: remove its association with Defendants' Motion to Compel Arbitration (ECF No. 10) and add it to Plaintiff's ex parte application at ECF Nos. 32 and 33. *Id*. In this email, Plaintiff stated that her "objective is limited to ensuring that the docket accurately reflects which existing documents correspond to each motion" and she is "not proposing any alteration to the substance of either party's briefing." *Id*.

On August 17 at approximately 4:00 P.M., Plaintiff sent a follow-up email stating that she intended to seek "appropriate relief from the Court concerning ECF No. 26, its service and docketing, and Defendants' subsequent reliance upon materials filed within ECF No. 26." *Id.* ¶ 4, Exh 2. She did not inform Defendants' counsel of her intent to file a motion to strike or disregard the filing. *Id*. Nor did she inform Defendatns' counsel of her contention that the mailing omitted the principal papers. *Id*.

Also, on August 17 at approximately 5:08 P.M., Defendants' counsel responded to ask for clarification on the relief Plaintiff intended to seek. *Id*. At approximately 5:14 P.M., Plaintiff replied with only: "Please respond to the ex parte before 48 hours after it has been filed." *Id.* ¶ 5, Exh. 3. At approximately 6:19 p.m., Defendants' counsel responded that an ex parte application was not appropriate for a docket entry correction, explained why ECF No. 26 could not be linked to ECF Nos. 32 and 33 when it was filed, noted that the Court already continued the underlying hearing, and asked Plaintiff to provide a proposed stipulation so Defendants could consider and understand the request. *Id.*

On August 18 at approximately 12:06 A.M., Plaintiff sent Defendants' counsel an email on a separate email chain where she ignores Defendants' request for a proposed draft stipulation. *Id.* ¶ 6, Exh. 4. Instead, Plaintiff merely repeats:

> My objective is limited to ensuring that the docket accurately reflects which existing documents correspond to each motion; I am not proposing any alteration to the substance of either party's briefing. If we agree on the reconciliation, I would prefer to advise the Court that the relevant associations are undisputed rather than present Defendants' entries unilaterally.

*Id*. She also requested that Defendants "reply to the motion within 48 hours and, this time, make sure it is uploaded as an opposition to my ex parte application." *Id*.

On August 18 at approximately 9:58 A.M., Plaintiff sent Defendants' counsel another email clarifying that the "applicable response period is 24 hours." *Id*.

///

**C. Plaintiff's Application Seeks Materially Broader Relief and Omits Defendants' Responses.**

On August 18 at approximately 10:10 A.M., Plaintiff filed her Application, which asks the Court to strike, disregard, or preclude reliance on ECF Nos. 26 through 26-10; find that the mailed package omitted ECF Nos. 26 through 26-2; grant leave for a substantive response; and disregard a citation in later briefing. ECF No. 67 at 2, 15-17. Notably, her Application fails to provide this Court with Defendants' counsel's responses to Plaintiff's meet and confer emails where they requested clarification and a proposed draft stipulation. Her Application goes so far as to intentionally misrepresent to the Court that "Defendants have not responded as of the filing of this application," (ECF No. 67 at 10), which the complete email record disproves.

**III. STANDARD**

Ex parte applications are reserved for extraordinary relief. A moving party must show both that ordinary motion practice will cause irreparable prejudice and that the movant is without fault in creating the asserted crisis. *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 492-93 (C.D. Cal. 1995). Judge Bernal's Standing Order further provides:

> Counsel's attention is directed to L.R. 7-19. The moving party's declaration in support of an ex parte application shall show compliance with L.R. 7-19 and this Order and shall include a statement of opposing counsel's position. **Failure to do so ensures the application will be DENIED.**

Standing Order § 14 (emphasis added).

**IV. ARGUMENT**

**A. The Application Must Be Denied for Noncompliance with Local Rules 7-19 and the Standing Order.**

Local Rule 7-19 requires: (a) "reasonable, good faith efforts orally to advise counsel for all other parties, if known, of the date and substance of the proposed ex

parte application and (b) to advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application." C.D. Cal. L.R. 7-19 . Pro se litigants are bound by the Local Rules, and references to counsel apply to them unless context requires otherwise. C.D. Cal. L.R. 1-3. In addition, Judge Bernal's Standing Order imposes an explicit requirement that the movant's declaration include opposing counsel's position and states that failure to do so ensures denial. Standing Order ¶ 14. Plaintiff failed to comply with these requirements.

First, Plaintiff failed to advise Defendants of the substance of her proposed ex parte application. Plaintiff's written communications characterized her request as a narrow effort to reconcile the docket—not as an application to strike a filing or preclude reliance on documents based on alleged defective service. Antonopoulos Decl. Exhs. 2-4. Indeed, in two separate emails, Plaintiff expressly represented that her "objective" was "limited to ensuring that the docket accurately reflects which existing documents correspond to each motion" and that she was "not proposing any alteration to the substance of either party's briefing." Antonopoulos Decl. at Exhs. 2, 4. Those representations did not fairly apprise Defendants of the sweeping relief Plaintiff ultimately sought.

Second, Plaintiff failed to disclose Defendants' position in her Application. When Defendants' counsel requested clarification regarding the relief Plaintiff sought, Plaintiff did not identify the relief she ultimately requested from the Court. Antonopoulos Decl. Exh. 2. After Plaintiff failed to provide that clarification, Defendants explained their position regarding Plaintiff's proposed docket correction: an ex parte application was not the appropriate mechanism for correcting a docket entry; Defendants explained why they were unable to link ECF No. 26 to ECF Nos. 32 and 33; and Defendants requested that Plaintiff provide a proposed stipulation so Defendants could evaluate the requested correction. Antonopoulos Decl. Exh. 3. Plaintiff nevertheless omitted Defendants' position—and the relevant meet-and-

confer communications—from her Application.

Plaintiff thus failed to give Defendants reasonable notice of the substance of the relief she intended to seek and failed to advise the Court of Defendants' position, as required by Local Rule 7-19 and Judge Bernal's Standing Order. These procedural defects alone warrant denial of the Application in its entirety.

**B. Plaintiff Has Not Shown Irreparable Prejudice or any Basis for Relief.**

Ex parte relief requires evidence that the movant will be irreparably prejudiced if the matter proceeds by regular motion and that the movant is without fault in creating the crisis, or that the crisis resulted from excusable neglect. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Here, Plaintiff's application establishes neither element.

First, there is no irreparable prejudice. The evidence shows that Defendants served Plaintiff with ECF No. 26, 26-1 through 26-10 via both US mail *and* email. Antonopoulos Decl. ¶ 2, Exh. 1. Plaintiff therefore had actual notice of the filings. Moreover, the Court has already twice continued the hearing on Defendants' motion to compel arbitration – which was the primary relief at issue in ECF No. 26. ECF Nos. 58, 68. There is thus no impending prejudice that requires the extraordinary intervention of ex parte relief or basis for striking the documents for lack of notice.

Second, any purported "timing problem" is entirely of Plaintiff's own making. Plaintiff acknowledges that Defendants repeatedly cited ECF No. 26 and its supporting documents in their August 3, 2026 Opposition to Plaintiff's Motion for Sanctions. ECF No. 67 at 9. She concedes that she was aware of the alleged issues with ECF No. 26 by, at the latest, August 12, 2026, when she contacted Defendants' counsel to meet and confer. ECF No. 67 at 10. Yet Plaintiff filed a second ex parte application on August 14, 2026, without mentioning any purported defect concerning ECF No. 26. ECF No. 65. She then waited until August 17 to threaten another ex parte application, while representing to Defendants that the requested relief was limited to a docket correction. Antonopoulos Decl. Exh. 2. Plaintiff declined

Defendants' request for a proposed stipulation and, the following day, filed a materially broader application seeking to strike or preclude reliance on ECF No. 26 and its supporting documents. Antonopoulos Decl. Exh. 3. Plaintiff cannot manufacture an emergency through delay and then invoke that self-created urgency as a basis for ex parte relief.

Nor does Plaintiff's additional contention that ECF No. 26 publicly displays her former legal name establish an emergency or justify striking the entire filing. That issue is distinct from the alleged service and docket-association issues, and the Local Rules provide targeted procedures for sealing or redacting material. See C.D. Cal. L.R. 79-5. Plaintiff neither met and conferred regarding a targeted sealing or redaction request in connection with ECF No. 26 nor explained why such narrower relief would be inadequate. She likewise fails to explain why the public display of her former name constitutes an emergency ***when she has herself repeatedly filed documents in this action, including this Application, that contain the same former name***. *See e.g.,* ECF No. 67-9 at Page ID 1883, 1884, 1886, 1887, 1888, 1889; ECF No. 67-10 at Page ID 1901; ECF No. 67-11 at 1904; ECF No. 67-16 at Page ID 1924; ECF No. 67-19 at Page ID 1932; ECF No. 67-20 at Page ID 1936. In any event, Plaintiff's request for relief concerning her former name is already before the Court. Plaintiff raised the issue in her Motion for Sanctions (ECF No. 45) and, redundantly, in her August 14, 2026 ex parte application (ECF No. 65). There is therefore no basis for Plaintiff to recast an issue already briefed and pending before the Court as a new emergency warranting ex parte intervention.

Because Plaintiff has demonstrated neither irreparable prejudice nor an emergency for which she is without fault, her Application should be denied in its entirety.

**C. Striking ECF No. 26 Would Prejudice Defendants and Distort the Record.**

Defendants would be unduly prejudiced if the Court were to grant Plaintiff's Application. As Plaintiff herself acknowledges, Defendants have repeatedly and

substantially relied on the declarations and exhibits filed with ECF No. 26 in subsequent briefing.[1] Striking ECF No. 26 and its supporting documents at this stage would disrupt the record, create broken or incomplete citations in subsequent filings, eliminate the operative opposition to Plaintiff's prior ex parte application, and deprive the Court of necessary context for later briefing.

That prejudice is particularly unwarranted because any legitimate concern Plaintiff has identified can be addressed through narrower means without striking the filing or otherwise altering the substantive record. Plaintiff seeks a remedy that is vastly broader than the alleged defect and would unnecessarily impair the record on the eve of hearings concerning the pending motions. The Court should therefore reject Plaintiff's overbroad request and, if any corrective action is warranted, limit it to the narrowest remedy necessary to address the specific issue Plaintiff identifies.

**D. The Court Should Disregard the Unrelated Portions of Plaintiff's Declaration.**

Much of Plaintiff's declaration and supporting exhibits addresses matters that have no bearing on whether ECF No. 26 should be stricken. For example, Plaintiff devotes substantial portions of her declaration and exhibits to subjects including her employment history, payroll productions, severance negotiations, prior counsel, an alleged attorney lien, medical insurance, and personal health circumstances. See D'Sol Decl. ¶¶ 2–8, 24–40, 45–74 & Exs. 79–93. None of these matters bear on the narrow service, docketing, or citation issues on which Plaintiff purports to base her Application.

These collateral matters do nothing to establish a basis for striking ECF No. 26 or otherwise justify the extraordinary relief Plaintiff seeks. The Court should therefore disregard the irrelevant portions of Plaintiff's declaration and exhibits and limit its consideration to evidence bearing on the actual issues presented by the

[1] In ECF No. 60, Defendants refer to ECF No. 26-2 at Page ID 793-797. The intended citation is to ECF No. 26-8 at Page ID 793-797. The cited Page ID range is unchanged, and this provides no basis to strike or disregard the evidence.

Application.

## V. CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Application in its entirety.

Dated: August 19, 2026

MORGAN, LEWIS & BOCKIUS LLP

By */s/ Karen Cho*
Karen Y. Cho
Nicole L. Antonopoulos

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF AMERICA CORPORATION, TRICIA SHANKS, and PETER C. MAXIM