**MORGAN, LEWIS & BOCKIUS LLP**
Karen Y. Cho, Bar No. 274810
karen.cho@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

**MORGAN, LEWIS & BOCKIUS LLP**
Nicole L. Antonopoulos, Bar No. 306882
nicole.antonopoulos@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304-1124
Tel: +1.650.843.4000
Fax: +1.650.843.4001

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF AMERICA CORPORATION, TRICIA SHANKS, and PETER C. MAXIM

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

LUNA D'SOL,

Plaintiff,

vs.

BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; TRICIA SHANKS, an individual; and PETER C. MAXIM, an individual; and DOES 1 through 50, inclusive,

Defendants.

Case No. 5:26-cv-03535-JGB-SP

Hon. Jesus G. Bernal

**DECLARATION OF NICOLE L. ANTONOPOULOS IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER STRIKING, DISREGARDING, OR PRECLUDING RELIANCE ON ECF DOC 26, 26-1 THROUGH 26-10**

# DECLARATION OF NICOLE L. ANTONOPOULOS

I, Nicole L. Antonopoulos, declare as follows:

1. I am an attorney admitted to practice before this Court and counsel of record for Defendants. I have personal knowledge of the facts set forth in this declaration except for those that are based upon information and belief, and, if called as a witness, I could and would testify competently to the matters set forth herein.

2. On July 15, 2026, at approximately 1:28 a.m., Plaintiff Luna D'Sol ("Plaintiff") served me with an *ex parte* application for an order continuing the hearing on Defendants' motion to compel arbitration, resetting the briefing schedule, and finding that Defendants failed to establish effective service or, alternatively, directing a corrected certificate of service. Also, on July 15, 2026, my office filed and served Plaintiff via email and US mail with Defendants' opposition to Plaintiff's ex parte application (ECF No. 26), an index of evidence (ECF No. 26-1), a supporting declaration of Karen Y. Cho and exhibits (ECF No. 26-2 – 26-10), and a certificate of service (ECF No. 27). The Court did not enter Plaintiff's *ex parte* application on the docket until July 16, 2026, so Defendants were unable to link the opposition to Plaintiff's ex parte application at the time of the filing. A true and correct copy of the email that my office sent Plaintiff is attached as **Exhibit 1.**

3. On August 12, 2026, I received an email from Plaintiff with the subject line "Identified Discrepancies." In this email, Plaintiff included a table proposing changes to the way both Plaintiff and Defendants' existing filings were associated with pending motions. She indicated that "[s]ome involve [her] own filings, which [she] intend[s] to correct or clarify by Notice of Errata, while others involve filings submitted by Defendants." Plaintiff's table identified a proposed correction for ECF No. 26: remove its association with Defendants' Motion to Compel Arbitration (ECF No. 10) and add it to Plaintiff's ex parte application at ECF Nos. 32 and 33. In this email, Plaintiff stated that her "objective is limited to ensuring that the docket accurately reflects which existing documents correspond to each motion" and she is

"not proposing any alteration to the substance of either party's briefing."

4. On August 17, 2026, at approximately 4:00 P.M., Plaintiff sent a follow-up email stating that she intended to seek "appropriate relief from the Court concerning ECF No. 26, its service and docketing, and Defendants' subsequent reliance upon materials filed within ECF No. 26." She did not inform me of her intent to file a motion to strike or disregard the filing. Nor did she inform me of her contention that the mailing omitted the principal papers. Also, on August 17 at 5:08 P.M., I responded to Plaintiff's email to ask for clarification on the relief Plaintiff intended to seek. A true and correct copy of the emails described above dated August 12, 2026 and August 17, 2026 is attached as **Exhibit 2.**

5. Also, on August 17 at approximately 5:14 P.M., Plaintiff replied on a separate email chain with only: "Please respond to the ex parte before 48 hours after it has been filed." At approximately 6:19 p.m., I responded that an ex parte application was not appropriate for a docket entry correction, explained why ECF No. 26 could not be linked to ECF Nos. 32 and 33 when it was filed, noted that the Court already continued the underlying hearing, and asked Plaintiff to provide a proposed stipulation so Defendants could consider and understand the request. A true and correct copy of this email exchange is attached as **Exhibit 3.**

6. On August 18 at approximately 12:06 A.M, Plaintiff sent me an email on a separate email chain where she ignores my request for a proposed draft stipulation. Instead, Plaintiff merely repeats: "My objective is limited to ensuring that the docket accurately reflects which existing documents correspond to each motion; I am not proposing any alteration to the substance of either party's briefing. If we agree on the reconciliation, I would prefer to advise the Court that the relevant associations are undisputed rather than present Defendants' entries unilaterally." She also requested that Defendants "reply to the motion within 48 hours and, this time, make sure it is uploaded as an opposition to my ex parte application." On August 18 at approximately 9:58 A.M., Plaintiff sent me another email clarifying that the

"applicable response period is 24 hours." A true and correct copy of these emails is attached as **Exhibit 4.**

7. Plaintiff never met and conferred with me regarding her intention to file a motion to strike, disregard, seal or redact ECF Nos. 26, 26-1 – 26-10. I first learned that Plaintiff was asking the Court to strike, disregard, or preclude reliance on ECF Nos. 26 through 26-10, and that she alleged the mailed package omitted ECF Nos. 26, 26-1, and 26-2, upon reviewing her ex parte application, ECF No. 67.

8. Defendants have relied on materials filed with ECF No. 26 in later briefing. Striking ECF Nos. 26 through 26-10 would create broken citations, remove the context for subsequent filings, and unduly prejudice Defendants.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct

Dated: August 19, 2026

MORGAN, LEWIS & BOCKIUS LLP

By N Antonopoulos
Nicole L. Antonopoulos