# EXHIBIT 1

**From:** Doyle, Adele
**Sent:** Wednesday, July 15, 2026 9:16 PM
**To:** jravada@icloud.com
**Cc:** Cho, Karen Y.; Antonopoulos, Nicole L.
**Subject:** D'Sol v. Bank of America, N.A., et al.; Defendants' Opposition to Plaintiff's Ex Parte Application for Order Continuing Defendants' Motion to Compel Arbitration
**Attachments:** [026] Defs' Opp to Ex Parte Application for Order Continuing Arbitration; Index of Evidence; Decl. of K. Cho.pdf; Cert of Service of Defs' Opp to Ex Parte Application for Order Continuing Arbitration.pdf

Please see the attached. A hard copy will follow via U.S. Mail.

**Adele Doyle**
Legal Administrative Specialist
**Morgan, Lewis & Bockius LLP**
600 Montgomery Street, Suite 2300 | San Francisco, CA 94111-2725
Direct: +1.415.442.1528 | Main: +1.415.442.1000 | Fax: +1.415.442.1001
Assistant to: Brian D. Berry, Eric Meckley
adele.doyle@morganlewis.com | www.morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
Karen Y. Cho, Bar No. 274810
karen.cho@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Nicole L. Antonopoulos, Bar No. 306882
nicole.antonopoulos@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304-1124
Tel: +1.650.843.4000
Fax: +1.650.843.4001

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF AMERICA CORPORATION, TRICIA SHANKS, and PETER C. MAXIM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LUNA D'SOL,

Plaintiff,

vs.

BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; TRICIA SHANKS, an individual; and PETER C. MAXIM, an individual; and DOES 1 through 50, inclusive,

Defendants.

Case No. 5:26-cv-03535-JGB-SP

Hon. Jesus G. Bernal

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR ORDER CONTINUING DEFENDANTS' MOTION TO COMPEL ARBITRATION, RESETTING THE BRIEFING SCHEDULE, AND FINDING THAT DEFENDANTS HAVE FAILED TO ESTABLISH EFFECTIVE SERVICE OR, ALTERNATIVELY DIRECTING A CORRECTED CERTIFICATE OF SERVICE**

# I. INTRODUCTION

"Ex parte motions are rarely justified." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). "[F]iling an ex parte motion, whether of the pure or hybrid type, is the forensic equivalent of standing in a crowded theater and shouting, "Fire!" There had better be a fire." *Id*. In order to show that *ex parte* relief is justified, the moving party must show: (1) that the moving party will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures; and (2) that the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect. *Id.*

Here, there is no emergency that warrants an *ex parte* order continuing the hearing on Defendants' motion to compel arbitration. The circumstances underlying this request are the result of Plaintiff's own dilatory conduct by failing to file an opposition to Defendants' Motion to Compel Arbitration, even though she received timely and proper notice of Defendants' motion. Defendants' evidence establishes that Plaintiff received Defendants' motion via both FedEx mailing and a secure file transfer email. Indeed, Plaintiff concedes that FedEx delivered the documents to her home, but she has taken the implausible position that the documents were "blown away by high winds" in Palm Springs. Even if this Court gives any credit to Plaintiff's story, Plaintiff's own conduct establishes that she did indeed receive timely notice of Defendants' motion. Notably, Defendants filed and served their motion on Thursday July 2, 2026, and Plaintiff sent a meet and confer email regarding the very documents that Defendants filed in support of their motion on Monday, July 6. As such, Plaintiff had the opportunity to file a timely opposition to Defendants' motion on July 13, 2026, but she chose to ignore the deadline. Instead, she decided to file the instant *ex parte* application raising frivolous procedural objections.[1] Plaintiff's own dilatory

[1] Plaintiff's tactic of asserting such procedural objections is nothing new. Indeed, she raised various objections to the service of the complaint and summons on Defendants, even though

conduct is not a basis for *ex parte* relief. To the contrary, both her abuse of the *ex parte* process and her misstatements to the Court are troubling.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On March 4, 2026, Plaintiff filed this action in Riverside County Superior Court. ECF No. 1. On June 25, 2026, Bank of America, N.A. removed this action to this Court. *Id*. That same day, Defendants' counsel served Plaintiff with a copy of the removal and related filings via USPS mail and via regular email. ECF No. 5; *see also* Declaration of Karen Cho ("Cho Decl.") ¶ 2.

On June 26, 2026, Plaintiff sent a meet and confer email regarding her position as to alleged "legal and procedural defects in Defendants' Notice of Removal." Cho Decl. ¶ 3. This email clearly shows that Plaintiff received and reviewed the removal because Plaintiff takes issue with various information included in the removal. *Id*. Although Plaintiff clearly had a copy of the Notice of Removal papers (which were provided to her both electronically and via USPS mail service), on June 30, 2026, Plaintiff informed Defendants' counsel that she had not yet received the hard copies of the Notice of Removal and that she took issue with the fact that Defendants were unable to provide a tracking number associated with their service of the removal via USPS mailing. *Id*., ¶ 4.

On July 2, 2026, Defendants filed a motion to compel arbitration. ECF No. 10. That same day, Defendants' counsel served Plaintiff with the motion to compel arbitration via FedEx mailing, so that they can provide Plaintiff with a tracking number per her prior request, and also via email to make doubly sure she received it. Cho Decl. ¶ 5. Defendants' counsel served Plaintiff via FedEx mailing, as opposed to USPS mailing, because Plaintiff had previously represented that she did not receive the physical paper copies of the Notice of Removal via USPS mailing, and she repeatedly requested a tracking number to verify the delivery of the documents.

---

Defendants' counsel have repeatedly told Plaintiff that Defendants have accepted service of the complaint and summons. *See* Cho Decl. ¶ 3, Exh. 2.

*Id*. As such, service of the documents via FedEx would provide additional evidence that confirms delivery of the documents via a tracking number and pictures of delivery. Indeed, the FedEx proof of delivery shows that Defendants' motion to compel arbitration was delivered on July 3, 2026 at 11:11 a.m., and there are pictures confirming that the documents were delivered. *Id*. As for the email service, Defendants' counsel utilized its secure file transfer system to email the documents to Plaintiff to ensure that the documents were also delivered to Plaintiff electronically, and to avoid any issues with a regular email being rejected due to the file size. *Id*.

On July 6, 2026, at approximately 9:47 a.m., Plaintiff sent a meet and confer email to Defendants' counsel where she raised her concerns regarding documents filed in support of Defendants' motion to compel arbitration. *Id*., ¶ 6. Specifically, Plaintiff took issue with the Declaration of Dineen M. Allen filed in support of Defendants' Motion to Compel Arbitration, and she also took issue with Defendants' characterization of the meet and confer discussions in Defendants' Motion to Compel Arbitration. *Id*.

That same day, on July 6, 2026, Defendants' counsel received several emails from OneLegal, a third party litigation support company that offers e-filing, process serving, and other services, regarding documents being purportedly electronically served in this matter. *Id*., ¶ 7. Specifically, on July 6, 2026, Defendants were electronically served with Plaintiff's Notice of Pro Se Appearance, Plaintiff's Certification and Notice of Interested Parties, Plaintiff's memorandum of points and authorities in support of her motion to remand, and other related documents. *Id*. The caption page for the memorandum of points and authorities in support of Plaintiff's motion to remand reflected a hearing date of August 3, 2026, which would make the deadline for an opposition be July 9, 2026. This caption page also referenced that it was being "[f]iled concurrently with Plaintiff's Motion to Remand . . ." *Id*.

Also, on July 6, 2026, at approximately 7:36 p.m. and after Plaintiff had already sent a meet and confer email regarding the documents filed in support of

Defendants' motion to compel arbitration, Plaintiff emailed Defendants' counsel claiming that she reviewed footage from her security cameras and observed that a FedEx driver "left what appears to have been an envelope on the ground immediately outside [her] front door" but "the envelope was blown away before [she] saw it being swept away on [her] security camera." *Id.*, ¶ 8. Plaintiff asked whether the FedEx delivery was from Defendants, "what documents were enclosed, whether they were also mailed, and the date on which Defendants contend service was effected." *Id.*

On July 9, 2026, Defendants' counsel and Plaintiff had a meet and confer call where they discussed, among other topics, Plaintiff's position regarding Ms. Allen's declaration filed in support of Defendants' motion to compel arbitration. *Id.*, ¶ 9. During this call, Plaintiff also requested a copy of the tracking number for the notice of removal, and Defendants' counsel indicated that they were not aware of the tracking number for the documents given they were served via USPS. *Id.*

On July 13, 2026, Defendants had prepared an opposition to Plaintiff's motion to remand, and Defendants were planning to file it that day. *Id.*, ¶ 10. However, before Defendants filed their opposition, Plaintiff sent an email indicating that she filed her motion to remand that day (July 13), and the prior motion to remand sent on July 6 were "draft materials exchanged exclusively for settlement purposes and were not intended to constitute Plaintiff's operative filings." *Id.* Based on Plaintiff's representation, Defendants did not file an opposition to the prior version of the motion to remand that was served on July 6, 2026. *Id.*

Also, on July 13, 2026, Plaintiff and Defendants' counsel had a meet and confer call where Plaintiff indicated that she intended to file a motion to strike Defendants' Certificate of Service filed in connection with their Motion to Compel Arbitration. *Id.*, ¶ 11. During this call, Plaintiff claimed that Defendants are not permitted to serve her with documents via FedEx, and that the documents were blown away by the wind. *Id.* In response, Defendants' counsel explained their position that service was proper via FedEx, and Defendants' counsel provided Plaintiff the

documents electronically in any event. *Id*. Defendants' counsel also specifically asked Plaintiff what she wanted Defendants to do. *Id*. Notably, Plaintiff did not ask Defendants to re-send Defendants' motion to compel arbitration documents. *Id*. Rather, Plaintiff asked Defendants to amend or remove the Certificate of Service that Defendants filed with the Court. Defendants' counsel responded that Defendants were unwilling to do so. *Id*. Plaintiff proceeded with filing this instant *ex parte* application.

## II. <u>LEGAL ARGUMENT</u>

The Court should deny Plaintiff's *ex parte* application because Plaintiff fails to establish any valid basis for not filing a timely opposition to Defendants' motion to compel arbitration. Indeed, as discussed above, Defendants promptly served Plaintiff with their motion to compel arbitration via both FedEx mailing and email, and Plaintiff clearly reviewed the motion because she sent Defendants' counsel a meet and confer email about the filed documents within one business day after Defendants served the motion. *See* Cho Decl. ¶ 6; Federal Rule of Civil Procedure § 5(b)(2)(C) (a paper may be served by "mailing it to the person's last known address—in which event service is complete upon mailing").

Moreover, even if FedEx does not qualify as a mailing under Rule 5 of the Federal Rules of Civil Procedure, Defendants had good cause for sending the documents to Plaintiff via both FedEx mailing and email. Plaintiff had previously claimed that she had not received the removal documents that were sent to her via USPS mailing, and repeatedly asked for tracking numbers for documents we send to her. Cho Decl. ¶ 3, 4, 9. Specifically, Plaintiff continued to claim that she was not served with the removal documents, even though she had sent Defendants' counsel a meet and confer email regarding the removal and a motion to remand (which she later claims was just a draft motion). *Id*. She also repeatedly demanded the tracking number to confirm delivery of the documents. *Id*. As a result, Defendants served the documents to Plaintiff via FedEx mailing and a secure file transfer email to ensure

delivery of the documents and further proof of the delivery via tracking number and pictures of the delivery. *Id.*, ¶ 5. Plaintiff had actual notice of the documents filed in support of Defendants' motion to compel arbitration, and she had the opportunity to file a timely opposition to Defendants' motion to compel arbitration where she could have raised her objections to service of Defendants' motion in her opposition. *Id.*, ¶ 6. However, she chose to file nothing. As such, Plaintiff is at fault for failing to file a timely opposition, and this Court should deny her *ex parte* application.

Dated: July 15, 2026

MORGAN, LEWIS & BOCKIUS LLP

By *_/s/Karen Cho_*
Karen Y. Cho
Nicole L. Antonopoulos

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF AMERICA CORPORATION, TRICIA SHANKS, and PETER C. MAXIM

Case 5:26-cv-03535-JGB-SP Document 9-2 Filed 07/16/26 Page 10 of 299 Page ID #:1196

**Certificate of Compliance**

The undersigned, counsel of record for Defendants, certifies that this brief contains 1,863 words and does not exceed 25 pages, which complies with the word limit of L.R. 11-6.1 and the Court's Standing Order.

Dated: July 13, 2026

MORGAN, LEWIS & BOCKIUS LLP

By *_/s/Karen Cho_*
Karen Y. Cho
Nicole L. Antonopoulos

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF AMERICA CORPORATION, TRICIA SHANKS, and PETER C. MAXIM

MORGAN, LEWIS & BOCKIUS LLP
Karen Y. Cho, Bar No. 274810
karen.cho@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Nicole L. Antonopoulos, Bar No. 306882
nicole.antonopoulos@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304-1124
Tel: +1.650.843.4000
Fax: +1.650.843.4001

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF AMERICA CORPORATION, TRICIA SHANKS, and PETER C. MAXIM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LUNA D'SOL,

Plaintiff,

vs.

BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; TRICIA SHANKS, an individual; and PETER C. MAXIM, an individual; and DOES 1 through 50, inclusive,

Defendants.

Case No. 5:26-cv-03535-JGB-SP

Hon. Jesus G. Bernal

**INDEX OF EVIDENCE IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR ORDER CONTINUING DEFENDANTS' MOTION TO COMPEL ARBITRATION, RESETTING THE BRIEFING SCHEDULE, AND FINDING THAT DEFENDANTS HAVE FAILED TO ESTABLISH EFFECTIVE SERVICE OR, ALTERNATIVELY DIRECTING A CORRECTED CERTIFICATE OF SERVICE**

## INDEX

**Declaration of Karen Cho ........................................................................................ Tab 1**

Exhibit 1: Defendants' counsel's June 25, 2026 email sent to Plaintiff with copy of Notice of Removal

Exhibit 2: Plaintiff's June 26, 2026 email regarding Bank of America, N.A.'s Notice of Removal

Exhibit 3: Plaintiff's June 30, 2026 email regarding service of Notice of Removal

Exhibit 4: Defendants' FedEx proof of delivery of service showing delivery on July 3, 2026 of motion to compel arbitration on Plaintiff

Exhibit 5: Defendants' July 2, 2026 email to Plaintiff that provided a copy of Defendants' motion to compel arbitration (minus the exhibits)

Exhibit 6: Plaintiff's July 6, 2026 email to Defendants raising concerns regarding documents filed in support of Defendants' motion to compel arbitration

Exhibit 7: Plaintiff's July 6, 2026 email claiming FedEx envelope with Defendants' motion to compel arbitration was blown away from her front door

Exhibit 8: Plaintiff's July 13, 2026 email indicating that she filed her motion to remand that day

Dated: July 15, 2025

MORGAN, LEWIS & BOCKIUS LLP

By */s/ Karen Y Cho*
Karen Y. Cho
Nicole L. Antonopoulos

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF AMERICA CORPORATION, TRICIA SHANKS, and PETER C. MAXIM

MORGAN, LEWIS & BOCKIUS LLP
Karen Y. Cho, Bar No. 274810
karen.cho@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Nicole L. Antonopoulos, Bar No. 306882
nicole.antonopoulos@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304-1124
Tel: +1.650.843.4000
Fax: +1.650.843.4001

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF AMERICA CORPORATION, TRICIA SHANKS, and PETER C. MAXIM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUNA D'SOL,<br>Plaintiff,<br>vs.<br>BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; TRICIA SHANKS, an individual; and PETER C. MAXIM, an individual; and DOES 1 through 50, inclusive,<br>Defendants. | Case No. 5:26-cv-03535-JGB-SP<br>Hon. Jesus G. Bernal<br>**DECLARATION OF KAREN Y. CHO IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR ORDER CONTINUING DEFENDANTS' MOTION TO COMPEL ARBITRATION, RESETTING THE BRIEFING SCHEDULE, AND FINDING THAT DEFENDANTS HAVE FAILED TO ESTABLISH EFFECTIVE SERVICE OR, ALTERNATIVELY DIRECTING A CORRECTED CERTIFICATE OF SERVICE** |

# DECLARATION OF KAREN Y. CHO

I, Karen Y. Cho, hereby certify pursuant to 28 U.S.C. § 1746 that the factual statements set forth below are true and correct to the best of my knowledge:

1. I am a member of the California Bar and a Partner at Morgan Lewis Bockius LLP, counsel of record for Defendants Bank of America, National Association, Bank of America Corporation, Tricia Shanks, and Peter Maxim (collectively, the "Defendants") in the above-captioned litigation. I have personal knowledge of the facts set forth in this declaration, and if called as a witness I could and would competently testify thereto.

2. On June 25, 2026, Bank of America, N.A. removed this action to this Court. That same day, my office served Plaintiff with a copy of the removal and related filings via USPS mail and via regular email. A true and correct of the Certificate of Service is filed in this action as ECF No. 5. A true and correct copy of the June 25, 2026 email that my office sent Plaintiff with the removal and related filings is attached as **Exhibit 1.**

3. On June 26, 2026, Plaintiff sent me a meet and confer email regarding her position as to alleged "legal and procedural defects in Defendants' Notice of Removal." This email clearly shows that Plaintiff received and reviewed the removal because Plaintiff takes issue with various information included in the removal. Plaintiff raised various objections to the service of the complaint and summons on Defendants, even though we repeatedly told Plaintiff that Defendants have accepted service of the complaint and summons. A true and correct copy of this June 26, 2026 email is attached as **Exhibit 2.**

4. Although Plaintiff clearly had a copy of the Notice of Removal papers (which were provided to her both electronically and via USPS mail service), on June 30, 2026, my colleague Nicole Antonopoulos and I attended a phone call with Plaintiff where Plaintiff stated that she had not yet received the hard copies of the Notice of Removal and that Plaintiff took issue with the fact that Defendants were

unable to provide a tracking number associated with their service of the removal via USPS mailing. After the call, Plaintiff sent an email where she provided her characterization of the meet and confer call. I disagree with Plaintiff's characterization of the call in this email. A true and correct copy of this June 30, 2026 email is attached as **Exhibit 3.**

5. On July 2, 2026, Defendants filed a motion to compel arbitration. That same day, my office served Plaintiff with Defendants' motion to compel arbitration via FedEx mailing, so we could provide Plaintiff a tracking number per her prior request, and also via email to make doubly sure she received it. We served Plaintiff via FedEx mailing, as opposed to USPS mailing, because Plaintiff had previously represented that she did not receive the physical paper copies of the Notice of Removal via USPS mailing, and she repeatedly requested a tracking number to verify the delivery of the documents. Indeed, the FedEx proof of delivery shows that Defendants' motion to compel arbitration was delivered on July 3, 2026 at 11:11 a.m., and there are pictures confirming that the documents were delivered. As for the email service, my office utilized its secure file transfer system to email the documents to Plaintiff to ensure that the documents were also delivered to Plaintiff electronically, and to avoid any issues with a regular email being rejected due to the file size. A true and correct copy of the Certificate of Service of Defendants' motion to compel arbitration is filed in this action as ECF No. 13. A true and correct copy of the FedEx proof of delivery and photos of the service of Defendants' motion to compel arbitration on Plaintiff is attached as **Exhibit 4.** A true and correct copy of the July 2, 2026 email sent to Plaintiff that provided a copy of Defendants' motion to compel arbitration (minus the exhibits) is attached as **Exhibit 5.**

6. On July 6, 2026, at approximately 9:47 a.m., Plaintiff sent a meet and confer email to me where Plaintiff raised her concerns regarding documents filed in support of Defendants' motion to compel arbitration. Specifically, Plaintiff took issue with the Declaration of Dineen M. Allen filed in support of Defendants' Motion to

Compel Arbitration, and she also took issue with Defendants' characterization of the meet and confer discussions in Defendants' Motion to Compel Arbitration. A true and correct copy of this July 6, 2026 email (with redactions) is attached as **Exhibit 6.**

7. That same day, on July 6, 2026, I received several emails from OneLegal, a third party litigation support company that offers e-filing, process serving, and other services, regarding documents being purportedly electronically served in this matter. Specifically, on July 6, 2026, Defendants were electronically served with Plaintiff's Notice of Pro Se Appearance, Plaintiff's Certification and Notice of Interested Parties, Plaintiff's memorandum of points and authorities in support of her motion to remand, and other related documents. The caption page for the memorandum of points and authorities in support of Plaintiff's motion to remand reflected a hearing date of August 3, 2026, which would make the deadline for an opposition be July 9, 2026. This caption page also referenced that it was being "[f]iled concurrently with Plaintiff's Motion to Remand . . ."

8. Also, on July 6, 2026, at approximately 7:36 p.m. and after Plaintiff had already sent a meet and confer email regarding the documents filed in support of Defendants' motion to compel arbitration, Plaintiff emailed me claiming that she reviewed footage from her security cameras and observed that a FedEx driver "left what appears to have been an envelope on the ground immediately outside [her] front door" but "the envelope was blown away before [she] saw it being swept away on [her] security camera." Plaintiff asked whether the FedEx delivery was from Defendants, "what documents were enclosed, whether they were also mailed, and the date on which Defendants contend service was effected." A true and correct copy of this July 6, 2026 email is attached as **Exhibit 7.**

9. On July 9, 2026, Ms. Antonopoulos and I had a meet and confer call with Plaintiff where we discussed, among other topics, Plaintiff's position regarding Ms. Allen's declaration filed in support of Defendants' motion to compel arbitration.

During this call, Plaintiff also requested a copy of the tracking number for the notice of removal, and we indicated that we were not aware of the tracking number for the documents given they were served via USPS.

10. On July 13, 2026, Defendants had prepared an opposition to Plaintiff's motion to remand, and Defendants were planning to file it that day. However, before Defendants filed their opposition, Plaintiff sent an email indicating that she filed her motion to remand that day (July 13), and the prior motion to remand sent on July 6 were "draft materials exchanged exclusively for settlement purposes and were not intended to constitute Plaintiff's operative filings." Based on Plaintiff's representation, Defendants did not file an opposition to the prior version of the motion to remand that was served on July 6, 2026. A true and correct copy of Plaintiff's email dated July 13, 2026 and Defendants' response is attached as **Exhibit 8.**

11. Also, on July 13, 2026, Ms. Antonopoulos and I had a meet and confer call with Plaintiff where Plaintiff indicated that she intended to file a motion to strike Defendants' Certificate of Service filed in connection with their Motion to Compel Arbitration. During this call, Plaintiff claimed that Defendants are not permitted to serve her with documents via FedEx, and she claimed that the documents were blown away by the wind. In response, we explained Defendants' position that service was proper via FedEx, and we also told Plaintiff that Defendants provided Plaintiff the documents electronically in any event. We also specifically asked Plaintiff what she wanted Defendants to do. Notably, Plaintiff did not ask Defendants to re-send Defendants' motion to compel arbitration documents. Rather, Plaintiff asked Defendants to amend or remove the Certificate of Service that Defendants filed with the Court. We responded that Defendants were unwilling to do so.

//

//

//

I declare to the best of my knowledge under penalty of perjury under the laws of California and the United States that the foregoing is true and correct.

Executed on July 15, 2026

*/s/ Karen Y. Cho*
Karen Y. Cho

# EXHIBIT 1

**From:** Doyle, Adele
**Sent:** Thursday, June 25, 2026 5:31 PM
**To:** jravada@icloud.com
**Cc:** Cho, Karen Y.; Antonopoulos, Nicole L.
**Subject:** D'Sol v. Bank of America, N.A., et al; Notice of Removal
**Attachments:** [001] Defendant BofA, N.A.'s Notice of Removal.pdf; [002] Civil Case Cover Sheet.pdf; [003] Defendant BofA, N.A.'s Notice of Related Case.pdf; [004] Defendants' Notice of Interested Parties.pdf

Please see the attached. A hard copy will follow via U.S. Mail.

**Adele Doyle**
Legal Administrative Specialist
**Morgan, Lewis & Bockius LLP**
600 Montgomery Street, Suite 2300 | San Francisco, CA 94111-2725
Direct: +1.415.442.1528 | Main:+1.415.442.1000 | Fax: +1.415.442.1001
adele.doyle@morganlewis.com| www.morganlewis.com
Assistant to Eric Meckley and Brian D. Berry

MORGAN, LEWIS & BOCKIUS LLP
Karen Y. Cho, Bar No. 274810
karen.cho@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Nicole L. Antonopoulos, Bar No. 306882
nicole.antonopoulos@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304-1124
Tel: +1.650.843.4000
Fax: +1.650.843.4001

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF AMERICA CORPORATION, TRICIA SHANKS, and PETER C. MAXIM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUNA D'SOL,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; TRICIA SHANKS, an individual; and PETER C. MAXIM, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:26-cv-03535<br><br>**DEFENDANT BANK OF AMERICA, N.A.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**<br><br>[Riverside County Superior Court Case No. CVPS2601396]<br><br>[28 U.S.C. §§ 1332, 1441, and 1446] |

## TABLE OF CONTENTS


Page

I. SUMMARY OF COMPLAINT ..... 1

II. REMOVAL IS TIMELY ..... 2

III. DIVERSITY JURISDICTION EXISTS ..... 3

A. Complete Diversity Of Citizenship Exits. ..... 3

1. Plaintiff Is A Citizen Of California. ..... 4

2. BANA Is A Citizen Of North Carolina. ..... 4

3. BAC Is A Citizen Of North Carolina And Delaware. ..... 5

4. Shanks Is A Citizen Of Pennsylvania. ..... 5

5. Doe Defendants. ..... 6

6. Maxim Is A Sham Defendant, So His Citizenship Is Not Considered For Removal Purposes. ..... 6

A. Plaintiff's Second And Seventh Causes Of Action Against Maxim Fails Because She Failed To Exhaust Administrative Remedies. ..... 8

B. Plaintiff's Second Cause Of Action For Harassment Against Maxim Fails For Additional Reasons. ..... 10

C. Plaintiff's Seventh Cause Of Action For Aiding And Abetting Discrimination Or Retaliation Against Maxim Fails For Additional Reasons. ..... 12

IV. THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED ..... 13

A. Plaintiff's Alleged Lost Earnings ..... 15

B. Plaintiff's Alleged Emotional Distress Damages. ..... 16

C. Plaintiff Seeks Punitive Damages. ..... 16

V. BANA HAS MET THE OTHER PREREQUISITES FOR REMOVAL ..... 17

VI. CONCLUSION ..... 18

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alexander v. Cmty. Hosp. of Long Beach*,
46 Cal. App. 5th 238 (2020) .......... 8

*Archuleta v. Am. Airlines, Inc.*,
2000 WL 656808 (C.D. Cal. May 12, 2000) .......... 7

*Armstrong v. Church of Scientology Int'l*,
243 F.3d 546 (9th Cir. 2000) .......... 4, 5

*Aucina v. Amoco Oil Co.*,
871 F. Supp. 332 (S.D. Iowa 1994) .......... 17

*Banta v. Am. Med. Response Inc.*,
2011 U.S. Dist. LEXIS 77558 (C.D. Cal. July 15, 2011) .......... 13

*Batacan v. Allscripts Healthcare, LLC*,
2021 WL 2139065 (C.D. Cal. May 25, 2021) .......... 9

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 7, 8

*Boon v. Allstate Ins. Co.*,
229 F. Supp. 2d 1016 (C.D. Cal. 2002) .......... 3, 5

*Campbell v. Hartford Life Ins.*,
825 F. Supp. 2d 1005 (E.D. Cal. 2011) .......... 13

*Celestino v. Renal Advantage Inc.*,
2007 WL 1223699 (N.D. Cal. Apr. 24, 2007) .......... 14

*Chavez v. JPMorgan Chase & Co.*,
888 F.3d 413 (9th Cir. 2018) .......... 13

*Cole v. Antelope Valley Union High School Dist.*,
47 Cal. App. 4th 1505 (1996) .......... 8

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
135 S.Ct. 547 (2014) .......... 13

*Fisher v. San Pedro Peninsula Hosp.*,
214 Cal. App. 3d 590 (1989) .......... 10

*Galt G/S v. JSS Scandinavia*,
142 F. 3d 1150 (9th Cir. 1998) .......... 16

*Gibson v. Chrysler Corp.*,
261 F.3d 927 (9th Cir. 2001) .......... 16

*Harvey v. Bank of America, N.A.*,
906 F. Supp. 2d 982 (N.D. Cal. 2012) .......... 4

*Hertz Corp. v. Friend*,
559 U.S. 77 (2010) .......... 5

*Hunt v. Washington State Apple Advertising Comm'n*,
432 U.S. 333 (1977) .......... 16

*Iwekaogwu v. City of Los Angeles*,
75 Cal. App. 4th 803 (1999) .......... 16

*Janken v. GM Hughes Electrics*,
46 Cal. App. 4th 55 (1996) .......... 11, 12

*Johnson v. City of Loma Linda*,
24 Cal. 4th 61 (2000) .......... 8

*Jones v. Dep't of Corrections & Rehabilitation*
(2007) 152 Cal.App.4th 1367 .......... 10

*Jones v. Lodge at Torrey Pines P'ship*,
42 Cal. 4th 1158 (2008) .......... 12

*Kaldis v. Wells Fargo Bank, N.A.*,
2016 WL 6407377 (C.D. Cal. Oct. 28, 2016) .......... 9

*Kanter v. Warner-Lambert Co.*,
265 F.3d 853 (9th Cir. 2001) .......... 3, 5

*Keiffer v. Bechtel Corp.*,
65 Cal. App. 4th 893 (1998) .......... 16

*King v. C&K Mkt., Inc.*,
2020 WL 5017613 (E.D. Cal. Aug. 25, 2020) .......... 12

*Krantz v. Bloomberg L.P.*,
2021 WL 8820655 (C.D. Cal. Dec. 1, 2021) ..................................................... 12

*Lew v. Moss*,
797 F.2d 747 (9th Cir. 1986) ..................................................................... 4, 5

*Lewis v. Verizon Commc'ns, Inc.*,
627 F.3d 395 (9th Cir. 2010) ......................................................................... 14

*Lindland v. TuSimple, Inc.*,
2022 WL 19001977 (S.D. Cal. Dec. 19, 2022) ................................................ 11

*Lyle v. Warner Brothers Television Productions*
38 Cal.4th 264 (2006) .................................................................................. 10

*McBroom v. Wal-Mart Stores, Inc.*,
2016 WL 3549606 (E.D. Cal. June 30, 2016) ................................................... 11

*McCabe v. Gen. Food Corp.*,
811 F.2d 1336 (9th Cir. 1987) .................................................................. 3, 6, 7

*Medix Ambulance Serv., Inc. v. Superior Ct.*,
97 Cal. App. 4th 109 (2002) ............................................................................ 8

*Melendez v. HMS Host Family Rest., Inc.*,
2011 WL 3760058 (C.D. Cal. Aug. 25, 2011) .................................................. 14

*Newcombe v. Adolf Coors Co.*,
157 F.3d 686 (9th Cir. 1998) ........................................................................... 6

*Polk v. OSI Elecs., Inc.*,
2014 WL 12787639 (C.D. Cal. Feb. 24, 2014) .................................................... 9

*Ramirez v. Wong*
(2010) 188 Cal.App.4th 1480 ........................................................................ 10

*Reno v. Baird*,
18 Cal. 4th 640 (1998) .................................................................................. 12

*Ritchey v. Upjohn Drug Co.*,
139 F.3d 1313 (9th Cir. 1998) ......................................................................... 7

*Rivera v. Costco Wholesale Corp.*,
2008 WL 2740399 (N.D. Cal. July 11, 2008) .................................................... 14

*Romano v. Rockwell Int'l, Inc.*, 14 Cal. 4th 479 (1996) .... 8

*Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707 (9th Cir. 2014) .... 4

*Satrap v. Pac. Gas & Elec. Co.*, 42 Cal. App. 4th 72 (1996) .... 16

*Sheppard v. Freeman*, 67 Cal. App. 4th 339 (1998) .... 11

*Silo v. CHW Med. Found.*, 86 Cal. App. 4th 947 (2001) .... 16

*Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029 (N.D. Cal. 2002) .... 16

*Soliman v. Philip Morris, Inc.*, 311 F.3d 966 (9th Cir. 2002) .... 6

*State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514 (10th Cir. 1994) .... 4, 6

*TPS Utilicom Serv., Inc. v. AT & T Corp.*, 223 F. Supp. 2d 1089 (C.D. Cal. 2002) .... 7

*United Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d 756 (9th Cir. 2002) .... 1

*Washington v. Hovensa LLC*, 652 F.3d 340 (3d Cir. 2011) .... 4, 5

*Watkins v. Thomas*, 2011 WL 13217678 (C.D. Cal. Mar. 1, 2011) .... 9

*Wysinger v. Automobile Club of Southern California*, 157 Cal.App.4th 413 (2007) .... 17

**Statutes**

28 U.S.C. § 1332 .... 1, 3

28 U.S.C. § 1332(a) .... 3, 13, 18

28 U.S.C. § 1332(c)(1) .......... 5

28 U.S.C. § 1348 .......... 4

28 U.S.C. § 1441 .......... 1, 3

28 U.S.C. § 1441(a) .......... 3, 17

28 U.S.C. § 1441(b) .......... 3, 6

28 U.S.C. § 1441(b)(1) .......... 6

28 U.S.C. § 1446 .......... 1, 18

28 U.S.C. § 1446(a) .......... 17

28 U.S.C. § 1446(b) .......... 2

28 U.S.C. § 1446(b)(2)(A) .......... 1

28 U.S.C. § 1446(d) .......... 17

Cal. Gov't Code §§ 12960–12965 .......... 8

Cal. Gov't Code § 12960(c) .......... 8

California Code of Civil Procedure § 415.30 .......... 2

Fed. R. Civ. P. 12(b)(6) .......... 7

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF:**

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Bank of America, N.A. ("Defendant" or "BANA") hereby removes the above-entitled action from the Riverside County Superior Court to the United States District Court for the Central District of California.[1] In support of this removal notice, BANA states the following:

## I. <u>SUMMARY OF COMPLAINT</u>

1. On March 4, 2026, Plaintiff Luna D'Sol ("Plaintiff") filed a complaint[2] against Defendants BANA, Bank of America Corporation ("BAC"), Tricia Shanks ("Shanks"), and Peter C. Maxim ("Maxim") (collectively "Defendants") in Riverside County Superior Court, entitled *Luna D'Sol v. Bank of America, N.A., et al.*, Case No. CVPS2601396 ("Complaint"). The Complaint alleges causes of action for: (1) discrimination based on sex, gender identity, gender expression, and transgender status in violation of the California Fair Employment and Housing Act ("FEHA") against Entity Defendants; (2) hostile work environment harassment based on sex, gender identity, gender expression, and transgender status in violation of the FEHA against all Defendants; (3) retaliation in violation of the FEHA against Entity Defendants; (4) failure to accommodate a disability in violation of FEHA against Entity Defendants; (5) failure to pay final wages and issuance of inaccurate wage statements against Entity Defendants; (6) failure to engage in interactive process in

---

[1] Defendants Tricia Shanks, Peter C. Maxim, and Bank of America Corporation are sham defendants and thus are not properly joined in this action. Their consent therefore is not required for removal of this action to this Court. *See United Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002). Nonetheless, all Defendants consent to the removal of this action pursuant to 28 U.S.C. § 1446(b)(2)(A).

[2] Before Plaintiff filed the instant action, Plaintiff filed two prior complaints alleging employment-related claims against BANA after her employment terminated. *See* Los Angeles County Superior Court, Case No. 25VECV04709, and Central District of California, Case No. 5:25-cv-03316-SSS-DTB. Plaintiff voluntarily dismissed her two prior actions. This is the third lawsuit that Plaintiff has filed against BANA, and the first time that Plaintiff has named Shanks and Maxim as defendants.

violation of FEHA against Entity Defendants; (7) aiding and abetting discrimination, harassment, and retaliation in violation of FEHA against Shanks and Maxim; (8) failure to prevent discrimination, harassment, or retaliation in violation of FEHA against Entity Defendants; and (9) wrongful termination in violation of public policy against Entity Defendants.

2. On May 4, 2026, Plaintiff caused the Notice and Acknowledgement of Receipt, Summons, Complaint, and other case initiating documents, to be sent to BANA's counsel pursuant to California Code of Civil Procedure section 415.30. A true and correct copy of Plaintiff's Complaint is attached as **Exhibit A** and is incorporated by reference. True and correct copies of the other documents Plaintiff sent to BANA's counsel are attached as **Exhibit B** and are incorporated by reference.

3. On May 26, 2026, BANA's counsel signed and returned to Plaintiff the Notice and Acknowledgement of Receipt of Summons. A true and correct copy of BANA's signed Notice and Acknowledgement of Receipt is attached as **Exhibit C.**

4. **Exhibit D** constitute all the pleadings, process and orders filed in the Superior Court action as well as a corresponding index of all documents and the date they were filed.

## II. REMOVAL IS TIMELY

5. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), because it is being filed within thirty (30) days after service of the complaint. Under California Code of Civil Procedure section 415.30, "[s]ervice of a summons . . . is deemed complete on the date a written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender." On May 26, 2026, BANA's counsel signed and returned the Notice and Acknowledgement of Receipt of Summons to Plaintiff. Pursuant to California Code of Civil Procedure § 415.30(c), service was completed on May 26, 2026, the date BANA's counsel signed and returned the written acknowledgement of receipt of summons. BANA thus has thirty (30) days from May 26, 2026 to file a notice of removal. Thirty (30) days from

May 26, 2026, is June 25, 2026. Because this Removal is filed on or by June 25, 2026, it is timely.

6. No previous Notice of Removal has been filed or made with this Court for the relief sought.

## III. DIVERSITY JURISDICTION EXISTS

7. This is a civil action of which the Court has original jurisdiction pursuant to 28 U.S.C. §1332 (diversity jurisdiction), and is one which BANA may remove pursuant to 28 U.S.C. §1441. This is a civil action where the amount in controversy for Plaintiff's claims exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. As shown below, Defendant Peter Maxim is a "sham" defendant, and his citizenship may be disregarded for purposes of establishing diversity.

### A. Complete Diversity of Citizenship Exits.

8. A case may be heard in federal court under diversity jurisdiction if there is complete diversity; *i.e.*, all plaintiffs are diverse from all defendants. 28 U.S.C. § 1332(a). A defendant may remove an action to federal court under 28 U.S.C. § 1332 provided no defendant is a citizen of the same state in which the action was brought. 28 U.S.C. § 1441(a), (b). The citizenship of improperly and fraudulently joined defendants must be disregarded for removal purposes. *McCabe v. Gen. Food Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

9. Here, disregarding the improperly and fraudulently joined Defendant Peter Maxim, all requirements are met because Plaintiff is a citizen of California, BANA is a citizen of North Carolina, BAC is a citizen of Delaware and North Carolina, and Shanks is a citizen of Pennsylvania.[3]

---

[3] Plaintiff alleges that Shanks "is an individual residing in or near Newark, Delaware." Exh. A, Compl. ¶ 5. At all relevant times, Shanks has resided in Pennsylvania, and she is a citizen of Pennsylvania. Either way, there is no indication that Shanks was a citizen of California.

1. Plaintiff Is a Citizen of California.

10. "An individual is a citizen of the state in which he [or she] is domiciled." *Boon v. Allstate Ins. Co.,* 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co*., 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

11. Evidence of continuing residence creates a presumption of domicile. *Washington v. Hovensa LLC*, 652 F.3d 340, 345 (3d Cir. 2011); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994). Once the removing party produces evidence supporting that presumption, the burden shifts to the other party to come forward with contrary evidence, if any, in order to dispute domicile. *Id*.

12. Here, Plaintiff alleges that she "is an individual residing in Palm Springs, California." Exh. A, Compl. ¶ 2. Plaintiff does not allege that she was a citizen of any state other than California, and there is no indication that Plaintiff is or was a citizen of any state other than California at any time relevant to the Complaint. As such, Plaintiff was and is domiciled in the State of California, and therefore is a citizen of California for purposes of diversity jurisdiction.

2. BANA Is a Citizen of North Carolina.

13. BANA is a national bank. A national banking association is a citizen of the State its main office is located, as determined by its charter. 28 U.S.C. § 1348; *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 715 (9th Cir. 2014) (U]nder § 1348, a national banking association is a citizen only of the state in which its main office is located."); *see, Harvey v. Bank of America, N.A.,* 906 F. Supp. 2d 982, 988 n.2 (N.D. Cal. 2012) ("Defendant Bank of America N.A. is a citizen of North Carolina for purposes of diversity jurisdiction"). As specified in its charter, BANA's main office is located in North Carolina. Therefore, BANA is a citizen of North Carolina. 28 U.S.C. § 1348.

14. BANA is not and, since the commencement of this action, has not, had its main office in California.

3. <u>BAC Is a Citizen of North Carolina and Delaware.</u>

15. For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). BAC is, and at all pertinent times was, a corporation organized and existing under and by virtue of the laws of the State of Delaware.

16. BAC's principal place of business is in North Carolina.[4] *See generally Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities" and, "in practice[,] it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center.'").

17. As such, BAC is a citizen of Delaware and North Carolina for purposes of diversity jurisdiction.

18. BAC is not and, since the commencement of this action, has not been, incorporated in California and has not had its headquarters or executive offices based in California.

4. <u>Shanks is a Citizen of Pennsylvania.</u>

19. "An individual is a citizen of the state in which he [or she] is domiciled…." *Boon v. Allstate Ins. Co.*, 229 F. Supp.2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265, F.3d 853, 857 (9th Cir. 2001)). For

[4] BAC's Form 10-Q for the quarterly period ended October 31, 2025, which is a public document and publicly accessible through the United States Securities and Exchange Commission's website, lists 100 N. Tryon Street, Charlotte, North Carolina 28255 as BAC's principal executive offices and Delaware as the state of incorporation. https://investor.bankofamerica.com/regulatory-and-other-filings/select-sec-filings/content/0000070858-25-000405/bac-20250930.htm

purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

20. Continuing residence creates a presumption of domicile. *Washington v. Hovensa LLC*, 652 F.3d 340, 345 (3rd Cir. 2011); *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994). Shanks currently resides in Pennsylvania, and her primary residency has always been in Pennsylvania at all times relevant to the Complaint. Thus, Shanks is domiciled in the State of Pennsylvania, and is therefore a citizen of Pennsylvania for purposes of diversity jurisdiction in this matter.

5. Doe Defendants.

21. The citizenship of "Doe" defendants is disregarded for removal purposes. 28 U.S.C. § 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (holding that for removal purposes, the citizenship of defendants sued under fictitious names shall be disregarded); *see also Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002). Thus, the inclusion of "Doe" defendants in Plaintiff's Complaint has no effect on the ability to remove.

6. Maxim is A Sham Defendant, so His Citizenship Is Not Considered for Removal Purposes.

22. Under § 1441(b), actions are removable if, "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Plaintiff has attempted to prevent removal by improperly naming Maxim as an individual defendant. Indeed, Plaintiff previously brought two prior employment-related lawsuits against BANA alleging many of the same employment claims, and neither of these prior lawsuits alleged any claims against Maxim (or any individual defendants). Plaintiff also never mentioned Maxim in her two previous complaints or her CRD charge. Only now has Plaintiff

named Maxim in a transparent attempt to defeat diversity jurisdiction.

23. The citizenship of Defendant Maxim should be disregarded because he was improperly and fraudulently joined in this action in order to defeat removal jurisdiction. *See McCabe*, 811 F.2d at 1339. As the Ninth Circuit stated in *McCabe*, "[f]raudulent joinder is a term of art. If the Plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Id.* at 1339. The issue in a fraudulent joinder determination is "whether the plaintiff truly had a cause of action against the alleged sham defendants," not merely whether a nominal cause of action has been stated. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318-19 (9th Cir. 1998) (citations omitted).

24. Additionally, "[t]he defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent" in order to determine "whether the plaintiff truly ha[s] a cause of action against the alleged sham defendants." *Ritchey*, 139 F.3d at 1318.

25. Many courts have compared the fraudulent joinder standard to the standard for judging a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See, e.g.*, *TPS Utilicom Serv., Inc. v. AT & T Corp.*, 223 F. Supp. 2d 1089, 1102 (C.D. Cal. 2002) (the "test for fraudulent joinder resembles a Rule 12(b)(6) analysis"); *Archuleta v. Am. Airlines, Inc.*, 2000 WL 656808, at *11 (C.D. Cal. May 12, 2000) (the fraudulent joinder standard "is similar to that employed in deciding motions to dismiss under Rule 12(b)(6)").

26. Since *Twombly*, the 12(b)(6) standard requires that plaintiffs plead factual allegations sufficient to "raise a right to relief beyond the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his [or her] 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A plaintiff must plead a "statement of circumstances, occurrences and

events in support of the claim presented." *Id.* n.3. The Supreme Court stressed that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'" and that "[t]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (citations omitted). Since federal pleading standards apply in federal court, Plaintiff's Complaint here must be viewed through the lens of *Twombly* to determine whether Plaintiff failed to state a claim against Maxim and, thus, he is fraudulently joined.

27. Here, the only causes of action Plaintiff alleges against Defendant Maxim is the second cause of action for hostile work environment harassment on the basis of sex, gender identity, gender expression, and transgender status under the FEHA and the seventh cause of action for aiding and abetting discrimination, harassment, and retaliation under FEHA. However, as discussed further below, these claims against Maxim fail.

a. **Plaintiff's Second and Seventh Causes of Action against Maxim Fails Because She Failed to Exhaust Administrative Remedies.**

28. "Under the FEHA, the employee must exhaust the administrative remedy provided by the statute by filing a complaint with the [Department of Fair employment and Housing ("DFEH"), which is now the California Civil Rights Department ("CRD")] and must obtain from the Department a notice of right to sue in order to be entitled to file a civil action in court based on violations of the FEHA." *Romano v. Rockwell Int'l, Inc.*, 14 Cal. 4th 479, 492 (1996); *see also* Cal. Gov't Code §§ 12960–12965. Exhaustion of administrative remedies is "a jurisdictional prerequisite to resort to the court." *Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 70 (2000). A plaintiff is barred from suing individual defendants she fails to name in the DFEH/CRD charge. *Cole v. Antelope Valley Union High School Dist.*, 47 Cal. App. 4th 1505, 1511 (1996) (citing Cal. Gov't Code § 12960(c) which requires a plaintiff to "state the name and address of the person ... alleged to have committed the

unlawful practice complained of"); *see also Alexander v. Cmty. Hosp. of Long Beach,* 46 Cal. App. 5th 238, 251 (2020) (stating that "plaintiffs mentioned MPHS nowhere in their FEHA complaint, which constitutes a failure to exhaust their administrative remedies against MPHS and precludes their bringing a civil FEHA action against it."); *Medix Ambulance Serv., Inc. v. Superior Ct.,* 97 Cal. App. 4th 109, 118 (2002) (finding that the "court should have sustained their demurrer to the sexual harassment causes of action" where the plaintiff "neither listed them in the administrative charge as an 'employer' or 'person' against whom the claim was made, nor did she name them in the body of the complaint form as the alleged perpetrators"); *Polk v. OSI Elecs., Inc*., 2014 WL 12787639, at *4 (C.D. Cal. Feb. 24, 2014) ("Plaintiff's failure to name OSIS in the caption or body of his administrative complaints is fatal to his civil action against OSIS under FEHA."); *Watkins v. Thomas*, 2011 WL 13217678, at *3 (C.D. Cal. Mar. 1, 2011) ("because Plaintiff has not exhausted her FEHA administrative remedies with regard to Ridley–Thomas and Browning, inasmuch as she failed to name them in her DFEH complaint (Pl.'s Ex. H), the dismissal of the FEHA harassment claim is with prejudice."); *Polk v. OSI Elecs., Inc*., 2014 WL 12787639, at *4 (C.D. Cal. Feb. 24, 2014) ("Because the first cause of action arises under FEHA, California law relating to exhaustion controls. On this point, it appears that California courts have considered and rejected the Ninth Circuit rule") ("Plaintiff's failure to name OSIS in the caption or body of his administrative complaints is fatal to his civil action against OSIS under FEHA.")

29. Here, Maxim is fraudulently joined because Plaintiff failed to name Maxim in her charge with the CRD, and exhaust her administrative remedies as to him. *See Batacan v. Allscripts Healthcare, LLC,* 2021 WL 2139065, at *2 (C.D. Cal. May 25, 2021) (denying motion to remand, finding that the individual defendant was "fraudulently joined because Plaintiff failed to name [the individual defendant] in her DFEH complaint" and "A plaintiff is barred from suing individual defendants she fails to name in the DFEH charge"); *Kaldis v. Wells Fargo Bank, N.A.,* 2016 WL

6407377, at *4 (C.D. Cal. Oct. 28, 2016) (denying motion to remand and finding that the individual defendants were fraudulently joined where the plaintiff "failed to exhaust her administrative remedies against Defendants regarding her FEHA harassment claims and cannot establish her IIED claims due to the statute of limitations and protection of managerial activities"). As such, Plaintiff's second and seventh causes of action under the FEHA against Maxim fail as a matter of law.

b. **Plaintiff's Second Cause of Action for Harassment Against Maxim Fails For Additional Reasons.**

30. To establish a claim of harassment under the FEHA, "an employee claiming harassment based upon a hostile work environment must demonstrate that the conduct complaint of was *severe enough or sufficiently pervasive* to alter the conditions of employment and create a work environment that qualifies as hostile or abusive to employees *because of* [their protected characteristic]." *Lyle v. Warner Brothers Television Productions,* 38 Cal.4th 264, 278-79 (2006) (emphasis in original). "[A] workplace may give rise to liability when it "is permeated with 'discriminatory . . . intimidation, ridicule, and insult,' [citation], that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Id.* This requirement "is a crucial limitation that prevents [] harassment law from being expanded into a 'general civility code.'" *Jones v. Dep't of Corrections & Rehabilitation*, 152 Cal.App.4th 1367, 1377 (2007); *see also Ramirez v. Wong,* 188 Cal.App.4th 1480, 1488 (2010) (affirming dismissal following successful demurrer to sexual harassment claim because the alleged conduct was neither severe nor pervasive); *Fisher v. San Pedro Peninsula Hosp.*, 214 Cal. App. 3d 590, 609-14 (1989) (affirming trial court order sustaining demurrer to FEHA sexual harassment cause of action because the complaint had not alleged facts showing severe or pervasive conduct).

31. In the Complaint, Plaintiff alleges that Maxim's "harassing conduct included falsely accusing Plaintiff of not working and then admitting he had no basis

for the accusation; ignoring Plaintiff's expressed interest in new assignments while distributing them to other team members; singling Plaintiff out to remain online after hours during a system outage while releasing every other employee; responding to Plaintiff's compliance with profanity and dismissal; and participating in the transmission of termination documentation while the bank had already approved to be off that day." Compl., ¶ 41.

32. Even accepting Plaintiff's allegations as true, they provide no basis whatsoever for a harassment claim against Maxim. *McBroom v. Wal-Mart Stores, Inc.,* 2016 WL 3549606, at *4 (E.D. Cal. June 30, 2016) (emphasis added) ("Although a defendant must show that there is virtually no chance that plaintiff can state a viable claim in order to invoke fraudulent removal, that assessment must still be based largely on the allegations of the plaintiff's complaint.")

33. First, the alleged conduct falls short of the severity or pervasiveness required to be actionable as harassment. A "former employee cannot sue individual employees based on their conduct, including acts or words, relating to personnel actions." *Sheppard v. Freeman*, 67 Cal. App. 4th 339, 347 (1998); *see also Janken v. GM Hughes Electrics,* 46 Cal. App. 4th 55, 64-65 (1996) ("commonly necessary personnel management actions such as hiring and firing, job or project assignments, office or work station assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or nonassignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off, and the like, do not come within the meaning of harassment").

34. Second, Maxim's alleged conduct has nothing to do with Plaintiff's protected characteristic (*i.e.,* her sex, gender identity, gender expression, and/or transgender status). Indeed, there are no allegations of any derogatory comments made to or about Plaintiff. Nor has Plaintiff alleged any factual allegations that indicate any casual connection between Maxim's alleged conduct and her protected characteristics. *See e.g., Lindland v. TuSimple, Inc.*, 2022 WL 19001977, at *6 (S.D.

Cal. Dec. 19, 2022) (finding that the plaintiff failed to establish that he experienced any harassment because of a protected characteristic where the plaintiff testified that a director "yelled" at him, "glared down at [him] with hatred in his eyes," and "the two physically bumped into each other", another employee was "very rude" to the plaintiff and "excluded him from meetings", and a third employee "ignored" and "interrupted" the plaintiff during his attempts to discuss "functional safety concerns"); *King v. C&K Mkt., Inc.,* 2020 WL 5017613, at *10 (E.D. Cal. Aug. 25, 2020) (granting motion to dismiss harassment claim without leave to amend where the plaintiff failed to allege facts supporting her position that "her supervisor's communication with Human Resources was made in an effort to send a hostile message to Plaintiff, was done as a result of her [protected status], or was indicative of a widespread pattern of bias.").

35. Plaintiff therefore has no possible claim of harassment against Maxim.

c. **<u>Plaintiff's Seventh Cause of Action for Aiding and Abetting Discrimination or Retaliation Against Maxim Fails for Additional Reasons.</u>**

36. The Supreme Court of California has specifically held that discrimination and retaliation causes of action under FEHA do not create individual liability for supervisors or other employees of the offending employer or employment agency, either directly or by an aiding and abetting theory. *See Jones v. Lodge at Torrey Pines P'ship*, 42 Cal. 4th 1158, 1162, 1173 (2008) ("We also concluded that the aiding and abetting language of former subdivision (g) (now subd. (i)) of section 12940 did not impose personal liability on nonemployers."); *Reno v. Baird*, 18 Cal. 4th 640, 655-56, 663 (1998) ("[W]e conclude that the Legislature did not intend to impose personal liability upon individual supervisory employees by the roundabout method of 'aiding and abetting' language.") (citing *Janken v. GM Hughes Electronics*, 46 Cal. App. 4th 55, 77-79(1996)).

37. In the Complaint, Plaintiff alleges that Maxim "served as PLAINTIFF'S direct supervisor," and Plaintiff seeks to impose personal liability on Maxim through

an aiding and abetting theory. Compl., ¶ 6. However, as a matter of law, Maxim, as an alleged supervisory individual, is not liable for aiding and abetting any alleged discrimination or retaliation under FEHA. *See Krantz v. Bloomberg L.P.*, 2021 WL 8820655, at *7 (C.D. Cal. Dec. 1, 2021) (finding the "[d]efendant is not liable for aiding and abetting the alleged discrimination or retaliation under FEHA" where the defendant was a supervisory individual). Thus, Plaintiff's cause of acting for aiding and abetting discrimination and/or retaliation against Maxim fails for additional reasons.

## IV. THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED

38. While Defendants deny any and all liability to Plaintiff, based on a conservative good faith estimate of the value of the alleged damages in this action, the amount in controversy for Plaintiff's claims exceeds the sum or value of $75,000, exclusive of interest and costs. The "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id*., quoting H.R. Rep. No. 112–10, p. 16 (2011).

39. It is well settled that in determining whether a complaint meets the $75,000 threshold amount in controversy set forth in 28 U.S.C. § 1332(a), a court should consider the aggregate amount of the claims and value of the claims. *Campbell v. Hartford Life Ins*. Co., 825 F. Supp. 2d 1005, 1008 (E.D. Cal. 2011) (diversity statute confers jurisdiction over entire action, not just specific claims alleged in complaint, and, therefore, claims of a plaintiff are aggregated in order to satisfy amount in controversy). The fact that a complaint fails to specify the total amount of damages in a dollar amount does not deprive a court of jurisdiction. *See Banta v. Am. Med. Response Inc.*, 2011 U.S. Dist. LEXIS 77558, at *4 (C.D. Cal.

July 15, 2011) (defendant may remove suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any plaintiff could avoid removal simply by declining to place a specific dollar claim upon its claim").

40. "[T]he amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018) ("Where, as here, a plaintiff's complaint at the time of removal claims wrongful termination resulting in lost future wages, those future wages are included in the amount in controversy."); *see also Melendez v. HMS Host Family Rest., Inc.*, 2011 WL 3760058, at *2 (C.D. Cal. Aug. 25, 2011) (including projected lost wages from alleged adverse employment action to anticipated date of judgment in amount in controversy calculation); *Rivera v. Costco Wholesale Corp.*, 2008 WL 2740399, at *3 (N.D. Cal. July 11, 2008) (considering "lost wages and benefits [that] may accrue" after removal); *Celestino v. Renal Advantage Inc.*, 2007 WL 1223699, at *4 (N.D. Cal. Apr. 24, 2007) (including future lost income in amount in controversy calculation).

41. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.[5] Plaintiff alleges in her Complaint that Defendants discriminated and harassed against her based on her sex, gender identity, gender expression, and transgender status and retaliated against her based on her purported protected activity. *See, e.g.,* Exh. A, Compl. Plaintiff seeks to recover "economic

[5] This Notice of Removal discusses the nature and amount of damages Plaintiff's Complaint places at issue. BANA provides references to specific damage amounts and citation to comparable cases solely for establishing that the amount in controversy exceeds the jurisdictional minimum. Defendants maintain that each of Plaintiff's claims is without merit and Defendants are not liable to Plaintiff. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or actually could recover any damages based upon the allegations contained in the Complaint or otherwise. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendants'] liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

damages, including but not limited to back pay, front pay, and the value of all lost employment-related compensation," "[n]on-economic damages" for alleged "emotional distress and mental anguish damages," "punitive damages," and attorney's fees and costs, among other relief. *See id.,* Prayer for Relief. Were Plaintiff to prevail in this action, the damages could exceed $75,000.

**A. Plaintiff's Alleged Lost Earnings.**

42. Although Plaintiff does not quantify her purported damages in the Complaint, she alleges that she "has suffered and will continue to suffer haram, including loss of past and future income and employment-related compensation, damage to her career and professional reputation, loss of wages through the stated termination date, and statutory penalties arising from Defendants' failure to pay all wages due upon discharge." Exh. A, Compl. ¶ 22, Prayer for Relief.

43. According to Plaintiff's W-2 Records, Plaintiff earned over $75,000 each year in 2022, 2023, and 2024. Plaintiff's employment with BANA ended on or around June 20, 2025, and her W-2 Record reflects that she earned approximately $57,931.18 in wages in 2025. As such, Plaintiff would have earned over $75,000 annually for 2025 had she remained employed until the end of the year.

44. A jury trial in this case likely would not occur for at least two years from the date of removal. *See* U.S. District Courts—Time Intervals From Filing Date to Beginning Date for completed Civil Trials, by District, During the 12-Month Period Ending December 31, 2025, https://www.uscourts.gov/data-news/data-tables/2025/12/31/statistical-tables-federal-judiciary/t-3 (reflecting a median time of approximately 25.5 months from filing date to trial date in civil cases in the USDC, Central District of California). At the time of removal, the approximate alleged lost wages for Plaintiff, assuming a trial in this matter in April 2028 are at least $206,250 [($75,000 * 2 years) + $6,250 * 9 months); ($75,000 per year or $6,250 per month roughly; 2 years and 9 months from Plaintiff's termination on June 20, 2025 to estimated trial date on April 13, 2028). As such, Plaintiff's claim for alleged lost

wages likely exceeds the $75,000 jurisdictional minimum for the amount-in-controversy.

**B. Plaintiff's Alleged Emotional Distress Damages.**

45. Plaintiff alleges that "[a]s a consequence of Defendants' conduct, Plaintiff has suffered and will continue to suffer severe psychological and emotional distress, humiliation, anxiety, depression, and mental and physical pain and anguish." *See* Exh. A, Compl. ¶ 23. In determining whether the jurisdictional minimum is met, courts consider all recoverable damages, including emotional distress damages. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia,* 142 F. 3d 1150, 1155-56 (9th Cir. 1998).

46. Indeed, plaintiffs alleging emotional distress as a result of discrimination regularly seek in excess of $75,000 for such damages. *Keiffer v. Bechtel Corp.*, 65 Cal. App. 4th 893, 895 (1998) (California Court of Appeal upheld jury award in excess of $75,000 for emotional distress damages in a single-plaintiff age discrimination case); *Silo v. CHW Med. Found.*, 86 Cal. App. 4th 947, 955 (2001) (jury award in excess of $75,000 in non-economic damages was upheld in a wrongful termination lawsuit); *Iwekaogwu v. City of Los Angeles*, 75 Cal. App. 4th 803, 821 (1999) (jury award in excess of $450,000 in emotional distress damages upheld in a discrimination lawsuit); *Satrap v. Pac. Gas & Elec. Co.*, 42 Cal. App. 4th 72, 76 (1996) (jury award in excess of $75,000.00 in non-economic damages was upheld). Like the plaintiffs in these lawsuits, Plaintiff in this case is an employee alleging that she was discriminated against based on her protected status and has suffered emotional distress as a result. Accordingly, it is reasonable to assume, solely for the purposes of establishing the amount in controversy, that Plaintiff seeks and would recover in excess of $75,000 for alleged emotional damages alone for the conduct alleged against Defendants.

**C. Plaintiff Seeks Punitive Damages.**

47. Plaintiff also requests an unspecified amount in punitive damages. *See*

Exh. A, Compl. ¶¶ 1, 24, 33, Prayer for Relief. Plaintiff's claims for punitive damages are part of the amount in controversy when determining diversity jurisdiction. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).

48. California juries have returned verdicts with substantial punitive damage awards in employment discrimination actions. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) ("the jury verdicts in these cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases"); *Wysinger v. Automobile Club of Southern California*, 157 Cal.App.4th 413 (2007) (affirming a jury award of $1,284,000.00 in a disability discrimination case, with $1,000,000.00 in punitive damages alone); *see also Aucina v. Amoco Oil Co.*, 871 F. Supp. 332, 334 (S.D. Iowa 1994) ("Because the purpose of punitive damages is to capture the defendant's attention and deter others from similar conduct, it is apparent that the plaintiff's claim for punitive damages alone might exceed [the jurisdictional amount].").

49. While Defendants deny any and all liability to Plaintiff, the amount placed into controversy by the Complaint exceeds $75,000, exclusive of interest and costs.

## V. <u>BANA HAS MET THE OTHER PREREQUISITES FOR REMOVAL</u>

50. As set forth above, this Notice of Removal is filed within thirty days of service of process on BANA, and all process, pleadings, and orders filed in this action are attached hereto in <u>**Exhibit D**</u>.

51. Venue lies in the Central District of California pursuant to 28 U.S.C. §§ 1441(a) and 1446(a). Plaintiff originally brought this action in the Riverside County Superior Court, and she alleges the injury to person or damage to personal property occurred in its jurisdictional area. Exh. A, Compl. ¶ 12. Therefore, this is the appropriate Court for removal.

52. As required by 28 U.S.C. § 1446(d), BANA promptly will serve Plaintiff with this Notice of Removal and promptly will file a copy of this Notice of

Removal with the Riverside County Superior Court.

53. BANA has sought no similar relief.

54. If any question arises as to the propriety of the removal of this action, BANA requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

55. By this Notice of Removal, the attached exhibits, and the concurrently filed documents, BANA does not intend to make any admissions of fact, law or liability relating to the claims in the Complaint, and it expressly reserves the right to assert any and all defenses and file all motions necessary in its defense against Plaintiff's allegations.

## VI. CONCLUSION

56. Pursuant to 28 U.S.C. § 1332(a) and in accordance with the procedures set forth in 28 U.S.C. § 1446, BANA requests that the above-captioned action pending in the Riverside County Superior Court be removed to the United States District Court for the Central District of California.

Dated: June 25, 2026

MORGAN, LEWIS & BOCKIUS LLP

By /s/Karen Cho
Karen Cho
Nicole L. Antonopoulos

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF AMERICA CORPORATION, TRICIA SHANKS, and PETER C. MAXIM

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Riverside on 03/04/2026 09:38 AM
Case Number CVPS2601396 0000159492247 - Jason B. Galkin, Executive Officer/Clerk of the Court By Victoria Lopez, Clerk

**Luna D'Sol**
Plaintiff, In Pro Per
Email Address: jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF RIVERSIDE**

LUNA D'SOL

Plaintiff,

vs.

BANK OF AMERICA, N.A.;
BANK OF AMERICA CORPORATION;
TRICIA SHANKS, an individual;
PETER C MAXIM, an individual;
and DOES 1 through 50, inclusive,

Defendants.

Case No: CVPS2601396

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

[Unlimited Jurisdiction]

**DEMAND FOR JURY TRIAL**

- DISCRIMINATON IN VIOLATION OF THE FEHA;
- HOSTILE WORK ENVIRONMENT HARASSMENT IN VIOLATION OF THE FEHA;
- RETALIATION IN VIOLATION OF THE FEHA
- FAILURE TO ACCOMMODATE A DISABILITY IN VIOLATION OF THE FEHA;
- Failure to Pay Final Wages and Issuance of Inaccurate Wage Statements
- FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS
- Aiding and Abetting Discrimination, Harassment, and Retaliation
- FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, OR RETALIATION
- WRONGFUL TERMINATION OF EMPLOYMENT IN VIOLATION OF PUBLIC POLICY

Plaintiff, LUNA D'SOL, alleges, on the basis of personal knowledge and/or information and belief:

**I**

**INTRODUCTION**

**1.** Plaintiff brings this civil action against BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; TRICIA SHANKS; PETER MAXIM; and DOES 1 through 50, inclusive (collectively, "Defendants") for, but not limited to, unlawful discrimination, harassment, retaliation, and related statutory and common law violations arising from Plaintiff's employment and termination. Plaintiff seeks economic and non-economic damages, punitive damages pursuant to Civil Code section 3294, statutory penalties, equitable and injunctive relief, costs, and reasonable attorneys' fees pursuant to Government Code section 12965. This action arises from Defendants' discrimination and retaliation against Plaintiff based on gender identity, gender expression, transgender status, and age, in violation of the California Fair Employment and Housing Act (Gov. Code §§ 12920, 12940 et seq.), including subdivisions (a), (h), (i), (j), (k), (m), and (n); retaliation under Labor Code sections 98.6 and 1102.5; failure to pay wages due upon discharge and issuance of inaccurate wage statements in violation of Labor Code sections 201, 203, and 226; and wrongful termination in violation of fundamental public policy. Plaintiff further seeks relief under Civil Code sections 52.1 and 3294, Code of Civil Procedure section 1021.5, and all other applicable statutory and equitable provisions.

**II**

**PARTIES**

**2.** **PLAINTIFF LUNA D'SOL ("PLAINTIFF")** is an individual residing in Palm Springs, California, within the County of Riverside.

**3.** **DEFENDANT BANK OF AMERICA, N.A. ("THE BANK")** is a national banking association organized under the laws of the United States, with its principal place of business in Charlotte, North Carolina. At all relevant times, THE BANK employed PLAINTIFF within the meaning of the California Fair Employment and Housing Act ("FEHA") (Gov. Code § 12926(d)) and the California Family Rights Act ("CFRA") (Gov. Code § 12945.2), exercised control over the terms and conditions of her employment and made the employment decisions challenged herein.

**4. DEFENDANT BANK OF AMERICA CORPORAT**ION is the parent entity of BANK OF AMERICA, N.A. and, at all relevant times, operated as part of an integrated enterprise with centralized control over labor relations, human resources policies, and employment decisions affecting PLAINTIFF. Accordingly, BANK OF AMERICA CORPORATION is liable as an employer and/or joint employer under FEHA and CFRA.

**5. DEFENDANT TRICIA SHANKS ("SHANKS")** is an individual residing in or near Newark, Delaware. At all relevant times, SHANKS was employed by THE BANK as Senior Vice President, Sr. Testing Manager, and served as PLAINTIFF's direct manager, superior in the chain of command to DEFENDANT MAXIM. SHANKS is named in her individual capacity for harassment under Government Code section 12940(j) and for aiding and abetting unlawful employment practices under Government Code section 12940(i). The conduct by SHANKS, as more fully alleged herein, was not routine personnel management but a sustained course of hostile action directed at PLAINTIFF following her disclosure of her transgender status.

**6. DEFENDANT PETER MAXIM ("MAXIM")** is an individual residing in Woodland Hills, California — less than two miles from PLAINTIFF's secondary residence and within three miles of the designated office location cited by THE BANK as the geographic basis for PLAINTIFF's termination. At all relevant times, MAXIM served as PLAINTIFF's direct supervisor. MAXIM is named in his individual capacity for harassment under Government Code section 12940(j) and for aiding and abetting unlawful employment practices under Government Code section 12940(i). The conduct by MAXIM, as more fully alleged herein, was not routine personnel management but individually directed hostile action following PLAINTIFF's disclosure of her transgender status.

**7.** All defendants compelled, coerced, aided, and/or abetted the discrimination, retaliation, and harassment alleged in this Complaint, which conduct is prohibited under California Government Code section 12940(i). All defendants were responsible for the events and damages alleged herein, including on the following bases: (a) defendants committed the acts alleged; (b) at all relevant times, one or more of the defendants was the agent or employee, and/or acted under the control or supervision, of one or more of the remaining defendants and, in committing the acts alleged, acted within the course and scope of such agency and employment and/or is or are otherwise liable for plaintiff's damages; (c) at all relevant times,

there existed a unity of ownership and interest between or among two or more of the defendants such that any individuality and separateness between or among those defendants has ceased, and defendants are the alter egos of one another. Defendants exercised domination and control over one another to such an extent that any individuality or separateness of defendants does not, and at all times herein mentioned did not, exist. Adherence to the fiction of the separate existence of defendants would permit abuse of the corporate privilege and would sanction fraud and promote injustice. All actions of all defendants were taken by employees, supervisors, executives, officers, and directors during employment with all defendants, were taken on behalf of all defendants, and were engaged in, authorized, ratified, and approved of by all other defendants.

**8.** Defendants both directly and indirectly employed PLAINTIFF as defined in the Fair Employment and Housing Act ("FEHA") at Government Code section 12926(d).

**9.** In addition, defendants compelled, coerced, aided, and abetted the discrimination, which is prohibited under California Government Code section 12940(i).

**10.** Finally, at all relevant times mentioned herein, all defendants acted as agents of all other defendants in committing the acts alleged herein.

**11.** PLAINTIFF is informed and believes, and thereon alleges, that at all relevant times, each DEFENDANT was the agent, servant, employee, partner, joint venturer, alter ego, or co-conspirator of each of the remaining DEFENDANTS and, in doing the acts alleged herein, was acting within the course and scope of such agency, service, employment, partnership, joint venture, or conspiracy, and with the permission, knowledge, and consent of each of the remaining DEFENDANTS.

**III**

**JURISDICTION AND VENUE**

**12.** The actions at issue in this case occurred in the State of California, in the County of Riverside. Under the California Fair Employment and Housing Act, this case can alternatively, at Plaintiff's choice, be filed:[I]n a county in which the department has an office, ***in a county in which unlawful practices are alleged to have been committed***, in the county in which records relevant to the alleged unlawful practices are maintained and administered, in the county in which the person claiming to be aggrieved would have worked or would have had access to public accommodation, but for the alleged unlawful practices, in the

county of the defendant's residence or principal office. . . (Italics and bolding added) (California Government Code § 12965(b).)

**13.** "[I]n the absence of an affirmative showing to the contrary, the presumption is that the county in which the title of the actions shows that the case is brought is, prima facie, the proper county for the commencement and trial of the action." (*Mission Imports, Inc. v. Superior Court* (1982) 31 Cal.3d 921, 928.) The FEHA venue statute – section 12965(b) – thus affords a wide choice of venue to persons who bring actions under FEHA. (*Brown v. Superior Court* (1984) 37 Cal.3d 477, 486.) "[T]he special provisions of the FEHA venue statute control in cases involving FEHA claims joined with non-FEHA claims arising from the same facts." (*Id*. at 487.)

**14.** The amount in controversy exceeds $35,000, exclusive of interest and costs.

**IV**

**FACTUAL ALLEGATIONS**

**15.** **HIRING:** PLAINTIFF, a 40-yeard old transgender female, was employed by THE BANK from March 31, 2006

**16.** **JOB PERFORMANCE:**

a. **On January 16th, 2025**, weeks before PLAINTIFF's protected disclosure, PLAINTIFF received her annual performance evaluation covering the 2024 performance cycle. The evaluation rated PLAINTIFF as a "**solid performer**," and able to "**increase her workload month over month**," "**learned additional testing in relation to peers**", "**assisted in E2E Complaints Initiative**" and confirmed that she "**consistently completed all testing assignments**." The evaluation was delivered by DEFENDANT MAXIM, with DEFENDANT SHANKS present.

b. **On January 31, 2025**, SHANKS sent PLAINTIFF an email—copying MAXIM—confirming that PLAINTIFF's participation in **E2E Complaints initiative** was approved: 'this is a Go!

c. On or about **February 19, 2025,** DEFENDANTS MAXIM and SHANKS publicly recognized PLAINTIFF during a team meeting for her assistance with the **E2E Complaints** testing initiative. This recognition occurred approximately one week before PLAINTIFF disclosed her gender transition.

**17.** **PROTECTED STATUS:**

a. PLAINTIFF is a transgender woman,

**b.** During her employment, Plaintiff engaged in protected activity, including raising complaints regarding unlawful discrimination and retaliation.

**18. EMPLOYMENT STATUS:** PLAINTIFF was notified that her employment had been terminated on May 21, 2025. The Bank subsequently issued revised documentation reflecting different termination decision dates and effective dates, without providing any explanation for the revisions**.**

**19. ADVERSE ACTIONS:**

**a.** On or about February 26, 2025, Plaintiff disclosed her gender transition and related medical needs to Defendants SHANKS and MAXIM. Prior to this disclosure, Plaintiff's employment record was unequivocally positive. She had recently received a favorable annual performance evaluation, written confirmation approving her participation in the End-to-End Complaints Initiative, and public commendation for her contributions. At no time before her protected disclosure had Plaintiff been disciplined, counseled, criticized, or placed on any form of performance notice. There was no documented concern regarding her work, conduct, availability, or professional standing. Immediately following Plaintiff's disclosure, however, the treatment she received changed in a manner that was both abrupt and unmistakable. Communications that had previously been collegial and collaborative became curt, transactional, and detached. Access to workstreams narrowed. Engagement decreased. Plaintiff was treated not as a valued contributor, but as a peripheral and scrutinized employee. The shift was not gradual or performance-based; it followed directly on the heels of her protected disclosure. The temporal proximity between Plaintiff's disclosure and the deterioration of her treatment was immediate and undeniable, giving rise to a reasonable inference that Defendants' conduct was motivated by **identity bias and discriminatory animus toward Plaintiff's transgender status**.

**b.** Within days of Plaintiff's February 26 disclosure, SHANKS and MAXIM behaved in this hostile and invalidating manner despite their knowledge of Plaintiffs health issues. SHANKS and MAXIM abruptly revoked Plaintiff's participation in the End-to-End Complaints Initiative—the very assignment SHANKS had approved in writing less than four weeks earlier and MAXIM publicly praised just seven days before. MAXIM refused to provide a response and SHANKS offered a single justification: that the Complaints team was "caught up." That explanation was

demonstrably false. Contemporaneous requests from the same Complaints team for additional testing support contradicted SHANKS's stated reason. No performance deficiency was cited. No business restructuring was announced. No other team member was similarly removed. The written approval had not been rescinded or modified before the disclosure. The public praise had not been qualified or retracted. The reversal came without warning, without documentation, and without any intervening event other than Plaintiff's protected disclosure. Plaintiff understood, as any reasonable employee would, that her disclosure had cost her the assignment and that her standing within the organization had fundamentally changed.

**c.** On or about March 28, 2025, MAXIM sent Plaintiff a message implying that she had not been working or responding to communications. Plaintiff immediately responded, confirming that she was logged in and actively performing her duties. MAXIM then admitted, "I'm off today"—meaning he was not logged into the system and had no basis to verify Plaintiff's work status before casting the accusation. The insinuation was baseless. An employee with Plaintiff's documented performance record—publicly praised weeks earlier—was accused of failing to work by a supervisor who, by his own admission, had no factual basis for the claim. Plaintiff had never before been subjected to such monitoring or suspicion. The incident reinforced what was becoming unmistakable: following her disclosure, she was being watched, questioned, and doubted in ways she had never experienced during nearly nineteen years of employment.

**d.** On April 23, 2025, SHANKS announced new testing opportunities and instructed interested employees to contact MAXIM. Plaintiff promptly expressed interest. MAXIM did not respond. He offered no explanation. He provided no feedback. He communicated no operational reason for the silence. Meanwhile, assignments continued to be distributed to other team members. Plaintiff—who weeks earlier had been formally recognized for expanding her workload and delivering competent performance—was shut out. The silence was conspicuous. It was materially different from the patterns of inclusion that had characterized her professional life before February 26. The exclusion deprived Plaintiff of development opportunities that had been available to her before her protected disclosure and signaled, in terms that required no words, that she was no longer welcome to participate.

**e.** On April 30, 2025, a system outage affected month-end evaluations across the team. Plaintiff had completed her assigned workload. Other team members had not. Despite this, MAXIM released every other employee for the day and directed Plaintiff—alone—to remain logged in after regular working hours, pending system restoration. Plaintiff complied without objection. When the system resumed and Plaintiff notified MAXIM that she was available to assist, MAXIM did not assign work. Instead, he responded with a profane and dismissive remark. He then instructed Plaintiff to log off. No further explanation was given. The directive requiring Plaintiff alone to remain online—while every other team member went home—followed by profanity and dismissal once she complied, served no legitimate business purpose. It was unnecessary, disproportionate, and degrading. As an employee managing a serious medical condition that had been disclosed to management, the hostility intensified Plaintiff's stress, anxiety, and psychiatric symptoms. The cumulative conduct described above—removal of approved assignments, baseless accusations, deliberate exclusion from opportunities, isolation during a team-wide event, and profane dismissal—occurred in close temporal proximity to Plaintiff's protected disclosure and constitutes adverse employment action contributing to a hostile and retaliatory work environment.

**20. TERMINATION AND RETALIATORY DISCHARGE:**

**a.** On May 21, 2025, Plaintiff called Human Resources to request paid-time-off. The Bank approved it and provided continued normal compensation through its regular payroll process from the Bank's general assets.

**b.** At approximately 10:35 a.m. that same day, Plaintiff notified Defendant SHANKS that Human Resources had approved her absence and that she would not be working that day. Rather than acknowledging Plaintiff's medically approved absence, SHANKS immediately began pressing Plaintiff to participate in work-related discussions and attend a meeting. SHANKS pressured Plaintiff to engage in substantive work-related meetings with 'Lauren,' a party with whom Plaintiff had no prior professional relationship. The only time Plaintiff had seen that name was when SHANKS, responding to Plaintiff's February 26 gender transition disclosure, copied "Lauren Reed" on the acknowledgment. No one had told Plaintiff that Lauren was involved in an investigation, reviewing performance, or serving any identified function. The request for a meeting

was immediate, vague, and unsupported by any written explanation. No specific subject matter was identified. No allegation of misconduct was stated. No performance concern was cited. SHANKS persisted despite knowing that Plaintiff was protected by the FEHA.

**c.** On May 21, 2025, at 12:47 p.m.—approximately two hours after SHANKS had been pressing Plaintiff to engage—Plaintiff received an email from Loren Reed and SHANKS. The subject line referenced Plaintiff's employment separation and identified her exclusively by her former male name, notwithstanding Defendants' knowledge of her gender transition. The body of the email contained no substantive explanation, no statement of reasons, no reference to any performance issue, investigation, or disciplinary basis. It contained only a secure electronic link requiring affirmative action to access. No readable document was attached. No PDF was enclosed. No written explanation accompanied the link. It told her only, by its subject line and its silence, that she was being separated from the institution she had served for nearly nineteen years—and that even in that act, Defendants used her deadname. Plaintiff did not open the secure link. She understood that accessing the link could be construed as acknowledgment of, or acquiescence to, the terms contained within it, and she was unwilling to waive or compromise any rights without first reviewing the substance of what was being proposed. Plaintiff responded in writing, advising Reed and SHANKS that she would not access any secure link and requesting that a readable copy of the document—in standard PDF format—be provided to her directly. Plaintiff made clear that her review of any documentation would not constitute acceptance, acknowledgment, or waiver of any rights. No readable copy was immediately provided. No one addressed Plaintiff's concern.. The Bank's first communication regarding Plaintiff's termination was an opaque link, addressed to her deadname, with no explanation attached. When Plaintiff subsequently placed Defendants on formal notice that she disputed the termination and the circumstances surrounding it, Defendant SHANKS responded not with clarification, documentation, or justification, but with a single directive: return the company laptop and equipment.

**d.** On May 23, 2025, Defendant SHANKS transmitted an email to Plaintiff containing instructions for the return of Bank of America equipment. The email included a secure electronic link. Plaintiff again declined to open it. As with the May 21 communication, Plaintiff refused to access any Bank-

controlled electronic portal until she had first established in writing that doing so would not constitute agreement, acceptance, or waiver of any legal rights. She had received no response to her prior objections. No one had provided a substantive explanation for her termination. On May 28, 2025, Plaintiff sent a written communication to SHANKS and Reed. She confirmed receipt of the equipment return instructions and advised that she had accessed the secure link only that day—and only after first transmitting a separate written statement establishing that opening any secure link did not constitute agreement, acceptance, or waiver of any rights under applicable state or federal law. Plaintiff stated unequivocally that any return of equipment was made solely to comply with Defendants' logistical request and did not constitute acceptance of termination, acceptance of any proposed terms, or acknowledgment of the validity of Defendants' stated basis for separation. Plaintiff expressly reserved all rights. No one from THE BANK responded to Plaintiff's reservation of rights. No one acknowledged her legal position. No one addressed her dispute of the termination. In the seven days since transmitting a termination email to a woman with a serious medical condition, THE BANK's sole communication with Plaintiff concerned the recovery of a laptop. It had nothing to say about the nineteen years of service it had just discarded, or the statutory rights it had just violated.

**e.** When Plaintiff was ultimately able to review the substance of the termination documentation, it stated that as of May 21, 2025, THE BANK had decided to eliminate her position as part of a "group termination" affecting employees who did not reside in proximity to designated office locations. That explanation was false on its face. Plaintiff maintained a secondary residence within approximately three miles of the designated office location. Both SHANKS and MAXIM were aware of this; Plaintiff had discussed her secondary residence with them during the course of her employment. Defendant MAXIM himself resided in Woodland Hills, California—less than two miles from Plaintiff's secondary residence and within the same geographic radius of the designated office. MAXIM worked remotely, under the same operational and structural conditions that THE BANK cited as the basis for Plaintiff's separation. MAXIM was not terminated. He was retained and reassigned. He now reports to Loren Reed—the same individual who first appeared in Plaintiff's employment record on the day of her gender transition disclosure and who co-

transmitted the termination communication on May 21, 2025. No concern regarding Plaintiff's geographic eligibility had ever been raised—not in her January 2025 performance evaluation, not in the January 31 assignment approval, not in the February 19 public recognition, not in any communication at any point during her nearly twenty years of employment—until after her protected disclosures. The geographic criterion materialized only after Plaintiff disclosed her transgender status and medical needs. It was then applied to terminate Plaintiff while exempting the male, non-transgender, non-disabled supervisor who lived less than two miles away under identical remote working conditions.

**f.** *Then came the revisions*. On or about June 17, 2025, at 12:18 a.m., Plaintiff received a DocuSign notification from THE BANK voiding the original termination letter—the very document that SHANKS and Reed had transmitted on May 21. No explanation was provided for the voiding. No one contacted Plaintiff. No one informed her why the documents she had been pressured to review were now being withdrawn in the middle of the night. Approximately two hours later, at 2:15 a.m., THE BANK issued a revised termination letter stating that the decision to terminate Plaintiff's employment had been made as of June 16, 2025—not May 21, 2025, as originally represented—and that Plaintiff's employment would end effective June 20, 2025. The documents again characterized the action as a "group termination" and again addressed Plaintiff by her former male name. All of this compounded Plaintiff's existing psychiatric distress and materially worsened her physician-documented medical condition. Plaintiff, who was facing a serious health condition exacerbated by Defendants' prior conduct, was now confronted with the reality that the institution she had served for nearly twenty years could not produce a consistent account of when or why it had decided to end her employment. The instability, confusion, and institutional dishonesty reflected in these communications deepened Plaintiff's anxiety, disrupted her course of medical treatment, and reinforced her reasonable belief that the termination was not the product of a legitimate business decision but was instead motivated by **discriminatory animus toward Plaintiff's gender identity and protected status**.

**21.** **Irreconcilable Employment Chronology**. On June 17, 2025 at 12:18 a.m., THE BANK voided the May 21, 2025, termination letter. At 2:15 a.m., it issued a revised document stating that the decision

to terminate Plaintiff's employment had instead been made as of June 16, 2025, with an effective termination date of June 20. 2025. The final paycheck issued June 23, 2025, omitted wages for June 19, 2025 and June 20, 2025. These representations cannot be reconciled. If the termination decision was made May 21, 2025, the June 17, 2025, revision contradicts the Bank's prior documentation. If the decision was made June 16, 2025, Defendants transmitted termination documentation nearly four weeks earlier without authority. Under either version, the Bank's records demonstrate that Plaintiff's termination was not the product of a consistent or legitimate employment decision

**22. ECONOMIC DAMAGES:** As a consequence of Defendants' conduct, Plaintiff has suffered and will continue to suffer harm, including loss of past and future income and employment-related compensation, damage to her career and professional reputation, loss of wages through the stated termination date, and statutory penalties arising from Defendants' failure to pay all wages due upon discharge. THE BANK's own records represent that Plaintiff's employment continued through June 20, 2025, yet the final paycheck issued on June 23, 2025, omitted wages for June 19 and June 20, 2025.

**23. NON-ECNOMIC DAMAGES:** As a consequence of Defendants' conduct, Plaintiff has suffered and will continue to suffer severe psychological and emotional distress, humiliation, anxiety, depression, and mental and physical pain and anguish.

- **a.** Plaintiff disclosed her gender identity to her employer in an act of trust and vulnerability after nearly two decades of dedicated service. In the weeks and months that followed, that trust was repaid with professional isolation, baseless accusations, deliberate exclusion, hostile and profane treatment, and ultimately termination—transmitted by opaque electronic link, addressed to her deadname. Plaintiff was given no warning, no explanation, and no opportunity to respond. She was asked only to return her laptop.
- **b.** The harm did not end with termination. In the months that followed, THE BANK continued to generate official records identifying Plaintiff by her former male name and incorrect honorifics—even after September 11, 2025 when a California court had entered an order legally changing her name and gender, and even after THE BANK had acknowledged that order and demonstrated its ability to use Plaintiff's correct legal name. Each document arriving in Plaintiff's mailbox bearing the name she had shed was a fresh act of erasure—a reminder that the institution that terminated

her still refused to acknowledge who she is. This ongoing conduct has caused Plaintiff sustained emotional suffering, loss of dignity, humiliation, and interference with her ability to move forward with her life and her medical recovery.

Plaintiff has suffered and will continue to suffer non-economic damages in sums to be proven at trial.

**24. PUNITIVE DAMAGES**: Defendants' conduct constitutes oppression and malice under California Civil Code section 3294 and, thus, entitles plaintiff to an award of exemplary and/or punitive damages.

**a.** Defendants acted with malice in that their conduct was despicable and carried out with willful and conscious disregard of Plaintiff's rights, health, and safety. Within days of Plaintiff's disclosure of her transgender status, Defendants began systematically dismantling the professional standing she had built over nearly twenty years — revoking approved assignments, fabricating performance deficiencies, excluding her from opportunities extended to other team members, and subjecting her to hostile and profane treatment. When Plaintiff subsequently disclosed a serious medical condition under the California Family Rights Act, Defendants did not pause — they accelerated. They transmitted termination documentation within hours, addressed to her deadname. They then voided and reissued those documents in the middle of the night with shifting and irreconcilable decision dates, failed to pay all wages due through the stated termination period, and refused to engage with Plaintiff's contemporaneous written objections and reservation of rights.

**b.** Defendants further acted with malice and oppression in their treatment of Plaintiff's identity following termination. On September 11, 2025, a California court issued an order legally changing Plaintiff's name and gender. THE BANK acknowledged receipt of the certified court order. In a letter received September 17, 2025, THE BANK addressed Plaintiff by her legal name for the first time. Having demonstrated its knowledge and ability to use Plaintiff's correct legal name, THE BANK thereafter reverted to generating and transmitting official employment-related records and correspondence identifying Plaintiff by her former male name and incorrect honorifics—in documents received on or about September 18, 2025; September 22, 2025; September 26, 2025; October 3, 2025; November 15, 2025; December 15, 2025; and January 25, 2026. This conduct was not inadvertent. THE BANK had already used Plaintiff's correct name. It chose to stop. Each

subsequent document identifying Plaintiff by her former male name, after acknowledged receipt of a court order establishing her legal identity, constituted a deliberate act of disrespect directed at Plaintiff's gender identity and a conscious refusal to recognize her legal name.

**c.** Defendants additionally acted with oppression in that their cumulative conduct subjected Plaintiff to cruel and unjust hardship in conscious disregard of her rights, including the right to be free from discrimination based on gender identity, and the right to be identified in official records by her legal name following judicial decree. The hardship imposed was not incidental to a business decision. It was sustained, deliberate, and directed at the core of Plaintiff's identity as a transgender woman.

Plaintiff is entitled to an award of exemplary and punitive damages in an amount sufficient to punish Defendants and to deter similar conduct, according to proof at trial.

**25.** **ATTORNEY FEES***:* Plaintiff has incurred legal expenses and attorney's fees.

**26.** **EXHAUSTION OF ADMINISTRATIVE REMEDIES***:* Prior to filing this action, plaintiff exhausted her administrative remedies by filing a timely administrative complaint with California's Civil Rights Department and obtained a right-to-sue letter. (Ex. A)

**V**

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**

**Discrimination on the Bases of Sex, Gender Identity, Gender Expression, and Transgender Status**

(Violation of Gov. Code § 12940(a))

**Against Entity Defendants; and Does 1 to 50, Inclusive**

**27.** Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

**28.** At all times herein mentioned, FEHA, Government Code section 12940, *et seq.,* was in full force and effect and was binding on defendants. This statute requires defendants to refrain from discriminating against any employee because but not limited to the employee's sex, gender, gender identity and/or gender expression

**29.** Plaintiff's sex, gender, gender identity and/or gender expression, and/or other characteristics protected by FEHA, Government Code section 12900, *et seq.,* were substantial motivating reasons in Defendants' decision to terminate Plaintiff's employment, not to retain, hire, or otherwise employ plaintiff in any position, and/or to take other adverse employment actions against plaintiff.

**30.** As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and compensations.

**31.** As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

**32.** Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs, including expert costs, in an amount according to proof.

**33.** Defendants' discrimination was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, entitling Plaintiff to punitive damages against Defendants.

**SECOND CAUSE OF ACTION**

**Hostile Work Environment Harassment on the Bases of Sex, Gender Identity, Gender Expression, and Transgender Status**

(Violation of Gov. Code § 12940(j))

Against All Defendants

**34.** Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

**35.** At all relevant times, Government Code section 12940, subdivision (j), was in full force and effect and binding on Defendants. This statute prohibits harassment of an employee because of sex, gender, gender identity, gender expression, and transgender status. Under Government Code section 12940, subdivision (j)(3), an employee of an entity subject to FEHA is personally liable for harassment regardless of whether the employer knew or should have known of the conduct and failed to take appropriate corrective action.

**36.** At all relevant times, Defendants SHANKS and MAXIM were "persons" within the meaning of Government Code section 12940, subdivision (j), and "supervisors" within the meaning of Government Code section 12926, subdivision (t). Under Government Code section 12940, subdivision (j)(3), individual supervisors are personally liable for harassment regardless of whether the employer knew or should have known of the conduct and failed to take appropriate corrective action. SHANKS and MAXIM are therefore independently and personally liable for their harassing conduct. Their joinder is compelled by FEHA's express imposition of individual liability on supervisory employees who engage in harassment.

**37.** Pursuant to Government Code section 12923(b), a single incident of harassing conduct can be sufficient to create a triable issue regarding the existence of a hostile work environment if the conduct has unreasonably interfered with the plaintiff's work performance or created an intimidating, hostile, or offensive working environment.

**38.** Plaintiff is a transgender woman and was, at all relevant times, a member of protected classes under FEHA.

**39.** Following Plaintiff's February 26, 2025 disclosure of her transgender status, Defendants SHANKS and MAXIM subjected Plaintiff to a sustained course of unwelcome conduct directed at her because of her gender identity. The conduct was not routine personnel management. It was individually directed, personally carried out, and escalating in severity.

**40.** SHANKS's harassing conduct included: escalating Plaintiff's transgender disclosure to an outside HR representative within hours of receiving it; revoking an assignment she had approved in writing and publicly praised seven days earlier, citing a justification contradicted by contemporaneous evidence; denying a routine equipment request for the first time in Plaintiff's career; transmitting a false certification report to MAXIM despite having acknowledged Plaintiff's completion five days earlier; pressuring Plaintiff to attend meetings on her day off,  HR representative introduced on the day of the transgender disclosure; and co-transmitting the termination email addressed to Plaintiff's former male name.

**41.** MAXIM's harassing conduct included: falsely accusing Plaintiff of not working and then admitting he had no basis for the accusation; ignoring Plaintiff's expressed interest in new assignments while distributing them to other team members; singling Plaintiff out to remain online after hours during a system outage while releasing every other employee; responding to Plaintiff's compliance with profanity

and dismissal; and participating in the transmission of termination documentation while the bank had already approved to be off that day.

**42.** Following termination, THE BANK continued to subject Plaintiff to harassing conduct by generating and transmitting official employment records identifying her by her former male name and incorrect honorifics — even after a California court issued an order legally changing her name and gender, and even after THE BANK acknowledged that order and demonstrated its ability to use Plaintiff's correct legal name. This post-termination conduct occurred on at least seven documented occasions: September 18, 2025; September 22, 2025; September 26, 2025; October 3, 2025; November 15, 2025; December 15, 2025; and January 25, 2026.

**43.** The harassing conduct described above was unwelcome, was directed at Plaintiff because of her transgender status and gender identity, and was sufficiently severe and pervasive — both individually and cumulatively — to alter the conditions of Plaintiff's employment and create an intimidating, hostile, and offensive working environment within the meaning of Government Code section 12923. Pursuant to Government Code section 12923, subdivision (b), a single incident of harassing conduct is sufficient to create a triable issue regarding the existence of a hostile work environment if it has unreasonably interfered with the plaintiff's work performance or created an intimidating, hostile, or offensive working environment. Plaintiff was subjected to far more than a single incident.

**44.** The harassing conduct by SHANKS and MAXIM was outside the scope of any necessary personnel management action. The revocation of approved assignments without business justification, the fabrication of performance deficiencies, the profane and dismissive treatment, the singling out during team-wide events, and the persistent deadnaming after judicial decree were not actions required by any legitimate supervisory function. They were personal acts of hostility directed at Plaintiff because she is a transgender woman.

**45.** As a direct and proximate result of Defendants' harassment, Plaintiff has suffered severe emotional distress, humiliation, and mental and physical pain and anguish, all to her damage in a sum according to proof.

///

///

**46.** Defendants' harassment was committed intentionally, in a malicious, despicable, and oppressive manner, with willful and conscious disregard for Plaintiff's rights, entitling Plaintiff to punitive damages under Civil Code section 3294.

**47.** Pursuant to Government Code section 12965, subdivision (c)(6), Plaintiff is entitled to recover reasonable attorneys' fees and costs.

**THIRD CAUSE OF ACTION**

**Retaliation for Engaging in Protected Activity**

(Violation of Gov. Code § 12940(h))

**Against Entity Defendants; and Does 1 to 50, Inclusive**

**48.** Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

**49.** At all relevant times, Government Code section 12940, subdivision (h), was in full force and effect and binding on Defendants. This statute prohibits an employer from discharging, demoting, or otherwise discriminating or retaliating against any employee because the employee has opposed practices forbidden by FEHA, filed a complaint under FEHA, testified or assisted in any proceeding under FEHA, or otherwise engaged in activity protected by FEHA.

**50.** Plaintiff engaged in protected activity when she disclosed her transgender status to her supervisors on February 26, 2025. That disclosure was itself protected activity under FEHA, as it constituted the assertion of rights guaranteed to transgender employees under Government Code sections 12940 and 12926.

**51.** Prior to Plaintiff's February 26 transgender disclosure, her employment record was unblemished. She had received a favorable annual performance evaluation, written approval expanding her responsibilities, and public recognition from the supervisors who would later participate in her termination. At no point before her disclosure had Plaintiff been disciplined, counseled, criticized, or placed on any form of notice. There existed no documented basis for any adverse action against her.

**52.** Following Plaintiff's protected activity, Defendants subjected her to a series of escalating adverse employment actions in close temporal succession: revocation of approved assignments within days of disclosure; baseless accusations of non-performance by a supervisor who admitted he had no factual basis

for the claim; deliberate exclusion from newly announced opportunities while other team members received assignments; isolation and hostile treatment during a team-wide work event, including profane and dismissive language; and termination of employment — transmitted by email and addressed to her deadname.

**53.** The temporal proximity between Plaintiff's protected activity and the commencement of adverse actions was immediate. The first adverse action — revocation of the E2E Complaints Initiative assignment — occurred within days of the February 26 disclosure. Each subsequent adverse action followed in unbroken sequence. The termination occurred less than three months after the disclosure. No intervening event, performance change, or business development accounts for the shift from public recognition to termination in eighty-four days.

**54.** Defendants' proffered justification — a "group termination" based on geographic proximity — is pretextual. The criterion was never raised during Plaintiff's nearly twenty years of employment. Plaintiff maintained a secondary residence within three miles of the designated office. Defendant MAXIM, who did not engage in protected activity, worked under identical conditions less than two miles away and was retained. Defendants subsequently voided and reissued the termination documents with a different decision date, further demonstrating that the stated rationale was pretext and that the adverse action was motivated by **identity bias and discriminatory animus toward Plaintiff's transgender status and protected activity**.

**55.** Plaintiff's protected activity was a substantial motivating reason for Defendants' decision to subject her to adverse employment actions and to terminate her employment.

**56.** As a direct and proximate result of Defendants' retaliation, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment-related compensation.

**57.** As a further direct and proximate result of Defendants' retaliation, Plaintiff has suffered and continues to suffer humiliation, emotional distress, mental anguish, all to her damage in sums according to proof.

**58.** Defendants' retaliation was committed intentionally, in a malicious, despicable, and oppressive manner, with willful and conscious disregard for Plaintiff's rights, entitling Plaintiff to punitive damages under Civil Code section 3294.

**59.** Pursuant to Government Code section 12965, subdivision (c)(6), Plaintiff is entitled to recover reasonable attorneys' fees and costs.

**FOURTH CAUSE OF ACTION**

**Failure to Accommodate a Disability in Violation of FEHA**

(Violation of Gov. Code § 12940(m))

**Against Entity Defendants; and Does 1 to 50, Inclusive**

**60.** Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

**61.** At all times herein mentioned, FEHA, Government Code section 12940(a), (i), (m), and (n), was in full force and effect and was binding on defendants. This statute requires defendants to provide reasonable accommodations to known disabled employees. Within the time provided by law, plaintiff filed a complaint with CRD, in full compliance with administrative requirements, and received a right-to-sue letter.

**62.** Defendants used Plaintiff's disability as a basis for terminating her employment.

**63.** Plaintiff is informed and believes, and on that basis alleges, that her disability and the need to accommodate her disability were substantial motivating reasons for Defendants' decision to terminate her employment.

**64.** As a direct and proximate result of Defendants' willful, knowing, and intentional misconduct, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment-related compensation.

**65.** As a further direct and proximate result of Defendants' misconduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

**66.** Defendants' conduct was committed with malice, oppression, and a willful, conscious disregard for Plaintiff's rights and this entitles plaintiff for punitive damages.

**67.** Pursuant to Government Code section 12965, subdivision (c)(6), Plaintiff is entitled to recover reasonable attorneys' fees and costs.

**FIFTH CAUSE OF ACTION**

**Failure to Pay Final Wages and Issuance of Inaccurate Wage Statement**

(Violation of Labor Code §§ 201, 203, and 226)

**Against Entity Defendants; and Does 1 to 50, Inclusive**

**68.** Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

**69.** At all relevant times, Labor Code section 201 was in full force and effect. This statute requires that when an employer discharges an employee, all wages earned and unpaid at the time of discharge are due and payable immediately.

**70.** THE BANK represented in its own termination documentation that Plaintiff's employment would end effective June 20, 2025. Plaintiff was therefore entitled to all wages earned through that date.

**71.** On or about June 23, 2025, THE BANK issued a payment that included accrued vacation wages consistent with a final paycheck. However, the wages included compensation only through June 18, 2025. No wages were paid for June 19 or June 20, 2025 — the final two days of the employment period that THE BANK itself had designated.

**72.** THE BANK has offered no explanation for the omission. No written communication identified a basis for withholding wages through the stated termination date. No payroll correction has been issued.

**73.** By failing to pay all wages due through the date it represented as Plaintiff's final day of employment, THE BANK violated Labor Code section 201.

**74.** Plaintiff is informed and believes, and thereon alleges, that THE BANK's failure to pay all wages due was willful within the meaning of Labor Code section 203. THE BANK possessed actual knowledge of Plaintiff's stated termination date — it selected that date, it documented that date, and it transmitted that date to Plaintiff in formal termination correspondence. The decision to issue a final paycheck omitting the last two days of that self-designated period was not inadvertent. It was either a deliberate withholding or a product of the same administrative chaos that produced four irreconcilable termination dates — neither of which excuses the violation.

**75.** As a result of THE BANK's willful failure to timely pay all wages due, Plaintiff is entitled to waiting time penalties under Labor Code section 203 in an amount according to proof, continuing for up to thirty days of wages from the date of discharge.

**76.** The wage statement issued in connection with the June 23, 2025 payment reflected a pay period extending beyond the dates for which wages were actually paid. A wage statement that does not accurately reflect the wages earned and the dates for which those wages were paid does not comply with Labor Code section 226.

**77.** By issuing a wage statement that was inconsistent with the wages actually paid, THE BANK violated Labor Code section 226, subdivision (a).

**78.** As a direct and proximate result of these violations, Plaintiff has suffered economic damages including unpaid wages, statutory penalties, and the inability to accurately assess her own compensation and employment status during a period of acute personal and medical crisis.

**79.** Pursuant to Labor Code sections 203 and 226, subdivision (e), Plaintiff is entitled to recover statutory penalties, reasonable attorneys' fees, and costs

**SIXTH CAUSE OF ACTION**

**Failure to Engage in Interactive Process**

**(Violation of Government Code § 12940(a), (i), (m), (n))**

**Against Entity Defendants; and Does 1 to 50, Inclusive**

**80.** Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

**81.** At all times herein mentioned, FEHA, Government Code section 12940(a), (i), (m), and (n), was in full force and effect and was binding on defendants. This statute requires defendants to engage in a timely, good faith interactive process to accommodate known disabled employees. Within the time provided by law, plaintiff filed a complaint with the CRD, in full compliance with administrative requirements, and received a right-to- sue letter.

**82.** Defendants wholly failed to engage in a timely, good-faith interactive process with Plaintiff to accommodate her known disabilities. Instead, Defendants terminated Plaintiff's employment in part because of her disabilities.

**83.** Plaintiff is informed and believes, and on that basis alleges, that her disability was a substantial motivating factor in Defendants' decision to terminate her employment.

**84.** As a proximate result of Defendants' willful, knowing, and intentional misconduct, Plaintiff has sustained and continues to sustain substantial losses of earnings.

**85.** As a proximate result of Defendants' willful, knowing, and intentional misconduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

**86.** Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs, including expert costs, in an amount according to proof.

**SEVENTH CAUSE OF ACTION**

**Aiding and Abetting Discrimination, Harassment, and Retaliation**

(Violation of Gov. Code § 12940(i))

Against SHANKS and MAXIM

**87.** Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

**88.** At all relevant times, Government Code section 12940, subdivision (i), was in full force and effect. This statute makes it unlawful for any person to aid, abet, incite, compel, or coerce the doing of any act forbidden by FEHA.

**89.** DEFENDANT SHANKS knowingly and substantially assisted THE BANK's discriminatory and retaliatory conduct. Within hours of receiving Plaintiff's February 26, 2025 transgender disclosure, SHANKS escalated it to Loren Reed — an individual with whom Plaintiff had no prior interaction and who later co-transmitted the termination notice. In the weeks that followed, SHANKS revoked Plaintiff's approved participation in the E2E Complaints Initiative citing a justification contradicted by contemporaneous evidence, denied a routine equipment request for the first time in Plaintiff's career, and transmitted a false certification report to MAXIM despite having acknowledged Plaintiff's completion five days earlier. On May 21, 2025, SHANKS pressured Plaintiff to return to work, then co-transmitted the termination email addressed to Plaintiff's former male name while Plaintiff was not working. SHANKS thereafter responded to Plaintiff's written dispute of the termination solely by directing her to return company equipment.

**90.** DEFENDANT MAXIM knowingly and substantially assisted THE BANK's discriminatory and retaliatory conduct. After Plaintiff's transgender disclosure, MAXIM falsely accused Plaintiff of not working and then admitted he had no basis for the claim. MAXIM ignored Plaintiff's expressed interest in newly announced assignments while distributing them to other team members. MAXIM singled Plaintiff out to remain online after hours during a system outage while releasing every other employee, then responded to Plaintiff's compliance with profanity and dismissal. MAXIM worked remotely under the same geographic and operational conditions cited as the basis for Plaintiff's separation, yet was retained, reassigned, and now reports to Loren Reed.

**91.** The conduct of SHANKS and MAXIM was not routine personnel management. It was active, knowing, and substantial participation in a course of discriminatory and retaliatory conduct that began with Plaintiff's transgender disclosure and culminated in her termination. Each acted with awareness of Plaintiff's protected status, awareness of THE BANK's obligations under FEHA, and awareness that the actions they were taking were directed at Plaintiff because of her gender identity and were motivated by **identity bias and discriminatory animus toward transgender employees**.

**92.** As a direct and proximate result of the conduct of SHANKS and MAXIM, Plaintiff has suffered the damages set forth above, including loss of employment, loss of earnings, emotional distress, humiliation, deterioration of her medical condition, and other harm according to proof.

**93.** The conduct of SHANKS and MAXIM was committed intentionally, in a malicious, despicable, and oppressive manner, with willful and conscious disregard for Plaintiff's rights, entitling Plaintiff to punitive damages against each of them individually under Civil Code section 3294.

**94.** Pursuant to Government Code section 12965, subdivision (c)(6), Plaintiff is entitled to recover reasonable attorneys' fees and costs.

**EIGHTH CAUSE OF ACTION**

## Failure to Prevent Discrimination, Harassment, or Retaliation

**(Violation of Government Code § 12900(k), et seq.)**

**Against Entity Defendants; and Does 1 to 100, Inclusive**

**95.** Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

**96.** At all times herein mentioned, Government Code section 12940, subdivision (k), was in full force and effect and binding on Defendants. This statute makes it an unlawful employment practice for an employer to fail to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring.

**97.** Defendants knew or should have known that Plaintiff was being subjected to discrimination, harassment, and retaliation based on her sex, gender, gender identity, gender expression, and protected activity, yet failed to take reasonable steps to prevent such conduct.

**98.** Defendants failed to implement reasonable policies, training, supervision, and corrective action necessary to prevent discrimination, harassment, and retaliation against Plaintiff.

**99.** As a direct and proximate result of Defendants' failure to prevent discrimination, harassment, and retaliation, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment-related compensation.

**100.** As a further direct and proximate result of Defendants' misconduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

**101.** Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs, including expert costs, in an amount according to proof.

**102.** Defendants' conduct was committed intentionally, in a malicious, despicable, and oppressive manner, entitling Plaintiff to punitive damages under Civil Code section 3294.

**NINTH CAUSE OF ACTION**

**Wrongful Termination in Violation of Public Policy**

(*Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167)

**Against Entity Defendants; and Does 1 to 50, Inclusive**

**103.** Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

**104.** Defendants terminated Plaintiff's employment in violation of fundamental public policies embodied in California law, including but not limited to the California Fair Employment and Housing Act

(Gov. Code §12900 et seq.), which prohibits discrimination, harassment, and retaliation based on protected characteristics including sex, gender identity, gender expression, and transgender status, and California Labor Code section 1102.5, which protects employees from retaliation for engaging in protected activity.

**105.** Plaintiff engaged in conduct protected by these public policies, including disclosing her gender identity, asserting her rights under FEHA, and opposing unlawful discrimination and retaliation.

**106.** Defendants terminated Plaintiff's employment because of her protected status and protected activity, in violation of these fundamental public policies.

**107.** As a direct and proximate result of Defendants' wrongful termination, Plaintiff has suffered and continues to suffer loss of earnings, emotional distress, humiliation, and mental and physical pain and anguish, all in amounts according to proof.

**108.** Defendants' conduct was intentional, malicious, despicable, and carried out with conscious disregard for Plaintiff's rights, entitling Plaintiff to punitive damages under Civil Code section 3294.

**109.** Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Code of Civil Procedure sections 1021.5 and 1032, Plaintiff is entitled to recover reasonable attorneys' fees and costs according to proof.

///

///

///

///

///

///

///

///

///

///

///

///

## VI

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF LUNA D'SOL prays for judgment against DEFENDANTS, and each of them, as follows:

a) Compensatory Damages: For compensatory damages according to proof for the harm caused by Defendants' unlawful conduct;

b) Economic Damages: For all economic damages, including but not limited to back pay, front pay, and the value of all lost employment-related compensation, according to proof;

c) Non-Economic Damages: For emotional distress and mental anguish damages;

d) Punitive Damages: For punitive damages under Civil Code section 3294 against all Defendants who acted with malice, oppression, or reckless disregard;

e) Equitable Relief: For restitution of all sums unlawfully withheld or acquired by Defendants;

f) Declaratory Relief: For a declaration that Defendants' conduct violated FEHA, CFRA, and the public policy of the State of California;

g) Injunctive Relief: For a permanent injunction ordering the correction of Plaintiff's employment records and data to accurately reflect the circumstances of their employment;

h) Reinstatement: For reinstatement to their former position or, in the alternative, an award of front pay;

i) Attorney's Fees: For reasonable attorney's fees and costs of suit pursuant to Government Code section 12965;

j) Interest: For prejudgment and post-judgment interest as permitted by law;

k) General Relief: For such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

///

///

///

**VERIFICATION**

I, LUNA D'SOL, am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 3rd, 2026, at Palm Springs, CA

/s/ Luna D'Sol

LUNA D'SOL, Plaintiff In Pro Per

# EXHIBIT A
# CRD - RIGHT TO SUE

Case 5:26-cv-03535-JGB-SP Document 1-1 Filed 08/19/26 Page 31 of 32 Page ID #:2581

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency
GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

Civil Rights Department
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

August 11, 2025

Luna D'Sol
2275 E Belding Dr
Palm Springs, CA 92262

RE: **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202508-30704712
Right to Sue: D'Sol / Bank of America et al.

Dear Luna D'Sol:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective August 11, 2025 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave (Government Code sections 12945.2, 12945.6, or 12945.7) has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency
GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

Civil Rights Department
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

After receiving a Right-to-Sue notice from CRD, you may have the right to file your complaint with a local government agency that enforces employment anti-discrimination laws if one exists in your area that is authorized to accept your complaint. If you decide to file with a local agency, you must file before the deadline for filing a lawsuit that is on your Right-to-Sue notice. Filing your complaint with a local agency does not prevent you from also filing a lawsuit in court.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

# EXHIBIT B

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
***(SOLO PARA USO DE LA CORTE)***

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

BANK OF AMERICA, N.A.

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

LUNA D'SOL

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Plam Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262

CASE NUMBER:
*(Número del Caso):*
CVPS2601396

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Luna D'Sol , 2275 E Belding Dr Palm Springs CA 92262, 213-925-4069

DATE: 03/04/2026 *(Fecha)* Clerk, by *(Secretario)* [signature], Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*




GC68150(g)

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*:





**For your protection and privacy, please press the Clear This Form button after you have printed the form.**
Print this form | Save this form | Clear this form

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**

- ☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220
- ☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225
- ☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882
- ☐ **MENIFEE** 27401 Menifee Center Dr., Menifee, CA 92584
- ☐ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553
- ☐ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563
- ☒ **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
- ☐ **RIVERSIDE** 4050 Main St., Riverside, CA 92501

**RI-CI032**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (*Name, State Bar Number and Address*) | *FOR COURT USE ONLY* |
|---|---|
| LUNA D'SOL<br>2275 E BELDING DR<br>PALM SPRINGS CA 92262<br>TELEPHONE NO: 213 925 4069 FAX NO. (*Optional*):<br>E-MAIL ADDRESS (*Optional*): JRAVADA@ICLOUD.COM<br>ATTORNEY FOR (*Name*): | |
| PLAINTIFF/PETITIONER: LUNA D'SOL<br>DEFENDANT/RESPONDENT: BANK OF AMERICA N.A., ET AL | CASE NUMBER: |

## CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒ The action arose in the zip code of: 92262

☐ The action concerns real property located in the zip code of: ______

☒ The Defendant resides in the zip code of: 92262

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 3115 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date 3/3/2026

LUNA D'SOL
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)

► [signature]
(SIGNATURE)

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|---|
| NAME: LUNA D'SOLQ | | |
| FIRM NAME: | | |
| STREET ADDRESS: 2275 E BELDING DR | | |
| CITY: PALM SPRINGS | STATE: CA ZIP CODE: 92262Q | |
| TELEPHONE NO.: 213 925 4069 | FAX NO.: | |
| EMAIL ADDRESS: JRAVADA@ICLOUD.COM | | |
| ATTORNEY FOR (*name*): N/A | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**
STREET ADDRESS: 3255 E. Tahquitz Canyon Way
MAILING ADDRESS: 3255 E. Tahquitz Canyon Way
CITY AND ZIP CODE: Palm Springs, CA 92262
BRANCH NAME: Palm Springs

CASE NAME:
LUNA D'SOL VS BANK OF AMERICA N.A., ET AL

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $35,000) [ ] **Limited** (Amount demanded is $35,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Asbestos**
- [ ] Asbestos (04)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/Unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [x] Wrongful termination (36)
- [x] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Employment Development Department (EDD)**
- [ ] EDD decision review (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Comprehensive groundwater adjudication (47)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (*not specified above*) (43)

**CM-010**

2. Is this case complex under rule 3.400 of the California Rules of Court? ☐ Yes ☑ No

   If the case is complex, mark the factors requiring exceptional judicial management:

   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):*

   a. ☑ monetary
   b. ☑ nonmonetary; declaratory or injunctive relief
   c. ☑ punitive

4. Number of causes of action *(specify):* DISCRIMINATON IN VIOLATION OF THE FEHA; HOSTILE WORK ENVIRONMENT HARASSMENT IN VIOLATION OF THE FEHA; RETALIATION IN VIOLATION OF THE FEHA
   - FAILURE TO ACCOMMODATE A DISABILITY IN VIOLATION OF THE FEHA; Failure to Pay Final Wages and Issuance of Inaccurate Wage Statements , FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS , Aiding and Abetting Discrimination, Harassment, and Retaliation, FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, OR RETALIATION
   - WRONGFUL TERMINATION OF EMPLOYMENT IN VIOLATION OF PUBLIC POLICY. 9 TOTAL

5. Is this case a class action suit? ☐ Yes ☑ No

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 3/3/2026

LUNA D'SOL
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 of the California Rules of Court or a complex case, this cover sheet will be used for statistical purposes only.

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on pages 1 and 2. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 of the California Rules of Court is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $35,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**SEE PAGE 3 FOR INFORMATION PURPOSES ONLY.**

## CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Asbestos**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/Wrongful Death

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice–Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collections Case–Seller Plaintiff
- Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord-tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition re Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Employment Development Department (EDD)**
- EDD Decision Review (48) *(if the case involves an Employment Development Department decision, check this item instead of Wrongful Termination or Other Employment)*

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Comprehensive Groundwater Adjudication (47)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister-State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only Injunctive Relief Only *(non-harassment)*
  - Mechanic's Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition



**For your protection and privacy, please press the Clear button after you have printed the form.**

Print | Save | Clear

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
www.riverside.courts.ca.gov

**Self-represented parties:** https://www.riverside.courts.ca.gov/SelfHelp/self-help.php

**ALTERNATIVE DISPUTE RESOLUTION (ADR) –**
***INFORMATION PACKAGE***

***** THE PLAINTIFF MUST SERVE THIS INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT. *****

**What is ADR?**

Alternative Dispute Resolution (ADR) is a way of solving legal disputes without going to trial. The main types are mediation, arbitration, and settlement conferences.

**Advantages of ADR:**

- Faster: ADR can be done in a 1-day session within months after filing the complaint.
- Less expensive: Parties can save court costs and attorneys' and witness fees.
- More control: Parties choose their ADR process and provider.
- Less stressful: ADR is done informally in private offices, not public courtrooms.

**Disadvantages of ADR:**

- No public trial: Parties do not get a decision by a judge or jury.
- Costs: Parties may have to pay for both ADR and litigation.

**Main Types of ADR:**

**Mediation:** In mediation, the mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to create a settlement agreement that is acceptable to everyone. If the parties do not wish to settle the case, they go to trial.

Mediation may be appropriate when the parties:

- want to work out a solution but need help from a neutral person; or
- have communication problems or strong emotions that interfere with resolution; or
- have a continuing business or personal relationship.

Mediation is not appropriate when the parties:

- want their public "day in court" or a judicial determination on points of law or fact;
- lack equal bargaining power or have a history of physical/emotional abuse.

**Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration the arbitrator's decision is final; there is no right to trial. In "non-binding" arbitration, any party can request a trial after the arbitrator's decision. The court's mandatory Judicial Arbitration program is non-binding.



Adopted for Mandatory Use
Riverside Superior Court
RI-ADR001-INFO [Rev. 06/10/21]

Arbitration may be appropriate when the parties:

- want to avoid trial, but still want a neutral person to decide the outcome of the case.

Arbitration is not appropriate when the parties:

- do not want to risk going through both arbitration and trial (Judicial Arbitration)
- do not want to give up their right to trial (binding arbitration)

**Settlement Conferences:** Settlement conferences are similar to mediation, but the settlement officer usually tries to negotiate an agreement by giving strong opinions about the strengths and weaknesses of the case, its monetary value, and the probable outcome at trial. Settlement conferences often involve attorneys more than the parties and often take place close to the trial date.

## RIVERSIDE COUNTY SUPERIOR COURT ADR REQUIREMENTS

ADR Information and forms are posted on the ADR website:
https://www.riverside.courts.ca.gov/Divisions/ADR/ADR.php

**General Policy:**

Parties in most general civil cases are expected to participate in an ADR process before requesting a trial date and to participate in a settlement conference before trial. (Local Rule 3200)

**Court-Ordered ADR:**

Certain cases valued at under $50,000 may be ordered to judicial arbitration or mediation. This order is usually made at the Case Management Conference. See the “Court-Ordered Mediation Information Sheet” on the ADR website for more information.

**Private ADR (for cases not ordered to arbitration or mediation):**

Parties schedule and pay for their ADR process without Court involvement. Parties may schedule private ADR at any time; there is no need to wait until the Case Management Conference. See the “Private Mediation Information Sheet” on the ADR website for more information.

**BEFORE THE CASE MANAGEMENT CONFERENCE (CMC), ALL PARTIES MUST:**

1. Discuss ADR with all parties at least 30 days before the CMC. Discuss:
   - Your preferences for mediation or arbitration.
   - Your schedule for discovery (getting the information you need) to make good decisions about settling the case at mediation or presenting your case at an arbitration.
2. File the attached “Stipulation for ADR” along with the Case Management Statement, if all parties can agree.
3. Be prepared to tell the judge your preference for mediation or arbitration and the date when you could complete it.

(Local Rule 3218)

**RIVERSIDE COUNTY ADR PROVIDERS INCLUDE:**

- The Court’s Civil Mediation Panel (available for both Court-Ordered Mediation and Private Mediation). See https://adr.riverside.courts.ca.gov/Home/CivilMedPanel or ask for the list in the civil clerk’s office, attorney window.
- Riverside County ADR providers funded by DRPA (Dispute Resolution Program Act):
  Dispute Resolution Service (DRS) Riverside County Bar Association: (951) 682-1015
  Dispute Resolution Center, Community Action Partnership (CAP): (951) 955-4900
  Chapman University School of Law Mediation Clinic (services only available at the court)

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225
☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882
☐ **MORENO VALLEY** 13800 Heacock St. #D201, Moreno Valley, CA 92553
☐ **MURRIETA** 30755-D Auld Rd., Murrieta, CA 92563
☐ **PALM SPRINGS** 3255 Tahquitz Canyon Way, Palm Springs, CA 92262
☐ **RIVERSIDE** 4050 Main St., Riverside, CA 92501

**RI-ADR001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (*Name, State Bar Number and Address*)<br><br>TELEPHONE NO: FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR (*Name*): | *FOR COURT USE ONLY* |
|---|---|
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | CASE NUMBER:<br><br>CASE MANAGEMENT CONFERENCE DATE(S): |

### STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)
(CRC 3.2221; Local Rule, Title 3, Division 2)

**Court-Ordered ADR:**
Eligibility for Court-Ordered Mediation or Judicial Arbitration will be determined at the Case Management Conference. If eligible, the parties agree to participate in:

☐ Mediation ☐ Judicial Arbitration (non-binding)

**Private ADR:**
If the case is not eligible for Court-Ordered Mediation or Judicial Arbitration, the parties agree to participate in the following ADR process, which they will arrange and pay for without court involvement:

☐ Mediation ☐ Judicial Arbitration (non-binding)
☐ Binding Arbitration ☐ Other (describe): ______________________

Proposed date to complete ADR: ______________

**SUBMIT THIS FORM ALONG WITH THE CASE MANAGEMENT STATEMENT.**

(PRINT NAME OF PARTY OR ATTORNEY) ☐ Plaintiff ☐ Defendant — (SIGNATURE OF PARTY OR ATTORNEY) — (DATE)

(PRINT NAME OF PARTY OR ATTORNEY) ☐ Plaintiff ☐ Defendant — (SIGNATURE OF PARTY OR ATTORNEY) — (DATE)

(PRINT NAME OF PARTY OR ATTORNEY) ☐ Plaintiff ☐ Defendant — (SIGNATURE OF PARTY OR ATTORNEY) — (DATE)

(PRINT NAME OF PARTY OR ATTORNEY) ☐ Plaintiff ☐ Defendant — (SIGNATURE OF PARTY OR ATTORNEY) — (DATE)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
www.riverside.courts.ca.gov

**Case Number:** CVPS2601396

**Case Name:** DSOL vs BANK OF AMERICA N.A.

LUNA DSOL
2275 E BELDING DR
Palm Springs, CA 92262

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| **09/03/2026** | **8:30 AM** | **Department PS2** |
| Location of Hearing: **3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case. CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases. Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing. Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-644-5616 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak. It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter.

Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
www.riverside.courts.ca.gov

**Case Number:** CVPS2601396

**Case Name:** DSOL vs BANK OF AMERICA N.A.

BANK OF AMERICA N.A.

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| **09/03/2026** | **8:30 AM** | **Department PS2** |
| Location of Hearing: **3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case. CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases. Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing. Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-644-5616 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak. It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter.

Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
www.riverside.courts.ca.gov

**Case Number:** CVPS2601396

**Case Name:** DSOL vs BANK OF AMERICA N.A.

BANK OF AMERICA CORPORATION

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| **09/03/2026** | **8:30 AM** | **Department PS2** |
| Location of Hearing: **3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case. CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases. Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing. Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-644-5616 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak. It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

| | |
|---|---|
| | Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
www.riverside.courts.ca.gov

**Case Number:** CVPS2601396

**Case Name:** DSOL vs BANK OF AMERICA N.A.

TRICIA SHANKS

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| **09/03/2026** | **8:30 AM** | **Department PS2** |
| Location of Hearing: **3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case. CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases. Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing. Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-644-5616 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak. It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

| | |
|---|---|
| | Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
www.riverside.courts.ca.gov

**Case Number:** CVPS2601396

**Case Name:** DSOL vs BANK OF AMERICA N.A.

PETER MAXIM

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| **09/03/2026** | **8:30 AM** | **Department PS2** |
| Location of Hearing: **3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case. CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases. Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing. Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-644-5616 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak. It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter.

Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.)

Notice has been printed for the following Firm/Attorneys or Parties: CVPS2601396

DSOL, LUNA
2275 E BELDING DR
Palm Springs, CA 92262

BANK OF AMERICA CORPORATION

MAXIM, PETER

BANK OF AMERICA N.A.

SHANKS, TRICIA

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: | FOR COURT USE ONLY |
|---|---|---|
| NAME: Luna D'Sol, Plaintiff, In Pro Per | | |
| FIRM NAME: | | |
| STREET ADDRESS: 2275 E Belding Drive | | |
| CITY: Palm Springs | STATE: CA ZIP CODE: 92262 | |
| TELEPHONE NO.: 213-925-4069 | FAX NO. : | |
| E-MAIL ADDRESS: jravada@icloud.com | | |
| ATTORNEY FOR (*Name*): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** RIVERSIDE<br>STREET ADDRESS: 3255 E. Tahquitz Canyon Way<br>MAILING ADDRESS: 3325 E. Tahquitz Canyon Way<br>CITY AND ZIP CODE: Palm Springs, CA 92262<br>BRANCH NAME: Palm Springs Courthouse | | |
| Plaintiff/Petitioner: Luna D'Sol<br>Defendant/Respondent: Bank of America, N.A. et al. | | |
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | | CASE NUMBER:<br>CVPS2601296 |

TO *(insert name of party being served):* Bank of America, N.A.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: May 4th, 2026

Justin Mentzar
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of ***(to be completed by sender before mailing):***

1. ☐ A copy of the summons and of the complaint.
2. ☐ Other *(specify):*

***(To be completed by recipient):***

Date this form is signed: ____________________

(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

▶
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)





**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

Print this form | Save this form | Clear this form

# EXHIBIT C

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: | FOR COURT USE ONLY |
|---|---|---|
| NAME: Luna D'Sol, Plaintiff, In Pro Per | | |
| FIRM NAME: | | |
| STREET ADDRESS: 2275 E Belding Drive | | |
| CITY: Palm Springs | STATE: CA ZIP CODE: 92262 | |
| TELEPHONE NO.: 213-925-4069 | FAX NO. : | |
| E-MAIL ADDRESS: jravada@icloud.com | | |
| ATTORNEY FOR (*Name*): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** RIVERSIDE
STREET ADDRESS: 3255 E. Tahquitz Canyon Way
MAILING ADDRESS: 3325 E. Tahquitz Canyon Way
CITY AND ZIP CODE: Palm Springs, CA 92262
BRANCH NAME: Palm Springs Courthouse

Plaintiff/Petitioner: Luna D'Sol
Defendant/Respondent: Bank of America, N.A. et al.

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL**

CASE NUMBER: CVPS2601296

TO *(insert name of party being served)*: Bank of America, N.A.

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: May 4th, 2026

Justin Mentzar
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of ***(to be completed by sender before mailing):***

1. ☐ A copy of the summons and of the complaint.
2. ☐ Other *(specify):*

***(To be completed by recipient):***

Date this form is signed: May 26, 2026

Nicole L. Antonopoulos on behalf of Bank of America, N.A.
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ N Antonopoulos
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Attorney for Bank of America, N.A.





**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

Print this form | Save this form | Clear this form

# PROOF OF SERVICE

I, Lilliam Quave, declare:

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is 600 Montgomery Street, Suite 2300, San Francisco, CA 94111-2725. On May 26, 2026, I served a copy of the within document(s):

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL**
**[Bank of America, NA]**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at San Francisco, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to an agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Luna D'Sol, In Pro Per
2275 E. Belding Dr.
Palm Springs, CA 92262
Phone: 213-925-4069
Email: jravada@icloud.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on May 26, 2026, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Lilliam Quave
Lilliam Quave

# EXHIBIT D

MORGAN, LEWIS & BOCKIUS LLP
Karen Y. Cho, Bar No. 274810
karen.cho@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Nicole L. Antonopoulos, Bar No. 306882
nicole.antonopoulos@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304-1124
Tel: +1.650.843.4000
Fax: +1.650.843.4001

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF AMERICA CORPORATION, TRICIA SHANKS, and PETER C. MAXIM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LUNA D'SOL,

Plaintiff,

vs.

BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; TRICIA SHANKS, an individual; and PETER C. MAXIM, an individual; and DOES 1 through 50, inclusive,

Defendants.

Case No. 5:26-cv-03535

**DEFENDANT BANK OF AMERICA, N.A.'S SUPPLEMENT TO NOTICE OF REMOVAL – EXHIBIT D**

Pursuant to 28 U.S. Code § 1446(a), Bank of America, N.A. ("Defendant" or "the Bank") hereby attaches the following documents filed in this action in Riverside County Superior Court (Case No. CVPS2601396):

| Tab | Date Filed | Document Name |
|---|---|---|
| 1. | 03/04/2026 | Certificate of Counsel |
| 2. | 03/04/2026 | Summons issued to Bank of America Corporation |
| 3. | 03/04/2026 | Summons issued to Bank of America, N.A. |
| 4. | 03/04/2026 | Summons issued to Peter Maxwell, an individual |
| 5. | 03/04/2026 | Summons issued to Tricia Shanks, as an individual |
| 6. | 03/04/2026 | Civil Case Cover Sheet |
| 7. | 03/04/2026 | Complaint for Damages and Equitable Relief (Unlimited Jurisdiction); Demand for Jury Trial |
| 8. | 03/06/2026 | Notice of Department Assignment |
| 9. | 03/06/2026 | Notice of Case Management Conference |
| 10. | 03/06/2026 | Order Granting Plaintiff's Request for Court Fee Waiver |
| 11. | 03/19/2026 | Notice of Ex Parte Hearing for Temporary Sealing Order Pursuant to California Rules of Court, Rules 2.550-2.551 by Plaintiff |
| 12. | 03/19/2026 | Ex Parte Application for Temporary Sealing Order Pursuant to California Rules of Court, Rules 2.550-2.551 |
| 13. | 03/19/2026 | Application to File Document Under Seal |
| 14. | 03/19/2026 | Memorandum of Points and Authorities |
| 15. | 03/19/2026 | Declaration of Luna D'Sol in Support of Motion for Permanent Partial Sealing Order |
| 16. | 03/20/2026 | Notice of Return Document regarding Ex Parte Application |
| 17. | 03/20/2026 | Minute Order re: Plaintiff's Ex Parte Application for Temporary Sealing Order |
| 18. | 03/20/2026 | Notice of Court Ruling re: Denied Order on Plaintiff's Ex Parte Application for Temporary Sealing Order |

| | | |
|---|---|---|
| 19. | 03/23/2026 | Proof of Service of Summons and Complaint on Tricia Shanks |
| 20. | 05/01/2026 | Proof of Service by Electronic Transmission of Request for Entry of Default and Declaration of Non-Military Status |
| 21. | 05/01/2026 | Request for Entry of Default on Tricia Shanks |
| 22. | 05/04/2026 | Notice of Order to Show Cause for Failure to File Default Judgment to Bank of America N.A. |
| 23. | 05/06/2026 | Proof of Service of Summons and Complaint on Peter C. Maxim |
| 24. | 05/07/2026 | Proof of Service of Summons and Complaint on Peter C. Maxim |
| 25. | 05/12/2026 | Proof of Service of Plaintiff's Declaration in Response to OSC; [Proposed] Order Discharging Order to Show Cause |
| 26. | 05/12/2026 | Declaration of Luna D'Sol in Response to Order to Show Cause |
| 27. | 06/03/2026 | Defendant Peter C Maxim's Answer to Plaintiff's Complaint on Complaint |
| 28. | 06/10/2026 | Stipulation to Set Aside Default Setting Aside Entry of Default as to Defendant Tricia Shanks on Complaint for Wrongful Termination (Over $35,000) of LUNA DSOL Plaintiff and Defendant Tricia Shanks' Stipulation to Set Aside Entry of Default as to Defendant Tricia Shanks; [Proposed] Order |
| 29. | 06/10/2026 | Proof of Service re:Plaintiff and Defendant Tricia Shanks' Stipulation to Set Aside Entry of Default as to Defendant Tricia Shanks; [Proposed] Order |
| 30. | 06/16/26 | Order Granting Plaintiff and Defendant Tricia Shanks' Stipulation to Set Aside Entry of Default as to Defendant Tricia Shanks. |

Dated: June 25, 2026

MORGAN, LEWIS & BOCKIUS LLP

By */s/Karen Cho*
Karen Cho
Nicole L. Antonopoulos

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF AMERICA CORPORATION, TRICIA SHANKS, and PETER C. MAXIM

# TAB 1

Electronically FILED by Superior Court of California, County of Riverside on 03/04/2026 09:56 AM
Case Number CVPS2601396 0000159492253 - Jason B. Galkin, Executive Officer/Clerk of the Court By Victoria Lopez, Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**

☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220
☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225
☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882
☐ **MENIFEE** 27401 Menifee Center Dr., Menifee, CA 92584
☐ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553
☐ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563
☒ **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
☐ **RIVERSIDE** 4050 Main St., Riverside, CA 92501

**RI-CI032**

ATTORNEY OR PARTY WITHOUT ATTORNEY (*Name, State Bar Number and Address*)
LUNA D'SOL
2275 E BELDING DR
PALM SPRINGS CA 92262

TELEPHONE NO: 213 925 4069 FAX NO. (*Optional*):
E-MAIL ADDRESS (*Optional*): JRAVADA@ICLOUD.COM
ATTORNEY FOR (*Name*):

*FOR COURT USE ONLY*

PLAINTIFF/PETITIONER: LUNA D'SOL

DEFENDANT/RESPONDENT: BANK OF AMERICA N.A., ET AL

CASE NUMBER: CVPS2601396

## CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒ The action arose in the zip code of: 92262

☐ The action concerns real property located in the zip code of: ____________

☒ The Defendant resides in the zip code of: 92262

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 3115 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date 3/3/2026

LUNA D'SOL
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)

► (SIGNATURE)

# TAB 2

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

***FOR COURT USE ONLY***
***(SOLO PARA USO DE LA CORTE)***

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
BANK OF AMERICA CORPORATION;

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
LUNA D'SOL

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* PALM SPRINGS COURTHOUSE
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262

CASE NUMBER:
*(Número del Caso):*
CVPS2601396

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
LUNA D'SOL, 2275 E BELDING DR PALM SPRINGS CA 92262, 213-925-4069

DATE: 03/04/2026
*(Fecha)*
Clerk, by *(Secretario)* [signature], Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*




GC68150(g)

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date)*:

**Page 1 of 1**



**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

Print this form | Save this form | Clear this form

# TAB 3

Case Number CVPS2601396 0000159492250 - Jason B. Galkin, Executive Officer/Clerk of the Court By Victoria Lopez, Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

***FOR COURT USE ONLY***
***(SOLO PARA USO DE LA CORTE)***

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

BANK OF AMERICA, N.A.

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

LUNA D'SOL

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Plam Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262

CASE NUMBER:
*(Número del Caso):*
CVPS2601396

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Luna D'Sol , 2275 E Belding Dr Palm Springs CA 92262, 213-925-4069

DATE: 03/04/2026 Clerk, by _________________________, Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

SUPERIOR COURT OF CALIFORNIA · EUREKA · COUNTY OF RIVERSIDE
GC68150(g)

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under:
   - ☐ CCP 416.10 (corporation)
   - ☐ CCP 416.20 (defunct corporation)
   - ☐ CCP 416.40 (association or partnership)
   - ☐ other *(specify):*
   - ☐ CCP 416.60 (minor)
   - ☐ CCP 416.70 (conservatee)
   - ☐ CCP 416.90 (authorized person)
4. ☐ by personal delivery on *(date)*:





**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

Print this form | Save this form | Clear this form

# TAB 4

Electronically FILED by Superior Court of California, County of Riverside on 03/04/2026 09:38 AM
Case Number CVPS2601396 0000159492252 - Jason B. Galkin, Executive Officer/Clerk of the Court By Victoria Lopez, Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
***(SOLO PARA USO DE LA CORTE)***

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

PETER MAXWELL, an individual;

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

LUNA D'SOL

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* PALM SPRINGS COURTHOUSE
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262

CASE NUMBER:
*(Número del Caso):*
CVPS2601396

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
LUNA D'SOL, 2275 E BELDING DR PALM SPRINGS CA 92262, 213.925.4069

DATE: ~~March 3, 2026~~ 03/04/2026 Clerk, by *(Secretario)* [signature] , Deputy
*(Fecha)* *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*




GC68150(g)

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*:



**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

Print this form | Save this form | Clear this form

# TAB 5

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
***(SOLO PARA USO DE LA CORTE)***

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

TRICIA SHANKS, as an individual

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

LUNA D'SOL

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Plam Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262

CASE NUMBER:
*(Número del Caso):*
CVPS2601396

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Luna D'Sol , 2275 E Belding Dr Palm Springs CA 92262, 213-925-4069

DATE: ~~3/3/2026~~ 03/04/2026 Clerk, by [signature], Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*




GC68150(g)

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date)*:



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

**Print this form** **Save this form** **Clear this form**

# TAB 6

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|---|
| NAME: LUNA D'SOLQ | | |
| FIRM NAME: | | |
| STREET ADDRESS: 2275 E BELDING DR | | |
| CITY: PALM SPRINGS | STATE: CA ZIP CODE: 92262Q | |
| TELEPHONE NO.: 213 925 4069 | FAX NO.: | |
| EMAIL ADDRESS: JRAVADA@ICLOUD.COM | | |
| ATTORNEY FOR (*name*): N/A | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**
STREET ADDRESS: 3255 E. Tahquitz Canyon Way
MAILING ADDRESS: 3255 E. Tahquitz Canyon Way
CITY AND ZIP CODE: Palm Springs, CA 92262
BRANCH NAME: Palm Springs

CASE NAME:
LUNA D'SOL VS BANK OF AMERICA N.A., ET AL

## CIVIL CASE COVER SHEET

- [x] **Unlimited** (Amount demanded exceeds $35,000)
- [ ] **Limited** (Amount demanded is $35,000 or less)

## Complex Case Designation

- [ ] Counter
- [ ] Joinder

Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: CVPS2601396
JUDGE:
DEPT.:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Asbestos**
- [ ] Asbestos (04)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/Unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [x] Wrongful termination (36)
- [x] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Employment Development Department (EDD)**
- [ ] EDD decision review (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Comprehensive groundwater adjudication (47)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (*not specified above*) (43)

2. Is this case complex under rule 3.400 of the California Rules of Court? ☐ Yes ☑ No

   If the case is complex, mark the factors requiring exceptional judicial management:

   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):*

   a. ☑ monetary
   b. ☑ nonmonetary; declaratory or injunctive relief
   c. ☑ punitive

4. Number of causes of action *(specify):* DISCRIMINATON IN VIOLATION OF THE FEHA; HOSTILE WORK ENVIRONMENT HARASSMENT IN VIOLATION OF THE FEHA; RETALIATION IN VIOLATION OF THE FEHA
   • FAILURE TO ACCOMMODATE A DISABILITY IN VIOLATION OF THE FEHA; Failure to Pay Final Wages and Issuance of Inaccurate Wage Statements , FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS , Aiding and Abetting Discrimination, Harassment, and Retaliation, FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, OR RETALIATION
   • WRONGFUL TERMINATION OF EMPLOYMENT IN VIOLATION OF PUBLIC POLICY. 9 TOTAL

5. Is this case a class action suit? ☐ Yes ☑ No

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 3/3/2026

LUNA D'SOL
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 of the California Rules of Court or a complex case, this cover sheet will be used for statistical purposes only.

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on pages 1 and 2. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 of the California Rules of Court is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $35,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**SEE PAGE 3 FOR INFORMATION PURPOSES ONLY.**

## CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/ Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Asbestos**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/Wrongful Death

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Product Liability *(not asbestos or toxic/ environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice–Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collections Case–Seller Plaintiff
- Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord-tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition re Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Employment Development Department (EDD)**
- EDD Decision Review (48) *(if the case involves an Employment Development Department decision, check this item instead of Wrongful Termination or Other Employment)*

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Comprehensive Groundwater Adjudication (47)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister-State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only Injunctive Relief Only *(non-harassment)*
  - Mechanic's Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition



**For your protection and privacy, please press the Clear button after you have printed the form.**

Print Save Clear

# TAB 7

**Luna D'Sol**
Plaintiff, In Pro Per
Email Address: jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF RIVERSIDE**

| | |
|---|---|
| LUNA D'SOL<br>Plaintiff,<br>vs.<br>BANK OF AMERICA, N.A.;<br>BANK OF AMERICA CORPORATION;<br>TRICIA SHANKS, an individual;<br>PETER C MAXIM, an individual;<br>and DOES 1 through 50, inclusive,<br>Defendants. | Case No: CVPS2601396<br>**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**<br>[Unlimited Jurisdiction]<br>**DEMAND FOR JURY TRIAL**<br>• DISCRIMINATON IN VIOLATION OF THE FEHA;<br>• HOSTILE WORK ENVIRONMENT HARASSMENT IN VIOLATION OF THE FEHA;<br>• RETALIATION IN VIOLATION OF THE FEHA<br>• FAILURE TO ACCOMMODATE A DISABILITY IN VIOLATION OF THE FEHA;<br>• Failure to Pay Final Wages and Issuance of Inaccurate Wage Statements<br>• FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS<br>• Aiding and Abetting Discrimination, Harassment, and Retaliation<br>• FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, OR RETALIATION<br>• WRONGFUL TERMINATION OF EMPLOYMENT IN VIOLATION OF PUBLIC POLICY |

Plaintiff, LUNA D'SOL, alleges, on the basis of personal knowledge and/or information and belief:

**I**

**INTRODUCTION**

**1.** Plaintiff brings this civil action against BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; TRICIA SHANKS; PETER MAXIM; and DOES 1 through 50, inclusive (collectively, "Defendants") for, but not limited to, unlawful discrimination, harassment, retaliation, and related statutory and common law violations arising from Plaintiff's employment and termination. Plaintiff seeks economic and non-economic damages, punitive damages pursuant to Civil Code section 3294, statutory penalties, equitable and injunctive relief, costs, and reasonable attorneys' fees pursuant to Government Code section 12965. This action arises from Defendants' discrimination and retaliation against Plaintiff based on gender identity, gender expression, transgender status, and age, in violation of the California Fair Employment and Housing Act (Gov. Code §§ 12920, 12940 et seq.), including subdivisions (a), (h), (i), (j), (k), (m), and (n); retaliation under Labor Code sections 98.6 and 1102.5; failure to pay wages due upon discharge and issuance of inaccurate wage statements in violation of Labor Code sections 201, 203, and 226; and wrongful termination in violation of fundamental public policy. Plaintiff further seeks relief under Civil Code sections 52.1 and 3294, Code of Civil Procedure section 1021.5, and all other applicable statutory and equitable provisions.

**II**

**PARTIES**

**2. PLAINTIFF LUNA D'SOL ("PLAINTIFF")** is an individual residing in Palm Springs, California, within the County of Riverside.

**3. DEFENDANT BANK OF AMERICA, N.A. ("THE BANK")** is a national banking association organized under the laws of the United States, with its principal place of business in Charlotte, North Carolina. At all relevant times, THE BANK employed PLAINTIFF within the meaning of the California Fair Employment and Housing Act ("FEHA") (Gov. Code § 12926(d)) and the California Family Rights Act ("CFRA") (Gov. Code § 12945.2), exercised control over the terms and conditions of her employment and made the employment decisions challenged herein.

**4. DEFENDANT BANK OF AMERICA CORPORAT**ION is the parent entity of BANK OF AMERICA, N.A. and, at all relevant times, operated as part of an integrated enterprise with centralized control over labor relations, human resources policies, and employment decisions affecting PLAINTIFF. Accordingly, BANK OF AMERICA CORPORATION is liable as an employer and/or joint employer under FEHA and CFRA.

**5. DEFENDANT TRICIA SHANKS ("SHANKS")** is an individual residing in or near Newark, Delaware. At all relevant times, SHANKS was employed by THE BANK as Senior Vice President, Sr. Testing Manager, and served as PLAINTIFF's direct manager, superior in the chain of command to DEFENDANT MAXIM. SHANKS is named in her individual capacity for harassment under Government Code section 12940(j) and for aiding and abetting unlawful employment practices under Government Code section 12940(i). The conduct by SHANKS, as more fully alleged herein, was not routine personnel management but a sustained course of hostile action directed at PLAINTIFF following her disclosure of her transgender status.

**6. DEFENDANT PETER MAXIM ("MAXIM")** is an individual residing in Woodland Hills, California — less than two miles from PLAINTIFF's secondary residence and within three miles of the designated office location cited by THE BANK as the geographic basis for PLAINTIFF's termination. At all relevant times, MAXIM served as PLAINTIFF's direct supervisor. MAXIM is named in his individual capacity for harassment under Government Code section 12940(j) and for aiding and abetting unlawful employment practices under Government Code section 12940(i). The conduct by MAXIM, as more fully alleged herein, was not routine personnel management but individually directed hostile action following PLAINTIFF's disclosure of her transgender status.

**7.** All defendants compelled, coerced, aided, and/or abetted the discrimination, retaliation, and harassment alleged in this Complaint, which conduct is prohibited under California Government Code section 12940(i). All defendants were responsible for the events and damages alleged herein, including on the following bases: (a) defendants committed the acts alleged; (b) at all relevant times, one or more of the defendants was the agent or employee, and/or acted under the control or supervision, of one or more of the remaining defendants and, in committing the acts alleged, acted within the course and scope of such agency and employment and/or is or are otherwise liable for plaintiff's damages; (c) at all relevant times,

there existed a unity of ownership and interest between or among two or more of the defendants such that any individuality and separateness between or among those defendants has ceased, and defendants are the alter egos of one another. Defendants exercised domination and control over one another to such an extent that any individuality or separateness of defendants does not, and at all times herein mentioned did not, exist. Adherence to the fiction of the separate existence of defendants would permit abuse of the corporate privilege and would sanction fraud and promote injustice. All actions of all defendants were taken by employees, supervisors, executives, officers, and directors during employment with all defendants, were taken on behalf of all defendants, and were engaged in, authorized, ratified, and approved of by all other defendants.

**8.** Defendants both directly and indirectly employed PLAINTIFF as defined in the Fair Employment and Housing Act ("FEHA") at Government Code section 12926(d).

**9.** In addition, defendants compelled, coerced, aided, and abetted the discrimination, which is prohibited under California Government Code section 12940(i).

**10.** Finally, at all relevant times mentioned herein, all defendants acted as agents of all other defendants in committing the acts alleged herein.

**11.** PLAINTIFF is informed and believes, and thereon alleges, that at all relevant times, each DEFENDANT was the agent, servant, employee, partner, joint venturer, alter ego, or co-conspirator of each of the remaining DEFENDANTS and, in doing the acts alleged herein, was acting within the course and scope of such agency, service, employment, partnership, joint venture, or conspiracy, and with the permission, knowledge, and consent of each of the remaining DEFENDANTS.

**III**

**JURISDICTION AND VENUE**

**12.** The actions at issue in this case occurred in the State of California, in the County of Riverside. Under the California Fair Employment and Housing Act, this case can alternatively, at Plaintiff's choice, be filed:[I]n a county in which the department has an office, ***in a county in which unlawful practices are alleged to have been committed***, in the county in which records relevant to the alleged unlawful practices are maintained and administered, in the county in which the person claiming to be aggrieved would have worked or would have had access to public accommodation, but for the alleged unlawful practices, in the

county of the defendant's residence or principal office. . . (Italics and bolding added) (California Government Code § 12965(b).)

**13.** "[I]n the absence of an affirmative showing to the contrary, the presumption is that the county in which the title of the actions shows that the case is brought is, prima facie, the proper county for the commencement and trial of the action." (*Mission Imports, Inc. v. Superior Court* (1982) 31 Cal.3d 921, 928.) The FEHA venue statute – section 12965(b) – thus affords a wide choice of venue to persons who bring actions under FEHA. (*Brown v. Superior Court* (1984) 37 Cal.3d 477, 486.) "[T]he special provisions of the FEHA venue statute control in cases involving FEHA claims joined with non-FEHA claims arising from the same facts." (*Id*. at 487.)

**14.** The amount in controversy exceeds $35,000, exclusive of interest and costs.

## IV

## FACTUAL ALLEGATIONS

**15. HIRING:** PLAINTIFF, a 40-yeard old transgender female, was employed by THE BANK from March 31, 2006

**16. JOB PERFORMANCE:**

- **a. On January 16th, 2025**, weeks before PLAINTIFF's protected disclosure, PLAINTIFF received her annual performance evaluation covering the 2024 performance cycle. The evaluation rated PLAINTIFF as a "**solid performer**," and able to "**increase her workload month over month**," "**learned additional testing in relation to peers**", "**assisted in E2E Complaints Initiative**" and confirmed that she "**consistently completed all testing assignments**." The evaluation was delivered by DEFENDANT MAXIM, with DEFENDANT SHANKS present.
- **b. On January 31, 2025**, SHANKS sent PLAINTIFF an email—copying MAXIM—confirming that PLAINTIFF's participation in **E2E Complaints initiative** was approved: 'this is a Go!
- **c.** On or about **February 19, 2025,** DEFENDANTS MAXIM and SHANKS publicly recognized PLAINTIFF during a team meeting for her assistance with the **E2E Complaints** testing initiative. This recognition occurred approximately one week before PLAINTIFF disclosed her gender transition.

**17. PROTECTED STATUS:**

- **a.** PLAINTIFF is a transgender woman,

**b.** During her employment, Plaintiff engaged in protected activity, including raising complaints regarding unlawful discrimination and retaliation.

**18. EMPLOYMENT STATUS:** PLAINTIFF was notified that her employment had been terminated on May 21, 2025. The Bank subsequently issued revised documentation reflecting different termination decision dates and effective dates, without providing any explanation for the revisions**.**

**19. ADVERSE ACTIONS:**

**a.** On or about February 26, 2025, Plaintiff disclosed her gender transition and related medical needs to Defendants SHANKS and MAXIM. Prior to this disclosure, Plaintiff's employment record was unequivocally positive. She had recently received a favorable annual performance evaluation, written confirmation approving her participation in the End-to-End Complaints Initiative, and public commendation for her contributions. At no time before her protected disclosure had Plaintiff been disciplined, counseled, criticized, or placed on any form of performance notice. There was no documented concern regarding her work, conduct, availability, or professional standing. Immediately following Plaintiff's disclosure, however, the treatment she received changed in a manner that was both abrupt and unmistakable. Communications that had previously been collegial and collaborative became curt, transactional, and detached. Access to workstreams narrowed. Engagement decreased. Plaintiff was treated not as a valued contributor, but as a peripheral and scrutinized employee. The shift was not gradual or performance-based; it followed directly on the heels of her protected disclosure. The temporal proximity between Plaintiff's disclosure and the deterioration of her treatment was immediate and undeniable, giving rise to a reasonable inference that Defendants' conduct was motivated by **identity bias and discriminatory animus toward Plaintiff's transgender status**.

**b.** Within days of Plaintiff's February 26 disclosure, SHANKS and MAXIM behaved in this hostile and invalidating manner despite their knowledge of Plaintiffs health issues. SHANKS and MAXIM abruptly revoked Plaintiff's participation in the End-to-End Complaints Initiative—the very assignment SHANKS had approved in writing less than four weeks earlier and MAXIM publicly praised just seven days before. MAXIM refused to provide a response and SHANKS offered a single justification: that the Complaints team was "caught up." That explanation was

demonstrably false. Contemporaneous requests from the same Complaints team for additional testing support contradicted SHANKS's stated reason. No performance deficiency was cited. No business restructuring was announced. No other team member was similarly removed. The written approval had not been rescinded or modified before the disclosure. The public praise had not been qualified or retracted. The reversal came without warning, without documentation, and without any intervening event other than Plaintiff's protected disclosure. Plaintiff understood, as any reasonable employee would, that her disclosure had cost her the assignment and that her standing within the organization had fundamentally changed.

**c.** On or about March 28, 2025, MAXIM sent Plaintiff a message implying that she had not been working or responding to communications. Plaintiff immediately responded, confirming that she was logged in and actively performing her duties. MAXIM then admitted, "I'm off today"—meaning he was not logged into the system and had no basis to verify Plaintiff's work status before casting the accusation. The insinuation was baseless. An employee with Plaintiff's documented performance record—publicly praised weeks earlier—was accused of failing to work by a supervisor who, by his own admission, had no factual basis for the claim. Plaintiff had never before been subjected to such monitoring or suspicion. The incident reinforced what was becoming unmistakable: following her disclosure, she was being watched, questioned, and doubted in ways she had never experienced during nearly nineteen years of employment.

**d.** On April 23, 2025, SHANKS announced new testing opportunities and instructed interested employees to contact MAXIM. Plaintiff promptly expressed interest. MAXIM did not respond. He offered no explanation. He provided no feedback. He communicated no operational reason for the silence. Meanwhile, assignments continued to be distributed to other team members. Plaintiff—who weeks earlier had been formally recognized for expanding her workload and delivering competent performance—was shut out. The silence was conspicuous. It was materially different from the patterns of inclusion that had characterized her professional life before February 26. The exclusion deprived Plaintiff of development opportunities that had been available to her before her protected disclosure and signaled, in terms that required no words, that she was no longer welcome to participate.

e. On April 30, 2025, a system outage affected month-end evaluations across the team. Plaintiff had completed her assigned workload. Other team members had not. Despite this, MAXIM released every other employee for the day and directed Plaintiff—alone—to remain logged in after regular working hours, pending system restoration. Plaintiff complied without objection. When the system resumed and Plaintiff notified MAXIM that she was available to assist, MAXIM did not assign work. Instead, he responded with a profane and dismissive remark. He then instructed Plaintiff to log off. No further explanation was given. The directive requiring Plaintiff alone to remain online—while every other team member went home—followed by profanity and dismissal once she complied, served no legitimate business purpose. It was unnecessary, disproportionate, and degrading. As an employee managing a serious medical condition that had been disclosed to management, the hostility intensified Plaintiff's stress, anxiety, and psychiatric symptoms. The cumulative conduct described above—removal of approved assignments, baseless accusations, deliberate exclusion from opportunities, isolation during a team-wide event, and profane dismissal—occurred in close temporal proximity to Plaintiff's protected disclosure and constitutes adverse employment action contributing to a hostile and retaliatory work environment.

**20. TERMINATION AND RETALIATORY DISCHARGE:**

a. On May 21, 2025, Plaintiff called Human Resources to request paid-time-off. The Bank approved it and provided continued normal compensation through its regular payroll process from the Bank’s general assets.

b. At approximately 10:35 a.m. that same day, Plaintiff notified Defendant SHANKS that Human Resources had approved her absence and that she would not be working that day. Rather than acknowledging Plaintiff’s medically approved absence, SHANKS immediately began pressing Plaintiff to participate in work-related discussions and attend a meeting. SHANKS pressured Plaintiff to engage in substantive work-related meetings with 'Lauren,' a party with whom Plaintiff had no prior professional relationship. The only time Plaintiff had seen that name was when SHANKS, responding to Plaintiff's February 26 gender transition disclosure, copied "Lauren Reed" on the acknowledgment. No one had told Plaintiff that Lauren was involved in an investigation, reviewing performance, or serving any identified function. The request for a meeting

was immediate, vague, and unsupported by any written explanation. No specific subject matter was identified. No allegation of misconduct was stated. No performance concern was cited. SHANKS persisted despite knowing that Plaintiff was protected by the FEHA.

**c.** On May 21, 2025, at 12:47 p.m.—approximately two hours after SHANKS had been pressing Plaintiff to engage—Plaintiff received an email from Loren Reed and SHANKS. The subject line referenced Plaintiff's employment separation and identified her exclusively by her former male name, notwithstanding Defendants' knowledge of her gender transition. The body of the email contained no substantive explanation, no statement of reasons, no reference to any performance issue, investigation, or disciplinary basis. It contained only a secure electronic link requiring affirmative action to access. No readable document was attached. No PDF was enclosed. No written explanation accompanied the link. It told her only, by its subject line and its silence, that she was being separated from the institution she had served for nearly nineteen years—and that even in that act, Defendants used her deadname. Plaintiff did not open the secure link. She understood that accessing the link could be construed as acknowledgment of, or acquiescence to, the terms contained within it, and she was unwilling to waive or compromise any rights without first reviewing the substance of what was being proposed. Plaintiff responded in writing, advising Reed and SHANKS that she would not access any secure link and requesting that a readable copy of the document—in standard PDF format—be provided to her directly. Plaintiff made clear that her review of any documentation would not constitute acceptance, acknowledgment, or waiver of any rights. No readable copy was immediately provided. No one addressed Plaintiff's concern.. The Bank's first communication regarding Plaintiff's termination was an opaque link, addressed to her deadname, with no explanation attached. When Plaintiff subsequently placed Defendants on formal notice that she disputed the termination and the circumstances surrounding it, Defendant SHANKS responded not with clarification, documentation, or justification, but with a single directive: return the company laptop and equipment.

**d.** On May 23, 2025, Defendant SHANKS transmitted an email to Plaintiff containing instructions for the return of Bank of America equipment. The email included a secure electronic link. Plaintiff again declined to open it. As with the May 21 communication, Plaintiff refused to access any Bank-

controlled electronic portal until she had first established in writing that doing so would not constitute agreement, acceptance, or waiver of any legal rights. She had received no response to her prior objections. No one had provided a substantive explanation for her termination. On May 28, 2025, Plaintiff sent a written communication to SHANKS and Reed. She confirmed receipt of the equipment return instructions and advised that she had accessed the secure link only that day—and only after first transmitting a separate written statement establishing that opening any secure link did not constitute agreement, acceptance, or waiver of any rights under applicable state or federal law. Plaintiff stated unequivocally that any return of equipment was made solely to comply with Defendants' logistical request and did not constitute acceptance of termination, acceptance of any proposed terms, or acknowledgment of the validity of Defendants' stated basis for separation. Plaintiff expressly reserved all rights. No one from THE BANK responded to Plaintiff's reservation of rights. No one acknowledged her legal position. No one addressed her dispute of the termination. In the seven days since transmitting a termination email to a woman with a serious medical condition, THE BANK's sole communication with Plaintiff concerned the recovery of a laptop. It had nothing to say about the nineteen years of service it had just discarded, or the statutory rights it had just violated.

**e.** When Plaintiff was ultimately able to review the substance of the termination documentation, it stated that as of May 21, 2025, THE BANK had decided to eliminate her position as part of a "group termination" affecting employees who did not reside in proximity to designated office locations. That explanation was false on its face. Plaintiff maintained a secondary residence within approximately three miles of the designated office location. Both SHANKS and MAXIM were aware of this; Plaintiff had discussed her secondary residence with them during the course of her employment. Defendant MAXIM himself resided in Woodland Hills, California—less than two miles from Plaintiff's secondary residence and within the same geographic radius of the designated office. MAXIM worked remotely, under the same operational and structural conditions that THE BANK cited as the basis for Plaintiff's separation. MAXIM was not terminated. He was retained and reassigned. He now reports to Loren Reed—the same individual who first appeared in Plaintiff's employment record on the day of her gender transition disclosure and who co-

transmitted the termination communication on May 21, 2025. No concern regarding Plaintiff's geographic eligibility had ever been raised—not in her January 2025 performance evaluation, not in the January 31 assignment approval, not in the February 19 public recognition, not in any communication at any point during her nearly twenty years of employment—until after her protected disclosures. The geographic criterion materialized only after Plaintiff disclosed her transgender status and medical needs. It was then applied to terminate Plaintiff while exempting the male, non-transgender, non-disabled supervisor who lived less than two miles away under identical remote working conditions.

**f.** *Then came the revisions*. On or about June 17, 2025, at 12:18 a.m., Plaintiff received a DocuSign notification from THE BANK voiding the original termination letter—the very document that SHANKS and Reed had transmitted on May 21. No explanation was provided for the voiding. No one contacted Plaintiff. No one informed her why the documents she had been pressured to review were now being withdrawn in the middle of the night. Approximately two hours later, at 2:15 a.m., THE BANK issued a revised termination letter stating that the decision to terminate Plaintiff's employment had been made as of June 16, 2025—not May 21, 2025, as originally represented—and that Plaintiff's employment would end effective June 20, 2025. The documents again characterized the action as a "group termination" and again addressed Plaintiff by her former male name. All of this compounded Plaintiff's existing psychiatric distress and materially worsened her physician-documented medical condition. Plaintiff, who was facing a serious health condition exacerbated by Defendants' prior conduct, was now confronted with the reality that the institution she had served for nearly twenty years could not produce a consistent account of when or why it had decided to end her employment. The instability, confusion, and institutional dishonesty reflected in these communications deepened Plaintiff's anxiety, disrupted her course of medical treatment, and reinforced her reasonable belief that the termination was not the product of a legitimate business decision but was instead motivated by **discriminatory animus toward Plaintiff's gender identity and protected status**.

**21.** **Irreconcilable Employment Chronology**. On June 17, 2025 at 12:18 a.m., THE BANK voided the May 21, 2025, termination letter. At 2:15 a.m., it issued a revised document stating that the decision

to terminate Plaintiff's employment had instead been made as of June 16, 2025, with an effective termination date of June 20. 2025. The final paycheck issued June 23, 2025, omitted wages for June 19, 2025 and June 20, 2025. These representations cannot be reconciled. If the termination decision was made May 21, 2025, the June 17, 2025, revision contradicts the Bank's prior documentation. If the decision was made June 16, 2025, Defendants transmitted termination documentation nearly four weeks earlier without authority. Under either version, the Bank's records demonstrate that Plaintiff's termination was not the product of a consistent or legitimate employment decision

**22.** **ECONOMIC DAMAGES:** As a consequence of Defendants' conduct, Plaintiff has suffered and will continue to suffer harm, including loss of past and future income and employment-related compensation, damage to her career and professional reputation, loss of wages through the stated termination date, and statutory penalties arising from Defendants' failure to pay all wages due upon discharge. THE BANK's own records represent that Plaintiff's employment continued through June 20, 2025, yet the final paycheck issued on June 23, 2025, omitted wages for June 19 and June 20, 2025.

**23.** **NON-ECNOMIC DAMAGES:** As a consequence of Defendants' conduct, Plaintiff has suffered and will continue to suffer severe psychological and emotional distress, humiliation, anxiety, depression, and mental and physical pain and anguish.

- **a.** Plaintiff disclosed her gender identity to her employer in an act of trust and vulnerability after nearly two decades of dedicated service. In the weeks and months that followed, that trust was repaid with professional isolation, baseless accusations, deliberate exclusion, hostile and profane treatment, and ultimately termination—transmitted by opaque electronic link, addressed to her deadname. Plaintiff was given no warning, no explanation, and no opportunity to respond. She was asked only to return her laptop.
- **b.** The harm did not end with termination. In the months that followed, THE BANK continued to generate official records identifying Plaintiff by her former male name and incorrect honorifics—even after September 11, 2025 when a California court had entered an order legally changing her name and gender, and even after THE BANK had acknowledged that order and demonstrated its ability to use Plaintiff's correct legal name. Each document arriving in Plaintiff's mailbox bearing the name she had shed was a fresh act of erasure—a reminder that the institution that terminated

her still refused to acknowledge who she is. This ongoing conduct has caused Plaintiff sustained emotional suffering, loss of dignity, humiliation, and interference with her ability to move forward with her life and her medical recovery.

Plaintiff has suffered and will continue to suffer non-economic damages in sums to be proven at trial.

**24.** **PUNITIVE DAMAGES**: Defendants' conduct constitutes oppression and malice under California Civil Code section 3294 and, thus, entitles plaintiff to an award of exemplary and/or punitive damages.

**a.** Defendants acted with malice in that their conduct was despicable and carried out with willful and conscious disregard of Plaintiff's rights, health, and safety. Within days of Plaintiff's disclosure of her transgender status, Defendants began systematically dismantling the professional standing she had built over nearly twenty years — revoking approved assignments, fabricating performance deficiencies, excluding her from opportunities extended to other team members, and subjecting her to hostile and profane treatment. When Plaintiff subsequently disclosed a serious medical condition under the California Family Rights Act, Defendants did not pause — they accelerated. They transmitted termination documentation within hours, addressed to her deadname. They then voided and reissued those documents in the middle of the night with shifting and irreconcilable decision dates, failed to pay all wages due through the stated termination period, and refused to engage with Plaintiff's contemporaneous written objections and reservation of rights.

**b.** Defendants further acted with malice and oppression in their treatment of Plaintiff's identity following termination. On September 11, 2025, a California court issued an order legally changing Plaintiff's name and gender. THE BANK acknowledged receipt of the certified court order. In a letter received September 17, 2025, THE BANK addressed Plaintiff by her legal name for the first time. Having demonstrated its knowledge and ability to use Plaintiff's correct legal name, THE BANK thereafter reverted to generating and transmitting official employment-related records and correspondence identifying Plaintiff by her former male name and incorrect honorifics—in documents received on or about September 18, 2025; September 22, 2025; September 26, 2025; October 3, 2025; November 15, 2025; December 15, 2025; and January 25, 2026. This conduct was not inadvertent. THE BANK had already used Plaintiff's correct name. It chose to stop. Each

subsequent document identifying Plaintiff by her former male name, after acknowledged receipt of a court order establishing her legal identity, constituted a deliberate act of disrespect directed at Plaintiff's gender identity and a conscious refusal to recognize her legal name.

**c.** Defendants additionally acted with oppression in that their cumulative conduct subjected Plaintiff to cruel and unjust hardship in conscious disregard of her rights, including the right to be free from discrimination based on gender identity, and the right to be identified in official records by her legal name following judicial decree. The hardship imposed was not incidental to a business decision. It was sustained, deliberate, and directed at the core of Plaintiff's identity as a transgender woman.

Plaintiff is entitled to an award of exemplary and punitive damages in an amount sufficient to punish Defendants and to deter similar conduct, according to proof at trial.

**25.** **ATTORNEY FEES***:* Plaintiff has incurred legal expenses and attorney's fees.

**26.** **EXHAUSTION OF ADMINISTRATIVE REMEDIES***:* Prior to filing this action, plaintiff exhausted her administrative remedies by filing a timely administrative complaint with California's Civil Rights Department and obtained a right-to-sue letter. (Ex. A)

**V**

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**

**Discrimination on the Bases of Sex, Gender Identity, Gender Expression, and Transgender Status**

(Violation of Gov. Code § 12940(a))

**Against Entity Defendants; and Does 1 to 50, Inclusive**

**27.** Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

**28.** At all times herein mentioned, FEHA, Government Code section 12940, *et seq.,* was in full force and effect and was binding on defendants. This statute requires defendants to refrain from discriminating against any employee because but not limited to the employee's sex, gender, gender identity and/or gender expression

**29.** Plaintiff's sex, gender, gender identity and/or gender expression, and/or other characteristics protected by FEHA, Government Code section 12900, *et seq.,* were substantial motivating reasons in Defendants' decision to terminate Plaintiff's employment, not to retain, hire, or otherwise employ plaintiff in any position, and/or to take other adverse employment actions against plaintiff.

**30.** As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and compensations.

**31.** As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

**32.** Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs, including expert costs, in an amount according to proof.

**33.** Defendants' discrimination was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, entitling Plaintiff to punitive damages against Defendants.

**SECOND CAUSE OF ACTION**

**Hostile Work Environment Harassment on the Bases of Sex, Gender Identity, Gender Expression, and Transgender Status**

(Violation of Gov. Code § 12940(j))

Against All Defendants

**34.** Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

**35.** At all relevant times, Government Code section 12940, subdivision (j), was in full force and effect and binding on Defendants. This statute prohibits harassment of an employee because of sex, gender, gender identity, gender expression, and transgender status. Under Government Code section 12940, subdivision (j)(3), an employee of an entity subject to FEHA is personally liable for harassment regardless of whether the employer knew or should have known of the conduct and failed to take appropriate corrective action.

**36.** At all relevant times, Defendants SHANKS and MAXIM were "persons" within the meaning of Government Code section 12940, subdivision (j), and "supervisors" within the meaning of Government Code section 12926, subdivision (t). Under Government Code section 12940, subdivision (j)(3), individual supervisors are personally liable for harassment regardless of whether the employer knew or should have known of the conduct and failed to take appropriate corrective action. SHANKS and MAXIM are therefore independently and personally liable for their harassing conduct. Their joinder is compelled by FEHA's express imposition of individual liability on supervisory employees who engage in harassment.

**37.** Pursuant to Government Code section 12923(b), a single incident of harassing conduct can be sufficient to create a triable issue regarding the existence of a hostile work environment if the conduct has unreasonably interfered with the plaintiff's work performance or created an intimidating, hostile, or offensive working environment.

**38.** Plaintiff is a transgender woman and was, at all relevant times, a member of protected classes under FEHA.

**39.** Following Plaintiff's February 26, 2025 disclosure of her transgender status, Defendants SHANKS and MAXIM subjected Plaintiff to a sustained course of unwelcome conduct directed at her because of her gender identity. The conduct was not routine personnel management. It was individually directed, personally carried out, and escalating in severity.

**40.** SHANKS's harassing conduct included: escalating Plaintiff's transgender disclosure to an outside HR representative within hours of receiving it; revoking an assignment she had approved in writing and publicly praised seven days earlier, citing a justification contradicted by contemporaneous evidence; denying a routine equipment request for the first time in Plaintiff's career; transmitting a false certification report to MAXIM despite having acknowledged Plaintiff's completion five days earlier; pressuring Plaintiff to attend meetings on her day off,  HR representative introduced on the day of the transgender disclosure; and co-transmitting the termination email addressed to Plaintiff's former male name.

**41.** MAXIM's harassing conduct included: falsely accusing Plaintiff of not working and then admitting he had no basis for the accusation; ignoring Plaintiff's expressed interest in new assignments while distributing them to other team members; singling Plaintiff out to remain online after hours during a system outage while releasing every other employee; responding to Plaintiff's compliance with profanity

and dismissal; and participating in the transmission of termination documentation while the bank had already approved to be off that day.

**42.** Following termination, THE BANK continued to subject Plaintiff to harassing conduct by generating and transmitting official employment records identifying her by her former male name and incorrect honorifics — even after a California court issued an order legally changing her name and gender, and even after THE BANK acknowledged that order and demonstrated its ability to use Plaintiff's correct legal name. This post-termination conduct occurred on at least seven documented occasions: September 18, 2025; September 22, 2025; September 26, 2025; October 3, 2025; November 15, 2025; December 15, 2025; and January 25, 2026.

**43.** The harassing conduct described above was unwelcome, was directed at Plaintiff because of her transgender status and gender identity, and was sufficiently severe and pervasive — both individually and cumulatively — to alter the conditions of Plaintiff's employment and create an intimidating, hostile, and offensive working environment within the meaning of Government Code section 12923. Pursuant to Government Code section 12923, subdivision (b), a single incident of harassing conduct is sufficient to create a triable issue regarding the existence of a hostile work environment if it has unreasonably interfered with the plaintiff's work performance or created an intimidating, hostile, or offensive working environment. Plaintiff was subjected to far more than a single incident.

**44.** The harassing conduct by SHANKS and MAXIM was outside the scope of any necessary personnel management action. The revocation of approved assignments without business justification, the fabrication of performance deficiencies, the profane and dismissive treatment, the singling out during team-wide events, and the persistent deadnaming after judicial decree were not actions required by any legitimate supervisory function. They were personal acts of hostility directed at Plaintiff because she is a transgender woman.

**45.** As a direct and proximate result of Defendants' harassment, Plaintiff has suffered severe emotional distress, humiliation, and mental and physical pain and anguish, all to her damage in a sum according to proof.

///

///

**46.** Defendants' harassment was committed intentionally, in a malicious, despicable, and oppressive manner, with willful and conscious disregard for Plaintiff's rights, entitling Plaintiff to punitive damages under Civil Code section 3294.

**47.** Pursuant to Government Code section 12965, subdivision (c)(6), Plaintiff is entitled to recover reasonable attorneys' fees and costs.

**THIRD CAUSE OF ACTION**

**Retaliation for Engaging in Protected Activity**

(Violation of Gov. Code § 12940(h))

**Against Entity Defendants; and Does 1 to 50, Inclusive**

**48.** Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

**49.** At all relevant times, Government Code section 12940, subdivision (h), was in full force and effect and binding on Defendants. This statute prohibits an employer from discharging, demoting, or otherwise discriminating or retaliating against any employee because the employee has opposed practices forbidden by FEHA, filed a complaint under FEHA, testified or assisted in any proceeding under FEHA, or otherwise engaged in activity protected by FEHA.

**50.** Plaintiff engaged in protected activity when she disclosed her transgender status to her supervisors on February 26, 2025. That disclosure was itself protected activity under FEHA, as it constituted the assertion of rights guaranteed to transgender employees under Government Code sections 12940 and 12926.

**51.** Prior to Plaintiff's February 26 transgender disclosure, her employment record was unblemished. She had received a favorable annual performance evaluation, written approval expanding her responsibilities, and public recognition from the supervisors who would later participate in her termination. At no point before her disclosure had Plaintiff been disciplined, counseled, criticized, or placed on any form of notice. There existed no documented basis for any adverse action against her.

**52.** Following Plaintiff's protected activity, Defendants subjected her to a series of escalating adverse employment actions in close temporal succession: revocation of approved assignments within days of disclosure; baseless accusations of non-performance by a supervisor who admitted he had no factual basis

for the claim; deliberate exclusion from newly announced opportunities while other team members received assignments; isolation and hostile treatment during a team-wide work event, including profane and dismissive language; and termination of employment — transmitted by email and addressed to her deadname.

**53.** The temporal proximity between Plaintiff's protected activity and the commencement of adverse actions was immediate. The first adverse action — revocation of the E2E Complaints Initiative assignment — occurred within days of the February 26 disclosure. Each subsequent adverse action followed in unbroken sequence. The termination occurred less than three months after the disclosure. No intervening event, performance change, or business development accounts for the shift from public recognition to termination in eighty-four days.

**54.** Defendants' proffered justification — a "group termination" based on geographic proximity — is pretextual. The criterion was never raised during Plaintiff's nearly twenty years of employment. Plaintiff maintained a secondary residence within three miles of the designated office. Defendant MAXIM, who did not engage in protected activity, worked under identical conditions less than two miles away and was retained. Defendants subsequently voided and reissued the termination documents with a different decision date, further demonstrating that the stated rationale was pretext and that the adverse action was motivated by **identity bias and discriminatory animus toward Plaintiff's transgender status and protected activity**.

**55.** Plaintiff's protected activity was a substantial motivating reason for Defendants' decision to subject her to adverse employment actions and to terminate her employment.

**56.** As a direct and proximate result of Defendants' retaliation, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment-related compensation.

**57.** As a further direct and proximate result of Defendants' retaliation, Plaintiff has suffered and continues to suffer humiliation, emotional distress, mental anguish, all to her damage in sums according to proof.

**58.** Defendants' retaliation was committed intentionally, in a malicious, despicable, and oppressive manner, with willful and conscious disregard for Plaintiff's rights, entitling Plaintiff to punitive damages under Civil Code section 3294.

**59.** Pursuant to Government Code section 12965, subdivision (c)(6), Plaintiff is entitled to recover reasonable attorneys' fees and costs.

**FOURTH CAUSE OF ACTION**

**Failure to Accommodate a Disability in Violation of FEHA**

(Violation of Gov. Code § 12940(m))

**Against Entity Defendants; and Does 1 to 50, Inclusive**

**60.** Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

**61.** At all times herein mentioned, FEHA, Government Code section 12940(a), (i), (m), and (n), was in full force and effect and was binding on defendants. This statute requires defendants to provide reasonable accommodations to known disabled employees. Within the time provided by law, plaintiff filed a complaint with CRD, in full compliance with administrative requirements, and received a right-to-sue letter.

**62.** Defendants used Plaintiff's disability as a basis for terminating her employment.

**63.** Plaintiff is informed and believes, and on that basis alleges, that her disability and the need to accommodate her disability were substantial motivating reasons for Defendants' decision to terminate her employment.

**64.** As a direct and proximate result of Defendants' willful, knowing, and intentional misconduct, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment-related compensation.

**65.** As a further direct and proximate result of Defendants' misconduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

**66.** Defendants' conduct was committed with malice, oppression, and a willful, conscious disregard for Plaintiff's rights and this entitles plaintiff for punitive damages.

**67.** Pursuant to Government Code section 12965, subdivision (c)(6), Plaintiff is entitled to recover reasonable attorneys' fees and costs.

**FIFTH CAUSE OF ACTION**

**Failure to Pay Final Wages and Issuance of Inaccurate Wage Statement**

(Violation of Labor Code §§ 201, 203, and 226)

**Against Entity Defendants; and Does 1 to 50, Inclusive**

**68.** Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

**69.** At all relevant times, Labor Code section 201 was in full force and effect. This statute requires that when an employer discharges an employee, all wages earned and unpaid at the time of discharge are due and payable immediately.

**70.** THE BANK represented in its own termination documentation that Plaintiff's employment would end effective June 20, 2025. Plaintiff was therefore entitled to all wages earned through that date.

**71.** On or about June 23, 2025, THE BANK issued a payment that included accrued vacation wages consistent with a final paycheck. However, the wages included compensation only through June 18, 2025. No wages were paid for June 19 or June 20, 2025 — the final two days of the employment period that THE BANK itself had designated.

**72.** THE BANK has offered no explanation for the omission. No written communication identified a basis for withholding wages through the stated termination date. No payroll correction has been issued.

**73.** By failing to pay all wages due through the date it represented as Plaintiff's final day of employment, THE BANK violated Labor Code section 201.

**74.** Plaintiff is informed and believes, and thereon alleges, that THE BANK's failure to pay all wages due was willful within the meaning of Labor Code section 203. THE BANK possessed actual knowledge of Plaintiff's stated termination date — it selected that date, it documented that date, and it transmitted that date to Plaintiff in formal termination correspondence. The decision to issue a final paycheck omitting the last two days of that self-designated period was not inadvertent. It was either a deliberate withholding or a product of the same administrative chaos that produced four irreconcilable termination dates — neither of which excuses the violation.

**75.** As a result of THE BANK's willful failure to timely pay all wages due, Plaintiff is entitled to waiting time penalties under Labor Code section 203 in an amount according to proof, continuing for up to thirty days of wages from the date of discharge.

**76.** The wage statement issued in connection with the June 23, 2025 payment reflected a pay period extending beyond the dates for which wages were actually paid. A wage statement that does not accurately reflect the wages earned and the dates for which those wages were paid does not comply with Labor Code section 226.

**77.** By issuing a wage statement that was inconsistent with the wages actually paid, THE BANK violated Labor Code section 226, subdivision (a).

**78.** As a direct and proximate result of these violations, Plaintiff has suffered economic damages including unpaid wages, statutory penalties, and the inability to accurately assess her own compensation and employment status during a period of acute personal and medical crisis.

**79.** Pursuant to Labor Code sections 203 and 226, subdivision (e), Plaintiff is entitled to recover statutory penalties, reasonable attorneys' fees, and costs

**SIXTH CAUSE OF ACTION**

**Failure to Engage in Interactive Process**

**(Violation of Government Code § 12940(a), (i), (m), (n))**

**Against Entity Defendants; and Does 1 to 50, Inclusive**

**80.** Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

**81.** At all times herein mentioned, FEHA, Government Code section 12940(a), (i), (m), and (n), was in full force and effect and was binding on defendants. This statute requires defendants to engage in a timely, good faith interactive process to accommodate known disabled employees. Within the time provided by law, plaintiff filed a complaint with the CRD, in full compliance with administrative requirements, and received a right-to- sue letter.

**82.** Defendants wholly failed to engage in a timely, good-faith interactive process with Plaintiff to accommodate her known disabilities. Instead, Defendants terminated Plaintiff’s employment in part because of her disabilities.

**83.** Plaintiff is informed and believes, and on that basis alleges, that her disability was a substantial motivating factor in Defendants’ decision to terminate her employment.

**84.** As a proximate result of Defendants' willful, knowing, and intentional misconduct, Plaintiff has sustained and continues to sustain substantial losses of earnings.

**85.** As a proximate result of Defendants' willful, knowing, and intentional misconduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

**86.** Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs, including expert costs, in an amount according to proof.

**SEVENTH CAUSE OF ACTION**

**Aiding and Abetting Discrimination, Harassment, and Retaliation**

(Violation of Gov. Code § 12940(i))

Against SHANKS and MAXIM

**87.** Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

**88.** At all relevant times, Government Code section 12940, subdivision (i), was in full force and effect. This statute makes it unlawful for any person to aid, abet, incite, compel, or coerce the doing of any act forbidden by FEHA.

**89.** DEFENDANT SHANKS knowingly and substantially assisted THE BANK's discriminatory and retaliatory conduct. Within hours of receiving Plaintiff's February 26, 2025 transgender disclosure, SHANKS escalated it to Loren Reed — an individual with whom Plaintiff had no prior interaction and who later co-transmitted the termination notice. In the weeks that followed, SHANKS revoked Plaintiff's approved participation in the E2E Complaints Initiative citing a justification contradicted by contemporaneous evidence, denied a routine equipment request for the first time in Plaintiff's career, and transmitted a false certification report to MAXIM despite having acknowledged Plaintiff's completion five days earlier. On May 21, 2025, SHANKS pressured Plaintiff to return to work, then co-transmitted the termination email addressed to Plaintiff's former male name while Plaintiff was not working. SHANKS thereafter responded to Plaintiff's written dispute of the termination solely by directing her to return company equipment.

**90.** DEFENDANT MAXIM knowingly and substantially assisted THE BANK's discriminatory and retaliatory conduct. After Plaintiff's transgender disclosure, MAXIM falsely accused Plaintiff of not working and then admitted he had no basis for the claim. MAXIM ignored Plaintiff's expressed interest in newly announced assignments while distributing them to other team members. MAXIM singled Plaintiff out to remain online after hours during a system outage while releasing every other employee, then responded to Plaintiff's compliance with profanity and dismissal. MAXIM worked remotely under the same geographic and operational conditions cited as the basis for Plaintiff's separation, yet was retained, reassigned, and now reports to Loren Reed.

**91.** The conduct of SHANKS and MAXIM was not routine personnel management. It was active, knowing, and substantial participation in a course of discriminatory and retaliatory conduct that began with Plaintiff's transgender disclosure and culminated in her termination. Each acted with awareness of Plaintiff's protected status, awareness of THE BANK's obligations under FEHA, and awareness that the actions they were taking were directed at Plaintiff because of her gender identity and were motivated by **identity bias and discriminatory animus toward transgender employees**.

**92.** As a direct and proximate result of the conduct of SHANKS and MAXIM, Plaintiff has suffered the damages set forth above, including loss of employment, loss of earnings, emotional distress, humiliation, deterioration of her medical condition, and other harm according to proof.

**93.** The conduct of SHANKS and MAXIM was committed intentionally, in a malicious, despicable, and oppressive manner, with willful and conscious disregard for Plaintiff's rights, entitling Plaintiff to punitive damages against each of them individually under Civil Code section 3294.

**94.** Pursuant to Government Code section 12965, subdivision (c)(6), Plaintiff is entitled to recover reasonable attorneys' fees and costs.

**EIGHTH CAUSE OF ACTION**

## Failure to Prevent Discrimination, Harassment, or Retaliation

**(Violation of Government Code § 12900(k), et seq.)**

**Against Entity Defendants; and Does 1 to 100, Inclusive**

**95.** Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

**96.** At all times herein mentioned, Government Code section 12940, subdivision (k), was in full force and effect and binding on Defendants. This statute makes it an unlawful employment practice for an employer to fail to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring.

**97.** Defendants knew or should have known that Plaintiff was being subjected to discrimination, harassment, and retaliation based on her sex, gender, gender identity, gender expression, and protected activity, yet failed to take reasonable steps to prevent such conduct.

**98.** Defendants failed to implement reasonable policies, training, supervision, and corrective action necessary to prevent discrimination, harassment, and retaliation against Plaintiff.

**99.** As a direct and proximate result of Defendants' failure to prevent discrimination, harassment, and retaliation, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment-related compensation.

**100.** As a further direct and proximate result of Defendants' misconduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

**101.** Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs, including expert costs, in an amount according to proof.

**102.** Defendants' conduct was committed intentionally, in a malicious, despicable, and oppressive manner, entitling Plaintiff to punitive damages under Civil Code section 3294.

**NINTH CAUSE OF ACTION**

**Wrongful Termination in Violation of Public Policy**

(*Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167)

**Against Entity Defendants; and Does 1 to 50, Inclusive**

**103.** Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

**104.** Defendants terminated Plaintiff's employment in violation of fundamental public policies embodied in California law, including but not limited to the California Fair Employment and Housing Act

(Gov. Code §12900 et seq.), which prohibits discrimination, harassment, and retaliation based on protected characteristics including sex, gender identity, gender expression, and transgender status, and California Labor Code section 1102.5, which protects employees from retaliation for engaging in protected activity.

**105.** Plaintiff engaged in conduct protected by these public policies, including disclosing her gender identity, asserting her rights under FEHA, and opposing unlawful discrimination and retaliation.

**106.** Defendants terminated Plaintiff's employment because of her protected status and protected activity, in violation of these fundamental public policies.

**107.** As a direct and proximate result of Defendants' wrongful termination, Plaintiff has suffered and continues to suffer loss of earnings, emotional distress, humiliation, and mental and physical pain and anguish, all in amounts according to proof.

**108.** Defendants' conduct was intentional, malicious, despicable, and carried out with conscious disregard for Plaintiff's rights, entitling Plaintiff to punitive damages under Civil Code section 3294.

**109.** Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Code of Civil Procedure sections 1021.5 and 1032, Plaintiff is entitled to recover reasonable attorneys' fees and costs according to proof.

///

///

///

///

///

///

///

///

///

///

///

///

**VI**

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF LUNA D'SOL prays for judgment against DEFENDANTS, and each of them, as follows:

a) Compensatory Damages: For compensatory damages according to proof for the harm caused by Defendants' unlawful conduct;

b) Economic Damages: For all economic damages, including but not limited to back pay, front pay, and the value of all lost employment-related compensation, according to proof;

c) Non-Economic Damages: For emotional distress and mental anguish damages;

d) Punitive Damages: For punitive damages under Civil Code section 3294 against all Defendants who acted with malice, oppression, or reckless disregard;

e) Equitable Relief: For restitution of all sums unlawfully withheld or acquired by Defendants;

f) Declaratory Relief: For a declaration that Defendants' conduct violated FEHA, CFRA, and the public policy of the State of California;

g) Injunctive Relief: For a permanent injunction ordering the correction of Plaintiff's employment records and data to accurately reflect the circumstances of their employment;

h) Reinstatement: For reinstatement to their former position or, in the alternative, an award of front pay;

i) Attorney's Fees: For reasonable attorney's fees and costs of suit pursuant to Government Code section 12965;

j) Interest: For prejudgment and post-judgment interest as permitted by law;

k) General Relief: For such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

///

///

///

## VERIFICATION

I, LUNA D'SOL, am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 3rd, 2026, at Palm Springs, CA

/s/ Luna D'Sol

LUNA D'SOL, Plaintiff In Pro Per

# EXHIBIT A
# CRD - RIGHT TO SUE

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency
GAVIN NEWSOM, GOVERNOR

Civil Rights Department
KEVIN KISH, DIRECTOR

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

August 11, 2025

Luna D'Sol
2275 E Belding Dr
Palm Springs, CA 92262

RE: **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202508-30704712
Right to Sue: D'Sol / Bank of America et al.

Dear Luna D'Sol:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective August 11, 2025 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave (Government Code sections 12945.2, 12945.6, or 12945.7) has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

Civil Rights Department

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

After receiving a Right-to-Sue notice from CRD, you may have the right to file your complaint with a local government agency that enforces employment anti-discrimination laws if one exists in your area that is authorized to accept your complaint. If you decide to file with a local agency, you must file before the deadline for filing a lawsuit that is on your Right-to-Sue notice. Filing your complaint with a local agency does not prevent you from also filing a lawsuit in court.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

# TAB 8

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
www.riverside.courts.ca.gov

**Case Number:** CVPS2601396

**Case Name:** DSOL vs BANK OF AMERICA N.A.

## NOTICE OF DEPARTMENT ASSIGNMENT

The above entitled case is assigned to the Honorable Manuel Bustamante in Department PS2 for All Purposes.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

The court follows California Rules of Court, Rule 3.1308(a)(1) for tentative rulings (see Riverside Superior Court Local Rule 3316). Tentative Rulings for each law and motion matter are posted on the internet by 3:00 p.m. on the court day immediately before the hearing at http://riverside.courts.ca.gov/tentativerulings.shtml. If you do not have internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, you must (1) notify the judicial secretary at (760) 904-5722 and (2) inform all other parties, no later than 4:30 p.m. the court day before the hearing. If no request for oral argument is made by 4:30 p.m., the tentative ruling will become the final ruling on the matter effective the date of the hearing.

The filing party shall serve a copy of this notice on all parties.

| | |
|---|---|
| | Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

Dated: 03/06/2026

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: [signature]

V. Lopez, Deputy Clerk

CI-NODACV
(Rev. 02/16/21)

# TAB 9

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
www.riverside.courts.ca.gov

**Case Number:** CVPS2601396

**Case Name:** DSOL vs BANK OF AMERICA N.A.

LUNA DSOL
2275 E BELDING DR
Palm Springs, CA 92262

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| **09/03/2026** | **8:30 AM** | **Department PS2** |
| Location of Hearing: **3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case. CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases. Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing. Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-644-5616 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak. It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter.

Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
www.riverside.courts.ca.gov

**Case Number:** CVPS2601396

**Case Name:** DSOL vs BANK OF AMERICA N.A.

BANK OF AMERICA N.A.

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| **09/03/2026** | **8:30 AM** | **Department PS2** |
| Location of Hearing: **3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case. CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases. Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing. Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-644-5616 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak. It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

| | |
|---|---|
| | Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
www.riverside.courts.ca.gov

**Case Number:** CVPS2601396

**Case Name:** DSOL vs BANK OF AMERICA N.A.

BANK OF AMERICA CORPORATION

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| **09/03/2026** | **8:30 AM** | **Department PS2** |
| Location of Hearing: **3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case. CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases. Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing. Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-644-5616 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak. It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

| | |
|---|---|
| | Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
www.riverside.courts.ca.gov

**Case Number:** CVPS2601396

**Case Name:** DSOL vs BANK OF AMERICA N.A.

TRICIA SHANKS

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| **09/03/2026** | **8:30 AM** | **Department PS2** |
| Location of Hearing: **3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case. CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases. Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing. Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-644-5616 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak. It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

| | |
|---|---|
| | Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
www.riverside.courts.ca.gov

**Case Number:** CVPS2601396

**Case Name:** DSOL vs BANK OF AMERICA N.A.

PETER MAXIM

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| **09/03/2026** | **8:30 AM** | **Department PS2** |
| Location of Hearing: **3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case. CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases. Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing. Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-644-5616 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak. It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

| | |
|---|---|
| | Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

Notice has been printed for the following Firm/Attorneys or Parties: CVPS2601396

DSOL, LUNA
2275 E BELDING DR
Palm Springs, CA 92262

BANK OF AMERICA CORPORATION

MAXIM, PETER

BANK OF AMERICA N.A.

SHANKS, TRICIA

# TAB 10

# FW-003 Order on Court Fee Waiver (Superior Court)

*Clerk stamps date here when form is filed.*

**FILED**
Superior Court of California
County of Riverside
03/06/2026
V Lopez

*Fill in court name and street address:*
**Superior Court of California, County of Riverside**
Palm Springs Courthouse
3255 E. Tahquitz Canyon Way
Palm Springs, CA 92262

*Fill in case number and name:*
**Case Number:** CVPS2601396
**Case Name:** DSOL vs BANK OF AMERICA N.A.

① **Person who asked the court to waive court fees:**
Name: LUNA DSOL
Street or mailing address: 2275 E BELDING DR
City: Palm Springs State: CA Zip: 92262

② **Lawyer, if person in ① has one** *(name, firm name, address, phone number, e-mail, and State Bar number):*

③ A request to waive court fees was filed on *(date):* 03/04/2026
☐ The court made a previous fee waiver order in this case on *(date):*

***Read this form carefully. All checked boxes ☑ are court orders.***

**Notice:** The court may order you to answer questions about your finances and later order you to pay back the waived fees. If this happens and you do not pay, the court can make you pay the fees and also charge you collection fees. If there is a change in your financial circumstances during this case that increases your ability to pay fees and costs, you must notify the trial court within five days. (Use form FW-010.) If you win your case, the trial court may order the other side to pay the fees. If you settle your civil case for **$10,000** or more, the trial court will have a lien on the settlement in the amount of the waived fees. The trial court may not dismiss the case until the lien is paid.

④ After reviewing your: ☑ *Request to Waive Court Fees* ☐ *Request to Waive Additional Court Fees*
**the court makes the following orders:**

a. ☑ The court **grant**s your request, as follows:

(1) ☑ **Fee Waiver.** The court grants your request and waives your court fees and costs listed below. *(Cal. Rules of Court, rules 3.55 and 8.818.)* You do not have to pay the court fees for the following:
- Filing papers in superior court
- Making copies and certifying copies
- Sheriff's fee to give notice
- Court fee for phone hearing
- Giving notice and certificates
- Sending papers to another court department
- Reporter's fee for attendance at hearing or trial, if the court is not electronically recording the proceeding and you request that the court provide an official reporter
- Assessment for court investigations under Probate Code section 1513, 1826, or 1851
- Preparing, certifying, copying, and sending the clerk's transcript on appeal
- Holding in trust the deposit for a reporter's transcript on appeal under rule 8.130 or 8.834
- Making a transcript or copy of an official electronic recording under rule 8.835

(2) ☐ **Additional Fee Waiver.** The court grants your request and waives your additional superior court fees and costs that are checked below. *(Cal. Rules of Court, rule 3.56.)* You do not have to pay for the checked items.
☐ Jury fees and expenses
☐ Fees for court-appointed experts
☐ Other *(specify):*
☐ Fees for a peace officer to testify in court
☐ Court-appointed interpreter fees for a witness

Your name: LUNA DSOL

**Case Number:** CVPS2601396

b. ☐ The court **denies** your fee waiver request because:

**Warning!** If you miss the deadline below, the court cannot process your request for hearing or the court papers you filed with your original request. If the papers were a notice of appeal, the appeal may be dismissed.

(1) Your request is incomplete. You have **10 days** after the clerk gives notice of this Order (see date of service ☐ on next page) to:

- Pay your fees and costs, or
- File a new revised request that includes the incomplete items listed:
  ☐ Below ☐ On Attachment 4b(1)

(2) ☐ The information you provided on the request shows that you are not eligible for the fee waiver you requested for the reasons stated: ☐ Below ☐ On Attachment 4b(2)

The court has enclosed a blank *Request for Hearing About Court Fee Waiver Order (Superior Court)* (form FW-006).You have **10 days** after the clerk gives notice of this order (see date of service below) to:

- Pay your fees and costs in full or the amount listed in c below, or
- Ask for a hearing in order to show the court more information. *(Use form FW-006 to request hearing.)*

c. (1) ☐ The court needs more information to decide whether to grant your request. You must go to court on the date on page 3. The hearing will be about the questions regarding your eligibility that are stated:
☐ Below ☐ On Attachment 4c(1)

(2) ☐ Bring the items of proof to support your request, if reasonably available, that are listed:
☐ Below ☐ On Attachment 4c(2)

**This is a Court Order.**

Your name: LUNA DSOL

**Case Number:** CVPS2601396

Name and address of court if different from above:

**Hearing Date** → Date: ________ Time: ________
Dept.: ________ Room: ________

3255 E. Tahquitz Canyon Way, Palm Springs, C

**Warning!** If item c(1) is checked, and you do not go to court on your hearing date, the judge will deny your request to waive court fees, and you will have 10 days to pay your fees. If you miss that deadline, the court cannot process the court papers you filed with your request. If the papers were a notice of appeal, the appeal may be dismissed.

Date: 03/06/2026

*Signature of (check one):* ☐ *Judicial Officer* ☑ *Clerk, Deputy*

## Request for Accommodations

Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the hearing. Contact the clerk's office for *Request for Accommodations by Persons With Disabilities and Response* (form MC-410). (Civ. Code, § 54.8.)

## Clerk's Certificate of Service

I certify that I am not involved in this case and *(check one):*

☐ I handed a copy of this Order to the party and attorney, if any, listed in (1) and (2), at the court, on the date below.

☐ This order was mailed first class, postage paid, to the party and attorney, if any, at the addresses listed in (1) and (2), from *(city):* Palm Springs, California, on the date below.

☐ A certificate of mailing is attached.

Date: 03/06/2026

Jason B. Galkin, Executive Officer/Clerk

Clerk, by Victoria Lopez, Deputy

Name: ________

**This is a Court Order.**

**CLERK'S CERTIFICATE OF ELECTRONIC SERVICE**

I certify that I am not a party to this cause and that the document: Order on Court Fee Waiver (FW-003) - Granted by Clerk, has been transmitted electronically by the Riverside Superior Court to the Palm Springs, CA electronic service provider that submitted the transaction. The transmission originated from the Riverside Superior Court on 03/06/2026 at 10:17:16 AM PST. This electronically transmitted document(s) is in accordance with California Rule of Court, rule 2.251. The list of electronically served recipients are listed below:

Party:
LUNA DSOL

# TAB 11

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
www.riverside.courts.ca.gov

**Case Number:** CVPS2601396

**Case Name:** DSOL vs BANK OF AMERICA N.A.

LUNA DSOL
2275 E BELDING DR
2275 E BELDING DR
PALM SPRINGS, CA 92262

## NOTICE OF HEARING
## (Civil)

Notice is hereby given that the above entitled case has been scheduled for: Ex Parte Hearing re: FOR TEMPORARY SEALING ORDER PURSUANT TO CALIFORNIA RULES OF COURT, RULES 2.550–2.551 by LUNA DSOL on 03/20/2026 at 8:30 AM. The party requesting the hearing (moving party) shall serve a copy of this notice to all named parties in this case.

| Date | Time | Department |
|---|---|---|
| **03/20/2026** | **8:30 AM** | **Department PS2** |
| Location of Hearing: **3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262** | | |

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases. Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing. Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-644-5616 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak. It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

For more information on the court's response to the Coronavirus, go to www.riverside.courts.ca.gov and click on the red COVID-19 banner.

Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter.

Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.)

CERTIFICATE OF ELECTRONIC SERVICE

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with electronic transmittal of documents. I certify that I served electronically the **Notice of Hearing** on this date to the party(ies) listed above.

Dated: 03/19/2026

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: ______________________
G. Hernandez, Deputy Clerk

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
www.riverside.courts.ca.gov

**Case Number:** CVPS2601396

**Case Name:** DSOL vs BANK OF AMERICA N.A.

BANK OF AMERICA N.A.

## NOTICE OF HEARING
## (Civil)

Notice is hereby given that the above entitled case has been scheduled for: Ex Parte Hearing re: FOR TEMPORARY SEALING ORDER PURSUANT TO CALIFORNIA RULES OF COURT, RULES 2.550–2.551 by LUNA DSOL on 03/20/2026 at 8:30 AM. The party requesting the hearing (moving party) shall serve a copy of this notice to all named parties in this case.

| Date | Time | Department |
|---|---|---|
| **03/20/2026** | **8:30 AM** | **Department PS2** |
| Location of Hearing: **3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262** | | |

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases. Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing. Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-644-5616 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak. It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

For more information on the court's response to the Coronavirus, go to www.riverside.courts.ca.gov and click on the red COVID-19 banner.

Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter.

Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.)

CERTIFICATE OF ELECTRONIC SERVICE

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with electronic transmittal of documents. I certify that I served electronically the **Notice of Hearing** on this date to the party(ies) listed above.

Dated: 03/19/2026

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: G Hernandez

G. Hernandez, Deputy Clerk

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
www.riverside.courts.ca.gov

**Case Number:** CVPS2601396

**Case Name:** DSOL vs BANK OF AMERICA N.A.

BANK OF AMERICA CORPORATION

## NOTICE OF HEARING
## (Civil)

Notice is hereby given that the above entitled case has been scheduled for: Ex Parte Hearing re: FOR TEMPORARY SEALING ORDER PURSUANT TO CALIFORNIA RULES OF COURT, RULES 2.550–2.551 by LUNA DSOL on 03/20/2026 at 8:30 AM. The party requesting the hearing (moving party) shall serve a copy of this notice to all named parties in this case.

| Date | Time | Department |
|---|---|---|
| **03/20/2026** | **8:30 AM** | **Department PS2** |
| Location of Hearing: **3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262** | | |

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases. Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing. Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-644-5616 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak. It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

For more information on the court's response to the Coronavirus, go to www.riverside.courts.ca.gov and click on the red COVID-19 banner.

| | |
|---|---|
| | Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

CERTIFICATE OF ELECTRONIC SERVICE

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with electronic transmittal of documents. I certify that I served electronically the **Notice of Hearing** on this date to the party(ies) listed above.

Dated: 03/19/2026

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: GHernandez

G. Hernandez, Deputy Clerk

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
www.riverside.courts.ca.gov

**Case Number:** CVPS2601396

**Case Name:** DSOL vs BANK OF AMERICA N.A.

TRICIA SHANKS

## NOTICE OF HEARING
## (Civil)

Notice is hereby given that the above entitled case has been scheduled for: Ex Parte Hearing re: FOR TEMPORARY SEALING ORDER PURSUANT TO CALIFORNIA RULES OF COURT, RULES 2.550–2.551 by LUNA DSOL on 03/20/2026 at 8:30 AM. The party requesting the hearing (moving party) shall serve a copy of this notice to all named parties in this case.

| Date | Time | Department |
|---|---|---|
| **03/20/2026** | **8:30 AM** | **Department PS2** |
| Location of Hearing: **3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262** | | |

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases. Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing. Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-644-5616 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak. It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

For more information on the court's response to the Coronavirus, go to www.riverside.courts.ca.gov and click on the red COVID-19 banner.

| | |
|---|---|
| | Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

CERTIFICATE OF ELECTRONIC SERVICE

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with electronic transmittal of documents. I certify that I served electronically the **Notice of Hearing** on this date to the party(ies) listed above.

Dated: 03/19/2026

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: GHernandez

G. Hernandez, Deputy Clerk

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
www.riverside.courts.ca.gov

**Case Number:** CVPS2601396

**Case Name:** DSOL vs BANK OF AMERICA N.A.

PETER MAXIM

## NOTICE OF HEARING
## (Civil)

Notice is hereby given that the above entitled case has been scheduled for: Ex Parte Hearing re: FOR TEMPORARY SEALING ORDER PURSUANT TO CALIFORNIA RULES OF COURT, RULES 2.550–2.551 by LUNA DSOL on 03/20/2026 at 8:30 AM. The party requesting the hearing (moving party) shall serve a copy of this notice to all named parties in this case.

| Date | Time | Department |
|---|---|---|
| **03/20/2026** | **8:30 AM** | **Department PS2** |
| Location of Hearing: **3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262** | | |

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases. Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing. Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-644-5616 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak. It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

For more information on the court's response to the Coronavirus, go to www.riverside.courts.ca.gov and click on the red COVID-19 banner.

Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter.

Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.)

CERTIFICATE OF ELECTRONIC SERVICE

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with electronic transmittal of documents. I certify that I served electronically the **Notice of Hearing** on this date to the party(ies) listed above.

Dated: 03/19/2026

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: GHernandez

G. Hernandez, Deputy Clerk

Notice has been printed for the following Firm/Attorneys or Parties: CVPS2601396

DSOL, LUNA
2275 E BELDING DR
2275 E BELDING DR
PALM SPRINGS, CA 92262

BANK OF AMERICA N.A.

SHANKS, TRICIA

BANK OF AMERICA CORPORATION

MAXIM, PETER

# TAB 12

Electronically FILED by Superior Court of California, County of Riverside on 03/19/2026 09:50 AM
Case Number CVPS2601396 0000161216019 - Jason B. Galkin, Executive Officer/Clerk of the Court By Gloria Hernandez, Clerk

**Luna D'Sol**
Plaintiff, In Pro Per
Email Address: jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF RIVERSIDE**

| | |
|---|---|
| LUNA D'SOL | ) |
| Plaintiff, | ) Case No: CVPS2601396 |
| vs. | ) **EX PARTE APPLICATION FOR TEMPORARY SEALING ORDER PURSUANT TO CALIFORNIA RULES OF COURT, RULES 2.550–2.551;** |
| BANK OF AMERICA, N.A.; | ) |
| BANK OF AMERICA CORPORATION; | ) |
| TRICIA SHANKS, an individual; | ) |
| PETER C MAXIM, an individual; and | ) |
| DOES 1 through 50,inclusive, | ) Hon: Manuel Bustamante |
| | ) Dept. PS2 |
| Defendants. | ) Hearing Date: March 20th, 2026 at 8:30 am |
| | ) |
| | ) |

NOTICE OF EX PARTE APPLICATION

Plaintiff Luna D'Sol hereby applies ex parte for a temporary sealing order.

No defendant has yet been served in this action. Accordingly, there are no appearing parties to whom notice can be provided at this time. Plaintiff will provide notice promptly upon service and will bring a noticed motion for permanent sealing.

**RELIEF REQUESTED**

Plaintiff respectfully requests that the Court:

**a.** Order that the unredacted Complaint be lodged and maintained under seal;

**b.** Permit Plaintiff to file a redacted version of the Complaint for the public record;

**c.** Direct that the sealed material remain non-public pending determination of Plaintiff's noticed motion for a permanent sealing order.

**BASIS FOR EX PARTE REQUEST**

**Ex Parte Relief Is Appropriate** where immediate action is necessary to prevent irreparable harm before a noticed motion can be heard. (See Cal. Rules of Court, rule 3.1202(c).) Here, once sensitive medical and identity-related information is publicly filed, the harm cannot be undone. Temporary sealing preserves the status quo while allowing the Court to consider the matter through regular noticed proceedings.

This request is made because certain information included in the Complaint involves highly sensitive medical and personal matters that are not publicly known and that, if disclosed, would be difficult to meaningfully protect after the fact. Plaintiff does not ask for this relief lightly. She recognizes that courts are public institutions and that open access to court records serves important social purposes. She asks for nothing more than what the law specifically contemplates for circumstances like hers.

**1. HIV-Related Information**

The Complaint includes references to Plaintiff's HIV status in connection with her claims. This is not a peripheral detail. Plaintiff received an HIV diagnosis in March 2025 — during the same period in which Defendants initiated termination proceedings against her while she was on approved medical leave. Her employer-sponsored health insurance was subsequently cut off, directly interrupting access to antiretroviral therapy, hormone treatment, and psychiatric care. The connection between Defendants' conduct and Plaintiff's current medical vulnerability is not incidental to this case; it is integral to it.

California law provides strong and specific protections for information of this nature. Health and Safety Code section 120980 prohibits the unauthorized disclosure of HIV-related test results and diagnoses. Civil Code section 56.10, part of the Confidentiality of Medical Information Act, independently prohibits disclosure of medical information without written authorization. These statutes reflect a

considered legislative judgment that forced disclosure of HIV status causes real and lasting harm — social, professional, and personal — that ordinary privacy protections do not always adequately address.

Plaintiff has not disclosed her HIV status publicly. She is concerned that once this information appears in a publicly accessible court record, it may become permanently available through electronic docketing systems and third-party legal databases in ways that cannot later be meaningfully corrected.

**2. Gender Identity and Transition-Related Information**

The Complaint also includes details regarding Plaintiff's gender identity and her ongoing transition, including:

a. her hormone therapy and the involuntary interruption of that treatment following the loss of health insurance;

b. her ongoing transition status and the absence of completed gender-affirming care;

c. related medical and psychological treatment she is currently receiving;

d. the physical and emotional consequences of being forced to pause her transition mid-course.

Plaintiff is a transgender woman. She has a court order legally changing her name and gender, and she lives as a woman. Her transition, however, is not complete. She is still in the process of transitioning medically. She has not undergone gender-affirming surgery. She is receiving psychiatric treatment. She has not yet come out publicly in all aspects of her life.

Coming out as transgender is not a single moment. It is a process that each person navigates on her own terms, on her own timeline, with the people she chooses, when she feels ready. The involuntary interruption of Plaintiff's hormone therapy caused documented physical and psychological destabilization that continues to affect her. She is, in the most direct sense, still in the middle of a medical and personal process that public exposure at this stage would harm further.

These matters are deeply personal and have not been publicly disclosed. Plaintiff is not asking this Court to protect her from accountability. She is asking to retain the right to share the most intimate details of her own body and identity — details that California law specifically protects — on her own terms, when she is ready, rather than having them placed permanently in the public record before she has had any opportunity to do so herself.

///

**3. Risk of Irreversible Disclosure**

Court filings in California are routinely made accessible through electronic docketing systems and are often indexed by third-party legal services within days of filing. Once sensitive information of this nature becomes publicly available, it may be very difficult — and in some cases impossible — to fully remove or contain.

Plaintiff is not asking this Court to permanently foreclose public access. She is asking only for time — time to bring a properly noticed motion with full briefing, so that the matter may be considered carefully and without the risk of disclosure that cannot later be reversed. A temporary sealing order preserves the status quo. Denial of even temporary protection, by contrast, risks consequences that may not be fully remedied by later court action.

**4. Procedural Posture**

No defendant has been served at this time. There is accordingly no party whose right of access to the record or whose ability to respond to the claims would be affected by temporary relief while the Court considers the broader motion. Plaintiff will provide notice to Defendants and will file a fully noticed motion for a permanent, narrowly tailored sealing order promptly upon service.

**5. Narrow Scope of Request**

Plaintiff is not seeking to seal the Complaint in its entirety, nor to proceed anonymously. The identity of the parties, the nature of the claims, the causes of action, and the substantive factual allegations will remain fully visible in the public record. Plaintiff seeks only the limited protection of specific medical and identity-related details — her HIV status, her transition-related treatment history, and the personal medical information described above — that are not necessary for the public to access in order to understand the nature of this litigation.

California Rules of Court, Rule 2.550(d), permits a court to order a record sealed upon finding that an overriding interest supports sealing, that a substantial probability exists that the interest will be prejudiced absent sealing, that the sealing is narrowly tailored, and that no less restrictive means exist to achieve the overriding interest. California courts have recognized privacy interests in sensitive medical information, including HIV status and gender-related medical care, as qualifying overriding interests

under this standard. (See NBC Subsidiary (KNBC-TV), Inc. v. Superior Court (1999) 20 Cal.4th 1178; Cal. Const., art. I, § 1; Health & Saf. Code, § 120980; Civ. Code, § 56.10.)

**6. Request for Interim Relief**

Plaintiff respectfully requests that the Court allow the limited portions of the Complaint described above to remain under seal on a temporary basis, so that the issues may be considered through a properly noticed motion without risk of disclosure that cannot later be reversed.

Plaintiff understands that this Court's calendar is full and that sealing requests require careful attention. She does not ask for special treatment. She asks only to be heard — fully, properly, and on the record — before information that cannot be unspoken is permanently placed in the public domain.

Respectfully submitted

Dated March 19th, 2026 by ___________________________

**Luna D'Sol**
Plaintiff, In Pro Per
Email Address: jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069.

# TAB 13

Electronically FILED by Superior Court of California, County of Riverside on 03/13/2026 09:30 AM
Case Number CVPS2601396 0000161216020 - Jason B. Galkin, Executive Officer/Clerk of the Court By Gloria Hernandez, Clerk

**Luna D'Sol**
Plaintiff, In Pro Per
Email Address: jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF RIVERSIDE**

| | |
|---|---|
| LUNA D'SOL<br>Plaintiff,<br>vs.<br>BANK OF AMERICA, N.A.;<br>BANK OF AMERICA CORPORATION;<br>TRICIA SHANKS, an individual;<br>PETER C MAXIM, an individual; and<br>DOES 1 through 50,inclusive,<br><br>Defendants. | Case No: CVPS2601396<br>**APPLICATION TO FILE DOCUMENT UNDER SEAL**<br>Hon: Manuel Bustamante<br>Dept. PS2 |

Plaintiff Luna D'Sol, appearing in propria persona, respectfully applies for an order permitting the filing of the unredacted version of the Complaint in this action under seal, pursuant to California Rules of Court, rules 2.550 and 2.551.

**DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

The document proposed to be filed under seal is:

- **Complaint for Damages and Equitable Relief — Unredacted Version**

A public redacted version of the Complaint has been filed concurrently. The unredacted version is identical in all respects except that it contains the specific medical and identity-related information described below, which has been replaced in the public version with the notation "[REDACTED — FILED UNDER SEAL]."

**<u>INFORMATION PROPOSED TO BE SEALED</u>**

The information proposed to be maintained under seal falls into the following categories:

- **a.** Plaintiff's HIV-related medical information, including the timing of her diagnosis and its relationship to the termination of her medical coverage;
- **b.** Plaintiff's transition-related medical care, including references to the interruption of hormone therapy and the physical and medical consequences of that interruption;
- **c.** Plaintiff's psychiatric treatment and related medical condition details.

**<u>LEGAL BASIS</u>**

California Rules of Court, rule 2.550(d), permits a court to order a record sealed upon finding that: (1) an overriding interest exists that overcomes the right of public access; (2) the overriding interest supports sealing; (3) a substantial probability exists that the overriding interest will be prejudiced absent sealing; (4) the proposed sealing is narrowly tailored; and (5) no less restrictive means exist.

Each of these findings is established by Plaintiff's concurrently filed Ex Parte Application for Temporary Sealing Order and the accompanying Memorandum of Points and Authorities and Declaration, which are incorporated herein by reference. In summary:

**1.** An overriding interest exists. Plaintiff's HIV status is specifically protected from unauthorized disclosure by Health and Safety Code section 120980 and Civil Code section 56.10. Her transition-related medical care and psychiatric treatment implicate the constitutional right to privacy under California Constitution, article I, section 1. These are overriding interests within the meaning of rule 2.550(d).

**2.** A substantial probability of prejudice exists. Electronic court records are accessible through public docketing systems and may be indexed by third-party databases. Once this information is publicly disclosed, it cannot be recalled.

3. The proposed sealing is narrowly tailored. Only specific medical and identity-related details are proposed for sealing. The identities of the parties, all causes of action, all factual allegations, and the full substance of the claims remain publicly accessible in the redacted version filed concurrently.

4. No less restrictive means exist. The filing of a public redacted version alongside a sealed unredacted version is the least restrictive means available to protect the identified interests while preserving public access to the substance of the litigation.

**COMPLIANCE WITH RULE 2.551**

In compliance with California Rules of Court, rule 2.551, Plaintiff has:

a. Lodged the unredacted version of the Complaint with the Court for in camera review;

b. Filed a public redacted version of the Complaint with the Court Clerk for inclusion in the public record;

c. Submitted this Application concurrently with the Ex Parte Application for Temporary Sealing Order.

**REQUEST**

Plaintiff respectfully requests that the Court issue an order:

1. Permitting the unredacted version of the Complaint to be filed and maintained under seal pending the Court's ruling on the Ex Parte Application for Temporary Sealing Order and, thereafter, pending the Court's ruling on Plaintiff's motion for a permanent, narrowly tailored sealing order;

2. Directing the Court Clerk to maintain the unredacted version of the Complaint under seal and to make it available only to the Court and to parties upon appearance; and

3. Accepting the concurrently filed public redacted version of the Complaint as the publicly accessible version of the pleading.

Respectfully submitted,

Dated March 19th, 2026

/s/ Luna D'Sol

Luna D'Sol

Plaintiff, In Propria Persona

# TAB 14

**Luna D'Sol**
Plaintiff, In Pro Per
Email Address: jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF RIVERSIDE**

| | |
|---|---|
| LUNA D'SOL | ) |
| Plaintiff, | ) Case No: CVPS2601396 |
| vs. | ) **MEMORANDUM OF POINTS AND AUTHORITIES** |
| BANK OF AMERICA, N.A.; | ) |
| BANK OF AMERICA CORPORATION; | ) |
| TRICIA SHANKS, an individual; | ) Hon: Manuel Bustamante |
| PETER C MAXIM, an individual; and | ) Dept. PS2 |
| DOES 1 through 50,inclusive, | ) Hearing Date: March 20th, 2026 at 8:30 am |
| | ) |
| Defendants. | ) |

## I.
## LEGAL STANDARD

California Rules of Court, Rule 2.550(d), provides that a court may order a record sealed upon an express finding that: (1) an overriding interest exists that overcomes the right of public access; (2) the overriding interest supports sealing; (3) a substantial probability exists that the overriding interest will be prejudiced if the record is not sealed; (4) the proposed sealing is narrowly tailored; and (5) no less restrictive means exist to achieve the overriding interest.

The California Constitution expressly guarantees the right of privacy as an inalienable right. (Cal. Const., art. I, § 1.) Courts have consistently recognized that sensitive medical information constitutes a privacy interest that can, in appropriate circumstances, qualify as an overriding interest under the sealing standard. The Legislature has specifically identified HIV status as among the most protected categories of medical information in the state. (Health & Saf. Code, § 120980.) The Confidentiality of Medical Information Act independently protects medical information from disclosure without written authorization. (Civ. Code, § 56.10.)

**II**

**<u>THE REQUIREMENTS OF RULE 2.550(d) ARE SATISFIED</u>**

***A. An Overriding Interest Exists and Supports Sealing.***

Plaintiff's HIV status and her ongoing gender transition involve sensitive medical and identity information protected both by statute and by the California Constitution. The Legislature's specific enumeration of HIV status as a protected category reflects a determination that forced disclosure of this information causes harm that ordinary remedies cannot adequately address. The constitutional right to privacy encompasses the right to control disclosure of one's own medical condition and one's own gender identity. These interests not only qualify as overriding interests within the meaning of Rule 2.550(d), but directly support the limited sealing requested here.

***B. A Substantial Probability of Prejudice Exists.***

Electronic court records in California are accessible through public-facing systems and are frequently indexed by third-party legal databases beyond the Court's control. There is a substantial probability that an unsealed filing will result in permanent, irreversible public disclosure of information that California law specifically protects — and there is a substantial risk that the effects of disclosure would not be fully remediable by later court order.

***C. The Request Is Narrowly Tailored.***

Plaintiff does not seek to seal the entire record. She seeks the protection of only those specific details that constitute sensitive medical and identity information: her HIV status, her transition-related treatment history, and related personal medical details. All parties, all claims, all causes of action, and all

substantive factual allegations will remain publicly accessible. This is the least restrictive means available to protect the interests at stake.

There is no less restrictive means available to protect these interests, as redaction of the specific information at issue is the minimum intervention necessary to prevent disclosure.

## III

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court issue a temporary sealing order directing the Court Clerk to maintain under seal those limited portions of the Complaint that reference Plaintiff's HIV status, gender identity, and transition-related medical care, pending the filing and hearing of a fully noticed motion for a permanent sealing order.

Plaintiff does not seek to obstruct public access to this litigation. She seeks only limited protection of sensitive medical and personal information while the Court considers a properly noticed motion. The requested relief preserves the status quo and allows the Court to address the issue without risk of disclosure that may not be fully remedied later.

Respectfully submitted,

Dated: March 19th, 2026

/s/ Luna D'Sol

Luna D'Sol
Plaintiff, In Propria Persona
2275 E. Belding Drive
Palm Springs, California 92262
Telephone: (415) 370-9669
Email: jravada@icloud.com

# TAB 15

Electronically FILED by Superior Court of California, County of Riverside on 03/19/2026 09:50 AM
Case Number CVPS2601396 0000161216021 - Jason B. Galkin, Executive Officer/Clerk of the Court By Gloria Hernandez, Clerk

**Luna D'Sol**
Plaintiff, In Pro Per
Email Address: jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF RIVERSIDE**

| | |
|---|---|
| LUNA D'SOL<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A.;<br>BANK OF AMERICA CORPORATION;<br>TRICIA SHANKS, an individual;<br>PETER C MAXIM, an individual; and<br>DOES 1 through 50 inclusive,<br><br>Defendants. | Case No: CVPS2601396<br><br>**DECLARATION OF LUNA D'SOL IN SUPPORT OF MOTION FOR PERMANENT PARTIAL SEALING ORDER**<br><br>Hon: Manuel Bustamante<br>Dept. PS2<br>Hearing: Friday March 20th 2026 at 8:30 am |

I, Luna D'Sol, declare as follows:

**1.** I am the Plaintiff in this action. I am appearing in propria persona. I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would testify competently to their truth.

**2.** I am a transgender woman. On September 11, 2025, The Superior Court of California, County of Riverside Case No CVPS2503815 granted changing my name and gender. I am currently in the process of transitioning medically. I am receiving hormone therapy as part of that transition, and I am receiving psychiatric treatment. I have not undergone gender-affirming surgery. My transition is ongoing.

**3.** I have not come out publicly as transgender in all areas of my life. Coming out is a process I am navigating on my own terms and on my own timeline. The appearance of details about my gender identity and my transition in a publicly accessible court record would take from me the ability to make that choice for myself.

**4.** In March 2025, I received a diagnosis of HIV. I have not disclosed this publicly. I am asking this Court to appreciate what it means — for any person — to have information of this nature placed permanently in a public record before she has had the chance to process it, to share it with the people she trusts, or to prepare for what comes next.

**5.** When my employment was terminated and my medical coverage was cut off, I was forced to interrupt my hormone therapy involuntarily. That interruption caused real physical and emotional harm that I am still addressing. I am now back in a hormone therapy program. I remain in psychiatric care. My transition is not complete, and I am managing a serious medical diagnosis that I received during one of the most difficult periods of my life.

**6.** I previously worked in the private banking sector at Bank of America, where professional reputation and discretion are critical. Information relating to my employment and its termination is not publicly known. In the financial services industry, even incomplete or out-of-context disclosures can have lasting professional consequences. Public dissemination of these details through court records creates a substantial risk of misinterpretation that could materially impact my ability to secure future employment and maintain professional credibility. This risk is not speculative; it reflects the practical realities of how employment history is evaluated in this field.

**7.** I am not asking this Court to hide this case from the public. I am not asking to conceal my identity or my claims. I am asking only that the most private medical details of my life — my HIV status, the details of my transition, and the specifics of my psychiatric care — not be placed in a permanent, searchable public record while I am still in the middle of a medical process that those disclosures would directly affect.

**8.** I understand that filing a lawsuit involves public disclosure. I am not seeking to avoid that. I am requesting protection only for specific medical and identity-related information that I believe is entitled to confidentiality under California law, while allowing all other aspects of this case to proceed openly.

**9.** I understand that courts are public institutions. I am not asking for special treatment. I am asking for the specific, limited protection that the law makes available, applied as narrowly as possible to the specific information that is at issue.

**10.** If this motion is denied, I will accept that outcome. But I ask for the chance to be heard, and to have the Court consider — carefully and fully — whether the harm I have described is the kind of harm that California law is designed to prevent.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 19th, 2026, at Palm Springs, California.

/s/ Luna D'Sol

Luna D'Sol

Declarant and Plaintiff in Pro Per

# TAB 16

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
www.riverside.courts.ca.gov

**Case Number:** CVPS2601396

**Case Name:** DSOL vs BANK OF AMERICA N.A.

LUNA DSOL
2275 E BELDING DR
2275 E BELDING DR
PALM SPRINGS, CA 92262

## NOTICE OF RETURN DOCUMENT

The court is unable to process the *Ex Parte* for the reason(s) indicated below:

Today is March 20, 2026, Ex parte is Untimely, Reserve date for Tuesday 3-24-2026 on court's website. Confidential documents are not accepted via efiling, you need file in person at the Palm Springs Courthouse Civil Department.

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the foregoing notice on this date, by depositing said copy as stated above.

Dated: 03/20/2026

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: GHernandez

G. Hernandez, Deputy Clerk

CW-NDR
(Rev. 10/07/21)

# TAB 17

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Palm Springs Courthouse

Ex Parte Hearing re: FOR TEMPORARY SEALING ORDER PURSUANT TO CALIFORNIA RULES OF COURT, RULES 2.550–2.551 by LUNA DSOL

03/20/2026
8:30 AM
Department PS2

**CVPS2601396**
**DSOL vs BANK OF AMERICA N.A.**

Honorable Manuel Bustamante, Judge
C. Martinez, Courtroom Assistant
Court Reporter: None

**APPEARANCES:**

DSOL, LUNA [PLA] Represented by in Pro/Per appearing remotely in Court.

This matter is being live streamed for public access.
At 09:41 AM, the following proceedings were held:
Ex Parte for Temporary Sealing Order Pursuant to California Rules of Court Rules 2.550-2.551 by Lunda Dsol is called for hearing
Court has read and considered Ex Parte Application.
Argument presented by Plaintiff.
Court makes the following order(s):
Ex Parte for Temporary Sealing Order Pursuant to California Rules of Court Rules 2.550-2.551 by Lunda Dsol denied.
Formal order signed in court.

# TAB 18

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
www.riverside.courts.ca.gov

| | |
|---|---|
| | *FOR COURT USE ONLY*<br>**FILED**<br>**Superior Court of California**<br>**County of Riverside**<br>**03/20/2026**<br>**C Martinez** |
| DSOL vs BANK OF AMERICA N.A. | CASE NUMBER:<br>CVPS2601396 |

## NOTICE OF COURT'S RULING

On 03/20/2026 the court was presented with Denied Order Granting Ex Parte Application for Temporary Sealing Order Pursuant to California Rules of Court, Rules 2.550-2.551 on Complaint for Wrongful Termination (Over $35,000) of LUNA DSOL. After review, the court has denied the request and issued the following ruling:

Denied without prejudice. Please submit proposed redacted complaint and proposed redactions specified as required by the CRC regarding redacting/sealing of documents..

Dated: 03/20/2026

(JUDICIAL OFFICER)
*Manuel Bustamante*

To: LUNA DSOL
2275 E BELDING DR
2275 E BELDING DR
PALM SPRINGS, CA 92262

Notice has been printed for the following Firm/Attorneys or Parties: CVPS2601396

DSOL, LUNA
2275 E BELDING DR
2275 E BELDING DR
PALM SPRINGS, CA 92262

# TAB 19

Electronically FILED by Superior Court of California, County of Riverside on 03/23/2026 01:29 PM
Case Number CVPS2601396 0000161568807 - Jason B. Galkin, Executive Officer/Clerk of the Court By Angela Skelton, Clerk

POS-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*
Luna D'Sol
2275 E Belding Dr
Palm Springs, CA 92262
TELEPHONE NO: 213-925-4069 FAX NO *(Optional)*:
E-MAIL ADDRESS *(Optional)*: jravada@icloud.com
ATTORNEY FOR *(Name)*: In Pro Per

*FOR COURT USE ONLY*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside
STREET ADDRESS: 3255 E. Tahquitz Canyon Way
MAILING ADDRESS:
CITY AND ZIP CODE: Palm Springs, 92262-6996
BRANCH NAME: Riverside-Palm Springs Courthouse

PLAINTIFF / PETITIONER: LUNA D'SOL
DEFENDANT / RESPONDENT: BANK OF AMERICA, N.A., et al.

CASE NUMBER: CVPS2601396

## PROOF OF SERVICE OF SUMMONS

Ref. No. or File No.: 15424707 (27699461)

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] Summons
   b. [X] Complaint
   c. [X] Alternative Dispute Resolution (ADR) Package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] Cross-Complaint
   f. [X] Other *(specify documents)*: Notice of Department Assignment , Notice of Case Management Conference , Notice of Department Assignment
3. a. Party served *(specify name of party as shown on documents served)*:
   TRICIA SHANKS, AS INDIVIDUAL
   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
4. Address where the party was served:
   800 Samoset Dr. , Newark, Delaware 19713
5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: (2) at *(time)*:
   b. [X] **by substituted service.** On *(date)*: Mon, Mar 16 2026 at *(time)*: 03:50 PM I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:
   Cherrae Stringfield, Manager of legal operations
   (1) [X] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
   (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
   (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
   (4) [X] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
   from *(city)*: or [X] a declaration of mailing is attached.
   (5) [X] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF / PETITIONER: LUNA D'SOL | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT: BANK OF AMERICA, N.A., et al. | CVPS2601396 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
   (1) on *(date)*: (2) from *(city)*:
   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)
   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)
   d. ☐ **by other means** *(specify means of service and authorizing code section)*:

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☒ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify)*:
   c. ☐ as occupant.
   d. ☐ On behalf of *(specify)*:
   under the following Code of Civil Procedure section:
   ☐ 416.10 (corporation)
   ☐ 416.20 (defunct corporation)
   ☐ 416.30 (joint stock company/association)
   ☐ 416.40 (association or partnership)
   ☐ 416.50 (public entity)
   ☐ other:
   ☐ 415.95 (business organization, form unknown)
   ☐ 416.60 (minor)
   ☐ 416.70 (ward or conservatee)
   ☐ 416.90 (authorized person)
   ☐ 415.46 (occupant)

7. **Person who served papers**
   a. Name: William Bailey
   b. Address: 5341 Old Redwood Highway, Suite 310, Petaluma, CA 94954
   c. Telephone number: 800-938-8815
   d. **The fee** for service was: 120.00
   e. I am:
   (1) ☒ not a registered California process server.
   (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
   (3) ☐ a registered California process server:
   (i) ☐ owner ☐ employee ☐ independent contractor
   (ii) Registration No:
   (iii) County:

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   or
9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: March 18, 2026

William Bailey
(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc. - P000634
5341 Old Redwood Highway, Suite 310
Petaluma, CA 94954
800-938-8815

(SIGNATURE)

MC-031

| PLAINTIFF / PETITIONER: LUNA D'SOL<br>DEFENDANT / RESPONDENT: BANK OF AMERICA, N.A., et al. | CASE NUMBER:<br>CVPS2601396 |
|---|---|

## DECLARATION OF DILIGENCE

(This form must be attached to another form or court paper before it can be filed in court.)

Party Served: TRICIA SHANKS, AS INDIVIDUAL

1) Unsuccessful Attempt: Mar 16, 2026, 3:25 pm EDT at BANK OF AMERICA: 655 Paper Mill Rd, Newark, DE 19711

*Per Brent Snyder head of security, they are not authorized to accept any legal documents or allow access to servers to serve possible employees or to call them down to security. They also will not confirm if this individual is employed by their company.*

*He provided another location when all legal documents are processed, but since this is for an individual he does not think they will accept at that location either. The address is 800 Samoset Dr., Newark, DE 19713. Will proceed to that location.*

2) Successful Attempt: Mar 16, 2026, 3:50 pm EDT at 800 Samoset Dr. , Newark, Delaware 19713 received by Cherrae Stringfield, Manager of legal operations . Age: 36-45; Ethnicity: African American; Gender: Female; Weight: 150-174 lbs; Height: 5'4"-5'7"; Hair: Black;

**I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

Date: March 18, 2026

William Bailey

(TYPE OR PRINT NAME)

(SIGNATURE OF DECLARANT)

☐ Attorney for ☐ Plaintiff ☐ Petitioner ☐ Defendant
☐ Respondent ☒ Other *(Specify):* Process Server

MC-031

| | | |
|---|---|---|
| PLAINTIFF / PETITIONER: | LUNA D'SOL | CASE NUMBER: |
| DEFENDANT / RESPONDENT: | BANK OF AMERICA, N.A., et al. | CVPS2601396 |

## DECLARATION OF MAILING

(This form must be attached to another form or court paper before it can be filed in court.)

I am a citizen of the United States, over the age of 18 and not a party to the within action. My business address is 5341 Old Redwood Highway, Suite 310, Petaluma, CA 94954.

On 3/17/2026, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCP 4(e)(2)(B) or FRCP 4(h)(1)(B) was made (if applicable), I mailed copies of the:

Summons , Alternative Dispute Resolution Information Package, Notice of Department Assignment , Complaint , Notice of Case Management Conference , Civil Case Cover Sheet, Notice of Department Assignment

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Petaluma, CA, addressed as follows:

TRICIA SHANKS, AS INDIVIDUAL
800 Samoset Dr.
Newark, Delaware 19713.

**I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

Date: 3/17/2026

Kendall Holmes

(TYPE OR PRINT NAME)

(SIGNATURE OF DECLARANT)

☐ Attorney for ☐ Plaintiff ☐ Petitioner ☐ Defendant
☐ Respondent ☒ Other *(Specify)*: InfoTrack US, Inc.

# TAB 20

Electronically FILED by Superior Court of California, County of Riverside
Case Number CVPS2601396 0000166102230 - Jason B. Galkin, Executive Officer/Clerk of the Court By Victoria Lopez, Clerk

**Luna D'Sol**
Plaintiff, In Pro Per
Email Address: jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF RIVERSIDE**

| | |
|---|---|
| LUNA D'SOL<br>Plaintiff,<br>vs.<br>BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; TRICIA SHANKS, As Individual; PETER C. MAXIM, As Individual; and DOES 1 through 50,<br><br>Defendants. | Case No: CVPS2601396<br><br>**PROOF OF SERVICE BY ELECTRONIC TRANSMISSION** |

I, Justin Mentzar, declare as follows:

1. I am over the age of eighteen years and not a party to the within action. I live at 2275 E Belding DR Palm Springs CA 92262, Riverside County.

2. On May 1st, 2026, I caused to be served the following documents:

- Request for Entry of Default (Form CIV-100)
- Declaration of non-military status

3. I served the above-listed documents by electronic transmission to the email addresses listed below.

4. On May 1, 2026, I served the following documents by placing a true and correct copy thereof enclosed in a sealed envelope with first-class postage thereon fully prepaid in the United States Mail at Palm Springs, California, addressed as follows: Morgan, Lewis & Bockius LLP 1400 Page Ml Rd, Palo Alto, CA 94304 Avenue

5. The names, email addresses, and party representations of the persons served are as follows:

**Attorneys for Defendants** BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; TRICIA SHANKS, As Individual; PETER C. MAXIM, As Individual

JNicole L. Antonopoulos, Esq.
Karen Y. Cho,
Morgan, Lewis & Bockius LLP
Counsel of Record for All Defendants
nicole.antonopoulos@morganlewis.com
karen.cho@morganlewis.com

5. The electronic transmission was sent from the email address:jravada@icloud.com.

6. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 1st, 2026, at Palm Springs, California.

Justin Mentzar
Declarant

# TAB 21

**CIV-100**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO:<br>NAME: LUNA D'SOL<br>FIRM NAME:<br>STREET ADDRESS: 2275 E Belding Dr<br>CITY: Palm Springs STATE: CA ZIP CODE: 92262<br>TELEPHONE NO.: 213 925 4069 FAX NO.:<br>E-MAIL ADDRESS: jravada@icloud.com<br>ATTORNEY FOR (name): n/a | *FOR COURT USE ONLY* |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Riverside<br>STREET ADDRESS: 3255 E Tahquitz Canyon Way<br>MAILING ADDRESS: 3255 E Tahquitz Canyon Way<br>CITY AND ZIP CODE: Palm Springs CA 92262<br>BRANCH NAME: Palm Springs | |
| Plaintiff/Petitioner: Luna D'Sol<br>Defendant/Respondent: Bank of America, N.A., et al. | |
| **REQUEST FOR (Application)** [X] **Entry of Default** [ ] **Clerk's Judgment** [ ] **Court Judgment** | CASE NUMBER: CVPS2601396 |

**Not for use in actions under the Fair Debt Buying Practices Act (Civ. Code, § 1788.50 et seq.)**; (see form CIV-105)

1. TO THE CLERK: On the complaint or cross-complaint filed
   a. on *(date):* March 4th, 2026
   b. by *(name):* Luna D'Sol
   c. [x] Enter default of defendant *(names):*
      Tricia Shanks, As An Individual
   d. [ ] I request a court judgment under Code of Civil Procedure sections 585(b), 585(c), 989, etc., against defendant *(names):*
      *(Testimony required. Apply to the clerk for a hearing date, unless the court will enter a judgment on an affidavit under Code Civ. Proc., § 585(d).)*
   e. [ ] Enter clerk's judgment
      (1) [ ] for restitution of the premises only and issue a writ of execution on the judgment. Code of Civil Procedure section 1174(c) does not apply. (Code Civ. Proc., § 1169.)
         [ ] Include in the judgment all tenants, subtenants, named claimants, and other occupants of the premises. The *Prejudgment Claim of Right to Possession* was served in compliance with Code of Civil Procedure section 415.46.
      (2) [ ] under Code of Civil Procedure section 585(a). *(Complete the declaration under Code Civ. Proc., § 585.5 on the reverse (item 5).)*
      (3) [ ] for default previously entered on *(date):*

2. **Judgment to be entered.**

| | Amount | Credits acknowledged | Balance |
|---|---|---|---|
| a. Demand of complaint | $ | $ | $ |
| b. Statement of damages* | | | |
| (1) Special | $ | $ | $ |
| (2) General | $ | $ | $ |
| c. Interest | $ | $ | $ |
| d. Costs *(see reverse)* | $ | $ | $ |
| e. Attorney fees | $ | $ | $ |
| f. **TOTALS** | $ | $ | $ |

g. **Daily damages** were demanded in complaint at the rate of: $ per day beginning *(date):*

*(* Personal injury or wrongful death actions; Code Civ. Proc., § 425.11.)*

3. [ ] *(Check if filed in an unlawful detainer case.)* **Legal document assistant or unlawful detainer assistant** information is on the reverse *(complete item 4).*

Date: 5/1/2026

Luna D'Sol
(TYPE OR PRINT NAME)

(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

| | |
|---|---|
| ***FOR COURT USE ONLY*** | (1) [X] Default entered as requested on *(date):* 05/01/2026<br>(2) [ ] Default NOT entered as requested *(state reason):*<br>Clerk, by ______________, Deputy |

| Plaintiff/Petitioner: Luna D'Sol<br>Defendant/Respondent: Bank of America, N.A., et al. | CASE NUMBER:<br>CVPS2601396 |
|---|---|

4. **Legal document assistant or unlawful detainer assistant (Bus. & Prof. Code, § 6400 et seq.).** A legal document assistant or unlawful detainer assistant [ ] did [ ] did **not** for compensation give advice or assistance with this form. If declarant has received **any** help or advice for pay from a legal document assistant or unlawful detainer assistant, state:
   a. Assistant's name:
   b. Street address, city, and zip code:
   c. Telephone no.:
   d. County of registration:
   e. Registration no.:
   f. Expires on *(date)*:

5. [ ] **Declaration under Code Civ. Proc., § 585.5** *(for entry of default under Code Civ. Proc., § 585(a)).* This action
   a. [ ] is [ ] is not on a contract or installment sale for goods or services subject to Civ. Code, § 1801 et seq. (Unruh Act).
   b. [ ] is [ ] is not on a conditional sales contract subject to Civ. Code, § 2981 et seq. (Rees-Levering Motor Vehicle Sales and Finance Act).
   c. [ ] is [ ] is not on an obligation for goods, services, loans, or extensions of credit subject to Code Civ. Proc., § 395(b).

6. **Declaration of mailing (Code Civ. Proc., § 587).** A copy of this *Request for Entry of Default* was
   a. [ ] **not mailed** to the following defendants, whose addresses are unknown to plaintiff or plaintiff's attorney *(names)*:
   b. [ ] **mailed** first-class, postage prepaid, in a sealed envelope addressed to each defendant's attorney of record or, if none, to each defendant's last known address as follows:
      (1) Mailed on *(date)*:
      (2) To *(specify names and addresses shown on the envelopes)*:

I declare under penalty of perjury under the laws of the State of California that the foregoing items 4, 5, and 6 are true and correct.

Date:

_______________________________ ▶ _______________________________

(TYPE OR PRINT NAME) (SIGNATURE OF DECLARANT)

7. **Memorandum of costs** *(required if money judgment requested).* Costs and disbursements are as follows (Code Civ. Proc., § 1033.5):
   a. Clerk's filing fees . . . . . . . . . . . . . . . . . . . . $
   b. Process server's fees . . . . . . . . . . . . . . . . . $
   c. Other *(specify)*: $
   d. $
   e. **TOTAL** . . . . . . . . . . . . . . . . . . . . . . . . . . . $ ____________
   f. [ ] Costs and disbursements are waived.
   g. I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing item 7 is true and correct.

Date:

_______________________________ ▶ _______________________________

(TYPE OR PRINT NAME) (SIGNATURE OF DECLARANT)

**CIV-100**

| Plaintiff/Petitioner: Luna D'Sol<br>Defendant/Respondent: Bank of America, N.A., et al. | CASE NUMBER:<br>CVPS2601396 |
|---|---|

8. **Declaration of nonmilitary status** *(required for a judgment).*
No defendant/respondent named in item 1c is in the military service of the United States as defined by either the Servicemembers Civil Relief Act (see 50 U.S.C. § 3911(2)) or California Military and Veterans Code sections 400 and 402(f).

I know that no defendant/respondent named in item 1c is in the U.S. military service because *(check all that apply)*:

a. ☐ the search results that I received from *https://scra.dmdc.osd.mil/* say the defendant/respondent is not in the U.S. military service.

b. ☐ I am in regular communication with the defendant/respondent and know that they are not in the U.S. military service.

c. ☐ I recently contacted the defendant/respondent, and they told me that they are not in the U.S. military service.

d. ☐ I know that the defendant/respondent was discharged from U.S. military service on or about *(date):*

e. ☐ the defendant/respondent is not eligible to serve in the U.S. military because they are:
☐ incarcerated ☐ a business entity

f. ☒ other *(specify):*
Defendant's civilian employment with a private corporation is inconsistent with active military service.

**Note**

- U.S. military status can be checked online at *https://scra.dmdc.osd.mil/*.
- If the defendant/respondent is in the military service, or their military status is unknown, the defendant/respondent is entitled to certain rights and protections under federal and state law before a default judgment can be entered.
- For more information, see *https://selfhelp.courts.ca.gov/military-defaults*.

I declare under penalty of perjury under the laws of the State of California that the foregoing item 8 is true and correct.

Date: May 1st, 2026

Luna D'Sol
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF DECLARANT)



**For your protection and privacy, please press the Clear button after you have printed the form.**

Print Save Clear

# TAB 22

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
www.riverside.courts.ca.gov

| | |
|---|---|
| DSOL vs BANK OF AMERICA N.A. | *FOR COURT USE ONLY* **FILED** Superior Court of California County of Riverside 05/04/2026 V Lopez |
| | CASE NUMBER: CVPS2601396 |

## ORDER TO SHOW CAUSE FOR FAILURE TO FILE DEFAULT JUDGMENT (CRC 3.110)

To: BANK OF AMERICA N.A.

You are hereby ordered to personally appear and show cause, if any, why sanctions should not be imposed for failure to file default judgment (CRC 3.110).

The hearing is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| **10/28/2026** | **8:30 AM** | **Department PS2** |
| Location of Hearing: **3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262** | | |

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases. Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing. Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-644-5616 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak. It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

Sanctions can be monetary fines, reasonable attorneys' fees, dismissal of the action or proceeding, striking all or part of any pleadings, entry of judgment.

If you oppose sanctions, you should appear on the date specified. You must also file a declaration five court days in advance of the hearing, describing the evidence that supports any facts, which show that the court lacks good cause to impose sanctions pursuant to local rule 3116. Failure to do so may justify the imposition of sanctions.

"Sanctions" (as that term is used herein) includes, but is not limited to, all remedies available to the court pursuant to Cal. Code of Civil Procedure sections 128.7, 177.5, 575.2, the California Rules of Court, Riverside Local Rules of Court and/or any other statute or existing case precedent.

Dated: 05/04/2026

(JUDICIAL OFFICER)



*USPS Article #9402611898765524936472 Date: 05/13/2026*

21396-523

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
www.riverside.courts.ca.gov

| | |
|---|---|
| | *FOR COURT USE ONLY*<br>**FILED**<br>**Superior Court of California**<br>**County of Riverside**<br>**05/04/2026**<br>**V Lopez** |
| DSOL vs BANK OF AMERICA N.A. | CASE NUMBER:<br>CVPS2601396 |

**ORDER TO SHOW CAUSE FOR FAILURE TO FILE DEFAULT JUDGMENT (CRC 3.110)**

To: BANK OF AMERICA CORPORATION

You are hereby ordered to personally appear and show cause, if any, why sanctions should not be imposed for failure to file default judgment (CRC 3.110).

The hearing is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| **10/28/2026** | **8:30 AM** | **Department PS2** |
| Location of Hearing: **3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262** | | |

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases. Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing. Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-644-5616 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak. It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

Sanctions can be monetary fines, reasonable attorneys' fees, dismissal of the action or proceeding, striking all or part of any pleadings, entry of judgment.

If you oppose sanctions, you should appear on the date specified. You must also file a declaration five court days in advance of the hearing, describing the evidence that supports any facts, which show that the court lacks good cause to impose sanctions pursuant to local rule 3116. Failure to do so may justify the imposition of sanctions.

"Sanctions" (as that term is used herein) includes, but is not limited to, all remedies available to the court pursuant to Cal. Code of Civil Procedure sections 128.7, 177.5, 575.2, the California Rules of Court, Riverside Local Rules of Court and/or any other statute or existing case precedent.

Dated: 05/04/2026

(JUDICIAL OFFICER)



*USPS Article #9402611898765524936472 Date: 05/13/2026*

21396-525

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**
Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
www.riverside.courts.ca.gov

| | |
|---|---|
| DSOL vs BANK OF AMERICA N.A. | *FOR COURT USE ONLY*<br>**FILED**<br>**Superior Court of California**<br>**County of Riverside**<br>**05/04/2026**<br>**V Lopez** |
| | CASE NUMBER:<br>CVPS2601396 |

**ORDER TO SHOW CAUSE FOR FAILURE TO FILE DEFAULT JUDGMENT (CRC 3.110)**

To: TRICIA SHANKS

You are hereby ordered to personally appear and show cause, if any, why sanctions should not be imposed for failure to file default judgment (CRC 3.110).

The hearing is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| **10/28/2026** | **8:30 AM** | **Department PS2** |
| Location of Hearing:<br>**3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262** | | |

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases. Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing. Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-644-5616 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak. It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

Sanctions can be monetary fines, reasonable attorneys' fees, dismissal of the action or proceeding, striking all or part of any pleadings, entry of judgment.

If you oppose sanctions, you should appear on the date specified. You must also file a declaration five court days in advance of the hearing, describing the evidence that supports any facts, which show that the court lacks good cause to impose sanctions pursuant to local rule 3116. Failure to do so may justify the imposition of sanctions.

"Sanctions" (as that term is used herein) includes, but is not limited to, all remedies available to the court pursuant to Cal. Code of Civil Procedure sections 128.7, 177.5, 575.2, the California Rules of Court, Riverside Local Rules of Court and/or any other statute or existing case precedent.

Dated: 05/04/2026

(JUDICIAL OFFICER)

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
www.riverside.courts.ca.gov

| | |
|---|---|
| | *FOR COURT USE ONLY*<br>**FILED**<br>**Superior Court of California**<br>**County of Riverside**<br>**05/04/2026**<br>**V Lopez** |
| DSOL vs BANK OF AMERICA N.A. | CASE NUMBER:<br>CVPS2601396 |

### ORDER TO SHOW CAUSE FOR FAILURE TO FILE DEFAULT JUDGMENT (CRC 3.110)

To: PETER MAXIM

You are hereby ordered to personally appear and show cause, if any, why sanctions should not be imposed for failure to file default judgment (CRC 3.110).

The hearing is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| **10/28/2026** | **8:30 AM** | **Department PS2** |
| Location of Hearing: **3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262** | | |

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases. Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing. Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-644-5616 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak. It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

Sanctions can be monetary fines, reasonable attorneys' fees, dismissal of the action or proceeding, striking all or part of any pleadings, entry of judgment.

If you oppose sanctions, you should appear on the date specified. You must also file a declaration five court days in advance of the hearing, describing the evidence that supports any facts, which show that the court lacks good cause to impose sanctions pursuant to local rule 3116. Failure to do so may justify the imposition of sanctions.

"Sanctions" (as that term is used herein) includes, but is not limited to, all remedies available to the court pursuant to Cal. Code of Civil Procedure sections 128.7, 177.5, 575.2, the California Rules of Court, Riverside Local Rules of Court and/or any other statute or existing case precedent.

Dated: 05/04/2026

(JUDICIAL OFFICER)



*USPS Article #9402611898765524936472 Date: 05/13/2026*

21396-529

Notice has been printed for the following Firm/Attorneys or Parties: CVPS2601396

DSOL, LUNA
2275 E BELDING DR
2275 E BELDING DR
PALM SPRINGS, CA 92262

BANK OF AMERICA N.A.

SHANKS, TRICIA

BANK OF AMERICA CORPORATION

MAXIM, PETER

**CERTIFIED MAIL®**

Luna DSol
Luna DSol
2275 E BELDING DR
PALM SPRINGS CA 92262-6515

US POSTAGE AND FEES PAID
PRIORITY MAIL IMI
May 13 2026
Mailed from ZIP 97230
1 LB PRIORITY MAIL RATE
ZONE 4
11923275
Commercial

063S0010937443

endicia

**USPS CERTIFIED MAIL**

9402 6118 9876 5524 9364 72

Morgan, Lewis & Bockius LLP
Nicole Antonopoulos
1400 PAGE MILL RD
PALO ALTO CA 94304-1124

29602024

Luna DSol
Luna DSol
2275 E BELDING DR
PALM SPRINGS CA 92262-6515

US POSTAGE AND FEES PAID
PRIORITY MAIL IMI
May 13 2026
Mailed from ZIP 97230
1 LB PRIORITY MAIL RATE
ZONE 4
11923275
Commercial

endicia
063S0010937443

**USPS CERTIFIED MAIL**

**9402 6118 9876 5524 9364 72**

Morgan, Lewis & Bockius LLP
Nicole Antonopoulos
1400 PAGE MILL RD
PALO ALTO CA 94304-1124

29602024

# TAB 23

Electronically FILED by Superior Court of California, County of Riverside on 05/06/2026 02:08 PM
Case Number CVPS2601396 0000166493306 - Jason B. Galkin, Executive Officer/Clerk of the Court By Deanna Low, Clerk

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | *FOR COURT USE ONLY* |
|---|---|
| Luna D'Sol<br>2275 E Belding Dr<br>Palm Springs CA 92262<br>TELEPHONE NO: 213-925-4069 FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: jravada@icloud.com<br>ATTORNEY FOR *(Name)*: In Pro Per | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Riverside<br>STREET ADDRESS: 3255 E. Tahquitz Canyon Way<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Palm Springs, 92262-6996<br>BRANCH NAME: Riverside-Palm Springs Courthouse | |
| PLAINTIFF / PETITIONER: LUNA D'SOL<br>DEFENDANT / RESPONDENT: BANK OF AMERICA, N.A., et al. | CASE NUMBER:<br>CVPS2601396 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>15769798 (28079771) |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] Summons
   b. [X] Complaint
   c. [X] Alternative Dispute Resolution (ADR) Package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] Cross-Complaint
   f. [X] Other *(specify documents)*: Notice of Case Management Conference
3. a. Party served *(specify name of party as shown on documents served)*:
   PETER C MAXIM, an individual
   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
4. Address where the party was served:
   31303 Agoura Road, Westlake Village, CA 91361
5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: (2) at *(time)*:
   b. [X] **by substituted service.** On *(date)*: Mon, May 04 2026 at *(time)*: 04:19 PM I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:
   Joseph De Shong - Security Guard
      (1) [X] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [X] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
      from *(city)*: or [X] a declaration of mailing is attached.
      (5) [X] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF / PETITIONER: LUNA D'SOL<br>DEFENDANT / RESPONDENT: BANK OF AMERICA, N.A., et al. | CASE NUMBER:<br>CVPS2601396 |
|---|---|

5. c. ☐ **by mail and acknowledgment of receipt of service**. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
   (1) on *(date)*: (2) from *(city)*:
   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)
   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. ☐ **by other means** *(specify means of service and authorizing code section)*:

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☒ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify)*:
   c. ☐ as occupant.
   d. ☐ On behalf of *(specify)*:
   under the following Code of Civil Procedure section:
   ☐ 416.10 (corporation) ☐ 415.95 (business organization, form unknown)
   ☐ 416.20 (defunct corporation) ☐ 416.60 (minor)
   ☐ 416.30 (joint stock company/association) ☐ 416.70 (ward or conservatee)
   ☐ 416.40 (association or partnership) ☐ 416.90 (authorized person)
   ☐ 416.50 (public entity) ☐ 415.46 (occupant)
   ☐ other:

7. **Person who served papers**
   a. Name: Andrew Jones
   b. Address: 5341 Old Redwood Highway, Suite 310, Petaluma, CA 94954
   c. Telephone number: 800-938-8815
   d. **The fee** for service was: $235.00
   e. I am:
   (1) ☐ not a registered California process server.
   (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
   (3) ☒ a registered California process server:
   (i) ☐ owner ☐ employee ☒ independent contractor
   (ii) Registration No: 618
   (iii) County: Ventura

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   or
9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: May 5, 2026

Andrew Jones

(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc. - P000634
5341 Old Redwood Highway, Suite 310
Petaluma, CA 94954
800-938-8815

(SIGNATURE)

| PLAINTIFF / PETITIONER: LUNA D'SOL<br>DEFENDANT / RESPONDENT: BANK OF AMERICA, N.A., et al. | CASE NUMBER:<br>CVPS2601396 |
|---|---|

## DECLARATION OF DILIGENCE

(This form must be attached to another form or court paper before it can be filed in court.)

Party Served: PETER C MAXIM, an individual

**1)** Unsuccessful Attempt: Apr 30, 2026, 12:54 pm PDT at Business: 31303 Agoura Road, Westlake Village, CA 91361

*Defendant not in per security guard.*

**2)** Unsuccessful Attempt: May 1, 2026, 10:13 am PDT at Business: 31303 Agoura Road, Westlake Village, CA 91361

*Defendant not in per security guard.*

**3)** Successful Attempt: May 4, 2026, 4:19 pm PDT at Business: 31303 Agoura Road, Westlake Village, CA 91361 received by Joseph De Shong. Age: 26–35; Ethnicity: Caucasian; Gender: Male; Weight: 175–199 lbs; Height: 5'8"–5'11"; Hair: Brown; Eyes: Blue; Relationship: Security Guard ;

*Security guards were unable to reach the Defendant by phone nor email. No Bank of America personnel were willing to come out to the lobby to accept service. Security guards were shown the service documents before I placed them in an envelope addressed to the Defendant and left them in their presence on the front desk. Sub-served at the direction of the Plaintiff's Attorney.*

**I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

Date: May 5, 2026

Andrew Jones

(TYPE OR PRINT NAME)

(SIGNATURE OF DECLARANT)

☐ Attorney for ☐ Plaintiff ☐ Petitioner ☐ Defendant

☐ Respondent ☒ Other *(Specify):* Process Server

MC-031

| | | |
|---|---|---|
| PLAINTIFF / PETITIONER: | LUNA D'SOL | CASE NUMBER: |
| DEFENDANT / RESPONDENT: | BANK OF AMERICA, N.A., et al. | CVPS2601396 |

## DECLARATION OF MAILING

(This form must be attached to another form or court paper before it can be filed in court.)

I am a citizen of the United States, over the age of 18 and not a party to the within action. My business address is 5341 Old Redwood Highway, Suite 310, Petaluma, CA 94954.

On 5/5/2026, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCP 4(e)(2)(B) or FRCP 4(h)(1)(B) was made (if applicable), I mailed copies of the:

Complaint, Alternative Dispute Resolution Information Package, Civil Case Cover Sheet, Notice of Case Management Conference, Summons

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Petaluma, CA, addressed as follows:

PETER C MAXIM, an individual
31303 Agoura Road
Westlake Village, CA 91361

**I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

Date: 5/5/2026

Kendall Holmes

(TYPE OR PRINT NAME)

(SIGNATURE OF DECLARANT)

☐ Attorney for ☐ Plaintiff ☐ Petitioner ☐ Defendant
☐ Respondent ☒ Other *(Specify):* InfoTrack US, Inc.

# TAB 24

Electronically FILED by Superior Court of California, County of Riverside
Case Number CVPS2601396 0000166561274 - Jason B. Galkin, Executive Officer/Clerk of the Court By Gloria Hernandez, Clerk

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | *FOR COURT USE ONLY* |
|---|---|
| Luna D'Sol<br>2275 E Belding Dr<br>Palm Springs CA 92262<br>TELEPHONE NO: 213-925-4069 FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: jravada@icloud.com<br>ATTORNEY FOR *(Name)*: In Pro Per | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Riverside<br>STREET ADDRESS: 3255 E. Tahquitz Canyon Way<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Palm Springs, 92262-6996<br>BRANCH NAME: Riverside-Palm Springs Courthouse | |
| PLAINTIFF / PETITIONER: LUNA D'SOL<br>DEFENDANT / RESPONDENT: BANK OF AMERICA, N.A., et al. | CASE NUMBER:<br>CVPS2601396 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>15769798 (28079771) |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] Summons
   b. [X] Complaint
   c. [X] Alternative Dispute Resolution (ADR) Package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] Cross-Complaint
   f. [X] Other *(specify documents)*: Notice of Case Management Conference
3. a. Party served *(specify name of party as shown on documents served)*:
   PETER C MAXIM, an individual
   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
4. Address where the party was served:
   31303 Agoura Road, Westlake Village, CA 91361
5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: (2) at *(time)*:
   b. [X] **by substituted service.** On *(date)*: Mon, May 04 2026 at *(time)*: 04:19 PM I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:
   Joseph De Shong - Security Guard
   (1) [X] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
   (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
   (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
   (4) [X] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*: from *(city)*: or [X] a declaration of mailing is attached.
   (5) [X] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF / PETITIONER: LUNA D'SOL<br>DEFENDANT / RESPONDENT: BANK OF AMERICA, N.A., et al. | CASE NUMBER:<br>CVPS2601396 |
|---|---|

5. c. ☐ **by mail and acknowledgment of receipt of service**. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
   (1) on *(date)*: (2) from *(city)*:
   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)
   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)
   d. ☐ **by other means** *(specify means of service and authorizing code section)*:

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☒ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify)*:
   c. ☐ as occupant.
   d. ☐ On behalf of *(specify)*:
   under the following Code of Civil Procedure section:
   ☐ 416.10 (corporation) ☐ 415.95 (business organization, form unknown)
   ☐ 416.20 (defunct corporation) ☐ 416.60 (minor)
   ☐ 416.30 (joint stock company/association) ☐ 416.70 (ward or conservatee)
   ☐ 416.40 (association or partnership) ☐ 416.90 (authorized person)
   ☐ 416.50 (public entity) ☐ 415.46 (occupant)
   ☐ other:

7. **Person who served papers**
   a. Name: Andrew Jones
   b. Address: 5341 Old Redwood Highway, Suite 310, Petaluma, CA 94954
   c. Telephone number: 800-938-8815
   d. **The fee** for service was: $235.00
   e. I am:
   (1) ☐ not a registered California process server.
   (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
   (3) ☒ a registered California process server:
   (i) ☐ owner ☐ employee ☒ independent contractor
   (ii) Registration No: 618
   (iii) County: Ventura

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   or
9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: May 5, 2026

Andrew Jones

(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc. - P000634
5341 Old Redwood Highway, Suite 310
Petaluma, CA 94954
800-938-8815

(SIGNATURE)

MC-031

| | | |
|---|---|---|
| PLAINTIFF / PETITIONER: | LUNA D'SOL | CASE NUMBER: |
| DEFENDANT / RESPONDENT: | BANK OF AMERICA, N.A., et al. | CVPS2601396 |

## DECLARATION OF DILIGENCE

(This form must be attached to another form or court paper before it can be filed in court.)

Party Served: PETER C MAXIM, an individual

**1)** Unsuccessful Attempt: Apr 30, 2026, 12:54 pm PDT at Business: 31303 Agoura Road, Westlake Village, CA 91361

*Defendant not in per security guard.*

**2)** Unsuccessful Attempt: May 1, 2026, 10:13 am PDT at Business: 31303 Agoura Road, Westlake Village, CA 91361

*Defendant not in per security guard.*

**3)** Successful Attempt: May 4, 2026, 4:19 pm PDT at Business: 31303 Agoura Road, Westlake Village, CA 91361 received by Joseph De Shong. Age: 26–35; Ethnicity: Caucasian; Gender: Male; Weight: 175–199 lbs; Height: 5'8"–5'11"; Hair: Brown; Eyes: Blue; Relationship: Security Guard ;

*Security guards were unable to reach the Defendant by phone nor email. No Bank of America personnel were willing to come out to the lobby to accept service. Security guards were shown the service documents before I placed them in an envelope addressed to the Defendant and left them in their presence on the front desk. Sub-served at the direction of the Plaintiff's Attorney.*

**I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

Date: May 5, 2026

Andrew Jones

(TYPE OR PRINT NAME)

(SIGNATURE OF DECLARANT)

[ ] Attorney for [ ] Plaintiff [ ] Petitioner [ ] Defendant

[ ] Respondent [X] Other *(Specify):* Process Server

MC-031

| PLAINTIFF / PETITIONER: LUNA D'SOL<br>DEFENDANT / RESPONDENT: BANK OF AMERICA, N.A., et al. | CASE NUMBER:<br>CVPS2601396 |
|---|---|

## DECLARATION OF MAILING

(This form must be attached to another form or court paper before it can be filed in court.)

I am a citizen of the United States, over the age of 18 and not a party to the within action. My business address is 5341 Old Redwood Highway, Suite 310, Petaluma, CA 94954.

On 5/5/2026, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCP 4(e)(2)(B) or FRCP 4(h)(1)(B) was made (if applicable), I mailed copies of the:

Complaint, Alternative Dispute Resolution Information Package, Civil Case Cover Sheet, Notice of Case Management Conference, Summons

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Petaluma, CA, addressed as follows:

PETER C MAXIM, an individual
31303 Agoura Road
Westlake Village, CA 91361

**I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

Date: 5/5/2026

Kendall Holmes

(TYPE OR PRINT NAME)

(SIGNATURE OF DECLARANT)

☐ Attorney for ☐ Plaintiff ☐ Petitioner ☐ Defendant
☐ Respondent ☒ Other *(Specify):* InfoTrack US, Inc.

Case 5:26-cv-03535 Document 1-3 Filed 06/25/26 Page 133 of 162 Page ID #:1355

# TAB 25

Electronically FILED by Superior Court of California, County of Riverside on 05/12/2026 05:48 PM
Case Number CVPS2601396 0000167258083 - Jason B. Galkin, Executive Officer/Clerk of the Court By Howard Carver, Clerk

**Luna D'Sol**
Plaintiff, In Pro Per
Email Address: jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF RIVERSIDE**

| | |
|---|---|
| LUNA D'SOL<br>Plaintiff,<br>v.<br>BANK OF AMERICA, N.A.;<br>BANK OF AMERICA CORPORATION;<br>TRICIA SHANKS;<br>PETER C. MAXIM; and<br>DOES 1-50, inclusive,<br>Defendants. | Case No: CVPS2601396<br><br>**PROOF OF SERVICE** |

I, Justin Mentzar, declare:

1. I am over the age of eighteen and not a party to this action. I am a resident of the State of California.

2. On May 12th, 2026, I caused true and correct copies of the following documents to be served:

**PLAINTIFF'S DECLARATION IN RESPONSE TO ORDER TO SHOW CAUSE**

**[PROPOSED] ORDER DISCHARGING ORDER TO SHOW CAUSE**

3. I caused the above-listed documents to be served by depositing true copies thereof enclosed in sealed envelopes, with postage fully prepaid, via United States Postal Service Certified Mail, addressed to the persons listed below. USPS Tracking No. 9402611898765524936472.

4. The names, addresses, and party representations of the persons served are as follows:

Nicole L. Antonopoulos
Morgan, Lewis & Bockius LLP
1400 Page Mill Road
Palo Alto, CA 94304-1124
Telephone: +1.650.843.7236
Facsimile: +1.650.843.4001
Email: nicole.antonopoulos@morganlewis.com

Attorney for Defendants Bank of America, N.A.; Bank of America Corporation; Tricia Shanks; and Peter C. Maxim

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 12th, 2026, at Palm Springs, California.

Justin Mentzr, Declarant

# TAB 26

Electronically FILED by Superior Court of California, County of Riverside on 05/12/2026 05:48 PM
Case Number CVPS2601396 0000167258076 - Jason B. Galkin, Executive Officer/Clerk of the Court By Howard Carver, Clerk

**Luna D'Sol**
Plaintiff, In Pro Per
Email Address: jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF RIVERSIDE**

| | |
|---|---|
| LUNA D'SOL<br>Plaintiff,<br>v.<br>BANK OF AMERICA, N.A.;<br>BANK OF AMERICA CORPORATION;<br>TRICIA SHANKS;<br>PETER C. MAXIM; and<br>DOES 1-50, inclusive,<br>Defendants. | Case No: CVPS2601396<br><br>**DECLARATION OF LUNA D'SOL IN RESPONSE TO ORDER TO SHOW CAUSE (Cal. Rules of Court, rule 3.110)**<br><br>Hon: Manuel Bustamante<br>Hearing Date: October 28, 2026<br>Time: 8:30 a.m.<br>Dept.: PS2 |

I, Luna D'Sol, declare as follows:

**1.** I am the Plaintiff in the above-captioned action. I am self-represented. I have personal knowledge of the matters set forth herein, and if called upon to testify, I could and would testify competently thereto.

**2.** I submit this Declaration in response to the Order to Show Cause issued by the Court on May 4, 2026, directing Plaintiff to show cause why sanctions should not be imposed for failure to file default judgment under California Rules of Court, rule 3.110. This Declaration is filed pursuant to Riverside Local Rule 3116. Plaintiff additionally transmitted copies of the Court's May 4, 2026 Order to Show Cause to defendants' counsel by certified mail. USPS Tracking No. 9402611898765524936472.

**OVERVIEW OF SERVICE STATUS**

**3.** There are four named individual and corporate Defendants in this action: Bank of America, N.A.; Bank of America Corporation; Tricia Shanks; and Peter C. Maxim. The procedural status of service as to each Defendant is summarized below and explained in further detail in the paragraphs that follow.

**4.** Defendant Tricia Shanks was substitute-served on March 16, 2026. Default was entered against Defendant Shanks on May 1, 2026. Plaintiff and counsel for Defendants are currently engaged in good-faith negotiations to resolve the default through a stipulation to set aside, as further described below.

**5.** Defendant Peter C. Maxim was substitute-served on May 4, 2026. The Proof of Service was electronically submitted to this Court on May 7, 2026, and is currently pending acceptance by the Clerk.

**6.** Defendants Bank of America, N.A. and Bank of America Corporation are being served via Notice and Acknowledgment of Receipt ("NAR") pursuant to Code of Civil Procedure section 415.30, by agreement of the parties' respective counsel. On May 4th, 2026, Plaintiff has completed and transmitted her portion of the NAR forms, and counsel for Defendants has committed to executing and returning the acknowledgments within the statutory period.

**REPRESENTATION OF DEFENDANTS**

**7.** On May 1, 2026, at 3:21 p.m., Nicole L. Antonopoulos of Morgan, Lewis & Bockius LLP confirmed in writing that her firm has been retained to represent all four named Defendants—Bank of America, N.A.; Bank of America Corporation; Tricia Shanks; and Peter C. Maxim—in this action.

**DEFENDANT TRICIA SHANKS — DEFAULT AND ACTIVE NEGOTIATION**

**8.** On March 16, 2026, Defendant Tricia Shanks was substitute-served with the Summons and Complaint and related documents. The 30-day statutory period for Defendant Shanks to respond expired without an appearance or responsive pleading.

**9.** On May 1, 2026, the Clerk of the Court entered default against Defendant Shanks based on Plaintiff's filed Proof of Service and Defendant Shanks's failure to timely respond.

**10.** On May 6, 2026, counsel for Defendants requested that Plaintiff stipulate to set aside the default as to Defendant Shanks.

///

///

**11.** On May 7, 2026, Plaintiff agreed in writing to consider setting aside the default as to Defendant Shanks, subject to receipt of an acceptable written stipulation and without admission as to any procedural matter, and with all rights reserved.

**12.** On May 11, 2026, counsel for Defendants confirmed that a draft stipulation regarding the Shanks default would be forthcoming. Plaintiff is currently awaiting receipt of the draft stipulation in order to evaluate its terms.

**13.** The parties are actively engaged in good-faith negotiations to resolve the Shanks default through a stipulation to set aside. Filing a request for entry of default judgment against Defendant Shanks at this time would be inconsistent with the parties' ongoing efforts to resolve this procedural matter cooperatively, would prejudice both parties' ability to reach a mutual agreement, and would not promote the orderly administration of justice.

**DEFENDANT PETER C. MAXIM — SERVICE COMPLETED**

**14.** After multiple unsuccessful attempts at personal service, Defendant Peter C. Maxim was substitute-served on May 4, 2026, at his place of business, in compliance with Code of Civil Procedure section 415.20(b).

**15.** The Proof of Service as to Defendant Maxim was electronically submitted to this Court on May 7, 2026, and is currently pending acceptance by the Clerk. Service is deemed complete as to Defendant Maxim pursuant to Code of Civil Procedure section 415.20(b), and Defendant Maxim's responsive pleading is due within the statutory period.

**DEFENDANTS: ENTITIES— NAR IN PROGRESS**

**16.** Counsel for Defendants confirmed in writing that Morgan, Lewis & Bockius LLP is authorized to accept service on behalf of Defendants Bank of America, N.A. and Bank of America Corporation by Notice and Acknowledgment of Receipt pursuant to Code of Civil Procedure section 415.30.

**17.** On May 4, 2026, Plaintiff transmitted to counsel for Defendants the completed Notice and Acknowledgment of Receipt forms for Defendants Bank of America, N.A. and Bank of America Corporation, together with the Summons, Complaint, and related documents.

///

///

Case 5:26-cv-03535-JGB-SP Document 1-4 Filed 07/19/26 Page 238 of 299 Page ID #:2191

**18.** Counsel for Defendants has committed to executing and returning the Notice and Acknowledgment of Receipt forms within the statutory period. Plaintiff has completed her portion of the service mechanism and is awaiting return of the executed acknowledgments.

**GOOD CAUSE AGAINST IMPOSITION OF SANCTIONS**

**19.** 19. Plaintiff has acted diligently and in good faith with respect to the prosecution of this action and the procedural status of service on each Defendant. Plaintiff has actively pursued service on all four Defendants through multiple methods, retained multiple process service vendors, and engaged with counsel for Defendants in good-faith negotiations to resolve outstanding procedural matters.

**20.** As to Defendant Shanks, Plaintiff has not filed a request for entry of default judgment because the parties are actively negotiating a stipulation to set aside the default, and filing default judgment in that circumstance would be procedurally improper and prejudicial to the parties' ongoing negotiations.

**21.** As to Defendant Maxim, service has been completed and is documented in the Proof of Service currently pending before this Court. Defendant Maxim's responsive pleading is not yet due, and no default has been entered. There is no procedural basis to file default judgment against Defendant Maxim at this time.

**22.** As to Defendants Bank of America, N.A. and Bank of America Corporation, service is in progress through the NAR procedure agreed to by the parties. No default has been entered, and no responsive pleading deadline has passed. There is no procedural basis to file default judgment against these Defendants at this time.

**23.** For the foregoing reasons, Plaintiff respectfully requests that the Court discharge the Order to Show Cause as to Plaintiff, or in the alternative continue the matter to permit the parties to file a stipulation resolving the Shanks default.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 12th, 2026, at Palm Springs California.

/s/ Luna D'Sol

LUNA D'SOL

Plaintiff in Pro Per

Case 5:26-cv-03535-JGB-SP Document 1-4 Filed 07/15/26 Page 239 of 299 Page ID #:2172

TAB 27

Electronically FILED by Superior Court of California, County of Riverside on 06/03/2026 05:35 PM
Case Number CVPS2601396 0000169723100 - Jason B. Galkin, Executive Officer/Clerk of the Court By Madeline Youngberg, Clerk

MORGAN, LEWIS & BOCKIUS LLP
Karen Y. Cho, Bar No. 274810
karen.cho@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Nicole L. Antonopoulos, Bar No. 306882
nicole.antonopoulos@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304-1124
Tel: +1.650.843.4000
Fax: +1.650.843.4001

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF AMERICA CORPORATION, TRICIA SHANKS, and PETER C. MAXIM

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF RIVERSIDE

| | |
|---|---|
| LUNA D'SOL,<br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; TRICIA SHANKS, an individual; and PETER C. MAXIM, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. CVPS2601396<br><br>[Case Assigned for All Purposes to Hon. Manuel Bustamante]<br><br>**DEFENDANT PETER C. MAXIM'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Date Action Filed: March 4, 2026 |

Defendant Peter C. Maxim ("Defendant"), by and through his undersigned counsel, hereby submits this Answer to Plaintiff Luna D'Sol's ("Plaintiff") Complaint pursuant to Code of Civil Procedure Section 431.30, by denying generally each and every allegation contained therein and by asserting the following affirmative defenses:

**GENERAL DENIAL**

Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendant denies, generally and specifically, each allegation in Plaintiff's Complaint. Defendant further generally and specifically denies that Plaintiff has been damaged in the sums alleged, or any other sum, or at all, because of any act or omissions to act on the part of Defendant or any of his agents, servants, employees, or representatives. Defendant further denies, generally and specifically, that Plaintiff is entitled to general, compensatory, punitive, or other damages, in any amount because of any act or omission to act on the part of Defendant or on the part of his agents, servants, employees, or representatives.

**ADDITIONAL DEFENSES**

Defendant has not completed his investigation of the facts of this case, has not completed discovery, and has not completed his preparation for trial. Defendant asserts the following additional defenses based on his current knowledge, information, and belief. Without conceding that he bears the burden of proof or persuasion as to any one of them, Defendant asserts the following additional defenses to the allegations set forth in the Complaint:

**FIRST ADDITIONAL DEFENSE**

**(Failure to State a Cause of Action)**

1. As a separate defense, Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action upon which relief can be granted against Defendant.

**SECOND ADDITIONAL DEFENSE**

**(Statute of Limitations)**

2. As a separate defense, Defendant alleges that Plaintiff's claims are barred in whole or in part to the extent that Plaintiff alleges conduct that occurred prior to the applicable statute(s) of limitations, including but not limited to, Government Code section 12960.

**THIRD ADDITIONAL DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

3. As a separate defense, Defendant alleges that Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to timely, adequately, and/or fully to exhaust her administrative remedies with the Equal Employment Opportunity Commission ("EEOC") and/or the Civil Rights Department ("CRD") (formerly the Department of Fair Employment and Housing) and pursuant to any other statute or regulation that requires exhaustion of administrative remedies.

**FOURTH ADDITIONAL DEFENSE**

**(Exceeds Scope of Administrative Charge)**

4. As a separate defense, Defendant alleges that Plaintiff's claims brought under the Fair Employment and Housing Act ("FEHA") are barred to the extent that Plaintiff's allegations exceed the scope of any charges or complaints of discrimination, harassment, or retaliation Plaintiff filed with the EEOC and/or the CRD.

**FIFTH ADDITIONAL DEFENSE**

**(After-Acquired Evidence)**

5. As a separate defense, Defendant alleges that to the extent that Defendant acquires after Plaintiff's employment (including during the course of this litigation) any evidence of wrongdoing by Plaintiff, which wrongdoing would have materially affected the terms and conditions of Plaintiff's employment or would have resulted in Plaintiff either being demoted, disciplined, or terminated, such after-acquired evidence shall bar and/or limit the amount of damages Plaintiff can recover on her claims, assuming *arguendo*, Plaintiff is able to establish liability.

**SIXTH ADDITIONAL DEFENSE**

**(Workers' Compensation Exclusivity)**

6. As a separate defense, Defendant alleges that Plaintiff is barred from seeking any damages for purported physical, mental or emotional injuries allegedly suffered as a result of her

employment in that the sole and exclusive remedy in this respect is and was governed by the California Workers' Compensation Act, and the California Labor Code §§ 3200 *et seq*.

**<u>SEVENTH ADDITIONAL DEFENSE</u>**

**(Pre-Existing Conditions)**

7. As a separate defense, Defendant alleges that to the extent Plaintiff purportedly has suffered any emotional pain, suffering, inconvenience, mental pain, loss of enjoyment of life, or any other non-pecuniary losses, which Defendant denies, Defendant is not responsible to the extent that some or all of such injuries are due to personal circumstances existing in Plaintiff's life during the relevant time or to pre-existing conditions.

**<u>EIGHTH ADDITIONAL DEFENSE</u>**

**(Mitigation)**

8. As a separate defense, Defendant alleges that Plaintiff failed to fully, diligently, and adequately mitigate her alleged damages, if any.

**<u>NINTH ADDITIONAL DEFENSE</u>**

**(Estoppel)**

9. As a separate defense, Defendant alleges that Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

**<u>TENTH ADDITIONAL DEFENSE</u>**

**(Release and Waiver)**

10. As a separate defense, Defendant alleges that Plaintiff's claims are barred in whole or in part to the extent that they have been released and/or waived.

**<u>ELEVENTH ADDITIONAL DEFENSE</u>**

**(Offset/Set-Off)**

11. As a separate defense, Defendant alleges that any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, are subject to the doctrines of offset, set-off, and/or recoupment.

**TWELFTH ADDITIONAL DEFENSE**

**(One Satisfaction)**

12. As a separate defense, Defendant alleges that Plaintiff cannot properly recover damages under multiple or different theories or causes of action for the same or similar alleged acts.

**THIRTEENTH ADDITIONAL DEFENSE**

**(Comparative Fault And/Or Negligence)**

13. As a separate defense, Defendant alleges that any recovery to which Plaintiff might be entitled must be reduced by reason of Plaintiff's own fault and/or negligence.

**FOURTEENTH ADDITIONAL DEFENSE**

**(Avoidable Consequences)**

14. As a separate defense, Defendant alleges that Plaintiff unreasonably failed to take advantage on a timely basis of any preventative or corrective safeguards, procedures or measures provided by Defendant and/or Bank of America, N.A. (the "Bank") that would have remedied any alleged unlawful conduct, and that Plaintiff unreasonably failed otherwise to avoid harm. Defendant exercised reasonable care to prevent and correct promptly any alleged harassing behavior. Plaintiff's failure to report the alleged harassment and/or discrimination was unreasonable under the circumstances and, more likely than not, using the Bank's internal remedies and procedures would have prevented some, if not all, of Plaintiff's claimed damages from occurring. *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998); *Faragher v. Boca Raton*, 524 U.S. 775 (1998).

**FIFTEENTH ADDITIONAL DEFENSE**

**(Equitable Indemnity/Proportional Fault)**

15. As a separate defense, Plaintiff's alleged injuries are the result, in whole or in part, of the acts or omissions of entities or individuals other than Defendant, including Plaintiff, and Defendant's liability, if any, must be reduced by any percentage of fault attributable to those other entities and/or individuals.

**SIXTEENTH ADDITIONAL DEFENSE**

**(Punitive Damages Unavailable)**

16. As a separate defense, Defendant alleges that Plaintiff's Complaint fails to state facts sufficient to support any claim for punitive damages, and Defendant's good faith actions bar serve as a complete bar to any claim for punitive damages.

**SEVENTEENTH ADDITIONAL DEFENSE**

**(Unconstitutional Punitive Damages)**

17. As a separate defense, Defendant alleges that an award of punitive damages would be an unconstitutional denial of Defendant's right to due process and/or equal protection under the Fifth and Fourteenth Amendments to the United States Constitution and Articles I and IV of the California Constitution.

**EIGHTEENTH ADDITIONAL DEFENSE**

**(Excessive Fine)**

18. As a separate defense, Defendant alleges that an award of penalties or punitive damages under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of Defendant's due process and other rights under the United States and California Constitutions.

**NINETEENTH ADDITIONAL DEFENSE**

**(Alternative Stressors)**

19. As a separate defense, Plaintiff's claims for emotional distress damages are barred in whole or in part because other stressors, unrelated to her claims in this lawsuit, caused all or some of her emotional distress, if any.

**TWENTIETH ADDITIONAL DEFENSE**

**(Same Decision/Mixed Motive)**

20. As a separate defense, to the extent Defendant made any decision(s), Defendant would have made the same decisions anyway, for legitimate, independent reasons.

**TWENTY-FIRST ADDITIONAL DEFENSE**

**(Reasonable Care and Prompt Remedial Action)**

21. As a separate defense, Defendant alleges that Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care and prompt and appropriate remedial action was taken by Defendant on all behaviors allegedly reported or complained of by Plaintiff, if any.

**TWENTY-SECOND ADDITIONAL DEFENSE**

**(Privilege/Justification)**

22. As a separate defense, Defendant alleges that Defendant's conduct, if any, was a just and proper exercise of managerial discretion, undertaken for fair and honest reasons, comporting with good faith under the circumstances, then existing, and was privileged and justified.

**TWENTY-THIRD ADDITIONAL DEFENSE**

**(Business Judgment)**

23. As a separate defense, Plaintiff's Complaint, and each cause of action, is barred because the alleged conduct of which Plaintiff complains, if committed, was made in good faith, honestly, not maliciously, and in the exercise of business judgment and for legitimate, non-discriminatory, lawful reasons that were not based on any improper or illegal consideration.

**TWENTY-FOURTH ADDITIONAL DEFENSE**

**(Legitimate, Non-Discriminatory Reason)**

24. As a separate defense, Defendant alleges that Plaintiff's claims are barred in whole or in part because Defendant acted based on legitimate, non-discriminatory and non-retaliatory reasons and/or business necessity.

**TWENTY-FIFTH ADDITIONAL DEFENSE**

**(Arbitration Agreement)**

25. As a separate defense, Defendant alleges that Plaintiff's claims are barred in whole or in part because she is subject to mandatory, final and binding arbitration pursuant to an arbitration agreement.

**TWENTY-SIXTH ADDITIONAL DEFENSE**

**(Consent)**

26. As a separate defense, Defendant alleges that Plaintiff's claims are barred in whole or in part because of Plaintiff's consent and/or voluntary participation in all or some of the acts alleged, or conduct similar thereto.

**TWENTY-SEVENTH ADDITIONAL DEFENSE**

**(Misjoinder of Parties/Not the Employer)**

27. Insofar as Plaintiff's claims against Defendant are based on an alleged employment relationship with Defendant, they are barred in whole or in part because no such relationship existed.

**TWENTY-EIGHTH ADDITIONAL DEFENSE**

**(Undue Hardship)**

28. As a separate defense, Defendant alleges that to the extent Plaintiff sought and/or was otherwise eligible for an accommodation, the accommodation would be an undue hardship.

**TWENTY-NINTH ADDITIONAL DEFENSE**

**(Additional Defenses)**

29. Defendant presently has insufficient knowledge and/or information on which to form a belief as to whether he may have additional, as yet unstated, defenses available. Defendant reserves the right to assert additional defenses if discovery indicates that such defenses would be appropriate.

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1. That Plaintiff takes nothing by this action;
2. That judgment be entered in favor of Defendant and against Plaintiff on all causes of action;
3. That Defendant be awarded his costs of suit incurred herein;
4. That Defendant be awarded his attorneys' fees incurred herein; and
5. That the Court award Defendant such other and further relief as the Court may deem just and proper.

Dated: June 3, 2026

MORGAN, LEWIS & BOCKIUS LLP

By /s/ Nicole L. Antonopoulos
Karen Y. Cho
Nicole L. Antonopoulos
Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF AMERICA CORPORATION, TRICIA SHANKS, and PETER C. MAXIM

**PROOF OF SERVICE**

I, Suga A. Ikeda, declare:

I am a citizen of the United States and employed in Santa Clara County, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is 1400 Page Mill Road, Palo Alto, CA 94304. On June 3, 2026, I served a copy of the within document(s):

**DEFENDANT PETER C. MAXIM'S ANSWER TO PLAINTIFF'S COMPLAINT**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Palo Alto, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Luna D'Sol *In Pro Per*
2275 E. Belding Dr.
Palm Springs, CA 92262
Tel: (213) 925-4069
Email: jravada@icloud.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on June 3, 2026, at Palo Alto, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Suga A. Ikeda
Suga A. Ikeda

# TAB 28

Electronically RECEIVED by Superior Court of California, County of Riverside on 06/10/2026 05:04 PM - Jason B. Galkin, Executive Officer/Clerk of the Court By Jacqueline Reyes, Clerk

MORGAN, LEWIS & BOCKIUS LLP
Karen Y. Cho, Bar No. 274810
karen.cho@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Nicole L. Antonopoulos, Bar No. 306882
nicole.antonopoulos@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304-1124
Tel: +1.650.843.4000
Fax: +1.650.843.4001

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF AMERICA CORPORATION, TRICIA SHANKS, and PETER C. MAXIM

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF RIVERSIDE

LUNA D'SOL,

Plaintiff,

vs.

BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; TRICIA SHANKS, an individual; and PETER C. MAXIM, an individual; and DOES 1 through 50, inclusive,

Defendants.

Case No. CVPS2601396

[Case Assigned for All Purposes to Hon. Manuel Bustamante]

**PLAINTIFF AND DEFENDANT TRICIA SHANKS' STIPULATION TO SET ASIDE ENTRY OF DEFAULT AS TO DEFENDANT TRICIA SHANKS; [PROPOSED] ORDER**

Plaintiff Luna D'Sol ("Plaintiff") and Defendant Tricia Shanks ("Shanks") (collectively, the "Parties") hereby enter into this stipulation to set aside the entry of default against Shanks as follows:

WHEREAS, on March 4, 2026, Plaintiff filed a Complaint against Defendants Bank of America, N.A., Bank of America Corporation, Tricia Shanks, and Peter Maxim;



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES
DB2/ 42357523

WHEREAS, on March 23, 2026, Plaintiff filed a Proof of Service of Summons as to Shanks;

WHEREAS, on May 1, 2026, the Court Clerk entered a default as to Shanks;

WHEREAS, the Parties dispute the sufficiency and legal effect of Plaintiff's prior service efforts as to Defendant Shanks, and neither party admits any position regarding those prior service efforts; however, solely for purposes of resolving the default and establishing Defendant Shanks' deadline to respond, the Parties agree that the service procedure set forth in this Stipulation shall be the operative service event governing the vacatur of default and Defendant Shanks' response deadline.

WHEREAS, during the parties' meet and confer efforts, counsel for Defendant Shanks agreed to accept the Notice and Acknowledgement of Receipt and related case-initiating documents on behalf of Defendant Shanks;

WHEREAS, counsel for Defendant Shanks represented that she was authorized by defendant Shanks to accept the Notice and Acknowledgement of Receipt and related case-initiating documents on Defendant Shanks' behalf;

WHEREAS, the Parties have agreed that service will be deemed completed on the date that Shanks' counsel signs the Notice and Acknowledgement of Receipt, and Shanks' deadline to respond to Plaintiff's Complaint shall be governed by the service of the Complaint via the Notice and Acknowledgement of Receipt;

WHEREAS, on May 4, 2026, counsel for Defendant Shanks received the Notice and Acknowledgement of Receipt – Civil, Summons, Complaint, and other case initiating documents.

WHEREAS, on May 26th, 2026, counsel for Defendant Shanks signed and returned the Notice and Acknowledgment of Receipt;

WHEREAS, Plaintiff and defendant Shanks agree that service shall be deemed completed as of Shanks on May 26, 2026, and the deadline for Shanks to respond to the Complaint shall be June 25, 2026;

WHEREAS, Plaintiff and Shanks' counsel have met and conferred regarding their service dispute, and they have agreed to set aside default entered as to Shanks;

THEREFORE, it is hereby stipulated and agreed as follows:

1. The default entered against Defendant Tricia Shanks shall be set aside and vacated;
2. The service of the Complaint and Summons as to Tricia Shanks is deemed completed on May 26, 2026, the date of execution by counsel for defendant Shanks of the Notice and Acknowledgement of Receipt; and
3. Shanks' deadline to respond to Plaintiff's Complaint shall be June 25, 2026.

Dated: June 10, 2026

MORGAN, LEWIS & BOCKIUS LLP

By /s/ Nicole L. Antonopoulos
Karen Cho
Nicole L. Antonopoulos

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF AMERICA CORPORATION, TRICIA SHANKS, and PETER C. MAXIM

Dated: June 10th, 2026

By
Luna D'Sol

Plaintiff Pro Per

**[PROPOSED] ORDER**

Based on the Parties' foregoing joint stipulation, it is **HEREBY ORDERED THAT** the Stipulation to Set Aside Entry of Default as to Defendant Tricia Shanks in this action is granted. IT IS HEREBY ORDERED THAT:

1. The default entered against Defendant Tricia Shanks is set aside and vacated.
2. The service of the Complaint as to Tricia Shanks is deemed completed on May 26, 2026, the date of execution of the Notice and Acknowledgement of Receipt.
3. Shanks' deadline to respond to Plaintiff's Complaint is June 25, 2026.

**IT IS SO ORDERED.**

Dated: ______________________, 2026

______________________________
Honorable Manuel Bustamante
Judge of Riverside County Superior Court

# TAB 29

Electronically FILED by Superior Court of California, County of Riverside on 06/10/2026 05:04 PM
Case Number CVPS2601396 0000170577150 - Jason B. Galkin, Executive Officer/Clerk of the Court By Jacqueline Reyes, Clerk

MORGAN, LEWIS & BOCKIUS LLP
Karen Y. Cho, Bar No. 274810
karen.cho@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Nicole L. Antonopoulos, Bar No. 306882
nicole.antonopoulos@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304-1124
Tel: +1.650.843.4000
Fax: +1.650.843.4001

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF AMERICA CORPORATION, TRICIA SHANKS, and PETER C. MAXIM

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF RIVERSIDE

| | |
|---|---|
| LUNA D'SOL,<br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; TRICIA SHANKS, an individual; and PETER C. MAXIM, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. CVPS2601396<br><br>[Case Assigned for All Purposes to Hon. Manuel Bustamante]<br><br>**PROOF OF SERVICE** |

**PROOF OF SERVICE**

I, Monica Brennan, declare:

I am a resident of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is 600 Montgomery Street, Suite 2300, San Francisco, California 94111-2725. On June 10, 2026, I served a copy of the within document(s):

**PLAINTIFF AND DEFENDANT TRICIA SHANKS' STIPULATION TO SET ASIDE ENTRY OF DEFAULT AS TO DEFENDANT TRICIA SHANKS; [PROPOSED] ORDER**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed as set forth below.

☒ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Ms. Luna D'Sol — *Plaintiff In Pro Per*
2275 E. Belding Drive
Palm Springs, CA 92262
Tel: (213) 925-4069
Email: jravada@icloud.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on June 10, 2026, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Monica Brennan

# TAB 30

Electronically FILED by Superior Court of California, County of Riverside on 06/16/2026 09:32 AM
Case Number CVPS2601396 J0000096922571 - Jason B. Galkin, Executive Officer/Clerk of the Court By N. Mariscal Martinez, Clerk

Electronically RECEIVED by Superior Court of California, County of Riverside on 06/10/2026 05:04 PM - Jason B. Galkin, Executive Officer/Clerk of the Court By Jacqueline Reyes, Clerk

MORGAN, LEWIS & BOCKIUS LLP
Karen Y. Cho, Bar No. 274810
karen.cho@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Nicole L. Antonopoulos, Bar No. 306882
nicole.antonopoulos@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304-1124
Tel: +1.650.843.4000
Fax: +1.650.843.4001

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF AMERICA CORPORATION, TRICIA SHANKS, and PETER C. MAXIM

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF RIVERSIDE

LUNA D'SOL,
Plaintiff,

vs.

BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; TRICIA SHANKS, an individual; and PETER C. MAXIM, an individual; and DOES 1 through 50, inclusive,

Defendants.

Case No. CVPS2601396

[Case Assigned for All Purposes to Hon. Manuel Bustamante]

**PLAINTIFF AND DEFENDANT TRICIA SHANKS' STIPULATION TO SET ASIDE ENTRY OF DEFAULT AS TO DEFENDANT TRICIA SHANKS; ~~[PROPOSED]~~ ORDER**

Plaintiff Luna D'Sol ("Plaintiff") and Defendant Tricia Shanks ("Shanks") (collectively, the "Parties") hereby enter into this stipulation to set aside the entry of default against Shanks as follows:

WHEREAS, on March 4, 2026, Plaintiff filed a Complaint against Defendants Bank of America, N.A., Bank of America Corporation, Tricia Shanks, and Peter Maxim;

WHEREAS, on March 23, 2026, Plaintiff filed a Proof of Service of Summons as to Shanks;

WHEREAS, on May 1, 2026, the Court Clerk entered a default as to Shanks;

WHEREAS, the Parties dispute the sufficiency and legal effect of Plaintiff's prior service efforts as to Defendant Shanks, and neither party admits any position regarding those prior service efforts; however, solely for purposes of resolving the default and establishing Defendant Shanks' deadline to respond, the Parties agree that the service procedure set forth in this Stipulation shall be the operative service event governing the vacatur of default and Defendant Shanks' response deadline.

WHEREAS, during the parties' meet and confer efforts, counsel for Defendant Shanks agreed to accept the Notice and Acknowledgement of Receipt and related case-initiating documents on behalf of Defendant Shanks;

WHEREAS, counsel for Defendant Shanks represented that she was authorized by defendant Shanks to accept the Notice and Acknowledgement of Receipt and related case-initiating documents on Defendant Shanks' behalf;

WHEREAS, the Parties have agreed that service will be deemed completed on the date that Shanks' counsel signs the Notice and Acknowledgement of Receipt, and Shanks' deadline to respond to Plaintiff's Complaint shall be governed by the service of the Complaint via the Notice and Acknowledgement of Receipt;

WHEREAS, on May 4, 2026, counsel for Defendant Shanks received the Notice and Acknowledgement of Receipt – Civil, Summons, Complaint, and other case initiating documents.

WHEREAS, on May 26th, 2026, counsel for Defendant Shanks signed and returned the Notice and Acknowledgment of Receipt;

WHEREAS, Plaintiff and defendant Shanks agree that service shall be deemed completed as of Shanks on May 26, 2026, and the deadline for Shanks to respond to the Complaint shall be June 25, 2026;

WHEREAS, Plaintiff and Shanks' counsel have met and conferred regarding their service dispute, and they have agreed to set aside default entered as to Shanks;

THEREFORE, it is hereby stipulated and agreed as follows:

1. The default entered against Defendant Tricia Shanks shall be set aside and vacated;
2. The service of the Complaint and Summons as to Tricia Shanks is deemed completed on May 26, 2026, the date of execution by counsel for defendant Shanks of the Notice and Acknowledgement of Receipt; and
3. Shanks' deadline to respond to Plaintiff's Complaint shall be June 25, 2026.

Dated: June 10, 2026

MORGAN, LEWIS & BOCKIUS LLP

By /s/ Nicole L. Antonopoulos
Karen Cho
Nicole L. Antonopoulos

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF AMERICA CORPORATION, TRICIA SHANKS, and PETER C. MAXIM

Dated: June 10th, 2026

By 
Luna D'Sol

Plaintiff Pro Per

## ~~[PROPOSED]~~ ORDER

Based on the Parties' foregoing joint stipulation, it is **HEREBY ORDERED THAT** the Stipulation to Set Aside Entry of Default as to Defendant Tricia Shanks in this action is granted.

IT IS HEREBY ORDERED THAT:

1. The default entered against Defendant Tricia Shanks is set aside and vacated.
2. The service of the Complaint as to Tricia Shanks is deemed completed on May 26, 2026, the date of execution of the Notice and Acknowledgement of Receipt.
3. Shanks' deadline to respond to Plaintiff's Complaint is June 25, 2026.

**IT IS SO ORDERED.**

Dated: 06/15/2026, ~~2026~~



Honorable Manuel Bustamante
Judge of Riverside County Superior Court



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 42357523

Electronically FILED by Superior Court of California, County of Riverside on 06/10/2026 05:04 PM
Case Number CVPS2601396 0000170577150 - Jason B. Galkin, Executive Officer/Clerk of the Court By Jacqueline Reyes, Clerk

MORGAN, LEWIS & BOCKIUS LLP
Karen Y. Cho, Bar No. 274810
karen.cho@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Nicole L. Antonopoulos, Bar No. 306882
nicole.antonopoulos@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304-1124
Tel: +1.650.843.4000
Fax: +1.650.843.4001

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF AMERICA CORPORATION, TRICIA SHANKS, and PETER C. MAXIM

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF RIVERSIDE

| | |
|---|---|
| LUNA D'SOL,<br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; TRICIA SHANKS, an individual; and PETER C. MAXIM, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. CVPS2601396<br><br>[Case Assigned for All Purposes to Hon. Manuel Bustamante]<br><br>**PROOF OF SERVICE** |

**PROOF OF SERVICE**

I, Monica Brennan, declare:

I am a resident of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is 600 Montgomery Street, Suite 2300, San Francisco, California 94111-2725. On June 10, 2026, I served a copy of the within document(s):

**PLAINTIFF AND DEFENDANT TRICIA SHANKS' STIPULATION TO SET ASIDE ENTRY OF DEFAULT AS TO DEFENDANT TRICIA SHANKS; [PROPOSED] ORDER**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed as set forth below.

☒ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Ms. Luna D'Sol
2275 E. Belding Drive
Palm Springs, CA 92262
Tel: (213) 925-4069
Email: jravada@icloud.com

*Plaintiff In Pro Per*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on June 10, 2026, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Monica Brennan

Monica Brennan

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
Luna D'Sol

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
Bank of America, N.A., Bank of America Corporation, Tricia Shanks, and Peter C. Maxim

(b) County of Residence of First Listed Plaintiff: Riverside
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: ____________
*(IN U.S. PLAINTIFF CASES ONLY)*

(c) Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.
Luna D'Sol, Plaintiff Pro Se
2275 E. Belding Drive
Palm Springs, CA 92262
Telephone: 213-925-4069

Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.
MORGAN, LEWIS & BOCKIUS LLP
Karen Y. Cho (Bar No. 274810) and
Nicole L. Antonopoulos (Bar No. 306882)
300 South Grand Avenue 22nd Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☐ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding
☒ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify) ____________
☐ 6. Multidistrict Litigation - Transfer
☐ 8. Multidistrict Litigation - Direct File

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT:** $ ____________

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §§ 1332, 1441, and 1446

**VII. NATURE OF SUIT** (Place an X in one box only).

**OTHER STATUTES**
☐ 375 False Claims Act
☐ 376 Qui Tam (31 USC 3729(a))
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/Etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Org.
☐ 480 Consumer Credit
☐ 485 Telephone Consumer Protection Act
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Info. Act
☐ 896 Arbitration
☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.)
☐ 153 Recovery of Overpayment of Vet. Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment

**REAL PROPERTY CONT.**
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpratice
☐ 365 Personal Injury-Product Liability
☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

**TORTS PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 440 Other Civil Rights
☐ 441 Voting
☒ 442 Employment
☐ 443 Housing/Accommodations
☐ 445 American with Disabilities-Employment
☐ 446 American with Disabilities-Other
☐ 448 Education

**PRISONER PETITIONS**
**Habeas Corpus:**
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty
**Other:**
☐ 540 Mandamus/Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee Conditions of Confinement

**FORFEITURE/PENALTY**
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 835 Patent - Abbreviated New Drug Application
☐ 840 Trademark
☐ 880 Defend Trade Secrets Act of 2016 (DTSA)

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405 (g))
☐ 864 SSID Title XVI
☐ 865 RSI (405 (g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number:

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| **QUESTION A: Was this case removed from state court?** ☒ Yes ☐ No | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| If "no, " skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☒ Riverside or San Bernardino | Eastern |

| | | |
|---|---|---|
| **QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action?** ☐ Yes ☐ No | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.? *check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Continue to Question B.2. |
| If "no, " skip to Question C. If "yes," answer Question B.1, at right. | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| | | |
|---|---|---|
| **QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action?** ☐ Yes ☐ No | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.? *check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Continue to Question C.2. |
| If "no, " skip to Question D. If "yes," answer Question C.1, at right. | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| **QUESTION D: Location of plaintiffs and defendants?** | **A.** Orange County | **B.** Riverside or San Bernardino County | **C.** Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☐ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☐ |

| **D.1. Is there at least one answer in Column A?** | **D.2. Is there at least one answer in Column B?** |
|---|---|
| ☐ Yes ☐ No<br>If "yes," your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question E, below, and continue from there.<br>If "no," go to question D2 to the right. → | ☐ Yes ☐ No<br>If "yes," your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question E, below.<br>If "no," your case will be assigned to the WESTERN DIVISION.<br>Enter "Western" in response to Question E, below. ↓ |

| **QUESTION E: Initial Division?** | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: → | EASTERN |

**QUESTION F: Northern Counties?**

Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? ☐ Yes ☒ No

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court**? ☒ NO ☐ YES

If yes, list case number(s): ______________________

**IX(b). RELATED CASES**: Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court**? ☐ NO ☒ YES

If yes, list case number(s): 5:25-cv-03316-SSS-DTBx

**If yes, you must file a Notice of Related Cases. See Local Rule 83-1.3.**

**Civil cases** are related when they (check all that apply):

☒ A. Arise from the same or a closely related transaction, happening, or event;

☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. STATEWIDE OR NATIONWIDE RELIEF**: Does this case seek to bar or mandate enforcement of a state or federal law and seek declaratory or injunctive relief on a statewide or nationwide basis? ☒ NO ☐ YES

**If yes, see Local Rule 83-11 for additional requirements.**

**XI. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** /s/ Karen Y. Cho DATE: June 25, 2026

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

MORGAN, LEWIS & BOCKIUS LLP
Karen Y. Cho, Bar No. 274810
karen.cho@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Nicole L. Antonopoulos, Bar No. 306882
nicole.antonopoulos@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304-1124
Tel: +1.650.843.4000
Fax: +1.650.843.4001

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF AMERICA CORPORATION, TRICIA SHANKS, and PETER C. MAXIM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUNA D'SOL,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; TRICIA SHANKS, an individual; and PETER C. MAXIM, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:26-cv-03535<br><br>**DEFENDANT BANK OF AMERICA, N.A.'S NOTICE OF RELATED CASE**<br><br>**[L.R. 83-1.3.1]** |

Pursuant to Central District of California Civil Local Rule 83-1.2 and 83-1.3, Defendant Bank of America, N.A. ("Defendant" or "the Bank") hereby notifies the Court and Plaintiff Luna D'Sol ("Plaintiff") that the Central District of California Case Number :25-cv-03316-SSS-DTBx, entitled *Luna D'Sol v. Bank of America, N.A.., et al.* is related to the above-captioned case.

## I. FACTUAL BACKGROUND

### A. *D'Sol I:* Plaintiff Files Her First Action Against Defendant in Los Angeles County Superior Court.

On August 20, 2025, Plaintiff filed a Complaint against the Bank and Bank of America Corporation in Los Angeles County Superior Court, entitled *Luna D'Sol v. Bank of America, N.A. et al,* Case No. 25VECV04709, alleging six causes of action: (1) breach of the implied covenant of good faith and fair dealing; (2) discrimination in employment; (3) retaliation; (4) wrongful termination in violation of public policy; (5) discrimination in business establishments; and (6) intentional infliction of emotional distress. On or around August 29, 2025, the Los Angeles County Superior Court entered Plaintiff's Request for Dismissal without prejudice of entire action of all parties and all causes of action.

### B. *D'Sol II*: Plaintiff Files her Second Action Against Defendant in this Court.

On December 8, 2025, Plaintiff filed a Complaint against the Bank, Sedgwick Claims Management Services, Inc. ("Sedgwick"), and Fidelity Workplace Services, LLC ("Fidelity") in this Court, entitled *Luna D'Sol v. Bank of America, N.A. et al,* Case No. 5:25-cv-03316-SSS-DTBx ("*D'Sol II*") alleging claims for: (1) interference with protected rights under ERISA § 510 against the Bank; (2) breach of fiduciary duties under ERISA §§ 404, 503 against the Bank, Fidelity, and Sedgwick; (3) disability discrimination, failure to accommodate, and retaliation against the Bank; (4) disability discrimination, failure to accommodate, failure to engage in the interactive process, and retaliation under FEHA against the

Bank; (5) interference with Family and Medical Leave Rights and retaliation under the FMLA and CFRA against the Bank; (6) sex/gender-identity discrimination, harassment, and retaliation under Title VII; (7) wrongful termination against the Bank; (8) retaliation under Title VII, ADA, FEHA, FMLA, and CFRA; (9) failure to prevent discrimination, harassment, and retaliation under FEHA against the Bank; (10) unfair business practices against the Bank, Sedgwick, and Fidelity. On January 9, 2026, Plaintiff filed a Notice of Voluntary Dismissal Without Prejudice.

### C. ***D'Sol III*: Plaintiff Files The Instant Action, Her Third Action, Against Defendant.**

On March 4, 2026, Plaintiff initiated the instant action by filing a Complaint against Bank of America, N.A., Bank of America Corporation, Tricia Shanks, and Peter C. Maxim in Riverside County Superior Court, entitled *Luna D'Sol v. Bank of America, N.A. et al,* Case No. CVPS2601396 ("*D'Sol III*") alleging claims for: (1) discrimination based on sex, gender identity, gender expression, and transgender status in violation of the California Fair Employment and Housing Act ("FEHA") against Entity Defendants; (2) hostile work environment harassment based on sex, gender identity, gender expression, and transgender status in violation of the FEHA against all Defendants; (3) retaliation in violation of the FEHA against Entity Defendants; (4) failure to accommodate a disability in violation of FEHA against Entity Defendants; (5) failure to pay final wages and issuance of inaccurate wage statements against Entity Defendants; (6) failure to engage in interactive process in violation of FEHA against Entity Defendants; (7) aiding and abetting discrimination, harassment, and retaliation in violation of FEHA against Shanks and Maxim; (8) failure to prevent discrimination, harassment, or retaliation in violation of FEHA against Entity Defendants; and (9) wrongful termination in violation of public policy against Entity Defendants.

On June 25, 2026, the Bank removed *D'Sol III* to this Court.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

## II. RELATED-CASE FACTORS

(a) As described above, *D'Sol II* and *D'Sol III* arise out of the same or closely related events—Plaintiff's employment with the Bank.

(b) Both actions call for determination of the same or substantially similar or related questions of law and fact. Because both actions involve claims that arose from Plaintiff's employment at the Bank and are based on the same or substantially related factual allegations, they necessarily call for determination of the same or substantially related questions of law and fact.

Dated: June 25, 2026

MORGAN, LEWIS & BOCKIUS LLP

By *[/s/Karen Cho](#)*

Karen Cho
Nicole L. Antonopoulos

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF AMERICA CORPORATION, TRICIA SHANKS, and PETER C. MAXIM

MORGAN, LEWIS & BOCKIUS LLP
Karen Y. Cho, Bar No. 274810
karen.cho@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Nicole L. Antonopoulos, Bar No. 306882
nicole.antonopoulos@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304-1124
Tel: +1.650.843.4000
Fax: +1.650.843.4001

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF AMERICA CORPORATION, TRICIA SHANKS, and PETER C. MAXIM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUNA D'SOL,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; TRICIA SHANKS, an individual; and PETER C. MAXIM, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:26-cv-03535<br><br>**DEFENDANTS' NOTICE OF INTERESTED PARTIES PURSUANT TO CIVIL LOCAL RULE 7.1-1 AND CORPORATE DISCLOSURE STATEMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 7.1** |

`

Pursuant to Civil L.R. 7.1-1 and/or Fed. R. Civ. P. 7.1, the undersigned, counsel of record for Defendants Bank of America, N.A. ("BANA"), Bank of America Corporation ("BAC"), Tricia Shanks, and Peter Maxim (collectively "Defendants") certify that the following listed party (or parties) may have a pecuniary interest in the outcome of this case. These representations are made to enable the Court to evaluate possible disqualification or recusal.

1. Luna D'Sol – Plaintiff
2. BANA – Defendant; BANA is wholly owned by BAC North America Holdings Company.
3. BAC North America Holding Company – BAC North America Holding Company is a direct, wholly owned subsidiary of NB Holdings Corporation.
4. NB Holdings Corporation – NB Holdings Corporation is a direct, wholly owned subsidiary of BAC.
5. BAC – Defendant; BAC is a publicly held company whose shares are traded on the New York Stock Exchange and has no parent corporation.
6. Tricia Shanks – Defendant
7. Peter Maxim – Defendant

Dated: June 25, 2026

MORGAN, LEWIS & BOCKIUS LLP

By */s/Karen Cho*
Karen Cho
Nicole L. Antonopoulos

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF AMERICA CORPORATION, TRICIA SHANKS, and PETER C. MAXIM

# EXHIBIT 2

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Friday, June 26, 2026 7:39 AM
**To:** Antonopoulos, Nicole L.; Cho, Karen Y.
**Subject:** Meet and Confer

[EXTERNAL EMAIL]
Hi Nicole and Karen,

PLAINTIFF SUBMITS THIS CORRESPONDENCE UNDER A STRICT SPECIAL APPEARANCE SOLELY TO COMPLY WITH CENTRAL DISTRICT LOCAL RULE 7-3. NEITHER THIS LETTER, THE CONFORMANCE WITH LOCAL RULES, NOR ANY SUBSEQUENT CONFERENCES OR DISCUSSIONS SHALL BE CONSTRUED AS AN EXPRESS OR IMPLIED WAIVER OF PLAINTIFF'S OBJECTION TO SUBJECT-MATTER JURISDICTION. Plaintiff expressly rejects federal jurisdiction and reserves all rights, objections, claims, remedies, and arguments concerning the legal and procedural defects in Defendants' Notice of Removal.

**Plaintiff will discuss the following concerns, including, but not limited to, the underlying procedural and substantive violations set forth in Defendants' Notice of Removal:**

**Defective Notice and Acknowledgment of Receipt and Fabricated Service Record**. Plaintiff previously notified Defendants that the Notice and Acknowledgment of Receipt ("NAR") procedure had not been completed in the manner required by California Code of Civil Procedure section 415.30. Specifically, Plaintiff advised that the NAR package had been transmitted by email rather than served by first-class mail as required by statute, that the NAR form did not reflect the required identification of documents that were considered for this process, and that the with the NAR form representing a defective procedure it was mailed to Plaintiff with an unsigned Proof of Service, therefore CCP § 415.30 cannot be invoked to establish valid service. In addition the NARS form submitted with Defendant's Notice of Removal contains a Riverside County Superior Court case number unrelated to this matter. Plaintiff expressly declined to stipulate that the attempted service complied with section 415.30 or to waive any statutory requirements.

Your removal documents rely heavily on a NAR form that your office represented under penalty of perjury was executed and sent via U.S. Mail on May 26, 2026. A forensic metadata extraction of the native `.eml` file and the document titled `5.26.26 – D'Sol – NAR (Bank of America NA)-1.pdf` reveals that the document did not exist on May 26. The internal PDF info dictionary and XMP stream show an immutable CreationDate of Wednesday, June 3, 2026, at 15:24:42 UTC. Furthermore, the document was programmatically generated using `Aspose.PDF for .NET 24.6.0`—a developer library—not a physical scanner. Your office initially transmitted an unsigned, legally void proof of service sheet, and subsequently provided a backdated, synthetic signature sheet after Plaintiff pointed out the defect on June 4, 2026.

Plaintiff will request judicial notice of the Riverside County Superior Court docket in Case No. CVPS2601396, which reflects that, as of the date of removal, Bank of America, N.A. had not been processed as served by the state court. Under Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347–48 (1999), "[a] named defendant's time to remove is triggered by simultaneous service of the summons and complaint … but not by mere receipt of the complaint unattended by any formal service." Accordingly, absent valid service of process, the thirty-day removal period prescribed by 28 U.S.C. § 1446(b) is not triggered.

| Attachment Group | Creation-Date (Metadata) | Modification-Date |
|---|---|---|
| Group A — 5 files | Tue, 26 May 2026 22:55:42 GMT (consistent with email send date) | Wed, 03 Jun 2026 22:24:50–51 GMT |
| Group B — 4 files | ⚠ Wed, 03 Jun 2026 22:24:45 GMT (8 days after claimed send date) | Wed, 03 Jun 2026 22:24:52–55 GMT |

| Email Header Field | Recorded Value |
|---|---|
| Date (sender field) | Tue, 26 May 2026 22:55:44 +0000 UTC |
| Received (first hop) | Tue, 26 May 2026 22:55:44 UTC |
| Received (delivery) | Tue, 26 May 2026 22:55:47 UTC |
| Original Arrival Time | 26 May 2026 22:55:44.2039 UTC |
| Message-ID | BY5PR03MB5143...@namprd03.prod.outlook.com |
| Originating Client IP | 170.85.154.88 |
| DKIM Signature | None (message not cryptographically signed) |

| PDF Metadata Field | Value |
|---|---|
| File Name | 5.26.26 — D'Sol — NAR (Bank of America NA)-1.pdf |
| PDF Creator Application | Aspose Pty Ltd. |
| PDF Producer Library | Aspose.PDF for .NET 24.6.0 |
| ⚠ CreationDate | Wed, 03 Jun 2026 — 15:24:42 UTC |
| ⚠ ModDate | Wed, 03 Jun 2026 — 22:24:42 UTC |
| PDF Version | 1.4 |
| Pages | 2 |
| Encryption / JavaScript | None |

**Evasion of State Court Sanctions via Tactical "Evacuation Removal":** On June 5, 2026, Plaintiff properly served Bank of America, N.A. via personal service on its registered agent, CT Corporation System (Form POS-010, Case No. CVPS2601396). Right after, Plaintiff formally served your office with a motion for sanctions under California Code of Civil Procedure § 128.7. Precisely on the 20th day of that 21-day safe-harbor window, your office abruptly filed this Notice of Removal. Utilizing the federal removal statute as a tactical shield to flee a pending state court sanctions motion constitutes severe bad faith and a vexatious multiplication of proceedings under 28 U.S.C. § 1927.

**Reliance on Completely Reversed Supreme Court Case Law:** To manufacture the $75,000 federal amount in controversy, your Notice of Removal cites Silo v. CHW Med. Found., 86 Cal. App. 4th 947, 955 (2001) for the proposition that a jury award exceeding $75,000 for emotional distress was upheld. Your office completely omitted the critical fact that this appellate decision was entirely reversed twenty-four years ago by the California Supreme Court in Silo v. CHW Medical Foundation, 27 Cal. 4th 1097 (2002), rendering it an absolute legal nullity.

**Substantive Manipulation of Binding Ninth Circuit Precedent**: In paragraph 24 of the Notice of Removal, your office selectively truncated a direct quote from Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998), ending the sentence at a semicolon to hide the Ninth Circuit's explicit limiting language. You intentionally omitted the court's adjacent holding that fraudulent joinder "did not key on an inquiry as to whether those defendants could propound defenses to an otherwise valid cause of action.

**Application of Inapplicable Pleading Standards**: Your Notice of Removal attempts to apply the federal Bell Atlantic Corp. v. Twombly motion to dismiss standard to argue that individual supervisors Peter C. Maxim and Tricia Shanks were fraudulently joined. This directly misstates binding Ninth Circuit law. As established in Grancare, LLC v. Thrower, 889 F.3d 543, 549 (9th Cir. 2018), the standard for fraudulent joinder is not equivalent to a Rule 12(b)(6) dismissal. Under California Government Code § 12940(j)(3), supervisors face direct personal liability for workplace harassment. Because Plaintiff's Complaint explicitly alleges direct harassment under subdivision (j), valid state law claims exist, completely destroying federal diversity jurisdiction.

Please be advised that because this motion is brought pursuant to 28 U.S.C. § 1927, 28 U.S.C. § 1447(c), and the Court's Inherent Powers to penalize bad-faith conduct, there is no 21-day safe-harbor waiting period. The Court possesses immediate authority to issue sanctions.

Plaintiff is amenable to resolving this matter without judicial intervention if Defendants execute a joint stipulation to remand this case to state court and agree to cover the costs incurred due to this improper removal.

I am looking forward to discussing these items at the confirmed time June 26 2026 8am

Sincerely,

Luna D'Sol

**Luna D'Sol**

(213) 925-4069

jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

# EXHIBIT 3

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Tuesday, June 30, 2026 11:18 AM
**To:** Antonopoulos, Nicole L.; Cho, Karen Y.
**Subject:** URGENT NOTICE: Case No. 5:26-cv-03535 — Confirmation of Phone Call and Service Deficiencies

[EXTERNAL EMAIL]

Dear Ms. Cho,

This email constitutes formal notice and confirms our phone conversation at approximately 11:00 AM today, June 30, 2026.

During the call, I placed you on direct notice that I have not been served with the physical, paper Notice of Removal or your moving papers as strictly required for a pro se litigant under CDCA Local Rule 5-3.2.1[CDCA Local Rules - Local Rule 5]. You stated that your office sent a "courtesy copy" via mail but explicitly confirmed that you do not possess a tracking number to verify delivery or receipt. You further instructed me to "go online" to view the docket.

As I stated on the call, I have not appeared electronically in this case and I was waiting for the document fro the court to proceed with their process for this case and I have not waived my right to physical paper service under the Local Rules [CDCA Local Rules - Local Rule 5].I requested a tracking number of your documents and you said that you don't have one. Because your office has failed to execute legal service of the removal or your moving papers under CDCA Local Rule 7-4, tomorrow's scheduled meet-and-confer call is entirely premature and procedurally invalid [CDCA Local Rules - Local Rule 7].

Any filing you submit to the federal court today or tomorrow will contain a defective Proof of Service and violate Federal Rule of Civil Procedure 11 [FRCP Rule 11].

I am waiting for my postal delivery at noon today. I will follow up with you immediately after the mail arrives to confirm whether proper physical service has been perfected.

Sincerely,

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

# EXHIBIT 4

July 06, 2026

Dear Customer,

The following is the proof-of-delivery for tracking number: 873903938216

**Delivery Information:**

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivered To:** | Residence |
| **Signed for by:** | Signature not required | **Delivery Location:** | 2275 E BELDING DR |
| **Service type:** | FedEx Priority Overnight | | |
| **Special Handling:** | Deliver Weekday;<br>Residential Delivery | | PALM SPRINGS, CA, 92262 |
| | | **Delivery date:** | Jul 3, 2026 11:11 |

**Shipping Information:**

| | | | |
|---|---|---|---|
| **Tracking number:** | 873903938216 | **Ship Date:** | Jul 2, 2026 |
| | | **Weight:** | 1.0 LB/0.45 KG |

**Recipient:**
Luna D'Sol,
2275 E Belding Drive
PALM SPRINGS, CA, US, 92262

**Shipper:**
Adele Doyle, Morgan Lewis
600 Montgomery Street
Suite 2300
San Francisco, CA, US, 94111

**Reference** 72649-002579-0922

Proof-of-delivery details appear below; however, no signature is available for this FedEx Express shipment because a signature was not required.

Thank you for choosing FedEx

Shipping Tracking Design & Print Locations Support Sign Up or Log In

Tracking ID: 873903938216

Local Scan Time

Delivered

Friday, 7/03/2026 at 11:11 am

Signed for by: Signature not required




From

San Francisco,CA US

To

PALM SPRINGS, CA US

View more details

Obtain proof of delivery

Report missing package

FedEx

Tracking ID: 873903938216

# Travel history

You're viewing the most updated information to help minimize the need for customer support.

Friday, 07/03/2026

- 11:11 AM
  **Delivered**
  PALM SPRINGS, CA
- 9:01 AM
  **On FedEx vehicle for delivery**
  PALM SPRINGS, CA
- 8:11 AM
  **At local FedEx facility**
  PALM SPRINGS, CA
- 2:25 AM
  **Departed FedEx hub**
  OAKLAND, CA

Thursday, 07/02/2026

- 9:48 PM
  **Arrived at FedEx hub**
  OAKLAND, CA
- 8:43 PM
  **Left FedEx origin facility**
  SAN FRANCISCO, CA
- 4:44 PM
  **Picked up**
  SAN FRANCISCO, CA
- 3:36 PM
  **Shipment information sent to FedEx**

## Shipment facts

### Shipment overview

**TRACKING NUMBER** 873903938216

**DELIVERED TO** Residence

**SHIP DATE** 7/02/2026

**STANDARD TRANSIT** 7/03/2026 before 12:00 pm

FedEx

## Services

**SERVICE** FedEx Priority Overnight

**TERMS** Shipper

**SPECIAL HANDLING SECTION** Deliver Weekday, Residential Delivery

## Package details

**WEIGHT** 1 lbs / 0.45 kgs

**TOTAL PIECES** 1

**TOTAL SHIPMENT WEIGHT** 1 lbs / 0.45 kgs

**PACKAGING** FedEx Pak

---

**OUR COMPANY**
About FedEx
Our Portfolio
Investor Relations
Careers
Transportation Contracting Opportunities
FedEx Blog
Corporate Responsibility
Newsroom
Contact Us

**MORE FROM FEDEX**
FedEx Compatible
FedEx Developer Portal
FedEx Logistics

**LANGUAGE**
United States

**FOLLOW FEDEX**

© FedEx 1995-2026
Site Map | Cookie Consent | Terms of Use | Privacy & Security | Ad Choices

# EXHIBIT 5

**From:** Doyle, Adele <adele.doyle@morganlewis.com>
**Sent:** Thursday, July 2, 2026 5:14 PM
**To:** jravada@icloud.com
**Cc:** Cho, Karen Y.; Antonopoulos, Nicole L.
**Subject:** D'Sol v. Bank of America, N.A., et al.; Defendants' Motion to Compel Arbitration and Stay Action

# adele.doyle@morganlewis.com sent you a secure message

Access message

Please see the attached. A hard copy will follow via FedEx.

Attachments expire on Aug 02, 2026

12 PDFs

[006] Notice of Assignment to United States Judges - District Judge Jesus G. Bernal and Magistrate Judge Sheri Pym.pdf, [007] Notice to Parties of Court-Directed ADR Program-Court Policy on Settlement and use of ADR.pdf, [008] Notice to Counsel Re Consent to Proceed Before a US Magistrate Judge.pdf, [009] Notice of Resources for Pro Se Litigants.pdf, [010] Notice of MTC Arbitration and Stay Action.pdf, [010-1] MPAs ISO MTC Arbitration and Stay Action.pdf, [010-2-6] Decl. of K. Cho ISO MTC Arbitration and Stay Action.pdf, [010-11] [Proposed] Order Granting MTC Arbitration and Stay Action.pdf, [010-7-10] Decl. of D. Allen ISO MTC Arbitration and Stay Action.pdf, [011] RJN ISO MTC Arbitration.pdf, Certificate of Service of Court Notices.pdf, Certificate of Service of MTC Arbitration.pdf

This message requires that you sign in to access the message and any file attachments.



CONFIDENTIALITY AND PRIVACY NOTICE: This email is from a law firm and may contain information that is confidential, privileged, and/or attorney work product. This email may also contain personal data, which we process in accordance with applicable data protection laws and our Privacy Policies and Notices. If you are not the intended recipient, you may not review, copy, or distribute this message. If you have received this email in error, please contact the sender immediately and delete all copies from your system.

# EXHIBIT 6

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Monday, July 6, 2026 9:47 AM
**To:** Antonopoulos, Nicole L.; Cho, Karen Y.
**Subject:** URGENT — Meet-and-Confer Demand: Deadname Disclosure in Filed Declaration / SB 59 Violation / Misrepresented Meet-and-Confer / Defective Arbitration Acceptance Evidence [Case No. 5:26-cv-03535-JGB-SP]

**Importance:** High

[EXTERNAL EMAIL]
Ms. Antonopoulos,

I write pursuant to Central District Local Rule 7-3 to raise three distinct matters requiring your immediate attention. This letter constitutes my formal meet-and-confer notice on each. I am available to speak on the phone or through a conference at any time today. Please send a Teams invitee or respond to this correspondence

---

MATTER I: DEADNAME DISCLOSURE IN FILED DECLARATION — SB 59 VIOLATION

---

THE VIOLATION

The Declaration of Dineen M. Allen filed in support of Defendants' Motion to Compel Arbitration and Stay Action (ECF Doc. 10-7, ¶4) identifies me as "Luna D'Sol [redacted]" That language does three things at once: (1) it discloses my former legal name — my deadname — in a publicly accessible federal court filing; (2) it deliberately outs my transgender identity to anyone who reads the docket on PACER; and (3) it does so under the framing "formerly known as," which was not an accident or oversight — it was a deliberate editorial choice to publish the connection between my current identity and my prior one.

This is a violation of California SB 59 (Transgender Privacy Act), signed by Governor Newsom on October 13, 2025, and fully operative as of July 1, 2026. SB 59 declares that a transgender person's gender identity is "intimate personal information entitled to protection under the right to privacy" and authorizes a civil action against any person or private entity that causes harm through the disclosure of such information. Bank of America filed the offending declaration on July 2, 2026 — one day after SB 59 took full effect and squarely within the actionable period that opened April 13, 2026. You are on notice.

The "formerly known as" construction is not a neutral administrative notation. It is a targeted publication of my prior identity that outs me to every party, attorney, clerk, and member of the public who accesses ECF in this case. There is no conceivable legitimate litigation purpose served by including my deadname in a declaration about an arbitration agreement. It serves one purpose only: to humiliate, out, harass and harm.

I note that this conduct is consistent with the pattern documented in my Complaint — Bank of America generated and transmitted official records identifying me by my former male name following my transgender disclosure and termination. Defendants are now replicating that conduct in federal court, in a publicly filed document, while simultaneously defending against exactly those allegations.

DEMANDS — MATTER I

By no later than 5:00 p.m. on Tuesday, July 8, 2026, I demand that you:

1. File a corrected declaration with the deadname and the phrase "[redacted]" fully redacted, accompanied by a notice of filing to the Court explaining the correction;

2. File a motion or application to seal ECF Doc. 10-7 in its current form, or alternatively, a notice to the Court requesting leave to substitute the corrected declaration pursuant to the Court's inherent authority to protect litigants from irreparable privacy harm;

3. Provide written confirmation that no future filing by any Defendant or their counsel in this action will identify me by my former name, in any form, including but not limited to "formerly known as," "f/k/a," or any other construction;

4. Identify who at Bank of America directed or authorized the use of my former name in the declaration, and whether that person accessed my personnel records to obtain it.

CONSEQUENCES IF YOU DO NOT COMPLY — MATTER I

If you fail to take the corrective action described above by the deadline, I will:

- File a Motion to Seal ECF Doc. 10-7 and request that the Court strike the deadname disclosure from the federal record;
- File a Motion to Strike pursuant to FRCP 12(f) on the grounds that the "[redacted]" language is impertinent, scandalous, and causes irreparable harm;
- Seek sanctions pursuant to the Court's inherent power, FRCP 11, and 28 U.S.C. § 1927 for filing a declaration containing identifying information that violates SB 59 and serves no legitimate evidentiary purpose;
- Assert a standalone civil cause of action under SB 59 against Bank of America, N.A. and any individual who authorized or directed the disclosure; and
- Bring this conduct to the attention of the State Bar of California, given that your firm authorized the filing of a declaration that violates a California privacy statute protecting transgender individuals.

MATTER II: MISREPRESENTATION OF MEET-AND-CONFER IN THE MOTION TO COMPEL ARBITRATION

I demand that you correct the misrepresentation to the about meet-and-confer

FRCP 11(b)(3) requires that representations to the Court be accurate and not misleading. A false characterization of a pro se plaintiff's conduct in relation to a mandatory meet-and-confer obligation is

Case 5:26-cv-03535-JGB-SSP Document 62 Filed 07/15/26 Page 249 of 299 Page ID #:7224

not a minor technical error — it goes directly to the credibility of your submissions and to this Court's assessment of litigation conduct.

This meet-and-confer correspondence is itself being served on you as part of the record on this issue. If you do not correct the misrepresentation to the Court by July 7, 2026 at 5:00 p.m., I will bring the false statement to the Court's attention in my Opposition to the Motion to Compel Arbitration and in a separate FRCP 11 certification demand.

═══════════════════════════════════════════════════════

MATTER III: THE ALLEN DECLARATION DOES NOT AND CANNOT ESTABLISH ARBITRATION ACCEPTANCE — "RECEIPT" IS NOT "ACKNOWLEDGMENT"

═══════════════════════════════════════════════════════

The Allen Declaration (ECF Doc. 10-7) is fatally insufficient to prove that I entered into a binding arbitration agreement, and your own firm's prior written admissions confirm this.

A. Your Own Client's Attorney Has Already Admitted I Had Not Acknowledged the Policy as of November 22, 2024.

On August 4, 2025 — almost a year before this litigation — Grant MacQueen of your firm wrote to me as follows:

> "On November 22, 2024, the Bank sent a reminder email to employees
> who had not yet acknowledged receipt of the Arbitration Policy,
> including you."

Read that carefully. Mr. MacQueen did not say the November 22 reminder was sent to all employees. He said it was sent specifically to employees "who had not yet acknowledged receipt" — and he expressly included me in that group.

That is a judicial admission by an authorized agent of Bank of America and a representation by Morgan Lewis to me as opposing party. It directly establishes that as of November 22, 2024, I had not acknowledged the Arbitration Policy. BofA's own tracking system — which is the only reason a targeted reminder could have gone to "those who had not yet acknowledged" — confirmed my non-acknowledgment.

B. The Allen Declaration Contradicts the MacQueen Admission.

Ms. Allen's declaration (ECF Doc. 10-7, ¶5) now claims the November 22, 2024 reminder was sent to "all active U.S.-based employees, including Ms. D'Sol and the Individual Defendants." That characterization directly contradicts Mr. MacQueen's August 4, 2025 letter, which described the reminder as targeted specifically at non-acknowledgers.

Both cannot be true. Either the November 22 reminder was a blanket distribution to everyone (Allen's version), or it was a targeted distribution to employees who had not yet acknowledged (MacQueen's version). If it was blanket, then it proves nothing about my acknowledgment status. If it was targeted — as Mr. MacQueen told me in writing — then it proves I had not acknowledged.

You should not have filed a declaration that contradicts your client's own prior written representations to me. I am preserving this contradiction for my Opposition and, if appropriate, for a motion under FRCP 11 and the Court's inherent power.

C. "Receipt" Is Not "Acknowledgment" — And BofA Knows the Difference.

Ms. Allen's declaration (ECF Doc. 10-7, ¶6) states that the Bank's internal electronic data confirms I "received" both emails. Note what she does not say: she does not say I opened the email. She does not say I clicked the link. She does not say I read the Arbitration Policy. She does not say I clicked "Acknowledge and Agree." She says only that I "received" the emails — meaning they were delivered to my company inbox.

The policy email itself (ECF Doc. 10-7, ¶7) confirms that acceptance required either (1) clicking "Acknowledge and Agree" or (2) continuing employment for 30 days. Two separate paths. The first is an affirmative electronic act; the second is a deemed-acceptance fallback for those who never clicked.

The very structure of this two-path system proves that BofA understood "clicking" and "continued employment" to be distinct. Employees who clicked were acknowledged. Employees who did not click were tracked as not-yet-acknowledged — which is precisely why the November 22 reminder existed and was targeted at them. If mere continued employment constituted acknowledgment, there would be no category of "employees who had not yet acknowledged," there would be no need to track acknowledgment separately from employment status, and there would be no need for a reminder. The reminder system is an internal admission that receipt plus continued employment does not equal acknowledgment.

D. BofA Must Immediately Produce the Actual Click Record — Or Withdraw the Motion.

BofA cannot enforce an arbitration agreement against me based only on evidence that my company inbox received an email. To establish the first of the two acceptance paths, BofA must produce an electronic log showing I clicked "Acknowledge and Agree." It has produced no such log. To establish the second path — deemed acceptance through continued employment — BofA must show that the Arbitration Policy was validly distributed in the first place. Independent forensic analysis has established that the metadata of the Arbitration Agreement document reflects a creation date of February 27, 2025, just one day after I disclosed my transgender status to Shanks and Maxim — not November 2024 — raising serious questions about whether the purported document distributed in November 2024 is the same document now before this Court.

The Allen Declaration — which shows only delivery to an inbox and continued employment — is insufficient as a matter of law to establish mutual assent to arbitrate. See Nguyen v. Barnes & Noble Inc., 763 F.3d 1171, 1175-76 (9th Cir. 2014) (party seeking arbitration must demonstrate agreement was formed). I am raising these issues now so that you have the opportunity to evaluate the strength of your arbitration motion before I oppose it.

DEMANDS — MATTER III

By no later than 5:00 p.m. on July 7, 2026, please:

1. Confirm whether the November 22 reminder was sent to "all active employees" (as Allen states) or only to "employees who had not yet acknowledged" (as MacQueen stated in writing). Produce the distribution list or a declaration explaining the discrepancy.

2. Produce the electronic acknowledgment log entry — if one exists — showing that I clicked "Acknowledge and Agree" at any time.

3. If no click record exists, withdraw or stay the Motion to Compel Arbitration pending resolution of the foundational authenticity dispute regarding the Arbitration Agreement document's creation date.

Again, I am available to meet and confer at any time.

Nothing in this correspondence constitutes a waiver of any position, right, claim, or argument, including Plaintiff's pending Motion to Remand. All rights are expressly reserved.

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

# EXHIBIT 7

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Monday, July 6, 2026 7:36 PM
**To:** Antonopoulos, Nicole L.; Cho, Karen Y.
**Subject:** Request to Confirm FedEx Delivery and Date of Service

[EXTERNAL EMAIL]

Dear Ms. Antonopoulos and Ms. Cho,

I reviewed the footage from my security cameras and observed that a FedEx driver attempted delivery at my residence on Friday. The driver knocked, but no one answered. The driver later returned and left what appears to have been an envelope on the ground immediately outside my front door.

Unfortunately, there were unusually high winds that day, and the envelope was blown away before I saw it being swept away on my security camera.

I did not initially believe it originated from your office because, as you previously explained, the documents were to be served by regular mail. Additionally, leaving documents unattended outside my front door through a FedEx delivery would appear inconsistent with that understanding. We discussed the method of service recently, and because I still have not received the documents by mail from your office, I wanted to ask whether the FedEx delivery was, in fact, from you.

If it was, please let me know what documents were enclosed, whether they were also mailed, and the date on which Defendants contend service was effected.

Thank you for your prompt attention to this matter.

Sincerely,

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

# EXHIBIT 8

**From:** Antonopoulos, Nicole L.
**Sent:** Monday, July 13, 2026 8:24 PM
**To:** 'Luna D'Sol'; Cho, Karen Y.
**Subject:** RE: Operative Filing

Dear Luna,

Based on your representation below, it is our understanding that you filed your motion to remand today. We are still reviewing the motion for remand that you served on us today, but it appears to be different from what you previously sent to us on July 6, and it is our understanding from your email below that this prior motion was not filed with the Court. As such, we will not be filing an opposition today to the prior version of your motion for remand.

Relatedly, we do not know what you are talking about when you say that the prior motion to remand was provided for settlement purposes, and we did not understand your motion to be construed as a settlement communication.

Thank you.

**Nicole L. Antonopoulos**
**Morgan, Lewis & Bockius LLP**
1400 Page Mill Road | Palo Alto, CA 94304-1124
Direct: +1.650.843.7236 | Main: +1.650.843.4000 | Fax: +1.650.843.4001
nicole.antonopoulos@morganlewis.com | www.morganlewis.com

---

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Monday, July 13, 2026 1:51 PM
**To:** Antonopoulos, Nicole L. <nicole.antonopoulos@morganlewis.com>; Cho, Karen Y. <karen.cho@morganlewis.com>
**Subject:** Operative Filing

[EXTERNAL EMAIL]

Ms. Antonopoulos,

Please be advised that today Plaintiff's Motion to Remand was filed, and the operative documents were transmitted to your office through Swift Legal.

The documents you previously received provided solely in connection with the settlement discussions that you initiated. Those documents were draft materials exchanged exclusively for settlement purposes and were not intended to constitute Plaintiff's operative filings.

Having received no response to those settlement communications, I conclude that Defendants have elected not to pursue settlement discussions. Accordingly, I consider those discussions closed.

The documents transmitted today through Swift Legal are the operative versions upon which Plaintiff intends to rely.

Sincerely,

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

MORGAN, LEWIS & BOCKIUS LLP
Karen Y. Cho, Bar No. 274810
karen.cho@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Nicole L. Antonopoulos, Bar No. 306882
nicole.antonopoulos@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304-1124
Tel: +1.650.843.4000
Fax: +1.650.843.4001

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF AMERICA CORPORATION, TRICIA SHANKS, and PETER C. MAXIM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LUNA D'SOL,

Plaintiff,

vs.

BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; TRICIA SHANKS, an individual; and PETER C. MAXIM, an individual; and DOES 1 through 50, inclusive,

Defendants.

Case No. 5:26-cv-03535-JGB-SP

**CERTIFICATE OF SERVICE**

# CERTIFICATE OF SERVICE

I, Adele Doyle, declare:

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is 600 Montgomery Street, Suite 2300, San Francisco, CA 94111-2725. On July 15, 2026, I served a copy of the within document(s):

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR ORDER CONTINUING DEFENDANTS' MOTION TO COMPEL ARBITRATION, RESETTING THE BRIEFING SCHEDULE, AND FINDING THAT DEFENDANTS HAVE FAILED TO ESTABLISH EFFECTIVE SERVICE OR, ALTERNATIVELY DIRECTING A CORRECTED CERTIFICATE OF SERVICE**

**INDEX OF EVIDENCE IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR ORDER CONTINUING DEFENDANTS' MOTION TO COMPEL ARBITRATION, RESETTING THE BRIEFING SCHEDULE, AND FINDING THAT DEFENDANTS HAVE FAILED TO ESTABLISH EFFECTIVE SERVICE OR, ALTERNATIVELY DIRECTING A CORRECTED CERTIFICATE OF SERVICE**

**DECLARATION OF KAREN Y. CHO IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR ORDER CONTINUING DEFENDANTS' MOTION TO COMPEL ARBITRATION, RESETTING THE BRIEFING SCHEDULE, AND FINDING THAT DEFENDANTS HAVE FAILED TO ESTABLISH EFFECTIVE SERVICE OR, ALTERNATIVELY DIRECTING A CORRECTED CERTIFICATE OF SERVICE**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed FedEx envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a FedEx agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

| | |
|---|---|
| Luna D'Sol<br>2275 E Belding Drive<br>Palm Springs, CA 92262<br>Email: jravada@icloud.com<br><br>Tel: (213) 925-4069 | Plaintiff, In Pro Per |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on July 15, 2026, at San Francisco, California. I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Adele Doyle

Adele Doyle