LUNA D'SOL
Plaintiff, In Pro Per
Email Address: jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUNA D'SOL<br>Plaintiff,<br><br>VS.<br><br>BANK OF AMERICA, N.A.;<br>BANK OF AMERICA CORPORATION;<br>TRICIA SHANKS, an individual;<br>PETER C MAXIM, an individual;<br>and DOES 1 through 50, inclusive,<br>Defendant(s). | **Case No:** 5:26-cv-03535-JGB-SP<br><br>**REPLY IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION TO STRIKE, RESTRICT PUBLIC ACCESS TO, OR REQUIRE REDACTION OF FILINGS DISCLOSING PLAINTIFF'S FORMER LEGAL NAME; DENY DEFENDANTS REMOTE APPEARANCER AND FOR NARROWLY TAILORED PROTECTIVE RELIEF**<br><br>Judge: Hon. Jesus G. Bernal.<br>. United States District Juge<br><br>Courtroom: 1, 2nd floor<br><br>Complaint Filed: March 4th, 2026 |

## I. DEFENDANTS' PRESENT ACCOUNT OMITS THEIR OWN CONTRADICTORY RECORD

Defendants devoted twelve pages to opposing protective relief sought by a person alleging discrimination and sexual harassment arising from her employment, and then characterized the resulting privacy concern as "substantially of her own making." (ECF No. 66 at 2, Page ID #1789.) Defendants further asserted that "Plaintiff asks this Court to treat Defendants unequally," and that

"Plaintiff has no basis to make such a request." (Id. at 8, Page ID #1795.) Defendants described the filing as "yet another emergency proceeding" (id. at 4, Page ID #1791), stated that "Plaintiff's pro se status does not excuse this conduct" (id. at 11, Page ID #1798), and captioned an entire section, "Plaintiff's Serial and Duplicative Filing Is Harassing and Costly." (Id. at 10, Page ID #1797.)

Defendants contend that the former-name dispute is already fully briefed through the pending sanctions motion. (Id. at 5–6, Page IDs #1792–1793.) But the two requests address different relief. The sanctions motion concerns Defendants' past conduct; this Application seeks prospective protective relief from an ongoing public disclosure that continues for so long as the challenged filings remain publicly accessible. A later ruling on sanctions does not itself prevent the continuing public disclosure for which Plaintiff presently seeks protection.

Defendants' Opposition also repeatedly relies upon the original Allen Declaration, ECF No. 10-7, as the evidentiary justification for the challenged disclosure. (Id. at 1, 6–8, Page IDs #1788, #1793–1795.) Yet Defendants omit the material intervening sequence: Plaintiff challenged the factual account underlying that declaration; Defendants thereafter filed the Supplemental Declaration of Dineen M. Allen, ECF No. 56-1; and that Supplemental Declaration materially changed the description of the November 22, 2024 distribution and who received it. Plaintiff previously placed this contradiction before the Court at ECF No. 57, Page IDs #1529–1541. **The relevant sequence is reproduced below because ECF No. 66 again invokes the original declaration without confronting what Defendants subsequently changed.**

| **ECF 10-7 — Original Allen Declaration** | **Representation Made to the Court about Distribution of purported Arbitration Policy** | **Cross-Reference** |
|---|---|---|
| Nov. 8, 2024 distribution | Allen states that the Bank distributed the Arbitration Policy to "all of its active U.S.-based employees, including Ms. D'Sol" by email. | ECF 10-7 ¶5, Page ID 321 |
| Nov. 22, 2024 reminder | Allen states that the Bank sent the reminder email "to all active U.S.-based employees, including Ms. D'Sol and the Individual Defendants Shanks and | ECF 10-7 ¶5, Page ID 321 |

| | | |
|---|---|---|
| | Maxim" and "I can confirm that Plaintiff and both Defendants received the second email." | |

| **ECF 46 — D'Sol Declaration** | **Representation Made to the Court about Distribution of purported Arbitration Policy** | **Cross-Reference** |
|---|---|---|
| July 22. 2026<br>Both emails | Same Defendants' Counsel had in their possession information that contradicts the original Allen Declaration which Plaintiff exposed:<br><br>" Defendants' subsequent filing materially altered the factual representation contained in the original Allen Declaration. After Plaintiff identified the inconsistency concerning the November 22, 2024 email (ECF No. 46 at 5, ¶¶ 15–16), Defendants filed the Supplemental Declaration of Dineen M. Allen (ECF No. 56-1). The original declaration represented that the November 22 reminder was sent to "all active U.S.-based employees" and that Plaintiff, Shanks, and Maxim received both emails. ECF No. 10-7 ¶¶ 5–6, Page ID 321. **The Supplemental Declaration instead states that the November 22 email was sent only to employees "who had not yet acknowledged receipt of the Arbitration Policy,"** and further states that Shanks did not receive that email because she had already acknowledged the Policy. ECF No. 56-1 ¶¶ 4–5, Page ID 1514. Thus, Defendants' own subsequent evidence establishes that the original declaration did not accurately describe either the recipient population or which Individual Defendants received the November 22 email." | (ECF Doc 46, p.5, ¶¶15,16)" |

| **ECF 56-1 — Suppl Allen Declaration** | **Representation Made to the Court about Distribution of purported Arbitration Policy** | **Cross-Reference** |
|---|---|---|
| Nov. 22, 2024 | "In connection with preparing this Supplemental Declaration, I reviewed my original Declaration. | ECF 56-1 ¶4, |

| | | |
|---|---|---|
| Reminder of what She sai before | In doing so, I noted that in paragraph 5 of my original Declaration, I stated that the 'Bank sent a reminder email to all active U.S.-based employees, including Ms. D'Sol and the Individual Defendants, on November 22, 2024.' I wanted to clarify that the Bank sent the reminder email to all active U.S.-based employees who had not yet acknowledged receipt of the Arbitration Policy." | Page ID 1513-1514 |
| Nov. 22, 2024 She completely Fixed her Statement To match what Plaintiff exposed and did not disclose it | "I also reviewed the Bank's internal electronic data again to confirm that Plaintiff Luna D'Sol and Peter Maxim received the aforementioned reminder email on November 22, 2024 at their company email addresses. Based on my further review of the Bank's internal electronic data, I confirmed that Tricia Shanks did not receive this reminder email on November 22, 2024 because she had already acknowledged the Arbitration Policy." | ECF 56-1 ¶5, Page ID 1514 |

Defendants have not carried their burden of establishing formation of an arbitration agreement. Their own subsequent evidence materially contradicts the factual record offered to establish delivery, notice, acknowledgment, and assent. **The Court should therefore decline to compel arbitration on the present record**. To the extent the Court finds that Defendants knowingly presented materially inaccurate evidence or acted in bad faith, Plaintiff further requests appropriate sanctions pursuant to the Court's inherent authority. Chambers v. NASCO, Inc., 501 U.S. 32, 43–46 (1991).

Notably, throughout ECF No. 66, Defendants repeatedly cross-reference ECF No. 60 without independently explaining the underlying record on which those assertions depend. This is significant because ECF No. 60 itself substantially relies upon Defendants' ECF No. 26 series—the same filing sequence Plaintiff brought to the Court's attention yesterday and which is illustrated below. Rather than confront the inconsistencies Plaintiff has identified in the underlying record, Defendants increasingly route their present factual assertions through ECF No. 60, which in turn

routes the Court back to ECF No. 26. The result is a layered chain of cross-references that obscures, rather than resolves, the underlying evidentiary discrepancies.

For example, Plaintiff has already challenged Defendants' characterization of Bank of America Corporation ("BAC") as a sham defendant with Defendants' own employment records. Those records identify BAC as Plaintiff's employer and identify Bank of America as the entity effectuating Plaintiff's termination (ECF Doc. 50, 50-2, Pl's RJN 10, Exhibit J, Page ID 1425, 1430-1432) . Yet Defendants continue to characterize BANA as Plaintiff's employer and repeatedly route that assertion through ECF No. 60 rather than confront the contrary employment records identified in Plaintiff's Request for Judicial Notice (Id.). This is not merely a disagreement over terminology: Defendants relied upon BAC's asserted sham status to support removal and federal jurisdiction. If the Court determines that the record defeats Defendants' characterization of BAC as a sham defendant and thereby defeats the jurisdictional predicate for removal, the Court should remand the action. To the extent the Court further finds that Defendants knowingly made materially false jurisdictional representations or acted in bad faith, Plaintiff requests appropriate sanctions under the Court's inherent authority. Chambers v. NASCO, Inc., 501 U.S. 32, 43–46 (1991).

## II. EVIDENTIARY FOUNDATION COLLAPSES

Defendants do not independently establish in their present Opposition the asserted "legitimate evidentiary basis" for publishing Plaintiff's former legal name. Instead, ECF No. 66 incorporates the position asserted in Defendants' earlier sanctions opposition: "Defendants maintain the position set out in their Opposition to Plaintiff's Motion for Sanctions…. ECF No. 60." (ECF Doc. 66, pp. 5:1-2

That incorporation matters because ECF No. 60 itself directs the Court to specific documentary evidence using an admittedly erroneous citation. ECF No. 60 cites "ECF No. 26-2 at Page ID 793-797" as containing Plaintiff's July 6, 2026 meet-and-confer email. But ECF No. 26-2 consists of Page ID 519-524. Page ID 793-797 appears instead in the separately filed ECF No. 26-8. Plaintiff identified that discrepancy, and Defendants subsequently conceded it in ECF No. 69: "The intended citation is to ECF No. 26-8 at Page ID 793-797."

Plaintiff does not contend that this citation error, standing alone, invalidates every assertion in ECF No. 60. **The narrower point is that ECF No. 66 asks the Court to accept an incorporated evidentiary justification from ECF No. 60 without independently addressing the underlying record, even though Defendants have already acknowledged that ECF No. 60 directs the Court to the wrong separately docketed exhibit for at least one specific evidentiary proposition.**

That problem is compounded here because the incorporated account is also incomplete. ECF No. 66 relies upon the original Allen Declaration while omitting Defendants' subsequently filed Supplemental Allen Declaration, ECF No. 56-1, which followed Plaintiff's challenge in ECF No. 43 and materially qualified Allen's description of the November 22 distribution. The Court therefore should evaluate the actual filings and their chronology rather than treat ECF No. 60's incorporated characterization as a substitute for that record.




Respectfully submitted by

Dated: August 20, 2026 /s/Luna D'Sol

Luna D'Sol, Plaintiff in Pro Per