LUNA D'SOL
Plaintiff, In Pro Per
Email Address: jravada@icloud.com
2275 E Belding Dr
Palm Springs, CA 92262
Telephone: 213-925-4069

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUNA D'SOL,<br><br>Plaintiff,<br><br>v.<br>BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; TRICIA SHANKS, an individual; PETER C. MAXIM, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:26-cv-03535-JGB-SP<br><br>Hon. Jesus G. Bernal<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF EX PARTE APPLICATION FOR AN ORDER STRIKING, DISREGARDING, OR PRECLUDING RELIANCE ON ECF DOC 26, 26-1 THROUGH 26-10**<br><br>Courtroom: 1, 2nd Floor<br><br>Concurrently filed with supporting declaration |

## I. INTRODUCTION

Defendants' Opposition (ECF Doc. 69) does not rebut the two concrete, document-specific defects that are the actual subject of this Application. First, Defendants' own Opposition concedes in a footnote that the citation in ECF No. 60 to "ECF No. 26-2 at Page ID 793-797" was wrong (See ECF Doc. 69, p.10, n.1)— in the same footnote Defendants now state that "[t]he intended citation is to ECF No. 26-8." (Id.). That is precisely the correction Plaintiff requested from Defendants in a meet-and-confer request that they ignored (ECF Doc. 67-3). Second, Defendants submit no declaration describing what their July 2026 mailing (ECF Doc. 26) to Plaintiff actually contained; they offer only

counsel's unsworn assertion that they "dispute that the mailing was incomplete." (ECF Doc. 69 p. 2:13-22). Plaintiff's sworn declaration regarding the contents of the mailing (ECF Doc. 67-2 ¶¶ 11-13, 22-23) remains unrebutted by testimony from any person with personal knowledge of what was placed in the envelope.

Defendants' criticism calling Plaintiff's request voluminous (ECF Doc. 69 at 2:11) is particularly incongruous where Plaintiff presented approximately 139 pages (ECF Doc. 67) to address a challenged record encompassing approximately 294 pages (ECF Doc 26), while Defendants responded with approximately 334 pages of their own (ECF Doc 69). Defendants cannot reasonably characterize Plaintiff's submission as unduly burdensome merely by reference to its volume while simultaneously requiring the Court to review a response more than twice its size.

Defendants assert that "Plaintiff repeatedly spits out in a stream of incomprehensible AI generated ex parte applications without regard to the burden on the parties or the Court…" (ECF No. 69 at 3:5–17). Defendants demonstrate a callous and hypocritical disregard for Plaintiff's abilities. English is Plaintiff's second language. Yet each named Defendant in this action found Plaintiff capable of contributing value to their performance for years, and each named Defendant thereafter participated in efforts to end Plaintiff's employment beginning the same day they read Plaintiff's communication disclosing her transgender status. (ECF Doc. 65-1 ¶¶4-7, 10-16).

In ECF No. 26, Defendants included additional material that Plaintiff never received and whose filing Defendants did not disclose to Plaintiff. (See D'Sol Dec; ¶¶7-11)

## II. LEGAL STANDARD:

Courts in this District strike duplicative docket filings. See JUAN CARLOS BORROEL, Plaintiff, v. HOME DEPOT U.S.A., INC., et al., 2023, 2:22-cv-02706-FLA (JPRx), (C.D. Cal. Mar. 31, 2023) (Aenlle-Rocha, L.) (striking a "duplicative filing" and reiterating in the disposition that the "duplicative motion" was "STRICKEN"

**CERTIFICATE OF COMPLIANCE**

Pursuant to the Court's page limit for this Reply, I certify that this Reply contains ONE page of text, excluding the caption page, signature block, Reply Declaration, and any exhibits.

Respectfully Submitted

Dated: August 21, 2026.

/s/ Luna D'Sol

Luna D'Sol, Plaintiff, In Pro Per