LUNA D'SOL
Plaintiff, In Pro Per
Email Address: jravada@icloud.com
2275 E Belding Dr
Palm Springs, CA 92262
Telephone: 213-925-4069

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUNA D'SOL,<br>Plaintiff,<br>v.<br>BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; TRICIA SHANKS, an individual; PETER C. MAXIM, an individual; and DOES 1 through 50, inclusive,<br>Defendants. | Case No. 5:26-cv-03535-JGB-SP<br>Hon. Jesus G. Bernal<br>**PLAINTIFF'S REPLY IN SUPPORT OF EX PARTE APPLICATION FOR AN ORDER STRIKING, DISREGARDING, OR PRECLUDING RELIANCE ON ECF DOC 26, 26-1 THROUGH 26-10**<br>Courtroom: 1, 2nd Floor<br>Concurrently filed with Plaintiff's Reply |

**DECLARATION OF LUNA D'SOL**

I Luna D'Sol declare as follows:

1. I am the Plaintiff in the above-captioned action. I make this declaration based upon my personal knowledge, and if called as a witness, I could and would testify competently to the facts stated herein.
2. As Plaintiff in this action, I am familiar with the filings, documents, correspondence, and other communications that I personally received from Defendants and their counsel, as well

as the documents that I personally transmitted to them. I have personally reviewed the relevant communications and compared them with the documents subsequently filed by Defendants on the Court's docket. I am therefore familiar with the circumstances under which those communications and documents were transmitted, received, and subsequently used in this litigation.

3. I did not receive any communication from Bank of America concerning an Arbitration Agreement or Arbitration Policy at any time during November 2024. Had I received such a communication, I would remember it clearly. Had I been presented with an arbitration agreement or policy that permitted me to decline or opt out subject to separation from employment, I would have elected to express my refusal, notwithstanding that consequence.

4. On January 16, 2025 Defendant Maxim rated me a solid performer based on my entire 2024 review and he did not document areas of opportunity where I needed improvement.

5. On February 19, Defendant Shanks praised my performance and support in a team's meeting

6. On February 26, 2025, I disclosed to individual defendants that I "identify as female…I am very pleased to take this step towards wholeness while staying at the job that I find very rewarding. This change will not affect my ability to do my job. In fact, I may be less distracted when I no longer have to deal with hiding my true identity…. You may find me more enjoyable to be around and work with….. Some of you may not approve of what I am doing which I believe it is your right, however I expect that everyone would still treat me with basic human respect…. I pray that I never regret to have put my fears aside in order to stand up firm with pride knowing that the company we work for is committed to protect me."

7. In connection with preparing this Reply Declaration, I reviewed my prior Declaration, the communications exchanged between Defendants' counsel and me between June 30 and July 15, 2026, and the documents Defendants subsequently filed as ECF No. 26 and its

exhibits. In doing so, I compared the communications and documents I actually transmitted to Defendants with the materials Defendants subsequently placed on the Court's docket.

8. On June 30, 2026, Defendants' counsel sent me an email designated "Privileged and Confidential Settlement Communication," asking whether I had a reasonable settlement demand and stating that Defendants believed it made sense to discuss "a pathway to resolution" before the parties spent significant time and resources on motion practice. A true and correct copy of Defendants' June 30th, 2026 request is attached herein as **Exhibit 94.**

9. In reliance on Defendants' June 30, 2026 communication shifting the parties' discussion toward a potential resolution before further motion practice, I responded with my views concerning settlement and provided Defendants with information and materials reflecting matters I had identified and was then evaluating. I understood that information to be exchanged as part of the settlement discussions Defendants had requested, rather than as documents being submitted to the Court.

10. On July 14, 2026, I clarified to Defendants that their June 30 communication had shifted our discussions toward settlement and I expressly reminded Defendants that the documents and information I had provided during that period of June 30th 2026, and July 9, 2026, were "provided solely for settlement purposes did not intended to constitute operative litigation filings or communications." A true and correct copy of Plaintiff's communication to Defendants about protected communication is attached here in as **Exhibit 95.**

11. The following day, July 15, 2026, Defendants filed ECF No. 26 and its exhibits ECF Nos. 26-4 through 26-10 contain information and materials that I had provided to Defendants in connection with settlement discussions requested by Defendants' counsel on Defendants behalf. At the time, Defendants knew that I did not have access to CM/ECF. The physical mailing I subsequently received did not contain ECF Nos. 26-4 through 26-10, nor did it contain the principal papers identifying the filing as Defendants' opposition. Instead, the mailing contained only a portion of ECF No. 26-3, consisting largely of previously filed materials bearing overlapping CM/ECF headers from their successive filings. As a result, I

was neither electronically able to access ECF No. 26 nor physically provided the portions of the filing containing the materials Defendants had obtained from me during the preceding communications.

I solemnly affirm, upon my honor and conscience, and declare under penalty of perjury under the laws of the United States of America and of California State that the foregoing is true and correct. I consent that any willfully false material statement made herein may subject me to imprisonment and penalties provided by law.

Dated August 21st 2026 at Palm Springs CA 92262

/s/ Luna D'Sol

Luna D'Sol, Plaintiff, In Pro Per

EXHIBIT 94

**From:** **Antonopoulos, Nicole L.** nicole.antonopoulos@morganlewis.com
**Subject:** D'Sol v. Bank of America, N.A. et al - Privileged and Confidential Settlement Communication
**Date:** June 30, 2026 at 14:40
**To:** Luna D'Sol jravada@icloud.com
**Cc:** Cho, Karen Y. karen.cho@morganlewis.com

NA

Privileged and Confidential Settlement Communication

Hi Luna,

Hope you are well. We wanted to circle back on our settlement discussions in the *D'Sol v. Bank of America, N.A. et al* matter. Could you please let us know whether you have a reasonable settlement demand you would like us to convey to Defendants? Also, if you are interested in mediation at this point, please let us know. As we've discussed, there will be a lot of motion practice in the near term, and we believe these motions will greatly impact the case. We think it makes sense to discuss a pathway to resolution now before we both spend significant time and resources on the motion practice. Thank you.

**Nicole L. Antonopoulos**
**Morgan, Lewis & Bockius LLP**
1400 Page Mill Road | Palo Alto, CA 94304-1124
Direct: +1.650.843.7236 | Main: +1.650.843.4000 | Fax: +1.650.843.4001
nicole.antonopoulos@morganlewis.com | www.morganlewis.com

mg_info.txt

EXHIBIT 95



**From:** **Luna D'Sol** jravada@icloud.com
**Subject:** Re: Operative Filing
**Date:** July 14, 2026 at 01:41
**To:** Antonopoulos, Nicole L. nicole.antonopoulos@morganlewis.com
**Cc:** Cho, Karen Y. karen.cho@morganlewis.com

---

Nicole,

Thank you for your email.

On June 30, we had a telephone conversation during which I corrected the misconception that I had been served. I explained that I had not been served, that I had not consented to service by email or any other electronic means, and that I had not received any documents by mail. When I asked for a tracking number, you confirmed that no tracking service had been used and stated that the documents had simply been stamped and mailed. I now understand that a tracking number did exist and that, as of that date, the package had already been returned to your office.

You then sent me an email discussing your disagreement regarding arbitration, noting that you had a deadline and scheduling a July 1 follow-up regarding the Answer to the Complaint. One minute later, however, you changed the focus of our communications by stating:

"We think it makes sense to discuss a pathway to resolution now before we both spend significant time and resources on the motion practice. Thank you."

Accordingly, on July 1, because I still had not been served and the last communication from you had shifted the discussion toward settlement, I responded with my views regarding settlement. Later I also shared the draft I had prepared, as I thought you were still discussing terms with your client,

Also, when I observed a FedEx package being left at my residence and emailed to ask whether it had been sent by your office. You did not respond. As a result, I believed you were still consulting with your client regarding settlement.

It was not until July 9, when I actually received the removal papers, that I understood that your request to shift our attention toward settlement had been made in bad faith with the purpose to delay my response.

As your office itself advised me repeatedly last August, any information exchanged during settlement discussions is confidential. Specifically, your office stated:

"And to be clear, any filing in court in breach of the parties' agreement to maintain the confidentiality of settlement-related communications, the Bank will seek damages and attorneys' fees."

And to be clear, any documents or information you received from me between June 30, 2026—the date on which your office shifted our communications toward settlement discussions—and July 9, 2026—the date on which I confirmed receipt of the removal papers and understood that your office was no longer pursuing settlement—were provided solely for settlement purposes and were not intended to constitute operative litigation filings or communications.

Regards,

Luna D'Sol