LUNA D'SOL
Plaintiff, In Pro Per
Email Address: jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUNA D'SOL<br>Plaintiff,<br><br>VS.<br><br>BANK OF AMERICA, N.A.;<br>BANK OF AMERICA CORPORATION;<br>TRICIA SHANKS, an individual;<br>PETER C MAXIM, an individual;<br>and DOES 1 through 50, inclusive,<br>Defendant(s). | Case No: 5:26-cv-03535-JGB-SP<br><br>**NOTICE OF TECHNICAL FILING IRREGULARITY AND IDENTIFICATION OF EXISTING REMAND RECORD**<br><br>Judge: Hon. Jesus G. Bernal. .<br>United States District Judge<br><br>Courtroom: 1, 2nd floor<br><br>Complaint Filed: March 4th, 2026 |

**TO THE HONORABLE JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE, AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Plaintiff Luna D'Sol, appearing pro se, respectfully submits this Notice to advise the Court of a technical irregularity affecting the electronic text layer of certain of Plaintiff's docketed PDF filings. Although the affected documents appear normal and remain fully readable on the screen, the underlying electronic text is corrupted. As a result, electronic searches may fail to locate words that visibly appear in the documents, and copying or extracting text may produce incorrect characters. Plaintiff brings this issue to the Court's attention because the irregularity may prevent or impair electronic searching, indexing, text extraction, accessibility functions, or other electronic methods of locating and reviewing the contents of those filings, notwithstanding that the documents remain visually readable. This issue directly affects Plaintiff's presentation of her arguments and defenses including those presented in the pending Motion to Remand (ECF No. 28).

## I. TECHNICAL FILING IRREGULARITY

The irregularity can be observed directly from the docket. For example, in ECF No. 42, selecting any portion of the visible text, copying it, and pasting the copied material into a text document or other text field produces characters such as:

"⊠⊠⊠⊠⊠⊠⊠⊠ ⊠⊠ ⊠⊠⊠⊠⊠ ⊠⊠⊠⊠⊠⊠⊠⊠⊠⊠⊠⊠ ⊠⊠⊠⊠⊠⊠⊠⊠⊠⊠⊠⊠ ⊠⊠⊠⊠⊠⊠⊠⊠..."

rather than the words visibly displayed on the corresponding page.

Plaintiff has identified the following docket entries as exhibiting this irregularity: ECF Nos. 18, 19, 21, 22, 28, 29, 30, 31, 32, 33, 34, 42, 43, 44, 45, 46, 47, 48, and 67-7. Of particular relevance to the pending Motion to Remand, ECF Nos. 19, 28, 29, 30, and 31 are among the affected filings.

## II. IDENTIFICATION OF THE EXISTING REMAND RECORD

The Motion to Remand has been fully briefed. Because the filings comprising the remand record appear across multiple docket entries, and because several of Plaintiff's filings are affected by the electronic-text irregularity described above, Plaintiff identifies the principal remand filings below:

| ECF No. | Document | Filed By | Category | Concurrently Filed with |
|---|---|---|---|---|
| 1 | Notice of Removal | Defendants | Removal | |
| 25 | Plaintiff's Objections to Defendants' Evidence re: Notice of Removal | Plaintiff | ISO Motion to Remand | 28, 20 |
| | | | | |
| 3 | Notice of Related Case [L.R. 83-1.3.1] | Defendants | Removal-adjacent | |
| 19 | Plaintiff's Response in Opposition to Bank's Notice of Related Cases | Plaintiff | Removal-adjacent | |
| | | | | |
| 5 | Certificate of Service | Defendants | Removal-adjacent | |
| | | | | |
| 17 | Plaintiff's Request for Judicial Notice | Plaintiff | ISO Motion to Remand | 28, 29, 19 |
| | | | | |
| 20 | Declaration of Kevin Cohen | Plaintiff | Forensic Expert Declaration | |
| | | | | |
| 28 | Plaintiff's Notice of Motion and Motion to Remand, | Plaintiff | Motion to Remand (Notice) | |
| 29 | Memorandum ISO Motion to Remand | Plaintiff | ISO Motion to Remand | |
| 30 | Notice of Lodging the complete state court proof of service pursuant LR 81-1 | Plaintiff | ISO Motion to Remand | |
| 31 | Declaration of Luna D'Sol ISO Motion to Remand | Plaintiff | ISO Motion to Remand | |
| 37 | Bank's Opposition to Motion to Remand | Defendants | Motion to Remand (Opposition) | |
| 38 | Bank's Request for Judicial Notice | Defendants | Opposition-supporting RJN | |
| 49 | Plaintiff's Reply ISO Motion to Remand | Plaintiff | Motion to Remand (Reply) | |
| 49-2 | Declaration of Luna D'Sol ISO Plaintiff's Reply Motion to Remand and Exhibits 49-3 through 49-8 | Plaintiff | Motion to Remand (Reply) | 49, 50, 51 |
| 50 | Plaintiff's Request for Judicial Notice ISO Reply | Plaintiff | Reply-supporting RJN | |
| 51 | Plaintiff's Opposition to Two of Bank's RJNs | Plaintiff | Evidentiary Opposition to ECF 38 | 49, 50 |
| 53 | Plaintiff's Objections to Evidence ISO Bank's Opposition to Remand | Plaintiff | Evidentiary Objection to ECF 37 (Remand) | 49 |

## III. RECORD ROADMAP REGARDING DEFENDANTS' FRAUDULENT-JOINDER CONTENTIONS

The electronic-text irregularity described in Section I is not the only record-access concern giving rise to this roadmap. Plaintiff has separately raised concern regarding the unnecessary procedural and record complexity created by ECF No. 26: Defendants filed ECF No. 26 in connection with a different pending motion; Defendants knew Plaintiff lacked CM/ECF access. Defendants served only the material now docketed as ECF No. 26-3, which consisted of double-scanned reproduction of the Notice of Removal, with overlapping ECF header text rendered difficult or impossible to read (beginning Page ID 527). The material served did not include the opposition memorandum, index, supporting declaration, or 26-4 through 26-10. Those unserved filings contained information Defendants had requested from Plaintiff in connection with settlement discussions. On July 14, 2026, Plaintiff expressly notified Defendants that the information was provided "solely for settlement purposes" (ECF Doc. 71-1, Exhibit 95, Page ID 2293); the following day, Defendants filed those materials as ECF Nos. 26-4 through 26-10.

In ECF No. 60, Defendants repeatedly cited ECF No. 26, including materials Plaintiff had previously challenged but which now appeared through different cross-references. Defendants cited "ECF No. 26-2 at Page ID 793-797," even though ECF No. 26-2 contains Page ID 519-524. Defendants subsequently conceded that citation was incorrect (ECF No. 69 at 10 n.1) and stated in the same footnote that "[t]he intended citation is to ECF No. 26-8." (Id.). (See ECF Doc. 71Page ID 2283).

**Therefore, to ensure that Plaintiff's previously filed arguments, objections, and supporting evidence remain readily traceable to the contentions they address, Plaintiff now presents the following citation roadmap of the existing remand record.**

**The standard, in Defendants' own words.**

Defendants' Opposition (ECF 37 at 12, Page ID #:1117):
"There are two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."' Grand Care, LLC v. Thrower, 889 F.3d 543, 548 (9th Cir. 2018) (quoting Hunter v. Phillip Morris USA, 582 F.3d 1039, 1044 (9th

Cir. 2009)). To establish fraudulent joinder the second way, a defendant must show that the joined, non-diverse party 'cannot be liable on any theory.' Id.

**GROUND ONE**

**‘As discussed further below, the only two claims against Maxim are premised on FEHA, and Plaintiff cannot pursue these claims because she failed to exhaust her administrative remedies as to Maxim before filing her complaint. “**

**Supported by:**

“In order to meet this requirement, ‘the defendants must have been named in the caption or body of the DFEH [now known as CRD] charge.’ Cole, 47 Cal. App. 4th at 1515… Here, Plaintiff alleges that she ‘exhausted her administrative remedies by filing a timely administrative complaint with California’s Civil Rights Department and obtained a right-to-sue letter’ and attaches a copy of a ‘Notice of Case Closure and Right to Sue’ for CRD Matter Number 202508-30704712. However, Plaintiff did not name Maxim anywhere in her CRD administrative complaint. See Defendants’ RJN Exh. 1. Accordingly, Plaintiff has not obtained the required ‘right to sue’ notice that allows her to bring a civil action pursuant to FEHA against Maxim. See Gov. Code § 12965(b).” (ECF No. 37 at 13, Page ID #:1118.)

“Batacan v. Allscripts Healthcare, LLC, 2021 WL 2139065 (C.D. Cal. May 25, 2021) is precisely on point. There, the court denied the plaintiff’s motion to remand and sua sponte dismissed the plaintiff’s claim against the individual defendant, finding that the individual defendant was ‘fraudulently joined because [the] [p]laintiff failed to name [the individual] in her DFEH complaint.’… Similarly, in Kaldis v. Wells Fargo Bank, N.A., 2016 WL 6407377, at *4 (C.D. Cal. Oct. 28, 2016), the court denied the plaintiff’s motion to remand and found that the individual defendants were fraudulently joined.” (ECF No. 37 at 14-15, Page ID ##:1119-1120.)

“Thus, because Maxim was not named in Plaintiff’s administrative charge, Plaintiff has no viable FEHA claims against Maxim.” (ECF No. 37 at 15, Page ID #:1120.)

**Addressed by:**

“Defendants aggressively assert that Plaintiff’s second and seventh claim against Defendant Peter Maxim are completely barred under the FEHA. Citing Cole v. Antelope Valley Union High Sch. Dist., 47 Cal. App. 4th 1505, 1515 (1996), Defendants hastily conclude that because Peter C. Maxim was not identified in the caption of Plaintiff’s administrative charge, Plaintiff necessarily failed to exhaust her administrative remedies as to Maxim, thereby rendering him a purported ‘sham defendant.’” (ECF No. 49 at 5, Page ID #:1366.)

"The complete CRD administrative record directly refutes Defendants' contention that Peter C. Maxim was absent from Plaintiff's administrative charge (See D'Sol Decl. ¶8, Exhibit 51)… The same administrative record identifies two uploaded documents entitled '2025-02-26 - Luna shares transgender status and upcoming surgeries with manager – Sex:Gender Identity,' which were submitted to the CRD as part of Plaintiff's charge. Exhibit 51.pdf Those documents consist of Plaintiff's February 26, 2025 email addressed directly to Tricia Shanks and Peter C. Maxim, notifying them of Plaintiff's transgender status, transition, and anticipated medical treatment." (ECF No. 49 at 5, Page ID #:1366.)

"Accordingly, had the CRD conducted an administrative investigation, both Shanks and Maxim would necessarily have been identified, placed on notice of Plaintiff's allegations, and afforded an opportunity to participate in the administrative process. See Cole v. Antelope Valley Union High Sch. Dist., 47 Cal. App. 4th 1505, 1511 (1996); Martin v. Fisher, 11 Cal. App. 4th 118, 121-23 (1993) (administrative remedies exhausted where defendant was identified in the body of the charge); Saavedra v. Orange County Consolidated Transportation Service Agency, 11 Cal. App. 4th 824, 827 (1992) (administrative remedies exhausted where defendant was described in the body of the charge despite not being named as a respondent)." (ECF No. 49 at 5-6, Page ID ##:1366-1367.)

Plus the sworn record underlying that last paragraph — Declaration of Luna D'Sol (ECF No. 49-2 ¶ 8, Page ID #:1378) and the CRD administrative record itself, Exhibit 51 (ECF No. 49-4 at 3, 5-6, Page ID ##:1408, 1410-1411).

**GROUND TWO**

**"In any event, Plaintiff's allegations provide no basis for her FEHA claims against Maxim for harassment or aiding and abetting discrimination, harassment, and retaliation. Plaintiff cannot show that any amended complaint will cure these defects." (ECF No. 37 at 12, Page ID #:1117.)**

**Supported by:**

"To establish a claim of harassment under FEHA, Plaintiff must show she was subjected to harassing conduct that was (1) unwelcome; (2) because of her protected characteristic; and (3) sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment. Bailey v. S.F. Dist. Attorney's Off., 16 Cal. 5th 611, 627 (2024)… 'commonly necessary personnel management

actions... do not come within the meaning of harassment.' Janken, 46 Cal. App. 4th at 64-65." (ECF No. 37 at 15-16, Page ID ##:1120-1121.)

"Plaintiff's allegations as to Maxim's alleged conduct—such as 'falsely accusing Plaintiff of not working and then admitting he had no basis for the accusation; ignoring Plaintiff's expressed interest in new assignments while distributing them to other team members; singling Plaintiff out to remain online after hours during a system outage while releasing every other employee; responding to Plaintiff's compliance with profanity and dismissal; and participating in the transmission of termination documentation while the bank had already approved to be off that day'—fall squarely within the bounds of 'commonly necessary personnel management actions.'" (ECF No. 37 at 16-17, Page ID ##:1121-1122.)

"For example, in Martinez v. Schneider Logistics Transloading & Distribution, Inc., 2016 WL 6833911, at *4 (C.D. Cal. Nov. 18, 2016) (Bernal J.), this Court found that an individual defendant was fraudulently joined where the allegations only amounted to personnel decisions: '...there is no basis for the Court to infer that there was any conduct that could possibly be construed as harassment by Gonzalez.'" (ECF No. 37 at 18, Page ID #:1123.)

"Second, Maxim's alleged conduct is unrelated to Plaintiff's sex, gender identity, gender expression, and transgender status. Indeed, there are no allegations of any derogatory comments or slurs made to or about Plaintiff or any other casual connection between the alleged conduct and Plaintiff's protected characteristics." (ECF No. 37 at 19, Page ID #:1124.)

"Plaintiff argues that she 'could amend to plead additional facts supporting her FEHA claims against Maxim.' Motion at 12. However, she fails to identify any additional factual allegations. 'While the burden is on Defendants to show fraudulent joinder, Plaintiff must maintain some responsibility to show that he could plausibly state a claim on an amended pleading.' Jensen v. Hardwoods Specialty Prods. US LP, 2022 WL 17455980, at *4 (E.D. Cal. Dec. 6, 2022). Because Plaintiff has not made any showing that she could bolster her complaint with factual allegations rising to the level of harassment by Maxim, this Court should conclude that she is unable to do so." (ECF No. 37 at 19-20, Page ID ##:1124-1125.)

"Also, Plaintiff's claim for aiding and abetting harassment under FEHA is derivative of Plaintiff's harassment claim, and thus fails for the same reasons as her harassment claim as discussed above." (ECF No. 37 at 21, Page ID #:1126.)

**Addressed by:**

"Defendants' argument resembles a boilerplate legal conclusion rather than a developed legal analysis. It does not identify the allegedly deficient allegations,

explain why they fall within Janken, or analyze the actual facts pleaded in the Complaint (ECF Doc. 37, p.8:18-24). Instead, Defendants simply cite Janken and invite the Court to speculate which allegations they believe are barred (Id.). That is not the showing required to establish fraudulent joinder. The defendant removing an action from state court bears the burden of establishing grounds for federal jurisdiction by a preponderance of evidence. 28 U.S.C.A. S 1441(a). All doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleading must be resolved in favor of remand (Gaus, supra, 980 F.2d at 566-67), and a lack of clear precedent does not render the joinder fraudulent (Lieberman v. Meshkin, Mazandarani, 1996 WL 732506, * 3 (N.D.Cal.1996))." (ECF No. 49 at 6, Page ID #:1367.)

## GROUND THREE

**"Notably, this is the third employment action Plaintiff has filed against BANA, and the first action where Maxim is named as a defendant. See Defendants' RJN Exh. 1, 2. Yet, there is still no possibility that Plaintiff can allege any viable claims against Maxim. Plaintiff takes the incredible position that her two prior lawsuits against BANA are not related to this action. Motion at 22, 23. However, contrary to Plaintiff's contention, court records confirm that Plaintiff's two prior lawsuits allege employment-related claims against BANA, including claims for discrimination, retaliation, and wrongful termination, just like Plaintiff's complaint here. See Defendants' RJN Exh. 1, 2. Because Plaintiff has no possible claim against Maxim, Maxim is a sham defendant and should be dismissed from this action." (ECF No. 37 at 12, Page ID #:1117.)**

**Supported by:**

"1. Plaintiff's Complaint for Damages against BANA and BAC filed on August 20, 2025 in Los Angeles County Superior Court, Case No. 25VECV04709 and the corresponding court docket as of September 8, 2025, a true and correct copy of which is attached as Exhibit 1. Exhibit 1 also contains a true and correct copy of Plaintiff's complaint filed with the Civil Rights Department, CRD Matter Number 202508-30704712." (ECF No. 38 at 1, Page ID #:1172.)

"2. The caption page of Plaintiff's Complaint against BANA, Sedgwick Claims Management Services, Inc., Fidelity Workplace Services, Inc. filed on December 8, 2025 in Central District of California, Case No. 5:25-cv-03316-SSS-DTBx, a true and correct copy of which is attached as Exhibit 2." (ECF No. 38 at 2, Page ID #:1173.)

**Addressed by:**

“Defendants’ attempt to characterize this action as Plaintiff’s ‘third lawsuit’ against BAC and BANA is misleading and legally irrelevant to the jurisdictional issues before this Court. (ECF Doc. 1; p. 8, n.2; p. 13; ¶ 22).” (ECF No. 29 at 22, Page ID #:829.)

“The prior federal action is not a related case. It named additional defendants, including Sedgwick Claims Management Services, Inc. and Fidelity entities, and asserted claims arising from employee benefit plans and the administration of disability, pension, retirement, and related benefits. Before the Court issued a summons, Plaintiff voluntarily dismissed that action without prejudice.” (ECF No. 29 at 22, Page ID #:829.)

“Shortly thereafter, those benefit-related issues proceeded through an active workers’ compensation matter involving parties and issues that substantially overlap with the dismissed federal action—not with this case.” (ECF No. 29 at 22, Page ID #:829.)

And as to the other prior action: “Even though Defendants’ counsel encouraged Plaintiff to file that action (D’Sol Decl. ¶ 46-47, Exhibits. 38-39), the Los Angeles Superior Court rejected Plaintiff’s fee waiver application and voided the entire action as though it had never been filed. Plaintiff contacted the Los Angeles Superior Court on July 10, 2026, and the clerk confirmed that the action remains void and of no legal effect. (Decl. D’Sol, Exhibit 48, Pl’s RJN No. 8 Exhibit H).” (ECF No. 29 at 22-23, Page ID ##:829-830.)

“Also, that case did not involve the same defendants and it was not for the same reason this claim is for. That claim was for the enfroceiblity of a fake arbitration that the bank had only produced one that it had been edited 30 minutes before sending it to me. My complaint here did not bring any agreements, any policie, any pension, no retirement. This is strictly FEHA (D’Sol Decl. 46, 47, ex 38-39).” (ECF No. 29 at 23, Page ID #:830.)

"First, Defendant's description of Exhibit 1 misleadingly suggests that the purported case docket is an official Los Angeles Superior Court record (ECF Doc. 38-1, pp. 19-20, Page ID 1193-1194). In fact, the document submitted appears to be an incomplete LexisNexis printout, not a docket obtained directly from the Los Angeles Superior Court. Defendant nowhere identifies LexisNexis as the source of the document in its Request for Judicial Notice, creating the false impression that the exhibit is an official court record (ECF Doc. 38, p. 2, ¶1, Page ID 1173)." (ECF No. 51 at 4, Page ID #:1443.)

"ALTERATION OF DOCUMENT: the final two pages of Exhibit 1 contain an unexplained redaction in the center of the page footer (ECF Doc. 38-1, pp. 19-20, Page ID 1193-1194). Plaintiff further notes that the second page bears the notation 'Page 2 of 2,' while the preceding page contains no corresponding 'Page 1 of 2' designation

(ID.). This inconsistency suggests that the pagination may have been altered after the document was created. Plaintiff further contends that the redacted footer is the location where the original page numbering appeared and that the omitted page following the submitted exhibit reflects that the entire Los Angeles Superior Court filing was subsequently voided because the clerk made an error on the fee waiver application. Plaintiff had provided proof to Defendants that the court deleted it as if it never happened, and that proof is also already part of this court's record. (ECF Doc. 17, pp. 102-103; Pl's RJN No. 8, Exhibit H, PAGE ID 474-475)." (ECF No. 51 at 5, Page ID #:1444.)

"Second, By omitting the source of the purported complaint, Defendant leaves the Court to speculate as to how it was obtained. Plaintiff's RJN No 12, Exhibit L, (D'Sol Decl. ¶6) establishes that no corresponding public court record exists, as the Los Angeles Superior Court's online case search returns 'No match found for case number 25VECV04709.' Defendant therefore cannot rely on the document as though it were a publicly filed court record without first establishing its origin and authenticity." (ECF No. 51 at 5, Page ID #:1444.)

"Third, Defendants describe Exhibit 2 as the case 'caption.' (ECF No. 38-2 at p. 2, ¶ 2, Page ID 1173). In fact, the exhibit is the first page of Plaintiff's complaint, which includes not only the caption but also substantive portions of the pleading. Referring to the document merely as a 'caption' materially mischaracterizes the exhibit actually presented to the Court. (Id.)." (ECF No. 51 at 5, Page ID #:1444.)

## IV. CONCLUSION

Plaintiff submits this Notice solely to identify the technical and record-location irregularities described above and to provide a consolidated citation roadmap to material already before the Court. Plaintiff does not seek through this Notice to supplement the remand briefing, introduce new evidence or argument, or request any particular disposition of the pending Motion to Remand. The roadmap is provided solely to ensure that Plaintiff's previously filed responses, objections, declarations, and supporting materials can be readily located and considered together with the contentions to which they correspond.

Respectfully Submitted by:

Dated August 24, 2026

/s/ Luna D'Sol

Luna D'Sol

Plaintiff in Pro Per