LUNA D'SOL
Plaintiff, In Pro Per
Email Address: jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUNA D'SOL<br>Plaintiff,<br><br>VS.<br><br>BANK OF AMERICA, N.A.;<br>BANK OF AMERICA CORPORATION;<br>TRICIA SHANKS, an individual;<br>PETER C MAXIM, an individual;<br>and DOES 1 through 50, inclusive,<br>Defendant(s). | **Case No:** 5:26-cv-03535-JGB-SP<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER FED. R. CIV. P. 11(b)(3)**<br>**[Served Pursuant to Fed. R. Civ. P. 11(c)(2) — ~~Not Filed~~]**<br><br>Judge: Hon. Jesus G. Bernal.<br>. United States District Juge<br><br>Date: August 24rd, 2026<br>Time: 8:30 am<br>Courtroom: 1, 2nd floor<br><br>Complaint Filed: March 4th, 2026 |

**PLAINTIFF LUNA D'SOL'S NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 11(b)(3) [SERVED PURSUANT TO FED. R. CIV. P. 11(c)(2) — ~~NOT FILED~~]**

**TO DEFENDANTS BANK OF AMERICA, N.A., BANK OF AMERICA CORPORATION, TRICIA SHANKS, AND PETER C. MAXIM, AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, no earlier than 21 days after service of this Motion as required by Federal Rule of Civil Procedure 11(c)(2), Plaintiff Luna D'Sol, appearing pro per, will move this Court for an order imposing sanctions pursuant to Federal Rule of Civil Procedure 11(b)(3) and 11(c) against**, Nicole L. Antonopoulos, Karen Y. Cho, and Morgan, Lewis & Bockius LLP.**

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities below, and such other matters as may properly be presented to the Court.

**I. INTRODUCTION**

Plaintiff Luna D'Sol serves this Notice of Motion and Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11(c)(2). This Motion concerns two independent Rule 11(b)(3) issues arising from Defendants' and their counsel's continued advocacy of factual contentions after Plaintiff identified evidence materially calling those contentions into question. First, Defendants continue to rely upon a certified chronology of service—including the Notice and Acknowledgment of Receipt ("NAR") under California Code of Civil Procedure section 415.30 and the related Certificate of Service for the Notice of Removal (ECF No. 5)—despite Plaintiff's contention that the evidentiary record materially contradicts those certifications. Second, Defendants continue to assert that Bank of America Corporation ("BAC") is a sham defendant notwithstanding Plaintiff's official Employment Data Report and other evidence identifying BAC, rather than Bank of America, N.A. ("BANA"), as Plaintiff's employer of record. Rule 11(b)(3) requires that factual contentions presented to the Court have evidentiary support. This Motion is served, ~~but not filed,~~ pursuant to

the 21-day safe-harbor procedure required by Rule 11(c)(2). See Radcliffe v. Rainbow Construction Co., 254 F.3d 772, 789 (9th Cir. 2001).

## II. LEGAL STANDARD

Rule 11(b)(3) requires that factual contentions presented to the Court have evidentiary support or, if specifically identified, will likely have evidentiary support after a reasonable opportunity for further investigation. Fed. R. Civ. P. 11(b)(3). When a pleading is the subject of Rule 11 proceedings, the court evaluates ”(1) whether the complaint is legally or factually baseless from an objective perspective, and (2) whether the attorney has conducted a reasonable and competent inquiry before signing and filing it.” Holgate v. Baldwin, 425 F.3d 671, 676 (9th Cir. 2005) (quoting Christian v. Mattel, Inc., 286 F.3d 1118, 1127 (9th Cir. 2002)).

The Ninth Circuit has further explained that the reasonable inquiry requirement asks whether an attorney, after conducting an objectively reasonable inquiry into the facts and law, would have found the factual contentions to be well founded. Holgate, 425 F.3d at 676.

Rule 11(c)(2) requires that a sanctions motion first be served on the opposing party and not filed unless the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within twenty-one days after service. The Ninth Circuit strictly enforces this safe-harbor requirement. Radcliffe v. Rainbow Constr. Co., 254 F.3d 772, 789 (9th Cir. 2001); Holgate, 425 F.3d at 678–80.

Rule 11 applies when an attorney later advocates a pleading or other paper and refuses to withdraw a position or acknowledge that there is no evidentiary support for a specified allegation.

## III. FIRST RULE 11 VIOLATION

Continued Reliance on the Notice and Acknowledgment of Receipt and Related Proof of Service

1. Defendants’ counsel continued certifying a factual chronology of service after Plaintiff identified evidence materially calling that chronology into question.

2. In the Notice of Removal, defendants' counsel relied upon two related documents supporting BANA's claim of service under California Code of Civil Procedure section 415.30: (a) the Notice and Acknowledgment of Receipt ("NAR"), representing that the NAR package was executed and deposited with the United States Postal Service; and (b) the accompanying Proof of Service, certifying completion of that service.

3. The Certificate of Service further acknowledges, in language Defendants' own counsel drafted and signed under penalty of perjury, that "service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in [the] affidavit."

4. Defendants' removal papers rely upon two related documents in support of BANA's claim of compliance with California Code of Civil Procedure section 415.30: (a) the Notice and Acknowledgment of Receipt ("NAR"), which Defendants contend was served in accordance with section 415.30; and (b) the accompanying Proof of Service, certifying that the NAR package was deposited in the United States mail and that service was completed in accordance with the statute

5. Plaintiff previously provided Defendants with what Plaintiff contends is the operative Proof of Service for BANA, which is also reflected in the publicly available California Superior Court docket. Despite receiving that document, Defendants have neither withdrawn nor corrected the Proof of Service relied upon in support of removal.

6. Defendants' response — or lack of one. Rather than correcting the record, Defendants did not respond to Plaintiff's meet and confer requests, follow-up emails, and voicemail messages asking that Defendants either file a corrected Proof of Service consistent with the USPS tracking history or explain the factual basis for maintaining the existing Certificate. Defendants have neither corrected the Certificate of Service nor withdrawn.

## IV. SECOND RULE 11 VIOLATION

**Continued Assertion that Bank of America Corporation Is a Sham Defendant**

7. The factual premise underlying Defendants' sham-defendant contention lacks evidentiary support.

8. Defendant Bank of America, N.A. ("BANA") removed this action asserting that its parent company, Bank of America Corporation ("BAC"), is a sham defendant whose citizenship and participation may be disregarded for purposes of removal. (Notice of Removal at 8 n.1 [ECF 1].) Rather than withdrawing this position, Defendants elevated the same contention from a footnote into the body of their Opposition to Plaintiff's Motion to Remand. (Opp'n to Mot. to Remand at 10-11, § B [ECF 37].)

9. Work Number Employment Data Report. Bank of America's own public website, at www.bankofamerica.com/associates, identifies "The Work Number" as the bank's designated employment and income verification service. (Demonstration of www.bankofamerica.com/associates, Ex. J to Pl.'s RJN No. 10 [ECF 31]; D'Sol Decl. ¶ 3 [ECF 49-2].) Plaintiff's official Employment Data Report, obtained directly from Equifax's Work Number, identifies Plaintiff's former employer as Bank of America Corporation — not BANA — and identifies Plaintiff's former position and separation information as reported by BAC to that verification service. BANA's name does not appear anywhere in the report. (Work Number Employment Data Report, Ex. 50 [ECF 49-2]; D'Sol Decl. ¶¶ 6-7 [ECF 49-2].)

10. Administrative record. The California Civil Rights Department Case Summary for Plaintiff's administrative charge, Matter No. 202508-30704712, further reflects that Plaintiff's charge identified "management" and the individual defendants by name in connection with the same course of conduct underlying this action. (CRD Case Summary, Ex. 51 [ECF 49-2]; D'Sol Decl. ¶ 8 [ECF 49-2].)

11. Plaintiff identified this evidence to Defendants in her Reply in support of her Motion to Remand, filed July 27, 2026 — more than 21 days before the date of this Motion. (Reply ISO Mot. to Remand at 8 [ECF 49].) Defendants have not, to date, withdrawn or corrected the sham-defendant contention, nor have they identified any evidence disputing the

Work Number Employment Data Report or the source Defendants' own website identifies as the bank's designated employment-verification system.

12. A party may not maintain a factual contention — that a named defendant has no possible connection to the plaintiff's claims — after being shown that defendant's own business records identifying it as the plaintiff's employer of record. Continued assertion that BAC is a sham defendant, without addressing or rebutting this evidence, lacks evidentiary support within the meaning of Rule 11(b)(3).

## V. RULE 11 SAFE HARBOR

13. This Motion is served on Defendants and their counsel of record on August 3, 2026. Consistent with Federal Rule of Civil Procedure 11(c)(2), ~~this Motion is not being filed with the Court~~. Plaintiff will not file this Motion, or any version of it, before the expiration of 21 days from the date of service. Defendants have the full 21-day period to withdraw or appropriately correct the certifications and contentions identified in Sections II and III above.

## V. REQUESTED RELIEF

14. If the conduct described in this Motion is not withdrawn or appropriately corrected within the 21-day period required by Rule 11(c)(2), Plaintiff will file this Motion and will ask the Court to: (a) order Defendants to withdraw or correct the certifications and contentions identified above; (b) impose appropriate sanctions pursuant to Rule 11(c)(4), including but not limited to striking the challenged certifications and contentions; and (c) award Plaintiff the reasonable expenses, including costs, incurred in bringing this Motion, pursuant to Fed. R. Civ. P. 11(c)(4).

Respectfully submitted,

Dated: August 3, 2026

/s/ LUNA D'SOL

Luna D'SoL