MORGAN, LEWIS & BOCKIUS LLP
Karen Y. Cho, Bar No. 274810
karen.cho@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Nicole L. Antonopoulos, Bar No. 306882
nicole.antonopoulos@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304-1124
Tel: +1.650.843.4000
Fax: +1.650.843.4001

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF AMERICA CORPORATION, TRICIA SHANKS, and PETER C. MAXIM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LUNA D'SOL,

Plaintiff,

vs.

BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; TRICIA SHANKS, an individual; and PETER C. MAXIM, an individual; and DOES 1 through 50, inclusive,

Defendants.

Case No. 5:26-cv-03535-JGB-SP

Hon. Jesus G. Bernal

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

Date: September 28, 2026
Time: 8:30 a.m.
Courtroom: 1, 2nd Floor

## TABLE OF CONTENTS


Page

I. INTRODUCTION .......... 1
II. LEGAL STANDARD .......... 2
  1. Local Rule 7-18 .......... 2
  2. Local Rule 6-1 .......... 3
  3. Local Rule 7-3 .......... 3
III. LEGAL ARGUMENT .......... 3
  A. Plaintiff's Motion Violates Local Rule 6-1. .......... 3
  B. Plaintiff's Motion Violates Local Rule 7-3. .......... 4
  C. Plaintiff's Motion for Reconsideration of the Remand Order Should Be Denied Because Plaintiff Fails to Identify any Manifest Failure to Consider Material Facts. .......... 6
  D. Plaintiff's Motion for Reconsideration of the Arbitration Order Should Be Denied Because Plaintiff Fails to Identify Any Material Change of Law Relevant to the Court's Order. .......... 9
    1. Plaintiff Waived Her Right To Invoke the EFAA. .......... 9
IV. CONCLUSION .......... 11
CERTIFICATE OF COMPLIANCE .......... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ardente v. Shanley*,
2010 WL 546485 (N.D. Cal. Feb. 9, 2010) ..... 10

*Arias v. Residence Inn by Marriott*,
936 F.3d 920 (9th Cir. 2019) ..... 6

*Arouh v. GAN Ltd.*,
2024 WL 3469032 (C.D. Cal. Mar. 22, 2024) ..... 11

*Brooke v. Grand Champions, LLC*,
2019 WL 8219407 (C.D. Cal. Sept. 16, 2019) ..... 4

*Brown v. United States*,
2011 WL 333380 (C.D. Cal. Jan. 31, 2011) ..... 2, 3

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
574 U.S. 81 (2014) ..... 7

*Ding v. Structure Therapeutics, Inc.*,
2026 WL 2420555 (9th Cir. Aug. 19, 2026) ..... 2, 9, 10, 11

*Full Tilt Boogie, LLC v. KEP Fortune, LLC*,
2023 WL 6446188 (C.D. Cal. Oct. 3, 2023) ..... 4, 6

*Gencarelli v. Twentieth Century Fox Film Corp.*,
2018 WL 376664 (C.D. Cal. Jan. 11, 2018) ..... 4

*Hooks v. Target Corp.*,
2023 WL 5505016 (C.D. Cal. July 25, 2023) ..... 5

*Lee v. Delta Air Lines Inc.*,
2022 WL 17078109 (C.D. Cal. Aug. 3, 2022) ..... 5

*Olivieri v. Stifel, Nicolaus & Co., Inc.*,
112 F.4th 74 (2d Cir. 2024) ..... 10, 11

*Pac. Dawn LLC v. Pritzker*,
831 F.3d 1166 (9th Cir. 2016) ..... 10

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2019 WL 1501577 (N.D. Cal. Apr. 5, 2019) .................... 7

*Waters v. Casas*, 2012 WL 12887061 (C.D. Cal. Jul. 9, 2012) .................... 3

**Statutes**

Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 .................... 2, 9, 10, 11

**Other Authorities**

Federal Rule of Civil Procedure 41(a)(1)(B).................... 11

L.R. 83-2.2.3 .................... 1

Local Rule 6-1 .................... 3, 4

Local Rule 7-3 .................... 3, 4, 5, 6

Local Rule 7-18 .................... 1, 2, 3, 5

# I. INTRODUCTION

Plaintiff's Motion for Reconsideration (the "Motion") is the latest in a series of procedurally improper and substantively deficient filings that have unnecessarily multiplied the proceedings in this action. As with Plaintiff's multiple prior motions, the present Motion disregards basic procedural requirements, lacks a cognizable legal basis, and asks the Court for relief that is unsupported by either the record or governing law. Plaintiff's pro se status does not excuse compliance with the applicable rules or permit repeated motion practice untethered to those rules. *See* L.R. 83-2.2.3. On August 27, 2026, this Court issued an Order denying Plaintiff's Motion to Remand; denying Defendants' Motion to Compel Arbitration; and ordering the Parties to file a joint statement regarding limited discovery about formation of arbitration agreement by September 14, 2026; among other rulings. ECF No. 78. Unhappy with the Court's decision, Plaintiff filed her Motion less than a week after the Court issued its ruling *and* before Plaintiff met and conferred despite the Court's express warning that "the Court sternly advises Plaintiff to engage in good faith meet and-confer efforts to resolve or clarify any issues with Defendants before commencing unnecessary or duplicative motions practice." Plaintiff fails to demonstrate any basis to seek reconsideration of the Court's Order.

First, Plaintiff asks the Court to reconsider the Order denying her Motion to Remand, arguing that the Order does not account for ECF No. 25 (her evidentiary objections to the Notice of Removal), ECF No. 17 (reflecting her claims against both individual defendants Tricia Shanks and Peter Maxim), and Plaintiff's arguments regarding the CRD complaint and related records. However, these purported facts and arguments are immaterial, and the Court considered the very same arguments that Plaintiff now makes (again) in her Motion. As a result, this is not a "manifest showing of a failure to consider material facts" required for reconsideration under the Civil Local Rule 7-18. Instead, Plaintiff's Motion simply rehashes the same alleged facts and arguments the Court already addressed and rejected, as reflected in

its Order.

Second, Plaintiff seeks reconsideration of the Order on Defendants' Motion to Compel Arbitration based on the mistaken premise that *Ding v. Structure Therapeutics, Inc.*, 2026 WL 2420555 (9th Cir. Aug. 19, 2026) constitutes a "material difference" in law concerning the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 ("EFAA"). But *Ding* – which was issued *prior* to the Court's Order on Defendants' Motion – does not disturb the Court's prior Order. Indeed, *Ding* expressly affirmed the principle that "[a] plaintiff may waive her EFAA rights under ordinary waiver principles." 2026 WL 2420555, at *5. Plaintiff has alleged a harassment claim since the inception of this action, yet she never raised the EFAA in opposing Defendants' Motion to Compel Arbitration. Plaintiff cannot now attempt to raise arguments that she could have raised when opposing Defendants' Motion to Compel Arbitration. That is not a proper basis for a motion for reconsideration, which are motions that are disfavored and rarely granted. Here, the Court correctly deemed the briefing complete and found that "Plaintiff contests the existence, ***not the scope***, of an arbitration agreement that would encompass this dispute." ECF No. 78 at 9 (emphasis added). Accordingly, Plaintiff has waived her EFAA contention, and nothing in Plaintiff's Motion supports reconsideration of the Court's Order.

For these reasons, discussed more fully below, Plaintiff's Motion should be denied in its entirety.

## II. LEGAL STANDARD

### 1. Local Rule 7-18

"Motions for reconsideration are disfavored and rarely granted" and are subject to "stringent standards." *Brown v. United States*, 2011 WL 333380, at *2 (C.D. Cal. Jan. 31, 2011). Civil Local Rule 7-18 provides that a motion for reconsideration will be granted only upon a showing by the moving party of one of the following:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or
>
> (b) the emergence of new material facts or a change of law occurring after the time of such decision, or
>
> (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

L.R. 7-18; *Waters v. Casas*, 2012 WL 12887061, at *2 (C.D. Cal. Jul. 9, 2012). Under Local Rule 7-18, "[n]o motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition, to the original motion." L.R. 7-18; *see also Brown*, 2011 WL 333380 at *3.

**2. <u>Local Rule 6-1</u>**

Civil Local Rule 6-1 states, in pertinent part, "[t]he notice of motion shall be filed with the Clerk not later than twenty-eight (28) days before the date set for hearing, and shall be served on each of the parties electronically or, if excepted from electronic filing, either by deposit in the mail or by personal service."

**3. <u>Local Rule 7-3</u>**

Civil Local Rule 7-3 requires the Parties to meet and confer "to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution" prior to the filing of the motion. Notably, Rule 7-3 requires this conference to take place "in person, by telephone, or via video conference at least 7 days prior to the filing of the motion." Rule 7-3 also requires the moving party to include a declaration, under penalty of perjury, that sets forth at a minimum the date(s) the conference took place and the position of each party with respect to each disputed issue that will be the subject of the motion. It further states that "[f]ailure to include such a declaration may result in the motion being denied."

## III. <u>LEGAL ARGUMENT</u>

### A. <u>Plaintiff's Motion Violates Local Rule 6-1.</u>

Local Rule 6-1 provides that the notice of motion shall be filed and electronically served no later than twenty-eight (28) days before the date set for

hearing. Here, Plaintiff filed and served her Motion for Reconsideration on September 1 and set the hearing for September 28, just twenty-seven (27) days later. As such, Plaintiff violated Local Rule 6-1. *See Gencarelli v. Twentieth Century Fox Film Corp.*, 2018 WL 376664, at 7 (C.D. Cal. Jan. 11, 2018) (denying pro se plaintiff's motion to add parties as untimely where he failed to file the noticed motion sufficiently in advance of the hearing deadline to comply with Local Rule 6-1); *Full Tilt Boogie, LLC v. KEP Fortune, LLC*, 2023 WL 6446188, at *5 (C.D. Cal. Oct. 3, 2023) (denying motion in part because movant failed to comply with Local Rule 6-1's twenty-eight-day notice requirement and explaining that the movant's "shortened notice" to the opposing parties "warrants denial" and "does not excuse" its disregard of the Local Rules); *Brooke v. Grand Champions, LLC*, 2019 WL 8219407, at *1 (C.D. Cal. Sept. 16, 2019) (denying motion for failure to comply with Local Rule 6-1). Notably, this is not the first time that Plaintiff has violated Local Rule 6-1 – she previously violated Local Rule 6-1 by filing and serving her Motion to Remand without complying with the requisite notice period. *See* ECF No. 29; *see also* ECF No. 37 at 26.

**B. <u>Plaintiff's Motion Violates Local Rule 7-3.</u>**

Local Rule 7-3 requires a meet and confer conference to take place "in person, by telephone, or via video conference at least 7 days prior to the filing of the motion." Here, Plaintiff rushed to file her Motion without participating in any meet and confer conference with Defendants' counsel and on the heels of four emergency motions in violation of the Local Rules and Standing Order. *See* Declaration of Karen Cho ¶ 6 ("Cho Decl.") Plaintiff first notified Defendants' counsel of her intent to file her Motion for Reconsideration on Friday, August 28, and she filed the Motion the following Tuesday, September 1 – only 4 days later and before Plaintiff met and conferred. *Id.*, ¶ 3. This Cout has already "sternly advise[d] Plaintiff to engage in good faith meet and-confer efforts to resolve or clarify any issues with Defendants before commencing unnecessary or duplicative motions practice." ECF No. 78.

Nevertheless, Plaintiff again failed to comply with this Court's good-faith meet and confer requirements.

Defendants' counsel promptly attempted to schedule a conference with Plaintiff. Cho Decl. ¶ 4. On Monday, August 31 – only one business day after Plaintiff notified Defendants' counsel of her intent to file the Motion – Defendants' counsel responded with availability to meet and confer on Wednesday. *Id*. Rather than agree to participate in the proposed conference, Plaintiff requested that Defendants provide their position by 4:00 p.m. that same date. *Id*. Plaintiff explained that she "may need to undergo surgery" on Tuesday, September 1, and that, "[g]iven the limited period provided by Local Rule 7-18 and the uncertainty as to whether [she] will be medically able to prepare or file papers on Wednesday or during the remainder of that period," she intended to proceed with filing the motion that same day. *Id*. Plaintiff also sent a separate email addressing the purported basis for the Motion and proposing a stipulation regarding briefing and scheduling. *Id*., ¶ 5. Notably, in connection with the stipulation, Plaintiff asked Defendants' counsel to stipulate that "[t]he parties may continue to meet and confer after filing in an effort to narrow or resolve any issues presented by the motion." *Id*. Plaintiff thus acknowledged that she was able to continue meeting and conferring after she filed, yet proceeded to file the Motion anyway.

After Plaintiff filed her Motion, she reached out to confirm that her surgery was scheduled for the end of the month, and the Parties ultimately had a meet and confer conference on Wednesday, September 2. *Id*. ¶ 8. However, Plaintiff's decision to file her Motion before this meet and confer conference – and only four days after first notifying Defendants of her intent to file – violates Local Rule 7-3's requirement that the parties meet and confer *before* filing and *at least seven days* before the motion is filed. *Lee v. Delta Air Lines Inc.*, 2022 WL 17078109, at 2 (C.D. Cal. Aug. 3, 2022) (denying pro se plaintiff's motions for reconsideration for failure to comply with Local Rule 7-3); *Hooks v. Target Corp.*, 2023 WL 5505016, at *1 (C.D. Cal. July 25,

2023) (declining to consider motion for reconsideration where counsel met and conferred only three days before filing); *Full Tilt Boogie, LLC v. KEP Fortune, LLC*, 2023 WL 6446188, at *5* (C.D. Cal. Oct. 3, 2023) (declining to consider motion in part because "failure to comply with either the spirit or the letter of Local Rule 7-3" is prejudicial to opposing party). Plaintiff's unilateral decision to proceed with filing does not excuse her failure to comply with the Local Rules or this Court's prior directive to engage in good-faith meet-and-confer efforts.

### C. Plaintiff's Motion for Reconsideration of the Remand Order Should Be Denied Because Plaintiff Fails to Identify any Manifest Failure to Consider Material Facts.

Plaintiff's Motion should also be denied because she has not met her burden of establishing "a manifest showing of a failure to consider material facts presented to the Court" in connection with the Court's Order denying her Motion to Remand. Rather, Plaintiff merely repackages arguments that the Court already considered and rejected, disputes the Court's factual and legal conclusions, or focuses on immaterial evidence.

First, Plaintiff cannot establish that the Court failed to consider her purported dispute concerning the amount in controversy. Plaintiff takes issue with the Court's finding that "the parties do not dispute that the amount in controversy in this matter exceeds $75,000." Mot. at 7. According to Plaintiff, she "expressly disputed the amount in controversy" based on her evidentiary objections reflected in ECF No. 25. *Id*. This contention does not establish that the Court overlooked any material fact. As explained in Defendants' opposition to Plaintiff's Motion to Remand, Plaintiff's objections were based on the technical contention that BANA was required to submit summary-judgment type evidence establishing the actual amount-in-controversy. *See* ECF No. 25. That contention is incorrect. A "notice of removal need not contain evidentiary submissions but only plausible allegations of the jurisdictional elements." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (internal quotations omitted).

More importantly, Plaintiff ignores the evidence that Defendants actually submitted – Defendants submitted the Declaration of Patricia K. Johnson establishing the amount-in-controversy by a preponderance of the evidence, and Plaintiff made no attempt to rebut that evidence. *See* ECF No. 37-2. A plaintiff cannot file a motion to remand and then stand idly by when the defendant submits evidence to support the amount in controversy." *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.,* 2019 WL 1501577, at *3 (N.D. Cal. Apr. 5, 2019). Indeed, where the amount in controversy is disputed, "the Supreme Court has said that *both sides* submit proof and the court then decides where the preponderance lies." *Id*. (*citing Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014)). Plaintiff did not submit evidence disputing her wages, nor does she identify any evidence demonstrating that her alleged lost wages – standing alone – does not exceed the $75,000 jurisdictional threshold. Thus, the Court correctly found that the amount-in-controversy was not genuinely disputed.

Second, Plaintiff identifies no failure to consider material facts concerning her Second and Seventh Causes of Action. Plaintiff argues that the Order failed to account for the fact that those causes of action were alleged against both Maxim and Shanks because "the Order stated that Plaintiff alleged the Second and Seventh Causes of Action against Defendant Maxim." Mot. at 8. But Plaintiff's contention is immaterial. The Court did not state that these claims were allegedly only against Maxim. Instead, the Court properly focused its analysis on the claims against Maxim because he was the only non-diverse defendant whose citizenship was relevant to the fraudulent joinder analysis. ECF No. 78 at 7. The Order clearly makes this point. In footnote 2, the Court expressly stated that it "need not decide whether BAC and Shanks were fraudulently joined for purposes of determining this Court's diversity jurisdiction over the matter." *Id*. Thus, far from overlooking Plaintiff's allegations against Shanks, the Court expressly explained why it did not need to resolve her status to determine whether diversity jurisdiction existed. *Id*. Plaintiff's argument

therefore provides no basis for reconsideration based on a failure to consider a material fact.

Third, Plaintiff fails to identify any material fact that the Court overlooked concerning her CRD Complaint (CRD Matter No. 202508-30704712). Plaintiff disagrees with the Court's determination that her CRD Complaint, which Plaintiff attached to a prior verified state court complaint filed under penalty of perjury, was subject to reasonable dispute. Mot. at 8. Plaintiff asserts that ECF No. 17 purportedly establishes that the prior state court complaint "is now voided." *Id*. But that assertion has no bearing on any material fact before this Court. Even assuming the prior state court complaint has been "voided," Plaintiff does not dispute that she filed the prior state court complaint. Nor does Plaintiff dispute that the CRD Complaint attached to that filing was a true and correct copy of her CRD Complaint. Indeed, the CRD Matter No. 202508-30704712 is the same on both the CRD Complaint attached to the prior state court complaint *and* the Notice of Case Closure and Right to Sue attached to the operative complaint in this action. *See* ECF No. 1-1 at 31; ECF No. 38-1 at 11-18. The subsequent purported "voided" status of the prior state court complaint does not negate the evidentiary significance of Plaintiff's own prior verified filing or demonstrate that the Court overlooked anything material.

Fourth, Plaintiff's contention concerning the CRD administrative record likewise establishes no failure to consider material evidence. Plaintiff argues that the Order failed to account for her contention that the "complete CRD administrative record" purportedly "refutes Defendants' contention that Peter C. Maxim was absent from Plaintiff's administrative charge." Mot. at 8. Again, Plaintiff confuses disagreement with the Court's evidentiary determination with a failure to consider her evidence. The Court *did* expressly consider the evidence Plaintiff submitted and carefully explained why it did not establish that Maxim had been properly named in Plaintiff's administrative charge. Specifically, the Court found it was "unable to verify that the screenshot of 'Unloaded Files' and the photos of the email addressed

to Defendants Shanks and Maxim (Dkt. No. 49-4) are an accurate depiction of the materials submitted to the CRD." ECF No. 78 at 8. The Court further found, "[e]ven assuming the photographs shown in Plaintiff's Exhibit 52 (*id*.) were indeed submitted with her CRD Complaint, Plaintiff does not meet the requirement to name defendants in the *caption* or *body* of her administrative charge." *Id*. Thus, the Court considered Plaintiff's evidence and rejected it.

In short, Plaintiff's arguments all suffer from the same defect – none identifies a material fact that the Court failed to consider. As such, her Motion for Reconsideration of the Order denying Plaintiff's Motion to Remand should be denied.

### D. <u>Plaintiff's Motion for Reconsideration of the Arbitration Order Should Be Denied Because Plaintiff Fails to Identify Any Material Change of Law Relevant to the Court's Order.</u>

#### 1. Plaintiff Waived Her Right To Invoke the EFAA.

Even though Plaintiff never raised the EFAA at any point in her Opposition to Defendants' Motion to Compel Arbitration, she argues that the recent decision in *Ding v. Structure Therapeutics, Inc.*, 2026 WL 2420555 (9th Cir. Aug. 19, 2026) – which was issued prior to the Court's Order on Defendants' Motion – "materially changes the legal framework governing when and how a person may exercise the statutory election afforded" by the EFAA. Mot. at 11. But *Ding* does not change the law in any way that affects this Court's holding.

In *Ding,* the plaintiff initially filed a demand for arbitration alleging non-sexual harassment claims. 2026 WL 2420555, at * 2. The plaintiff *later* uncovered evidence during discovery "that her workplace mistreatment was motivated because of her sex" and then elected to pursue claims in civil court under the EFAA. *Id*. The Ninth Circuit found "[w]here, as here, a plaintiff discovers a basis to pursue claims covered by the EFAA during arbitration, she may elect to end arbitration and proceed in court." *Id.* Notably, the Court did not hold that a plaintiff may invoke the EFAA at any point under any circumstances. *Id.* at 5. Rather, the Court held that "[a] plaintiff

may waive her EFAA rights under ordinary waiver principles." *Id*. For example, the Court explained that "a court may find waiver where a plaintiff is aware if the facts giving rise to a sexual harassment claim and either unduly delays in bringing such a claim through intentional acts or decides to pursue that claim in arbitration rather than court." *Id*.

Here, unlike the plaintiff in *Ding,* Plaintiff initially filed a complaint alleging a claim for sexual harassment, and she never elected to invoke the EFAA at any point in her Opposition to Defendants' Motion to Compel Arbitration. The Parties fully briefed Defendants' Motion to Compel Arbitration, and the Court acknowledged that Plaintiff's opposition was untimely, but it "deem[ed] briefings complete and evaluate[d] the merits on Defendants' Motion to Compel Arbitration." ECF No. 78. Defendants argued that the Arbitration Policy fully covers Plaintiff's claims in their Motion, and Plaintiff did not respond to these arguments. As such, this Court properly found that Plaintiff only "contests the existence, ***not the scope,*** of an arbitration agreement that would encompass this dispute." ECF No. 78 at 9 (emphasis added).

Consistent with the Court's holding in *Ding,* Plaintiff waived her right to invoke the EFAA because she knew of her sex harassment claim yet never raised the EFAA in her opposition to Defendants' Motion to Compel Arbitration. *See Ding,* 2026 WL 2420555, at * 5; *see also Pac. Dawn LLC v. Pritzker*, 831 F.3d 1166, 1178 (9th Cir. 2016) (holding that because "plaintiffs did not raise that argument to the district court in their motion [] or opposition to the defendants' motion [] the argument was waived"); *Ardente v. Shanley*, 2010 WL 546485, at *6 (N.D. Cal. Feb. 9, 2010) ("Plaintiff fails to respond to this argument and therefore concedes it through silence.").

Plaintiff also misplaces her reliance on *Olivieri v. Stifel, Nicolaus & Co., Inc.*, 112 F.4th 74 (2d Cir. 2024) – a nonbinding Second Circuit decision. In *Olivieri*, Congress enacted the EFAA "[w]hile a motion to compel arbitration in this case was pending in the district court." 112 F.4th 74, 77. After the court issued its order

compelling arbitration, the plaintiff "moved to amend her complaint to add additional allegations and defendants, and asked the district court to reconsider its decision compelling arbitration" in light of the recently enacted EFAA. *Id*. The district court found that the recently enacted EFAA applied and vacated its prior order compelling arbitration. *Id*. "The question on appeal [was] whether the EFAA applie[d]" – not whether the plaintiff waived her right to invoke the EFAA. *Id*. Here, unlike in *Olivieri,* the EFAA is not a new law enacted during the pendency of this action, and Plaintiff waived her right to invoke the EFAA by not raising the argument in her Opposition to Defendants' Motion to Compel Arbitration.[1]

## IV. CONCLUSION

For all the reasons contained in this Opposition, the Court should deny Plaintiff's Motion for Reconsideration in its entirety.

Dated: September 8, 2026

MORGAN, LEWIS & BOCKIUS LLP

By *\/s/ Karen Cho*

Karen Y. Cho
Nicole L. Antonopoulos

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF AMERICA CORPORATION, TRICIA SHANKS, and PETER C. MAXIM

[1] Had Plaintiff timely and properly raised the EFAA in opposition to Defendants' motion to compel arbitration, Defendants would have argued that Plaintiff's purported sexual-harassment claim did not preclude arbitration because the EFAA applies only where a plaintiff plausibly pleads facts supporting such a claim, rather than mere labels and conclusions. *See Ding*, 2026 WL 2420555, at *2; *Arouh v. GAN Ltd.*, 2024 WL 3469032, at *6 (C.D. Cal. Mar. 22, 2024). Plaintiff did not do so because: (1) she failed to exhaust her FEHA claim against the Individual Defendants by omitting them from her CRD complaint; (2) Federal Rule of Civil Procedure 41(a)(1)(B)'s two-dismissal rule barred her claim against the Bank because she had voluntarily dismissed two prior actions concerning the same claim; (3) her allegations concerning post-employment conduct were not actionable as harassment under FEHA; (4) the Complaint alleged no facts plausibly connecting Defendants' conduct to Plaintiff's sex; and (5) the alleged conduct was neither severe nor pervasive and instead consisted of routine personnel-management actions that do not constitute harassment.

**Certificate of Compliance**

The undersigned, counsel of record for Defendants, certifies that this brief does not exceed 25 pages, which complies with this Court's Standing Order.

Dated: September 8, 2026

MORGAN, LEWIS & BOCKIUS LLP

By */s/ Karen Cho*
Karen Y. Cho
Nicole L. Antonopoulos

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF AMERICA CORPORATION, TRICIA SHANKS, and PETER C. MAXIM