MORGAN, LEWIS & BOCKIUS LLP
Karen Y. Cho, Bar No. 274810
karen.cho@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Nicole L. Antonopoulos, Bar No. 306882
nicole.antonopoulos@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304-1124
Tel: +1.650.843.4000
Fax: +1.650.843.4001

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF AMERICA CORPORATION, TRICIA SHANKS, and PETER C. MAXIM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LUNA D'SOL,

Plaintiff,

vs.

BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; TRICIA SHANKS, an individual; and PETER C. MAXIM, an individual; and DOES 1 through 50, inclusive,

Defendants.

Case No. 5:26-cv-03535-JGB-SP

Hon. Jesus G. Bernal

**DECLARATION OF KAREN Y. CHO IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

Date: September 28, 2026
Time: 8:30 a.m.
Courtroom: 1, 2nd Floor

# DECLARATION OF KAREN Y. CHO

I, Karen Y. Cho, hereby certify pursuant to 28 U.S.C. § 1746 that the factual statements set forth below are true and correct to the best of my knowledge:

1. I am a member of the California Bar and a Partner at Morgan, Lewis & Bockius LLP, counsel of record for Defendants Bank of America, National Association, Bank of America Corporation, Tricia Shanks, and Peter Maxim (collectively, the "Defendants") in the above-captioned litigation. I have personal knowledge of the facts set forth in this declaration, and if called as a witness I could and would competently testify thereto.

2. I make this Declaration in support of the Defendants' Opposition to Plaintiff's Motion for Reconsideration (the "Motion").

3. On Friday, August 28, 2026, Plaintiff sent to my colleague Nicole Antonopoulos and me an email wherein she indicated that she intended to file a motion for reconsideration concerning portions of the Court's August 27, 2026 Order. A true and correct copy of this email that Plaintiff sent on August 28, 2026 is attached as **Exhibit 1.**

4. On Monday, August 31, 2026 at approximately 6:48 a.m., Plaintiff sent a follow-up email to me to meet and confer regarding her Motion for Reconsideration. On August 31, 2026 at approximately 9:54 a.m., Ms. Antonopoulos responded to Plaintiff's email with availability to meet and confer on Wednesday September 2, 2026. At approximately 10:26 a.m., Plaintiff responded and requested that Defendants provide their position by 4:00 p.m. that same date. Plaintiff explained that she "may need to undergo surgery" on Tuesday, September 1, and that, "[g]iven the limited period provided by Local Rule 7-18 and the uncertainty as to whether [she] will be medically able to prepare or file papers on Wednesday or during the remainder of that period," she intended to proceed with filing the motion that same day. A true and correct copy of this email exchange on August 31, 2026 is attached as **Exhibit 2.**

5. Also, on Monday, August 31, 2026, Plaintiff sent to me a separate email addressing the purported basis for the Motion for Reconsideration and proposing a stipulation regarding briefing and scheduling. In connection with the stipulation, Plaintiff asked Defendants' counsel to stipulate that "[t]he parties may continue to meet and confer after filing in an effort to narrow or resolve any issues presented by the motion." A true and correct copy of this email that Plaintiff sent on August 31, 2026 is attached as **Exhibit 3.**

6. On Tuesday, September 1, 2026, Plaintiff filed her Motion for Reconsideration without participating in any meet and confer conference with Defendants' counsel.

7. On Wednesday, September 2, 2026, Plaintiff sent to me an email stating that her surgery was scheduled for the end of this month and she asked whether Defendants' counsel was still available for a conference that day. Ms. Antonopoulos responded with our availability that same day. A true and correct copy of this email exchange on September 2, 2026 is attached as **Exhibit 4.**

8. Ms. Antonopoulos and I ultimately had a telephonic meet and confer conference with Plaintiff on Wednesday, September 2, 2026. During this meet and confer conference, we explained Defendants' position that Plaintiff's Motion for Reconsideration violated both procedural requirements and lacked a legal basis. Plaintiff indicated during the call that she would withdraw the Motion for Reconsideration so that the Parties could complete the meet-and-confer process and Plaintiff would thereafter proceed to refile her Motion for Reconsideration. We also informed Plaintiff that we noticed that she filed another Motion for Sanctions that day, and we told Plaintiff that her Motion for Sanctions was harassing, duplicative, and unnecessary.

9. On September 2, 2026, at approximately 9:43 p.m., after the meet and confer conference, Plaintiff sent an email stating that the "demands of this litigation are taking a significant toll on [her] well-being" and she indicated that she was "not

confident" that she will be "medically able to withdraw and then prepare and refile the Motion for Reconsideration within the remaining time." In this email, Plaintiff requested that Defendants work with her on a stipulation to continue the hearing and briefing schedule on Plaintiff's Motion for Reconsideration.

10. Ms. Antonopoulos and I tried to work with Plaintiff on a stipulation to continue the hearing and briefing schedule on Plaintiff's Motion for Reconsideration, and we exchanged emails with Plaintiff regarding a draft stipulation. However, on September 8, 2026, the deadline for Defendants to file their opposition to Plaintiff's Motion for Reconsideration, Plaintiff confirmed that she cannot sign the stipulation to continue the hearing and briefing on Plaintiff's Motion for Reconsideration. A true and correct copy of this email exchange is attached as **Exhibit 5** (minus attachments)**.**

I declare to the best of my knowledge under penalty of perjury under the laws of California and the United States that the foregoing is true and correct.

Executed on September 8, 2026

*/s/ Karen Y. Cho*
Karen Y. Cho