# EXHIBIT 1

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Friday, August 28, 2026 9:35 AM
**To:** Cho, Karen Y.; Antonopoulos, Nicole L.
**Subject:** Notice of Intended Motion for Reconsideration — ECF No. 78

[EXTERNAL EMAIL]

Counsel,

I am following up on my telephone call today to provide written notice that I intend to file a Motion for Reconsideration concerning portions of the Court's August 27, 2026 Order (ECF No. 78).

The motion will address multiple material matters reflected in the existing record that Plaintiff contends were overlooked or not considered in the Court's rulings, including matters bearing on remand, fraudulent joinder and administrative exhaustion, as well as the arbitration record and Defendants' evidentiary submissions.

Among those matters, Plaintiff will address the Court's consideration of the CRD Complaint submitted by Defendants and judicially noticed by the Court, including the contents of the administrative record relevant to the Court's exhaustion analysis, that also includes altered materials that Defendants have presented.

Plaintiff will also address the arbitration-formation record. The Court's analysis expressly cites the original Allen Declaration at ECF No. 10-7, notwithstanding Defendants' subsequent submission of a Supplemental Allen Declaration with their amended reply that materially modified the factual account concerning distribution of the Arbitration Policy. The Court expressly deemed the briefing complete following Defendants' amended reply, yet the Order's formation analysis cites and discusses the original declaration without addressing the materially different supplemental evidence.

Plaintiff further intends to address other grounds affecting arbitrability and enforceability, including applicable intervening Ninth Circuit authority and Plaintiff's rights under the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act, 9 U.S.C. §§ 401–402.

Accordingly, Plaintiff intends to seek reconsideration based on the existing record, material matters Plaintiff contends the Court did not consider, and applicable authority bearing on the rulings contained in ECF No. 78.

Please advise whether Defendants are willing to stipulate these matters or share Defendants' position. **For avoidance of doubt, this notice does not constitute an objection to, opposition to, or request to stay the Court's August 27, 2026 Order requiring the parties to confer and submit a joint statement concerning limited arbitration-formation discovery. Plaintiff intends to comply with that Order while separately preserving and pursuing her rights to seek reconsideration and to raise all applicable jurisdictional and arbitration-related arguments.**

Plaintiff's participation in the Court-ordered joint-statement process and limited discovery concerning arbitration formation is undertaken solely in compliance with the Court's August 27, 2026 Order and shall not constitute consent to federal jurisdiction, waiver or abandonment of Plaintiff's objections to removal or request for remand, or waiver of any right to seek reconsideration or other available review of the Court's jurisdictional determinations. Nor shall such participation constitute consent to arbitration, acknowledgment that an arbitration agreement exists or was formed, or waiver of any argument or objection concerning the existence, formation, validity, enforceability, applicability, or scope of any alleged arbitration agreement. Plaintiff expressly preserves and reserves all rights, arguments, objections, and remedies concerning subject-matter jurisdiction, removal, remand, fraudulent joinder, and arbitration.

Please advise promptly whether Defendants oppose the requested reconsideration.

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.