# EXHIBIT 3

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Monday, August 31, 2026 10:59 AM
**To:** Antonopoulos, Nicole L.; Cho, Karen Y.
**Subject:** Meet and Confer — Grounds for Motion for Reconsideration

[EXTERNAL EMAIL]

Hi Nicole and Karen,

As referenced in my prior email, below is a concise identification of the grounds Plaintiff intends to present in seeking reconsideration of the Court's August 27, 2026 Order (ECF No. 78). This summary is provided for purposes of the meet and confer and is not intended to constitute an exhaustive statement of the motion, evidence, or authorities.

1. Remand — **Amount in Controversy**

Plaintiff will direct the Court to ECF No. 25 which was not addressed in the Order, and with that then challenge the Order's "the parties do not dispute that the amount in controversy in this matter exceeds $75,000" "The parties cannot stipulate to jurisdiction where none exists," and the Court has an "ongoing obligation to be sure that jurisdiction exists." Matheson v. Progressive Specialty Insurance Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

2. **Remand — Judicial Notice and CRD Administrative Record**

Plaintiff will direct the Court to ECF No. 17 which was not addressed in the Order, and will challenge the resulting determination that "Plaintiff does not name Maxim anywhere in her CRD Complaint." Plaintiff will further address the  judicial notice of ECF No. 38-1

3. Arbitration — **Supplemental Allen Declaration and Formation Evidence**

Plaintiff will seek reconsideration to the extent necessary to ensure that the Supplemental Declaration of Dineen M. Allen (ECF No. 56-1) and the evidentiary record concerning formation are considered in determining the proper scope of any further arbitration proceedings.

4.**EFAA Election**

Plaintiff will establish her election under the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act. Plaintiff will address intervening Ninth Circuit authority issued on August 19, 2026

5. Evidence Bearing on Authenticity and Reliability

Plaintiff will further identify evidence already submitted in the record bearing upon the authenticity, provenance, and reliability of electronic records relevant to the issues before the Court. Plaintiff contends that certain material evidence was not specifically addressed in the August 27 Order and bears upon factual propositions relevant to the Court's determinations.

Plaintiff is not asserting that the Court's denial of sanctions constituted a finding that each underlying evidentiary challenge lacked merit. The Order instead found that the showing did not establish conduct by Defendants' counsel tantamount to bad faith sufficient to warrant inherent-power sanctions and, separately, that Plaintiff had not demonstrated the irreparable prejudice required for the ex parte relief sought concerning the challenged filings.

8. Relief to Be Requested

Plaintiff intends to request reconsideration of the portions of ECF No. 78 concerning remand and the EFAA/arbitration issues and such corresponding relief as follows from reconsideration of those determinations.

Please advise by 4:00 p.m. today whether Defendants oppose reconsideration on each of these grounds and whether there are any matters that can be resolved or narrowed without motion practice.

**PROPOSED STIPULATION REGARDING BRIEFING AND SCHEDULING**

In addition, Plaintiff proposes that the parties stipulate as follows:

1. The parties may continue to meet and confer after filing in an effort to narrow or resolve any issues presented by the motion.
2. The stipulation concerns procedure and scheduling only. Neither the stipulation nor either party's participation in the meet-and-confer process constitutes agreement with, or waiver of any position concerning, the merits of the Motion for Reconsideration.
3. Plaintiff expressly reserves all challenges to federal subject-matter jurisdiction and removal, her election and rights under the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act, her position that no arbitration agreement was formed, and all rights of review. Defendants likewise may reserve their substantive and procedural positions.

If Defendants do not agree with this proposal, please provide any counterproposal with your response so that we can determine whether a joint stipulation can be submitted promptly.

Given the circumstances described in my earlier emails from last week and today, I respectfully request Defendants' position on the foregoing grounds and proposed stipulation by 4:00 p.m. today.

Regards,

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.