# EXHIBIT 5

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Tuesday, September 8, 2026 10:47 AM
**To:** Cho, Karen Y. <karen.cho@morganlewis.com>
**Cc:** Antonopoulos, Nicole L. <nicole.antonopoulos@morganlewis.com>
**Subject:** Re: Surgery Rescheduled

[EXTERNAL EMAIL]

Hi Karen,

Given our past history, the use of my medical situation use to advance merits that I had never agree to, and your unwillingness to cooperate not answering my question. I cannot sign it. Please proceed without the agreement

Luna D'Sol

On Sep 7, 2026, at 21:47, Cho, Karen Y. <karen.cho@morganlewis.com> wrote:

Hi Luna,

We don't understand your email below regarding "false representations". Nevertheless, we are still willing to stipulate to move the hearing date for your motion for reconsideration as a courtesy to you and in light of your representation about your anticipated surgery. Attached is the updated stipulation for your signature. Please sign and return the stipulation as soon as possible. We would like to file it by tomorrow morning.

Thanks,

**Karen Y. Cho**
Pronouns: She/Her/Hers
**Morgan, Lewis & Bockius LLP**
300 South Grand Avenue, Twenty-Second Floor | Los Angeles, CA 90071-3132
Direct: +1.213.612.7381 | Main: +1.213.612.2500 | Fax: +1.213.612.2501
Assistant: Raylene M. Espitia | +1.310.907.1024 | raylene.espitia@morganlewis.com
karen.cho@morganlewis.com | www.morganlewis.com

<image001.png> <image002.png> <image003.png> <image004.png> <image005.png>

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Sunday, September 6, 2026 4:04 PM
**To:** Antonopoulos, Nicole L. <nicole.antonopoulos@morganlewis.com>
**Cc:** Cho, Karen Y. <karen.cho@morganlewis.com>
**Subject:** Re: Surgery Rescheduled

[EXTERNAL EMAIL]

Nicole,

This email constitutes formal notice to you, Karen Cho, and Defendants concerning a material factual representation concerning Plaintiff's purported agreement to attend a judicial settlement conference and to stay this action.

I reject any "for settlement purposes only" designation in communications that was used in bad faith to execute fraud, and that were not made a good faith attempt to cooperate with Plaintiff's upcoming surgery including her condition that she shared with you. Those communications were instead an intentional act to deceive and induce reliance not protected by Californias evidence rule § 1152 / FRE 408. This does not constitute a waiver of jurisdiction of any other rights. All rights preserved.

**Identification of false representation**

(a) participate in an early settlement conference, and

(b) stay this action in its entirety, including stopping Plaintiff's motion for reconsideration, motion for sanctions and the September 14, 2026 delivery of Plaintiff's statement to satisfy court order which Defendants are already in possession of.

Thank you for removing the unauthorized language regarding a case-wide stay and settlement conference. I appreciate your willingness to accommodate a simple continuance for the Motion for Reconsideration hearing due to my health. However, because the clean draft places my name and contact information in the top-left caption block, I do not authorize your firm to file this document under my personal caption, nor do I grant permission for you to apply an electronic signature on my behalf.

I have made few changes required to reflect a neutral position of the parties. I have removed my name from the caption. If you want to file it then I ask that you write your names on the caption of the document, then not electronically I will hand-sign it so you can file without authorization to index my electronic signature and without authorization to file anything else but the content in the body of documents attached here as long as it allow me to take care of my health needs without prejudice . If you seek to advance a favorable strategic plan that will prejudice me like you did in the state court then I do not consent to be prejudiced using my health as the reason behind, the same way I did not in state court. I am trying to understand what the right procedure is here and I am having a hard time focusing or understanding. Can you please place your caption to allow me to hand-sign it and then can you file?

Last, please share with me why you deadlined this for Tuesday? Since the reason for this stipulation is that I can attend my surgery, are there any beneficial consequences to any of your clients if I meet that deadline?

Luna D'Sol

On Sep 4, 2026, at 19:48, Antonopoulos, Nicole L. <nicole.antonopoulos@morganlewis.com> wrote:

Hi Luna,

You raised settlement on our call, and it was our understanding that you were willing to attend a settlement conference with a judge. We remain willing to participate in a settlement conference with a judge. Please let us know if you would like to explore it.

We believe there also is good cause to stay the action, and we are happy to further discuss that request at any point. In the meantime, and as I mentioned in the prior email, we do not oppose continuing the hearing on Plaintiff's motion for reconsideration. We've attached the stipulation you prepared with our minor redlined edits and comments. We've also attached a separate clean copy of the stipulation and a proposed order for your convenience. Please let us know if you approve the stipulation. If you approve, please send us a signed copy of the stipulation by Tuesday morning or confirm that we have your permission to file with your e-signature.

Thank you, and hope you have a good weekend.

**Nicole L. Antonopoulos**
**Morgan, Lewis & Bockius LLP**
1400 Page Mill Road | Palo Alto, CA 94304-1124
Direct: +1.650.843.7236 | Main: +1.650.843.4000 | Fax: +1.650.843.4001
nicole.antonopoulos@morganlewis.com | www.morganlewis.com

<image001.png> <image002.png> <image003.png> <image004.png> <image005.png>

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Friday, September 4, 2026 10:54 AM
**To:** Antonopoulos, Nicole L. <nicole.antonopoulos@morganlewis.com>
**Cc:** Cho, Karen Y. <karen.cho@morganlewis.com>
**Subject:** Re: Surgery Rescheduled

[EXTERNAL EMAIL]

Dear Nicole,

Plaintiff and defense counsel did not meet and confer regarding, much less agree to, a settlement conference. No agreement has been reached. Indeed, you have not been able to agree to anything unless you first check with your clients .

I also informed you that my surgery was rescheduled for September 30, 2026, with an anticipated recovery of approximately seven days, and proposed October 12 for my Motion for Reconsideration. I did not request a stay of the entire action.

I further explained that this litigation has taken a substantial toll on my mental health and that I am presently unable to participate personally in a settlement conference or mediation without risking a serious deterioration in my condition. I again proposed that the Bank cover the reasonable cost of independent counsel to represent me for the limited purpose of settlement. That proposal has not been addressed despite my raising it repeatedly.

Unlike counsel, I lost my income more than a year ago. My hormone treatment was discontinued, delaying my transition and contributing to significant isolation and worse. I have been unable to secure

comparable employment while navigating my transition, I am approximately ten months behind on my mortgage, and I have been unable to retain counsel for this litigation because of the purported lien asserted by my former attorney.

My willingness to explore settlement should itself demonstrate that I do not enjoy this process and have no desire to prolong this litigation. I am trying to resolve it while dealing with circumstances that have become increasingly difficult to manage without representation.

I also want to address our communications directly. During our conversations, I have at times perceived frustration or anger in your tone, or Karen's (I am unable to differentiate either one of you when on the phone). A few days ago, I was accused of harassing you and was spoken to in a manner that I found particularly upsetting. I want to be unequivocally clear that harassment has never been my intention, nor have I approached our communications with that purpose.

These circumstances are part of why I am presently evaluating appropriate protective relief under Federal Rule of Civil Procedure 17(c)(2). I am taking that issue seriously. I would ask that you likewise consider the circumstances I have described when determining how your clients intends to proceed, particularly with respect to settlement and my repeated request for limited-purpose independent counsel.

Also at your request, I submitted another settlement demand yesterday—my third. I specifically advised that if this demand is again not meaningfully addressed, I will conclude that your request carried different motives

Your proposed stipulation does not reflect our agreement and would materially prejudice me. By contrast, the limited accommodation I proposed addressed my upcoming surgery without prejudicing Defendants, staying the action, or altering any party's substantive or procedural rights.

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com
This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

On Sep 4, 2026, at 08:50, Antonopoulos, Nicole L. <nicole.antonopoulos@morganlewis.com> wrote:

Hi Luna,

Thank you for reaching out, and we are sincerely sorry to hear that you are not doing well.

We are generally fine with agreeing to continue the hearing date/briefing schedule on Plaintiff's motion for reconsideration, but we propose that the Parties agree to a stay of the action in light of your upcoming surgery and our agreement to attend a settlement conference with the Court.

We prepared the attached draft stipulation and proposed order for your review. Please let us know if you have any edits or comments. If not, could you please sign and return the stipulation or confirm that we have authorization to apply your e-signature? Thank you.

**Nicole L. Antonopoulos**
**Morgan, Lewis & Bockius LLP**

1400 Page Mill Road | Palo Alto, CA 94304-1124
Direct: +1.650.843.7236 | Main: +1.650.843.4000 | Fax: +1.650.843.4001
nicole.antonopoulos@morganlewis.com | www.morganlewis.com

<image001.png> <image002.png> <image003.png> <image004.png> <image005.png>

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Thursday, September 3, 2026 2:50 PM
**To:** Antonopoulos, Nicole L. <nicole.antonopoulos@morganlewis.com>
**Cc:** Cho, Karen Y. <karen.cho@morganlewis.com>
**Subject:** Re: Surgery Rescheduled

[EXTERNAL EMAIL]

Hi Nicole and Karen,

I just called both of you and left voicemails following up on the stipulation supported by good cause I sent last night.

Given the time-sensitive nature of the issue and the medical circumstances explained below, I would appreciate it if you could please let me know whether Defendants will agree to the proposed stipulation, or whether you have any requested revisions that would allow us to reach agreement.

I am trying to resolve this cooperatively following the court order's for us to work together and avoid the need for additional motion. Even though I dont have to, I am attaching part of my two sets of documents I have received with a new date of my surgery and medical need

Thank you,

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com
This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

On Sep 2, 2026, at 21:42, Luna D'Sol <jravada@icloud.com> wrote:

Hi Nicole and Karen,

I am not doing well health-wise, and frankly, the demands of this litigation are taking a significant toll on my well-being. I have had several recent ER visits, and tonight I am again uncertain whether I may need to return to the ER.

Given my present health circumstances, I am not confident that I will be medically able to withdraw and then prepare and refile the Motion for Reconsideration within the remaining time. I therefore ask that you please work with me on a stipulation that would allow the presently filed Motion to remain on file while moving the hearing and corresponding briefing dates.

I am asking for the same professional courtesy I have extended to Defendants regarding scheduling and procedural matters. I have attached a stipulation and I assume that either one of you could look into and sign it.

The requested stipulation is supported by good cause, and would not prejudice Defendants or require Defendants to incur the additional expense.

More importantly, resolving the scheduling issue now would give me some assurance that I can address my medical needs without worrying that an earlier procedure, hospitalization, or recovery period will cause me to lose the opportunity to have the Motion considered.

The Court has encouraged the parties to work together rather than resort unnecessarily to ex parte practice. I am trying to do exactly that here. I would appreciate your agreement to stipulate to a later hearing date while leaving the September 1 Motion in place.

Thank you

<Joint Stipulation.docx>

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com
This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

On Sep 2, 2026, at 19:00, Luna D'Sol <jravada@icloud.com> wrote:

Counsel,

Thank you for the call today. I am writing to memorialize my understanding of our discussion.

At the outset, Defendants raised procedural objections to Plaintiff's Motion for Reconsideration already on the docket, including the timing of the Local Rule 7-3 conference. Plaintiff reminded counsel that the Motion was filed in light of Plaintiff's previously disclosed medical procedure, several attempts to meet and confer since last week, and the fourteen-day deadline applicable to reconsideration.

Plaintiff also noted that, when Defendants requested a meet-and-confer concerning their Motion to Compel Arbitration on June 26, 2026, Defendants filed that motion on July 2, 2026—six calendar days later rather than seven. Nevertheless, in response to Defendants' request during today's conference, Plaintiff agreed in good-faith to withdraw the presently filed Motion for Reconsideration so that the parties could complete the meet-and-confer process and Plaintiff could thereafter proceed to adjust her file based on an agreement reached by the parties.

The parties thereafter conferred substantively regarding the grounds for reconsideration. Plaintiff identified ECF No. 25 "Plaintiff's Objection to Notice of Removal" filed concurrently with Motion to

Remand was not listed in the court's Order as part of the scope considered within the Motion to Remand (page 2) and explained that ECF Doc. 25 expressly disputed Defendants' amount-in-controversy showing, notwithstanding the Order's statement that the parties did not dispute that the amount exceeded $75,000. Defendants' counsel said that they agreed to disagree. Then Plaintiff explained again that the court concluded "that parties do not dispute amount over $75,000" however in ECF Doc 25 Plaintiff disputed that Defendants had not showed how much and both times they presented calculations their forecasted amount includes a consideration of $75,000 in damages, not over $75,000. Defendants' counsel repeated that they disagreed and that they will document their opinion in their opposition if Plaintiff refiles the motion. Defendants counsel also shared that she doesn't memorialize the documents by ECF # in her head, at the same time she did not have them during the call so she was not able to follow along while Plaintiff was explaining. No substantive engagement was provided

Plaintiff also identified ECF No. 17 and the related judicial-notice issue concerning ECF No. 38-1. Plaintiff identified ECF No. 15 "Defendants Request for Judicial Notice" filed concurrently with Motion to Remand as not being listed within the scope of Motion to Remand Defendants and referred counsel to the Order page 2. Plaintiff stated ECD Doc. 17 requests judicial notice of a state court filing claiming that is not subject to reasonable dispute and the Order appears to have agreed with that statement which ECF Doc 17 proves otherwise. Defendants did not even provide or identified a source and Plaintiff's ECF Doc 17 requests judicial notice of a publicly available search of the case showing that Defendants' ECF 38-1 does not exist. Defenants' counsel feedback was that it is not material and repeated that she agreed to disagree. No substantial engagement here either

Regarding Plaintiff's EFAA election and the Ninth Circuit's August 19, 2026 decision in *Ding v. Structure Therapeutics, Inc.*, Defendants stated that their position is that Plaintiff has waived the right to raise the EFAA issue at this stage. Plaintiff explained again that *Ding* directly bears upon the timing of an EFAA election and that courts have granted EFAA elections in Motions for Reconsiderations. Counsel stated that they would review the authority cited by Plaintiff

The parties separately discussed Plaintiff's outstanding payroll issue concerning compensation for the 30-day internal job-search period. Counsel stated that they had not yet looked at Plaintiff's request issue and would consult with their client and circle back.

Also, on the subject of settlement options counsel mentioned they will talk to their client and circle back.

Finally, Plaintiff asked if this session considers the Meet and Confer on motion for reconsideration satisfied, and counsel said yes.

Thank you

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

On Sep 2, 2026, at 14:20, Luna D'Sol <jravada@icloud.com> wrote:

Hi,

Thank you for your prompt response

I will take 4:30pm

Thank you

Luna

On Sep 2, 2026, at 14:04, Antonopoulos, Nicole L. <nicole.antonopoulos@morganlewis.com> wrote:

Hi Luna,

We are available today after 4 pm. Please let us know what time works for you, and we will send a meeting invite with a link. Thank you.

**Nicole L. Antonopoulos**
**Morgan, Lewis & Bockius LLP**
1400 Page Mill Road | Palo Alto, CA 94304-1124
Direct: +1.650.843.7236 | Main: +1.650.843.4000 | Fax: +1.650.843.4001
nicole.antonopoulos@morganlewis.com | www.morganlewis.com

<image001.png> <image002.png> <image003.png> <image004.png> <image005.png>

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Wednesday, September 2, 2026 12:47 PM
**To:** Antonopoulos, Nicole L. <nicole.antonopoulos@morganlewis.com>; Cho, Karen Y. <karen.cho@morganlewis.com>
**Subject:** Surgery Rescheduled

[EXTERNAL EMAIL]

Hi,

I just wanted to inform the surgery was scheduled for the end of this month

Are you still able to schedule a conference today? Or what is your available time?

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com
This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

CONFIDENTIALITY AND PRIVACY NOTICE: This email is from a law firm and may contain information that is confidential, privileged, and/or attorney work product. This email may also contain personal data, which we process in accordance with applicable data protection laws and our Privacy Policies and Notices. If you are not the intended recipient, you may not review, copy, or distribute this message. If you have received this email in error, please contact the sender immediately and delete all copies from your system.

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com
This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

<00257900_#653306832v2_BANA_D'Sol- Stipulation to Attend Settlement Conference and Stay Action.docx><00257900_#653307015v2_BANA_D'Sol -- Proposed Order re Stay and Settlement Conference.docx>

<00257900_#653311677v1_BANA_D'Sol - stipulation to continue hearing (mlb redlined edits).docx><00257900_#653314592v1_BANA_D'Sol - stipulation to continue hearing (mlb clean version).docx><00257900_#653314593v1_BANA_D'Sol -- Proposed Order re continue hearing (clean).docx>

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com
This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

<D'Sol - Stipulation for Signature.pdf>

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.