LUNA D'SOL
Plaintiff, In Pro Per
Email Address: jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUNA D'SOL<br><br>Plaintiff,<br><br>VS.<br><br>BANK OF AMERICA, N.A.;<br>BANK OF AMERICA CORPORATION;<br>TRICIA SHANKS, an individual;<br>PETER C MAXIM, an individual;<br>and DOES 1 through 50, inclusive,<br><br>Defendant(s). | **Case No:** 5:26-cv-03535-JGB-SP<br><br>**PLAINTIFF'S OBJECTIONS TO THE DECLARATION OF KAREN Y. CHO IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>Judge: Hon. Jesus G. Bernal.<br>. United States District Juge<br><br>Date: September 28, 2026<br>Time: 8:30 am<br>Courtroom: 1, 2nd floor<br><br>Complaint Filed: March 4th, 2026<br><br>Concurrently filed with: Notice of Motion and Motion to Remand; Memorandum of Points; Plaintiff's Request for Judicial Notice; and Authorities; Declaration of Luna D'Sol; ; Motion to Stay Pleadings; Motion for Relief Pursuant to the Court's Inherent Power. Plaintiff's Motion in Opposition to Defendants Motion to Compel Arbitration |

Pursuant to Federal Rules of Evidence 106, 401, 403, 602, 701, and 1002, and the Court's Standing Order (ECF No. 62 ¶ 12(b)), Plaintiff Luna D'Sol objects to the following portions of the Declaration of Karen Y. Cho in Support of Defendants' Opposition to Plaintiff's Motion for Reconsideration (ECF No. 83-1).

**A. Threshold Objection Applicable to ¶¶ 8 and 10**

Paragraphs 8 and 10 of the Cho Declaration recount and characterize the substance of the September 2, 2026 meet-and-confer conference and the parties' subsequent stipulation correspondence in terms more favorable to Defendants than the underlying contemporaneous record — including Defendants' own attached Exhibit 5 (ECF No. 83-6) — supports. Where a declarant's narrative summary of a conversation or exchange is contradicted or not borne out by a contemporaneous writing that is part of the same record, the writing controls and the characterization should be disregarded or given no weight. Fed. R. Evid. 106 (rule of completeness); Fed. R. Evid. 403 (misleading characterization); Fed. R. Evid. 602 (personal knowledge does not extend to arguing the legal significance of what was said). This threshold objection is incorporated into each paragraph-specific objection below.

**B. Objections**

| No. | Item Objected To | Objection |
|---|---|---|
| | **ECF No. 83-1 at 2:23–26 (¶ 6):** "On Tuesday, September 1, 2026, Plaintiff filed her Motion for Reconsideration without participating in any meet and confer conference with Defendants' counsel." | **Disputed factual characterization; incomplete and misleading.** Plaintiff disputes the characterization that she proceeded without any meet-and-confer effort. Plaintiff had initiated communications with Defendants' counsel concerning the substance of the contemplated Motion before filing and thereafter participated in a substantive telephonic conference concerning the |

| | | |
|---|---|---|
| | | Motion. The statement omits material circumstances concerning those communications. Fed. R. Evid. 602. |
| 1 | **ECF No. 83-1 at 3:18–19 (¶ 8):** “…we explained Defendants’ position that Plaintiff’s Motion for Reconsideration violated both procedural requirements and lacked a legal basis.” | **Improper legal conclusion.** Disputed ultimate legal issue, not a fact within personal knowledge. Fed. R. Evid. 602, 701. The statement expresses counsel’s legal conclusions regarding whether Plaintiff complied with procedural requirements and whether the Motion had a legal basis. Those are issues for the Court, not facts established through counsel’s declaration. To the extent offered as opinion testimony, it is also improper under Fed. R. Evid. 701 because the statement does not describe an inference rationally based on counsel’s perception but instead states a legal conclusion. |
| 2 | **ECF No. 83-1 at 3:19–22 (¶ 8):** *“Plaintiff indicated during the call that she would withdraw the Motion…so that the Parties could complete the meet-and-confer process…”* | **Incomplete/misleading.** Omits that withdrawal was Defendants’ precondition to conferring at all, not something volunteered after hearing Defendants’ position; contradicted by Plaintiff’s Sept. 2, 2026 contemporaneous email (Reply Decl., Ex. 98). Fed. R. Evid. 106, 403. |

| | | |
|---|---|---|
| 3 | ECF No. 83-1 at 3:20–25 (¶ 8) Plaintiff indicated during the call that she would withdraw the Motion for Reconsideration so that the Parties could complete the meet-and-confer process and Plaintiff would thereafter proceed to refile her Motion for Reconsideration. We also informed Plaintiff that we noticed that she filed another Motion for Sanctions that day, and we told Plaintiff that her Motion for Sanctions was harassing, duplicative, and unnecessary | **Mischaracterizes the conversation; lack of foundation.** Plaintiff disputes that counsel's characterization accurately describes the substance and circumstances of the conversation. The statement is subject to contradiction by Plaintiff's declaration and contemporaneous communications. Fed. R. Evid. 602. |
| | **ECF No. 83-1 at 3:17–19 (¶ 8):** "We also informed Plaintiff that we noticed that she filed another Motion for Sanctions that day, and we told Plaintiff that her Motion for Sanctions was harassing, duplicative, and unnecessary." | **Improper characterization; argumentative and irrelevant.** The terms "harassing," "duplicative," and "unnecessary" are counsel's argumentative characterizations, not facts established by personal knowledge. To the extent offered to establish the merits or propriety of Plaintiff's filing, the statement invades the Court's role in determining those legal and procedural issues. Fed. R. Evid. 701. |
| 5 | **ECF No. 83-1 at 3:23–25 (¶ 8):** *"…her Motion for Sanctions was harassing, duplicative, and unnecessary."* | **Irrelevant, argumentative.** Characterizes a separate motion; not |

| | | |
|---|---|---|
| | | relevant to this Motion. Fed. R. Evid. 401, 403, 701. |
| 6 | **ECF No. 83-1 at 4:5–11 (¶ 10, in full)**<br><br>"Ms. Antonopoulos and I tried to work with Plaintiff on a stipulation to continue the hearing and briefing schedule… However, on September 8, 2026… Plaintiff confirmed that she cannot sign the stipulation…" | **Incomplete and misleading; improper characterization.** Defendants omit that the proposed stipulation materially differed from Plaintiff's requested relief, including provisions concerning a stay and settlement conference that Plaintiff had not agreed to. See D'Sol Reply Decl. ¶¶ 15–18, Exs. 103–106. |
| 7 | **ECF No. 69-2, pp. 1-299, Page ID 1956-2254** | **Duplicate filing.** Federal Rule of Evidence (FRE) 403 **(Exclusion of needless presentation of cumulative evidence);** Federal Rule of Civil Procedure<br>(FRCP) 1 **(Rules must be administered to secure a just, speedy, and inexpensive determination).**<br><br>Objection. Repetitive, cumulative, and duplicative filing of ECF Doc 1-2, 23-32. The document is an identical duplicate of [Exhibit Name/Number], which has already been submitted to the record. This duplicate entry serves no evidentiary purpose, clutters the record, and lacks any independent foundation. |

**C. Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that the Court sustain the foregoing objections and disregard the objected-to portions of the Cho Declaration in ruling on Plaintiff's Motion for Reconsideration.

Respectfully submitted,

Dated: *[CONFIRM: filing date]*

/s/ Luna D'Sol

Luna D'Sol, Plaintiff, In Pro Per