LUNA D'SOL
Plaintiff, In Pro Per
Email Address: jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUNA D'SOL<br>Plaintiff,<br><br>VS.<br><br>BANK OF AMERICA, N.A.;<br>BANK OF AMERICA CORPORATION;<br>TRICIA SHANKS, an individual;<br>PETER C MAXIM, an individual;<br>and DOES 1 through 50, inclusive,<br>Defendant(s). | **Case No:** 5:26-cv-03535-JGB-SP<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION**<br><br>Hon. Jesus G. Bernal. . Ur States District Judge<br><br>Date: September 28, 2026<br>Time: 9:000 am<br>Courtroom: 1, 2nd floor<br><br>Complaint Filed: March 4th, 2026<br><br>Concurrently filed with: DECLARAION OF LUNA D'SOL ISO PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF MOTION FOR RECONSIDERATION; Objections to Declaration of Karen Cho, Proposed Order Granting Plaintiff's Motion Declaration |

# TABLE OF CONTENTS

*Page*


I. INTRODUCTION .......... 2

II. BACKGROUND .......... 2

III. PLAINTIFF'S ACTIVE PREJUDICE – DEFENDANT'S INAPPROPRIATE FOOTNOTE .......... 3

1. Defendants Are Mischaracterizing the Court's Order To Deceive The Court .......... 4

2. Suppression of Evidence .......... 5

IV. PLAINTIFF DID NOT WAIVE HER RIGHT TO INVOKE THE EFAA .......... 5

V. AMOUNT IN CONTROVERSY .......... 6

VI. LOCAL RULES .......... 6

A. The Motion Is Timely Under Local Rule 7-18 .......... 6

B. Any Local Rule 7-3 Timing Defect Does Not Warrant Denial .......... 7

VII. CONCLUSION .......... 8

CERTIFICATE OF COMPLIANCE .......... 9

# TABLE OF AUTHORITIES

## Cases

*Caldera v. J.M. Smucker Co., No. CV 12-4936-GHK (VBKx), 2013 U.S. Dist. LEXIS 183977 (C.D. Cal. June 3, 2013)* .......... 7

*Credit Suisse First Bos. Corp. v. Grunwald, 400 F.3d 1119 (9th Cir. 2005)* .......... 7

*Ding v. Structure Therapeutics, Inc., No. 25-1532 (9th Cir. Aug. 19, 2026)* .......... 5, 6

*Ghazali v. Moran, 46 F.3d 52 (9th Cir. 1995)* .......... 7

*James R. Glidewell Dental Ceramics, Inc. v. Phila. Indem. Ins. Co., No. 8:16-cv-01155-JLS-E, 2016 U.S. Dist. LEXIS 189416 (C.D. Cal. 2016)* .......... 7

*Kaufmann v. Kijakazi, 32 F.4th 843 (9th Cir. 2022)* .......... 3

*Pac Fill, Inc. v. Dashti, No. CV 26-3645 PA (BFMx), Dkt. 97 (C.D. Cal. Aug. 12, 2026)* .......... 8

*Smith v. Clark Cnty. Sch. Dist., 727 F.3d 950 (9th Cir. 2013)* .......... 3

## Statutes

*Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act ("EFAA")* .. 5, 6

*Fed. R. Civ. P. 59(e)* .......... 3

## Rules

*C.D. Cal. L.R. 6-1* .......... 7

*C.D. Cal. L.R. 7-3* .......... 7, 8

*C.D. Cal. L.R. 7-18* .......... 2, 7, 9

*C.D. Cal. L.R. 11-6.1* .......... 9

*C.D. Cal. L.R. 11-6.2* .......... 9

## I. INTRODUCTION

Plaintiff's Reply addresses Defendants' footnote in their Opposition because Defendants have introduced and relied upon additional factual assertions that directly bear upon the errors identified in Plaintiff's Motion for Reconsideration and the consequences arising from those errors. These matters cannot be evaluated in isolation: the newly asserted information, the existing record, the alleged errors identified in the Motion, and the resulting prejudice are interconnected and bear upon the same rulings challenged on reconsideration.

Plaintiff therefore addresses Defendants' new assertions only to respond to matters Defendants themselves placed before the Court in their Opposition. Plaintiff does not present the footnote as a new, independent ground for reconsideration or use the Reply to circumvent Local Rule 7-18. Rather, Plaintiff addresses Defendants' assertions because failing to respond would leave material factual representations before the Court unanswered and could permit those representations to be treated as establishing facts that Plaintiff disputes.

This is particularly significant because the time permitted for seeking reconsideration has already passed. Plaintiff therefore respectfully submits that the appropriate procedural vehicle is to address Defendants' newly asserted matters within the present reconsideration proceedings, insofar as those matters bear directly upon the existing grounds and the Court's determination of whether the identified errors were material.

## II. BACKGROUND

Plaintiff did not wait until after the Court entered its Order to identify concerns regarding the integrity and completeness of the record. In her ex parte application, **ECF No. 72, PAGE ID 2296**, Plaintiff expressly brought to the Court's attention the irregularities she had identified in her filings and in documents relating to her Motion to Remand. Plaintiff also identified the documents she had filed concurrently with that Motion, including ECF Nos. 17 and 25. Thus, the very filings that Plaintiff now identifies as material to reconsideration were specifically identified to the Court before the Court ruled. Plaintiff took the additional step of alerting the Court to the

irregularities affecting the record so that those materials could be properly considered. The fact that the same record issues nevertheless appeared in the August 27, 2026 Order does not transform Plaintiff's request into an attempt to reargue the merits. It presents the narrower question whether material facts and arguments that Plaintiff expressly placed before the Court were considered on the same basis as the matters advanced by Defendants. Plaintiff does not ask for preferential treatment or a different standard. She asks only that the record presented by both sides receive the same consideration before the Court's conclusions are allowed to stand.

Correcting an oversight in the existing record is neither extraordinary nor improper. The Ninth Circuit has recognized that a court's willingness to revisit an earlier ruling upon recognizing a mistake "is routine in judging," and "there is nothing odd or improper about it." Smith v. Clark Cnty. Sch. Dist., 727 F.3d 950, 955 (9th Cir. 2013). Conservation of judicial resources favors correcting such oversights now rather than allowing them to be carried forward into later proceedings or a subsequent appeal. See Kaufmann v. Kijakazi, 32 F.4th 843, 851 (9th Cir. 2022) ("Rule 59(e) permits, if not encourages, a district court to correct its own clear errors."). Plaintiff does not ask the Court to reconsider because she disagrees with its conclusions; she asks the Court to correct specific, identifiable omissions in the record before those omissions are treated as resolved.

## II. PLAINTIFF'S ACTIVE PREJUDICE – DEFENDANT'S INAPPROPRIATE FOOTNOTE

Plaintiff proceeds to explain Defendants' actions and the inadvertent circumstances surrounding them, including how the matters identified in Defendants' Opposition relate to the existing record, the errors identified in Plaintiff's Motion for Reconsideration, and the resulting consequences Defendants now advance arguments concerning the Court's prior grant of judicial notice that were not presented within the scope of the Motion for Reconsideration. (ECF Doc. 83, p. 15, n.1). Specifically, Defendants rely upon the Court's prior judicial notice of ECF No. 38-1 to advance their position concerning dismissal, notwithstanding that the filing designated as ECF No. 38-1 contains multiple distinct documents.

The Court's prior Order granted judicial notice of ECF No. 38-1 (Order at 8), which comprises Defendants' Exhibit 1 to their Request for Judicial Notice. That single electronic filing contains three entirely distinct documents:

1. Plaintiff's Complaint filed in Los Angeles County Superior Court (Case No. 25VECV04709);
2. A purported, unauthenticated state-court docket printout; and
3. CRD Complaint (Matter No. 202508-30704712).

Defendants' counsel has first-hand knowledge of the CRD information attached to the 2025 State Claim, also part of the record, *See* ECF 67-19. Defendants' present reliance on these materials is part of their argument for dismissal. Plaintiff addresses that argument because Defendants have placed it before the Court, but Plaintiff does not concede that judicial notice of ECF No. 38-1 establishes the truth, authenticity, or evidentiary effect of the distinct documents contained within that filing.

Defendants' use of the judicially noticed filing creates a substantial risk of prejudice because Defendants are attempting to use the Court's prior judicial-notice ruling for purposes beyond the limited purpose for which judicial notice may properly be taken. (See Declaration of Luna D'Sol ["D'Sol Decl."], ¶ 2, Exhibit 98.)

**1. A purported, unauthenticated state-court docket printout; and Defendants are Mischaracterizing the Court's Order to Deceive the Court**

Critically, in their Request for Judicial Notice papers, Defendants only associated the first two documents with the 2025 state-court case (ECF Doc 38, ¶1). They did *not* characterize the third document—the CRD Complaint—as part of that state-court lawsuit.

Defendants filed their RJN on July 20, 2026, and Plaintiff disputed it on July 27, 2026 in ECF Doc. 51. Defendants never brought up this RJN or their intention to dismiss this case.[1]

---

[1] Plaintiff notes that she submitted twelve separate Requests for Judicial Notice, each identifying the particular material for which judicial notice was sought and accompanied by supporting documentation. Plaintiff did not combine unrelated documents into a single exhibit; she provided a supporting declaration and identified the source or location of each document. By contrast, Defendants' Exhibit 1 (ECF No. 38-1) combines multiple distinct documents, including

Despite this, Defendants now rely upon the fact that these distinct documents were combined under a single ECF number. In their Opposition, Defendants assert that the judicially noticed CRD Complaint pertains to both the prior state-court filing and the present action. (ECF No. 83, p. 12, lines 11–16.) That assertion is difficult to reconcile with Defendants' own Request for Judicial Notice, which expressly identified and connected the first two documents—the 2025 state-court Complaint and the purported corresponding docket—to one another, while separately identifying the CRD Complaint without making the same connection to the 2025 state-court filing. Defendants now rely on the common ECF designation to supply a connection that their original submission did not expressly make, and use that asserted connection to support dismissal of the present action.

**2. Suppression of Evidence:**

Defendants' Opposition states that "Defendants submitted the Declaration of Patricia K. Johnson establishing the amount-in-controversy by a preponderance of the evidence, and Plaintiff made no attempt to rebut that evidence. See ECF No. 37-2." (ECF No. 83, p.11, lines 1-2.) That representation is inaccurate. On July 27, 2026, well before the Court's Order, Plaintiff filed formal, rule-based objections to that very declaration. (ECF No. 53, pp. 1-4). Defendants' counsel who signed the opposition, was also personally served by EFC when the objection was submitted.

## III. PLAINTIFF DID NOT WAIVE HER RIGHT TO INVOKE THE EFAA

Defendants overstate the significance of *Ding v. Structure Therapeutics, Inc.*, No. 25-1532 (9th Cir. Aug. 19, 2026), and the EFAA's election requirement. *Ding* does not establish that a plaintiff's prior silence, failure to invoke the EFAA, or pursuit of other litigation automatically

---

Plaintiff's state-court Complaint, a purported state-court docket, and a CRD Complaint, without separately identifying the source or location of each document in the manner Plaintiff did. This distinction is relevant because Defendants subsequently relied upon the combined filing to characterize the relationship among those separate documents.

constitutes an election or waiver. To the contrary, the Ninth Circuit held that waiver requires an "intentional relinquishment or abandonment of a known right," and rejected the argument that the plaintiff waived her EFAA rights where the record did not establish that she knew she had a plausible sexual-harassment claim and intentionally chose not to assert it.

Defendants have not identified evidence establishing that Plaintiff knew of the EFAA, understood that it applied to her dispute, or knowingly chose arbitration instead of exercising an EFAA right. Defendants' reliance on Plaintiff's prior silence therefore does not, without more, establish an intentional relinquishment of a known right. Indeed, Plaintiff's continued efforts to oppose Defendants' litigation position and to contest arbitration are inconsistent with an inference that Plaintiff knowingly elected arbitration over a known EFAA right. The relevant question is not simply whether Plaintiff previously failed to invoke the EFAA; it is whether the record establishes that Plaintiff **knew of the right and intentionally relinquished it**. *Ding* expressly identifies that distinction.

Accordingly, Defendants' argument improperly converts the absence of an earlier EFAA invocation into a waiver without establishing the knowledge and intentional relinquishment required for waiver. The record, as presented, does not establish either.

## IV. AMOUNT IN CONTROVERSY

Defendants' Opposition does not address Plaintiff's identified manifest error concerning the Court's finding that "the parties do not dispute it is over $75,000." Plaintiff specifically identified that statement as a material factual error in the Court's Order. Defendants do not identify any portion of the record establishing that Plaintiff conceded, stipulated to, or otherwise agreed that the amount in controversy exceeded $75,000. Instead, Defendants leave the challenged statement unaddressed. Because the challenged finding concerns a material jurisdictional fact and Plaintiff has specifically identified the record demonstrating the absence of such an agreement or concession, Defendants' failure to address the identified error does not resolve it.

## V. LOCAL RULES

### *A. The Motion Is Timely Under Local Rule 7-18*

Local Rule 7-18 — the rule that specifically governs motions for reconsideration — required Plaintiff to file no later than fourteen days after the Court's August 27, 2026 Order: no later than September 10, 2026. Plaintiff filed on September 1, 2026, nine days early. Defendants do not dispute this. Instead, Defendants invoke Local Rule 6-1's general twenty-eight-day hearing-notice provision to manufacture a one-day shortfall between the September 1 filing and the September 28 hearing date — a rule that governs notice of hearing dates for motions generally, not the filing deadline Local Rule 7-18 specifically sets for reconsideration. A court "always has power to modify or... overturn an interlocutory order... while it remains interlocutory." Credit Suisse First Bos. Corp. v. Grunwald, 400 F.3d 1119, 1124 (9th Cir. 2005). Defendants' own conduct confirms they suffered no prejudice from the one-day notice gap: the parties conferred substantively on September 2, and Defendants filed a full sixteen-page Opposition addressing every ground raised. (ECF No. 83.)

***B. Any Local Rule 7-3 Timing Defect Does Not Warrant Denial***

Denial for a Local Rule 7-3 defect is discretionary, not automatic, and requires weighing prejudice against the policy favoring resolution on the merits. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (before a local-rule violation may support denial or dismissal, a court must weigh the public's interest in expeditious resolution, the court's need to manage its docket, the risk of prejudice to the opposing party, the public policy favoring disposition on the merits, and the availability of less drastic sanctions). Local Rule 7-3's purpose is "to help parties reach a resolution which eliminates the necessity for a hearing," James R. Glidewell Dental Ceramics, Inc. v. Phila. Indem. Ins. Co., No. 8:16-cv-01155-JLS-E, 2016 U.S. Dist. LEXIS 189416, at *1 (C.D. Cal. 2016), and to "enable[] the parties to brief the remaining disputes in a thoughtful, concise, and useful manner," Caldera v. J.M. Smucker Co., No. CV 12-4936-GHK (VBKx), 2013 U.S. Dist. LEXIS 183977, at *2 (C.D. Cal. June 3, 2013).

That purpose was served here. Plaintiff first contacted Defendants' counsel on August 28, 2026 — the day after the Order issued — to raise the substance of her intended motion. (D'Sol Decl. ¶ 2.) She provided a detailed written summary of every ground on August 31. (Id. ¶ 3.) Defendants' only proposed conference date, September 2, fell after Plaintiff's then-scheduled

surgery and Local Rule 7-18's fourteen-day filing deadline, leaving Plaintiff to file protectively on September 1 rather than risk losing her right to seek reconsideration entirely. (Id. ¶ 4.) The parties then held a full substantive conference on September 2, addressing each ground for reconsideration, and Defendants' counsel confirmed on that call that the meet-and-confer requirement was satisfied — a confirmation Plaintiff memorialized in writing the same day, which Defendants themselves attached to their own Opposition. (ECF No. 83-6 at 8, Page ID #:2448 ("Plaintiff asked if this session considers the Meet and Confer on motion for reconsideration satisfied, and counsel said yes."); D'Sol Decl. ¶ 5.) Defendants do not dispute that exchange or explain how, having confirmed satisfaction on the record, they now argue the opposite in briefing. Courts in this district routinely exercise that discretion even where a motion for reconsideration is untimely and does not technically satisfy Local Rule 7-3. See Pac Fill, Inc. v. Dashti, No. CV 26-3645 PA (BFMx), Dkt. 97 at 1 n.1 (C.D. Cal. Aug. 12, 2026) (concluding movant's motion was "untimely and does not technically satisfy Local Rule 7-3—and is thus subject to denial on those grounds alone" but electing to "consider the Motion for Reconsideration on its merits"). Plaintiff's Motion is timely under Local Rule 7-18 and substantially compliant with Local Rule 7-3; a fortiori, denial on procedural grounds is unwarranted here.

## VIII. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court consider the existing record as a whole, including the documents, declarations, exhibits, and prior filings identified in Plaintiff's Motion for Reconsideration and Reply, together with the matters Defendants have placed before the Court in their Opposition. Plaintiff does not ask the Court to reconsider the Order merely because she disagrees with its conclusions. Rather, Plaintiff asks the Court to examine the record in its entirety and determine whether material facts, evidence, or applicable law were overlooked, inaccurately characterized, or otherwise not considered in resolving the issues addressed in the August 27, 2026 Order.

Plaintiff further requests that the Court consider the interconnected nature of the identified errors and their consequences. The record concerning jurisdiction, remand, judicial notice, administrative exhaustion, arbitration formation, the EFAA, and Defendants' evidentiary

submissions does not exist in isolated pieces. Where one factual or procedural determination affects another, limiting review to a single document or isolated portion of the record could prevent the Court from evaluating the materiality of the identified errors.

Plaintiff therefore respectfully requests reconsideration based upon the grounds properly presented under Local Rule 7-18 and any other applicable authority, and asks the Court to review the existing record and the matters properly before it to determine whether the August 27, 2026 Order should be corrected, modified, or otherwise reconsidered in light of the material facts and law identified by Plaintiff.

Plaintiff does not seek to circumvent Local Rule 7-18 or to obtain a second opportunity to present arguments previously rejected. She seeks review of the record necessary for the Court to determine whether the Order rests upon material factual or legal matters that were overlooked, inaccurately characterized, or affected by evidence or representations that require correction.

Respectfully submitted,

Dated: September 14, 2026

Luna D'Sol

Plaintiff, In Pro Per

**CERTIFICATE OF COMPLIANCE**

For a typed Reply, the applicable certificate is **L.R. 11-6.2**, and it certifies **word count**, not page count. L.R. 11-6.1 sets the limit at **7,000 words for a memorandum** unless a judge has ordered otherwise. The certificate itself is excluded from the word count. 2743 words

Luna D'Sol

Plaintiff, In Pro Per