Cc LUNA D'SOL
Plaintiff, In Pro Per
Email Address: jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUNA D'SOL<br>Plaintiff,<br><br>VS.<br><br>BANK OF AMERICA, N.A.;<br>BANK OF AMERICA CORPORATION;<br>TRICIA SHANKS, an individual;<br>PETER C MAXIM, an individual;<br>and DOES 1 through 50, inclusive,<br>Defendant(s). | **Case No:** 5:26-cv-03535-JGB-SP<br><br>**DECLARATION OF LUNA D'SOL IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>Judge: Hon. Jesus G. Bernal. .<br>United States District Judge<br><br>Date: September 28, 2026<br>Time: 9:00 am<br>Courtroom: 1, 2nd floor<br><br>Complaint Filed: March 4th, 2026<br><br>Concurrently filed with: PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION; Objections to Declaration of Karen Cho, Proposed Order Granting Plaintiff's Motion for Declaration |

**DECLARATION OF LUNA D'SOL**

I luna D'Sol declare as follows:

1. I am the Plaintiff in this action. I have firsthand personal knowledge of the facts stated in this Declaration and, if called as a witness, could and would competently testify to them.

2. I submit this Declaration in support of Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion for Reconsideration (ECF Doc. 81) and to address factual statements and representations made in Defendants' Opposition (ECF Doc 83).

**FOLLOWING THE COURT'S ORDER WITHOUT RESPONSE**

1. On August 28th, 2026 I sent an email to Defendants' counsel to request a meet and confer for my Motion for Reconsideration. A true and correct copy of my August 28 written notice is attached as **Exhibit 98**. No response was received.

2. In this same communication I shared that the prejudice was not speculative. I identified Defendants' counsel intention to seek dismissal and the basis for this action that were placed on the record in the declaration of Defendants' counsel ( See ECF No. 10-2 ¶ 13), where Ms. Cho states that during the parties' June 26, 2026 meet-and-confer, "Ms. Antonopoulos and I also explained the basis for Defendants' Motion to Dismiss." Ms. Cho further states that the contemplated Motion to Dismiss "addresses some of the same arguments made in the removal."

3. Later on August 28, 2026, I again attempted to reach Defendants' counsel by telephone and sent two written communications by email to propose a temporary preservation of the status quo while I prepared for and recovered from my upcoming surgery, including a plan for the parties to proceed through regular noticed-motion practice rather than seek ex parte relief. True and correct copies of both August 28, 2026 emails are attached collectively as **Exhibit 99**. No response was received.

4. On August 31, 2026, Defendants' counsel responded by proposing two options, both of which contemplated a meet-and-confer on September 2, 2026, despite knowing that September 2 was the day after my scheduled surgery and that my availability at that time was uncertain. I advised counsel again that I could not rely on being medically able to meet or prepare papers afterward on. I explained that I wanted us to proceed through regular noticed-motion practice rather than seek ex

parte relief and I explained that I will be sending a plan shortly. A true and correct copy is attached as **Exhibit 100**. No response was received

5. On August 31, 2026, I provided Defendants' counsel with a concise breakdown of the grounds for my intended Motion for Reconsideration, including the remand, judicial-notice, arbitration, EFAA, and evidentiary issues I intended to raise. I also proposed a stipulation to allow the parties to continue conferring, narrow or resolve issues where possible, and address scheduling without waiving either party's substantive positions. I requested Defendants' position or any counterproposal by 4:00 p.m. that day. A true and correct copy of this communication is attached as **Exhibit 101**. No response was received.

**6.** I filed my Motion for Reconsideration on September 1, 2026, in the morning before my scheduled surgery, after receiving no response to my repeated meet-and-confer efforts. At that time, I had no certainty regarding my recovery, had communicated my willingness to continue the meet-and-confer process after filing and, if medically able, to confer on September 2, and had informed Defendants' counsel of the scheduling prejudice I faced. I also remained subject to the filing deadline under Local Rule 7-18. Defendants had not identified any prejudice they would suffer from my filing the Motion for Reconsideration. I therefore filed the Motion that morning, before my scheduled surgery, while I was still able to do so.

**7.** On September 1, 2026, my physician's office informed me that my surgery was rescheduled from September 1 to September 30, 2026, with additional procedures added. True and correct copies of the August 27, 2026 surgery confirmation and subsequent medical documentation that I received on September 3, 2026, about with personal information redacted, are attached hereto as **Exhibit 102.**

**MEET AND CONFER: COUNSEL'S ACKNOWLEDGMENT CONFERENCE WAS 'SATISFIED'**

8. On September 2, 2026, I sent an email to Defendants' counsel where I referenced the Court's direction that the parties work together rather than resort unnecessarily to ex parte practice and requested the same professional courtesy I had extended to Defendants in the past (ECF Doc. 1-4 Page ID 237-240, ECF Doc 26-3 Page ID 763-766; ECF 69-2 Page ID 2211-2214;

See *also* ECF Doc 17 RJN No. 6 Exhibit F, Page Id: 476-470). A true and correct copy of my September 2, 2026, email is attached hereto as **Exhibit 103**.

9. On September 2, 2026, I personally participated in the meet-and-confer concerning my Motion for Reconsideration with Defendants' counsel. Counsel stated that she would participate in the discussion only if I agreed to withdraw the Motion for Reconsideration. I agreed to do so, provided that the parties could reach an agreeable resolution. I then explained each of the grounds raised in my Motion. Counsel stated that she did not have the materials from this litigation before her and had not memorized them. Nevertheless, counsel's response to each of the grounds I presented was simply one word: "irrelevant."

10. At the end of the conference, **I asked counsel whether she considered the meet-and-confer satisfied, and Defendants' counsel said yes**. I memorialized this in an email and received no objection. *Id*. I have submitted a true and correct copy of that email as Exhibit 103, the same email is also contained in Defendants' own filing. (*See* ECF No. 83-6 at 8, last paragraph, PageID 2448.)

**DEFENDANT'S CONCEALMENT OF MY STIPULATION AGREEMENT PROPOSAL**

11. I received an email from Defendants' counsel on September 4, 2026, stating that Defendants were generally willing to agree to continue the hearing and briefing schedule on the Motion for Reconsideration, but proposed a stay of the entire action and agreed to attend a settlement conference with the Court. A true and correct copy of Defendants' proposed stipulation is attached hereto as **Exhibit 104.**

12. The proposed stipulation subsequently characterized the September 2 conference as a Local Rule 16-15 meet-and-confer and stated that the parties had agreed to stay the action, neither of which had occurred or to which I had agreed. My requests had identified Local Rule 7-3, and the September 2 conference concerned the substance of my Motion for Reconsideration. I did not agree to a stay or participate in a Local Rule 16-15 settlement conference. A true and correct copy of my email is attached here to as **Exhibit 105**.

13.

**PLAINTIFF NOTIFIED**

14. I established my manifest of error clearly in my Motion for Reconsideration by staying within the parameter of

15. As a self-represented litigant, I am navigating complex procedural rules against trained opposing counsel who are actively utilizing technicalities to obscure the facts. (Supra ¶ 9; ECF Doc. 67; Objections to Declaration of Karen Cho filed concurrently herewith, Obj. No. 7)

16. While I have no knowledge that Defendants' repeated filings were intended to reset or otherwise affect any of my objection I had already raised, I noticed that the ECF option for searching a case is labeled "Query." In my understanding, a query is used to search for or identify information.

17. On August 24, 2026, I filed an Ex Parte Application, ECF No. 72, entitled "Notice of Technical Irregularity and Identification of Existing Remand Record," notifying the Court that certain of my filings appeared technically corrupted. I specifically directed the Court to ECF No. 42 as an example and provided a table identifying the ECF filings concurrently submitted in support of my Motion to Remand, including ECF Nos. 17 and 25. (Page ID 2295–96.)

What I

18. I clearly communicated to Defendants that I wanted an opportunity to take care of my health. I proposed that, after my recovery, I could seek reconsideration and that Defendants would not file a motion to dismiss while I was recovering not only because I had presented reasons that disputed their RJN but also because Defendants had included two other sets of documents that the court may have overlooked because defedants had not been transparent I explained why Defendants RJN could not be judicially noticed.

"WHEN NO BASIS FOR ARGUMENT, ABUSE THE PLAINTIFF" *Cicero*

19. While I understand that motions for reconsideration are disfavored and rarely granted, I hesitated to file this motion because I had difficulty locating examples in which reconsideration was granted to a pro se litigant.

20. I have nevertheless been required to prepare my Motion for Reconsideration and this Reply by manually reviewing and re-reading the record to locate the arguments and evidence I

previously presented so that I could cross-reference them. I have done so during a period when I had expected to be able to focus on my health and recovery.

21. I filed my Motion for Reconsideration not as a frivolous delay tactic, but as a good-faith effort to correct what I contend is a material factual error based on evidence that was already before the Court. I did not attempt to reargue matters merely because I disagreed with the Court's ruling; I sought reconsideration based on the specific grounds identified in Local Rule 7-18.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 14, 2026, at Palm Springs, California.

/s/ Luna D'Sol
**Luna D'Sol**
Plaintiff, In Pro Per