Exhibit 99



**From:** **Luna D'Sol** jravada@icloud.com
**Subject:** Re: Meet and Confer – Proposed Stipulation Regarding August 27 Order
**Date:** August 28, 2026 at 16:47
**To:** Antonopoulos, Nicole L. nicole.antonopoulos@morganlewis.com, Cho, Karen Y. karen.cho@morganlewis.com

Counsel,

I am following up on my prior meet-and-confer request. I just called both of you and attempted to reach you by telephone.

I am particularly asking for your cooperation because this request is prompted in part by an upcoming surgery and the resulting scheduling constraints. I am attempting to resolve the timing issues cooperatively rather than seek ex parte relief.

I would also appreciate the same professional courtesy that I have extended when Defendants requested time-sensitive cooperation. When Defendants needed the NAR materials completed, counsel assisted in preparing the forms for me, and when Defendants sought to vacate Ms. Shanks's default, counsel contacted me by telephone more than once in the same day in an effort to obtain agreement. I therefore hope we can address this scheduling request with the same degree of prompt cooperation.

My objective remains to determine whether the parties can stipulate to an appropriate extension of the September 14 deadline and preserve the procedural status quo long enough for Plaintiff's contemplated motion for reconsideration concerning remand to proceed through regular noticed-motion practice, rather than requiring an ex parte application.

Please let me know your position as soon as practicable. I remain available by telephone.

Regards,

**Luna D'Sol**

(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

> On Aug 28, 2026, at 15:00, Luna D'Sol <jravada@icloud.com> wrote:
>
> Counsel,
>
> I received notification concerning an upcoming surgery that may materially affect my availability before September 14, 2026.
>
> I am attempting to address this matter in good faith and, particularly in light of the Court's August 27 Order taking judicial notice of EFF Doc 38-1 notwithstanding my express objection. More specifically, ECF No. 38-1 contains: (1) a purported state-court filing from the prior year that I demonstrated was no longer retrievable through the Los Angeles Superior Court's online case-access system and contended had been voided due to a clerk error; (2) an incomplete version of my CRD administrative record that omits the exhibits submitted with the CRD charge; and (3) a purported LexisNexis case report whose source, completeness, authenticity, and apparent alteration that I expressly disputed in ECF No. 51. I separately submitted the CRD Case Summary and supporting materials and declared under penalty of perjury that the CRD record identified the uploaded documents, including documents identifying Peter C. Maxim and Tricia Shanks by full name.
>
> The prejudice is not speculative. Defendants have already announced their intention to seek dismissal of this action. In Karen Cho's sworn declaration filed in support of Defendants' Motion to Compel Arbitration, ECF No. 10-2 ¶ 13, Ms. Cho states that during the parties' June 26, 2026 meet-and-confer, "Ms. Antonopoulos and I also explained the basis for Defendants' Motion to Dismiss." Ms. Cho further states that the contemplated Motion to Dismiss "addresses some of the same arguments made in the removal."
>
> Specifically, I propose that the parties stipulate to:
>
> (1) request an extension of the September 14 deadline for the parties' joint statement concerning arbitration-related discovery;
>
> (2) permit sufficient time for me to file and have heard a regularly noticed Motion for Reconsideration of the August 27 Order; and
>
> (3) maintain the status quo pending resolution of reconsideration, including Defendants' agreement not to file a motion to dismiss or otherwise seek dispositive relief based upon the matters addressed in the August 27 Order during that period.
>
> This would allow the reconsideration issues to be presented through ordinary noticed-motion procedures rather than through an ex parte application, while protecting both sides from unnecessary motion practice before the Court determines whether reconsideration is warranted.
>
> Please advise whether Defendants will agree to this proposal. If Defendants do not agree, please also state whether you oppose Plaintiff seeking ex parte relief for an extension and preservation of the status quo in light of the upcoming surgery and the timing of the September 14 deadline. I am available to talk to or join a conference any time today and Monday. Tuesday is when I have to go to the doctor's.
>
> Respectfully,
>
> **Luna D'Sol**
>
> (213) 925-4069

📧 jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.