Exhibit 103

**From:** **Luna D'Sol** jravada@icloud.com
**Subject:** Re: Surgery Rescheduled
**Date:** September 2, 2026 at 21:42
**To:** Antonopoulos, Nicole L. nicole.antonopoulos@morganlewis.com
**Cc:** Cho, Karen Y. karen.cho@morganlewis.com



Hi Nicole and Karen,

I am not doing well health-wise, and frankly, the demands of this litigation are taking a significant toll on my well-being. I have had several recent ER visits, and tonight I am again uncertain whether I may need to return to the ER.

Given my present health circumstances, I am not confident that I will be medically able to withdraw and then prepare and refile the Motion for Reconsideration within the remaining time. I therefore ask that you please work with me on a stipulation that would allow the presently filed Motion to remain on file while moving the hearing and corresponding briefing dates.

I am asking for the same professional courtesy I have extended to Defendants regarding scheduling and procedural matters. I have attached a stipulation and I assume that either one of you could look into and sign it.

The requested stipulation is supported by good cause, and would not prejudice Defendants or require Defendants to incur the additional expense.

More importantly, resolving the scheduling issue now would give me some assurance that I can address my medical needs without worrying that an earlier procedure, hospitalization, or recovery period will cause me to lose the opportunity to have the Motion considered.

The Court has encouraged the parties to work together rather than resort unnecessarily to ex parte practice. I am trying to do exactly that here. I would appreciate your agreement to stipulate to a later hearing date while leaving the September 1 Motion in place.

Thank you

**Joint Stipulation.docx**
36 KB


## Luna D'Sol

(213) 925-4069
jravada@icloud.com


This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

> On Sep 2, 2026, at 19:00, Luna D'Sol <jravada@icloud.com> wrote:
>
> Counsel,
>
> Thank you for the call today. I am writing to memorialize my understanding of our discussion.
>
> At the outset, Defendants raised procedural objections to Plaintiff's Motion for Reconsideration already on the docket, including the timing of the Local Rule 7-3 conference. Plaintiff reminded counsel that the Motion was filed in light of Plaintiff's previously disclosed medical procedure, several attempts to meet and confer since last week, and the fourteen-day deadline applicable to reconsideration.
>
> Plaintiff also noted that, when Defendants requested a meet-and-confer concerning their Motion to Compel Arbitration on June 26, 2026, Defendants filed that motion on July 2, 2026—six calendar days later rather than seven. Nevertheless, in response to Defendants' request during today's conference, Plaintiff agreed in good-faith to withdraw the presently filed Motion for Reconsideration so that the parties could complete the meet-and-confer process and Plaintiff could thereafter proceed to adjust her file based on an agreement reached by the parties.
>
> The parties thereafter conferred substantively regarding the grounds for reconsideration. Plaintiff identified ECF No. 25 "Plaintiff's Objection to Notice of Removal" filed concurrently with Motion to Remand was not listed in the court's Order as part of the scope considered within the Motion to Remand (page 2) and explained that ECF Doc. 25 expressly disputed Defendants' amount-in-controversy showing, notwithstanding the Order's statement that the parties did not dispute that the amount exceeded $75,000. Defendants' counsel said that they agreed to disagree. Then Plaintiff explained again that the court concluded "that parties do not dispute amount over $75,000" however in ECF Doc 25 Plaintiff disputed that Defendants had not showed how much and both times they presented calculations their forecasted amount includes a consideration of $75,000 in damages, not over $75,000. Defendants' counsel repeated that they disagreed and that they will document their opinion in their opposition if Plaintiff refiles the motion. Defendants counsel also shared that she doesn't memorialize the documents by ECF # in her head, at the same time she did not have them during the call so she was not able to follow along while Plaintiff was explaining. No substantive engagement was provided
>
> Plaintiff also identified ECF No. 17 and the related judicial-notice issue concerning ECF No. 38-1. Plaintiff identified ECF No. 15 "Defendants Request for Judicial Notice" filed concurrently with Motion to Remand as not being listed within the scope of Motion to Remand Defendants and referred counsel to the Order page 2. Plaintiff stated ECD Doc. 17 requests judicial notice of a state court filing claiming that is not

subject to reasonable dispute and the Order appears to have agreed with that statement which ECF Doc 17 proves otherwise. Defendants did not even provide or identified a source and Plaintiff's ECF Doc 17 requests judicial notice of a publicly available search of the case showing that Defendants' ECF 38-1 does not exist. Defenants' counsel feedback was that it is not material and repeated that she agreed to disagree. No substantial engagement here either

Regarding Plaintiff's EFAA election and the Ninth Circuit's August 19, 2026 decision in *Ding v. Structure Therapeutics, Inc.*, Defendants stated that their position is that Plaintiff has waived the right to raise the EFAA issue at this stage. Plaintiff explained again that *Ding* directly bears upon the timing of an EFAA election and that courts have granted EFAA elections in Motions for Reconsiderations. Counsel stated that they would review the authority cited by Plaintiff

The parties separately discussed Plaintiff's outstanding payroll issue concerning compensation for the 30-day internal job-search period. Counsel stated that they had not yet looked at Plaintiff's request issue and would consult with their client and circle back.

Also, on the subject of settlement options counsel mentioned they will talk to their client and circle back.

Finally, Plaintiff asked if this session considers the Meet and Confer on motion for reconsideration satisfied, and counsel said yes.

Thank you

**Luna D'Sol**

📱 (213) 925-4069
📧 jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

> On Sep 2, 2026, at 14:20, Luna D'Sol <jravada@icloud.com> wrote:
>
> Hi,
>
> Thank you for your prompt response
>
> I will take 4:30pm
>
> Thank you
>
> Luna
>
>> On Sep 2, 2026, at 14:04, Antonopoulos, Nicole L. <nicole.antonopoulos@morganlewis.com> wrote:
>>
>> Hi Luna,
>>
>> We are available today after 4 pm. Please let us know what time works for you, and we will send a meeting invite with a link. Thank you.
>>
>> **Nicole L. Antonopoulos**
>> **Morgan, Lewis & Bockius LLP**
>> 1400 Page Mill Road | Palo Alto, CA 94304-1124
>> Direct: +1.650.843.7236 | Main: +1.650.843.4000 | Fax: +1.650.843.4001
>> nicole.antonopoulos@morganlewis.com | www.morganlewis.com
>>
>> <image001.png> <image002.png> <image003.png> <image004.png> <image005.png>
>>
>> **From:** Luna D'Sol <jravada@icloud.com>
>> **Sent:** Wednesday, September 2, 2026 12:47 PM
>> **To:** Antonopoulos, Nicole L. <nicole.antonopoulos@morganlewis.com>; Cho, Karen Y. <karen.cho@morganlewis.com>
>> **Subject:** Surgery Rescheduled
>>
>> [EXTERNAL EMAIL]
>> Hi,
>>
>> I just wanted to inform the surgery was scheduled for the end of this month

Are you still able to schedule a conference today? Or what is your available time?

**Luna D'Sol**

📱 (213) 925-4069

✉️ jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

CONFIDENTIALITY AND PRIVACY NOTICE: This email is from a law firm and may contain information that is confidential, privileged, and/or attorney work product. This email may also contain personal data, which we process in accordance with applicable data protection laws and our Privacy Policies and Notices. If you are not the intended recipient, you may not review, copy, or distribute this message. If you have received this email in error, please contact the sender immediately and delete all copies from your system.

**Luna D'Sol**

📱 (213) 925-4069
✉️ jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.