Exhibit 104

**From:** **Luna D'Sol** jravada@icloud.com
**Subject:** Re: Surgery Rescheduled
**Date:** September 2, 2026 at 19:00
**To:** Antonopoulos, Nicole L. nicole.antonopoulos@morganlewis.com
**Cc:** Cho, Karen Y. karen.cho@morganlewis.com

---

Counsel,

Thank you for the call today. I am writing to memorialize my understanding of our discussion.

At the outset, Defendants raised procedural objections to Plaintiff's Motion for Reconsideration already on the d
Local Rule 7-3 conference. Plaintiff reminded counsel that the Motion was filed in light of Plaintiff's previously di
several attempts to meet and confer since last week, and the fourteen-day deadline applicable to reconsideratic

Plaintiff also noted that, when Defendants requested a meet-and-confer concerning their Motion to Compel Arbi
Defendants filed that motion on July 2, 2026—six calendar days later rather than seven. Nevertheless, in respo
during today's conference, Plaintiff agreed in good-faith to withdraw the presently filed Motion for Reconsiderati
complete the meet-and-confer process and Plaintiff could thereafter proceed to adjust her file based on an agre

The parties thereafter conferred substantively regarding the grounds for reconsideration. Plaintiff identified ECF
Notice of Removal" filed concurrently with Motion to Remand was not listed in the court's Order as part of the sc
Motion to Remand (page 2) and explained that ECF Doc. 25 expressly disputed Defendants' amount-in-controv
the Order's statement that the parties did not dispute that the amount exceeded $75,000. Defendants' counsel s
disagree. Then Plaintiff explained again that the court concluded "that parties do not dispute amount over $75,0
Plaintiff disputed that Defendants had not showed how much and both times they presented calculations their fc
consideration of $75,000 in damages, not over $75,000. Defendants' counsel repeated that they disagreed and
opinion in their opposition if Plaintiff refiles the motion. Defendants counsel also shared that she doesn't memor
in her head, at the same time she did not have them during the call so she was not able to follow along while Pl
substantive engagement was provided

Plaintiff also identified ECF No. 17 and the related judicial-notice issue concerning ECF No. 38-1. Plaintiff identi
Request for Judicial Notice" filed concurrently with Motion to Remand as not being listed within the scope of Mo
referred counsel to the Order page 2. Plaintiff stated ECD Doc. 17 requests judicial notice of a state court filing
reasonable dispute and the Order appears to have agreed with that statement which ECF Doc 17 proves otherv
provide or identified a source and Plaintiff's ECF Doc 17 requests judicial notice of a publicly available search o
Defendants' ECF 38-1 does not exist. Defenants' counsel feedback was that it is not material and repeated that
substantial engagement here either

Regarding Plaintiff's EFAA election and the Ninth Circuit's August 19, 2026 decision in *Ding v. Structure Therap*
that their position is that Plaintiff has waived the right to raise the EFAA issue at this stage. Plaintiff explained ag
upon the timing of an EFAA election and that courts have granted EFAA elections in Motions for Reconsideratio
would review the authority cited by Plaintiff

The parties separately discussed Plaintiff's outstanding payroll issue concerning compensation for the 30-day ir
Counsel stated that they had not yet looked at Plaintiff's request issue and would consult with their client and cii

Also, on the subject of settlement options counsel mentioned they will talk to their client and circle back.

Finally, Plaintiff asked if this session considers the Meet and Confer on motion for reconsideration satisfied, and

Thank you

**Luna D'Sol**

📱 (213) 925-4069
📧 jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain co
received this in error, please notify the sender and delete it immediately.