# Exhibit 105



**From:** **Luna D'Sol** jravada@icloud.com
**Subject:** Re: Surgery Rescheduled
**Date:** September 4, 2026 at 10:54
**To:** Antonopoulos, Nicole L. nicole.antonopoulos@morganlewis.com
**Cc:** Cho, Karen Y. karen.cho@morganlewis.com

---

Dear Nicole,

Plaintiff and defense counsel did not meet and confer regarding, much less agree to, a settlement conference. No agreement has been reached. Indeed, you have not been able to agree to anything unless you first check with your clients .

I also informed you that my surgery was rescheduled for September 30, 2026, with an anticipated recovery of approximately seven days, and proposed October 12 for my Motion for Reconsideration. I did not request a stay of the entire action.

I further explained that this litigation has taken a substantial toll on my mental health and that I am presently unable to participate personally in a settlement conference or mediation without risking a serious deterioration in my condition. I again proposed that the Bank cover the reasonable cost of independent counsel to represent me for the limited purpose of settlement. That proposal has not been addressed despite my raising it repeatedly.

Unlike counsel, I lost my income more than a year ago. My hormone treatment was discontinued, delaying my transition and contributing to significant isolation and worse. I have been unable to secure comparable employment while navigating my transition, I am approximately ten months behind on my mortgage, and I have been unable to retain counsel for this litigation because of the purported lien asserted by my former attorney.

My willingness to explore settlement should itself demonstrate that I do not enjoy this process and have no desire to prolong this litigation. I am trying to resolve it while dealing with circumstances that have become increasingly difficult to manage without representation.

I also want to address our communications directly. During our conversations, I have at times perceived frustration or anger in your tone, or Karen's (I am unable to differentiate either one of you when on the phone). A few days ago, I was accused of harassing you and was spoken to in a manner that I found particularly upsetting. I want to be unequivocally clear that harassment has never been my intention, nor have I approached our communications with that purpose.

These circumstances are part of why I am presently evaluating appropriate protective relief under Federal Rule of Civil Procedure 17(c)(2). I am taking that issue seriously. I would ask that you likewise consider the circumstances I have described when determining how your clients intends to proceed, particularly with respect to settlement and my repeated request for limited-purpose independent counsel.

Also at your request, I submitted another settlement demand yesterday—my third. I specifically advised that if this demand is again not meaningfully addressed, I will conclude that your request carried different motives

Your proposed stipulation does not reflect our agreement and would materially prejudice me. By contrast, the limited accommodation I proposed addressed my upcoming surgery without prejudicing Defendants, staying the action, or altering any party's substantive or procedural rights.

**Luna D'Sol**

📱 (213) 925-4069
📧 jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.