**Luna D'Sol**
Plaintiff, In Pro Per
Email Address: jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LUNA D'SOL**

Plaintiff,

vs.

**BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; TRICIA SHANKS, an individual; PETER C. MAXIM, an individual; and DOES 1 through 50, inclusive,**

Defendants.

Case No: 5:26-cv-03535-JGB-SP

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Judge: Hon. Jesus G. Bernal. .
United States District Judge

Date: September 28, 2026
Time: 9:00 am
Courtroom: 1, 2nd floor

Complaint Filed: March 4th, 2026

Concurrently filed with: PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION; Objections to Declaration of Karen Cho,Granting Plaintiff's Motion for Declaration

The Court, having considered Plaintiff's Motion for Reconsideration, Defendants' Opposition, Plaintiff's Reply, the supporting Declaration of Luna D'Sol, the objections and exhibits submitted in connection with the Motion and Reply, the prior filings and record in this action, and the applicable law, hereby ORDERS as follows:

1. Plaintiff's Motion for Reconsideration is **GRANTED**.
2. The Court has considered the existing record as a whole, including the documents, declarations, exhibits, and prior filings identified by Plaintiff, together with the matters Defendants placed before the Court in their Opposition.
3. The Court finds that reconsideration is warranted because Plaintiff identified material factual and/or legal matters that were presented in the existing record and that bear materially upon the Court's August 27, 2026 Order (ECF No. 78), including matters concerning jurisdiction and remand, judicial notice, administrative exhaustion, arbitration formation, the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act, and Defendants' evidentiary submissions.
4. The Court further considers the record concerning the documents submitted in support of Defendants' Request for Judicial Notice, including ECF No. 38-1, and the separate documents contained within that electronic filing, together with the other record materials identified by Plaintiff.
5. The Court further considers Plaintiff's contention that the August 27, 2026 Order stated that "the parties do not dispute it is over $75,000," and the record concerning whether Plaintiff made any such concession, stipulation, or agreement.
6. The Court further considers the parties' respective positions concerning arbitration formation and Plaintiff's invocation of rights under the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act, 9 U.S.C. §§ 401–402, including the applicable Ninth Circuit authority.
7. Nothing in this Order shall be construed as a finding that Plaintiff has consented to arbitration, waived any objection to arbitration, waived any objection to federal jurisdiction

or removal, or abandoned any claim or defense concerning subject-matter jurisdiction, remand, arbitration formation, validity, enforceability, applicability, or scope.

8. The Court's August 27, 2026 Order (ECF No. 78) is hereby **VACATED, MODIFIED, or OTHERWISE RECONSIDERED to the extent necessary to address the matters identified above**, and the Court shall issue such further order concerning the pending jurisdictional and arbitration-related issues as appropriate.

9. The Court declines to determine disputed factual matters solely on the basis of the parties' characterizations of the record and shall consider the underlying record materials themselves to the extent properly before the Court.

10. The Court retains jurisdiction to enter such further orders as may be necessary to implement this Order.

IT IS SO ORDERED.

DATED: ___________________, 2026

**HON. JESUS G. BERNAL**
United States District Judge