# Exhibit A

# Plaintiff's Position

LUNA D'SOL
Plaintiff, In Pro Per
Email Address: jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUNA D'SOL<br>Plaintiff,<br><br>VS.<br><br>BANK OF AMERICA, N.A.;<br>BANK OF AMERICA CORPORATION;<br>TRICIA SHANKS, an individual;<br>PETER C MAXIM, an individual;<br>and DOES 1 through 50, inclusive,<br>Defendant(s). | **Case No:** 5:26-cv-03535-JGB-SP<br><br>**PLAINTIFF'S POSITION REGARDING SCOPE AND TIMELINE FOR LIMITED DISCOVERY PURSUANT TO ECF NO. 78**<br><br>Judge: Hon. Jesus G. Bernal.<br>. United States District Juge<br><br>Complaint Filed: March 4th, 2026 |

**PLAINTIFF'S POSITION**

1. **No Further Discovery Is Necessary.** Defendants' own evidence has already resolved the discrete factual issue concerning whether Defendant Tricia Shanks received the November 22, 2024 reminder email. In his original declaration, Dineen M. Allen stated that the reminder was sent to all active U.S.-based employees, including Shanks, and that Bank electronic data confirmed Defendant Shanks received the email. ECF 10-7 ¶¶ 5–6. In his Supplemental Declaration, however, Allen expressly clarified that the reminder was sent only to employees who had not yet acknowledged the Arbitration Policy and affirmatively stated that Shanks did not receive the November 22 reminder because she had already acknowledged the Policy. ECF 56-1 ¶¶ 4–5. Thus, Defendants' own supplemental evidence supplies the factual answer and eliminates any need for additional discovery directed to whether Shanks received the reminder. Under Rule 26(b)(1) and Rule 26(b)(2)(C)(i), discovery should be limited where its burden is disproportionate to its likely benefit or where the information is cumulative, duplicative, or obtainable from a less burdensome source.
2. If the Court is not prepared to deny the Motion outright, Plaintiff respectfully requests, in the alternative, that the Court order limited discovery testing the Allen Declaration's conclusory "internal electronic data" assertion—including the underlying delivery and read-receipt logs, the distribution list actually used on November 8 and November 22, 2024, and the document-management-system audit trail for the document produced as Exhibit 2 to the Allen Declaration—before the Court makes any finding on a preponderance-of-the-evidence standard. Such discovery, followed by an evidentiary hearing or trial as needed, is the procedure the Ninth Circuit has directed courts to follow where, as here, a party's account of contract formation is genuinely and specifically controverted. *Hansen*, 1 F.4th at 677; *Chiron*, 207 F.3d at 1131. (ECF Doc. 43, p. 12). TIMELINE: produced in two weeks.
3. **Why Defendants' Proposed Discovery Plan Does Not Resolve the Issue** Defendants' proposed discovery does not target the evidence on which their arbitration theory relies. Allen identifies the Bank's **internal electronic data** as the basis for his assertion concerning receipt of the Arbitration Policy. ECF 10-7 ¶¶ 3, 6. Yet Defendants do not

propose producing that underlying data. Instead, they propose one-hour depositions of Shanks and Maxim and a two-hour deposition of Plaintiff. Those depositions are unnecessary to resolve the identified issue. Plaintiff has already declared that she never received the November 22, 2024 reminder email. More importantly, Allen's Supplemental Declaration now states that Shanks **did not receive** that email because she had already acknowledged the Arbitration Policy. (ECF 56-1 ¶¶ 4–5. 56-1). Rule 26(b)(2)(C)(i) requires the Court to limit discovery that is unreasonably cumulative or duplicative or that can be obtained from another source more conveniently, less burdensomely, or less expensively. In *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 409–13 (C.D. Cal. 2014

**Judicial economy further favors this approach.** The Court and the parties should not expend resources examining witnesses concerning a factual issue that Defendants' own evidence has already addressed, particularly where the underlying electronic data identified by Defendants as the source of their assertion remains available to the Bank. Discovery should be directed toward genuinely disputed facts material to formation, rather than duplicating evidence already before the Court

Respectfully submitted,

Dated: September 14, 2026

Luna D'Sol

Paintiff, In Pro Per