LUNA D'SOL
Plaintiff, In Pro Per
Email Address: jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUNA D'SOL<br>Plaintiff,<br><br>VS.<br><br>BANK OF AMERICA, N.A.;<br>BANK OF AMERICA CORPORATION;<br>TRICIA SHANKS, an individual;<br>PETER C MAXIM, an individual;<br>and DOES 1 through 50, inclusive,<br>Defendant(s). | **Case No:** 5:26-cv-03535-JGB-SP<br><br>**DECLARATION OF LUNA D'SOL**<br><br>Judge: Hon. Jesus G. Bernal.<br>. United States District Juge<br><br>Complaint Filed: March 4th, 2026 |

**DECLARATION OF LUNAD'SOL**

I, Luna D'Sol, declare:

1. I am the Plaintiff in this action and appear pro se. I submit this declaration in support of Plaintiff's Application for Leave to File Plaintiff's Position Regarding Scope and Timeline for Limited Discovery.

2. Following the Court's August 27, 2026 Order (ECF No. 78), I prepared Plaintiff's proposed position concerning the scope and timeline of the limited formation discovery contemplated by the Court's Order.

3. On September 1, 2026, I reached out to Defendants' counsel regarding the scope of the limited formation discovery contemplated by ECF No. 78 and whether the issue could be narrowed or resolved between the parties.

**4.** On September 3, 2026, I provided Defendants' counsel with Plaintiff's proposed position regarding the scope and timeline of the limited formation discovery. In that proposal, I asked whether Defendants would stipulate to the relevant formation facts reflected in their existing declarations and records, which could substantially narrow or potentially eliminate the need for additional discovery. I also proposed that Defendants could stipulate that they would no longer seek to compel arbitration, which would eliminate the need for formation discovery altogether. A true and correct copy of Plaintiff's September 3, 2026 correspondence is attached as **Exhibit 106.**

5. I subsequently followed up with Defendants' counsel regarding their position and whether the proposed issue could be resolved without further Court intervention. Defendants did not engage in resolving the proposed scope of discovery or reach a stipulation with Plaintiff before the September 14, 2026 filing of the Joint Statement.

6. On September 14, 2026, Defendants filed the Joint Statement Regarding Scope and Timeline for Limited Discovery (ECF No. 85). The Joint Statement does not include Plaintiff's previously provided position.

7. Plaintiff therefore seeks leave to file her previously prepared position so that the Court has before it Plaintiff's proposal concerning the scope and timeline of the limited discovery ordered by the Court, in addition to Defendants' proposal.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 15, 2026, at Palm Springs, California

/s/ Luna D'Sol

Luna D'Sol, Plaintiff in Pro Per

Exhibit 106



**From:** **Luna D'Sol** jravada@icloud.com
**Subject:** Re: Limited Discovery Proposal — ECF No. 78 - 2nd Attempt No Response
**Date:** September 3, 2026 at 15:37
**To:** Antonopoulos, Nicole L. nicole.antonopoulos@morganlewis.com, Cho, Karen Y. karen.cho@morganlewis.com

Hi Karen and Nicole,

I am following up for a second time regarding the limited formation discovery contemplated by ECF No. 78.

Plaintiff's position is that substantial additional discovery may no longer be necessary because the existing record already contains materially different statements concerning the November 22, 2024 arbitration-policy email.

The original Allen Declaration (ECF No. 10-7) states, in substance, that the November 8 and November 22 communications were distributed to all active U.S.-based employees, including Plaintiff and the Individual Defendants. The Supplemental Allen Declaration (ECF No. 56-1), however, subsequently states that the November 22 reminder was sent only to employees whom the Bank tracked as not having accepted the Arbitration Policy.

Accordingly, Plaintiff proposes that the parties first determine whether Defendants are willing to stipulate to the relevant formation facts reflected by their existing declarations and records. If the parties can stipulate to those facts, the scope of any additional discovery could be substantially narrowed or potentially eliminated.

Alternatively, Defendants may stipulate that they will no longer seek to compel arbitration, in which event formation discovery would no longer be necessary.

Please provide Defendants' position so that the parties can accurately present their respective proposals in the Joint Statement due September 14, 2026.

Plaintiff's participation in the limited discovery ordered by the Court is undertaken solely in compliance with the Court's directive concerning arbitration formation and shall not be construed as consent to federal jurisdiction, a concession that an arbitration agreement was formed, or a waiver of Plaintiff's challenge to subject-matter jurisdiction, including the jurisdictional issues raised in her pending Motion for Reconsideration.

Regards,

**Joint Statement for ECF 78.docx**
38 KB


## Luna D'Sol

(213) 925-4069
jravada@icloud.com


This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

> On Sep 1, 2026, at 08:52, Luna D'Sol <jravada@icloud.com> wrote:
>
> Hi Karen and Nicki,
>
> With respect to the limited formation discovery contemplated by ECF No. 78, Plaintiff's position is that substantial discovery may no longer be necessary because the existing record already contains materially different statements concerning the November 22, 2024 arbitration-policy email.
>
> The Court's Order discusses and relies upon the original Allen Declaration (ECF No. 10-7), which states that the November 8 and November 22 communications were distributed to all active U.S.-based employees, including Plaintiff and the Individual Defendants. The Supplemental Allen Declaration (ECF No. 56-1), however, subsequently states that the November 22 reminder was sent only to employees whom the Bank tracked as not having accepted the Arbitration Policy.
>
> Accordingly, Plaintiff proposes that the parties first determine whether Defendants will stipulate to the relevant formation facts reflected by their existing declarations and records. If so, the scope of additional discovery can be substantially narrowed or potentially eliminated. Alternatively, Defendants may stipulate that they will no longer seek to compel arbitration, eliminating the need for formation discovery altogether.
>
> Please let me know Defendants' position so that the parties can accurately present their respective proposals in the joint statement ordered by the Court.
>
> Plaintiff's participation in the limited discovery ordered by the Court is undertaken solely in compliance with the Court's express directive concerning arbitration formation and shall not be construed as consent to federal jurisdiction or as a waiver of Plaintiff's challenge to subject-matter jurisdiction, including the jurisdictional issues raised in her pending Motion for Reconsideration.ion.

Regards,

**Luna D'Sol**

📱 (213) 925-4069
✉️ jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.