UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 26-3535 JGB (SPx)** | Date | September 29, 2026 |
| Title | ***Luna D'Sol v. Bank of America, N.A., et al.*** | | |

| | |
|---|---|
| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| MAYNOR GALVEZ | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: Order: (1) DIRECTING Parties to Conduct Arbitration-Related Discovery by October 30, 2026; (2) DIRECTING Parties to File Any Motion to Compel Arbitration by December 21, 2026; and (3) DENYING AS MOOT Plaintiff's Application for Leave to File a Supplement (Dkt. No. 88)**

On August 27, 2026, the Court denied the motion to compel arbitration filed by Defendants Bank of America, N.A., Bank of America Corporation, Tricia Shanks, and Peter C. Maxim ("Defendants"). ("Order," Dkt. No. 78.) Finding that Defendants had not established the existence of an arbitration agreement by a preponderance of the evidence, the Court ordered the parties to file a joint statement proposing a scope and timeline for limited discovery solely on the issue of the existence of an arbitration agreement by September 14, 2026. (Order at 9–10.)

On September 14, 2026, Defendants filed a statement informing the Court that the parties were unable to reach an agreement. ("Def. Statement," Dkt. No. 85.) On September 16, 2026, two days after the deadline set by the Order, Plaintiff Luna D'Sol ("Plaintiff") filed an application for leave to file a supplement to the joint statement regarding scope and timeline for limited discovery. ("Application," Dkt. No. 88.) Plaintiff then attached a document entitled "Plaintiff's Position Regarding Scope and Timeline for Limited Discovery Pursuant to ECF No. 78." ("Pl. Position," Dkt. No. 88-1.)

On the scope of limited discovery related to the existence of an arbitration agreement, Defendants request:

1. Five (5) Document Requests Per Side

2. Five (5) Requests for Admission Per Side
3. Defendants are permitted to take a videotaped, virtual deposition of Plaintiff for a period not to exceed two hours, focused on formation of Plaintiff's arbitration agreement.
4. Plaintiff is permitted to take videotaped, virtual depositions of Peter Maxim and Tricia Shanks for a period not to exceed two hours total (one hour per deposition), focused on formation of Plaintiff's arbitration agreement.

(Def. Statement at 1.)

Plaintiff, on the other hand, requests that "the Court order limited discovery testing the Allen Declaration's conclusory 'internal electronic data' assertion—including the underlying delivery and read-receipt logs, the distribution list actually used on November 8 and November 22, 2024, and the document-management-system audit trail for the document produced as Exhibit 2 to the Allen Declaration". (Pl. Position at 2.)

After considering each party's proposed scope of discovery as well as proposed timelines, the Court **ORDERS** as follows:

1. <u>Document Requests:</u> Parties may serve up to five (5) written requests for production of documents per side for the purpose of conducting limited discovery solely on the issue of the existence of an arbitration agreement.
2. <u>Requests for Admission:</u> Parties may serve up to five (5) written requests for admission per side for the purpose of conducting limited discovery solely on the issue of the existence of an arbitration agreement.
3. <u>Depositions:</u> Defendants may take a videotaped, virtual deposition of Plaintiff for a period not to exceed two hours, focused on formation of Plaintiff's arbitration agreement. Plaintiff may take videotaped, virtual depositions of Peter Maxim and Tricia Shanks for a period not to exceed two hours total (one hour per deposition), focused on formation of Plaintiff's arbitration agreement.
4. <u>Timeline:</u> Parties shall serve their written discovery requests, if any, by **no later than October 30, 2026**. Parties shall take any depositions by **no later than October 30, 2026**. The parties shall file any motion to compel arbitration by **no later than December 21, 2026**.

All discovery shall comply with the Federal Rules of Civil Procedure, the Central District of California Local Rules, and the Rules of this Court.

**IT IS SO ORDERED.**