UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 26-3535 JGB (SPx)** | Date | September 29, 2026 |
|---|---|---|---|
| Title | ***Luna D'Sol v. Bank of America, N.A., et al.*** | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings: Order (1) DENYING Plaintiff's Motion for Reconsideration (Dkt. No. 81); and (2) VACATING the October 5, 2026 Hearing (IN CHAMBERS)**

Before the Court is a motion for reconsideration filed by Plaintiff Luna D'Sol ("Plaintiff") on September 1, 2026. ("Motion," Dkt. No. 81.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the matter, the Court **DENIES** the Motion and **VACATES** the October 5, 2026 hearing.

## I. BACKGROUND

On August 27, 2026, this Court issued its order denying several of the parties' motions, including Plaintiff's motion to remand and Defendants' motion to compel arbitration. (Dkt. No. 78.) In that order, "the Court sternly advise[d] Plaintiff to engage in good faith meet-and-confer efforts to resolve or clarify any issues with Defendants before commencing unnecessary or duplicative motions practice." (Id. at 10.)

On September 1, 2026, Plaintiff filed the instant Motion, requesting this Court's reconsideration of its August 27, 2026 order. (Motion.) She concurrently filed her supporting declaration ("D'Sol Decl.," Dkt. No. 81-2) and emails between the parties dated August 31, 2026 (Dkt. No. 81-3).

On September 8, 2026, Bank of America, N.A., Bank of America Corporation, Trisha Shanks, and Peter C. Maxim (together, "Defendants") filed their opposition. ("Opp.," Dkt. No. 83.) Defendants concurrently filed the declaration of Karen Y. Cho, which was accompanied by the following exhibits:

- August 28, 2026 email from Plaintiff to Defendants' counsel ("Opp. Ex. 1," Dkt. No. 83-2);
- August 31, 2026 email exchange between Plaintiff and Defendants' counsel ("Opp. Ex. 2," Dkt. No. 83-3);
- August 31, 2026 email—separate from the Opp. Ex. 2 email exchange—from Plaintiff to Defendants' counsel ("Opp. Ex. 3," Dkt. No. 83-4);
- September 2, 2026 email exchange between Plaintiff and Defendants' counsel ("Opp. Ex. 4," Dkt. No. 83-5); and
- September 2, 2026–September 8, 2026 email exchange between Plaintiff and Defendants' counsel ("Opp. Ex. 5," Dkt. No. 83-6).

On September 15, 2026, Plaintiff replied.[1] ("Reply," Dkt. No. 87.) Plaintiff concurrently filed her declaration, accompanied by the following exhibits:

- August 28, 2026 email from Plaintiff to Defendants' counsel ("Reply Ex. 98," Dkt. No. 87-2);[2]
- August 28, 2026 follow-up emails from Plaintiff to Defendants' counsel ("Reply Ex. 99," Dkt. No. 87-3);
- August 31, 2026 email exchange between Plaintiff and Defendants' counsel ("Reply Ex. 100," Dkt. No. 87-4);[3]
- August 31, 2026 email—separate from the Reply Ex. 100 email exchange—from Plaintiff to Defendants' counsel ("Reply Ex. 101," Dkt. No. 87-5);[4]
- Plaintiff's medical consent documents ("Reply Ex. 102," Dkt. No. 87-6);
- September 2, 2026 email exchange between Plaintiff to Defendants' counsel ("Reply Ex. 103," Dkt. No. 87-7);
- September 2, 2026 email from Defendants' counsel to Plaintiff regarding Defendants' proposed stipulation ("Reply Ex. 104," Dkt. No. 87-8);[5] and

[1] Plaintiff erroneously filed her reply as an "Opposition in Opposition re: First Notice of Motion and Motion for Reconsideration".

[2] Reply Ex. 98 is identical in content to Opp. Ex. 1.

[3] Reply Ex. 100 is identical in content to Opp. Ex. 2.

[4] Reply Ex. 101 is identical in content to Opp. Ex. 3.

[5] Reply Ex. 104 reproduces an email already submitted as part of Reply Ex. 103 and Opp. Ex. 5.

- September 4, 2026 email from Plaintiff to Defendants' counsel ("Reply Ex. 105," Dkt. No. 87-9).[6]

Plaintiff also submitted with her Reply a notice regarding one-day late filing and meet-and-confer efforts, explaining that "[t]he one-day delay in filing Plaintiff's Reply was inadvertent and resulted, in part, from Plaintiff's temporary inability to maintain internet service. . . ." (Dkt. No. 87-10.) Plaintiff separately filed objections to the declaration of Karen Y. Cho. (Dkt. No. 86.)

## II. LEGAL STANDARD

Excluding certain exceptions not relevant here, Central District of California Local Rule 7-3 requires that "counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." L.R. 7-3. "The conference must take place in person, by telephone, or via video conference at least 7 days prior to the filing of the motion." Id. "If the parties are unable to reach a resolution that eliminates the necessity for a hearing, counsel for the moving party must include a declaration, under penalty of perjury, that sets forth at a minimum the date(s) the conference took place and the position of each party with respect to each disputed issue that will be the subject of the motion." Id. "Failure to include such a declaration may result in the motion being denied." Id. Under Local Rule 7-4, the Court may decline to consider a motion unless it meets the requirements of Local Rule 7-3. L.R. 7-4.

"Persons appearing pro se are bound by" the Local Rules. L.R. 1-3 ("[A]ny reference in these rules to 'attorney' or 'counsel' applies to parties pro se unless the context requires otherwise.") "Compliance with the Local Rules is not optional, and Local Rule 7-3 does not include a futility exception." Est. of Martinez v. Cnty. of Los Angeles, 2026 WL 445537, at *1 (C.D. Cal. Feb. 17, 2026) (quoting Cerelux Ltd. v. Yue Shao, 2017 WL 4769459, at *1 (C.D. Cal. June 9, 2017)).

## III. DISCUSSION

The Court finds that Plaintiff failed to comply with Local Rule 7-3 by failing to meet and confer with Defendants' counsel at least seven days prior to filing her Motion and consequently failing to include a declaration setting forth the dates of any conference and each party's position with respect to each disputed issue.

Courts in this District have repeatedly emphasized the importance of compliance with Local Rule 7-3. See, e.g., Est. of Martinez, 2026 WL 445537, at *2 ("Local Rule 7-3's direction that the parties meet and confer to *discuss* the substance and potential resolution of an anticipated motion is not a mere suggestion to be cavalierly set aside when its dictates are inconvenient."); Communities v. Centerline Hous. P'ship I, L.P., 2022 WL 17224665, at *2 (C.D. Cal. Aug. 9, 2022) ("The purpose of Rule 7-3 is . . . to encourage parties to discuss their respective positions

[6] Reply Ex. 105 reproduces an email already submitted as part of Opp. Ex. 5.

and identify any common ground. This is an essential step to conserve limited judicial resources."); Lopez v. Wells Fargo Bank, N.A., 2016 WL 6088257, at *2 (C.D. Cal. Oct. 17, 2016) ("Local Rule 7-3 isn't just a piece of petty pedantry put down to trip up lawyers. Nor is Local Rule 7-3 a mere formalism simply there to be checked off by lawyers.").

Courts demand strict compliance with Local Rule 7-3 "to fully honor its own obligations under Federal Rule of Civil Procedure 1" to secure the just, speedy, and inexpensive determination of every action and proceeding. Lopez, 2016 WL 6088257, at *2. Courts therefore routinely deny, strike, or decline to consider motions for failure to comply with Local Rule 7-3's requirements. See, e.g., Est. of Martinez, 2026 WL 445537 (denying motion for summary judgment); Boedeker v. Farley, 2020 WL 2536969 (C.D. Cal. Feb. 5, 2020) (denying motion to dismiss); R.H. v. Cnty. of San Bernardino, 2019 WL 10744836 (C.D. Cal. Sept. 25, 2019) (striking motions for summary judgment).

Upon a thorough review of the parties' exhibits, the Court finds that Plaintiff did not comply with Local Rule 7-3. On August 28, 2026, Plaintiff first notified Defendants' counsel of her intent to file her Motion. (See Opp. Ex. 1; Reply Ex. 98.) She then filed her Motion four days later, on September 1, 2026. (See Motion.) That alone violates the plain text of Rule 7-3, which requires parties to confer at least seven days prior to the filing of any motion. See L.R. 7-3. Plaintiff nonetheless declares, "I made several good-faith attempts to meet and confer with Defendants' counsel concerning this Motion and related matters." (D'Sol Decl. at 2.) These attempts are insufficient. After Plaintiff contacted Defendants' counsel on August 28, 2026, notifying them of her intent to file the Motion, Defendants' counsel responded on August 31, 2026, indicating their availability to meet and confer on September 2, 2026. (See Opp. Ex. 2; Reply Ex. 100.) Plaintiff responded that because she may need to undergo surgery on September 1, 2026, she intended to file her Motion that day. (See id.) Also on August 31, Plaintiff asked Defendants' counsel to stipulate that "[t]he parties may continue to meet and confer *after filing*". (See Opp. Ex. 3; Reply Ex. 101 (emphasis added).) On September 2, 2026, the day after Plaintiff filed her Motion, she informed Defendants' counsel that her surgery was rescheduled to the end of the month. (See Opp. Ex. 4; Reply Ex. 103.) The parties then held a telephonic conference on September 2, 2026. (See Opp. Ex. 5; Reply Ex. 104). Despite discussing, over several days, the possibility of Plaintiff's withdrawal and refiling of the Motion or a stipulation to continue the hearing and briefing deadlines, the parties failed to reach an agreement. (See Opp. Ex. 5.) Based on the record, the Court finds that Plaintiff failed to discuss the substance and potential resolution of her Motion before its filing. The Court also finds no reason to excuse Plaintiff's noncompliance with Local Rule 7-3, especially given the postponement of her surgery.

The Court is unpersuaded by Plaintiff's argument that the "purpose [of Rule 7-3] was served here." (Reply at 10.) Plaintiff argues that she substantially complied with Local Rule 7-3 because "[s]he provided a detailed written summary of every ground on August 31" and "[t]he parties then held a full substantive conference on September 2". (Id. at 10–11.) Plaintiff's August 31 email and the parties' post-filing conference on September 2 fail to comply with Local Rule 7-3 for at least four reasons. First, the email violates the Rule's requirement that parties meet in person, by telephone, or via video conference. See L.R. 7-3; see also Lewis v. Heritage

Auctions, 2025 WL 2087552, at *1 (C.D. Cal. May 27, 2025) (stating that email correspondence failed to comply with Local Rule 7-3's requirement "to meet and confer in person or by videoconference"). Second, Plaintiff filed the Motion just one day after sending her August 31 email, violating the requirement that the parties meet and confer at least seven days before filing. See L.R. 7-3. Third, Plaintiff failed to submit with her Motion a declaration setting forth "the position of each party with respect to each disputed issue that will be the subject of the motion." See L.R. 7-3. Fourth, the post-filing conference clearly failed to serve the purposes of Rule 7-3; after filing the Motion, Plaintiff could neither meaningfully discuss any potential resolution before expending judicial resources nor provide Defendants with sufficient notice of the already-filed Motion. See Communities, 2022 WL 17224665, at *2 ("The purpose of Rule 7-3 is . . . to conserve limited judicial resources."); Cerelux, 2017 WL 4769459, at *1 ("Local Rule 7-3 assists in promoting the resolution of disputes without requiring the intervention of the Court. It also serves the important purpose of providing the opposing party sufficient notice . . . .").

Accordingly, the Court exercises its discretion and declines to consider Plaintiff's Motion, as it does not comply with the Local Rules. Strict compliance with Local Rule 7-3 is mandatory. Future failures to timely and meaningfully meet and confer may result in sanctions.

## IV. CONCLUSION

Finding noncompliance with Local Rule 7-3, the Court **DENIES** Plaintiff's Motion and **VACATES** the October 5, 2026 hearing.

**IT IS SO ORDERED.**