LUNA D'SOL
Plaintiff, In Pro Per
Email Address: jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUNA D'SOL<br><br>Plaintiff,<br><br>VS.<br><br>BANK OF AMERICA, N.A.;<br>BANK OF AMERICA CORPORATION;<br>TRICIA SHANKS, an individual;<br>PETER C MAXIM, an individual;<br>and DOES 1 through 50, inclusive,<br><br>Defendant(s). | **Case No:** 5:26-cv-03535-JGB-SP<br><br>**PLAINTIFF LUNA D'SOL'S EX PARTE APPLICATION FOR CONTINUANCE OF ALL PENDING HEARINGS AND DEADLINES; CONTINUANCE FOR HOSPITALIZATION / SURGERY; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge: Hon. Jesus G. Bernal.<br>. United States District Juge<br><br>Date: October 22, 2026<br>Time: 3:30 pm<br>Courtroom: 1, 2nd floor<br><br>Complaint Filed: March 4th, 2026<br><br>Concurrently filed with: Supplemental Declaration of Luna D'Sol and [Proposed] Order |

**TO ALL PARTIES OF RECORD PLESE TAKE NOTICE THAT** Pursuant to Local Rule 7-19 and the Court's applicable Standing Order, Plaintiff Luna D'Sol ("Plaintiff") respectfully hereby does apply for ex parte by written to Courtroom 1, 2 floor of the above entitled court located at 3470 at 12th Street Riverside, CA 92501 by electronically filling this Ex Parte Application which Plaintiff requests that the Court stay all proceedings and continue all currently scheduled hearings and related deadlines for a period of **thirty (30) days**. This urgent relief is required because Plaintiff has been medically ordered to undergo immediate psychiatric hospitalization and evaluation and is concurrently navigating the rescheduling of a necessary surgery. (See Declaration of Luna D'Sol ["D'Sol Decl."], ¶¶ 5, 6, Exhibits 4, 5).

Plaintiff brings this *ex parte* application in good faith due to absolute medical necessity. Immediate relief is vital to protect Plaintiff's health and ensure her ability to meaningfully participate in this action, while ensuring an orderly schedule for the Court and the parties.

**STATUS OF MEET AND CONFER & SETTLEMENT DISCUSSIONS**

During a meet-and-confer telephone conference on October 20, 2026, counsel for Defendants initially opposed Plaintiff's request for a temporary stay. (D'Sol Decl. ¶ 2, Exhibit 1). Following that conference, Plaintiff's treating psychiatric provider urgently ordered hospitalization. Plaintiff explicitly delayed entering the facility solely to address her immediate, pressing litigation obligations and to prevent a default or prejudice to her case. (Id.)

On October 21, 2026, having secured explicit written medical documentation confirming the urgency of her condition and advising that she be excused from court deadlines, Plaintiff re-contacted Defendants' counsel to request reconsideration. (D'Sol Decl. ¶¶ 3, 4, Exhibits 2, 3).

**Furthermore, the parties are actively engaged in resolving this litigation. While Defendants have stated they will not formally withdraw their pending motions until a final resolution is signed, they have previously indicated a willingness to allow the Court to defer rulings while a settlement is finalized. Plaintiff believes in good faith that the parties may be able to reach a definitive agreement in principle before Plaintiff enters the hospital, provided this brief 30-day medical stay is granted.** (D'Sol Decl. ¶ 3, Exhibit 2). As of the time of this filing, Defendants have not provided a formal written response to Plaintiff's renewed morning request.

Plaintiff will suffer severe, irreparable medical and procedural prejudice if forced to litigate through a standard motion notice period. Defendants will suffer no prejudice from a brief 30-day continuance.

This is not Plaintiff's fault, and she has taken the prompt necessary steps to address these circumstances. Plaintiff will be prejudiced if filed as a standard motion

**PLEASE TAKE FURTHER NOTICE** that Plaintiff has strictly complied with the notice provisions of Local Rule 7-19 by providing Defendants' counsel with written notice of this *Ex Parte* Application and the specific relief sought. Notice was sent via email to Nicole L. Antonopoulos and Karen Y. Cho on October 20, 2026, and October 21, 2026. (D'Sol Decl. ¶ 4, Exhibit 2).

**PLEASE TAKE FURTHER NOTICE** and be further advised that pursuant to Local Rule 7-19, the contact information for Defendant is listed below as follows:

**Nicole L. Antonopoulos**
**Morgan, Lewis & Bockius LLP**
1400 Page Mill Road | Palo Alto, CA 94304-1124
Direct: +1.650.843.7236 | Main: +1.650.843.4000
nicole.antonopoulos@morganlewis.com

**Karen Y. Cho**
Pronouns: She/Her/Hers
**Morgan, Lewis & Bockius LLP**
300 South Grand Avenue, Twenty-Second Floor | Los Angeles, CA 90071-3132
Direct: +1.213.612.7381 | Main: +1.213.612.2500 | Fax: +1.213.612.2501
Assistant: Raylene M. Espitia | +1.310.907.1024 | raylene.espitia@morganlewis.com
karen.cho@morganlewis.com | www.morganlewis.co

This Ex Parte Application is made pursuant to L.R. 7-19 and consistent with this Court's Rules pertaining ex parte procedures, and is based on this Ex Parte Application, this Notice of Motion and Motion, the Memorandum of Points and Authorities and the Declaration of Luna D'Sol attached hereto and exhibits thereto, Proposed Supplemental Declaration of Luna D'Sol the pleadings, records and files in this action, and on such other evidence as may be presented at the request of the Court.

which is supported by Local Rule 6-1, Local Rule 7-10 and/or Federal Rule of Civil Procedure Rule 6(b)(1)(B), P.6(b) and applicable case law supporting the Motion itself and there is good cause for emergency relief.

Respectfully submitted

Date 10/21//2026

/s/ Luna D'Sol

Luna D'Sol, Plaintiff in Pro Pe

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTROUCTION

Plaintiff respectfully requests a thirty-day continuance of the presently scheduled proceedings to permit Plaintiff sufficient time to obtain urgently recommended medical treatment, including possible inpatient hospitalization, and to address her postponed surgery. Plaintiff's treating medical provider has recommended that Plaintiff be excused from court appearances and associated deadlines pending further evaluation and stabilization. The requested continuance is sought in good faith. Although Defendants previously opposed Plaintiff's request, Plaintiff renewed her request on October 21, 2026, and has not received a response. Plaintiff respectfully submits that Defendants will not be unduly prejudiced by this brief continuance.

### II. GROUNDS FOR EX PARTE RELIEF

#### A. Extreme Medical Necessity and Lack of Prejudice

Plaintiff's treating physician has determined that immediate hospitalization is necessary for her safety and stabilization. Forcing a *pro se* plaintiff to choose between defying an urgent medical order or abandoning her legal claims represents severe, irreparable prejudice. Conversely, a 30-day pause poses zero prejudice to a multinational entity like Bank of America.

#### B. No Prejudice to Defendants

Defendants will not suffer undue prejudice from the requested thirty-day continuance. Plaintiff seeks only a temporary postponement of proceedings and associated deadlines to obtain urgently recommended medical treatment and stabilization. The requested relief will not alter the merits of Defendants' positions or deprive them of any substantive rights. Conversely, denying the continuance would substantially prejudice Plaintiff by requiring her to participate in litigation despite documented medical impairment and her treating provider's recommendation that she be excused from court appearances and deadlines.

## III. ARGUMENT

Federal Rule of Civil Procedure 6(b) provides that, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time." "'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010).

When a motion is filed ex parte, good cause exists where "'the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures'" and "'the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect.'" *Walpert v. Solar Integrated Roofing Corp.*, 2025 WL 863474, at *1 (S.D. Cal. Mar. 19, 2025) (quoting *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)); see also *Masoumeh Sadeghi Mahonak v. Blinken*, 2024 WL 7020082, at *1 (C.D. Cal. Oct. 30, 2024).

Here, good cause exists both to grant Plaintiff's request for a thirty-day continuance and to do so on an ex parte basis. Plaintiff's treating medical provider has documented an acute exacerbation of psychiatric symptoms requiring urgent evaluation and possible inpatient hospitalization and has recommended that Plaintiff be excused from court appearances and associated deadlines effective October 20, 2026. Plaintiff's medical condition requires immediate attention, and proceeding through regularly noticed motion procedures would risk substantial prejudice to Plaintiff's ability to obtain necessary medical treatment and meaningfully participate in this litigation.

### A. Good Cause Exists to Continue the Proceedings and Associated Deadlines

Good cause exists to continue proceedings when a continuance would preserve judicial resources and prevent unnecessary prejudice. See *Belardes v. LoanDepot.com, LLC*, 2025 WL 3804493, at *1–2 (C.D. Cal. Mar. 7, 2025); *Lusk v. Five Guys Enterprises LLC*, 2022 WL 5264265, at *1–2 (E.D. Cal. Sept. 12, 2022).

Here, Plaintiff's treating medical provider has documented an acute exacerbation of psychiatric symptoms requiring urgent evaluation and possible inpatient hospitalization and has recommended that Plaintiff be excused from court appearances and associated deadlines effective October 20, 2026. Plaintiff also faces the rescheduling of her previously postponed surgery.

A thirty-day continuance would permit Plaintiff to obtain necessary medical treatment and stabilization while preserving judicial resources by avoiding proceedings in which Plaintiff is medically unable to participate meaningfully. The requested continuance would also prevent unnecessary prejudice to Plaintiff without imposing undue prejudice on Defendants.

**B. Plaintiff's Motion to Continue Hearing on the Motions Should Be Heard Ex Parte**

Plaintiff will be irreparably harmed if this motion is not heard on an ex parte basis. Under this Court's Civil Chambers Rules, Rule 3(B), "[p]arties filing a noticed motion must set the hearing to be thirty-five (35) days from the motion's filing date." Therefore, the earliest that Plaintiff could set his Ex Parte Motion to Continue for hearing as a noticed motion would be after the Pre-trial and trial dates that Plaintiff seeks to continue. In addition, Plaintiff respectfully requests that the Court conduct a status conference concerning the pending matters and the parties' current circumstances. The previously scheduled conferences have been canceled, and Plaintiff believes that a conference would assist the Court in addressing the outstanding issues, clarifying the parties' positions, and determining an appropriate schedule going forward.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests the Court grant Plaintiff's Ex Parte Motion to Continue Hearing and Briefing Deadlines on the

Respectfully submitted,

Date 10/01//2026 <u>/s/ Luna D'Sol</u>

Luna D'Sol, Plaintiff in Pro Per