**MORGAN, LEWIS & BOCKIUS LLP**
Karen Y. Cho, Bar No. 274810
karen.cho@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

**MORGAN, LEWIS & BOCKIUS LLP**
Nicole L. Antonopoulos, Bar No. 306882
nicole.antonopoulos@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304-1124
Tel: +1.650.843.4000
Fax: +1.650.843.4001

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF AMERICA CORPORATION, TRICIA SHANKS, and PETER C. MAXIM

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

LUNA D'SOL,

Plaintiff,

vs.

BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; TRICIA SHANKS, an individual; and PETER C. MAXIM, an individual; and DOES 1 through 50, inclusive,

Defendants.

Case No. 5:26-cv-03535-JGB-SP

Hon. Jesus G. Bernal

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION**

Date: October 22, 2026
Time: 3:30 p.m.
Courtroom: 1, 2nd Floor

Defendants Bank of America, N.A., Bank of America Corporation, Tricia Shanks, and Peter C. Maxim (collectively "Defendants") hereby submit the following opposition to Plaintiff's *ex parte* application ("Application") (ECF No. 94).

## I. INTRODUCTION

Plaintiff frames the issue as though this Court must choose between forcing Plaintiff to "defy[] an urgent medical order" and "abandon[] her legal claims." ECF No. 94 at 5. Not so. There is no urgent medical order. Plaintiff invokes the mere possibility of hospitalization—not the actual or concretely pending occurrence—and a surgery appointment that is in the process of being rescheduled per her own request—not a confirmed scheduled surgery—to claim that as a matter of medical necessity she is entitled to be excused from all litigation activity in this lawsuit that she filed. Plaintiff's request would postpone the very discovery she requested the Court implement, and conveniently allow her to avoid her remote deposition of only two hours scheduled for October 27, 2026. Plaintiff fails to point to a documented or established conflict or confirmed hospitalization. Instead, she premises her request for emergency relief on the mere *possibility* that a surgery (which has now been postponed multiple times) will occur within the 30-day stay period, and the mere *possibility* that she may require inpatient hospitalization at some unspecified future date. Plaintiff cannot convert the mere possibility of a future scheduling conflict into a present emergency warranting *ex parte* relief. Plaintiff's *ex parte* application is premature at best, and should be denied accordingly.

## II. BACKGROUND

On August 27, 2026, the Court ordered limited discovery concerning formation of the alleged arbitration agreement. ECF No. 78 at 9-11. Plaintiff herself had requested such discovery in her opposition to Defendants' motion to compel arbitration, asking the Court to permit discovery concerning the formation issue. *See* ECF No. 43 at 12. Indeed, the Court observed that "Plaintiff's brief . . . [was] not sufficiently specific as to what discovery she would seek" and therefore directed the

Parties to propose the scope and timeline of that discovery. ECF No. 78 at 10. After seeking arbitration-related discovery, which the Court authorized, Plaintiff now seeks to suspend the case just as Defendants are entitled to take discovery of their own.

Plaintiff has a history of invoking medical issues to avoid her obligations, and this Court should not allow Plaintiff to continue to do so based on the mere possibility of a future conflict. On August 31, 2026, Plaintiff represented that she "may need to undergo surgery tomorrow" (September 1, 2026) such that she could not attend a meet and confer conference before filing her Motion for Reconsideration. ECF No. 81-3 at 3. She subsequently advised Defendants' counsel that surgery would occur much later, on September 30, 2026. ECF No. 83-6 at 4. Now, on October 21, she claims that the surgery will now be rescheduled again to an unspecified date, and that, due to her need to *reschedule* it alone, all litigation activity must be stayed. Plaintiff's Application still contains no confirmed surgery date. *See* ECF No. 94-1 at 6, 10. Plaintiff relies on Exhibit 4 to her Application, but that is merely a request that Plaintiff "discuss rescheduling options." ECF No. 94-1 at 10. If the Court grants Plaintiff's premature Application, it risks a further delay and another stay if Plaintiff happens to obtain a surgery date beyond her 30-day request.

The Court previously denied two earlier *ex parte* applications filed by Plaintiff and warned that misuse of the *ex parte* process could result in sanctions and further delay. ECF No. 78 at 11.

## III. STANDARD

*Ex parte* applications are reserved for extraordinary relief. A moving party must show both that ordinary motion practice will cause irreparable prejudice and that the movant is without fault in creating the asserted crisis. *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 492-93 (C.D. Cal. 1995). Judge Bernal's Standing Order likewise provides that *ex parte* applications are allowed solely for extraordinary relief and warns that sanctions may be imposed for misuse of that procedure. Standing Order § 14; L.R. 11-9; L.R. 83-7, Fed. R. Civ.

Proc. 11(c)(3).

Continuances require good cause. Standing Order ¶ 15. A party seeking a stay also bears the burden of establishing its necessity. *Clinton v. Jones*, 520 U.S. 681, 708 (1997). The Court considers the possible harm from a stay, the hardship to the movant if the case proceeds, and the orderly course of justice. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Where delay may harm the opposing party, the movant must make a clear showing of hardship or inequity. *Landis v. North American Co*., 299 U.S. 248, 255 (1936); *Lockyer v. Mirant Corp*., 398 F.3d 1098, 1112 (9th Cir. 2005).

To the extent Plaintiff seeks to avoid or postpone her deposition, Rule 26(c) governs. A protective order requires a showing of particularized harm and good cause. *Phillips ex rel. Estates of Byrd v. General Motors Corp*., 307 F.3d 1206, 1210-11 (9th Cir. 2002).

## IV. ARGUMENT

### A. There Is No Basis for Ex Parte Relief Because Plaintiff Has Not Established An Emergency.

A stay must rest on the circumstances that actually exist, not on speculation about events that may occur later. The party seeking a stay bears the burden of establishing its necessity, and the Court must weigh the claimed hardship against the prejudice and disruption caused by halting the litigation. *Landis v. North American Co*., 299 U.S. 248, 254–55 (1936); *Lockyer v. Mirant Corp*., 398 F.3d 1098, 1112 (9th Cir. 2005). Plaintiff cannot satisfy that burden by pointing to “possible inpatient hospitalization” that has not been confirmed and a surgery date that does not exist. Rather, Plaintiff overstates her alleged “medical necessity.”

First, the Physician Assistant’s note does not order “immediate” inpatient hospitalization as Plaintiff misrepresents. ECF No. 94 at 5. It calls for an evaluation and identifies hospitalization only as a potential outcome pending that evaluation, and gives no date for either the evaluation or the potential hospitalization. ECF No.

94-1 at 12. Nor is there an estimate of the duration of the treatment. At most, the note amounts to an expectation, not a treatment plan or proof of admission. Indeed, the note is executed by a "Certified Physician Assistant," not a medical doctor.

Second, the surgery rescheduling email is even less probative. It does not identify an urgent procedure, a surgery date, or a recovery period. It says only that the office understood Plaintiff wished to reschedule her surgery appointment and asked her to confirm the cancellation and discuss rescheduling options. ECF No. 94-1 at 10. Nothing in that correspondence establishes that surgery has actually been rescheduled, that any future surgery will conflict with a litigation deadline, or that Plaintiff will be unable to participate in discovery for any defined period. At most, the email reflects a potential future scheduling issue, the possibility of which alone does not warrant a thirty-day stay of the entire action. *Id*.

The possibility that either event may arise later does not establish an emergency now. Nor does the Application identify a particular hearing or court deadline that cannot be addressed individually. Because no admission or surgery date has been established and narrower relief remains available, Plaintiff has not shown that possibility of treatment alone requires the entire case to be stayed.

### B. Plaintiff's Application Should be Denied Because She is Substantially at Fault in Creating the Alleged Crisis.

Under *Mission Power Engineering Co. v. Continental Casualty Co.*, a party seeking ex parte relief must show through competent evidence that she will suffer irreparable prejudice if the matter proceeds through ordinary procedures and that she did not create the asserted crisis. 883 F. Supp. 488, 492 (C.D. Cal. 1995).

Critically, the surgery note here reflects that ***Plaintiff requested to reschedule***[1] the current appointment and subsequently invites her to discuss rescheduling options. ECF No. 94-1 at 10. It does not show that any provider selected a late-October surgery date (or any date) or that surgery conflicts with Plaintiff's deposition or any

[1] Plaintiff has already rescheduled her surgery appointment multiple times in the past two months.

other litigation obligation. Plaintiff's constantly changing surgery scheduling is of her own making. As a matter of law, a party is not entitled to ex parte relief when the fault in creating the crisis is substantially of their own making. *Mission Power*, 883 F. Supp. at 492.

**C. Plaintiff Provides No Legal Authority to Support Her Stay Request.**

Plaintiff relies on Rule 6(b) and *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253 (9th Cir. 2010) to support a thirty-day suspension of all proceedings and deadlines. But Rule 6(b) deals with an extension of time; it is not a vehicle for imposing a stay. It authorizes the Court to extend the time to perform a specified act upon a showing of good cause. Fed. R. Civ. P. 6(b)(1). Plaintiff does not identify a particular act for which additional time is needed; she seeks instead to halt the action prospectively. Her reliance on Rule 6(b)(1)(B) is especially misplaced because that provision applies only after a deadline has expired. Nor does *Ahanchian* support the relief requested. *Ahanchian* addressed whether excusable neglect justified a late opposition to summary judgment, i.e., a missed deadline governed by Rule 6(b). *Id.* at 1258-62. Plaintiff provides no authority for a blanket stay of proceedings.

**D. There are Reasonable Alternatives to a Stay.**

The Federal Rules provide narrower means to address demonstrated medical limitations. A party may seek a protective order specifying the time, place, duration, or method of discovery, but she must establish good cause for the particular protection sought. Fed. R. Civ. P. 26(c)(1). A party seeking to prevent a deposition bears a "heavy burden" to show why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). Here, Plaintiff has not attempted to show why reasonable measures for her remote, 2-hour deposition, such as additional breaks, shorter sessions on multiple days, or changing the date, would be inadequate. Instead, she seeks to stop every proceeding and deadline based on documents that do not identify a single litigation task she cannot perform.

The Physician Assistant's note Plaintiff relies on does not state that Plaintiff cannot participate in a remote, two-hour deposition. If an actual admission or surgery creates a conflict, the Parties can address a reasonable continuance, remote appearance, shorter session, additional breaks, or another appropriate measure. A wholesale stay of all litigation activity is not necessary.

To the extent Plaintiff seeks to delay her deposition, the practical effect of her application, the Court's Standing Order refers discovery matters to a Magistrate Judge, here, Magistrate Judge Pym. Standing Order ¶ 9. If Plaintiff seeks to postpone or restrict her deposition, she should present that narrow request to the assigned Magistrate Judge with *confirmed* treatment dates and specifically identified functional limitations. L.R. 37-3. The Court should decline to allow Plaintiff to bypass that process.

## V. **CONCLUSION**

For the foregoing reasons, Defendants respectfully request the Court deny Plaintiff's *ex parte* application.

Dated: October 22, 2026 MORGAN, LEWIS & BOCKIUS LLP

By *_/s/Karen Cho_*
Karen Y. Cho
Nicole L. Antonopoulos

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF AMERICA CORPORATION, TRICIA SHANKS, and PETER C. MAXIM