LUNA D'SOL
Plaintiff, In Pro Per
Email Address: jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFONIA**

| | |
|---|---|
| LUNA D'SOL<br>Plaintiff,<br>VS.<br>BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; TRICIA SHANKS, an individual; and PETER C. MAXIM, an individual; and DOES 1 through 50, inclusive<br>,Defendant(s). | CASE No: 5:26-cv-03535-JGB-SP<br>*[Assigned to Hon. Judge Sherry Pym]*<br>**PLAINTIFF'S EX PARTE APPLICATION TO REQUEST CONTINUANCE PENDING HER MEDICAL ORDER AND SURGERY**<br>Complaint Filed: June 24th, 2026<br>Courtroom No 4<br>Hearing: Ordinarily decided on the paper |

**TO ALL PARTIES OF RECORD PLESE TAKE NOTICE THAT** Pursuant to Local Rule 7-19 and the Court's applicable Standing Order, Plaintiff Luna D'Sol ("Plaintiff") respectfully hereby does apply for ex parte by written to Courtroom 4 floor of the above entitled court located at 3470 12th Street Riverside, CA 92501 by electronically filling this Ex Parte Application which Plaintiff requests that the Court continue all discovery proceedings and continue all currently scheduled hearings and related deadlines for a period of thirty (30) days. This urgent relief is required because Plaintiff has been medically ordered to undergo immediate psychiatric hospitalization and evaluation and is concurrently navigating the rescheduling of a necessary surgery. (See Declaration of Luna D'Sol ["D'Sol Decl."], ¶¶ 5, 6, Exhibits 4, 5). Plaintiff brings this ex parte application in good faith due to absolute medical necessity. Immediate relief is vital to protect Plaintiff's health and ensure her ability to meaningfully participate in this action, while ensuring an orderly schedule for the Court and the parties.

**MEET AND CONFER** During a meet-and-confer telephone conference held on October 20, 2026, at 3:30 PM Plaintiff requested that Defendants stipulate to a stay of proceedings. Defendants declined the request, their counsel stated that Defendants had already incurred substantial litigation expenses in defending this action. Following that conference, Plaintiff' had a 4:00 PM appointment with her treating psychiatric provider who urgently ordered hospitalization for that same night but Plaintiff explicitly delayed entering the facility solely to address her immediate, pressing litigation obligations and to prevent a default or prejudice to her case. (Id.) On October 21, 2026, having secured explicit written medical documentation confirming the urgency of her condition and advising that she be excused from court deadlines, Plaintiff re-contacted Defendants' counsel to request reconsideration. (D'Sol Decl. ¶¶ 3, 4, Exhibits 2, 3). Furthermore, the parties are actively engaged in resolving this litigation. While Defendants have stated they will not formally withdraw their pending motions until a final resolution is signed, they have previously indicated a willingness to allow the Court to defer rulings while a settlement is finalized. Plaintiff believes in good faith that the parties may be able to reach a definitive agreement in principle before Plaintiff enters the hospital, provided this brief 30-day medical stay is granted. (D'Sol Decl. ¶ 3, Exhibit 2).

Plaintiff inadvertently directed the ex parte application to the Honorable Jesus G. Bernal rather than the assigned Magistrate Judge, the Honorable Sheri N. Pym (ECD Doc. 94). Defendants subsequently filed an opposition. (ECF Doc. 95). The purpose of the meet-and-confer requirement is to provide the parties a meaningful opportunity to identify disputed issues, discuss their respective positions, and attempt to resolve disagreements without unnecessary judicial intervention. During the October 20, 2026, meet-and-confer conference, Plaintiff requested that Defendants stipulate to a stay of proceedings. Defendants declined, citing the substantial litigation expenses they had already incurred.

However, Defendants communicate the procedural objections subsequently raised in their opposition. Plaintiff submits that withholding objections until the filing of an opposition, rather than identifying them during the meet-and-confer process, undermines the purpose of that process and deprived Plaintiff of a meaningful opportunity to address or cure the alleged deficiencies before seeking judicial intervention. Plaintiff therefore questions whether Defendants participated in the conference with the good-faith intent to resolve the disputed issues.

Specifically, Plaintiff would have explained that her treating psychiatrist has recommended immediate medical attention and that Plaintiff's ENT Doctor's urgent notice is a separate procedure. The surgery requires preoperative laboratory testing, which Plaintiff has been unable to afford, a financial circumstance of which Defendants were previously informed. Rather than seeking clarification during the meet-and-confer process, Defendants raised these matters for the first time in their opposition, depriving Plaintiff of an opportunity to address the concerns before they were presented to the Court.

**IRREPARABLE PREJUDICE, MEDICAL NECESSITY, AND ABSENCE OF DILATORY MOTIVE**

Plaintiff's mental health has been severely impacted, and requiring her to proceed through ordinary noticed-motion procedures would expose her to irreparable medical and procedural prejudice. Three discovery proceedings are pending, and Plaintiff's current medical condition substantially impairs her ability to participate competently and meaningfully in those proceedings. Defendants suggest that Plaintiff submitted medical documentation to avoid her October 27, 2026, deposition. However, Defendants conveniently omit that Defendant Tricia Shanks was scheduled to be deposed on October

23, 2026, four days before Plaintiff's deposition. Had Plaintiff intended merely to avoid her own deposition, she could have proceeded with Shanks's deposition and requested a continuance afterward. Instead, Plaintiff sought relief before either deposition, thereby postponing her own opportunity to obtain testimony from a key Defendant. The timing of Plaintiff's request, considered together with the date of her medical provider's notice, further demonstrates that Plaintiff acted promptly in seeking judicial intervention rather than waiting until the eve of her own deposition. Plaintiff submits that these circumstances contradict Defendants' characterization of her application as a strategic attempt to evade discovery and support a finding that her request was motivated by genuine medical necessity rather than delay.

Defendants will suffer no prejudice from a brief 30-day continuance. This is not Plaintiff's fault, and she has taken the prompt necessary steps to address these circumstances. This is very similar to Plaintiff's recent HIV diagnoses in March 2025 and hormones treatment while on an approve sick, Plaintiff was terminated on her 20th year anniversary her medical health care plans were all terminated despite Plaintiff's several letters in grievance. If Defendant require further proof of anything then Plaintiff would have gladly obtained or explained but instead Defendants ambush Plaintiff with conclusory unsupported statements which demands that this Honorable Court and Plaintiff spend time reading and addressing Defendant's vexatious opposition.

**PLEASE TAKE FURTHER NOTICE** that Plaintiff has strictly complied with the notice provisions of Local Rule 7-19 by providing Defendants' counsel with written notice of this Ex Parte Application and the specific relief sought. Notice was sent via email to Nicole L. Antonopoulos and Karen Y. Cho on October 20, 2026, and October 21, 2026. (D'Sol Decl. ¶ 4, Exhibit 2).

**PLEASE TAKE FURTHER NOTICE** and be further advised that pursuant to Local Rule 7-19, the contact information for Defendant is listed below as follows: Nicole L. Antonopoulos Morgan, Lewis & Bockius LLP 1400 Page Mill Road | Palo Alto, CA 94304-1124 Direct: +1.650.843.7236 | Main: +1.650.843.4000 nicole.antonopoulos@morganlewis.com Karen Y. Cho Pronouns: She/Her/Hers Morgan, Lewis & Bockius LLP 300 South Grand Avenue, Twenty-Second Floor | Los Angeles, CA

90071-3132 Direct: +1.213.612.7381 | Main: +1.213.612.2500 | Fax: +1.213.612.2501 Assistant: Raylene M. Espitia | +1.310.907.1024 | raylene.espitia@morganlewis.com karen.cho@morganlewis.com | www.morganlewis.co This Ex Parte Application is made pursuant to L.R. 7-19 and consistent with this Court's Rules pertaining ex parte procedures, and is based on this Ex Parte Application, this Notice of Motion and Motion, the Memorandum of Points and Authorities and the Declaration of Luna D'Sol attached hereto and exhibits thereto, Proposed Supplemental Declaration of Luna D'Sol the pleadings, records and files in this action, and on such other evidence as may be presented at the request of the Court. which is supported by Local Rule 6-1, Local Rule 7-10 and/or Federal Rule of Civil Procedure Rule 6(b)(1)(B), P.6(b) and applicable case law supporting the Motion itself and there is good cause for emergency relief.

Respectfully submitted

Date 10/21//2026

/s/ Luna D'Sol

Luna D'Sol, Plaintiff in Pro Pe

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTROUCTION

Plaintiff respectfully requests a thirty-day continuance of the presently scheduled proceedings to permit Plaintiff sufficient time to obtain urgently recommended medical treatment, including possible inpatient hospitalization, and to address her postponed surgery. Plaintiff's treating medical provider has recommended that Plaintiff be excused from court appearances and associated deadlines pending further evaluation and stabilization. The requested continuance is sought in good faith. Although Defendants counsel have only stated that they are checking with their clients, Defendants do have an opportunity to file an opposition tomorrow morning.

Also, the Ninth Circuit explains that liberal construction protects self-represented litigants from having their filings rejected merely because of imperfect legal terminology or drafting. Blaisdell v. Frappiea. 729 F.3d 1237, 1241 (9th Cir. 2013).

### II. GROUNDS FOR EX PARTE RELIEF

**A. Extreme Medical Necessity and Lack of Prejudice**

Plaintiff's treating physician has determined that immediate hospitalization is necessary for her safety and stabilization. Forcing a pro se plaintiff to choose between defying an urgent medical order or abandoning her legal claims represents severe, irreparable prejudice. Conversely, a 30-day pause poses zero prejudice to a multinational entity like Bank of America

**B. No Prejudice to Defendants**

Defendants will not suffer undue prejudice from the requested thirty-day continuance. Plaintiff seeks only a temporary postponement of proceedings and associated deadlines to obtain urgently recommended medical treatment and stabilization. The requested relief will not alter the merits of Defendants' positions or deprive them of any substantive rights. Conversely, denying the continuance would substantially prejudice Plaintiff by requiring her to participate in litigation despite documented

medical impairment and her treating provider's recommendation that she be excused from court appearances and deadlines.

## III. ARGUMENT

Federal Rule of Civil Procedure 6(b) provides that, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time." "'Good cause' is a nonrigorousstandard that has been construed broadly across procedural and statutory contexts." Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1259 (9th Cir. 2010).

When a motion is filed ex parte, good cause exists where "'the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures'" and "'the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect.'" Walpert v. Solar Integrated Roofing Corp., 2025 WL 863474, at *1 (S.D. Cal. Mar. 19, 2025) (quoting Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995)); see also Masoumeh Sadeghi Mahonak v. Blinken, 2024 WL 7020082, at *1 (C.D. Cal. Oct. 30, 2024).

Here, good cause exists both to grant Plaintiff's request for a thirty-day continuance and to do so on an ex parte basis. Plaintiff's treating medical provider has documented an acute exacerbation of psychiatric symptoms requiring urgent evaluation and possible inpatient hospitalization and has recommended that Plaintiff be excused from court appearances and associated deadlines effective October 20, 2026. Plaintiff's medical condition requires immediate attention, and proceeding through regularly noticed motion procedures would risk substantial prejudice to Plaintiff's ability to obtain necessary medical treatment and meaningfully participate in this litigation

### A. Good Cause Exists to Continue the Proceedings and Associated Deadlines

Good cause exists to continue proceedings when a continuance would preserve judicial resources and prevent unnecessary prejudice. See Belardes v. LoanDepot.com, LLC, 2025 WL 3804493, at *1–2

(C.D. Cal. Mar. 7, 2025); Lusk v. Five Guys Enterprises LLC, 2022 WL 5264265, at *1–2 (E.D. Cal. Sept. 12, 2022). Here, Plaintiff's treating medical provider has documented an acute exacerbation of psychiatric symptoms requiring urgent evaluation and possible inpatient hospitalization and has recommended that Plaintiff be excused from court appearances and associated deadlines effective October 20, 2026.

Plaintiff also faces the rescheduling of her previously postponed surgery. A thirty-day continuance would permit Plaintiff to obtain necessary medical treatment and stabilization while preserving judicial resources by avoiding proceedings in which Plaintiff is medically unable to participate meaningfully. The requested continuance would also prevent unnecessary prejudice to Plaintiff without imposing undue prejudice on Defendants.

**B. Plaintiff's Motion to Continue Hearing on the Motions Should Be Heard Ex Parte**

Plaintiff will be irreparably harmed if this motion is not heard on an ex parte basis. Under this Court's Civil Chambers Rules, Rule 3(B), "[p]arties filing a noticed motion must set the hearing to be thirty-five (35) days from the motion's filing date." Therefore, the earliest that Plaintiff could set his Ex Parte Motion to Continue for hearing as a noticed motion would be after the Pre-trial and trial dates that Plaintiff seeks to continue. In addition, Plaintiff respectfully requests that the Court conduct a status conference concerning the pending matters and the parties' current circumstances. The previously scheduled conferences have been canceled, and Plaintiff believes that a conference would assist the Court in addressing the outstanding issues, clarifying the parties' positions, and determining an appropriate schedule going forward.

**IV. *<u>CONCLUSION</u>***

Plaintiff had consistently maintained that Bank of America Corporation, et al. never issued an arbitration agreement to the entire company on two different days in November 2024 as they claim. (ECF Doc. 10). Defendants have already failed to proof by not producing any document at all to substantiate their claim (Id.). Defendants have produced the Declaration of Dineen Allen as their undisputed evidence to support their motion to compel arbitration. (ECF Doc. 10-7). Specifically, the

part where on July 2, 2026, Ms. Alle declares that all US-based employees received the arbitration agreement on November 8, 2024, and a second copy was sent on November 22, 2024, as a reminder to all US-based employees. (Id., ¶5). Plaintiff escalated an inconsistency to Defendants counsel and compared what Ms. Allen was claiming and compared it to another version that Defendants' own counsel had provided to Plaintiff in the past. Next day, July 30, 2026, without seeking Court's permission, Defendants filed an Amended Reply to their Motion to Compel Arbitration which included a Supplemental Declaration of Dineen Allen. (ECF Doc. 56-1). Here, at the expense of fixing the record to match counsel's own previous representations, Ms. Ellen now stated that all US Based Employees were issue a copy of arbitration, but that on November 22, 2026 it sent a second only to those employees who had not acknowledge the first copy from November 8th, 2024. (Id., ¶¶4-45). Ms. Allen admitted in her second version that the bank had a tracking system in place, and it is hard to reconcile why the bank is still refusing to bring it on the record. Defendants provided a copy of the purported arbitration agreement to Plaintiff, but its metadata showed that defendants created the document on the same day plaintiff disclosed about her transgender status on February 26, 2025. (Page Id 941).

For the foregoing reasons, Plaintiff respectfully requests the Court grant Plaintiff's Ex Parte Motion to Continue Hearing and Briefing Deadlines on the

Respectfully submitted,

Date 10/22//2026

/s/ Luna D'Sol

Luna D'Sol, Plaintiff in Pro Per