MORGAN, LEWIS & BOCKIUS LLP
Karen Y. Cho, Bar No. 274810
karen.cho@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Nicole L. Antonopoulos, Bar No. 306882
nicole.antonopoulos@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304-1124
Tel: +1.650.843.4000
Fax: +1.650.843.4001

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF AMERICA CORPORATION, TRICIA SHANKS, and PETER C. MAXIM

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

LUNA D'SOL,

Plaintiff,

vs.

BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; TRICIA SHANKS, an individual; and PETER C. MAXIM, an individual; and DOES 1 through 50, inclusive,

Defendants.

Case No. 5:26-cv-03535-JGB-SP

Hon. Jesus G. Bernal

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION TO REQUEST CONTINUANCE PENDING HER MEDICAL ORDER AND SURGERY**

Defendants Bank of America, N.A., Bank of America Corporation, Tricia Shanks, and Peter C. Maxim (collectively "Defendants") hereby submit the following opposition to Plaintiff's *ex parte* application ("Application") (ECF No. 97).[1]

## I. INTRODUCTION

In less than 48 hours, Plaintiff filed two *ex parte* applications seeking substantially the same relief. On October 21, 2026, Plaintiff filed an *ex parte* application asking the Court to stay all proceedings, hearings, and deadlines for thirty days based on the possibility of hospitalization and her "navigating the rescheduling" of a surgery. ECF No. 94. Defendants opposed that request. ECF No. 95. Plaintiff's first application remains pending.

Nevertheless, Plaintiff filed a second *ex parte* application less than two days later. ECF No. 97. The Application seeks the same thirty-day relief, relies on the same declaration executed on October 21 that was filed with her first *ex parte* application, and attaches the same exhibits. It identifies no new admission, surgery date, medical restriction, or scheduling conflict. Instead, its only material additions operate as an unauthorized sur-reply to Defendants' opposition and inexplicably reargue the merits of arbitration. Notably, Plaintiff requested leave to file a sur-reply (ECF No. 96), yet she did not wait for a ruling. She simply repackaged that sur-reply as another *ex parte* application. Accordingly, the instant Application should be rejected as duplicative and improper.

Defendants incorporate and maintain the position set out in their prior opposition: Plaintiff fails to point to any present emergency or specific conflict warranting a continuance or stay of this action. *See* ECF No. 95.

## II. RELEVANT BACKGROUND

Plaintiff's October 21 *ex parte* application asked Judge Bernal to stay every proceeding and deadline for thirty days. The supporting declaration and exhibits

[1] Judge Bernal's procedures specify filing an *ex parte* response within 24 hours. Fed. R. Civ. P. 6(a)(2) notes that, when a time period is stated in hours, if the count ends on a weekend or holiday, the time falling on that day is carried over to count on the next court day.

showed only that a physician assistant recommended further evaluation and "possible" hospitalization at some unspecified time, and that a surgery office asked Plaintiff to confirm her own cancellation of an existing appointment and discuss rescheduling options. ECF No. 94-1 at 2, 10, 12. Defendants filed their opposition on October 22, explaining why those materials did not establish a present emergency or justify a case-wide stay. ECF No. 95.

On October 23, Plaintiff filed a request for leave to submit a sur-reply should the Court decline Plaintiff's *ex parte* application. ECF No. 96. Before the Court ruled, she filed a second *ex parte* application and directed it to Magistrate Judge Pym. ECF No. 97. The second application responds point by point to Defendants' opposition. It offers new explanations about potential medical care. Yet, Plaintiff's supporting declaration is the same declaration and supporting exhibits submitted with her October 21 application; it supplies no new evidence. *cf.* ECF No. 97-1, ECF No. 94-1.

The filing also marks Plaintiff's ***eighth*** *ex parte* application in the span of 100 days, continuing a trend of abuse of process. The Court has already warned Plaintiff against unnecessary and duplicative motion practice and specifically cautioned that misuse of the *ex parte* process may result in sanctions and further delay. ECF No. 78 at 10-11.

## III. <u>LEGAL STANDARD</u>

*Ex parte* applications are reserved for extraordinary relief. A moving party must show both that ordinary motion practice will cause irreparable prejudice and that the movant is without fault in creating the asserted crisis. *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Judge Bernal's Standing Order likewise provides that *ex parte* applications are allowed solely for extraordinary relief and warns that sanctions may be imposed for misuse of that procedure. Standing Order § 14.

Local Rule 7-10 provides that, absent a prior written order, the opposing party

may not file a response to a reply. A district court need not consider arguments raised for the first time in a reply brief.[2] *Youth 71Five Ministries v. Williams*, 160 F.4th 964, 982 (9th Cir. 2025) (*quoting Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007)).

The Court may impose sanctions under its inherent authority for conduct undertaken in bad faith or conduct tantamount to bad faith, including reckless litigation conduct combined with an improper purpose. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 32-33, 44-46 (1991); *Fink v. Gomez*, 239 F.3d 989, 991-92, 994 (9th Cir. 2001). Local Rule 11-9 subjects frivolous motions and rule violations to the sanctions available under Local Rule 83-7, which authorizes monetary sanctions for willful, grossly negligent, or reckless violations and fees where the conduct rises to bad faith or willful disobedience. Federal Rule of Civil Procedure 11(c)(3) separately permits the Court, on its own initiative, to order a party to show cause why specifically identified conduct has not violated Rule 11(b).

## IV. ARGUMENT

### A. Plaintiff, Again, Fails to Establish a Basis for *Ex Parte* Relief.

Plaintiff's Application is duplicative of her October 21 *ex parte* application. District courts possess inherent authority to control their dockets and to strike or decline to consider filings that interfere with the orderly disposition of a case. *Ready Transportation, Inc. v. AAR Manufacturing, Inc.*, 627 F.3d 402, 404-05 (9th Cir. 2010). Magistrate Judge Pym has applied similar reasoning in the discovery context by declining to consider separately filed motions that merely duplicated arguments already presented in the proper filing. *James v. U.S. Bancorp*, No. EDCV 18-1762-FLA (SPx), 2021 WL 1890787, at *1-2 (C.D. Cal. May 11, 2021) (Pym, M.J.). The same result is warranted here. Plaintiff's Application involves the same request and evidence (or rather the lack thereof, only mere possibilities) as her October 21 *ex parte* application. Recasting the request as a discovery application does not create a

[2] An argument first offered after the reply and through a separate *ex parte* application is even further removed.

new controversy. Nor does redirecting the papers to Magistrate Judge Pym justify maintaining two live applications on the same subject. The Court should decline to allow Plaintiff to create a parallel proceeding that risks inconsistent rulings.

As Plaintiff offers no new evidence, Defendants incorporate the arguments of their prior opposition. *See* ECF No. 95. The psychiatric note identifies hospitalization only as a possibility and gives no admission date or expected duration. The surgery email gives no surgery date, recovery period, or conflict with any existing obligation, and regardless, shows it is Plaintiff seeking the rescheduling. Neither document states that Plaintiff cannot participate in a remote, two-hour deposition or comply with any identified discovery request. Plaintiff's request for a thirty-day continuance remains unsupported. Indeed, Plaintiff's Application reveals new information that only undermines her contention of an imminent medical event. She now divulges that she cannot afford the preoperative testing that would precede a surgery. ECF No. 97 at 3.

### B. The Application Does Not Comply with the Rules Governing Discovery Motions.

Treating Plaintiff's Application as a discovery motion does not cure the problem. Local Rule 37-2 requires parties who remain unable to resolve a discovery dispute after conferring to present the dispute through a written joint stipulation, unless the Court orders otherwise. The Court "will not consider" a discovery motion without that stipulation or a declaration establishing one of the limited exceptions stated in Local Rule 37-2.4. L.R. 37-2.4. Plaintiff filed neither.

Local Rule 37-3 separately provides that no discovery motion may be filed or heard *ex parte* absent a showing of irreparable injury or prejudice not attributable to the moving party's lack of diligence. Plaintiff's Application supplies no new facts supporting that showing; it relies on the same speculative medical circumstances already presented in her October 21 *ex parte* application. It also continues to request a stay of **all** scheduled hearings and related deadlines, relief that is not limited to

discovery and is not converted into a proper discovery motion merely by directing the filing to Magistrate Judge Pym. ECF No. 97 at 2.

Local Rule 83-2.2.3 requires every pro se litigant to comply with the Local Rules and the Federal Rules of Civil Procedure. Pro se status does not authorize serial noncompliance. *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994); *Fathi v. Saddleback Valley Unified School District*, 2020 WL 7315462, at *7 (C.D. Cal. Oct. 28, 2020); *Hann v. International Brotherhood of Magicians IBM*, 2023 WL 5504963, at *5 (C.D. Cal. May 19, 2023) (Bernal, J.) (holding "[e]ven 'pro se litigants,' … are 'bound by the rules of procedure,' and Plaintiff has failed to follow them.").

**C. <u>Plaintiff's Application Is an Unauthorized Supplemental Reply.</u>**

The instant Application provides no grounds for a second emergency application and instead serves as an improper, unauthorized sur-reply to Defendants' opposition to the prior ex parte application. Plaintiff expressly complains that Defendants raised certain matters in their opposition and then attempts to answer those matters with new factual assertions and argument. ECF No. 97 at 3-4. She also adds a substantive attack on the merits on Defendants' arbitration evidence – an issue that has no bearing on whether she is entitled to extraordinary relief of a thirty-day stay. *Id.* at 8-9.

Plaintiff's filing is intentionally wanton. Plaintiff recognized that leave was required when she filed her application for leave to file a sur-reply (ECF No. 96), yet she filed the response before the Court acted on that request. Courts in this District reject that sequence. *See California Pharmacy Management, LLC v. Redwood Fire & Casualty Insurance Co*., No. SACV 09-0141 DOC (ANx), 2009 WL 3514571, at *11 (C.D. Cal. Oct. 26, 2009) (denying leave and striking a sur-reply filed before leave was granted). Plaintiff cannot use a successive emergency application to circumvent the ordinary briefing process and introduce arguments she wishes to advance in response to Defendants' opposition. The Court should reject Plaintiff's use of an *ex parte* application as a means to skirt court permission and other

applicable rules.

**D. <u>Plaintiff's Serial Filings Are an Abuse of Process and Disregard the Court's Prior Order.</u>**

Plaintiff's filing is not an isolated event. The Court previously found substantial overlap in Plaintiff's prior motion practice, sternly advised her not to commence unnecessary or duplicative motions, and warned that further misuse of the *ex parte* procedure could result in sanctions. ECF No. 78 at 10-11. Plaintiff's October 23 Application does precisely what the Court's Order prohibited: it duplicates a pending request, presents the same exhibits, and uses an emergency procedure as an alternate briefing track. *Ex parte* procedure is reserved for extraordinary relief, not for correcting a caption, answering an opposition, or supplementing merits briefing. Bernal, J., Standing Order, § 14. The duplication also imposes burdens that underscore the harm caused by Plaintiff's misuse of the procedure: each filing requires Defendants' immediate review and a response on a twenty-four hour schedule, while diverting the Court's time and resources. *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 491-92 (C.D. Cal. 1995).

At this point, it is clear that the Court's written warning has not deterred Plaintiff from continuing to misuse the *ex parte* process. The recurrence of this conduct, despite the Court's express admonition, demonstrates that further warnings alone are unlikely to be effective. Accordingly, more serious sanctions are warranted to deter Plaintiff's continued abuse of the *ex parte* procedure, protect the integrity of the Court's process, and prevent further unnecessary expenditure of judicial and party resources.

## V. <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request the Court deny Plaintiff's Application.

Dated: October 26, 2026

MORGAN, LEWIS & BOCKIUS LLP

By */s/ Nicole L. Antonopoulos*
Karen Y. Cho
Nicole L. Antonopoulos

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF AMERICA CORPORATION, TRICIA SHANKS, and PETER C. MAXIM