LUNA D'SOL
Plaintiff, In Pro Per
Email Address: jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUNA D'SOL<br>Plaintiff,<br><br>VS.<br><br>BANK OF AMERICA, N.A.;<br>BANK OF AMERICA CORPORATION;<br>TRICIA SHANKS, an individual;<br>PETER C MAXIM, an individual;<br>and DOES 1 through 50, inclusive,<br>Defendant(s). | **Case No:** 5:26-cv-03535-JGB-SP<br><br>**PLAINTIFF'S REQUEST FOR LEAVE TO FILE A LIMITED REPLY BASED ON NEWLY AVAILABLE EVIDENCE AND DEFENDANT'S MATERIAL OMMISSION**<br><br>Judge: Hon. Jesus G. Bernal.<br>. United States District Juge<br><br>Date: Oct 27, 2026<br>Time: 8:30 am<br>Courtroom: 1, 2nd floor<br><br>Complaint Filed: March 4th, 2026 |

1. Plaintiff is in a separate action against ‘Farmers Direct Property and Casualty Insurance Company’ in this same district office with Honorable Judge Stephen Wilson Case no 2:25-cv-10938-SVW-ASx. Plaintiff filed the same urgent medical note dated October 20 2026 as a n exhibit to an ex parte application on both courts, requesting the same relief, and shared the medical documentation with opposing counsel. Here, during meet and confer, Defendants’ counsel declined Plaintiff’s request and Plaintiff filed ex parte.[1] On October 26, 2026, Judge Wilson granted Plaintiff’s request staying the action at his court until December 9, 2026.

| | | |
|---|---|---|
| 187 | Oct 26, 2026 | (IN CHAMBERS) ORDER AND SCHEDULING NOTICE by Judge Stephen V. Wilson: The Court, after reviewing the EX PARTE APPLICATION to Stay Case [184], hereby ORDERS the following: 1) The Pretrial Conference and Motion in Limine hearings ([122], [123], [124], [125]) are CONTINUED to December 7, 2026, at 3:00 p.m. 2) The parties are directed to file a joint status report regarding the status of Plaintiff's medical availability and/or the finalization of the settlement agreement on or before December 1, 2026. SO ORDERED. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (dta) TEXT ONLY ENTRY<br>Main Document Text Only Scheduling Notice Buy on PACER 0 🙏 |

Picture above: Case no 2:25-cv-10938-SVW-ASx. ECF Doc 187

2. Plaintiff recognizes that each District Judge possesses absolute authority over their own chambers and docket. Plaintiff would never bring this order here, for instance, and demand that Judge Bernal do the same. However, Plaintiff shared Judge Wilson's decision with Ms. Cho because Ms. Cho had the same documents, same petitioner, same time of request, same emergency, same stay request that led Judge Wilson to issue a decision, Plaintiff asked to Ms. Cho to stipulate to the terms as Juge Wilson, but neither counsel responded. [2]

3. Instead, Ms. Cho subsequently represented to this Court that Plaintiff had filed a second, substantially identical ex parte application, without explaining the circumstances surrounding those filings. Plaintiff initially directed her application to District Judge Bernal. After Ms. Cho advised Plaintiff that the application had been directed to the wrong judicial officer, Plaintiff understood that the requested relief concerned discovery matters within Magistrate Judge Pym’s authority and therefore submitted the application to Judge Pym. Plaintiff did not intend to circumvent judicial procedures,

[1] Section 14(i). It encourages attorneys appearing before a court to demonstrate sensitivity toward participants who need accommodations for physical or mental impairments.

[2] Rule 3.2 Delay of Litigation (Rule Approved by the Supreme Court, Effective November 1, 2018) In representing a client, a lawyer shall not use means that have no substantial* purpose other than to delay or prolong the proceeding or to cause needless expense.

burden the Court, or obtain duplicative relief. This misunderstanding could have been clarified through a meaningful meet-and-confer discussion before Defendants characterized Plaintiff's conduct as abusive. Plaintiff also requested that Ms. Cho stipulate to a temporary medical accommodation, but neither defense counsel responded.

4. On October 21, 2026, Plaintiff communicated verbally to Ms. Cho that the Sunday before Plaintiff and her dog walked to her local grocery store not to buy food but to ask anyone or any stranger to help Plaintiff with food. Plaintiff, on her way back home, collapsed asking her dog for forgiveness until someone called the cops who then drove Plaintiff and her dog back home. Against this background, Plaintiff finds the request for increasingly severe sanctions particularly distressing. Defendants' counsel should not be allowed to user their positional power and credibility advantage to frame Plaintiff 's acts as deliberate litigation misconduct and as procedural difficulties.

5. [Page ID 321 lines 12-13] and [Page ID 1514 lines 6-9] are two Declarations of Dineen M. Alleen that Defendant has filed, Defendant are keeping the second version from this Court because it will reveal that an arbitration does not exist. The first version, Ms. Allen says that all US-based employees obtained a second arbitration email. The second version, Ms. Ellen says that only the associates who had not acknowledged the first round of emails received a second email and that Ms. Shanks did not receive a second email.

6. If Plaintiff asks Defendants Shanks whether or not she received the 2nd email, if it's either a yes or a no she will contradict one of the versions already filed in this court from Ms. Allen's version. Plaintiff elects EFAA and her complaint includes sexual harassment. For judicial economy, the court should deny this motion to compel arbitration and order Defendants to file their Answer.

Respectfully submitted

Dated October 27, 2026

/s/ Luna D'Sol

Luna D'Sol

Pro Se Plaintiff