UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 26-3535 JGB (SPx)** | Date | November 11, 2026 |
| Title | ***Luna D'Sol v. Bank of America, N.A., et al.*** | | |

| | |
|---|---|
| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| MAYNOR GALVEZ | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings:** **Order: (1) GRANTING IN PART AND DENYING IN PART Plaintiff's Ex Parte Application for Continuance (Dkt. No. 94); (2) DENYING AS MOOT Plaintiff's Request for Oral Argument (Dkt. No. 96); and (3) MODIFYING Arbitration Discovery Deadlines (Dkt. No. 92) (IN CHAMBERS)**

On October 21, 2026, Plaintiff Luna D'Sol ("Plaintiff") filed an ex parte application for a continuance of pending hearings and deadlines. ("Application," Dkt. No. 94.) Defendants Bank of America, N.A., Bank of America Corporation, Tricia Shanks, and Peter C. Maxim (together, "Defendants") opposed the Application on October 22, 2026. ("Opposition," Dkt. No. 95.) On October 23, 2026, Plaintiff filed a request for oral argument, or, in the alternative, leave to file a surreply. (Dkt. No. 96.)

After denying Defendants' motion to compel arbitration, the Court directed the parties to conduct limited arbitration-related discovery by October 30, 2026. ("Order," Dkt. No. 92.) The Court ordered as follows:

> Parties shall serve their written discovery requests, if any, by **no later than October 30, 2026**. Parties shall take any depositions by **no later than October 30, 2026**. The parties shall file any motion to compel arbitration by **no later than December 21, 2026**.

(Order at 2.)

In the instant Application, Plaintiff requests a stay of the case and a thirty-day continuance of the Court's deadlines because "Plaintiff's treating medical provider has documented an acute exacerbation of psychiatric symptoms requiring urgent evaluation and possible inpatient hospitalization and has recommended that Plaintiff be excused from court appearances and associated deadlines effective October 20, 2026." (Application at 6.)

Defendants point out that Plaintiff has provided no treatment plan or proof of admission and that her surgery rescheduling emails are not probative of an emergency basis for ex parte relief. (Opposition at 4.) Defendants add that "the surgery note here reflects that Plaintiff requested to reschedule the current appointment" and that "Plaintiff has already rescheduled her surgery appointment multiple times in the past two months." (Id.; id. at 4 n.1.)

While Plaintiff has not provided definitive proof of need, the Court grants one 30-day extension of the deadlines set by the Court's arbitration discovery Order. Plaintiff is put on notice that the Court will not grant any future ex parte requests for continuance without definitive proof of her need, irreparable harm, and lack of fault in creating delay. The Court denies Plaintiff's request to stay the case. The parties shall continue to engage in good faith discovery efforts in compliance with the Court's Order. Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Application (Dkt. No. 94).

The Court **MODIFIES** arbitration discovery deadlines (Dkt. No. 92) as follows:

> Parties shall serve their written discovery requests, if any, by **no later than November 30, 2026**. Parties shall take any depositions by **no later than November 30, 2026**. The parties shall file any motion to compel arbitration by **no later than January 25, 2026**.

All other case deadlines remain unchanged.

Plaintiff's request for oral argument, or, in the alternative, leave to file a surreply (Dkt. No. 96) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**